KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
One Manhattan West
New York, Ny 10001
Telephone:     212 735 3000
Facsimile:     212 735 2000/1

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*
forthcoming)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:     312 407 0700
Facsimile:     312 407 0411

Attorneys for Defendant PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHIL MICKELSON; TALOR GOOCH; HUDSON SWAFFORD; MATT JONES; BRYSON DECHAMBEAU; ABRAHAM ANCER; CARLOS ORTIZ; IAN POULTER; PAT PEREZ; JASON KOKRAK; and PETER UIHLEIN,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | Case No. 5:22-cv-04486-BLF<br><br>**DECLARATION OF ELLIOT R. PETERS IN SUPPORT OF DEFENDANT PGA TOUR, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Judge:   Hon. Beth Labson Freeman<br>Date:    August 9, 2022<br>Time:    1:00 p.m.<br>Dept:    Courtroom 1, 5th Floor<br><br>Date Filed: August 3, 2022<br><br>Trial Date: None Set |

DECLARATION OF ELLIOT R. PETERS IN SUPPORT OF DEFENDANT PGA TOUR, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER
Case No. 5:22-cv-04486-BLF

1880200


I, Elliot R. Peters, declare as follows:

1. I am a partner at Keker, Van Nest & Peters LLP, an attorney licensed to practice law in the State of California, and a member of the Bar of this Court. I make this declaration in support of Defendant PGA TOUR, INC.'s ("the TOUR") Opposition to Plaintiffs' Motion for a Temporary Restraining Order. Except where otherwise stated, I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could testify competently as to their truth.

2. On Wednesday, August 3, 2020, Plaintiffs filed the above-captioned lawsuit in this Court, naming the TOUR as the defendant (Dkt. 1). Plaintiffs Talor Gooch, Hudson Swafford, and Matt Jones ("TRO Plaintiffs") also filed a motion for a temporary restraining order (Dkt. 2). On the same day, I contacted counsel for TRO Plaintiffs to request "any written agreements between the plaintiffs and LIV Golf, including any documents incorporated into those agreements by reference[.]" **Ex. 1** at pages 1.002-1.003. **Exhibit 1** is a true and correct copy of email correspondence between counsel for TRO Plaintiffs and me related to the production of these agreements.[1]

3. TRO Plaintiffs' counsel did not immediately respond. The day after Plaintiffs filed their motion for a temporary restraining order, August 4, 2022, I again emailed counsel for TRO Plaintiffs, noting that the pleadings "contain countless characterizations of these players' relationship with LIV Golf" and "renew[ing] our request" that TRO Plaintiffs "provide those agreements." *See id.* at p. 1.002.

4. On August 5, 2022, counsel for TRO Plaintiffs indicated by email that they were willing to produce the TRO Plaintiffs' agreements with LIV Golf "if we keep them to outside counsel until we work out protective order arrangements." *See id.* at p. 1.001.

5. Faced with the choice of treating these run-of-the-mill agreements as Highly Confidential – Outside Counsel's Eyes Only materials or not reviewing them at all, the TOUR

---

[1] Exhibit 1 includes multiple copies of similar, but slightly different, email threads.

1
DECLARATION OF ELLIOT R. PETERS IN SUPPORT OF DEFENDANT PGA TOUR, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER
Case No. 5:22-cv-04486-BLF

1880200

acquiesced to TRO Plaintiffs' conditions. On August 5, 2022, I replied to counsel for TRO Plaintiffs and indicated that the TOUR would agree to treat the agreements with LIV Golf as confidential. *Id.* at 1.005. I further indicated that the TOUR would likely submit these materials as part of its opposition to TRO Plaintiffs' motion, and that the TOUR would file an appropriate administrative sealing motion under Local Rule 79-5(f). *Id.*

6. The TRO Plaintiffs produced their agreements with LIV Golf on August 5, 2022, approximately an hour after my reply.

7. Attached as **Exhibit 2** is a true and correct copy of the "Player Participation Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., and Talor Gooch, dated May 28, 2022, produced to the TOUR on August 5, 2022. Pursuant to the TOUR's agreement to treat this material as having been designated Highly Confidential – Outside Counsel's Eyes Only, this exhibit is submitted conditionally under seal pursuant to Civil L.R. 79-5(f). The TOUR is contemporaneously filing an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.

8. Attached as **Exhibit 3** is a true and correct copy of the "LIV Golf Player Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., Hudson Swafford Golf, LLC, and Hudson Swafford, dated May 29, 2022, produced to the TOUR on August 5, 2022. Pursuant to the TOUR's agreement to treat this material as having been designated Highly Confidential – Outside Counsel's Eyes Only, this exhibit is submitted conditionally under seal pursuant to Civil L.R. 79-5(f). The TOUR is contemporaneously filing an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.

9. Attached as **Exhibit 4** is a true and correct copy of the "LIV Golf Player Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., and Matt Jones, dated May 31, 2022, produced to the TOUR on August 5, 2022. Pursuant to the TOUR's agreement to treat this material as having been designated Highly Confidential – Outside Counsel's Eyes Only, this exhibit is submitted conditionally under seal pursuant to Civil L.R. 79-5(f). The TOUR is contemporaneously filing an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.

10. Each of the three agreements contain numerous references to the LIV Golf "League Regulations" and the "Team Rules and Policies." In an email on the evening of August 5, 2022, I explained that "a full understanding of the Agreements appears to require those documents too" and again requested that TRO Plaintiffs produce them. **Ex. 1** at p. 1.015. I also requested that counsel produce any agreements between LIV Golf entities and the remaining Plaintiffs in this action. *See id*.

11. Counsel for TRO Plaintiffs responded that "the league rules and regulations have yet to be formulated." *See id*. at p. 1.014. On August 6, 2022, counsel for TRO Plaintiffs confirmed that the LIV league regulations have not yet been formulated, but enclosed a copy of "the existing LIV Golf Invitational Series Rules and Regulations," again emphasizing that this production was on a "Highly Confidential – Outside Counsel Eyes Only basis[.]" *Id.*

12. Attached as **Exhibit 5** is a true and correct copy of the "LIV Golf Invitatiional [sic] Series Rules and Regulations" produced to the TOUR on August 6, 2022. Pursuant to the TOUR's agreement to treat this material as having been designated Highly Confidential – Outside Counsel's Eyes Only, this exhibit is submitted conditionally under seal pursuant to Civil L.R. 79-5(f). The TOUR is contemporaneously filing an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 8, 2022, at San Francisco, California.

By: */s/ Elliot R. Peters*