KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
One Manhattan West
New York, Ny 10001
Telephone:     212 735 3000
Facsimile:     212 735 2000/1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
PATRICK FITZGERALD - (*pro hac vice* forthcoming)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:     312 407 0700
Facsimile:     312 407 0411

Attorneys for Defendant PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHIL MICKELSON; TALOR GOOCH; HUDSON SWAFFORD; MATT JONES; BRYSON DECHAMBEAU; ABRAHAM ANCER; CARLOS ORTIZ; IAN POULTER; PAT PEREZ; JASON KOKRAK; and PETER UIHLEIN,<br><br>        Plaintiffs,<br><br>    v.<br><br>PGA TOUR, INC.,<br><br>        Defendant. | Case No. 5:22-cv-04486-BLF<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Judge:     Hon. Beth Labson Freeman<br>Date:      August 9, 2022<br>Time:      1:00 p.m.<br>Dept.:     Courtroom 1, 5th Floor<br><br>Date Filed: August 3, 2022<br><br>Trial Date: None Set |

**[PROPOSED] ORDER DENYING PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER**

The Motion for a Temporary Restraining Order (Dkt. 2) filed by Talor Gooch, Hudson Swafford, and Matt Jones ("TRO Plaintiffs") is currently pending before the Court. The Court has reviewed the pleadings, the evidence of record, and heard the arguments of counsel.

A temporary restraining order is an "extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). TRO Plaintiffs seek a mandatory injunction that will alter the status quo but have not demonstrated that the "facts and law clearly favor" such extraordinary relief. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979). Specifically, TRO Plaintiffs have not shown that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of emergency injunctive relief, that the balance of equities tips in their favor, or that a temporary restraining order is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Because TRO Plaintiffs have not met their "heavy burden" of establishing entitlement to a mandatory pretrial injunction, *Blankenship v. Newsom*, 477 F. Supp. 3d 1098, 1103 (N.D. Cal. 2020), their Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: _____

HON. BETH LABSON FREEMAN
United States District Judge