RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice forthcoming*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas  75201-2911
Telephone: 214.698.3100

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

WILLIAM V. ROPPOLO, *pro hac vice forthcoming*
  william.roppolo@bakermckenzie.com
BAKER McKENZIE LLP
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131 USA
Telephone:  305.789.8900

*Attorneys for Phil Mickelson*

*Attorneys for Plaintiffs Talor Gooch, Hudson Swafford, Matt Jones, Bryson DeChambeau, Abraham Ancer, Carlos Ortiz, Ian Poulter, Pat Perez, Jason Kokrak and Peter Uihlein*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PHIL MICKELSON, TALOR GOOCH, HUDSON SWAFFORD, MATT JONES, BRYSON DECHAMBEAU, ABRAHAM ANCER, CARLOS ORTIZ, IAN POULTER, PAT PEREZ, JASON KOKRAK and PETER UIHLEIN,<br><br>    Plaintiffs,<br><br>  v.<br><br>PGA TOUR, INC.,<br><br>    Defendant. | CASE NO. 5:22-cv-04486<br><br>**TRO PLAINTIFFS' STATEMENT IN SUPPORT OF UNDER SEAL FILING** |

Plaintiffs Taylor Gooch, Hudson Swafford and Matt Jones (collectively, "TRO Plaintiffs") submit this statement in support of sealing certain portions of PGA Tour, Inc.'s ("Defendant") Opposition to TRO Plaintiffs' Motion for a Temporary Restraining Order and Exhibits 2-5 to the Declaration of Elliot R. Peters in Support of Defendant's Opposition to TRO Plaintiffs' Motion because they contain highly confidential and business sensitive material that would harm TRO Plaintiffs' financial prospects if made public.

The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original). Material cited in support of a motion related to the merits of a case may be sealed if there are "compelling reasons" to do so. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). "Compelling reasons justifying the sealing of court records generally exist 'when such 'court files might . . . become a vehicle for improper purposes.''" *Dominguez v. City of San Jose*, No. 18-CV-04826-BLF, 2022 WL 1131728, at *1 (N.D. Cal. Mar. 28, 2022) (alterations in original). That includes when the court papers could be used "as sources of business information that might harm a litigant's competitive standing." *Id.* (quoting *Chrysler Grp.*, 809 F.3d at 1097).

Although no discovery has been propounded by the parties in this matter, and no protective order has been agreed to by the parties or entered by the Court, Defendant requested that TRO Plaintiffs voluntarily produce copies of their contracts with LIV Golf, Inc. ("LIV Golf") and a copy of "LIV Golf Invitational Series Rules and Regulations" ("LIV Golf Invitational Rules") in connection with the briefing on Plaintiffs' Motion for Temporary Restraining Order. As a courtesy and in good faith, TRO Plaintiffs agreed to do so if the produced materials would be kept "Highly Confidential-Attorneys Eyes Only" pending entry of a protective order. *See* Dkt. 50-2 (email between counsel regarding production of requested contracts).

The terms of TRO Plaintiffs' contracts with LIV Golf are confidential and protected by confidentiality agreements, as is common in the context of sponsorship or independent contractor compensation agreements. TRO Plaintiffs have serious and legitimate concerns that disclosing the

value of their respective contracts with LIV Golf may alter or reduce their ability to negotiate more lucrative sponsorship and advertisement deals in the future as well as their individual ability to negotiate with LIV Golf or other golf tournament providers in the future.  *See* Declaration of Talor Gooch ("Gooch Decl.") ¶ 5; Declaration of Hudson Swafford ("Swafford Decl.") ¶ 5; Declaration of Matt Jones ("Jones Decl.") ¶ 5.  The amounts each player has negotiated with LIV Golf now, and may negotiate in the future, is the product of highly confidential and sensitive business negotiations.  *See* Gooch Decl. ¶ 5; Swafford Decl. ¶ 5; Jones Decl. ¶ 5.  As the Court noted, "[t]hese are like licensing agreements that we see all the time, and the dollar amounts, because there is a competitive advantage to be made by keeping the numbers secret.  The negotiations with these three, with LIV and what they are paid, it should not be a negotiating point in the next three golfers coming up, and I certainly appreciate that."  Aug. 9, 2009 Hr'ing Tr. 11:8-13.  If these amounts were known broadly, they would distort competition for these players services in a manner that other players do not face.  *See* Gooch Decl. ¶ 5; Swafford Decl. ¶ 5; Jones Decl. ¶ 5; Declaration of John Loffhagen ("Loffhagen Decl.") ¶ 5. In such circumstances, sealing is appropriate.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing); *E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021) (sealing confidential compensation information).

    TRO Plaintiffs have narrowly tailored their sealing request so as to maximize the public's access to court proceedings without jeopardizing their business interests.  *See* Gooch Decl. ¶ 5; Swafford Decl. ¶ 5; Jones Decl. ¶ 5; Loffhagen Decl. ¶ 8. Under TRO Plaintiffs' proposed order, the vast majority of Defendant's Opposition brief to TRO Plaintiffs' motion, the majority of relevant contracts between LIV Golf and TRO Plaintiffs, and the majority of the LIV Golf Invitational Rules would be available for public access.

    Specifically, as identified below by reference to this paragraph, TRO Plaintiffs seek to seal those provisions that implicate highly negotiated and sensitive terms that may influence TRO Plaintiffs' future negotiations with LIV Golf and/or others interested in securing TRO Plaintiffs' services, such

as the specific negotiated dollar amounts LIV Golf owes to the TRO Plaintiffs' and accompanying references in Defendant's briefing. *See* Gooch Decl. ¶ 5; Swafford Decl. ¶ 5; Jones Decl. ¶ 5. Disclosure of this information about the inner negotiations of TRO Plaintiffs would give potential sponsors an unfair insight into TRO Plaintiffs' valuation of their professional golf services, putting them at a competitive disadvantage. Moreover, the LIV Golf Invitational Rules are in their initial stages of development and will change over the course of the year as LIV Golf learns from its invitational experiences and establishes its league. Loffhagen Decl. ¶¶ 10-12. TRO Plaintiffs understand that these terms are part of a developing business model, and that disclosing the LIV Golf Invitational Rules prematurely may undermine LIV's business and TRO Plaintiffs' performance in LIV, and may allow the PGA Tour or others to harm TRO Plaintiffs, LIV or sow confusion in the marketplace.

Below is a chart detailing the specific items of TRO Plaintiffs that are sealable for the reasons explained herein, and highlighted in yellow in the attached unredacted version.

| ECF | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| ECF 49-1 (attached with relevant highlighting hereto as Exhibit 1) | Defendant's position to Plaintiffs Talor Gooch, Hudson Swafford, and Matt Jones' Motion for a Temporary Restraining Order. | Highlighted portions at 7:16-18, 21-26; 7:27-8:1; 8:3-10; 16:12-15 | Contains non-public financial information that, if disclosed, would put TRO Plaintiffs at a competitive disadvantage. |
| ECF 49-2 (attached with relevant highlighting to Loffhagen Decl., Ex. A) | "Player Participation Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., and Talor Gooch, dated May 28, 2022. | Highlighted portions at PLAYERS0000001-06; PLAYERS0000008-12; PLAYERS0000017; PLAYERS0000024; PLAYERS0000028-29 | Contains non-public financial information that, if disclosed, would put TRO Plaintiffs at a competitive disadvantage. |
| ECF 49-3 (attached with relevant highlighting to Loffhagen Decl., Ex. B) | "Player Participation Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., Hudson Swafford Golf, LLC, and Hudson Swafford, dated May 29, 2022. | Highlighted portions at PLAYERS0000032-36; PLAYERS0000038-41 | Contains non-public financial information that, if disclosed, would put TRO Plaintiffs at a competitive disadvantage. |
| ECF 49-4 (attached with relevant highlighting to Loffhagen Decl., Ex. C) | "LIV Golf Player Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., and Matt Jones, dated May 31, 2022. | Highlighted portions at PLAYERS0000042-46; PLAYERS0000048-50 | Contains non-public financial information that, if disclosed, would put TRO Plaintiffs at a competitive disadvantage. |
| ECF 49-5 (attached with relevant highlighting to | "LIV Golf Invitatiional [sic] Series Rules and Regulations" | Highlighted portions at PLAYERS0000061-68; PLAYERS0000070; PLAYERS0000080-85 | Contains non-public business information that, if disclosed, would put TRO Plaintiffs at a |

| ECF | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| Loffhagen Decl., Ex. D) | | | competitive disadvantage as LIV Golf League Rules and Regulations have not been finalized. |

If the Court deems this statement insufficient, the TRO Players respectfully request that they be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

For all of these reasons, TRO Plaintiffs respectfully requests that the Court seal the confidential information pursuant to the above, and enter the accompanying proposed order.

DATED:  August 17, 2022

GIBSON, DUNN & CRUTCHER LLP

By:     /s/ *Rachel S. Brass*
            Rachel S. Brass

RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
   rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
   shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
   jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
   klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000

*Attorneys for Plaintiffs Talor Gooch, Hudson Swafford, Matt Jones, Bryson DeChambeau, Abraham Ancer, Carlos Ortiz, Ian Poulter, Pat Perez, Jason Kokrak and Peter Uihlein*

\* \* \* \* \* \* \*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED:  August 17, 2022         GIBSON, DUNN & CRUTCHER LLP

By:    */s/ Rachel S. Brass*
        Rachel S. Brass