RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice forthcoming*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas  75201-2911
Telephone: 214.698.3100

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

*Attorneys for Plaintiffs Talor Gooch, Hudson Swafford, Matt Jones, Bryson DeChambeau, Abraham Ancer, Carlos Ortiz, Ian Poulter, Pat Perez, Jason Kokrak and Peter Uihlein*

WILLIAM V. ROPPOLO, *pro hac vice forthcoming*
  william.roppolo@bakermckenzie.com
BAKER McKENZIE LLP
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131 USA
Telephone:  305.789.8900

*Attorneys for Phil Mickelson*

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE  DIVISION

| | |
|---|---|
| PHIL MICKELSON, TALOR GOOCH, HUDSON SWAFFORD, MATT JONES, BRYSON DECHAMBEAU, ABRAHAM ANCER, CARLOS ORTIZ, IAN POULTER, PAT PEREZ, JASON KOKRAK and PETER UIHLEIN,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | CASE  NO. 5:22-cv-04486<br><br>**DECLARATION OF JOHN LOFFHAGEN IN SUPPORT OF SEALING** |

I, John Loffhagen, hereby declare and state:

1. I am the Chief Legal Officer of LIV Golf Investments, Inc., LIV Golf Investments Ltd, and LIV Golf Inc. ("LIV Golf"). I am authorized by LIV Golf to make this statement in support of sealing portions of LIV Golf's contracts with Messrs. Talor Gooch, Hudson Swafford and Matt Jones and portions of LIV Golf's Invitational Series Rules and Regulations. I make the statements in this declaration based on personal knowledge, personal experience, and personal participation in communications with business associates. If called and sworn as a witness, I could and would testify to the facts stated in this declaration.

2. I understand that as part of Defendant PGA Tour, Inc.'s ("PGA Tour") filing in opposition to a temporary restraining order filed by Messrs. Talor Gooch, Hudson Swafford and Matt Jones, the PGA Tour filed conditionally under seal contracts with LIV Golf. These contracts contain highly sensitive business and financial terms. LIV Golf goes to extensive lengths to keep such contracts confidential.

3. A true and correct copy of the "Player Participation Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., and Talor Gooch, dated May 28, 2022 reflecting those highlighted highly commercially sensitive terms are attached hereto as **Exhibit A**.

4. A true and correct copy of the "Player Participation Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., Hudson Swafford Golf, LLC, and Hudson Swafford, dated May 29, 2022 reflecting those highlighted highly commercially sensitive terms are attached hereto as **Exhibit B**.

5. A true and correct copy of the "LIV Golf Player Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., and Matt Jones, dated May 31, 2022 reflecting those highlighted highly commercially sensitive terms are attached hereto as **Exhibit C**.

6. Exhibits A, B and C (collectively "the Contracts") are governed by a Confidentiality Agreement. The terms of the Contracts are not to be shared unless both parties agree to share them. Both parties agreed to share the Contracts on a Highly Confidential basis with the PGA Tour's counsel and the Court because LIV Golf believes that disclosing the Highly Confidential terms of the Contracts would cause LIV Golf, the other parties to the contract and others harm.

7. A true and correct copy of the "LIV Golf Invitatiional[sic] Series Rules and Regulations" ("LIV Golf Invitational Rules") reflecting highlighted highly commercially sensitive terms are attached hereto as **Exhibit D**.

8. The Highly Confidential terms are commercially sensitive for LIV Golf.

9. LIV Golf independently negotiates with each of the golfers contracted to play with LIV Golf. If certain negotiated terms of the Contracts become public, it will seriously affect LIV Golf's ability to negotiate the best terms with golfers interested in playing with LIV Golf. That issue is heightened because the terms of the Contracts are finite and LIV Golf may be re-negotiating those terms even with the golfers who have agreed to play with LIV golf already in the near future. LIV Golf's ability to effectively negotiate such terms in the future will be undermined if made available for public scrutiny. And, if certain negotiated terms of the Contracts become public, it will cause harm to LIV Golf as it relates to terms that may or may not be in other Contracts with other golfers who are not parties to the above-captioned lawsuit and expect the terms to remain confidential.

10. Similarly, the LIV Golf Invitational Rules reflect a working version of the rules and regulations for the LIV Golf Invitational Series. The Invitational Series and the LIV Golf Invitational Rules are in their initial stages of development and will change over the course of the year as LIV Golf learns from its invitational experiences and establishes its league.

11. The Highly Confidential terms of the Contracts and the LIV Golf Invitational Rules reflect commercially sensitive terms that relate to aspects of LIV Golf's intended business model that are not yet finalized and therefore are subject to change. Disclosure of such terms would harm LIV Golf by causing confusion in the marketplace. They may also limit LIV Golf's ability to compete with the PGA Tour to the extent that the Tour learns of LIV Golf's plans before they are announced to golf fans and others in the golf ecosystem.

12. LIV Golf's attempt to enter the elite professional golf competition market will be undermined if the PGA Tour, other than its outside counsel, is able to review LIV Golf's negotiated terms and still developing LIV Golf Invitational Rules, and could use that information to its advantage to continue to block LIV Golf's entrance into or sow confusion in the markets.

13. Certain terms in the Contracts and the LIV Golf Invitational Rules are foundational to LIV Golf's business opportunities as a nascent entrant into the market. I have reviewed the Contracts and the LIV Golf Invitational Rules carefully and identified the most highly sensitive terms that could affect LIV Golf's future prospects.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 17, 2022.

*John Loffhagen*