RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice forthcoming*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas  75201-2911
Telephone: 214.698.3100

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

*Attorneys for Plaintiffs Talor Gooch, Hudson Swafford, Matt Jones, Bryson DeChambeau, Abraham Ancer, Carlos Ortiz, Ian Poulter, Pat Perez, Jason Kokrak and Peter Uihlein*

WILLIAM V. ROPPOLO, *pro hac vice forthcoming*
  william.ropplo@bakermckenzie.com
BAKER McKENZIE LLP
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131 USA
Telephone:  305.789.8900

*Attorneys for Phil Mickelson*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PHIL MICKELSON, TALOR GOOCH, HUDSON SWAFFORD, MATT JONES, BRYSON DECHAMBEAU, ABRAHAM ANCER, CARLOS ORTIZ, IAN POULTER, PAT PEREZ, JASON KOKRAK and PETER UIHLEIN,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | CASE NO. 5:22-cv-04486<br><br>**DECLARATION OF MATT JONES IN SUPPORT OF SEALING** |

I, Matt Jones, hereby declare and state:

1. I am a Plaintiff in the above referenced action. I make the statements in this declaration based on personal knowledge, personal experience, and personal participation in communications with business associates. If called and sworn as a witness, I could and would testify to the facts stated in this declaration.

2. In response to a request from my counsel, I agreed to providing a copy of my contract with LIV Golf, Inc. ("LIV") to the PGA Tour's outside counsel and the Court with the understanding that the specific terms of my contract would be treated as Highly Confidential. I agreed to provide the copy because I understood we would ask the Court to keep specific commercially sensitive terms of my contract Highly Confidential.

3. The contract that I have entered into is governed by a Confidentiality Agreement. The terms of the contract are not to be shared unless both parties agree to share them. Both parties agreed to share the contracts on a Highly Confidential basis with the PGA Tour's counsel and the Court because we believe that disclosing the Highly Confidential terms of the contract would cause me, the other parties to the contract and others harm.

4. The Highly Confidential terms are commercially sensitive for me.

5. As an independent contractor, I individually negotiate the terms of each of my contracts, including those for advertisement or sponsorship deals. If certain negotiated terms of my contract with LIV Golf become public, it will seriously affect my ability to negotiate agreements in the future. This is particularly true when, as here, the contract term is a short, finite period which means I may be re-negotiating the same terms in the near future. My ability to effectively re-negotiate more favorable terms with LIV Golf or others interested in securing my services will be undermined if those terms are available for public scrutiny as will my ability to negotiate future terms with other organizations I may seek to contract with over the course of my career. Because certain terms in the contract are foundational to my business opportunities as an independent contractor. I have reviewed the contract carefully and identified the most highly sensitive terms that could affect my future prospects as an independent contractor.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August

1  17, 2022.

_____
Matt Jones