KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
One Manhattan West
New York, Ny 10001
Telephone:     212 735 3000
Facsimile:     212 735 2000/1

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:     312 407 0700
Facsimile:     312 407 0411

Attorneys for Defendant PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHIL MICKELSON; TALOR GOOCH; HUDSON SWAFFORD; MATT JONES; BRYSON DECHAMBEAU; ABRAHAM ANCER; CARLOS ORTIZ; IAN POULTER; PAT PEREZ; JASON KOKRAK; and PETER UIHLEIN,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | Case No. 5:22-cv-04486-BLF<br><br>**PGA TOUR, INC.'S RESPONSE TO TRO PLAINTIFFS' STATEMENT IN SUPPORT OF UNDER SEAL FILING**<br><br>Judge:     Hon. Beth Freeman<br><br>Date Filed: August 3, 2022<br><br>Trial Date: January 8, 2024 |

## I. INTRODUCTION

PGA TOUR, Inc. (the "TOUR") opposes TRO Plaintiffs' effort to seal terms of their contracts with LIV Golf ("LIV"), and the LIV tournament regulations incorporated by reference therein, because they are not competitively sensitive. Instead, they are highly relevant to the core issues in this litigation and already in the public domain. Indeed, the TOUR's own Regulations, as well as its prize and bonus money amounts, are and always have been available to the general public. TRO Plaintiffs' own counsel characterized many of the LIV contract provisions at the TRO hearing, and several of them have been publicly reported. Moreover, many of the contract terms that TRO Plaintiffs move to seal are similar to—indeed, more restrictive than—the TOUR Regulations that Plaintiffs challenge in this case. Under Ninth Circuit law, these LIV contract terms and tournament regulations are subject to a "strong presumption in favor of access," and TRO Plaintiffs have not carried their heavy burden of overcoming this strong presumption. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, the Court should only permit TRO Plaintiffs to seal the highlighted portions of the information in sealed Exhibits 1–4 to the contemporaneously filed Declaration of Nicholas S. Goldberg.

## II. LEGAL STANDARD

There is a "strong presumption in favor of access" to court records. *Kamakana*, 447 F.3d at 1178. "A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and alteration omitted). Sealing is permitted only when the party seeking to withhold information shows "compelling reasons" for protecting records from public inspection. *Id.* at 1179. This is particularly true for documents that are "directly relevant to the merits of the case[.]" *Id.*; *Tesla, Inc. v. McKechnie Vehicle Components USA, Inc.*, No. 21-cv-01962-BLF, 2021 WL 6332531, at *1 (N.D. Cal. April l, 2021) (applying "compelling reasons" standard to information submitted on motion for TRO). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

## III. ARGUMENT

At this time, the TOUR does not oppose sealing from the general public the individually negotiated financial terms of TRO Plaintiffs' contracts or confidential personally identifiable information.[1] However, TRO Plaintiffs' sealing motion sweeps much broader and, if granted, would set an untenable precedent that would make it difficult to litigate this case in a public forum. TRO Plaintiffs ask the Court to seal LIV's contract terms and tournament regulations that do not contain any financial information, that do not bear any indicia of individualized bargaining, and are not competitively sensitive. Much of this information has already been publicly disclosed by TRO Plaintiffs' counsel at the TRO hearing or in public news reports. The Court should decline TRO Plaintiffs' unsubstantiated effort to seal this information.

### A. The Court Should Not Seal Provisions of TRO Plaintiffs' LIV Contracts That Are Not Competitively Sensitive

TRO Plaintiffs seek to redact provisions in their agreements with LIV that have nothing to do with their compensation and instead reflect LIV's standard contractual terms. These provisions are a far cry from "non-public financial information" and they are not competitively sensitive. *See* Dkt. 70 at 3. The information TRO Plaintiffs seek to redact includes, for example:

- Provisions related to TRO Plaintiffs' use of social media. *See, e.g.*, PLAYERS0000048.

- Provisions related to TRO Plaintiffs' use of products with logos during LIV Golf Events and apparel TRO Plaintiffs must wear when they play golf. *See, e.g.*, PLAYERS0000001; PLAYERS0000045.

- Non-financial terms like playing commitments for LIV events, the ability to play in competing events, and the term of the agreements. *See*

---

[1] TRO Plaintiffs have provided no basis for treating these materials as Outside Counsel's Eyes Only. The TOUR reserves the right to challenge any such designation after the entrance of a protective order.

PLAYERS00000001-02; PLAYERS0000024; PLAYERS0000033; PLAYERS0000043.

- Provisions related to LIV's ability to impose monetary penalties for violations of league rules or regulations, or for breach of certain contractual provisions. *See* PLAYERS0000002; PLAYERS0000036; PLAYERS0000046.

- Remedies provisions. *See, e.g.*, PLAYERS0000009; PLAYERS0000041; PLAYERS0000050.

- The identity of LIV's lawyers. *See* PLAYERS0000017.

None of these provisions relate to financial terms of TRO Plaintiffs' agreement to participate in LIV events. As this Court has previously held, these sorts of "relatively generic" portions of a "contract at the heart of [the moving party's] motion for a temporary restraining order" are not sealable under Ninth Circuit precedent. *Tesla*, 2021 WL 6332531, at *2. Yet that is exactly what TRO Plaintiffs seek to withhold from public view.

TRO Plaintiffs have come nowhere close to establishing "compelling reasons" to seal this information. *Id.* TRO Plaintiffs have only submitted formulaic declarations, each parroting the identical generic statement that unidentified "terms" of their LIV contracts are "commercially sensitive for me." Dkt. 70-12 ¶ 4, 70-13 ¶ 4, 70-14 ¶ 4. The declaration from John Loffhagen, LIV's Chief Legal Officer, is equally nonspecific. *See* Dkt. 70-3. Mr. Loffhagen suggests that some terms of the LIV contracts are "negotiated," *id.* ¶ 9, but he fails to identify *which* terms—even in a general sense—are actually the product of meaningful negotiation with players. Nor does Mr. Loffhagen explain how disclosure of any particular provision could impact LIV's competitive position. TRO Plaintiffs fail to provide any detailed support for sealing non-financial terms at all, contrary to the requirement that they provide a "specific statement of the . . . reasons for keeping a document under seal." N.D. Cal. Civil L.R. 79-5(c)(1).

Moreover, many of the provisions TRO Plaintiffs seek to seal are highly relevant to the core issues in this litigation. As the Court observed, LIV's contracts "lockup these players in ways that the PGA TOUR never imagined. They are so restrictive." Dkt. 64 at 83. These terms of

the LIV contracts bear directly on Plaintiffs' antitrust claims and should not be sealed. Similarly, TRO Plaintiffs' counsel represented on the record that the TOUR's interpretation of provisions in the LIV contracts regarding LIV Team Apparel was "all wrong" and TRO Plaintiffs would not "show up in their LIV gear" to PGA TOUR events. Dkt. 64 at 84. Now, TRO Plaintiffs seek to seal the provisions of the LIV agreements bearing on their counsel's on-the-record statement. *See* PLAYERS0000003. When considering a sealing motion, courts reject a party's efforts to avoid "embarrassment," *Kamakana*, 447 F.3d at 1179, and must carefully balance "the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097 (internal quotation marks omitted). Here, TRO Plaintiffs have not identified any meaningful reason to treat standard non-financial terms in their agreements with LIV as competitively sensitive trade secrets. TRO Plaintiffs should not be permitted to file a public complaint condemning specific TOUR regulations as anticompetitive while at the same time seeking to shield public access to LIV's corresponding provisions which are either parallel or in many cases even more restrictive.

### B. The Court Should Not Seal Provisions of TRO Plaintiffs' LIV Contracts That Are Already in the Public Domain

TRO Plaintiffs also seek to seal several provisions of their agreements with LIV that have been publicly reported by the Wall Street Journal, which published an article entitled "LIV Golf's Player Contracts Include Restrictions to Go With the Big Money," describing the terms of LIV's contracts based on its review of a "draft contract that LIV has offered players." *See* Goldberg Decl. Ex. 5. The language of these terms, and the fact that LIV includes them in its contracts, is already known to the public. This includes information related to player media rights, player apparel requirements, and certain obligations required under the contracts. There can be no competitive injury to LIV in disclosing these provisions because they have already been publicly reported. *See Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17-CV-205-MMA, 2020 WL 1911502, at *4 (S.D. Cal. Apr. 20, 2020) (declining to seal agreements that "were previously disclosed publicly"); *In re Google Inc. Gmail Litig.*, No. 13-MD-2430-LHK, 2014 WL 10537440, at *5 (N.D. Cal. Aug. 6, 2014) ("Both the Ninth Circuit and this Court have held that material that has been publicly disclosed cannot be protected.").

### C. The Court Should Not Seal LIV's Tournament Rules and Regulations

TRO Plaintiffs also seek to seal wide swaths of the "LIV Golf Invitatiional [sic] Series Rules and Regulations." They contend that these regulations are "in their initial stages of development" and that their public disclosure may somehow "undermine LIV's business and TRO Plaintiffs' performance in LIV." Dkt. 70 at 4. This argument does not follow. TRO Plaintiffs nowhere suggest that LIV's tournament regulations are intended to remain a closely guarded competitive secret; indeed, it is impossible to see how that could be so when LIV must apply those regulations in their public tournaments. Nothing in TRO Plaintiffs' supporting declarations suggests that basic tournament rules and regulations amount to trade secrets. On the contrary, TRO Plaintiffs filed the PGA TOUR's Player Handbook & Regulations on this Court's public docket as part of their complaint, and the TOUR has not sought to redact or otherwise seal that material. *See* Dkt. 1-1. TRO Plaintiffs cannot file a public complaint that repeatedly quotes from the TOUR's regulations and attaches them as an exhibit, while at the same time asking the Court to shield LIV's corresponding regulations from public view as a purported trade secret.

Moreover, TRO Plaintiffs' proposed sealing fails to comply with this Court's Local Rules, because it is not "narrowly tailored to seal only the sealable material." Civil L.R. 79-5 (c)(3). Instead, TRO Plaintiffs paint with a broad brush, requesting that the Court redact complete pages within the regulations but fail to explain with any specificity why this information is sealable. TRO Plaintiffs' request is overbroad and unsupported by their vague suggestion that "LIV Golf's attempt to enter the elite professional golf competition market will be undermined if the PGA Tour . . . is able to review LIV Golf's . . . still developing LIV Golf Invitational Rules." Dkt. 70-3 at 2. There is no basis to redact the portions of the LIV regulations TRO Plaintiffs seek to seal.

### IV. CONCLUSION

The law provides for a broad public right of access to judicial materials. That right is abrogated only where "compelling reasons" exist to seal a record. The Court should decline TRO Plaintiffs' invitation to seal generic, publicly known material lacking any competitive sensitivity. The Court should seal only the highlighted portions of Exhibits 1–4 to the Goldberg Declaration.

| | |
|---|---|
| Dated: August 22, 2022 | KEKER, VAN NEST & PETERS LLP |
| | By: /s/ *signature* |
| | ELLIOT R. PETERS |
| | DAVID SILBERT |
| | R. ADAM LAURIDSEN |
| | NICHOLAS S. GOLDBERG |
| | SOPHIE HOOD |
| | |
| | Attorneys for Defendant |
| | PGA TOUR, INC. |
| | |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | |
| | ANTHONY J. DREYER |
| | PATRICK FITZGERALD |
| | KAREN M. LENT |
| | |
| | Attorneys for Defendant |
| | PGA TOUR, INC. |