UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHIL MICKELSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PGA TOUR, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-04486-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PGA TOUR, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 49] |

　　　　Before the Court is Defendant PGA Tour, Inc.'s ("PGA") administrative motion to consider whether certain portions of PGA's opposition to Plaintiffs Talor Gooch, Hudson Swafford, and Matt Jones's (collectively, "TRO Plaintiffs") motion for temporary restraining order and its supporting documents should be sealed as confidential information of TRO Plaintiffs and non-party LIV Golf, Inc. ("LIV Golf"). *See* Mot., ECF No. 49.

　　　　At issue are provisions of player contracts (the "Contracts") between TRO Plaintiffs and LIV Golf, including personal identifying information, payment terms, and player obligations, which are subject to a confidentiality agreement. *See* TRO Pls.' Statement, ECF No. 70 at 3. Further at issue are portions of the rules and regulations (the "Rules and Regulations") for LIV Golf events known as the Invitational Series, which TRO Plaintiffs indicate are "in their initial stages of development." *Id.* at 3-4.

　　　　TRO Plaintiffs and LIV Golf representative John Loffhagen provide declarations indicating that the sections of the Contracts and the Rules and Regulations TRO Plaintiffs seek to seal will negatively impact TRO Plaintiffs and LIV Golf's ability to compete if publicly disclosed. *See* Loffhagen Decl., ECF No. 70-3; Gooch Decl., ECF No. 70-12; Swafford Decl., ECF No. 70-13;

Jones Decl., ECF No. 70-14.  In response, PGA argues that TRO Plaintiffs' proposed redactions are overbroad, and the Court should only grant leave to seal limited portions of the Contracts—primarily payment terms—and no portions of the Rules and Regulations.  *See* PGA's Resp., ECF No. 80.

Based on the below reasoning, the Court hereby GRANTS IN PART and DENIES IN PART TRO Plaintiffs' sealing requests.

## I. BACKGROUND

This is an antitrust and breach of contract case brought by professional golfers against PGA for alleged conduct directed at LIV Golf, a new entrant into the elite professional golf market with financial backing from Saudi Arabia's sovereign wealth fund.  Plaintiffs' allegations include that PGA has suspended and blacklisted players for participating in LIV Golf events and partnered with the DP Tour ("European Tour") to exclude these players and LIV Golf.

TRO Plaintiffs brought a motion for temporary restraining order ("TRO") to enjoin PGA from continuing to suspend TRO Plaintiffs prior to the FedEx Cup Playoffs—a high-profile PGA event that enables players to qualify for certain elite events in the following year, including the Majors.  *See* Mot, ECF No. 2.  The Court denied Plaintiffs' motion.  *See* Order, ECF No. 63.

TRO Plaintiffs seek to seal portions of the Contracts and Rules and Regulations PGA filed in support of its opposition to TRO Plaintiffs' motion for temporary restraining order.  *See* TRO Pls.' Statement, ECF No. 70.  PGA opposes.  *See* PGA's Resp., ECF No. 80.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local

1 Rule 79-5. That rule requires, among other things, that the moving party provide "the reasons for
2 keeping a document under seal, including an explanation of: (i) the legitimate private or public
3 interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less
4 restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule
5 79-5 requires the moving party to provide "evidentiary support from declarations where necessary."
6 Civ. L.R. 79-5(c)(1)(ii).

7 Furthermore, when a party (the "Moving Party") seeks to seal a document that has been
8 designated as confidential by another party or non-party (the "Designating Party"), the Moving Party
9 must file a Motion to Consider Whether Another Party's Material Should Be Sealed under Local
10 Rule 79-5(f). The Moving Party must file a motion "identify[ing] each document or portions thereof
11 for which sealing is sought." Civ. L.R. 79-5(f)(1). "Within 7 days of the motion's filing, the
12 Designating Party must file a statement and/or declaration as described in [Civil Local
13 Rule 79-5(c)(1)]." Civ. L.R. 79-5(f)(3). "If any party wishes to file a response, it must do so no
14 later than 4 days after the Designating Party files its statement and/or declaration."
15 Civ. L.R. 79-5(f)(4).

### III. DISCUSSION

17 As a threshold matter, the Court determines what standard is appropriate for a sealing motion
18 regarding materials filed in connection with a motion for temporary restraining order. The parties
19 appear to agree that the "compelling reasons" standard applies. *See* TRO Pls.' Statement, ECF No.
20 70 at 1; PGA's Resp., ECF No. 80 at 1. The Court agrees. "Many courts have applied the
21 compelling reasons standard to motions for preliminary injunctions or temporary restraining
22 orders." *See Ctr. for Auto Safety*, 809 F.3d at 1095 n.2 (collecting cases). Accordingly, TRO
23 Plaintiffs' sealing requests must be supported by "compelling reasons."

24 PGA opposes certain redactions requested by TRO Plaintiffs while declining to oppose
25 others. The Court addresses each set of redactions in turn.

#### A. Unopposed Redactions

27 The Court first considers the redactions TRO Plaintiffs request to the Contracts that PGA
28 does not oppose. *See* PGA's Opp., ECF No. 80-2 at 8:3–10; Gooch Contract, ECF No. 80-3 at 1–2,

1   8–12, 17; Swafford Contract, ECF No. 80-4 at 1–2, 5, 7, 10; Jones Contract, ECF No. 80-5 at 1–2,
2   5, 9. These provisions disclose financial terms or personal identifying information of golfers and
3   LIV Golf representatives. TRO Plaintiffs argue that the financial terms are "the product of highly
4   confidential and sensitive business negotiations." *See* TRO Pls.' Statement, ECF No. 70 at 2. If
5   disclosed, TRO Plaintiffs argue, these financial terms could impact future negotiations. *See id.*; *see*
6   *also* Loffhagen Decl., ECF No. 70-3 ¶ 9; Gooch Decl., ECF No. 70-12 ¶¶ 3–5; Swafford Decl., ECF
7   No. 70-13 ¶¶ 3–5; Jones Decl., ECF No. 70-14 ¶¶ 3–5.

8   The Court agrees with TRO Plaintiffs as to their unopposed redactions to the Contracts. The
9   Court finds compelling reasons to seal personal information in the Contracts. *See Snapkeys, Ltd. v.*
10  *Google LLC*, No. 19–CV–02658–LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021).
11  Further, there are compelling reasons to seal financial terms of contracts that can cause competitive
12  harm if publicly disclosed. *See In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008)
13  (finding compelling reasons for sealing "pricing terms, royalty rates, and guaranteed minimum
14  payment terms"); *Nicolosi Distributing, Inc. v. Finishmaster, Inc.*, No. 18–cv–03587–BLF,
15  2018 WL 10758114, at *2 (N.D. Cal. Aug. 28, 2018) ("[C]ompelling reasons exist [to seal three
16  contracts] because they contain proprietary and confidential business information, including
17  potential trade secrets and business practices, such as product rates and purchase requirements.").
18  Accordingly, the Court GRANTS TRO Plaintiffs' request to seal this narrowly tailored information
19  in the Contracts that PGA declines to oppose.

20  **B. Opposed Redactions – Player Contracts**

21  The Court next considers the redactions PGA opposes. TRO Plaintiffs argue that they "seek
22  to seal those provisions [of the Contracts] that implicate highly negotiated and sensitive terms that
23  may influence TRO Plaintiffs' future negotiations with LIV Golf and/or others interested in securing
24  TRO Plaintiffs' services." *See* TRO Pls.' Statement, ECF No. 70 at 2–3. TRO Plaintiffs'
25  contentions as to all redacted provisions of Contracts are broadly supported by TRO Plaintiffs' and
26  Mr. Loffhagen's declarations. *See* Gooch Decl., ECF No. 70-12 ¶¶ 3–5; Swafford Decl., ECF No.
27  70-13 ¶¶ 3–5; Jones Decl., ECF No. 70-14 ¶¶ 3–5; *see also* Loffhagen Decl., ECF No. 70-3 ¶¶ 9,
28  11–13.

In response, PGA argues that many of the provisions TRO Plaintiffs seek to seal are not competitively sensitive, including provisions relating to social media use, player apparel, playing commitments, monetary penalties, remedies provisions, and the identity of LIV's lawyers. *See* PGA's Resp., ECF No. 80 at 2–3. PGA argues that these are generic contractual provisions central to TRO Plaintiffs' motion for temporary restraining order, including provisions that bear on on-the-record statements by TRO Plaintiffs' counsel. *See id.* at 3–4. Further, PGA argues that these provision are highly relevant, since they are "either parallel or in many cases even more restrictive" than similar provisions in PGA contracts at the heart of TRO Plaintiffs' lawsuit. *See id.* at 4. PGA additionally argues that TRO Plaintiffs provide only conclusory declarations in support of the confidentiality of the disputed provisions of the Contracts. *See id.* at 3. Also, as to certain provisions of the Contracts related to player media rights, apparel requirements, and obligations, PGA argues that the provisions have been publicly reported in the Wall Street Journal. *See id.* at 4 (citing Andrew Beaton, *LIV Golf's Player Contract Include Restrictions to Go With the Big Money*, Wall Street Journal, Aug. 17, 2022).

The Court finds that TRO Plaintiffs have provided compelling reasons for their sealing requests with certain exceptions. Compelling reasons exist to seal portions of the Contracts that contain proprietary and confidential business information. *See Nicolosi*, 2018 WL 10758114, at *2. The Court grants the motion to seal with respect to those portions as outlined in the table below.

TRO Plaintiffs have not demonstrated detriment to their competitive advantage or future negotiations as to certain other portions of the Contracts, however, and have therefore failed to provide compelling reasons to seal those portions. TRO Plaintiffs declare in conclusory terms that their ability to negotiate agreements in the future will be impaired if certain negotiated terms of their contract become public. But these assertions lack the specificity to demonstrate compelling reasons to seal portions of the Contracts that appear to be common or generic contract terms. *See Tesla, Inc. v. McKechnie Vehicle Components USA, Inc.*, No. 21-CV-01962-BLF, 2021 WL 6332531, at *2 (N.D. Cal. Apr. 1, 2021). The Court therefore denies without prejudice the motion to seal as to certain provisions of the Contracts as outlined in the table below. The Court further denies without prejudice the motion to seal as to portions of Defendant's Opposition to Plaintiffs Talor Gooch,

1  Hudson Swafford, and Matt Jones' Motion for a Temporary Restraining Order citing those portions
2  of the Contracts as outlined in the table below.

### C. Opposed Redactions – Rules and Regulations

As to the Rules and Regulations, TRO Plaintiffs argue that the Rules and Regulations are in their initial stages of development and will change as LIV Golf gets further established. *See* TRO Pls.' Statement, ECF No. 70 at 3. TRO Plaintiffs further argue that prematurely disclosing certain portions of the of the rules and regulations of LIV Golf's "developing business model" may undermine LIV Golf's business and TRO Plaintiffs' performance in LIV Golf events, and they may allow PGA to harm TRO Plaintiffs and LIV Golf or sow confusion in the market. *See id.* at 3. TRO Plaintiffs' contentions are supported by Mr. Loffhagen's declaration. *See* Loffhagen Decl., ECF No. 70-3 ¶¶ 10–13.

In response, PGA argues that there is no indication the Rules and Regulations are a "closely guarded competitive secret," particularly given that LIV Golf must apply those regulations in public tournaments. *See* PGA's Resp., ECF No. 80 at 5. Additionally, PGA argues that LIV Golf's redactions are overbroad and unsupported by Mr. Loffhagen's "vague" declaration. *See id.*

The Court finds that TRO Plaintiffs have not demonstrated compelling reasons to seal any portion of the Rules and Regulations. The redactions TRO Plaintiffs seek are substantial, and Mr. Loffhagen's declaration lacks specificity regarding any competitive harm that TRO Plaintiffs or LIV may face if the Rules and Regulations are made public. Moreover, TRO Plaintiffs offer no factual support for their contention that their proposed redactions to the Rules and Regulations are narrowly tailored. The Court therefore denies without prejudice the motion to seal as to the Rules and Regulations.

### IV. ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart. If TRO Plaintiff's wish to file more narrowly tailored redactions to the Contracts or Rules and Regulations or additional evidentiary support for the requested redactions, TRO Plaintiffs SHALL do so within ten (10) days of this Order. Otherwise, TRO Plaintiffs shall file public redacted versions of the documents consistent with the table below within ten (10) days of this Order.

| ECF | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| ECF 70-2 | Defendant's Opposition to Plaintiffs Talor Gooch, Hudson Swafford, and Matt Jones' Motion for a Temporary Restraining Order. | Highlighted portions at 7:16-18, 21-26; 7:27-8:1; 8:3-10; 16:12-15 | GRANTED IN PART AND DENIED IN PART as follows. DENIED as to 7:27-8:1. GRANTED as to all other highlighted portions, as confidential business and financial information of TRO Plaintiffs and LIV Golf. |
| ECF 70-5 | "Player Participation Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., and Talor Gooch, dated May 28, 2022. | Highlighted portions at PLAYERS0000001-06; PLAYERS0000008-12; PLAYERS0000017; PLAYERS0000024; PLAYERS0000028-29 | GRANTED IN PART AND DENIED IN PART as follows. DENIED as to the following sections of the contract: 1.3, 2.1, and 2.2, at PLAYERS0000001. DENIED as to Section 1.1 of Schedule 2, at PLAYERS0000011, EXCEPT that dollar values and years may be redacted. DENIED as to the first highlighted definition at PLAYERS0000029. GRANTED as to all other highlighted portions, as confidential business and financial information of TRO Plaintiffs and LIV Golf. |
| ECF 70-7 | "Player Participation Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., Hudson Swafford Golf, LLC, and Hudson Swafford, dated May 29, 2022. | Highlighted portions at PLAYERS0000032-36; PLAYERS0000038-41 | GRANTED, as confidential business and financial information of TRO Plaintiffs and LIV Golf. |
| ECF 70-9 | "LIV Golf Player | Highlighted portions | GRANTED, as |

| ECF | Document | Portion(s) Requested to Seal | Ruling |
|---|---|---|---|
| | Agreement" between LIV Golf Holdings Ltd., LIV Golf Inc., LIV Golf Ltd., and Matt Jones, dated May 31, 2022. | at PLAYERS0000042-46; PLAYERS0000048-50 | confidential business and financial information of TRO Plaintiffs and LIV Golf. |
| ECF 70-11 | "LIV Golf Inviiational [sic] Series Rules and Regulations" | Highlighted portions at PLAYERS0000061-68; PLAYERS0000070; PLAYERS0000080-85 | DENIED. |

Dated: September 1, 2022

_____
BETH LABSON FREEMAN
United States District Judge