| | |
|---|---|
| RACHEL S. BRASS, SBN 219301<br>  rbrass@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, California 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>ROBERT C. WALTERS, *pro hac vice*<br>  rwalters@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, Texas 75201-2911<br>Telephone: 214.698.3100<br><br>JOHN B. QUINN, SBN 90378<br>  johnquinn@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: 213.443.3000<br><br>ROBERT P. FELDMAN, SBN 69602<br>  bobfeldman@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, California 94065<br>Telephone: 650.801.5000<br>Facsimile: 650.801.5100<br><br>*Attorneys for Plaintiffs Talor Gooch, Hudson Swafford, Matt Jones, Bryson DeChambeau, Ian Poulter, Peter Uihlein, and LIV Golf Inc.* | WILLIAM V. ROPPOLO, *pro hac vice*<br>  william.roppolo@bakermckenzie.com<br>BAKER McKENZIE LLP<br>1111 Brickell Avenue, Suite 1700<br>Miami, Florida 33131 USA<br>Telephone: 305.789.8900<br><br>*Attorneys for Plaintiff Phil Mickelson*<br><br>*(additional counsel on signature page)*<br><br>APPROVED<br>Judge Beth Labson Freeman |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PHIL MICKELSON, TALOR GOOCH, HUDSON SWAFFORD, MATT JONES, BRYSON DECHAMBEAU, IAN POULTER, PETER UIHLEIN, and LIV GOLF INC.,<br><br>            Plaintiffs,<br><br>     v.<br><br>PGA TOUR, INC.,<br><br>            Defendant. | CASE NO. CASE NO. 5:22-cv-04486-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement, and the Standing Order Re Civil Cases of Judge Beth Labson Freeman, Plaintiffs Phil Mickelson, Talor Gooch, Hudson Swafford, Matt Jones, Bryson DeChambeau, Ian Poulter, Peter Uihlein ("Player Plaintiffs"), and LIV Golf Inc. (collectively, "Plaintiffs") and Defendant PGA Tour, Inc. ("Defendant") (collectively, "Parties") respectfully submit this Joint Case Management Statement. Counsel for the Parties met and conferred beginning on August 31, 2022.

**1. Jurisdiction**

All Parties are subject to the jurisdiction of this Court under 28 U.S.C. § 1331 (federal question) as the case asserts an antitrust cause of action under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, and as Plaintiffs seek injunctive relief under 15 U.S.C. § 26 and damages under 15 U.S.C. § 15(a). This Court has jurisdiction over the related state-law claims under 28 U.S.C. § 1367 (supplemental jurisdiction). There are no issues regarding jurisdiction, venue, or service. No party remains to be served.

**2. Facts**

The Parties incorporate by reference the facts and statement of the principal factual issues in dispute as described in Plaintiffs' Notice of Motion and Motion for Temporary Restraining Order, Dkt. 2, and Defendant PGA Tour, Inc.'s Opposition to TRO Plaintiffs' Motion for a Temporary Restraining Order, Dkt. 49-1.

**3. Legal Issues**

One or more of the parties contend that legal issues presented by this action may include (but are not limited to) the following:

- Whether Defendant has unlawfully monopsonized the market for the services of professional golfers for elite golf events in violation of Sherman Act § 2 (15 U.S.C. § 2);
- Whether Defendant has unlawfully monopolized the market for the promotion of elite professional golf events in violation of Sherman Act § 2 (15 U.S.C. § 2);

- Whether Defendant has unlawfully attempted to monopsonize the market for the services of professional golfers for elite golf events in violation of Sherman Act § 2 (15 U.S.C. § 2);

- Whether Defendant has unlawfully attempted to monopolize the market for the promotion of elite professional golf events in violation of Sherman Act § 2 (15 U.S.C. § 2);

- Whether Defendant has unlawfully reached an agreement, with the purpose of eliminating competition, with a current or potential horizontal competitor to not compete for players' services and to prevent the entry and competitive viability of LIV Golf into and in the relevant markets in violation of Sherman Act § 1 (15 U.S.C. § 1);

- Whether Defendant has unlawfully agreed with a current or potential horizontal competitor to create or carry out restrictions in trade or commerce in violation of the California Cartwright Act (Cal. Bus. & Prof. Code §§ 16720(a), 16726);

- Whether Defendant has breached its contract with Player Plaintiffs;

- Whether Defendant has tortiously interfered with LIV Golf's contractual relationships; and

- Whether Defendant has tortiously interfered with LIV Golf's prospective business relationships.

- Whether Plaintiffs have unclean hands;

- Whether some or all of Plaintiffs lack antitrust standing;

- Whether Plaintiffs can meet their burden of defining any relevant antitrust market;

- Whether Plaintiffs can meet their burden of establishing that Defendant possesses monopoly power in any relevant market;

- Whether LIV Golf has improperly interfered with Defendant's contractual relationships;

- Whether Plaintiffs suffered any injury as a result of any of the alleged conduct;

- Whether Plaintiffs can meet their burden of establishing that Defendant engaged in activity that violated the antitrust laws.

**4. Motions**

On August 3, 2022, Plaintiffs Talor Gooch, Hudson Swafford and Matt Jones moved this Court for a temporary restraining order, Dkt. 2, Defendant opposed Plaintiffs' motion, Dkt. 49-1, the Court heard argument at which the Court denied the motion on August 9, 2022, and the Court issued a written order denying the motion on August 10, 2022, Dkt. 63. No motions are currently pending and no additional motions are immediately contemplated, although motions may be filed as the case progresses.

**5. Amendment of Pleadings**

Plaintiffs amended their pleadings on August 26, 2022. Dkt. 83. The Parties reserve their rights under the Federal Rules of Civil Procedure to seek leave to amend their pleadings to raise additional issues.

**6. Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence in light of the procedural posture of the case, and have taken such steps.

**7. Disclosures**

The Parties will make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on September 22, 2022, as provided under Topic No. 17 below.

**8. Discovery**

- **Discovery to Date**

The Parties anticipate that discovery will be taken on the following subjects: competition in the market for the services of professional golfers for elite golf events; competition in the market for the promotion of elite professional golf events; the conduct, circumstances, and communications related to LIV Golf's entry into the markets; barriers to entry into the markets; communications and

alleged agreements regarding entry of potential competitors into relevant markets; the communications with vendors, broadcasters, sponsors, and other third parties in the golf ecosystem, the PGA TOUR's asserted justifications for the agreements it has reached with players, third parties, and other golf tours; Plaintiffs' allegations regarding the pretextual nature of those asserted justifications; LIV Golf's agreements with, and negotiations of potential or actual agreements with, players, vendors, broadcasters, sponsors, and other third parties in the golf ecosystem; LIV Golf's entry into the market and its current and projected/forecasted roster, market share, and revenue; Player Plaintiffs' and other LIV players' expectations related to their decisions to join LIV Golf and the PGA TOUR, and any relevant issues raised by any counterclaims filed by Defendant; Plaintiffs' requested damages and injunctive and other relief; and any other claims or defenses.

- **Proposed Modifications to the Discovery Rules**

The Parties propose the following limits with respect to fact and expert discovery:

***Depositions***

*Fact Discovery*: Plaintiffs propose 100 hours of total fact deposition time for each side, excluding 30(b)(6) depositions of the parties. Defendant proposes 150 hours of total fact deposition time for each side, including 30(b)(6) depositions of the parties.

*Expert Discovery*: Each side is entitled to one deposition of each expert disclosed by the other side.

***Interrogatories***

Each side is limited to 25 Interrogatories, including all discrete subparts.

***Requests for Production***

No proposed modifications.

***Requests for Admission***

Each side is limited to 25 Requests for Admission, excluding Requests for Admission of authentication of a document.

***Document Subpoenas to Non-Parties***

Any party that serves a subpoena upon a third party shall provide notice to other parties consistent with Federal Rule of Civil Procedure 45(a)(4). Any party that receives documents,

1  responses, and/or objections from a third party in connection with a subpoena will provide those
2  documents, responses, and/or objections to the other party within three business days. Plaintiffs
3  propose that any party that receives any correspondence from a third party or sends any correspondence
4  to a third party in connection with a subpoena also provide that correspondence to the other party within
5  three business days. Defendant does not agree with Plaintiffs' proposal, which is inconsistent with the
6  Federal Rules of Civil Procedure, unduly burdensome, and unnecessary.

- **Additional Potential Agreements**

The Parties jointly propose an agreed pre-trial schedule under Topic No. 17 below.

The Parties intend to discuss and enter into an ESI stipulation addressing preservation, collection, and production of ESI. The Parties also expect such stipulation to address appropriate procedures with respect to privilege logs.

The Parties also intend to negotiate the scope of and request the entry of a protective order to govern this action.

**9.  Class Action**

This case is not a class action.

**10.  Related Cases**

No cases are related to this action under Local Rule 3-12.

**11.  Relief**

Plaintiffs seek the relief requested in their Amended Complaint, Dkt. 83, namely, an injunction of Defendant's conduct to harm Plaintiffs; a decree that Defendant is or is attempting to unlawfully maintain a monopsony over the market for services of professional golfers for elite golf events and a monopoly over the market for the promotion of elite golf; a decree that Defendant unreasonably restrained trade when it conspired with the European Tour to boycott LIV Golf; a decree that Defendant breached its Regulations when it refused to abate Player Plaintiffs' suspensions pending resolution of their respective appeals; a decree that Defendant interfered with LIV Golf's contractual and prospective business relationships; an award of all available damages, costs, expenses, and attorneys' fees, including actual/compensatory damages and statutory damages, reasonable attorneys' fees, costs, and expenses; or any further relief as may be just and proper. Discovery responses have not been served

Gibson, Dunn & Crutcher LLP

5
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 5:22-CV-04486-BLF

and expert discovery has not started, so Plaintiffs are unable to calculate their damages and reserve the right to do so at the appropriate time.

Defendant denies that Plaintiffs have adequately pleaded any legal claims and further denies that Plaintiffs are entitled to any relief.  At this time, Defendant seeks its reasonable attorneys' fees, costs, and expenses.  Plaintiffs deny that Defendant is entitled to attorneys' fees.  Defendant also reserves all rights and remedies available under its membership agreement.

**12.    Settlement and ADR**

No ADR efforts have taken place to date as the Parties feel it is premature and would not be productive at this juncture.  However, the Parties agree on using a private mediator for any settlement discussions, and agree to hold the ADR session by August 18, 2023.

**13.    Consent to Magistrate Judge for All Purposes**

Pursuant to Plaintiffs' Declination to the United States Magistrate Judge, the Parties have not consented to have a magistrate judge for all purposes.  Dkt. 7.

**14.    Other References**

The Parties believe the case is not suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation.  The Parties have discussed a special master for discovery; no agreement to engage a special master has been reached at this time.

**15.    Narrowing of Issues**

At this time, the Parties have not identified any issues that will narrow the dispute.

**16.    Expedited Trial Procedure**

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.    Scheduling**

The Parties have met and conferred and jointly propose the following schedule for the Court's consideration:

| Date | Event |
|---|---|
| Thursday, September 8, 2022 | Joint Case Management Statement |

| Date | Event |
|---|---|
| Thursday, September 15, 2022 – 11:00 a.m. PT | Case Management/Status Conference |
| Wednesday, September 21, 2022 | Parties file [Proposed] Protective Order, ESI Protocol |
| Thursday, September 22, 2022 | Parties Serve Initial Disclosures |
| Friday, September 23, 2022 | Defendant's Deadline to Respond to Amended Complaint |
| Per FRCP | Parties Serve Responses and Objections to Initial Discovery Requests |
| Monday, October 3, 2022 | Deadline to Begin Rolling Production of Documents |
| Friday, November 18, 2022 | Substantial Completion of Document and Data Production |
| Friday, March 3, 2023 | Non-Expert Discovery Cutoff |
| Friday, March 10, 2023 | Opening Expert Report(s) |
| Friday, April 7, 2023 | Rebuttal Expert Report(s) |
| Monday, May 1, 2023 | Close of Expert Discovery |
| Tuesday, May 9, 2023 | Defendant's Deadline to File Motion for Summary Judgment |
| Tuesday, May 23, 2023 | Oppose Defendant's Motion/File Cross-Motion for Summary Judgment |
| Tuesday, June 6, 2023 | Reply in support of Defendant's Motion/Oppose Cross-Motion for Summary Judgment |
| Tuesday, June 13, 2023 | Reply in support of Cross-Motion for Summary Judgment |
| Thursday, July 13, 2023 at 9:00 a.m. PT | Hearing on Cross-Motions for Summary Judgment |
| Thursday, September 21, 2023 | Joint Pretrial Statement and Order |
| Thursday, September 21, 2023 | Motions in Limine Deadline |
| Thursday, September 28, 2023 | Oppositions to Motions in Limine |
| Thursday, October 5, 2023 at 1:30 p.m. PT | Final Pretrial Conference |
| Monday, January 8, 2024 | Trial |

**18.   Trial**

Plaintiffs have requested a jury for all issues so triable.  Plaintiffs and Defendant anticipate up to a 10-day trial.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Civil L.R. 3-15, Plaintiffs restate the relevant contents of its certificate, Dkt. 85, identifying the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities as (i) having a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) having a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding: (a) LIV Golf Holdings Ltd, a private limited company incorporated under the laws of Jersey that wholly owns LIV Golf Incorporated; (b) LIV Golf Investments Ltd, a private limited company incorporated under the laws of Jersey that wholly owns LIV Golf Holdings Ltd; (c) Public Investment Fund of the Kingdom of Saudi Arabia that majority owns LIV Golf Investments Ltd.; and (d) Performance54 Group Ltd. that minority owns LIV Golf Investments Ltd.  There is no publicly held corporation owning 10% or more of LIV Golf Incorporated's stock.

Defendant states that, other than the Parties, there is no such interest to report.

**20.   Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other Matters**

The Parties agree to service by email, with delivery of lengthy exhibits by overnight delivery (such as United Parcel Service, Inc.) or by posting the documents on an FTP site.  Service executed in that manner will be considered "actual delivery" under Civil Local Rule 5-5(a)(1) on the day that the documents are emailed and delivered to the courier for overnight delivery or posted on an FTP site.

DATED: September 8, 2022

Respectfully submitted,

By:     */s/ Rachel S. Brass*

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

| | |
|---|---|
| | ROBERT P. FELDMAN, SBN 69602 |
| | bobfeldman@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 555 Twin Dolphin Dr., 5th Floor |
| | Redwood Shores, California 94065 |
| | Telephone: 650.801.5000 |
| | Facsimile: 650.801.5100 |
| | |
| | *Attorneys for Plaintiffs Talor Gooch, Hudson Swafford, Matt Jones, Bryson DeChambeau, Ian Poulter, Peter Uihlein, and LIV Golf Inc.* |
| | |
| DATED: September 8, 2022 | BAKER McKENZIE LLP |
| | |
| | By:   */s/ William V. Roppolo* |
| | William V. Roppolo |
| | |
| | WILLIAM V. ROPPOLO, *pro hac vice* |
| | william.roppolo@bakermckenzie.com |
| | JODI A. AVILA, *pro hac vice* |
| | jodi.avila@bakermckenzie.com |
| | BAKER McKENZIE LLP |
| | 1111 Brickell Avenue, Suite 1700 |
| | Miami, Florida 33131 USA |
| | Telephone: 305.789.8900 |
| | |
| | JEFFREY MARTINO, SBN 222805 |
| | jeffrey.martino@bakermckenzie.com |
| | BAKER McKENZIE LLP |
| | 452 Fifth Avenue |
| | New York, NY 10018 |
| | Telephone: 212.626.4100 |
| | |
| | *Attorneys for Plaintiff Phil Mickelson* |

| | | |
|---|---|---|
| 1 | DATED:  September 8, 2022 | KEKER, VAN NEST & PETERS LLP |
| 2 | | By: *Elliot R. Peters* |
| | | Elliot R. Peters |

ELLIOT R. PETERS, SBN 158708
  epeters@keker.com
DAVID SILBERT, SBN 173128
  dsilbert@keker.com
R. ADAM LAURIDSEN, SBN 243780
  alauridsen@keker.com
NICHOLAS S. GOLDBERG, SBN 273614
  ngoldberg@keker.com
SOPHIE HOOD, SBN 295881
  shood@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:     (415) 397-7188


ANTHONY J. DREYER, admitted *pro hac vice*
  anthony.dreyer@skadden.com
KAREN M. LENT, admitted *pro hac vice*
  karen.lent@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, Ny 10001
Telephone:     (212) 735-3000
Facsimile:     (212) 735-2000/1

PATRICK FITZGERALD, admitted *pro hac vice*
  patrick.fitzgerald@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Il 60606
Telephone: 312 407 0700
Facsimile: 312 407 0411

*Attorneys for Defendant PGA Tour, Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: September 8, 2022          GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Rachel S. Brass*
         Rachel S. Brass