```
 1                   UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3      Before The Honorable Beth Labson Freeman, Magistrate Judge

 4

 5   MICKELSON, et al.,          )  No. C 22-04486-BLF
                                 )
 6           Plaintiffs,         )
                                 )
 7   vs.                         )
                                 )
 8   PGA TOUR,                   )
                                 )
 9           Defendant.          )
     _____)
10

11                               San Jose, California
                                 Thursday, September 15, 2022
12

13    TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
                RECORDING 11:00 - 11:14 = 14 MINUTES
14

15   APPEARANCES:

     For Plaintiffs:
16
                             Gibson Dunn
17                           2001 Ross Avenue, Suite 2100
                             Dallas, Texas 75201
                             (214) 698-3317
18                   BY:  SCOTT HVIDT, ESQ.

19                           Gibson Dunn
                             555 Mission Street, Suite 3000
20                           San Francisco, California
                              94104
21                           (415) 393-8230
                     BY:  LAUREN DANSEY, ESQ.
22

23

24

25           (APPEARANCES CONTINUED ON NEXT PAGE)
```

2

1  <u>APPEARANCES</u>:  (Cont'd.)

2  For Plaintiffs:

3                          Baker & McKenzie, LLP
                           1111 Brickell Avenue
                           Suite 1700
4                          Miami, Florida 33131
                           (305) 789-8923
5                     BY:  JODI AVILA, ESQ.

6                          Quinn Emanuel Urquhart
                            & Sullivan, LLP
7                          865 South Figueroa Street
                           Floor 10
8                          Los Angeles, California 90017
                           (213) 443-3000
9                     BY:  DOMINIC SURPRENANT, ESQ.
                      BY:  KEVIN Y. TERUYA, ESQ.
10
   For Defendant:
11                         Keker, Van Nest & Peters, LLP
                           633 Battery Street
12                         San Francisco, California
                            94111
13                         (415) 391-5400
                      BY:  ELLIOT PETERS, ESQ.
14                    BY:  SOPHIE HOOD, ESQ.
                      BY:  KAREN LENT, ESQ.
15                    BY:  ADAM LAURIDSEN, ESQ.
                      BY:  NICHOLAS GOLDBERG, ESQ.
16
                      BY:  ANTHONY DREYER, ESQ.
17
   Transcribed by:         Echo Reporting, Inc.
18                         Contracted Court Reporter/
                           Transcriber
19                         echoreporting@yahoo.com

20

21

22

23

24

25

3

1  <u>Thursday, September 15, 2022</u>                    <u>11:00 a.m.</u>

2                          P-R-O-C-E-E-D-I-N-G-S

3                              --oOo--

4           THE CLERK:  Calling case 22-4486, Mickelson, et

5  al.,  versus PGA Tour.

6      Counsel, if you could please state your appearances,

7  and if we could begin with Plaintiffs and then move to

8  Defendants.

9           MR. SURPRENANT (via Zoom):  Thank you very much.

10  Good morning.  Dominic Surprenant, Quinn Emanuel, on behalf

11  of the Plaintiffs.

12           THE COURT:  Good morning.

13           MR. HVIDT (via Zoom):  Good morning.  Scott Hvidt

14  of Gibson Dunn on behalf of Plaintiff.

15           MS. AVILA (via Zoom):  Good morning, your Honor.

16  Jodi Avila from Baker and McKenzie, on behalf of Plaintiff

17  Phil Mickelson.

18           THE COURT:  Good morning.

19           MR. TERUYA (via Zoom):  Good morning.  Kevin

20  Teruya from Quinn Emanuel, on behalf of Plaintiffs.

21           MS. DANSEY:  And good morning, your Honor.  Lauren

22  Dansey from Gibson Dunn on behalf of Plaintiffs.

23           MR. PETERS (via Zoom):  Your Honor, good morning.

24  Elliot Peters here with my partners, Adam Lauridsen and Nick

25  Goldberg.  Our partner Sophie Hood is also on the line.  Our

4

1 colleagues Anthony Dreyer and Karen Lent are also on the

2 line.  We all represent the Defendant, PGA Tour, Inc.  Good

3 morning.

4          THE COURT:  Good morning.

5          UNIDENTIFIED SPEAKER:  Good morning, your Honor.

6          THE COURT:  All right.  This is the time set for

7 our official case management conference.  I  know we've

8 covered some things in the last status conference, but we

9 agreed that we have the standard case management conference

10 today.

11     I did receive the filing that you provided this

12 morning.  Thank you.  And I will say that you've resolved

13 those discovery issues in a reasonable way and exactly what

14 I would have done had you required me to work it out.  So,

15 thank you, and that bodes well for the future and coming to

16 reasonable decisions.

17     All right.  Before I go into my normal things on case

18 management, let me just turn to the parties and see if

19 there's anything that you'd like to fill me in since we last

20 met.

21     Mr. Surprenant, are you taking the lead for the

22 Plaintiffs?

23          MR. SURPRENANT:  I am, though I may require

24 assistance from my colleagues, your Honor.  I think, as your

25 Honor just said, we did resolve in succession the disputes

5

1  we've had and taken everything off.  So, at this point, I am

2  not aware that there's any issues on which we need your

3  Honor's guidance.

4          THE COURT:  Okay.

5          MR. PETERS:  Your Honor, we have worked together.

6  We met and conferred, and we were able to resolve these

7  differences, which is good.  The only thing I fill you in on

8  is that when we were last together, counsel for the

9  Plaintiffs told us all that they would be cooperative in

10 connection with our concerns about getting discovery from

11 the Saudi Arabia Private Investment Fund.  We have had

12 discussions about that.  Quinn Emanuel has agreed to accept

13 service of a subpoena for PIF and for its -- and I think

14 he's the director, Yasir Al "Rumayyan.  They've said that

15 they would do so pursuant to the terms of a stipulation.

16 They're going to provide us that stipulation.  There'll

17 probably be some negotiation about it, but it is our hope

18 that --

19         THE COURT:  Right.

20         MR. PETERS:  -- this effort on their part, which

21 we appreciate, will allow us to get this discovery from the

22 Saudi entity and -- and appropriate Saudi witnesses

23 cooperatively and promptly and not cause any delays or undue

24 complexity in the case, and I just wanted to inform the

25 Court of that.

6

1          THE COURT:  Good.  Well, I do appreciate that, and
2  that will make a big difference.

3      Have you worked out a protective order yet?

4          MR. PETERS:  We drafted one and I think provided
5  to the Plaintiffs yesterday.  So, it's fair, and an ESI
6  stip, and we based it on prior -- similar documents in cases
7  before your Honor.  And but it -- I think it's perfectly
8  reasonable to take a couple of days for the Plaintiffs to
9  respond back to us, but we are -- we are walking down that
10 path and hope to be able to -- to enter those documents
11 promptly.

12         THE COURT:  All right.

13         MR. SURPRENANT:  That's correct, your Honor.  We
14 are looking at -- at the proposal, and we expect to get back
15 to them perhaps today and certainly promptly.

16         THE COURT:  That's good, because that obviously is
17 a gateway to any of this production.

18     I have looked at a high level at the amended complaint,
19 and it certainly adds some levels of complexity to the case,
20 and maybe it's like two parallel cases now, but that's fine.

21     Mr. Peters, it -- by my -- it looks as though your
22 response to the amended complaint is due at the end of next
23 week.  Is that right?

24         MR. PETERS:  The 23rd, your Honor.

25         UNIDENTIFIED SPEAKER:  Yeah.

7

1          THE COURT:  So, you didn't say whether you were
2   going to file a motion to dismiss or not, and I'm not asking
3   you that now.  I just wanted to let him know that if you
4   file a motion to dismiss, I'm probably going to be setting
5   that hearing in January or February of next year.  I just
6   want you to keep that in mind, and depending on how
7   complicated that is, it will take me some time to prepare an
8   order.  I will not extend the dates for trial and summary
9   judgment just because the pleadings are not settled.  So,
10  you know, you have the right to file a motion to dismiss.
11  I'm not discouraging you.  It's just that you will just be
12  increasing your team so you can work on parallel plains
13  while you move forward on figuring out what -- what pleading
14  you're working on, but I'm not delaying the case because of
15  it.  Okay?
16          MR. PETERS:  Your Honor, we hear you loud and
17  clear.  We heard you loud and clear on August 9th, whenever
18  we -- you made some observations about this.
19          THE COURT:  Yes.
20          MR. PETERS:  And we plan to conduct ourselves
21  accordingly.
22          THE COURT:  Thank you.  I just -- I wasn't -- I
23  didn't know there would be this amendment to the complaint
24  until it was filed, and it's -- it's reasonable to bring LIV
25  into the case, but that required them to want to be in the

8

1 case.  So, now they are.

2     All right.  That's -- I think that's all in order.  It

3 looks as though you've at a high level agreed to a private

4 mediator at some point later in the case, and later is fine,

5 but I want you to meet with your mediator before the opening

6 summary judgment brief is filed.  So, I'm going to require

7 that you schedule mediation to occur prior to May 1 of 2023.

8     Have you selected a mediator yet?

9         MR. PETERS:  Your Honor, we've been busy with

10 other things.  We haven't yet --

11        THE COURT:  I know you have.

12        MR. PETERS:  We haven't yet discussed it, and --

13 and I'm not even sure at this point what a mediation in this

14 case would look like.  There's complicated issues and

15 antitrust issues that have to be thought about even I think

16 in the context of those types of discussions, but I have

17 absolutely no doubt that we'll be able to pick someone who

18 the parties agree with who's going to be competent and

19 helpful, and we'll see where that goes, and we'll do it.

20 We'll have a mediation prior to May 1st, as the Court has

21 ordered.

22        THE COURT:  That's great.  Good.

23     Okay.  And, you know, it -- cases like this generally

24 have so much in dispute that I look forward to the trials.

25 That's all I can say, and I certainly have made plans, as

9

1 you have, for that trial.

2     All right.  I previously set your summary judgment,

3 pretrial conference, and trial dates.  That's already in an

4 order that you have.  So, we don't need to go over that a

5 gain.

6     I wanted to discuss some of the other procedures that I

7 do require so that there's no misunderstanding in the case.

8 First of all, any discovery dispute would be sent to the

9 Magistrate Judge.  That would even include a dispute on a

10 protective order.  So, just keep that in mind.  I don't know

11 who the Magistrate Judge is assigned to the case.

12          MR. PETERS:  That is Judge Van Kuelen.

13          THE COURT:  Van Kuelen.  All right.  Then she will

14 be available to take care of that.

15     And -- and I think that does keep things moving for

16 you.

17     In terms of looking ahead to motions -- and I -- this

18 -- this all happened so fast, and I know I -- you know, I

19 thought this was a long trial time, but even I look at it

20 and say things are going to move fast.  I like to go over at

21 the pretrial conference some requirements that may be

22 different.  Please read my standing orders.  You probably

23 already read them 10 times, but I want to just talk about an

24 issue with Daubert motions because I expect that this case

25 will be expert heavy, and now that we've got two separate

1  relevant markets set forth in the first amended complaint,

2  that will double the number of experts probably.

3      I -- there are a couple of things that I just want to

4  be really clear on for any challenges to experts.  I

5  construe Daubert narrowly, and so if you make a Daubert

6  motion, I'm not going to be deciding whether the testimony

7  is credible or otherwise admissible under other reasons than

8  the Daubert reasons.

9      When you get to summary judgment -- and I expect that

10 there'll be at least a Defense motion if not a Plaintiff's

11 motion as well -- often there is a challenge to expert

12 testimony submitted in support or opposition to summary

13 judgment.  Our court's Local Rules require that any and all

14 evidentiary objections be contained in the body of your

15 brief and not separately filed.  And, so, for example, if

16 you were to file a 25-page motion for summary judgment and a

17 separate Daubert motion of whatever appropriate pages,

18 that's fine, and I will decide the Daubert motion in time

19 for trial and will not consider it for summary judgment.

20     Evidentiary objections of all sorts have to be

21 contained in that motion or its opposition.  So, please keep

22 that in mind.

23     I also require that if you wish to litigate the Daubert

24 issue in advance of trial, there are two -- there are two

25 avenues available to you, and they're set forth in my

1   standing orders.  If you want to file fully briefed,

2   separately submitted Daubert motions, you must secure a

3   hearing date at least 60 days before trial.  I do not

4   reserve that in advance like I did your summary judgment

5   date.  That means you'd be filing that Daubert motion about

6   eight months before trial to be sure you got a date, and if

7   my calendar was full, it would just be too bad.  So, that's

8   why I have a second avenue for having the Dauberts heard.

9       I do allow as many as five motions in limine per side,

10  not per party but per side, at the final pretrial

11  conference.  You may use any or all of those five in limine

12  motions as Daubert, one expert per motion, five-page limit

13  for motions in limine.  But, frankly, I've never received a

14  Daubert motion that was more than five -- that benefitted

15  from more than five pages of briefing.  So, I'm sure that

16  will be adequate.

17      The benefit of that avenue is that you're only filing

18  that set of motions two weeks before the final pretrial

19  conference, and so that tends to work out better with the

20  discovery plan, but you do have both avenues, and my

21  standing orders have very strict page limitations for the

22  stand-alone Daubert.  I don't need to go over them now.

23  Just please make a note that you need to look at that as

24  well.

25      I think that takes care of everything that -- that I

12

1  normally go over in a final pretrial.  You have -- I think

2  you've given me a schedule that is very complete.  So, I

3  will -- I will adopt this schedule because we -- I'd already

4  given you the trial date, and then I can just sign this as

5  the case -- further case management order.  So -- so, I will

6  do that.  I think -- it looks like it was submitted as a

7  statement.  I'll mark it as approved, and that will be the

8  Rule 16 schedule in the case.

9      I think that takes care of every thing from my side.

10  Is there anything else you'd like -- questions you have,

11  anything else you'd like to go over?  Mr. Surprenant?

12            MR. SURPRENANT:  Other than we will try to keep

13  the case as expert light as we can, I have nothing further.

14            THE COURT:  All right.  Mr. Peters?

15            MR. PETERS:  Nothing further.  We won't see you

16  for a while.  It looks like --

17            THE COURT:  That's right.

18            MR. PETERS:  -- with --

19            THE COURT:  It does look that way.  Maybe -- I

20  mean --

21            MR. PETERS:  We'll be thinking about you, Judge

22  Freeman.

23            THE COURT:  There you go.

24            MR. PETERS:  So, don't --

25            THE COURT:  So, Mr. Peters, I don't set regular

13

1 case management conferences.  I don't find they're that
2 productive, and so I'm not going to bother all of you
3 either.  If an issue comes up that can benefit from case
4 management, send me a joint statement.  Let me know what the
5 issue is and your positions and ask for a case management
6 conference.  I will set it on Zoom within a week, and we'll
7 take care of it.  But, otherwise, that's right.  I'm not
8 going to see you for a while, and I'm not going to harass
9 you in coming to court to day something that I don't need to
10 know and you don't need to tell me.  All right?
11          MR. PETERS:  Very helpful.  Your availability is
12 much appreciated, and hopefully we won't need it, but if we
13 do, we know what to do.  Thank you.
14          THE COURT:  Good.  Thank you all.
15          ALL:  Thank you, your Honor.
16      (Proceedings concluded at 11:14 a.m.)
17
18
19
20
21
22
23
24
25

14

CERTIFICATE OF TRANSCRIBER

1

2

3          I certify that the foregoing is a true and correct

4  transcript, to the best of my ability, of the above pages of

5  the official electronic sound recording provided to me by

6  the U.S. District Court, Northern District of California, of

7  the proceedings taken on the date and time previously stated

8  in the above matter.

9          I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action

11  in which this hearing was taken; and, further, that I am not

12  financially nor otherwise interested in the outcome of the

13  action.

14

15

16

17          Echo Reporting, Inc., Transcriber

18               Tuesday, September 20, 2022

19

20

21

22

23

24

25