UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL MICKELSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PGA TOUR, INC.,<br><br>    Defendant. | Case No. 22-cv-04486-BLF   (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 104 |

The Court has considered the Parties' Joint Discovery Submission ("Submission"), addressing two disputes: 1. Time parameters for logging communications between Plaintiffs and litigation counsel, arising under the proposed Stipulation Regarding Electronic Discovery and Document Production Format ("ESI Order"); and 2. Access to Confidential Information by a "Consulting Outside Counsel," arising under the proposed Stipulated Protective Order ("Protective Order"). The Court determines that these matters may be resolved without oral argument. Civ. Local Rule 7-1(b). In consideration of the Submission, relevant case law and the Rules of Federal Civil Procedure, the Court **ORDERS** as set forth below.

**A. ESI Order: Logging Privileged Documents**

Plaintiffs seek to be excused from logging communications between Parties and "outside counsel that were retained to represent them in this case, regardless of whether the communications were before or after the date the complaint was filed." Dkt. 104-1 at 12. Plaintiffs argue that logging communications that pre-date filing of the suit on August 3, 2022, would be "costly, time consuming and unduly burdensome." Dkt. 104 at 2. Defendant urges adoption of the approach in the Model ESI Order which provides only that, "Communications involving trial counsel that post-date the filing of the complaint need not be placed on the

privilege log." [Model] Stipulated Order Re: Discovery Of Electronically Stored Information For Standard Litigation ("Model ESI Order"), section 8(c). In support of its need to at least see the parameters of Plaintiffs' pre-filing privilege claims, Defendant points to, *inter alia*, the multi-party posture of the case, the nature of the claims alleged by Plaintiffs, including tortious interference by Defendant with Plaintiff LIV's contractual relationships and prospective business relationships, as well as its own now-filed counter claim for tortious interference by LIV with Defendant's contractual relationships. Dkt. 104, 3-4; Dkt.83; Dkt. 108.

The Court finds Defendant's arguments persuasive, particularly in light of its claim for tortious interference of contract, where the existence of communications that pre-date filing of the Complaint may be relevant. As discovery disputes are, by their nature, highly fact specific, the cases relied upon by Plaintiffs are inapposite in light of the facts of this case. Including pre-filing communications with counsel retained in the litigation may well be time-consuming, but under the circumstances of this case, a privilege log as contemplated by the Model ESI Order is proportional to the needs of the case and appropriate under Rule 26.

### B. Protective Order: Consulting Outside Counsel

Defendant seeks permission to give a specifically-identified attorney with "a lengthy history of advising" Defendant, but who is neither in-house counsel nor counsel of record in this action, access to Plaintiffs' confidential information pursuant to similar access conditions for a proposed expert. Dkt. 104 at 6; Dkt. 104-2 at 11.[1] Plaintiffs counter this request with the fact that Plaintiff LIV Golf Inc. and Defendant are direct competitors and Plaintiffs' concern about sensitive business information being revealed to an attorney who has what appears to be a general

---

[1] The Protective Order allows for designation of two in-house counsel for access to confidential information and unlimited access by outside counsel of record. Dkt. 104-2.

advisory role to Defendant, notwithstanding that attorney's agreement to be bound by the Protective Order.  "Producing competitively sensitive information to a lawyer who is not representing Defendant in this case is concerning because the very nature of his representation of the [Defendant] is broad and extends beyond this case."  Dkt. 104 at 5.  Plaintiffs also point to the fact that a law partner of the identified attorney has a role on Defendant's Policy Board and as such may be a percipient witness.

The Court generally gives deference to a party's selection of advisors and consultants with access to an opponent's confidential information, particularly where there is a robust protective order in place.  However, based upon the fact that the Parties are direct competitors, along with the attorney's non-specific advisory role to the Defendant, the attorney's relationship to a potential witness and the fact that either in light of or despite these facts, the attorney is not counsel of record, the Court will not include Defendant's proposed language in the Protective Order.

### C.  Conclusion

The Court will modify the proposed ESI Order and the proposed Protective Order in accordance with this Order and to reflect this Court's standard adjustments to sections 6.3 and 7.4 of the Protective Order and will enter the orders forthwith.

**SO ORDERED.**

Dated: October 4, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge