# EXHIBIT A

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:  650.801.5100

*Attorneys for Plaintiffs LIV Golf, Inc., Talor Gooch, Hudson Swafford, Matt Jones, Bryson DeChambeau, Ian Poulter, Peter Uihlein and LIV Golf Inc.*

WILLIAM V. ROPPOLO, *pro hac vice*
  william.roppolo@bakermckenzie.com
BAKER McKENZIE LLP
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131 USA
Telephone:  305.789.8900

*Attorneys for Phil Mickelson*

*(additional counsel on signature page)*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PHIL MICKELSON, TALOR GOOCH, HUDSON SWAFFORD, MATT JONES, BRYSON DECHAMBEAU, IAN POULTER, PETER UIHLEIN, and LIV GOLF INC.<br><br>  Plaintiffs,<br><br>   v.<br><br>PGA TOUR, INC.,<br><br>   Defendant. | CASE NO. 5:22-cv-04486-BLF<br><br>**PLAINTIFF LIV GOLF INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Procedure 26 and 33, Plaintiff LIV Golf Inc. ("LIV Golf") by and through its undersigned counsel hereby request that PGA Tour, Inc. ("Defendant") answer the following interrogatories fully and separately in writing under oath by an officer or other agent authorized to give answers on their behalf.  Answers to these interrogatories must be served within the time prescribed by the Federal Rules of Civil Procedure.  Defendant is subject to a duty to supplement all responses to the interrogatories in accordance with Federal Rule of Civil Procedure 26(e).  The following Interrogatories are to be read in accordance with the Definitions and Instructions that follow, as well as all applicable rules.

## DEFINITIONS

1. For purposes of these Interrogatories and the instructions thereto, the following definitions apply:

2. The definitions and rules of construction set forth in Federal Rule of Civil Procedure 33 are hereby incorporated by reference and apply to all Interrogatories.

3. "**Asian Tour**" means the Asian Tour and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the Asian Tour.  "Asian Tour" also includes any term, nickname, codename, project name or abbreviation that relate to Asian Tour or are used by You or Your agents to refer to Asian Tour.

4. "**Augusta National**" means Augusta National, Inc., Augusta National Golf Club, members of Augusta National Golf Club, and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Augusta National, Inc.

5. "**Communication**," or any variant thereof, means any contact between two or more persons by which any information or knowledge is transmitted or conveyed, or is attempted to be

transmitted or conveyed, between two or more persons and shall include, without limitation, written contact by means such as emails, text messages, iMessages, WhatsApp messages, Slack messages, Facebook Messenger, Google Chat, Viber, Signal, Line, WeChat, Snapchat, Telegram, Microsoft Teams, Zoom, social media direct messages, instant messages, letters, memoranda, telegrams, telecopies, telexes, or any other document, and any oral contact, such as face-to-face meetings or telephone conversations.

6. "**Concerning**" means consisting of, constituting, containing, discussing, describing, evidencing, supporting, refuting, reflecting, regarding, referring to, relating in any way, or being legally, logically, or factually connected in any way with the matter discussed or used in the preparation of any Document responsive to the Request.

7. "**Date**" means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

8. "**Defendant**" means the PGA Tour, Inc., and any of its predecessors, subsidiaries, parents, affiliates, employees, directors, officers, agents, representatives, accountants, investigators, and consultants, including without limitation, all of their predecessor entities.

9. "**European Tour**" and/or "**DP World Tour**" means the PGA European Tour, PGA European Tour, Inc., the European Tour, and DP World Tour and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the European Tour. "European Tour" also includes any term, nickname, codename, project name or abbreviation that relate to European Tour or are used by You or Your agents to refer to European Tour.

10. "**Japan Tour**" means the Japan Tour, Japan Golf Tour Organization, and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the

Japan Tour.

11. **"Ladies European Tour"** means the Ladies European Tour, LET and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the Ladies European Tour.

12. **"Ladies Professional Golf Association"** means the Ladies Professional Golf Association, LPGA and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the Ladies Professional Golf Association.

13. **""LIV Golf"** means Plaintiff LIV Golf, Inc., LIV Golf, Ltd., LIV Golf, Holdings Ltd., LIV Golf Investments Ltd., LIV Golf, LIV Golf International Series, LIV Golf Invitational Series, and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, investors, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Plaintiff LIV Golf Inc. "LIV Golf" also includes any term, nickname, codename, project name or abbreviation that relate to LIV Golf or are used by You or Your agents to refer to LIV Golf.

14. **"New Tour"** means any prospective or any new professional golf tour or league or promoter of professional golf events, including but not limited to LIV Golf, PGL, SGL, P54, the prospective entrant(s) identified as "Private Equity Golf" in Commissioner Monahan's January 24, 2020 memorandum to the PGA Tour Policy Board, the entity or entities that Commissioner Monahan has described as the "Saudi Golf League," or any other prospective or actual professional golf promoter or professional golfer services buyer. "New Tour" also includes any term, nickname, codename, project name or abbreviation that relate to a New Tour or are used by You or Your agents to refer to a

New Tour or players playing or considering playing in a New Tour.

15. "**OWGR**" means the OWGR, Ltd., Official World Golf Rankings, and includes its past and present directors, members, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the OWGR, Ltd.

16. "**Person**" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17. "**PGA of America**" or any variant thereof, means the Professional Golfers Association of America (or PGAA)**,** and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the PGA of America.

18. "**PGA Tour, Inc.**," "**PGA Tour**," "**Tour**," "**You**," "**Your**," or any variant thereof, means PGA Tour, Inc., and includes its past and present directors during the period in which they were directors, members of its Policy Board, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Defendant PGA Tour, Inc.

19. "**PGA Tour Members**," or any variant thereof, means members of the PGA Tour as that term is used in the PGA Tour Player Handbook and/or the governing documents of the PGA Tour.

20. "**PGA Tour Player Handbook**," or any variant thereof, means the PGA Tour Player Handbook & Tournament Regulations and includes the current and past versions thereof and any drafts or proposed amendments.

21. "**PGL,**" or any variant thereof, means Premier Golf League and includes its past and

present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, consultants, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Premier Golf League.  "PGL" also includes any term, nickname, codename, project name or abbreviation that relate to PGL or are used by You or Your agents to refer to PGL.

22. "**Private Equity Golf**" or any variant thereof, means potential, actual, theorized, or defunct concepts for professional golf competition that would or could be competitive to the PGA Tour and includes "**Team Golf Concept**."  And, without limitation, the term carries the full meaning and definition as used in PGA Tour Commissioner Jay Monahan's January 24, 2020 Memorandum to the PGA Tour Policy Board, which is attached to the Motion for Temporary Restraining Order as Brass Declaration Exhibit 4, and any terms that mean the same thing but may have been changed or adapted from time to time.

23. The phrases "**relate to**," "**related to**," and "**relating to**," or any variant thereof, include, but are not limited to, the following meanings: referring to, supporting, located in, considered in connection with, bearing, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, concerning, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting, and being.

24. "**Royal & Ancient**" or any variant thereof, means the R&A, R&A Championships Limited, Company, R&A Group Services Limited, Company, R&A Rules Limited, Company, The R&A, and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Royal & Ancient.

25. "**SGL**" or any variant thereof, means Super Golf League, the Saudi League, Saudi Golf League, Saudi Golf, and includes its past and present directors, officers, agents, predecessors, successors, investors, assigns, legal representatives, non-legal representatives, personal

representatives, consultants, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, Golf Saudi, Performance54, Performance54i, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the proposed competitive golf tour that was once referred to as Super Golf League. "SGL" also includes any term, nickname, codename, project name or abbreviation that relate to SGL or are used by You or Your agents to refer to SGL.

26. "**Sunshine Tour**" means the Sunshine Tour, and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the Sunshine Tour.

27. "**USGA**" or any variant thereof, means the United States Golf Association, and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, and affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of the United States Golf Association.

28. For purposes of interpreting or construing the scope of the Interrogatories contained herein, the terms contained in such Interrogatories shall be given their most expansive and inclusive interpretation. In order to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope, the following rules of construction apply:

    a. the singular shall include the plural and vice versa;

    b. the masculine, feminine or neuter pronoun shall not exclude other genders;

    c. the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope;

    d. the terms "any," "all," and "each" shall each be construed as encompassing any and all;

e. the word "including" shall be read to mean including without limitation;

f. the present term shall be construed to include the past term and vice versa; and

g. references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

29. Notwithstanding the above, for any undefined term which You reasonably and on a good-faith basis contend is vague or ambiguous, You shall note the alleged vagueness or ambiguity in your response and then apply the ordinary dictionary definition of said term, considering the context in which the term is used. Vagueness or ambiguity in this respect shall not be a basis for You to withhold or otherwise fail to search for and produce otherwise responsive Documents.

## INSTRUCTIONS

1. The following definitions, instructions, and requirements of Federal Rules of Civil Procedure 26, 33, and 37 are applicable throughout these Interrogatories and are incorporated into each specific Interrogatory:

2. Each Interrogatory should be construed independently. No Interrogatory should be construed by reference to any other Interrogatory for the purpose of limiting the scope of the response to such Interrogatory.

3. The wording of any Interrogatory does not constitute an admission of what the facts or evidence will ultimately show.

4. All objections should be set forth with specificity and include a statement of the grounds for such objections, and respond to the interrogatory as narrowed to conform to each objection.

5. If you encounter any ambiguities when construing an Interrogatory, instruction or definition, your response should set forth the matter deemed ambiguous and the construction used in responding to the Interrogatory.

6. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories are continuing in character so as to require Defendant to promptly file supplementary responses if they obtain further or different information before trial, or if any of Defendant's responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

7. Unless explicitly stated, the Relevant Time Period for each and every request is limited

to the time period between January 1, 2019 and the date of the response.

8. In no event is any answer to be left blank. If the answer to the interrogatory is "none," "unknown," or "not applicable," such statement should be written in the answer.

**INTERROGATORIES**

1. Identify each individual who communicated on behalf of the PGA Tour with any other person (including Tour Members) or entity regarding any New Tour. Your response should include individuals who communicated with (a) the European Tour, (b) Augusta National, (c) PGA of America, (d) USGA, (e) OWGR, (f) Royal & Ancient, (g) Asian Tour, (h) Japan Tour, (i) Sunshine Tour, (j) Ladies Professional Golf Association, (k) Ladies European Tour, (l) any broadcaster, (m) any vendor or service provider to the PGA Tour, (n) any advertiser or sponsor, (o) any player agent or representative, (p) any golfer (including PGA Tour Members), or (q) any other person or entity not expressly excluded by this Interrogatory. Your response need not include communications with the PGA Tour's counsel or the press. For each individual you identify, identify the date(s) of the communication(s), the medium of the communication(s) (e.g., in-person, phone, text, email, etc.), and the other person or entity to whom the communication was made.

DATED: August 31, 2022                    Respectfully submitted,

By: _____*Rachel S. Brass*_____

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:   415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:    202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

1
2  ROBERT P. FELDMAN, SBN 69602
     bobfeldman@quinnemanuel.com
3  QUINN EMANUEL URQUHART & SULLIVAN LLP
   555 Twin Dolphin Dr., 5th Floor
4  Redwood Shores, California 94065
   Telephone:  650.801.5000
5  Facsimile:   650.801.5100

6  *Attorneys for Plaintiffs LIV Golf Inc., Talor Gooch,*
7  *Hudson Swafford, Matt Jones, Bryson DeChambeau, Ian*
   *Poulter, and Peter Uihlein*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I, Daniel K. Tom, declare as follows:

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, CA 94105-0921, in said County and State. On August 31, 2022, I served the following document(s):

**PLAINTIFF LIV GOLF INC.'S FIRST SET OF INTERROGATORIES**

on the parties stated below, by the following means of service:

| | | |
|---|---|---|
| John Watkins Keker | Email: | jwk@kvn.com |
| Elliot Remsen Peters | | epeters@keker.com |
| Brook Dooley | | bdooley@keker.com |
| David Jason Silbert | | dsilbert@keker.com |
| Eric H. MacMichael | | emacmichael@keker.com |
| Leo L. Lam | | lam@keker.com |
| Nicholas Samuel Goldberg | | goldberg@keker.com |
| Nicholas David Marais | | marais@keker.com |
| Robert Adam Lauridsen | | lauridsen@keker.com |
| Sophie Anderson Hood | | hood@keker.com |
| Thomas Edward Gorman | | gorman@keker.com |
| **Keker, Van Nest & Peters LLP** | | |
| 633 Battery Street | Tel: | (415) 391-5400 |
| San Francisco, CA 94111-1809 | Fax: | (415) 397-7188 |
| Anthony J Dreyer | Email: | anthony.dreyer@skadden.com |
| Karen Hoffman Lent | | karen.lent@skadden.com |
| **Skadden Arps Slate Meagher Flom LLP** | | |
| One Manhattan West | Tel: | (212) 735-3000 |
| New York, NY 10001 | Fax: | (212) 735-2000 |
| Patrick J Fitzgerald | Email: | patrick.fitzgerald@skadden.com |
| **Skadden Arps Slate Meagher Flom LLP** | | |
| 155 N. Wacker Drive, Suite 2700 | Tel: | (312) 407-0700 |
| Chicago, IL 60606 | Fax: | (312) 407-0711 |

☑ **BY ELECTRONIC SERVICE:** On the above-mentioned date, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Gibson, Dunn & Crutcher LLP

11
PLAINTIFF LIV GOLF INC.'S FIRST SET OF INTERROGATORIES
CASE NO. 5:22-CV-04486-BLF

Executed on August 31, 2022.

                                  */s/ Daniel K. Tom*
                                        Daniel K. Tom