| | |
|---|---|
| RACHEL S. BRASS, SBN 219301<br>  rbrass@gibsondunn.com<br>LAUREN D. DANSEY, SBN 311886<br>  ldansey@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, California 94105-0921<br>Telephone: 415.393.8200<br>Facsimile:  415.393.8306<br><br>ROBERT C. WALTERS, *pro hac vice*<br>  rwalters@gibsondunn.com<br>SCOTT K. HVIDT, *pro hac vice*<br>  shvidt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, Texas 75201-2911<br>Telephone: 214.698.3100<br><br>JOSHUA LIPTON, *pro hac vice*<br>  jlipton@gibsondunn.com<br>KRISTEN C. LIMARZI, *pro hac vice*<br>  klimarzi@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  20036-5306<br>Telephone: 202.955.8500 | JOHN B. QUINN, SBN 90378<br>  johnquinn@quinnemanuel.com<br>DOMINIC SURPRENANT, SBN 165861<br>  dominicsurprenant@quinnemanuel.com<br>KEVIN TERUYA, SBN 235916<br>  kevinteruya@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: 213.443.3000<br><br>ROBERT P. FELDMAN, SBN 69602<br>  bobfeldman@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, California 94065<br>Telephone:  650.801.5000 |

*Attorneys for Plaintiffs Matt Jones, Bryson DeChambeau, Peter Uihlein, and LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PGA TOUR, INC.,<br><br>　　　　　Defendant and Counter-Plaintiff,<br><br>　　v.<br><br>LIV GOLF INC.,<br><br>　　　　　Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF<br><br>**LIV GOLF INC.'S ANSWER TO PGA TOUR, INC.'S COUNTERCLAIM** |

Plaintiff and Counter-Defendant LIV Golf Inc. ("LIV" or "LIV Golf" or "Counter-Defendant"), by its undersigned counsel, files its answer to the counterclaim of Defendant and Counter-Plaintiff PGA Tour, Inc. (sometimes "the Tour"). Unless expressly admitted, all allegations, including any allegations contained or implied anywhere in the Tour's counterclaim (whether in the body, headings, footnotes, or otherwise) are denied. LIV provides its specific responses to the allegations of the counterclaim as follows:

## INTRODUCTION

1. To the extent that Paragraph 1 sets forth legal conclusions, no response is required. Otherwise, denied.

2. Counter-Defendant admits the allegations in Paragraph 2 only to the extent that LIV has agreements with certain Player Plaintiffs. To the extent that Paragraph 2 recites or characterizes those agreements, the agreements speak for themselves, and Counter-Defendant respectfully refers the Court to the agreements for a full and accurate recitation of their contents. Otherwise, denied.

3. Counter-Defendant denies the allegations in Paragraph 3.

4. Counter-Defendant admits that there was a break in LIV's 2022 schedule during mid-August and denies the remaining allegations in Paragraph 4.

5. To the extent that Paragraph 5 sets forth legal conclusions, no response is required. Otherwise, denied.

## PARTIES

6. Counter-Defendant admits that LIV is a Delaware corporation with its headquarters in West Palm Beach, Florida and principal place of business in New York, New York. Counter-Defendant further admits that, at the present time, LIV is funded primarily by the Public Investment Fund of Saudi Arabia. Otherwise, denied.

7. Counter-Defendant admits the allegations in the first sentence of Paragraph 7. Counter-Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in second sentence of Paragraph 7 and therefore denies those allegations.

**JURISDICTION AND VENUE**

8. Counter-Defendant admits for purposes of this action only that the Court has subject matter jurisdiction. To the extent that the remaining allegations in Paragraph 8 set forth legal conclusions, no response is required. Otherwise, denied.

9. Counter-Defendant admits the allegations in Paragraph 9.

**GENERAL ALLEGATIONS**

10. Counter-Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies those allegations.

11. Counter-Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies those allegations.

12. Counter-Defendant denies the allegations in Paragraph 12.

13. Counter-Defendant admits that the Tour purports to be a 501(c)(6) organization. Counter-Defendant denies the remaining allegations in Paragraph 13.

14. To the extent Paragraph 14 characterizes or recites the PGA Tour's Player Handbook & Tournament Regulations (the "Regulations"), the Regulations speak for themselves, and Counter-Defendant respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

15. Counter-Defendant admits the final two sentences of Paragraph 15. Otherwise, denied.

16. Counter-Defendant admits that LIV was founded in 2021. Otherwise, denied.

17. Counter-Defendant denies the allegations in Paragraph 17.

18. Counter-Defendant admits that LIV has contracted with various professional golfers to join the LIV series, and that those golfers receive a certain minimum amount of prize money per LIV event. Counter-Defendant denies the remaining allegations in Paragraph 18.

19. Counter-Defendant admits that LIV seeks to grow the game of golf. Otherwise, denied.

20. Counter-Defendant admits the first and second sentence of Paragraph 20. Otherwise, denied.

21. Counter-Defendant admits that the Player Plaintiffs were Tour members during all or part of the 2021–22 golf season. Plaintiff further admits that Player Plaintiffs are independent

contractors. To the extent that the remaining allegations in Paragraph 21 characterize or recite certain agreements between LIV and Player Plaintiffs, the agreements speak for themselves, and Plaintiff respectfully refers the Court to the agreements for a full and accurate recitation of their contents. Otherwise, denied.

22. Counter-Defendant denies the first sentence of Paragraph 22. To the extent that the remaining allegations in Paragraph 22 characterize or recite certain agreements between LIV and Player Plaintiffs, the agreements speak for themselves, and Counter-Defendant respectfully refers the Court to the agreements for a full and accurate recitation of their contents. Otherwise, denied.

23. To the extent that the last sentence of Paragraph 23 characterizes or recites the terms of certain agreements between LIV and Player Plaintiffs, the agreements speak for themselves, and Counter-Defendant respectfully refers the Court to the agreements for a full and accurate recitation of their contents. Otherwise, denied.

24. Counter-Defendant admits that Player Plaintiffs were Tour members during all or some of the 2021–22 golf season. To the extent that the remaining allegations in Paragraph 24 recite the Regulations, the Regulations speak for themselves, and Counter-Defendant respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

25. Counter-Defendant denies the allegations in Paragraph 25.

26. Counter-Defendant denies the allegations in Paragraph 26.

27. Counter-Defendant denies the allegations in Paragraph 27.

28. To the extent Paragraph 28 characterizes or recites the Regulations, the Regulations speak for themselves, and Plaintiff respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

29. Counter-Defendant denies the allegations in Paragraph 29.

30. To the extent Paragraph 30 characterizes or recites the Regulations, the Regulations speak for themselves, and Counter-Defendant respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

31. To the extent Paragraph 31 characterizes or recites the Regulations, the Regulations speak for themselves, and Counter-Defendant respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

32. To the extent Paragraph 32 characterizes or recites the Regulations, the Regulations speak for themselves, and Counter-Defendant respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

33. Counter-Defendant denies the allegations in Paragraph 33.

34. To the extent Paragraph 34 characterizes or recites the Regulations, the Regulations speak for themselves, and Counter-Defendant respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

35. Counter-Defendant admits that certain players requested, and were denied, releases by the Tour. To the extent that Paragraph 35 states legal conclusions, no response is required. Otherwise, denied.

36. Counter-Defendant admits that Bryson DeChambeau played in the LIV events held in Portland, Oregon, and/or Bedminster, New Jersey and received disciplinary notices from the Tour as a result. To the extent that the remaining allegations in Paragraph 36 state legal conclusions, no response is required. Otherwise, denied.

37. Counter-Defendant admits that, from time to time, various Player Plaintiffs participated in media events in connection with promoting the LIV series. Otherwise, denied.

38. To the extent that the allegations in Paragraph 38 characterize or recite Player Plaintiffs' responses to Tour disciplinary notices, the responses speak for themselves and no response is required. Otherwise, denied.

39. Counter-Defendant admits that some Player Plaintiffs resigned their Tour membership, whereas others did not. Otherwise, denied.

40. Counter-Defendant denies the allegations in Paragraph 40.

41. Counter-Defendant denies the allegations in Paragraph 41.

42. Counter-Defendant denies the allegations in Paragraph 42.

43. To the extent that the allegations in Paragraph 43 refer to communications between LIV and Tour members, those communications speak for themselves, and Counter-Defendant respectfully refers the Court to those communications for a full and accurate recitation of their contents. Otherwise, denied.

44. Counter-Defendant denies the allegations in Paragraph 44.

45. Paragraph 45 purports to recite a text message between a LIV representative and a professional golfer, which speaks for itself and to which no response is required. Otherwise, denied.

46. Counter-Defendant admits that Talor Gooch, Hudson Swafford, and Matthew Jones participated in the LIV London Invitational Series. To the extent that Paragraph 46 characterizes or recites declarations made by those individuals, their declarations speak for themselves, and no response is required. Otherwise, denied.

47. Counter-Defendant denies the allegations in Paragraph 47.

48. To the extent that the allegations in Paragraph 48 refer to particular statements, the statements speak for themselves, and Counter-Defendant respectfully refers the Court to the statements for a full and accurate recitation of their contents. Otherwise, denied.

49. Counter-Defendant denies the allegations in Paragraph 49.

50. Counter-Defendant denies the allegations in Paragraph 50.

51. To the extent that Paragraph 51 recites certain agreements between LIV and one or more Player Plaintiffs, those agreements speak for themselves, and no response is required. Otherwise, denied.

52. Counter-Defendant denies the allegations in Paragraph 52.

53. Counter-Defendant denies the allegations in Paragraph 53.

54. Counter-Defendant denies the allegations in Paragraph 54.

## COUNT I

## TORTIOUS INTERFERENCE WITH CONTRACT

55. Paragraph 55 does not make allegations to which a response is required.

56. Counter-Defendant denies the allegations in Paragraph 56.

57. Counter-Defendant denies the allegations in Paragraph 57.

58. Counter-Defendant denies the allegations in Paragraph 58.

59. Counter-Defendant denies the allegations in Paragraph 59.

60. Counter-Defendant denies the allegations in Paragraph 60.

61. Counter-Defendant denies the allegations in Paragraph 61.

62. Counter-Defendant denies the allegations in Paragraph 62.

63. Counter-Defendant denies the allegations in Paragraph 63.

64. Counter-Defendant denies the allegations in Paragraph 64.

The paragraphs that set forth the Tour's prayer for relief state no allegations and a response is not required. Counter-Defendant denies any allegations contained in Plaintiffs' Prayer for Relief to which a response is required.

## LIV'S DEFENSES

Counter-Defendant LIV asserts the following defenses at law and in equity. LIV denies that the Tour is entitled to any relief whatsoever. In asserting these affirmative and other defenses, LIV does not assume the burden of proof as to matters that, under law, are the Tour's to prove. LIV pleads the following affirmative and other defenses in the alternative, and none constitutes an admission of liability or an admission that the Tour is entitled to any relief whatsoever. LIV reserves all additional affirmative and other defenses under Federal Rule of Civil Procedure 8(c) and any other affirmative or other defense that is now or may become available based on further legal or factual development of this action.

### First Defense

The Tour's counterclaim is barred for failure to state a claim upon which relief may be granted.

### Second Defense

The Tour's counterclaim is barred, in whole or in part, because it has not suffered an injury to its business or property due to any actions by LIV as alleged in the Tour's counterclaim.

### Third Defense

The Tour's counterclaim is barred, in whole or in part, because the Tour did not have an enforceable contract with any third party that LIV disrupted or with which LIV otherwise interfered.

### Fourth Defense

The Tour's counterclaim is barred, in whole or in part, because the provisions of the Tour's Regulations and/or player agreements that it claims were violated are anticompetitive provisions that violate the antitrust laws and therefore are unenforceable.

### Fifth Defense

The Tour's counterclaim is barred, in whole or in part, because LIV's actions and means for carrying out those actions as alleged in the Tour's counterclaim were at all times lawful, justified, privileged, proper, and procompetitive.

### Sixth Defense

The Tour's counterclaim is barred, in whole or in part, because LIV did not engage in any tortious or otherwise improper conduct.

### Seventh Defense

To the extent the Tour's counterclaim is based on purported misrepresentations by LIV, that counterclaim is barred, in whole or in part, because the purported statements were truthful.

### Eighth Defense

To the extent the Tour's counterclaim is based on the pursuit of legal claims against the Tour, that counterclaim is barred, in whole or in part, by the First Amendment and the *Noerr-Pennington* doctrine.

### Ninth Defense

The Tour's counterclaim is barred, in whole or in part, because LIV lacked the intent to interfere with or disrupt any economic or contractual relationship between the Tour and any third party.

### Tenth Defense

The Tour's counterclaim is barred, in whole or in part, because LIV lacked knowledge that its actions as alleged in the Tour's counterclaim were certain or substantially certain to disrupt any economic or contractual relationship between the Tour and any third party.

### Eleventh Defense

The Tour's counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

### Twelfth Defense

The Tour's counterclaim is barred, in whole or in part, by the doctrine of laches.

### Thirteenth Defense

The Tour's counterclaim is barred, in whole or in part, because the relief it requests is not in the public interest and runs counter to public policy.

### Fourteenth Defense

The Tour's counterclaim is barred, in whole or in part, by the doctrine of estoppel.

### Fifteenth Defense

The Tour's counterclaim is barred, in whole or in part, because the Tour did not mitigate any purported damages.

### Sixteenth Defense

The Tour's counterclaim is barred, in whole or in part, because the Tour itself is responsible for any member's inability or failure to remain a Tour member. Most notably, the Tour issued lengthy suspensions and lifetime bans to players who sought to remain Tour members.

DATED: October 19, 2022

Respectfully submitted,

By:  /s/ Rachel S. Brass

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

*Attorneys for Plaintiffs Matt Jones, Bryson DeChambeau, Peter Uihlein, and LIV Golf Inc.*

Gibson, Dunn & Crutcher LLP

9

LIV GOLF INC.'S ANSWER TO PGA TOUR, INC.'S COUNTERCLAIM
CASE NO. 5:22-CV-04486-BLF

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: October 19, 2022                GIBSON, DUNN & CRUTCHER LLP

                                       By:    /s/ Rachel S. Brass
                                              Rachel S. Brass