Case 5:22-cv-04486-BLF Document 87 (Ex. 13 to ... ) Filed 10/04/22 Page 1 of 13

# EXHIBIT 31



## A

ABRAHAM ANCER

## B

OLIVER BEKKER

RICHARD BLAND

ITTHIPAT BURANATANYARAT

## C

LAURIE CANTER

PAUL CASEY

EUGENIO CHACARRA

RATCHANON "TK" CHANTANANUWAT (AM)

# D

BRYSON DECHAMBEAU

HENNIE DU PLESSIS

# F

OLIVER FISHER

# G

SERGIO GARCIA

**TALOR GOOCH**

**BRANDEN GRACE**

# H

**JUSTIN HARDING**

**SAM HORSFIELD**

**CHARLES HOWELL III**

# I

**YUKI INAMORI**

# J

**DUSTIN JOHNSON**

**MATT JONES**

# K

**SADOM KAEWKANJANA**

**MARTIN KAYMER**

**PHACHARA KHONGWATMAI**

**SIHWAN KIM**

**RYOSUKE KINOSHITA**

**BROOKS KOEPKA**

CHASE KOEPKA

JASON KOKRAK

JINICHIRO KOZUMA

SHERGO AL KURDI

# L

ANIRBAN LAHIRI

PABLO LARRAZABAL

MARC LEISHMAN

# M

VIRAJ MADAPPA

VIRAJ MADAPPA

GRAEME MCDOWELL

PHIL MICKELSON

JEDIAH MORGAN

# N

KEVIN NA

JOAQUIN NIEMANN

SHAUN NORRIS

# O

ANDY OGLETREE

**LOUIS OOSTHUIZEN**

**WADE ORMSBY**

**CARLOS ORTIZ**

**ADRIAN OTAEGUI**

# P

**PAT PEREZ**

**TURK PETTIT**

**JAMES PIOT**

**IAN POULTER**

**DAVID PUIG**

# R

**PATRICK REED**

**JC RITCHIE**

# S

**CHARL SCHWARTZEL**

**CAMERON SMITH**

**TRAVIS SMYTH**

**IAN SNYMAN**

**HENRIK STENSON**

**HUDSON SWAFFORD**

# T

**HIDETO TANIHARA**

**CAMERON TRINGALE**

# U

**PETER UIHLEIN**

# V

**HAROLD VARNER III**

SCOTT VINCENT

# W

BUBBA WATSON

LEE WESTWOOD

BERND WIESBERGER

BLAKE WINDRED

MATTHEW WOLFF

# Y

KEVIN YUAN

TERMS & CONDITIONS    PRIVACY POLICY    MEDIA & PRESS    SUBSCRIBE    CAREERS

CONTACT US

© 2022 LIV Golf, Inc. All Rights Reserved. LIV GOLF and the L design are trademarks of the LIV Golf Group of Companies.

Case 5:22-cv-04486-BLF   Document 42-3   Filed 11/04/21   Page 14 of 73

# EXHIBIT 3

FANNATION    SI SWIMSUIT    THE SPUN    ATHLON SPORTS    SI SPORTSBOOK    SI TICKETS    SI SHOP        SUBSCRIBE

**Golf**    |    Home    News    Leaderboard    Travel    Instruction    Gear    Betting    Lifestyle    Shop ⧉

# 2022 LIV Golf Invitational Series Schedule: Complete Dates, Winners, Purses

The complete schedule for the inaugural LIV Golf Invitational Series season, ending with the team championship in October at Trump National Doral in Miami.

MORNING READ STAFF • OCT 16, 2022 11:16 AM EDT

Here is the complete schedule for the 2022 LIV Golf Invitational Series season.

We'll update this after every tournament with the winner of each event and the total prize money won, as well as the winning team.

## LIV Golf Invitational Series Purses

Each of the first seven events has a $25 million total purse. $20 million is for the individual competition, with first place paying $4 million. The remaining $5 million is for the team competition, with the winning foursome splitting $3 million, second place $1.5 million and third place $500,000.

The season finale is the team championship with a $50 million purse. All 12 teams will be paid, with $16 million shared by the top foursome down to $1 million for the last-place team.

## LIV Golf Invitational Series Schedule: Complete dates, winners, payouts

Date, Course(s), Location, Champion

**June 9-10: Centurion Club, Hertfordshire, England**

Individual Winner: Charl Schwartzel, $4 million
Team Champion: Stingers GC (Schwartzel, Hennie Du Plessis, Branden Grace, Louis Oosthuizen), share $3 million

**June 30-July 2: Pumpkin Ridge Golf Club, Portland, Oregon**

Individual Winner: Branden Grace, $4 million
Team Champion: 4 Aces GC (Talor Gooch, Dustin Johnson, Pat Perez, Patrick Reed), share $3 million

**July 29-31: Trump National Golf Club Bedminster, Bedminster, New Jersey**

Individual Winner: Henrik Stenson, $4 million
Team Champion: 4 Aces GC (Talor Gooch, Dustin Johnson, Pat Perez, Patrick Reed), share $3 million

**Sept. 2-4: The International (Oaks course), Boston**

Individual Winner: Dustin Johnson, $4 million
Team Champion: 4 Aces GC (Talor Gooch, Dustin Johnson, Pat Perez, Patrick Reed), share $3 million

**Sept. 16-18: Rich Harvest Farms, Sugar Grove, Illinois**

Individual Winner: Cameron Smith, $4 million
Team Champion: 4 Aces GC (Talor Gooch, Dustin Johnson, Pat Perez, Patrick Reed), share $3 million

**Oct. 7-9: Stonehill Golf Couse, Bangkok, Thailand**

Individual Winner: Eugenio Chacarra, $4 million
Team Champion: Fireballs GC (Sergio Garcia, Abraham Ancer, Carlos Ortiz, Eugenio Chacarra), share $3 million

**Oct. 14-16: Royal Greens Golf and Country Club, King Abdullah Economic City, Saudi Arabia**

Individual Winner: Brooks Koepka, $4 million
Team Champion: Smash GC (Brooks Koepka, Chase Koepka, Jason Kokrak, Peter Uihlein), share $3 million

Oct. 27-30: Team Championship, Trump National Doral, Miami

Team Champion: TBD

Case 5:22-cv-04486-BLF   Document 142-3   Filed 11/04/22   Page 17 of 79

# EXHIBIT 33

10/17/22, 7:52 PM
Case: 3:22-cv-04486-B LIV Golf is Drawing Up a 2023 Schedule to Start in February and Include Events in Spain, Australia | Illustrated Golf: News, …

Case: 3:22-cv-04496-PJE Document 142-3 Filed 11/04/22 Page 18 of 79

# LIV Golf is Drawing Up a 2023 Schedule to Start in February and Include Events in Spain, Australia

LIV is still finalizing its 2023 schedule, but Sports Illustrated has learned more about plans that would include nine U.S. events and five international events, including a stop at Valderrama in Spain.

**ALEX MICELI** • SEP 2, 2022 2:42 PM EDT

BOSTON — The 2023 LIV Golf schedule is still on the drawing board, but plans are being made for significant globetrotting, including stops at several renowned venues, with the goal of bringing championship golf to the masses.

Over the last week, a tentative 2023 schedule has been circulating amongst the LIV officials that includes five international events and nine U.S. events, with the season starting in February and ending in September.

## The tentative 2023 LIV Golf schedule is as follows:

- February: Florida (course TBD)

- February: California (course TBD)

- March: Tucson (Dove Mountain or the Gallery)

- April: Australia (Sydney or Queensland)

- April: Singapore (Sentosa)

- May: Washington (Week after PGA Championship, course TBD)

- June: Philadelphia (course TBD)

- July: London (Centurion)

- July: Spain (Valderrama, week before British Open)

- August: New Jersey (Bedminster)

- August: West Virginia (The Greenbrier)

- September: Chicago (course TBD)

- September: Toronto or Mexico (course TBD)

- September: Florida (Trump Doral)

LIV officials were in Australia two weeks ago visiting venues all over the country, and only one course on their list of finalists declined, according to LIV Golf CEO Greg Norman.

"We're in a really, really good, interesting position in Australia," Norman said during an interview with *Sports Illustrated* Thursday at the LIV event in Boston. "We've got a lot of interest, high-level interest, from people working in government that would love to have us in other states."

Norman also confirmed that in Australia, LIV would look at doing two years at one venue before moving the tournament around the country, while remaining at each new venue for two years.

Sergio Garcia, an original LIV Golf member, was excited that Spain was going to see a quality field in his home country for the first time since the 2000 WGC-American Express Championship.

"Jon (Rahm), Ollie (Jose Maria Olazabal) and I go home and play, but it's been a while since a field of this caliber has played in Spain," Garcia told *Sports Illustrated*.

The biggest reason the schedule is still fluid, according to Norman, is because of LIV Golf's rapid growth.

The 2023 season was originally penciled in as a beta test, but that plan was scrapped as LIV Golf opted to create a 14-event season.

"Because of the success of the product, and because of the success of players wanting to sign on with us, and believe me, our list is not what we have here today, our list is deep," Norman said. "We got three more today that want to sign. And so, our success of our product and nine rounds of golf, accelerated the process of 'OK, next year, we're going to launch.'"

Do Not Sell My Info

10/17/22, 7:52 PM

Case 5:22-cv-04486-BLF   Document 147-3   Filed 11/04/22   Page 20 of 79   LIV Golf 2023 Schedule to Start in February, Include Events in Spain, Australia | LIV Golf | Golf News and Tour Information | Sports Illustrated Golf: News, …

# EXHIBIT 34

# DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT 3

NEWS

# Another Trump property will host the latest Saudi-backed golf tournament

By **Joel Beall**

**August 29, 2022**

**S H A R E   S T O R Y**

- 
- 
- 



Andrew H. Walker

Once again a Donald Trump property will host a Saudi-backed golf event.

According to reports from the New York Times and Washington Post, the Trump Golf Links at Ferry Point in the Bronx will be the site of the next Aramco Team Series competition. The ATS is a five-tournament schedule backed by the Ladies European Tour and often features stars of the LPGA; two weeks ago Nelly Korda beat her sister Jessica to win the third leg of the series in Spain.

Like LIV Golf, the series is backed by an offshoot of the Saudi Arabian government. Saudi Aramco is a state-funded enterprise, and its charmian, Yasir Al-Rumayyan, is also the governor of the Public Investment Fund (which financially supports LIV) and the head of Saudi Golf.

RELATED: The good, bad and ugly of being on the ground for the LIV Golf circus

An official announcement regarding where the next tournament, scheduled for the New York City area from Oct. 13-15, will be played has not been made. However, NYC city officials confirmed to both the Times and Post that the course will be the site of the event in question. Ferry Point is owned by the city but operated by the Trump Organization.

Ferry Point is the third course in Trump's golf portfolio to host a Saudi tournament this year. In July, the LIV Golf Invitational came to Trump Bedminster in New Jersey for its third event in the inaugural eight-tournament season, while the season-ending tournament will visit Trump Doral outside of Miami.

Similar to last month's event in Bedminster, families of victims of 9/11 are protesting the Ferry Point news due to Saudi Arabia's alleged ties to the terrorist attacks. A spokesperson for Adams' office has told multiple outlets, "While we disagree with the values of the Trump Organization, we cannot legally block their application."

RELATED: The PGA Tour vs. LIV: Inside the battle between a giant that won't budge and a startup that won't stop

- 
- 
-

# EXHIBIT 3

1  RACHEL S. BRASS, SBN 219301
       rbrass@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
3  San Francisco, California 94105-0921
   Telephone: 415.393.8200
4  Facsimile:  415.393.8306

5  ROBERT C. WALTERS, *pro hac vice*
       rwalters@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   2001 Ross Avenue, Suite 2100
7  Dallas, Texas 75201-2911
   Telephone: 214.698.3100
8
   JOHN B. QUINN, SBN 90378
9      johnquinn@quinnemanuel.com
   QUINN EMANUEL URQUHART
10    & SULLIVAN LLP
   865 South Figueroa Street, 10th Floor
11 Los Angeles, California 90017
   Telephone: 213.443.3000
12
   ROBERT P. FELDMAN, SBN 69602
13     bobfeldman@quinnemanuel.com
   QUINN EMANUEL URQUHART
14    & SULLIVAN LLP
   555 Twin Dolphin Dr., 5th Floor
15 Redwood Shores, California 94065
   Telephone:  650.801.5000
16 Facsimile:   650.801.5100

17 *Attorneys for Non-Party*
     *His Excellency Yasir Al-Rumayyan*
18
19                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
20                    SAN JOSE DIVISION

21 MATT JONES, BRYSON DECHAMBEAU,        CASE NO. 5:22-cv-04486-BLF
   PETER UIHLEIN, and LIV GOLF, INC.,
22                                        **NON-PARTY HIS EXCELLENCY YASIR
                  Plaintiffs,             AL-RUMAYYAN'S RESPONSES AND
23                                        OBJECTIONS TO PGA TOUR, INC.'S
         v.                               SUBPOENA TO TESTIFY AT A
24                                        DEPOSITION**
   PGA TOUR, INC.,
25
                  Defendant.
26
27
28

NON-PARTY HIS EXCELLENCY YASIR AL-RUMAYYAN'S RESPONSES AND OBJECTIONS TO
PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

**HIS EXCELLENCY YASIR AL-RUMAYYAN'S RESPONSES AND OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, His Excellency Yasir Al-Rumayyan ("HE") hereby responds and objects to the subpoena to him dated September 22, 2022 (the "Subpoena") of Defendant PGA Tour, Inc. ("PGA Tour" or "Defendant") in connection with the above-captioned action (the "Lawsuit"). By serving these responses and objections, HE is not consenting to the jurisdiction of any court in the United States, and reserves all rights, whether stated herein or not, whatsoever.

All responses and objections herein are based on information currently available to HE. HE expressly reserves the right to amend, supplement, or correct any or all of his responses and objections as his investigation continues. HE reserves the right to rely on subsequently discovered information to supplement or amend any of his responses and objections should future investigation indicate that such supplementation or amendment is necessary. HE also reserves the right to supplement his responses and objections to assert any additional objections that may be deemed necessary or appropriate in light of any new information, meet and confer conferences, or motions filed in this action.

The responses and objections also do not waive any appropriate objections, and no objection, or lack thereof, or other statement in these responses constitutes an admission as to the existence or non-existence of any particular information. By responding to the Subpoena, HE does not consent to jurisdiction in the United States District Courts for the Northern District of California or the Southern District of New York (or any other court), nor does HE consent to the transfer of any proceedings related to the Subpoena to the Northern District of California.

These responses and objections are confidential and made solely for the purposes of this action. Each response is subject to all objections as to confidence, privilege, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of any statement or admission.

NON-PARTY HIS EXCELLENCY YASIR AL-RUMAYYAN'S RESPONSES AND OBJECTIONS TO
PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

**<u>OBJECTIONS</u>**

1.      HE objects to the Subpoena for lack of personal jurisdiction over HE.  HE has not consented to the jurisdiction of any court in the United States in relation to the Subpoena, nor does he have the minimum contacts necessary for a court to exercise personal jurisdiction over him in connection with the Subpoena.

2.      HE objects to the Subpoena because the exercise of jurisdiction over HE would be unreasonable under principles of comity including, but not limited to, because of conflicting laws between jurisdictions, laws protecting discovery of information in the Kingdom of Saudi Arabia, availability of alternative mechanisms of obtaining the discovery sought (including from the parties in the Lawsuit), the lack of connection between HE and the discovery sought to the United States, the status of HE as a non-citizen of the United States and as a citizen of the Kingdom of Saudi Arabia, the Kingdom of Saudi Arabia's interest in protecting from discovery the information sought, and the relative lack of importance of the discovery sought to the Lawsuit and operation of antitrust laws in the United States.

3.      HE objects to the Subpoena for failure to comply with Federal Rule of Civil Procedure 45(c)(1)(A).  In particular, and without limitation, HE neither resides, is employed, nor regularly transacts business in person within 100 miles of the place where the deposition is commanded by the Subpoena.

4.      HE objects to the Subpoena because it does not comply with the requirements of Federal Rule of Civil Procedure 45(d)(1) and 26(b) to take reasonable steps to avoid undue burden or expense on a non-party.  There are alternative means which are less expensive and burdensome for the PGA Tour to obtain the information it seeks other than a non-party deposition of a foreign national.  HE further objects to the extent that Defendants seeks testimony that is unreasonably duplicative, cumulative, or already in Defendant's possession, that is publicly available or otherwise equally available to Defendant, that is in the public record, and/or that has been or would be more appropriately sought from Plaintiffs or third parties through means that are more convenient, more efficient, more practical, less burdensome, or less expensive.

5.      HE objects to the Subpoena to the extent that Defendant's questioning at any deposition will seek information that is protected from discovery by the attorney-client privilege, the work product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity, including privileges and protections under the laws of the Kingdom of Saudi Arabia and international treaties, or that invade the rights or privacy of any person. HE will not provide information that is subject to such privilege or protection. Information provided, if any, will be testified to subject to a protective order and/or additional protections to be negotiated between Defendant and HE and any other parties, if any, who are required. In connection with the Subpoena, HE does not intend to waive, and shall not be construed as having waived, such privileges or protections. No testimony in any deposition is intended to be, or shall be construed as, a waiver of any right of privacy, protection from disclosure, or privilege. Should any deposition occur, HE reserves the right to seek the return or destruction of any inadvertently disclosed information protected by such rights or privileges, and reserves his right to object to the use of such material during any later proceeding.

6.      HE objects to the Subpoena to the extent that Defendant's questioning at any deposition will seek confidential information, including of third parties subject to protective orders or other contractual or legal confidentiality or disclosure requirements or obligations. Prior to any deposition, HE will require a suitable confidentiality or protective order or agreement. Inadvertent disclosure of any confidential information during any deposition shall not operate as a waiver of any applicable protection. HE objects to the extent that Defendant seeks information that would violate the rights of privacy of third parties under applicable laws of any relevant jurisdiction, or that such production otherwise is prohibited by law, or is subject to legal requirements for notification of third parties.

7.      HE objects to the Subpoena to the extent that Defendant's questioning at any deposition will seek information not within HE's knowledge, as well as information that is already in the knowledge or possession, custody, or control of any party in the above-captioned litigation. Defendant's Answer in this Lawsuit makes clear that any discoverable information is more easily attained from the parties in the Lawsuit and non-parties other than HE.

NON-PARTY HIS EXCELLENCY YASIR AL-RUMAYYAN'S RESPONSES AND OBJECTIONS TO
PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

8.    HE's testimony, if any, will be made without waiving or intending to waive (a) the right to object on any ground to the use of such testimony in any subsequent proceeding, including the trial of this or any other action; (b) the right to object to a demand for further testimony or other discovery involving or related to the Subpoena or the Lawsuit; and (c) all rights to revise, correct, supplement, clarify, and/or amend such testimony at any time.

9.    HE objects to the Subpoena on the grounds that the date, time, and location of the deposition were unilaterally set by Defendant without prior consultation with HE.  HE objects to the Subpoena for failing to specify any reasonable time limitation on any deposition.  HE objects to the Subpoenas to the extent the length of questioning at any deposition subjects HE to undue burden and costs, considering HE's role as a non-party.

10.    HE reserves his rights under Rule 45 of the Federal Rules of Civil Procedure and any other applicable rule or law to seek a protective order or to quash the subpoena and seek reimbursement for all reasonable expenses of responding to and complying with the Subpoena, including attorneys' fees.

11.    HE objects to the Subpoena because the fees required by Federal Rule of Civil Procedure 45(b)(1) were not tendered upon service of the Subpoena.

## **RESPONSE**

Subject to the foregoing objections and without waiving them, HE responds as follows:  HE declines to testify as specified in the Subpoena; will move to quash, if necessary; and is willing to meet and confer regarding these responses and objections and the circumstances and scope of the deposition, if any.

DATED: October 3, 2022

By: _____/s/ Kevin Teruya_____

JOHN B. QUINN, SBN 90378
    johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
    dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
    kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
    bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

RACHEL S. BRASS, SBN 219301
    rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:   415.393.8306

ROBERT C. WALTERS, *pro hac vice*
    rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
    shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone:    214.698.3100

JOSHUA LIPTON, *pro hac vice*
    jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
    klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
    Washington, DC  20036-5306
    Telephone:  202.955.8500

1

*Attorneys for Non-Party*
2 *His Excellency Yasir Al-Rumayyan*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NON-PARTY HIS EXCELLENCY YASIR AL-RUMAYYAN'S RESPONSES AND OBJECTIONS TO
PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 3, 2022, a true and correct copy of the foregoing was served to counsel of record for Defendant PGA Tour, Inc. using the below email addresses:

| | |
|---|---|
| W. Keker | jwk@kvn.com |
| Brook Dooley | bdooley@keker.com |
| Nicholas S. Goldberg | ngoldberg@keker.com |
| Thomas E. Gorman | tgorman@keker.com |
| Sophie A. Hood | shood@keker.com |
| Leo L. Lam | llam@keker.com |
| Robert A. Lauridsen | alauridsen@keker.com |
| Eric H. MacMichael | emacmichael@keker.com |
| Nicholas D. Marais | nmarais@keker.com |
| Elliot R. Peters | epeters@keker.com |
| David J. Silbert | dsilbert@keker.com |
| **Keker, Van Nest & Peters LLP** | |
| | |
| Anthony J. Dreyer | anthony.dreyer@skadden.com |
| Karen H. Lent | karen.lent@skadden.com |
| Matthew M. Martino | matthew.martino@skadden.com |
| Patrick J Fitzgerald | patrick.fitzgerald@skadden.com |
| **Skadden Arps Slate Meagher Flom LLP** | |

Additionally, I caused a true and correct copy of the foregoing document to be served via a postage-paid envelope addressed to the entities hereinafter listed:

1. Defendant PGA Tour, Inc.
c/o Brook Dooley
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, California 94111; and

2. Defendant PGA Tour, Inc.
c/o Anthony J. Dreyer
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

/s/ Kevin Teruya
Kevin Teruya

# EXHIBIT 3

1 RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
2 GIBSON, DUNN & CRUTCHER LLP
3 555 Mission Street, Suite 3000
   San Francisco, California 94105-0921
   Telephone: 415.393.8200
4 Facsimile:  415.393.8306

5 ROBERT C. WALTERS, *pro hac vice*
   rwalters@gibsondunn.com
6 GIBSON, DUNN & CRUTCHER LLP
   2001 Ross Avenue, Suite 2100
7 Dallas, Texas 75201-2911
   Telephone: 214.698.3100
8
9 JOHN B. QUINN, SBN 90378
   johnquinn@quinnemanuel.com
   QUINN EMANUEL URQUHART
10   & SULLIVAN LLP
   865 South Figueroa Street, 10th Floor
11 Los Angeles, California 90017
   Telephone: 213.443.3000
12
13 ROBERT P. FELDMAN, SBN 69602
   bobfeldman@quinnemanuel.com
   QUINN EMANUEL URQUHART
14   & SULLIVAN LLP
   555 Twin Dolphin Dr., 5th Floor
15 Redwood Shores, California 94065
   Telephone:  650.801.5000
16 Facsimile:  650.801.5100

17 *Attorneys for Non-Party Public Investment*
   *Fund of the Kingdom of Saudi Arabia*
18

19

20                 UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
21                      SAN JOSE DIVISION

22 MATT JONES, BRYSON DECHAMBEAU,          CASE NO. 5:22-cv-04486-BLF
   PETER UIHLEIN, and LIV GOLF, INC.,
23                                         **NON-PARTY PUBLIC INVESTMENT**
                   Plaintiffs,             **FUND OF KINGDOM OF SAUDI**
24                                         **ARABIA'S RESPONSES AND**
           v.                              **OBJECTIONS TO PGA TOUR, INC.'S**
25                                         **SUBPOENA TO TESTIFY AT A**
   PGA TOUR, INC.,                         **DEPOSITION**
26
                   Defendant.
27

28

**PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") hereby responds and objects to the subpoena dated September 22, 2022 (the "Subpoena") of Defendant PGA Tour, Inc. ("PGA Tour" or "Defendant") in connection with the above-captioned action (the "Lawsuit"). PIF is willing to meet and confer in good faith concerning these responses and objections. By serving these responses and objections, PIF is not consenting to the jurisdiction of any court in the United States, and reserves all rights, whether stated herein or not, whatsoever.

These responses and objections are confidential and made solely for the purposes of this action. Each response is subject to all objections as to confidence, privilege, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of any statement, admission, or document.

## PRELIMINARY STATEMENT

As a non-party to the Lawsuit, PIF objects to the Subpoena and its Corporate Representative Topics (the "Topics") as overly broad, unduly burdensome, and purporting to impose obligations greater than those imposed by the Federal Rules of Civil Procedure. The PGA Tour has failed, in violation of Fed. R. Civ. P. 45(d)(1), to take all "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

Despite the overbroad and unduly burdensome nature of the Topics, PIF responds in good faith to the Subpoena. PIF is willing to meet and confer to discuss the Subpoena, the Topics, and PIF's objections.

All objections and responses set out below are based on information currently available to PIF. PIF expressly reserves the right to amend, supplement, or correct any or all of its responses as its investigation continues. PIF reserves the right to rely on subsequently discovered information to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary. PIF also reserves the right to supplement its responses and objections to assert any additional objections that may be deemed necessary or

appropriate in light of any new facts, further review of documents, meet and confer conferences, or motions filed in this action.

The responses and objections also do not waive any appropriate objections, and no objection, or lack thereof, or other statement in these responses constitutes an admission as to the existence or non-existence of any particular information. The fact that PIF has responded to a Topic is not an admission or concession of the existence of any facts set forth or assumed by such Topic or that the response constitutes evidence of any fact set forth or assumed. PIF's responses are based on its understanding that the PGA Tour seeks only information that is within PIF's possession, custody, or control. By responding to the Subpoena, PIF does not consent to jurisdiction in the United States District Courts for the Northern District of California or the Southern District of New York (or any other court), nor does PIF consent to the transfer of any proceedings related to the Subpoena to the Northern District of California.

## **GENERAL OBJECTIONS**

Each of PIF's objections set forth below is made subject to and incorporates the foregoing Preliminary Statement and the following Preliminary Objections. The assertion of additional objections or the reiteration of any of these Preliminary Objections in a given response is not intended to, nor should it be construed to, obviate the incorporation or to exclude the assertion of any of these Preliminary Objections.

1. PIF objects to the Subpoena for lack of personal jurisdiction over PIF. PIF has not consented to the jurisdiction of any court in the United States in relation to the Subpoena, nor does it have the minimum contacts necessary for a court to exercise personal jurisdiction over PIF in connection with the Subpoena.

2. PIF objects to the Subpoena because the exercise of jurisdiction over PIF would be unreasonable under principles of comity including, but not limited to, because of conflicting laws between jurisdictions, laws protecting discovery of information in the Kingdom of Saudi Arabia, availability of alternative mechanisms of obtaining the discovery sought (including from the parties in the Lawsuit), the lack of connection between PIF and the discovery sought to the United States, the status of PIF as an instrumentality of the Kingdom of Saudi Arabia, the vague and

1  overbroad nature of the PGA Tour's Topics, the quantity and undue burden imposed by the

2  Topics, the Kingdom of Saudi Arabia's interest in protecting the information sought from

3  discovery, and the relative lack of importance of the Topics to the Lawsuit and operation of

4  antitrust laws in the United States.

5       3.     PIF objects to the Subpoena for failure to comply with Federal Rule of Civil

6  Procedure 45(c)(1)(A).  In particular, and without limitation, PIF neither resides, is employed, nor

7  regularly transacts business in person within 100 miles of the place where the deposition is

8  commanded by the Subpoena.

9       4.     PIF objects to the Subpoena because it does not comply with the requirements of

10  Fed. R. Civ. P. 45(d)(1) and 26(b) to take reasonable steps to avoid undue burden or expense on a

11  non-party.  There are alternative means which are less expensive and burdensome for the PGA

12  Tour to obtain the information it seeks other than a non-party deposition of a foreign entity.  PIF

13  further objects to the extent that Defendants seeks testimony that is unreasonably duplicative,

14  cumulative, or already in Defendant's possession, that is publicly available or otherwise equally

15  available to Defendant, that is in the public record, and/or that has been or would be more

16  appropriately sought from Plaintiffs or third parties through means that are more convenient, more

17  efficient, more practical, less burdensome, or less expensive.

18       5.     PIF objects to each of the Topics (including the Definitions and Instructions) to the

19  extent they seek information that is not reasonably accessible to PIF or in its possession, custody,

20  or control.

21       6.     PIF objects to the Topics (including the Definitions and Instructions) because they

22  seek information that is not relevant to the claims or defenses in the Lawsuit or proportional to the

23  needs of the case, particularly in light of PIF's non-party status.

24       7.     PIF objects to the Topics (including the Definitions and Instructions) to the extent

25  that they are vague, ambiguous, and/or confusing and therefore require subjective judgment on the

26  part of PIF.

27       8.     PIF objects to the Topics (including the Definitions and Instructions) to the extent

28  that they seek the disclosure of information that is protected from discovery by the attorney-client

10710-00001/13650244.1         -3-         Case No. 5:22-cv-04486-BLF

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

privilege, the work product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity, including any privilege or protection under the laws of the Kingdom of Saudi Arabia and international treaties, or that invade the rights or privacy of any person. PIF will not provide any information that is subject to such privilege or protection. Information produced, if any, will be provided subject to a protective order and/or additional protections to be negotiated between Defendant and PIF and any other parties, if any, who are required. In connection with the Topics, PIF does not intend to waive, and shall not be construed as having waived, such privileges or protections. Nothing contained in these responses or any information provided by PIF is intended to be, or shall be construed as, a waiver of any right of privacy, protection from disclosure, or privilege. Should any deposition occur, PIF reserves the right to seek the return or destruction of any inadvertently disclosed information protected by such rights or privileges, and reserves its right to object to the use of such material during any later proceeding.

9.      PIF objects to the Topics (including the Definitions and Instructions) to the extent that they seek confidential information, including of third parties subject to protective orders or other contractual or legal confidentiality or disclosure requirements or obligations. Prior to any deposition, PIF will require a suitable confidentiality or protective order or agreement. Inadvertent disclosure of any confidential information during any deposition shall not operate as a waiver of any applicable protection. PIF objects to the extent that the disclosure of information demanded in the Topics would violate the rights of privacy of third parties under applicable laws of any relevant jurisdiction, or that such disclosure otherwise is prohibited by law, or is subject to legal requirements for notification of third parties.

10.     PIF objects to the Topics (including the Definitions and Instructions) to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, any applicable Local Rules, any other applicable federal or state law, and any agreements between the parties. PIF will construe and respond to the Topics (including the Definitions and Instructions) in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules or laws.

11.     PIF objects to the Topics (including the Definitions and Instructions) to the extent they seek information outside of its possession, custody, or control, or to the extent they are inconsistent with federal or other applicable or relevant law, international treaties or conventions, including laws protecting discovery of information in the Kingdom of Saudi Arabia, and/or conflict of law and comity principles by seeking information located outside the United States.

12.     PIF objects to the Topics (including the Definitions and Instructions) to the extent they seek information that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business.

13.     PIF objects to the Topics because they seek information that is not relevant to the claims or defenses in the Lawsuit or proportional to the needs of the case,  and harassing.

14.     PIF objects to the Topics on the grounds that they are overly broad, unreasonable, and subject a non-party to undue burden and unnecessary expense, including to the extent that any Topic seeks categories of information not confined by a reasonable date range that relates to the Lawsuit.  Many—if not all—of the Topics are better directed to witnesses other than PIF, and PIF reserves the right to quash or modify the Subpoena to so reflect.

15.     PIF objects to the Topics to the extent that they are vague, ambiguous, and/or confusing and therefore require subjective judgment on the part of PIF as to what information is requested.

16.     PIF objects to the Definitions of "LIV," "Golf Saudi," "PGA TOUR," "DP World Tour," "Asian Tour," and "Official World Golf Ranking" as not limited in time or scope in a manner relevant to the material issues in the Lawsuit, or proportional to the needs of the case, such that preparing a representative to testify on the Topics using such definitions would be unduly burdensome and oppressive in that they are so broadly phrased as to include "without limitation all predecessors, predecessors-in-interest, affiliates, parents, subsidiaries, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationship of each and others acting on behalf of each."  Indeed, simply attempting to identify all such persons and entities that fit within these definitions would be unduly burdensome.

17.     PIF objects to the Definition of LIV in that it attempts to include "predecessors" "including the Premier Golf League or 'PGL.'"   PIF interprets LIV to mean the party to the Lawsuit.  The PGA Tour uses "LIV" and "PGL" separately in its Topics, which makes no sense if "LIV" included "PGL"; thus, it does follow its own confusing definition.

18.     PIF's testimony, if any, will be made without waiving or intending to waive (a) the right to object on any ground to the use of such testimony in any subsequent proceeding, including the trial of this or any other action; (b) the right to object to a demand for further testimony or other discovery involving or related to the Subpoena or the Lawsuit; and (c) all rights to revise, correct, supplement, clarify, and/or amend such testimony at any time.

19.     PIF objects to the Subpoena on the grounds that the date, time, and location of the deposition were unilaterally set by Defendant without prior consultation with PIF.

20.     PIF reserves its rights under Rule 45 of the Federal Rules of Civil Procedure and any other applicable rule or law to seek a protective order or to quash the Subpoena and seek reimbursement for all reasonable expenses of responding to and complying with the Subpoena, including attorneys' fees.

21.     PIF objects to the Subpoena because the fees required by Federal Rule of Civil Procedure 45(b)(1) were not tendered upon service of the Subpoena.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing General Objections, which are incorporated by reference into each and every response below, PIF responds and objects to the individual Topics identified in the Subpoena as follows:

## TOPIC NO. 1:

Your organizational structure, leadership, investors, and other sources of funding.

## RESPONSE TO TOPIC NO. 1:

PIF incorporates by reference all of the foregoing General Objections as if fully set forth herein.  PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

transacts business.  PIF objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case, especially in view of it being directed to a non-party, to the extent it seeks highly sensitive information about PIF's entire organization and each and every employee.  PIF further objects to this Topic as irrelevant, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information not related to any claim or defense in this Lawsuit.  PIF further objects to this Topic on the grounds that it is vague, ambiguous, and overbroad, including as to the terms "organizational structure," "leadership," "investors," and "other sources of funding."  PIF further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity, including protection under the laws of the Kingdom of Saudi Arabia and international treaties.  PIF further objects to this Topic to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or information that would violate the rights of privacy of third parties under the applicable laws of any relevant jurisdiction.  PIF further objects to this Topic to the extent that it seeks information that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business.  PIF objects to this Topic to the extent that the foregoing objections render the exercise of jurisdiction over PIF unreasonable under the principles of comity.

Subject to and without waiving its objections, PIF responds as follows:  PIF declines to provide a corporate representative to testify in response to this Topic; will move to quash, if necessary; and is willing to meet and confer on this Topic and its responses and objections.

**TOPIC NO. 2:**

Your relationship to LIV, including, but not limited to, your investment in and management of LIV.

**RESPONSE TO TOPIC NO. 2:**

PIF incorporates by reference all of the foregoing General Objections as if fully set forth herein.  PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

-7-

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

deposition at a place more than 100 miles from where PIF resides, is employed, or regularly transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case, especially in view of it being directed to a non-party, to the extent it seeks highly sensitive information about PIF's relationship with a party to the Lawsuit without further limitation as to subject matter (thereby seeking irrelevant information) and seeks information that is in the possession of or readily available to at least one party in the Lawsuit, and, as such, the burden and expense of locating and/or providing such information should not fall on PIF, a non-party. PIF further objects to this Topic as irrelevant, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information not related to any claim or defense in this Lawsuit. PIF further objects to this Topic on the grounds that it is vague, ambiguous, and overbroad, including as to the terms "investment in" and "management of." PIF further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity, including protection under the laws of the Kingdom of Saudi Arabia and international treaties. PIF further objects to this Topic to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or information that would violate the rights of privacy of third parties under the applicable laws of any relevant jurisdiction. PIF further objects to this Topic to the extent that it seeks information that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business. PIF objects to this Topic to the extent that the foregoing objections render the exercise of jurisdiction over PIF unreasonable under the principles of comity.

Subject to and without waiving its objections, PIF responds as follows: PIF declines to provide a corporate representative to testify in response to this Topic; will move to quash, if necessary; and is willing to meet and confer on this Topic and its responses and objections.

**TOPIC NO. 3:**

LIV's business or strategic plans, sales and marketing plans, past or future market share, and media strategies.

**RESPONSE TO TOPIC NO. 3:**

PIF incorporates by reference all of the foregoing General Objections as if fully set forth herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a deposition at a place more than 100 miles from where PIF resides, is employed, or regularly transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case, especially in view of it being directed to a non-party, to the extent it seeks highly sensitive information about a party to the Lawsuit that is in the possession of or readily available to at least one party in the Lawsuit, and, as such, the burden and expense of locating and/or providing such information should not fall on PIF, a non-party. PIF further objects to this Topic as irrelevant, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information not related to any claim or defense in this Lawsuit. PIF further objects to this Topic on the grounds that it is vague, ambiguous, and overbroad, including as to the terms "business or strategic plans," "sales and marketing plans," "past or future market share," and "media strategies." PIF further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity, including protection under the laws of the Kingdom of Saudi Arabia and international treaties. PIF further objects to this Topic to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or information that would violate the rights of privacy of third parties under the applicable laws of any relevant jurisdiction. PIF further objects to this Topic to the extent that it seeks information that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business. PIF objects to this Topic to the extent that the foregoing objections render the exercise of jurisdiction over PIF unreasonable under the principles of comity.

Subject to and without waiving its objections, PIF responds as follows: PIF declines to provide a corporate representative to testify in response to this Topic; will move to quash, if necessary; and is willing to meet and confer on this Topic and its responses and objections.

**TOPIC NO. 4:**

LIV's actual and projected financial performance, including revenue, costs, and profits.

**RESPONSE TO TOPIC NO. 4:**

PIF incorporates by reference all of the foregoing General Objections as if fully set forth herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a deposition at a place more than 100 miles from where PIF resides, is employed, or regularly transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case, especially in view of it being directed to a non-party, to the extent it seeks highly sensitive information about a party to the Lawsuit that is in the possession of or readily available to at least one party in the Lawsuit and, as such, the burden and expense of locating and/or providing such information should not fall on PIF, a non-party. PIF further objects to this Topic as irrelevant, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information not related to any claim or defense in this Lawsuit. PIF further objects to this Topic on the grounds that it is vague, ambiguous, and overbroad, including as to the terms "actual and projected financial performance." PIF further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity, including protection under the laws of the Kingdom of Saudi Arabia and international treaties. PIF further objects to this Topic to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or information that would violate the rights of privacy of third parties under the applicable laws of any relevant jurisdiction. PIF further objects to this Topic to the extent that it seeks information that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business. PIF objects to this Topic to the extent that the foregoing objections render the exercise of jurisdiction over PIF unreasonable under the principles of comity.

1      Subject to and without waiving its objections, PIF responds as follows: PIF declines to

2  provide a corporate representative to testify in response to this Topic; will move to quash, if

3  necessary; and is willing to meet and confer on this Topic and its responses and objections.

4  **TOPIC NO. 5:**

5      Your relationship to the PGL, including, but not limited to, your investment in and

6  management of LIV.

7  **RESPONSE TO TOPIC NO. 5:**

8      PIF incorporates by reference all of the foregoing General Objections as if fully set forth

9  herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

10  comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

11  deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

12  transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and

13  disproportionate to the needs of the case, especially in view of it being directed to a non-party and

14  seeking information about its relationship with a different non-party, but also seeks information

15  about PIF's "investment and management of LIV," a party to the Lawsuit, such that that Topic

16  seeks highly sensitive information about a party to the Lawsuit that is in the possession of or

17  readily available to at least one party in the Lawsuit, and, as such, the burden and expense of

18  locating and/or providing such information should not fall on PIF, a non-party. PIF further objects

19  to this Topic as irrelevant, overbroad, and not reasonably calculated to lead to the discovery of

20  admissible evidence, to the extent it seeks information not related to any claim or defense in this

21  Lawsuit. PIF further objects to this Topic on the grounds that it is vague, ambiguous, and

22  overbroad, including as to the terms "relationship to the PGL." PIF further objects to this Topic to

23  the extent it seeks information protected from disclosure by the attorney-client privilege, work

24  product doctrine, common interest doctrine, or any other applicable privilege or immunity,

25  including protection under the laws of the Kingdom of Saudi Arabia and international treaties.

26  PIF further objects to this Topic to the extent that it seeks proprietary or other confidential

27  information, particularly information confidential to third parties or information that would violate

28  the rights of privacy of third parties under the applicable laws of any relevant jurisdiction. PIF

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

1  further objects to this Topic to the extent that it seeks information that is not reasonably accessible

2  to PIF or otherwise not maintained in the normal course of PIF's business. PIF objects to this

3  Topic to the extent that the foregoing objections render the exercise of jurisdiction over PIF

4  unreasonable under the principles of comity.

5       Subject to and without waiving its objections, PIF responds as follows: PIF declines to

6  provide a corporate representative to testify in response to this Topic; will move to quash, if

7  necessary; and is willing to meet and confer on this Topic and its responses and objections.

8  **TOPIC NO. 6:**

9       The PGL's business or strategic plans, sales and marketing plans, past or future market

10 share, and media strategies.

11 **RESPONSE TO TOPIC NO. 6:**

12      PIF incorporates by reference all of the foregoing General Objections as if fully set forth

13 herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

14 comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

15 deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

16 transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and

17 disproportionate to the needs of the case, especially in view of it being directed to a non-party and

18 seeking highly sensitive business and financial information of a different non-party, such that this

19 Topic is better directed at that non-party. PIF further objects to this Topic as irrelevant,

20 overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the

21 extent it seeks information not related to any claim or defense in this Lawsuit. PIF further objects

22 to this Topic on the grounds that it is vague, ambiguous, and overbroad, including as to the terms

23 "business or strategic plans," "sales and marketing plans," "past or future market share," and

24 "media strategies." PIF further objects to this Topic to the extent it seeks information protected

25 from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine,

26 or any other applicable privilege or immunity, including protection under the laws of the Kingdom

27 of Saudi Arabia and international treaties. PIF further objects to this Topic to the extent that it

28 seeks proprietary or other confidential information, particularly information confidential to third

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

1  parties or information that would violate the rights of privacy of third parties under the applicable

2  laws of any relevant jurisdiction.  PIF further objects to this Topic to the extent that it seeks

3  information that is not reasonably accessible to PIF or otherwise not maintained in the normal

4  course of PIF's business.  PIF objects to this Topic to the extent that the foregoing objections

5  render the exercise of jurisdiction over PIF unreasonable under the principles of comity.

6      Subject to and without waiving its objections, PIF responds as follows:  PIF declines to

7  provide a corporate representative to testify in response to this Topic; will move to quash, if

8  necessary; and is willing to meet and confer on this Topic and its responses and objections.

9  **TOPIC NO. 7:**

10     The PGL's actual and projected financial performance, including revenue, costs, and

11  profits.

12  **RESPONSE TOPIC NO. 7:**

13     PIF incorporates by reference all of the foregoing General Objections as if fully set forth

14  herein.  PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

15  comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

16  deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

17  transacts business.  PIF objects to this Topic as overbroad, unduly burdensome, and

18  disproportionate to the needs of the case, especially in view of it being directed to a non-party and

19  seeking highly sensitive financial information of a different non-party, such that this Topic is

20  better directed at that non-party.  PIF further objects to this Topic as irrelevant, overbroad, and not

21  reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks

22  information not related to any claim or defense in this Lawsuit.  PIF further objects to this Topic

23  on the grounds that it is vague, ambiguous, and overbroad, including as to the terms "actual and

24  projected financial performance."  PIF further objects to this Topic to the extent it seeks

25  information protected from disclosure by the attorney-client privilege, work product doctrine,

26  common interest doctrine, or any other applicable privilege or immunity, including protection

27  under the laws of the Kingdom of Saudi Arabia and international treaties.  PIF further objects to

28  this Topic to the extent that it seeks proprietary or other confidential information, particularly

1  information confidential to third parties or information that would violate the rights of privacy of

2  third parties under the applicable laws of any relevant jurisdiction.  PIF further objects to this

3  Topic to the extent that it seeks information that is not reasonably accessible to PIF or otherwise

4  not maintained in the normal course of PIF's business.  PIF objects to this Topic to the extent that

5  the foregoing objections render the exercise of jurisdiction over PIF unreasonable under the

6  principles of comity.

7        Subject to and without waiving its objections, PIF responds as follows:  PIF declines to

8  provide a corporate representative to testify in response to this Topic; will move to quash, if

9  necessary; and is willing to meet and confer on this Topic and its responses and objections.

10  **TOPIC NO. 8:**

11        Any internal analysis you did of LIV or the PGL, including any internal communications

12  about the business or strategy of LIV or the PGL.

13  **RESPONSE TO TOPIC NO. 8:**

14        PIF incorporates by reference all of the foregoing General Objections as if fully set forth

15  herein.  PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

16  comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

17  deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

18  transacts business.  PIF objects to this Topic as overbroad, unduly burdensome, and

19  disproportionate to the needs of the case, especially in view of it being directed to a non-party and

20  seeking highly sensitive financial information of a different non-party and a party to the Lawsuit,

21  such that this Topic is better directed at that non-party and party.  PIF further objects to this Topic

22  as irrelevant, overbroad, and not reasonably calculated to lead to the discovery of admissible

23  evidence, to the extent it seeks information not related to any claim or defense in this Lawsuit.

24  PIF further objects to this Topic on the grounds that it is vague, ambiguous, and overbroad,

25  including as to the terms "internal analysis" and "business or strategy of."  PIF further objects to

26  this Topic to the extent it seeks information protected from disclosure by the attorney-client

27  privilege, work product doctrine, common interest doctrine, or any other applicable privilege or

28  immunity, including protection under the laws of the Kingdom of Saudi Arabia and international

-14- Case No. 5:22-cv-04486-BLF

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

treaties. PIF further objects to this Topic to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or information that would violate the rights of privacy of third parties under the applicable laws of any relevant jurisdiction. PIF further objects to this Topic to the extent that it seeks information that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business. PIF objects to this Topic to the extent that the foregoing objections render the exercise of jurisdiction over PIF unreasonable under the principles of comity.

Subject to and without waiving its objections, PIF responds as follows: PIF declines to provide a corporate representative to testify in response to this Topic; will move to quash, if necessary; and is willing to meet and confer on this Topic and its responses and objections.

**TOPIC NO. 9:**

Communications and agreements between you and any professional golfer.

**RESPONSE TO TOPIC NO. 9:**

PIF incorporates by reference all of the foregoing General Objections as if fully set forth herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a deposition at a place more than 100 miles from where PIF resides, is employed, or regularly transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and disproportionate to the needs of the case, especially in view of it being directed to a non-party, to the extent it seeks information about "communications and agreements" with unidentified "professional golfers" without limitation as to subject matter (thereby seeking irrelevant information) and without identifying the specific persons at issue. PIF further objects to this Topic as irrelevant, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks information not related to any claim or defense in this Lawsuit. PIF further objects to this Topic on the grounds that it is vague, ambiguous, and overbroad, including as to the term "professional golfer." PIF further objects to this Topic to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity, including

1    protection under the laws of the Kingdom of Saudi Arabia and international treaties. PIF further

2    objects to this Topic to the extent that it seeks proprietary or other confidential information,

3    particularly information confidential to third parties or information that would violate the rights of

4    privacy of third parties under the applicable laws of any relevant jurisdiction. PIF further objects

5    to this Topic to the extent that it seeks information that is not reasonably accessible to PIF or

6    otherwise not maintained in the normal course of PIF's business. PIF objects to this Topic to the

7    extent that the foregoing objections render the exercise of jurisdiction over PIF unreasonable

8    under the principles of comity.

9         Subject to and without waiving its objections, PIF responds as follows: PIF declines to

10   provide a corporate representative to testify in response to this Topic; will move to quash, if

11   necessary; and is willing to meet and confer on this Topic and its responses and objections.

12   **TOPIC NO. 10:**

13        Communications and agreements between you and any professional golf league or tour.

14   **RESPONSE TO TOPIC NO. 10:**

15        PIF incorporates by reference all of the foregoing General Objections as if fully set forth

16   herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

17   comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

18   deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

19   transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and

20   disproportionate to the needs of the case, especially in view of it being directed to a non-party, to

21   the extent it seeks information about "communications and agreements" with unidentified

22   "professional golf leagues or tours" without limitation as to subject matter (thereby seeking

23   irrelevant information) and without identifying the specific persons at issue. PIF further objects to

24   this Topic as irrelevant, overbroad, and not reasonably calculated to lead to the discovery of

25   admissible evidence, to the extent it seeks information not related to any claim or defense in this

26   Lawsuit. PIF further objects to this Topic on the grounds that it is vague, ambiguous, and

27   overbroad, including as to the term "professional golf leagues or tours." PIF further objects to this

28   Topic to the extent it seeks information protected from disclosure by the attorney-client privilege,

10710-00001/13650244.1       -16-       Case No. 5:22-cv-04486-BLF

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

1  work product doctrine, common interest doctrine, or any other applicable privilege or immunity,

2  including protection under the laws of the Kingdom of Saudi Arabia and international treaties.

3  PIF further objects to this Topic to the extent that it seeks proprietary or other confidential

4  information, particularly information confidential to third parties or information that would violate

5  the rights of privacy of third parties under the applicable laws of any relevant jurisdiction. PIF

6  further objects to this Topic to the extent that it seeks information that is not reasonably accessible

7  to PIF or otherwise not maintained in the normal course of PIF's business. PIF objects to this

8  Topic to the extent that the foregoing objections render the exercise of jurisdiction over PIF

9  unreasonable under the principles of comity.

10       Subject to and without waiving its objections, PIF responds as follows: PIF declines to

11  provide a corporate representative to testify in response to this Topic; will move to quash, if

12  necessary; and is willing to meet and confer on this Topic and its responses and objections.

13  **TOPIC NO. 11:**

14       Communications and agreements between you and any actual or potential sponsor,

15  advertiser, media partner, vendor, or tournament host of LIV or the PGL.

16  **RESPONSE TO TOPIC NO. 11:**

17       PIF incorporates by reference all of the foregoing General Objections as if fully set forth

18  herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

19  comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

20  deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

21  transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and

22  disproportionate to the needs of the case, especially in view of it being directed to a non-party, to

23  the extent it seeks information about "communications and agreements" with unidentified "any

24  actual or potential sponsor, advertiser, media partner, vendor, or tournament host of LIV or the

25  PGL" without limitation as to subject matter (thereby seeking irrelevant information) and without

26  identifying the specific persons at issue. PIF further objects to this Topic as irrelevant, overbroad,

27  and not reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks

28  information not related to any claim or defense in this Lawsuit. PIF further objects to this Topic

    -17-    

1   on the grounds that it is vague, ambiguous, and overbroad, including as to the terms "actual or
2   potential sponsor," "advertiser," "media partner," "vendor," or "tournament host." PIF further
3   objects to this Topic to the extent it seeks information protected from disclosure by the attorney-
4   client privilege, work product doctrine, common interest doctrine, or any other applicable
5   privilege or immunity, including protection under the laws of the Kingdom of Saudi Arabia and
6   international treaties. PIF further objects to this Topic to the extent that it seeks proprietary or
7   other confidential information, particularly information confidential to third parties or information
8   that would violate the rights of privacy of third parties under the applicable laws of any relevant
9   jurisdiction. PIF further objects to this Topic to the extent that it seeks information that is not
10  reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business.
11  PIF objects to this Topic to the extent that the foregoing objections render the exercise of
12  jurisdiction over PIF unreasonable under the principles of comity.

13      Subject to and without waiving its objections, PIF responds as follows: PIF declines to
14  provide a corporate representative to testify in response to this Topic; will move to quash, if
15  necessary; and is willing to meet and confer on this Topic and its responses and objections.

16  **TOPIC NO. 12:**

17      Communications and agreements between you and any Major tournament.

18  **RESPONSE TO TOPIC NO. 12:**

19      PIF incorporates by reference all of the foregoing General Objections as if fully set forth
20  herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to
21  comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a
22  deposition at a place more than 100 miles from where PIF resides, is employed, or regularly
23  transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and
24  disproportionate to the needs of the case, especially in view of it being directed to a non-party, to
25  the extent it seeks information about "communications and agreements" with other non-parties
26  without limitation as to subject matter (thereby seeking irrelevant information). PIF further
27  objects to this Topic as irrelevant, overbroad, and not reasonably calculated to lead to the
28  discovery of admissible evidence, to the extent it seeks information not related to any claim or

1  defense in this Lawsuit. PIF further objects to this Topic to the extent that it is vague, ambiguous,

2  and overbroad. PIF further objects to this Topic to the extent it seeks information protected from

3  disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or

4  any other applicable privilege or immunity, including protection under the laws of the Kingdom of

5  Saudi Arabia and international treaties. PIF further objects to this Topic to the extent that it seeks

6  proprietary or other confidential information, particularly information confidential to third parties

7  or information that would violate the rights of privacy of third parties under the applicable laws of

8  any relevant jurisdiction. PIF further objects to this Topic to the extent that it seeks information

9  that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's

10  business. PIF objects to this Topic to the extent that the foregoing objections render the exercise

11  of jurisdiction over PIF unreasonable under the principles of comity.

12      Subject to and without waiving its objections, PIF responds as follows: PIF declines to

13  provide a corporate representative to testify in response to this Topic; will move to quash, if

14  necessary; and is willing to meet and confer on this Topic and its responses and objections.

15  **TOPIC NO. 13:**

16      Communications and agreements between you and the OWGR.

17  **RESPONSE TO TOPIC NO. 13:**

18      PIF incorporates by reference all of the foregoing General Objections as if fully set forth

19  herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

20  comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

21  deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

22  transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and

23  disproportionate to the needs of the case, especially in view of it being directed to a non-party, to

24  the extent it seeks information about "communications and agreements" with another non-party

25  without limitation as to subject matter (thereby seeking irrelevant information). PIF further

26  objects to this Topic as irrelevant, overbroad, and not reasonably calculated to lead to the

27  discovery of admissible evidence, to the extent it seeks information not related to any claim or

28  defense in this Lawsuit. PIF further objects to this Topic to the extent that it is vague, ambiguous,

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

1   and overbroad.  PIF further objects to this Topic to the extent it seeks information protected from

2   disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or

3   any other applicable privilege or immunity, including protection under the laws of the Kingdom of

4   Saudi Arabia and international treaties.  PIF further objects to this Topic to the extent that it seeks

5   proprietary or other confidential information, particularly information confidential to third parties

6   or information that would violate the rights of privacy of third parties under the applicable laws of

7   any relevant jurisdiction.  PIF further objects to this Topic to the extent that it seeks information

8   that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's

9   business.  PIF objects to this Topic to the extent that the foregoing objections render the exercise

10   of jurisdiction over PIF unreasonable under the principles of comity.

11        Subject to and without waiving its objections, PIF responds as follows:  PIF declines to

12   provide a corporate representative to testify in response to this Topic; will move to quash, if

13   necessary; and is willing to meet and confer on this Topic and its responses and objections.

14   **TOPIC NO. 14:**

15        Communications and agreements related to this litigation.

16   **RESPONSE TO TOPIC NO. 14:**

17        PIF incorporates by reference all of the foregoing General Objections as if fully set forth

18   herein.  PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

19   comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

20   deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

21   transacts business.   PIF objects to this Topic as overbroad, unduly burdensome, and

22   disproportionate to the needs of the case, especially in view of it being directed to a non-party,

23   because it seeks information about "communications and agreements" of a non-party about "this

24   litigation" which information is not reasonably calculated to lead to the discovery of admissible

25   evidence because it is not related to any claim or defense in this Lawsuit.  PIF further objects to

26   this Topic to the extent that it is vague, ambiguous, and overbroad.  PIF further objects to this

27   Topic to the extent it seeks information protected from disclosure by the attorney-client privilege,

28   work product doctrine, common interest doctrine, or any other applicable privilege or immunity,

  -20-    Case No. 5:22-cv-04486-BLF

1  including protection under the laws of the Kingdom of Saudi Arabia and international treaties.

2  PIF further objects to this Topic to the extent that it seeks proprietary or other confidential

3  information, particularly information confidential to third parties or information that would violate

4  the rights of privacy of third parties under the applicable laws of any relevant jurisdiction.  PIF

5  further objects to this Topic to the extent that it seeks information that is not reasonably accessible

6  to PIF or otherwise not maintained in the normal course of PIF's business.  PIF objects to this

7  Topic to the extent that the foregoing objections render the exercise of jurisdiction over PIF

8  unreasonable under the principles of comity.

9       Subject to and without waiving its objections, PIF responds as follows:  PIF declines to

10  provide a corporate representative to testify in response to this Topic; will move to quash, if

11  necessary; and is willing to meet and confer on this Topic and its responses and objections.

12  **TOPIC NO. 15:**

13       Allegations related to you in the complaint in this litigation.

14  **RESPONSE TO TOPIC NO. 15:**

15       PIF incorporates by reference all of the foregoing General Objections as if fully set forth

16  herein.  PIF objects to this Request due to lack of personal jurisdiction over PIF and for failure to

17  comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

18  deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

19  transacts business.  PIF objects to this Request as overbroad, unduly burdensome, and

20  disproportionate to the needs of the case, especially in view of it being directed to a non-party, to

21  the extent it seeks information about allegations in a 118-page complaint, asks PIF to guess at

22  which allegations "relate" to it, and seeks information that is in the possession of or readily

23  available to at least one party in the Lawsuit and, as such, the burden and expense of locating

24  and/or providing such information should not fall on PIF, a non-party.  PIF further objects to this

25  Topics as irrelevant, overbroad, and not reasonably calculated to lead to the discovery of

26  admissible evidence, to the extent it seeks information not related to any claim or defense in this

27  Lawsuit.  PIF further objects to this Topic to the extent that it is vague, ambiguous, and overbroad.

28  PIF further objects to this Topic to the extent it seeks information protected from disclosure by the

1 | attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable

2 | privilege or immunity, including protection under the laws of the Kingdom of Saudi Arabia and

3 | international treaties. PIF further objects to this Topic to the extent that it seeks proprietary or

4 | other confidential information, particularly information confidential to third parties or information

5 | that would violate the rights of privacy of third parties under the applicable laws of any relevant

6 | jurisdiction. PIF further objects to this Topic to the extent that it seeks information that is not

7 | reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business.

8 | PIF objects to this Topic to the extent that the foregoing objections render the exercise of

9 | jurisdiction over PIF unreasonable under the principles of comity.

10 |      Subject to and without waiving its objections, PIF responds as follows: PIF declines to

11 | provide a corporate representative to testify in response to this Topic; will move to quash, if

12 | necessary; and is willing to meet and confer on this Topic and its responses and objections.

13 | **TOPIC NO. 16:**

14 |      Actual or potential costs and benefits to the Kingdom of Saudi Arabia of hosting golf

15 | events and associating with professional golf.

16 | **RESPONSE TO TOPIC NO. 16:**

17 |      PIF incorporates by reference all of the foregoing General Objections as if fully set forth

18 | herein. PIF objects to this Request due to lack of personal jurisdiction over PIF and for failure to

19 | comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

20 | deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

21 | transacts business. PIF objects to this Request as overbroad, unduly burdensome, and

22 | disproportionate to the needs of the case, especially in view of it being directed to a non-party, to

23 | the extent it seeks information about the "actual or potential costs and benefits" to a nation-state of

24 | certain vague and undefined acts of "hosting golf events and associating with professional golf."

25 | PIF is not authorized nor able to speak on the Kingdom of Saudi Arabia's behalf. PIF further

26 | objects to this Topics as irrelevant, overbroad, and not reasonably calculated to lead to the

27 | discovery of admissible evidence, to the extent it seeks information not related to any claim or

28 | defense in this Lawsuit. PIF further objects to this Topic on the grounds that it is vague,

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

1    ambiguous, and overbroad, including as to the terms "hosting golf events" and "associating with

2    professional golf."  PIF further objects to this Topic to the extent it seeks information protected

3    from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine,

4    or any other applicable privilege or immunity, including protection under the laws of the Kingdom

5    of Saudi Arabia and international treaties.  PIF further objects to this Topic to the extent that it

6    seeks proprietary or other confidential information, particularly information confidential to third

7    parties or information that would violate the rights of privacy of third parties under the applicable

8    laws of any relevant jurisdiction.  PIF further objects to this Topic to the extent that it seeks

9    information that is not reasonably accessible to PIF or otherwise not maintained in the normal

10    course of PIF's business.  PIF objects to this Topic to the extent that the foregoing objections

11    render the exercise of jurisdiction over PIF unreasonable under the principles of comity.

12        Subject to and without waiving its objections, PIF responds as follows:  PIF declines to

13    provide a corporate representative to testify in response to this Topic; will move to quash, if

14    necessary; and is willing to meet and confer on this Topic and its responses and objections.

15    **TOPIC NO. 17:**

16        Reservations communicated by any person or entity about doing business with you, LIV,

17    or any of your other portfolio companies due to Saudi Arabia's human rights or civil rights record,

18    the murder of Jamal Khashoggi, or the September 11, 2001, terrorist attack on the World Trade

19    Center.

20    **RESPONSE TO TOPIC NO. 17:**

21        PIF incorporates by reference all of the foregoing General Objections as if fully set forth

22    herein.  PIF objects to this Request due to lack of personal jurisdiction over PIF and for failure to

23    comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

24    deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

25    transacts business.   PIF objects to this Request as overbroad, unduly burdensome, and

26    disproportionate to the needs of the case, especially in view of it being directed to a non-party, to

27    the extent it seeks information not involving or related to PIF, seeks information that is publicly

28    available, and seeks information that is in the possession of or readily available to at least one

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

1  party in the Lawsuit and, as such, the burden and expense of locating and/or producing such

2  information should not fall on PIF, a non-party.  PIF is not authorized nor able to speak on the

3  Kingdom of Saudi Arabia's behalf.  PIF further objects to this Topics as irrelevant, overbroad, not

4  reasonably calculated to lead to the discovery of admissible evidence, and harassing, to the extent

5  it seeks information not related to any claim or defense in this Lawsuit.  PIF further objects to this

6  Request on the grounds that it is vague, ambiguous, and overbroad, including as to the terms

7  "reservations," "doing business with," "portfolio companies," "human rights record," and "civil

8  rights record."  PIF further objects to this Topic to the extent it seeks information protected from

9  disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or

10  any other applicable privilege or immunity, including protection under the laws of the Kingdom of

11  Saudi Arabia and international treaties.  PIF further objects to this Topic to the extent that it seeks

12  proprietary or other confidential information, particularly information confidential to third parties

13  or information that would violate the rights of privacy of third parties under the applicable laws of

14  any relevant jurisdiction.  PIF further objects to this Topic to the extent that it seeks information

15  that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's

16  business.  PIF objects to this Topic to the extent that the foregoing objections render the exercise

17  of jurisdiction over PIF unreasonable under the principles of comity.

18  　　　　Subject to and without waiving its objections, PIF responds as follows:  PIF declines to

19  provide a corporate representative to testify in response to this Topic; will move to quash, if

20  necessary; and is willing to meet and confer on this Topic and its responses and objections.

21  **TOPIC NO. 18:**

22  　　　　Your preservation of, search for, and collection of documents responsive to this subpoena.

23  **RESPONSE TO TOPIC NO. 18:**

24  　　　　PIF incorporates by reference all of the foregoing General Objections as if fully set forth

25  herein.  PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

26  comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

27  deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

28  transacts business.  　　PIF objects to this Topic as overbroad, unduly burdensome, and

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

1   disproportionate to the needs of the case, especially in view of it being directed to a non-party to

2   the extent it seeks information not related to any claim or defense in this Lawsuit. PIF further

3   objects to this Topic to the extent it seeks information protected from disclosure by the attorney-

4   client privilege, work product doctrine, common interest doctrine, or any other applicable

5   privilege or immunity, including protection under the laws of the Kingdom of Saudi Arabia and

6   international treaties. PIF further objects to this Request to the extent that it seeks proprietary or

7   other confidential information, particularly information confidential to third parties or information

8   that would violate the rights of privacy of third parties under the applicable laws of any relevant

9   jurisdiction. PIF further objects to this Topic to the extent that it seeks information that is not

10  reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business.

11  PIF objects to this Topic to the extent that the foregoing objections render the exercise of

12  jurisdiction over PIF unreasonable under the principles of comity.

13       Subject to and without waiving its objections, PIF responds as follows: PIF declines to

14  provide a corporate representative to testify in response to this Topic; will move to quash, if

15  necessary; and is willing to meet and confer on this Topic and its responses and objections.

16  **TOPIC NO. 19:**

17       The documents produced by you in this litigation, including, but not limited to, the

18  authenticity of those documents.

19  **RESPONSE TO TOPIC NO. 19:**

20       PIF incorporates by reference all of the foregoing General Objections as if fully set forth

21  herein. PIF objects to this Topic due to lack of personal jurisdiction over PIF and for failure to

22  comply with Federal Rule of Civil Procedure 45, including to the extent that the Topic seeks a

23  deposition at a place more than 100 miles from where PIF resides, is employed, or regularly

24  transacts business. PIF objects to this Topic as overbroad, unduly burdensome, and

25  disproportionate to the needs of the case, especially in view of it being directed to a non-party to

26  the extent it seeks information not related to any claim or defense in this Lawsuit. PIF further

27  objects to this Topic to the extent it seeks information protected from disclosure by the attorney-

28  client privilege, work product doctrine, common interest doctrine, or any other applicable

privilege or immunity, including protection under the laws of the Kingdom of Saudi Arabia and international treaties. PIF further objects to this Request to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or information that would violate the rights of privacy of third parties under the applicable laws of any relevant jurisdiction. PIF further objects to this Topic to the extent that it seeks information that is not reasonably accessible to PIF or otherwise not maintained in the normal course of PIF's business. PIF objects to this Topic to the extent that the foregoing objections render the exercise of jurisdiction over PIF unreasonable under the principles of comity.

Subject to and without waiving its objections, PIF responds as follows: PIF declines to provide a corporate representative to testify in response to this Topic; will move to quash, if necessary; and is willing to meet and confer on this Topic and its responses and objections.

DATED: October 3, 2022

By: */s/ Kevin Teruya*

JOHN B. QUINN, SBN 90378
johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART
& SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone:    214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
  Washington, DC 20036-5306
  Telephone: 202.955.8500

*Attorneys for Non-Party Public Investment*
  *Fund of the Kingdom of Saudi Arabia*

10710-00001/13650244.1

-27-

Case No. 5:22-cv-04486-BLF

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND
OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 3, 2022, a true and correct copy of the foregoing was served to counsel of record for Defendant PGA Tour, Inc. using the below email addresses:

| | |
|---|---|
| W. Keker | jwk@kvn.com |
| Brook Dooley | bdooley@keker.com |
| Nicholas S. Goldberg | ngoldberg@keker.com |
| Thomas E. Gorman | tgorman@keker.com |
| Sophie A. Hood | shood@keker.com |
| Leo L. Lam | llam@keker.com |
| Robert A. Lauridsen | alauridsen@keker.com |
| Eric H. MacMichael | emacmichael@keker.com |
| Nicholas D. Marais | nmarais@keker.com |
| Elliot R. Peters | epeters@keker.com |
| David J. Silbert | dsilbert@keker.com |
| **Keker, Van Nest & Peters LLP** | |
| | |
| Anthony J. Dreyer | anthony.dreyer@skadden.com |
| Karen H. Lent | karen.lent@skadden.com |
| Matthew M. Martino | matthew.martino@skadden.com |
| Patrick J Fitzgerald | patrick.fitzgerald@skadden.com |
| **Skadden Arps Slate Meagher Flom LLP** | |

Additionally, I caused a true and correct copy of the foregoing document to be served via a postage-paid envelope addressed to the entities hereinafter listed:

1. Defendant PGA Tour, Inc.
c/o Brook Dooley
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, California 94111; and

2. Defendant PGA Tour, Inc.
c/o Anthony J. Dreyer
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

*/s/ Kevin Teruya*
Kevin Teruya

-28-

Case No. 5:22-cv-04486-BLF

NON-PARTY PUBLIC INVESTMENT FUND OF KINGDOM OF SAUDI ARABIA'S RESPONSES AND OBJECTIONS TO PGA TOUR, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

# EXHIBIT 3

---

**Subject:**          RE:Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

---

Maile Yeats-Rowe
Monday, October 10, 2022 10:19 AM
Kevin Teruya <kevinteruya@quinnemanuel.com>; Brook Dooley <BDooley@keker.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; Lipton, Joshua <JLipton@gibsondunn.com>; Limarzi, Kristen C. <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

Counsel,
Thank you for meeting this morning regarding your objections to our subpoenas to Mr. Al-Rumayyan and PIF.

From that discussion, we understand your positions to be that 1) no court in the United States has jurisdiction over PIF or Mr. Al-Rumayyan for purposes of enforcing our subpoenas; 2) sovereign immunity and principles of international comity bar compulsory production from PIF and Mr. Al-Rumayyan in response to our subpoenas; and 3) the subpoenas are not enforceable under Rule 45's 100-mile rule because neither PIF nor Mr. Al-Rumayyan regularly transacts business in or near New York City.

We further understand your position to be that neither PIF nor Mr. Al-Rumayyan are relevant in any way to the TOUR's defenses or claims in this litigation.

Though you noted that PIF and Mr. Al-Rumayyan would consider voluntary production of certain categories of documents, you did not agree to produce a single set of documents in response to our requests, or even propose a narrowed scope for any of those requests despite meeting for over an hour. You have also not agreed to produce Mr. Al-Rumayyan or a representative of PIF for a deposition.

As discussed, we are waiting to hear further as to 1) whether you agree to transfer any action enforcing these subpoenas from SDNY to NDCA; 2) whether there is any category of documents that you are willing to produce and whether you will produce witnesses on any of the topics in our deposition subpoena to PIF; and 3) whether PIF and Mr. Al-Rumayyan are willing to waive their objections to personal jurisdiction and sovereign immunity for purposes of enforcing an agreement over narrowed discovery requests.

Please provide us your responses on these issues as soon as possible, and no later than noon pacific time on Tuesday, October 11. Your refusal to produce a single responsive document or commit to producing a witness in response to our deposition subpoena already threatens to prejudice the TOUR and disrupt the condensed case schedule you requested.

Regards,
Maile

**Maile Yeats-Rowe**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8878 direct | 415 391 5400 main
myeats-rowe@keker.com | vcard | keker.com

---

Kevin Teruya <kevinteruya@quinnemanuel.com>
Saturday, October 8, 2022 1:46 PM
Brook Dooley <BDooley@keker.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; Lipton, Joshua <JLipton@gibsondunn.com>; Limarzi, Kristen C. <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
Re: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

**[EXTERNAL]**

---

Brook,

As part of the below discussion, we would like to also meet and confer over our related motions to quash.  Thank you in advance.

Regards,
Kevin

On Oct 6, 2022, at 5:00 PM, Kevin Teruya <kevinteruya@quinnemanuel.com> wrote:

Brook,

That sounds good.  Dominic, Ryan, and I plan to join.

Regards,
Kevin

---

Brook Dooley <BDooley@keker.com>
Thursday, October 6, 2022 4:46 PM
Kevin Teruya <kevinteruya@quinnemanuel.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg

<NGoldberg@keker.com>; Sophie Hood <SHood@keker.com> anthony.dreyer@skadden.com>; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>

Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>

RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

---

Thanks, Kevin. Let's plan on 8:00 PT on Monday morning.

We can send the invite. Who from your team will be joining?

Brook

---

Kevin Teruya <kevinteruya@quinnemanuel.com>
Thursday, October 6, 2022 4:23 PM
Brook Dooley <BDooley@keker.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>

Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>

RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

**[EXTERNAL]**

---

Brook,

We have a conflict on Monday from 9:00 to 9:45 or so. But we are available on Monday at 8:00 or 11:00 PT.

Please let us know if we could schedule for one of those times. Thank you in advance.

Regards,

Kevin

---

Brook Dooley <BDooley@keker.com>
Thursday, October 6, 2022 4:16 PM
Kevin Teruya <kevinteruya@quinnemanuel.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

---

Thanks, Kevin

Could we do 9:00 PT on Monday instead?

Brook

---

Kevin Teruya <kevinteruya@quinnemanuel.com>
Thursday, October 6, 2022 3:25 PM
Brook Dooley <BDooley@keker.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

**[EXTERNAL]**

---

Brook,

We are available on Monday at 10 am Pacific Time to meet and confer regarding the below responses and objections. Please let us know if you are available at that time. Thank you.

Regards,
Kevin

**Kevin Teruya**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3226 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
kevinteruya@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Brook Dooley <BDooley@keker.com>
Wednesday, October 5, 2022 5:43 PM
Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

Counsel for Mr. Al-Rumayyan and PIF:

Please let us know times that you are available tomorrow or Friday to meet and confer regarding Mr. Al-Rumayyan's and PIF's responses and objections to the PGA TOUR's deposition and document subpoenas.

Thank you

Brook

**Brook Dooley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6639 office | 510 384 7166 mobile
bdooley@keker.com | vcard | keker.com
Pronouns:  he | him | his

---

Ryan Swindall <ryanswindall@quinnemanuel.com>
Monday, October 3, 2022 5:26 PM
Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Brook Dooley <BDooley@keker.com>; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

**[EXTERNAL]**

Dear Counsel,

Please find attached:

1. Non-Party Public Investment Fund of Kingdom of Saudi Arabia's Responses and Objections to PGA Tour, Inc.'s Subpoena to Testify at a Deposition;
2. Non-Party Public Investment Fund of Kingdom of Saudi Arabia's Responses and Objections to PGA Tour, Inc.'s Subpoena to Produce Documents;
3. Non-Party His Excellency Yasir Al-Rumayyan's Responses and Objections to PGA Tour, Inc.'s Subpoena to Testify at a Deposition; and
4. Non-Party His Excellency Yasir Al-Rumayyan's Responses and Objections to PGA Tour, Inc.'s Subpoena to Produce Documents.

Thank you,
Ryan Swindall

# EXHIBIT 3

**re      r**

---

| **Subject:** | RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc. |

---

Maile Yeats-Rowe
Monday, October 10, 2022 10:19 AM
Kevin Teruya <kevinteruya@quinnemanuel.com>; Brook Dooley <BDooley@keker.com>; Ryan Swindall
<ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam
Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood
<SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric
MacMichael <EMacMichael@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman
<TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker
<JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C.
<RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; Lipton, Joshua <JLipton@gibsondunn.com>;
Limarzi, Kristen C. <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant
<dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev
<olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

Counsel,
Thank you for meeting this morning regarding your objections to our subpoenas to Mr. Al-Rumayyan and PIF.

From that discussion, we understand your positions to be that 1) no court in the United States has jurisdiction over PIF
or Mr. Al-Rumayyan for purposes of enforcing our subpoenas; 2) sovereign immunity and principles of international
comity bar compulsory production from PIF and Mr. Al-Rumayyan in response to our subpoenas; and 3) the subpoenas
are not enforceable under Rule 45's 100-mile rule because neither PIF nor Mr. Al-Rumayyan regularly transacts business
in or near New York City.

We further understand your position to be that neither PIF nor Mr. Al-Rumayyan are relevant in any way to the TOUR's
defenses or claims in this litigation.

Though you noted that PIF and Mr. Al-Rumayyan would consider voluntary production of certain categories of
documents, you did not agree to produce a single set of documents in response to our requests, or even propose a
narrowed scope for any of those requests despite meeting for over an hour. You have also not agreed to produce Mr. Al-
Rumayyan or a representative of PIF for a deposition.

As discussed, we are waiting to hear further as to 1) whether you agree to transfer any action enforcing these
subpoenas from SDNY to NDCA; 2) whether there is any category of documents that you are willing to produce and
whether you will produce witnesses on any of the topics in our deposition subpoena to PIF; and 3) whether PIF and Mr.
Al-Rumayyan are willing to waive their objections to personal jurisdiction and sovereign immunity for purposes of
enforcing an agreement over narrowed discovery requests.

Please provide us your responses on these issues as soon as possible, and no later than noon pacific time on Tuesday,
October 11. Your refusal to produce a single responsive document or commit to producing a witness in response to our
deposition subpoena already threatens to prejudice the TOUR and disrupt the condensed case schedule you requested.

Regards,
Maile

**Maile Yeats-Rowe**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8878 direct | 415 391 5400 main
myeats-rowe@keker.com | vcard | keker.com

---

Kevin Teruya <kevinteruya@quinnemanuel.com>
Saturday, October 8, 2022 1:46 PM
Brook Dooley <BDooley@keker.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; Lipton, Joshua <JLipton@gibsondunn.com>; Limarzi, Kristen C. <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
Re: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

**[EXTERNAL]**

Brook,

As part of the below discussion, we would like to also meet and confer over our related motions to quash. Thank you in advance.

Regards,
Kevin

> On Oct 6, 2022, at 5:00 PM, Kevin Teruya <kevinteruya@quinnemanuel.com> wrote:
>
> Brook,
>
> That sounds good. Dominic, Ryan, and I plan to join.
>
> Regards,
> Kevin

---

Brook Dooley <BDooley@keker.com>
Thursday, October 6, 2022 4:46 PM
Kevin Teruya <kevinteruya@quinnemanuel.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg

<NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com>; karen.lent@skadden.com>; patrick.fitzgerald@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>

Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>

RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

---

Thanks, Kevin. Let's plan on 8:00 PT on Monday morning.

We can send the invite. Who from your team will be joining?

Brook

---

Kevin Teruya <kevinteruya@quinnemanuel.com>
Thursday, October 6, 2022 4:23 PM
Brook Dooley <BDooley@keker.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>

Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>

RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

**[EXTERNAL]**

---

Brook,

We have a conflict on Monday from 9:00 to 9:45 or so. But we are available on Monday at 8:00 or 11:00 PT.

Please let us know if we could schedule for one of those times. Thank you in advance.

Regards,

Kevin

---

Brook Dooley <BDooley@keker.com>
Thursday, October 6, 2022 4:16 PM
Kevin Teruya <kevinteruya@quinnemanuel.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

---

Thanks, Kevin

Could we do 9:00 PT on Monday instead?

Brook

---

Kevin Teruya <kevinteruya@quinnemanuel.com>
Thursday, October 6, 2022 3:25 PM
Brook Dooley <BDooley@keker.com>; Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

**[EXTERNAL]**

---

Brook,

We are available on Monday at 10 am Pacific Time to meet and confer regarding the below responses and objections. Please let us know if you are available at that time. Thank you.

Regards,
Kevin

**Kevin Teruya**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3226 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
kevinteruya@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

Brook Dooley <BDooley@keker.com>
Wednesday, October 5, 2022 5:43 PM
Ryan Swindall <ryanswindall@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; patrick.fitzgerald@skadden.com; Eric MacMichael <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>; Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>; matthew.martino@skadden.com; Eric K. Phung <EPhung@keker.com>; Maile Yeats-Rowe <MYeats-Rowe@keker.com>;
Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters, Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua" <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>; Kevin Teruya <kevinteruya@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>; Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
RE: Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

---

Counsel for Mr. Al-Rumayyan and PIF:

Please let us know times that you are available tomorrow or Friday to meet and confer regarding Mr. Al-Rumayyan's and PIF's responses and objections to the PGA TOUR's deposition and document subpoenas.

Thank you

Brook

---

**Brook Dooley**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1890
415 773 6639 office | 510 384 7166 mobile
bdooley@keker.com | vcard | keker.com
Pronouns:  he | him | his

---

> Ryan Swindall <ryanswindall@quinnemanuel.com>
> Monday, October 3, 2022 5:26 PM
> Elliot Peters <EPeters@keker.com>; David Silbert <DSilbert@keker.com>; Adam Lauridsen
> <ALauridsen@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Sophie Hood
> <SHood@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com;
> patrick.fitzgerald@skadden.com; Brook Dooley <BDooley@keker.com>; Eric MacMichael
> <EMacMichael@keker.com>; Nicholas S. Goldberg <NGoldberg@keker.com>; Nic Marais
> <NMarais@keker.com>; Thomas E. Gorman <TGorman@keker.com>; Leo Lam <LLam@keker.com>;
> Natalie J. Young <NYoung@keker.com>; John Keker <JKeker@keker.com>;
> matthew.martino@skadden.com
> Brass, Rachel S. <RBrass@gibsondunn.com>; Dansey, Lauren <LDansey@gibsondunn.com>; Walters,
> Robert C. <RWalters@gibsondunn.com>; Hvidt, Scott K. <SHvidt@gibsondunn.com>; "Lipton, Joshua"
> <JLipton@gibsondunn.com>; "Limarzi, Kristen C." <KLimarzi@gibsondunn.com>; John Quinn
> <johnquinn@quinnemanuel.com>; Dominic Surprenant <dominicsurprenant@quinnemanuel.com>;
> Kevin Teruya <kevinteruya@quinnemanuel.com>; Bob Feldman <bobfeldman@quinnemanuel.com>;
> Olga Musayev <olgamusayev@quinnemanuel.com>; Teri Juarez <terijuarez@quinnemanuel.com>
> Case 5:22-cv-04486-BLF Mickelson et al v. PGA Tour, Inc.

[EXTERNAL]

Dear Counsel,

Please find attached:

1. Non-Party Public Investment Fund of Kingdom of Saudi Arabia's Responses and Objections to PGA Tour, Inc.'s Subpoena to Testify at a Deposition;
2. Non-Party Public Investment Fund of Kingdom of Saudi Arabia's Responses and Objections to PGA Tour, Inc.'s Subpoena to Produce Documents;
3. Non-Party His Excellency Yasir Al-Rumayyan's Responses and Objections to PGA Tour, Inc.'s Subpoena to Testify at a Deposition; and
4. Non-Party His Excellency Yasir Al-Rumayyan's Responses and Objections to PGA Tour, Inc.'s Subpoena to Produce Documents.

Thank you,
Ryan Swindall

# EXHIBIT 40

# DOCUMENT SOUGHT TO BE SEALED