| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - # 243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - # 295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:     415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone:     212 735 3000<br>Facsimile:     212 735 2000<br><br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>PATRICK FITZGERALD - (*pro hac vice*)<br>patrick.fitzgerald@skadden.com<br>155 North Wacker Drive<br>Chicago, Il 60606<br>Telephone:     312 407 0700<br>Facsimile:     312 407 0411 |

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU;<br>PETER UIHLEIN; and LIV GOLF, INC.,<br><br>              Plaintiffs,<br><br>       v.<br><br>PGA TOUR, INC.,<br><br>              Defendant. | Case No. 5:22-CV-04486-BLF<br><br>**[PROPOSED] ORDER RE: PLAYER AGENT DISCOVERY DISPUTE** |
| PGA TOUR, INC.,<br><br>              Counter-Claimant,<br><br>       v.<br><br>LIV GOLF, INC.,<br><br>              Counter-Defendant. | |

Before the Court is the parties' Joint Statement regarding their dispute over the collection and production of custodial ESI from agents representing professional golfers Phil Mickelson, Talor Gooch, Hudson Swafford, and Ian Poulter (collectively, the "Players"). The Players were initially Plaintiffs in this action, until they dismissed their claims on September 27, 2022.

The Players have accepted service of the PGA TOUR, Inc.'s (the "TOUR") subpoenas seeking the production of documents. The TOUR's subpoenas defined the responding party as including the Players' "attorneys, agents . . ., member[s], or employee[s], or any other person acting on [their] behalf." The federal rules require production of documents that are within the "possession, custody, or control" of the responding person or entity. Fed. R. Civ. P. 34(a)(1). That standard applies no matter whether the responding person is a party to the litigation or a third-party subject to Rule 45. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("the legal control test is the proper standard under Rule 45"); *see also In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 545 (N.D. Cal. 2005) ("Courts apply the legal control test to requests for documents under both Rule 34 and Rule 45"). Under established Ninth Circuit law, materials in the possession of an agent are within the "control" of the responding person and must be produced. *See, e.g., St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 638 (N.D. Cal. 2015) (citing *In re Citric Acid Litig.*, 191 F.3d at 1107).

The Court concludes that custodial ESI (email and device-level data) in the actual possession of Players' agents is within their "control" within the meaning of Rules 34 and 45. Accordingly, the Players are ORDERED to run the parties' previously-agreed upon search terms over their agents' ESI, with the addition of added limiter terms designed to limit the scope of the results to materials related to their agents' representation of the Players and not other potential principals. The Players are further ORDERED to produce non-privileged materials responsive to the TOUR's subpoenas. The Players are further ORDERED to provide the TOUR with a log of all responsive materials withheld on the basis of any claim of privilege or protection from disclosure.

**IT IS SO ORDERED.**

Dated:

HON. SUSAN VAN KEULEN
United States Magistrate Judge