RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | CASE NO. 5:22-cv-04486-BLF<br><br>**PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING** |

Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal by the PGA Tour in connection with its Motion to Compel Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and Yasir Othman Al-Rumayyan's ("HE") Compliance with Document and Deposition Subpoena ("Motion").  Dkt. No. 147.

The Motion relies on confidential LIV documents in connection with third-party discovery. Such "materials attached to a discovery motion unrelated to the merits of a case" are an "exception" to the ordinary preference for public access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  In these cases, "the private interests of litigants are 'the only weights on the scale.'" *Id*. (citation omitted).  A party seeking to seal these materials "need only satisfy the less exacting 'good cause' standard" of Rule 26(c)(1) that "protect[s] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*.  A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

The good cause standard applies here because PIF and HE are not parties to this action or any claims or counterclaims, and their obligation to produce discovery is the only issue considered.  Thus, "the motion at issue" is only "tangentially related to the underlying cause of action" and does not "require[] the court to address the merits of a case," nor is it "strongly correlative to the merits of a case." *Ctr. for Auto Safety*, 908 F.3d at 1099.  Good cause exists to seal the exhibits.  As detailed below, the exhibits comprise LIV confidential information, including financials, business and media strategy, return on investment, ownership structure, internal decision making, recruitment efforts and strategy, consultants, and media relationships.  Loffhagen Decl. ¶¶ 3-8.

As set forth in detail in the Amended Complaint, LIV is a nascent competitor that is seeking to break into the marketplace to challenge an entrenched monopolist, the Defendant PGA Tour.  Although these materials were produced in litigation, many are marked "attorney's eyes only" and not available to the PGA Tour itself, which could exploit the information for competitive gain.  As such, these documents could be used "as sources of business information that might harm a litigant's competitive standing," which constitutes a "compelling reason" to seal. *Ctr. for Auto Safety*, 908 F.3d at 1097.  The

documents also implicate LIV's privacy interests as a wholly owned business whose internal decision making, financials, and business strategy are not ordinarily exposed to the public. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984) (recognizing that discovery "may seriously implicate privacy interests of litigants and third parties," which the court may protect under Rule 26); *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("Financial records of a wholly owned business . . . weigh more heavily against access.").

Courts routinely seal this type of information, even under the heightened "compelling reasons" standard. *See, e.g.*, *Pinnacle Ventures LLC v. Bertelsmann Edu. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.) (sealing "information relating the identities of stockholders" and "internal governance procedures and corporate details"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *1-2 (N.D. Cal. Feb. 24, 2020) (Freeman, J.) (sealing "confidential business material," including "financials" and "strategic decision making"); *F.T.C. v. Qualcomm Inc.*, 2018 WL 6575838, at *2 (N.D. Cal. Dec. 13, 2018) (sealing "internal business analysis, strategy and decision-making" including "internal discussions" about "business structure"); *Baird Kreiger v. Atheros Commn's, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "long-term financial projections, discussions of business strategy and competitive analysis"); *Ramirez v. Trans Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (sealing "discussions of internal decision-making or strategy" and "financial information"); *see also Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2-3 (N.D. Cal. Mar. 30, 2022) (sealing "personally-identifying information for employees . . . and/or individuals affiliates with third-party entities").

Disclosure of this information would result in concrete harm to LIV, including because it would (1) expose LIV's confidential financials and business strategy, adversely affecting future negotiations and allowing competitors to exploit the information against LIV, (2) disclose LIV's internal decision making processes, allowing competitors to exploit the same, (3) prejudice LIV's ability to obtain future investment, (4) expose the identities of consultants and business partners working with LIV, exposing them to unwanted attention, (5) invite unwanted speculation about LIV's current business and media plan that may deviate from those discussed, (6) expose LIV employees to unwanted attention, and (7) prejudice LIV's ability to negotiate future contracts with professional golfers. Loffhagen Decl. ¶¶ 3-

8. This litigation is about the efforts by the PGA Tour and its co-conspirators to defeat LIV's nascent entry. LIV respectfully submits that the Court should take care to ensure that procedural motions brought in this litigation by the PGA Tour do not become a vehicle for further harm to LIV.

The proposed sealing is narrowly tailored because the Motion relies on the exhibits only for their vague reference to PIF and HE. The details in the exhibits are not relevant. Furthermore, LIV does not seek to seal all of the exhibits filed conditionally under seal. LIV does not seek to seal exhibit 34, which was originally marked "confidential" under the protective order, or the discussion of that exhibit. Nor does it seek to seal public information, such as the third page of Exhibits 18 and 40. Most of the exhibits to the Motion and the discussion in the Memorandum are not sealed. The proposed sealing is therefore narrowly tailored to LIV's interests.

| Document | Reason for Sealing |
|---|---|
| Dooley Decl.,[1] Ex. 2 | Contains highly confidential information regarding LIV's finances, internal decision making, and investment structure and strategy. |
| Dooley Decl., Ex. 14 | Contains highly confidential information regarding LIV's investment and business strategy and discloses the identity of consultants working for LIV. |
| Dooley Decl., Ex. 15 | Contains highly confidential information regarding LIV's finances, payment plans to golfers, and internal decision making processes, and discloses the identity of consultants working for LIV. |
| Dooley Decl., Ex. 16 | Contains highly confidential information regarding LIV's ownership, funding, financial projections, and payments to players. |
| Dooley Decl., Ex. 17 | Contains highly confidential information regarding LIV's business strategy and relationships with media partners and discloses identities of consultants working for LIV. |
| Dooley Decl., Ex. 18 (page 2 only) | Contains confidential information regarding LIV's internal decision making processes and discloses identities of consultants and business partners working with LIV. |
| Dooley Decl., Ex. 19 | Contains personally identifiable information of LIV employees. |
| Dooley Decl., Ex. 40 (page 2 only) | Contains highly confidential information regarding LIV's internal decision making process. |
| Dooley Decl., Ex. 45 | Contains highly confidential information regarding LIV's player recruitment strategy and status regarding the same. |

---

[1] Declaration of Brook Dooley In Support Of PGA Tour Inc.'s Motion to Compel Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Compliance with Document and Deposition Subpoenas, Dkt. No. 148-1 ("Dooley Decl.").

| Memorandum[2] at lines 3:6-9, 4:14 6:19-20, 6:26-7:8, 18:11-13, 16:28-17:3, 19:17-20 | Discloses information that quotes and paraphrases the exhibits above and implicates the same information. |
|---|---|

DATED: November 16, 2022

Respectfully submitted,

*/s/ Rachel S. Brass*
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:   415.393.8200
Facsimile:    415.393.8306

COUNSEL FOR PLAINTIFF LIV GOLF, INC.

---

[2] PGA Tour Inc.'s Notice of Motion and Motion to Compel Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Compliance with Document and Deposition Subpoenas; Memorandum of Law In Support Thereof, ECF No. 148 ("Memorandum").