UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., <br><br>    Plaintiffs, <br><br>v. <br><br>PGA TOUR, INC., <br><br>    Defendant. | Case No. 5:22-CV-04486-BLF <br><br>**ORDER RE: PLAYER AGENT DISCOVERY DISPUTE** <br><br>**Re: Dkt. 153** |
| PGA TOUR, INC., <br><br>    Counter-Claimant, <br><br>v. <br><br>LIV GOLF, INC., <br><br>    Counter-Defendant. | |

Before the Court is the parties' Joint Statement regarding their dispute over the collection and production of custodial ESI from agents representing professional golfers Phil Mickelson, Talor Gooch, Hudson Swafford, and Ian Poulter (collectively, the "Players"). Dkt. 153. The Players were initially Plaintiffs in this action, until they dismissed their claims on September 27, 2022.

The Players have accepted service of the PGA TOUR, Inc.'s (the "TOUR") subpoenas seeking the production of documents. The TOUR's subpoenas defined the responding party as including the Players' "attorneys, agents . . ., member[s], or employee[s], or any other person acting on [their] behalf." The federal rules require production of documents that are within the "possession, custody, or control" of the responding person or entity. Fed. R. Civ. P. 34(a)(1). That standard applies no matter whether the responding person is a party to the litigation or a third-party subject to Rule 45. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) ("the legal control test is the proper standard under Rule 45"); *see also In re ATM Fee Antitrust*

*Litig.*, 233 F.R.D. 542, 545 (N.D. Cal. 2005) ("Courts apply the legal control test to requests for documents under both Rule 34 and Rule 45"). "Control" is the generally defined as "the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d at 1107-08. Further, [u]nder established Ninth Circuit law, materials in the possession of an agent are within the "control" of the responding person and must be produced. *See, e.g., St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 638 (N.D. Cal. 2015) (citing *In re Citric Acid Litig.*, 191 F.3d at 1107). It is not credible that the Players cannot obtain responsive documents from their own agents, which with the use of limiter terms relate only to the agents' representation of the Players. The Players' focus on the means of identifying responsive documents – via agreed upon ESI search terms – is too narrow. The reliance on *Rojas v. Bosch Solar Energy Corp.*, 2020 WL 8617414 (N.D. Cal. Aug. 28, 2020), and its analysis of "control" in the context of complex corporate structures is similarly misplaced.

Accordingly, the Court concludes that custodial ESI (email and device-level data) in the actual possession of the Players' agents is within their "control" within the meaning of Rules 34 and 45. Accordingly, the Players are ORDERED to run the parties' previously-agreed upon search terms over their agents' ESI, with the addition of added limiter terms designed to limit the scope of the results to materials related to their agents' representation of the Players and not other potential principals. The Players are further ORDERED to produce non-privileged materials responsive to the TOUR's subpoenas. The Players are further ORDERED to provide the TOUR with a log of all responsive materials withheld on the basis of any claim of privilege or protection from disclosure.

**SO ORDERED.**

Dated: November 17, 2022

HON. SUSAN VAN KEULEN
United States Magistrate Judge