JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
  LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

*Attorneys for Non-Parties Public Investment Fund
  of the Kingdom of Saudi Arabia And His
  Excellency Yasir O. Al-Rumayyan.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant. | CASE NO. CASE NO. 5:22-cv-04486-BLF <br><br> **DECLARATION OF KEVIN TERUYA IN SUPPORT OF PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND HIS EXCELLENCY YASIR O. AL-RUMAYYAN'S MOTION TO QUASH AND OPPOSITION TO PGA TOUR, INC.'S MOTION TO COMPEL** |

I, Kevin Teruya, hereby declare and state:

1. I am an attorney duly licensed to practice law before the courts of the State of California. I am a partner in the law firm Quinn Emanuel Urquhart & Sullivan, LLP, and one of the attorneys representing non-parties the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Al-Rumayyan ("HE"). Unless otherwise stated, I have personal knowledge of the matters stated herein, and if asked to testify thereto, I would do so competently.

### PIF and HE's Meet-and-Confer Efforts

2. On August 18, 2022, the Court held a case management conference to discuss the case schedule. Counsel for Defendant the PGA Tour, Inc. (the "PGA Tour") indicated that it would seek discovery from PIF in this action. Dkt. No. 76, at 9-10. Counsel for Plaintiff LIV Golf, Inc. indicated that "[t]o the extent there's appropriate discovery of the Public Investment Fund, we will find a way to cooperate with that." *Id*. at 14.

3. On September 11, 2022, counsel of PIF and HE proactively contacted counsel for the PGA Tour to talk "about discovery PGA may want to seek from PIF and its officials." A true and correct copy of that correspondence is attached hereto as **Exhibit 1**. Counsel for PIF and HE proposed that counsel for the PGA Tour share what it is "looking for" to see "what kind of voluntary cooperation in the production of evidence could be agreed on." Ex. 1, at 3. Counsel for PIF and HE reiterated that "we want to be cooperative in facilitating reasonable discovery of PIF," while "recognizing that there are real questions as to whether PIF is amenable to discovery in the US at all." *Id*. Counsel for PIF and HE further agreed to accept service of any subpoenas, while preserving all objections. *Id*.

4. On September 22, 2022, the PGA Tour served subpoenas upon counsel for PIF and HE to produce documents and testify at deposition. When the PGA Tour served the subpoenas, it did not tender any fees.

5. On October 10, 2022, counsel for PIF, HE, and the PGA Tour discussed the subpoenas, including the grounds to quash the subpoenas. During the discussion, counsel for PIF and HE offered to voluntarily produce relevant materials if counsel for the PGA Tour identified the information that it needs. Counsel for the PGA Tour rejected this proposal and declined to identify any specific documents that it seeks. Counsel for the PGA Tour insisted that PIF and HE must withdraw their objections of

personal jurisdiction, sovereign immunity and international comity, and the 100-mile limitation, and identify what they are willing to produce. Counsel for the PGA Tour also rejected counsel for PIF and HE's offers of voluntary production because of the lack of an enforcement mechanism.

6. In subsequent correspondence, counsel for PIF and HE reiterated their offer of voluntary production and addressed the PGA Tour's enforcement concerns. A true and correct copy of that correspondence is attached hereto as **Exhibit 2**. Counsel for PIF and HE proposed that the parties could "sign agreement in which PIF agrees to produce agreed upon documents outside the US at a mutually agreeable location" and/or "agrees to arbitrate in a mutually agreeable forum outside the US any dispute about the production." Ex. 2, at 3-4.

7. In the same correspondence, the PGA Tour withdrew the following document requests and topics from the Subpoena: (A) HE Requests Nos. 1, 2, 4, 7, 9, 13-15, 17, 18, 20, 22-26, 28, 30, 32, 34, 36, 38, 47, 49, 50, 53-58, 60, 62-64, 66, and 68-71; (B) PIF Requests Nos. 1, 2, 4, 5, 9, 10, 13, 14, 16, 17, 19, 20, 22, 26-28, 30, 32, 34, 36, 38, 40, 50, 52, 53, 56-59, 64-67, 71, 73, 75, 77, and 79; and (C) PIF Topics Nos. 1, 3, 4, 15 and 18. *Id*. at 2.

8. On October 12, 2022, counsel for PIF and HE again reiterated that although "this third-party discovery cannot be compelled," we are "offering to produce documents subject to reasonable requests" and "remain open to meet and confer, including regarding the enforcement proposal discussed below." *Id*. at 1. Counsel for the PGA Tour did not respond. Nonetheless, the parties agreed that any subpoena-related motions be transferred to this District.

## Subpoena-Related Motions and Declarations

9. On October 21, 2022, the PGA Tour filed motions to compel in a miscellaneous case filed under seal in the Southern District of New York. Case No. 1:22-mc-00294-LGS (S.D.N.Y.). That case was closed, and a new case was opened. Case No. 1:22-mc-00302-LJL (S.D.N.Y.). Pursuant to the parties' stipulation, that case and the PGA Tour's motions to compel were transferred to this District on November 4, 2022. *Id*., Dkt. No. 9.

10. Counsel for PIF and HE were diligently working on preparing motions to quash the subpoenas for filing in the Southern District of New York. The supporting declarations by HE were signed on November 10, 2022. Attached hereto as **Exhibit 3** is an executed version of the Declaration

3

of His Excellency Yasir O. Al-Rumayyan in Support of the Motion to Quash the Subpoena on PIF. Attached hereto as **Exhibit 4** is an executed version of the Declaration of His Excellency Yasir O. Al-Rumayyan in Support of the Motion to Quash the Subpoena on HE.

11. On November 8, 2022, the Court set a schedule for briefing of the PGA Tour's motion to compel and "any motion to quash." Dkt. No. 144. On November 10, 2022, the Court ordered that PIF's and HE's motions to quash and opposition to the Tour's motion to compel be "set forth in a combined brief not to exceed 25 pages." Dkt. No. 152.

**Undue Burden on PIF and HE**

12. Counsel for PIF and HE have been diligently working on investigating the processes and infrastructure necessary for PIF and HE to collect, review, and produce documents and electronically stored information (ESI) in this action. Any such collection, review, and production will be extraordinarily costly, time-consuming, and difficult.

13. PIF and HE are not accustomed to the U.S. discovery process. Counsel for PIF and HE and a collection vendor will need to travel to and be physically present in the Kingdom of Saudi Arabia to guide PIF and HE through the process of collecting documents and ESI from electronic devices and email accounts.

14. These devices and accounts contain sensitive and confidential documents and data of the government of the Kingdom of Saudi Arabia. This presents difficulties that are hard to quantify or anticipate at this time, which may significantly delay any collection, review, and production. Under the law of the Kingdom of Saudi Arabia (as discussed in Exhibits 3 and 4), I understand these types of documents and data must remain in the Kingdom of Saudi Arabia. Counsel for PIF and HE do not currently have a server to store the documents and data, once collected, in the Kingdom of Saudi Arabia. Counsel for PIF and HE have explored various options, including flying a server to Riyadh, which, I understand, would take a week to ship and clear customs, and then three-to-five weeks to set up. I understand this option will cost tens of thousands of dollars just to set up, with the total cost depending on the amount of documents and data collected and stored on the server.

15. Counsel for PIF and HE's efforts have been complicated and delayed by counsel for the PGA Tour's refusal to identify any specific documents that it seeks. Counsel for PIF and HE cannot

start document and data collection until the parties agree on the parameters, which, as explained above, has not happened because of the Tour's refusal to engage in any discussions to that end. The scope of the review and production is also unclear, with potentially high costs unless the requests are significantly narrowed.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on November 22, 2022.

/s/   Kevin Teruya
Kevin Teruya