1

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP

2

555 Mission Street, Suite 3000
San Francisco, California 94105-0921

3

Telephone: 415.393.8200
Facsimile:  415.393.8306

4

5

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP

6

2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911

7

Telephone: 214.698.3100

8

*Attorneys for Plaintiff LIV Golf, Inc.*

9

10

11

12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

SAN JOSE DIVISION

14

MATT JONES, BRYSON DECHAMBEAU,
PETER UIHLEIN, and LIV GOLF INC.

CASE  NO. 5:22-cv-04486-BLF

15

Plaintiffs,

**PLAINTIFF LIV GOLF'S STATEMENT IN
SUPPORT OF SEALING**

16

17

v.

18

PGA TOUR, INC.,

19

Defendant.

20

21

22

23

24

25

26

27

28

1    Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the

2    following statement of the applicable legal standard and reasons for keeping under seal the documents

3    provisionally filed under seal in connection with non-parties the Public Investment Fund of the

4    Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir O. Al-Rumayyan's ("HE") Motion to

5    Quash and Opposition to the PGA Tour Inc.'s (the "Tour") Motion to Compel Subpoena Compliance.

6    The Motion and Opposition describes confidential LIV documents (cited in the Tour's Motion

7    to Compel) at lines 5:18-25 and 14:28-15:1.  The Motion and Opposition also attaches the declaration

8    of Tim Taylor of LIV Golf and describes it at lines 5:10-11 and 5:19-22.  The declaration describes

9    confidential LIV documents (cited in the Tour's Motion to Compel) and contains confidential LIV

10    information.  As previously explained (Dkt. No. 158), such "materials attached to a discovery motion

11    unrelated to the merits of a case" are an "exception" to the ordinary preference for public access.  *Ctr.*

12    *for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  "[T]he private interests

13    of litigants are 'the only weights on the scale,'" and a party seeking to seal "need only satisfy the less

14    exacting 'good cause' standard" of Rule 26(c)(1) that "protect[s] a party or person from annoyance,

15    embarrassment, oppression, or undue burden or expense."  *Id.*  A district court has "broad latitude" to

16    "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Est. of*

17    *Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

18    The good cause standard applies for sealing these materials because  the Motions to Quash and

19    Compel are only "tangentially related to the underlying cause of action" and do not "require[] the court

20    to address the merits of a case," nor are they "strongly correlative to the merits of a case."  *Ctr. for*

21    *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  Specifically, PIF and HE are

22    not parties to this action, including any claims or counterclaim, and their obligation to produce

23    discovery is the only issue considered.  The underlying merits are not at issue.

24    Good cause exists to seal these portions of the memorandum and declaration of Tim Taylor

25    because the materials describe LIV's internal corporate governance and decision-making process,

26    including relationship with investors, consultants, and parent companies, as well as processes for

27    budget approval.  Loffhagen Decl. ¶¶ 2-3.  As set forth in detail in the Amended Complaint, LIV is a

28    nascent competitor that is seeking to break into the marketplace to challenge an entrenched monopolist,

1    the Tour.  Although these materials were produced in litigation, many are marked "attorney's eyes

2    only" and not available to the Tour itself, which could exploit the information for competitive gain.  As

3    such, these documents could be used "as sources of business information that might harm a litigant's

4    competitive standing," which constitutes a "compelling reason" to seal.  *Ctr. for Auto Safety*, 908 F.3d

5    at 1097.

6           Courts frequently seal this type of information, even under the heightened "compelling reasons"

7    standard.  *See, e.g.*, *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26,

8    2022) (sealing "internal conversations" about corporate "decision-making process"); *Pinnacle*

9    *Ventures LLC v. Bertelsmann Edu. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (sealing

10   information relating to "internal governance procedures and corporate details"); *Ramirez v. Trans*

11   *Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (sealing "discussions of internal

12   decision-making or strategy"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22,

13   2014) (sealing "internal, nonpublic information discussing . . . business decision making").

14          Disclosure of this information would result in concrete harm to LIV, including because it would

15   disclose LIV's internal decision making processes, allowing competitors to exploit the same, and

16   prejudice LIV's ability to obtain future investment.  Loffhagen Decl. ¶¶ 2-3.  This litigation is about

17   the efforts by the Tour and its co-conspirators to defeat LIV's nascent entry.  LIV respectfully submits

18   that the Court should take care to ensure that procedural motions brought in this litigation by the Tour

19   do not become a vehicle for further harm to LIV.

20          The sealing is narrowly tailored because the Tour's Motion to Compel relies on the exhibits

21   only for their vague reference to PIF and HE.  The details in the exhibits are not relevant.  In addition,

22   the majority of PIF and HE's Motion and Opposition and all other declarations and exhibits to the

23   Motion and Opposition are not sealed or redacted.  LIV respectfully requests that the Court order that

24   these materials remain sealed or redacted.

25

26   DATED:  November 29 , 2022                          Respectfully submitted,

27                                                        */s/ Rachel S. Brass*

28

PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING
CASE NO. 5:22-CV-04486-BLF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:     415.393.8200
Facsimile:     415.393.8306

ROBERT C. WALTERS, *pro hac vice*
rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

COUNSEL FOR PLAINTIFF LIV GOLF, INC.

PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING
CASE NO. 5:22-CV-04486-BLF