KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:     212 735 3000
Facsimile:     212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:     312 407 0700
Facsimile:     312 407 0411

Attorneys for Defendant PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant.<br><hr>PGA TOUR, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>LIV GOLF, INC.,<br><br>Counterdefendant. | Case No. 5:22-cv-04486-BLF<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:      Hon. Beth Labson Freeman<br><br>Date Filed: August 3, 2022<br><br>Trial Date: January 8, 2024 |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(b) and (f) and the Protective Order entered by this Court, Dkt. 111, Defendant/Counterclaimant PGA TOUR, Inc. ("the TOUR") respectfully submits this Administrative Motion to Seal and to Consider whether Another Party's Material Should be Sealed, regarding certain redacted portions of the contemporaneously filed joint discovery statement regarding Plaintiff/Counterdefendant LIV Golf, Inc.'s responses and objections to the TOUR's Interrogatory No. 1 ("Joint Discovery Statement") and its attached exhibits.

The information the TOUR seeks to redact in its Motion to Seal pursuant to Local Rule 79-5(b) has been designated as protected material under the terms of the parties' stipulated Protective Order and reflects sensitive business information and internal communications. The disclosure of this information could result in significant harm to the TOUR. Exhibit A to the Joint Discovery Statement also contains information that the third party PGA of America has designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to the applicable Protective Order, Dkt. 111, in this action.

Specifically, the documents subject to this Administrative Motion include:

| Document | Portions of Document to be Sealed | Parties Claiming Confidentiality |
|---|---|---|
| Joint Discovery Statement | Highlighted Portions | PGA TOUR, Inc. |
| Exhibit A to Joint Discovery Statement | Highlighted Portions, except: Pg. 14, lines 21-22 Pg. 15, lines 1-2. | PGA TOUR, Inc. |
| Exhibit A to Joint Discovery Statement | Pg. 14, lines 21-22 Pg. 15, lines 1-2 | PGA of America |

## II. DISCUSSION

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions, the less-stringent "good cause" standard applies to requests for sealing. *See Kamakana*

*v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, there is good cause for filing the material related to the parties' Joint Discovery Statement under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating that "sources of business information that might harm a litigant's competitive standing" properly may be sealed); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.").

The narrowly tailored redactions in the TOUR's requested sealing serve to protect the TOUR's sensitive business information, including communications with important vendors and other partners related to their business with the TOUR disclosed in the TOUR's responses and objections to Plaintiffs' second set of interrogatories. *See* MacMichael Decl. ¶ 4. It also includes specific information related to the manner in which the TOUR applies its Regulations. The TOUR's legitimate privacy interest in this information outweighs the presumption of public access in this instance. *See, e.g.*, *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing internal "confidential regulatory strategies and communications" in case involving "avid competitors").

For the foregoing reasons, the TOUR requests that the Court seal the highlighted portions of the two documents indicated above. If the Court deems the TOUR's bases for sealing insufficient, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

Dated: December 5, 2022

KEKER, VAN NEST & PETERS LLP

By: /s/ *Eric H. MacMichael*
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
ERIC H. MACMICHAEL
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant
PGA TOUR, INC.