RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | CASE NO. 5:22-cv-04486-BLF<br><br>**PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING** |

Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the PGA Tour Inc.'s (the "Tour") Opposition to the Motion to Quash and Reply to Motion to Compel Subpoena Compliance by non-parties the Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.

The Tour's Opposition and Reply relies on confidential LIV documents in connection with third-party discovery. Such "materials attached to a discovery motion unrelated to the merits of a case" are an "exception" to the ordinary preference for public access. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). In these cases, "the private interests of litigants are 'the only weights on the scale.'" *Id*. (quoting *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). A party seeking to seal these materials "need only satisfy the less exacting 'good cause' standard" of Rule 26(c)(1) that "protect[s] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

The good cause standard applies here because PIF and HE are third parties, and their obligation to produce discovery is the only issue considered. Thus, "the motion at issue" is only "tangentially related to the underlying cause of action" and does not "require[] the court to address the merits of a case," nor is it "strongly correlative to the merits of a case." *Center for Auto Safety*, 908 F.3d at 1099. Good cause exists to seal the exhibits. As explained in the declaration of John Loffhagen, the exhibits contain highly confidential information about (1) LIV's financials, formation, valuation, business plan, projected returns, and investment risks, (2) internal decision making processes, including strategy for recruitment, communications, and sponsorships, (3) specific negotiations with players, agents, sponsors, and marketing firms, including specific amounts offered, the terms of the offer, and the strategy for recruitment, and (4) internal governance structure and procedure. Loffhagen Decl. ¶¶ 2-5.

Disclosure of this information would cause concrete harm to LIV, including by exposing its confidential financial information to the public; allowing competitors to counter LIV's strategy, business plan, and negotiation offers; allowing competitors to target the same sponsors, agents, players,

and media companies as LIV; constraining LIV's ability to negotiate different terms in future negotiations; impact the ability to obtain future investment; and allow competitors to exploit LIV's internal governance to drive down investment or target investors. *Id*. The Tour's Memorandum of Law describes the same information and would cause the same harms. *Id*. ¶ 6.

As set forth in detail in the Amended Complaint, LIV is a nascent competitor that is seeking to break into the marketplace to challenge an entrenched monopolist, the Tour. This litigation is about the efforts by the Tour and its co-conspirators to defeat LIV's nascent entry. LIV respectfully submits that the Court should take care to ensure that procedural motions brought in this litigation by the Tour do not become a vehicle for further harm to LIV.

Courts frequently seal this type of information, even under the heightened "compelling reasons" standard. *See, e.g.*, *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (sealing "internal conversations" about corporate "decision-making process"); *Ramirez v. Trans Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (sealing "discussions of internal decision-making or strategy" and "financial information"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing . . . business decision making"); *Pinnacle Ventures LLC v. Bertelsmann Edu. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.) (sealing "information relating the identities of stockholders" and "internal governance procedures and corporate details"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *1-2 (N.D. Cal. Feb. 24, 2020) (sealing "confidential business material," including "financials" and "strategic decision making"); *Baird Kreiger v. Atheros Commn's, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "long-term financial projections, discussions of business strategy and competitive analysis").

The sealing is narrowly tailored because the majority of the Tour's Memorandum of Law is not sealed or redacted. LIV respectfully requests that the Court order that these materials remain sealed.

| Document | Reasons for Sealing |
|---|---|
| Memorandum of Law at lines 1:21, 3:3-5, and 18:22-24 | Contains highly confidential information about LIV Golf's financials, formation details, valuation, business plan, financial projections, projected returns, and investment risks. |

| | |
|---|---|
| Exhibits 1, 2, 25, 26, 44<br><br>Memorandum of Law at lines 3:10-18, 3:22-25, 4:2-9, 4:11, 10:17-27, 12:14-16, 12:21-23, and 13:24-14:4 | Contains highly confidential information about internal decision-making processes, including strategy regarding communications, player and agent recruitment, and sponsorships. |
| Exhibits 3-36 , 44<br><br>Memorandum of Law at lines 4:14-5:1, 5:5-21, 6:4-5, 6:10-18, 6:22-26, 8:22-9:1, 11:26-12:4, 12:7-9, 12:11, 13:7, and 13:24-14:4<br><br>Exhibits 13, 16-19, 22-23, and 32-36 | Contains highly confidential information about specific negotiations with players, agents, sponsors, and marketing firms, including specific amounts offered, the terms of the offers, and strategy for recruitment and hiring. |
| Memorandum of Law at lines 1:21, 3:3-5, 10:17-18, 10:21-27, 16:8-9 and 16:11-17<br><br>Exhibits 7 and 37 | Contains highly confidential information about internal governance structure and procedures, including the identities of LIV Golf's investors and procedures used to evaluate their investment in LIV Golf. |

DATED:  December 9, 2022

Respectfully submitted,

/s/
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:    415.393.8200
Facsimile:     415.393.8306

COUNSEL FOR PLAINTIFF LIV GOLF, INC.