# EXHIBIT C

*PUBLIC DOCUMENT*
*REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED*

**Joint Chart Regarding Plaintiff's LIV Golf Inc.'s Third Set of Interrogatories, ROGs 4-6**

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Use |
|---|---|---|---|---|
| **ROG 4:** Identify every Communication that any Member of the Board of Directors had with any other Person Relating To the Subject Matters. Your response should include every Communication for which the PGA Tour provided talking points (e.g., PGA_TOUR0009948-54), as well as any other Communication of which You are aware related to business dealings with LIV Golf. For each such Communication identify:<br>a) the name of the counter-party to the Board Member's Communication;<br>b) the entity with which such Person is associated;<br>c) the year of the Communication; and<br>d) the method of Communication (e.g., whether such | The TOUR objects to this Interrogatory to the extent it is duplicative of Interrogatory Nos. 1 and 3 repeats its objections to those Interrogatories as if fully set forth herein. The TOUR also objects to this Interrogatory on the grounds that the Interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the action, including because it seeks "communications" with "any other Person Relating To the Subject Matters" (i) made by third parties whom the TOUR does not control and (ii) that is available from third parties through more convenient, more efficient, less burdensome, or less expensive means. The TOUR also objects to this | Identify every Communication that any Member of the Board of Directors had with any other Person Relating To the Subject Matters. | The TOUR maintains that the extensive information and documents it produced in response to ROG 1, ROG 2, and ROG 3, consistent with the Court's October 14 and 25, 2022 Orders (Dkts. 125, 140), already constituted a fair compromise on the broad information LIV seeks here, which was previously sought in ROG 1 and LIV's motion to compel. | |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Use |
|---|---|---|---|---|
| Communication occurred by email, by letter, orally/verbally in person, orally/verbally over the phone, etc.). | Interrogatory because it directly contravenes the Court's guidance during the discovery dispute hearing held on October 24, 2022. More specifically, the Court made clear that LIV Golf should pursue discovery from the Board of Directors directly, which LIV Golf has already initiated by serving each member of the Board with a subpoena. In light of the foregoing objections, the TOUR will not answer this Interrogatory. | | | |
| **ROG 5:** For each of the Player Relations Representatives, identify whether the Player Relations Representative Communicated (whether orally/verbally or in writing) with any of the Professional Golfers regarding or Relating To affiliating with LIV Golf. For each such Communication identify: | The TOUR objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 1 and repeats its objections to Interrogatory No. 1 as if fully set forth herein. The TOUR objects to this Interrogatory on the grounds that the Interrogatory is overly broad, unduly burdensome, and seeks information that | For each of the Player Relations Representatives, identify whether the Player Relations Representative Communicated (whether orally/verbally or in writing) with any of the Professional Golfers regarding or Relating To affiliating with LIV Golf. | The TOUR maintains that the extensive information and documents it produced in response to ROG 1, ROG 2, and ROG 3, consistent with the Court's October 14 and 25, 2022 Orders (Dkts. 125, 140), already constituted a fair compromise on the broad information LIV seeks here, which was previously | |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Use |
|---|---|---|---|---|
| a) the Player Relations Representative that made the Communication; <br> b) the Professional Golfer(s); <br> c) the year of the Communication; and <br> d) the method of Communication (e.g., whether such Communication occurred by email, by letter, orally/verbally in person, orally/verbally over the phone, etc.). | is neither relevant to the parties' claims or defenses nor proportional to the needs of the action, including because it seeks communications from individuals who do not have the authority to speak on behalf of the TOUR, an issue that the parties previously litigated and resolved with assistance from the Court in connection with the TOUR's response to Interrogatory No. 1. The TOUR further objects to this Interrogatory because it directly contravenes the Court's guidance during the discovery dispute hearing held on October 24, 2022. More specifically, in response to LIV Golf's complaints that the list of 31 individuals that the TOUR identified in its amended response to Interrogatory No. 1 was insufficient, the Court made clear that the parties | | sought in ROG 1 and LIV's motion to compel. | |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Use |
|---|---|---|---|---|
| | need to move past Interrogatory No. 1 and seek use different discovery devices to identify the requested communications. In light of the foregoing objections, the TOUR will not answer this Interrogatory. | | | |
| **ROG 6:** Identify any Person whom You requested, encouraged, directed, instructed, or assisted (including, for example, by providing talking points or contact information) to Communicate to any other Person about LIV Golf or any other Subject Matter. For each such Person, identify:<br>a) the Person whom You requested, encouraged, directed, instructed, or assisted;<br>b) the other Person to whom the first Person Communicated in response to Your request, | The TOUR objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 1 and repeats its objections to Interrogatory No. 1 as if fully set forth herein. The TOUR also objects to this Interrogatory on the grounds that the Interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the action, including because it seeks (i) the identity of "any Person whom You requested, encouraged, | Identify any Person whom Defendant requested, encouraged, directed, instructed, or assisted (including, for example, by providing talking points or contact information) to Communicate to any other Person about LIV Golf or any other Subject Matter. | The TOUR maintains that the extensive information and documents it produced in response to ROG 1, ROG 2, and ROG 3, consistent with the Court's October 14 and 25, 2022 Orders (Dkts. 125, 140), already constituted a fair compromise on the broad information LIV seeks here, which was previously sought in ROG 1 and LIV's motion to compel. | |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Use |
|---|---|---|---|---|
| encouragement, direction, instruction, or assistance; <br> c) the year of the Communication; and <br> d) the method of Communication (e.g., whether such Communication occurred by email, by letter, orally/verbally in person, orally/verbally over the phone, etc.). <br> For example, document PGA_TOUR0008166 and its attachment PGA_TOUR0008167 reflect talking points about LIV Golf that ▮▮▮▮▮. In response to this request, if those talking points or others were Communicated to ▮▮, You should identify ▮▮▮, the Person(s) to whom ▮▮ Communicated or "unknown", the method of Communication and year | directed, instructed, or assisted . . . to Communicate to any other Person" about the Subject Matters and (ii) information from individuals who do not have the authority to speak on behalf of the TOUR, an issue that the parties previously litigated and resolved with assistance from the Court in connection with the TOUR's response to Interrogatory No. 1. Subject to and without waiving the foregoing objections, the TOUR is willing to meet and confer to narrow the scope of this Interrogatory. | | | |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Use |
|---|---|---|---|---|
| of the Communication(s) between You and ███ ███. Similarly, document PGA_TOUR0027837 reflects ███ ███ ███. In response to this request, You should identify ███ ███, the name of the individual or individuals he spoke to at the ███ ███ or "unknown", and the method of Communication and year of the Communications. Similarly, we understand that You requested Jason Day to speak to Lexus about LIV Golf. In response to this request, You should identify Mr. Day, the Person(s) at Lexus with whom Mr. Day spoke about LIV Golf or "unknown", and the method of Communication | | | | |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Use |
|---|---|---|---|---|
| and year of the Communications. | | | | |