RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

Attorneys for Plaintiff LIV Golf, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | CASE NO. 5:22-cv-04486-BLF<br><br>**PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF NON-PARTIES THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND HIS EXCELLENCY YASIR O. AL-RUMAYYAN'S REPLY TO MOTION TO QUASH SUBPOENAS** |

1  Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with non-parties the Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan's Reply to Motion to Quash the PGA Tour, Inc. (the "Tour") subpoenas.

The non-parties' reply describes confidential LIV documents in connection with third-party discovery. Such "materials attached to a discovery motion unrelated to the merits of a case" are an "exception" to the ordinary preference for public access. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). In these cases, "the private interests of litigants are 'the only weights on the scale.'" *Id.* (quoting *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). A party seeking to seal these materials "need only satisfy the less exacting 'good cause' standard" of Rule 26(c)(1) that "protect[s] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

The good cause standard applies here because PIF and HE are non-parties, and their obligation to produce discovery is the only issue considered. Thus, "the motion at issue" is only "tangentially related to the underlying cause of action" and does not "require[] the court to address the merits of a case," nor is it "strongly correlative to the merits of a case." *Center for Auto Safety*, 908 F.3d at 1099. Good cause exists to seal portions of the memorandum. As explained in the declaration of John Loffhagen, the reply memorandum discloses highly confidential information about internal decision making processes, governance procedures, negotiation practices, formation, and relationship with investors. Loffhagen Decl. ¶ 3. It also discloses specific amounts at issue in player contracts and LIV's willingness to pay in such contracts. *Id.* ¶ 4.

Disclosure of this information would cause concrete harm to LIV, including by allowing competitors to exploit the information for competitive gain, for instance, by attempting to influence LIV Golf's investors or taking advantage of limitations on LIV Golf's decision-making powers; by prejudicing LIV's ability to obtain future investment; and by constraining LIV's ability to negotiate

future player contracts on different terms. *Id*. ¶¶ 3-4.  As set forth in detail in the Amended Complaint, LIV is a nascent competitor that is seeking to break into the marketplace to challenge an entrenched monopolist, the Tour.  This litigation is about the efforts by the Tour and its co-conspirators to defeat LIV's nascent entry.  LIV respectfully submits that the Court should take care to ensure that procedural motions brought in this litigation by the Tour do not become a vehicle for further harm to LIV.

Courts frequently seal this type of information, even under the heightened "compelling reasons" standard.  *See, e.g.*, *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (sealing "internal conversations" about corporate "decision-making process"); *Ramirez v. Trans Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (sealing "discussions of internal decision-making or strategy"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing . . . business decision making"); *Pinnacle Ventures LLC v. Bertelsmann Edu. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.) (sealing "information relating the identities of stockholders" and "internal governance procedures and corporate details"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *1-2 (N.D. Cal. Feb. 24, 2020) (sealing "confidential business material," including "financials" and "strategic decision making"); *Baird Kreiger v. Atheros Commn's, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "discussions of business strategy and competitive analysis").

The sealing is narrowly tailored because the majority of the non-parties memorandum is not redacted.  LIV respectfully requests that the Court order that these materials remain sealed.

| Document | Reasons for Sealing |
|---|---|
| Memorandum of Law at lines 3:8-15, 3:17-18, 4:16, 6:5-12, 7:5-11, and 7:27-28 | Contains highly confidential information about LIV's internal decision making processes, governance procedures, negotiation practices, formation, and relationship with investors. |
| Memorandum of Law at lines 3:12-14 | Contains highly confidential information about specific financial amounts at issue in LIV player contracts and LIV's willingness to pay in such contracts. |

DATED: December 13, 2022

Respectfully submitted,

/s/ Rachel Brass

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone:    214.698.3100

COUNSEL FOR PLAINTIFF LIV GOLF, INC.