United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL MICKELSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>PGA TOUR, INC.,<br><br>    Defendant. | Case No. 22-cv-04486-BLF  (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION RE LIV GOLF INC.'S RESPONSE TO PGA TOUR, INC.'S INTERROGATORY NO. 1**<br><br>Re: Dkt. No. 171 |

The Court has reviewed the Parties' joint discovery submission ("Submission"), LIV's response to Interrogatory No. 1 which is the subject of the dispute, and the relevant law and litigation history in this action. Dkt. 171. The Court determines that this dispute may be resolved without oral argument. Civ. L. R. 7-1(b).

In dispute is the level of detail provided by LIV in response to Interrogatory No.1 which seeks detailed information regarding alleged instances where the Tour "threatened" or "leaned on" certain persons and organizations, as alleged in the Amended Complaint. Dkt. 171-2; Dkt. 83 ¶¶ 242-26; 312, 320, 330. In the Submission, the Tour identifies three categories of deficiencies in LIV's responses. Dkt. 171-2, fn.1. LIV argues that its responses are sufficient given the "outset of discovery" and cites its continuing obligation to supplement its responses. Dkt. 170-3. LIV properly refrains from arguing relevance or overbreadth to this interrogatory and, apparently where it is able, LIV provides the requested information. *See*, *e.g*. Dkt. 170-4 at 8-9. Discovery closes on March 3, 2023. Dkt. 171.

///

///

///

Given that the Tour's complaints and LIV's responses thereto are set forth in a repetitive pattern in Exhibit B to the Submission, in the interests of judicial efficiency the Court addresses the issues in the following summary fashion and **ORDERS** as follows:

- Interrogatory No. 1 is a contention interrogatory.
- Responsive facts may be direct evidence or circumstantial evidence of threats or coercion. This discovery dispute is not the proper forum for argument as to the weight of the evidence or as to whether certain facts or circumstances are sufficient to sustain the allegations in the Amended Complaint. The issue for this forum is the disclosure of the specific facts and circumstances that LIV contends support allegations of threats or coercion in the Amended Complaint. Accordingly, the Tour's objection as described in **"Category 1" is OVERRULED**.
- Given the accelerated discovery schedule in this case, this is not the "outset of discovery," and it is time for LIV to provide verified responses with all facts available to it in response to Interrogatory No. 1 in accordance with this Order. Accordingly, the Tour's objection as described in "**Category 2" is SUSTAINED** to the extent LIV is aware of additional facts. For example, regarding the reference to Golf Courses in LIV's response (Dkt. 170-4 at 26), if LIV is aware of specific facts, direct or, as discussed above, circumstantial, it must provide them. Alternatively, LIV must verify that the information provided is all of the information available to it.
- While it is generally not improper for a party to cite to information it has received from the other side in discovery in support of its own contentions, in these circumstances, LIV's cut and paste of the Tour's charts identifying communications is not sufficient. The Tour was tasked with identifying "communications about LIV" and other relevant entities. By contrast, Interrogatory No. 1 is directed more specifically, and critically, to "every instance in which you contend the PGA TOUR threatened or leaned on" persons or entities. Accordingly, the Tour's objection as described in "Category 3" is **SUSTAINED IN PART/OVERRULED IN PART.** If LIV contends that a communication identified by the Tour constitutes direct evidence of an instance of one being "threatened" or "leaned on" as

called for in Interrogatory No. 1, then it must identify the alleged threat or coercion, along with the other requested information.  If LIV contends that a communication is circumstantial evidence of a threat or coercion, then it must provide all facts in support of that contention.

- Consistent with this Court's previous orders for supplemental, verified responses, and acknowledging the impending holidays, LIV must supplement its response to Interrogatory No. 1 with all facts presently known to it no later than **January 6, 2023**.  The supplemental response must be verified by LIV at time of service.  Even though LIV's obligation to supplement its discovery responses with additional facts as they become known continues beyond January 6, 2023, the deadline serves to narrow the issues as of that date as the Parties move into depositions in the final two months of discovery.

- In the Submission, LIV points to a further supplementation coming "this week," and LIV is to proceed accordingly.  Nothing in this Order may be construed as delaying the referenced supplementation.  Further, the Parties are admonished that their meet and confer obligations are continuous, and the Parties are directed to meet and confer regarding the impact of supplementations on pending discovery disputes.

**SO ORDERED.**

Dated: December 14, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

3