**Joint Chart Regarding Plaintiff's LIV Golf Inc.'s Third Set of Interrogatories, ROGs 4-6**

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Ruling |
|---|---|---|---|---|
| **ROG 4** | The TOUR objects to this Interrogatory to the extent it is duplicative of Interrogatory Nos. 1 and 3 repeats its objections to those Interrogatories as if fully set forth herein. The TOUR also objects to this Interrogatory on the grounds that the Interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the action, including because it seeks "communications" with "any other Person Relating To the Subject Matters" (i) made by third parties whom the TOUR does not control and (ii) that is available from third parties through more convenient, more efficient, less burdensome, or less expensive means. The TOUR also objects to this | Identify every Communication that any Member of the Board of Directors had with any other Person Relating To the Subject Matters. | The TOUR maintains that the extensive information and documents it produced in response to ROG 1, ROG 2, and ROG 3, consistent with the Court's October 14 and 25, 2022 Orders (Dkts. 125, 140), already constituted a fair compromise on the broad information LIV seeks here, which was previously sought in ROG 1 and LIV's motion to compel. | DENIED. As addressed in previous joint submissions and at the hearings on October 14 and 24, 2022, the Members of the Board of Directors are independent from the Tour.  Thus, this interrogatory is directed at communications by third parties with other third parties and as such is overly broad and burdensome. The Court's earlier directives regarding follow-up interrogatories addressing Directors (Dkt. 141 at 10, 17, 26) specifically addressed communications between persons authorized to speak on behalf of the Tour and Directors, not communications between Directors and third parties. |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Ruling |
|---|---|---|---|---|
| | Interrogatory because it directly contravenes the Court's guidance during the discovery dispute hearing held on October 24, 2022. More specifically, the Court made clear that LIV Golf should pursue discovery from the Board of Directors directly, which LIV Golf has already initiated by serving each member of the Board with a subpoena. In light of the foregoing objections, the TOUR will not answer this Interrogatory. | | | |
| ROG 5 | The TOUR objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 1 and repeats its objections to Interrogatory No. 1 as if fully set forth herein. The TOUR objects to this Interrogatory on the grounds that the Interrogatory is overly broad, unduly burdensome, and seeks information that | For each of the Player Relations Representatives, identify whether the Player Relations Representative Communicated (whether orally/verbally or in writing) with any of the Professional Golfers regarding or Relating To affiliating with LIV Golf. | The TOUR maintains that the extensive information and documents it produced in response to ROG 1, ROG 2, and ROG 3, consistent with the Court's October 14 and 25, 2022 Orders (Dkts. 125, 140), already constituted a fair compromise on the broad information LIV seeks here, which was previously | GRANTED, as qualified. It is the Court's understanding that there are five Player Relation Representatives (Dkt. 175 at PDF p. 4; Dkt. 176-2 at 4, "Player Relations Representative" defined) and that these persons work for the Tour. As such, at this point in the litigation, further inquiry into the communications |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Ruling |
|---|---|---|---|---|
| | is neither relevant to the parties' claims or defenses nor proportional to the needs of the action, including because it seeks communications from individuals who do not have the authority to speak on behalf of the TOUR, an issue that the parties previously litigated and resolved with assistance from the Court in connection with the TOUR's response to Interrogatory No. 1. The TOUR further objects to this Interrogatory because it directly contravenes the Court's guidance during the discovery dispute hearing held on October 24, 2022. More specifically, in response to LIV Golf's complaints that the list of 31 individuals that the TOUR identified in its amended response to Interrogatory No. 1 was insufficient, the Court made clear that the parties | | sought in ROG 1 and LIV's motion to compel. | these five persons had with the Professional Golfers regarding "affiliating with LIV Golf" is, in this context, relevant and sufficiently tailored to the needs of the litigation. As noted at previous hearings, whether any such communications were "authorized" by the Tour is not discovery dispute for this forum.<br><br>If the Court's understanding as to the number of representatives and their status with the Tour is incorrect, the Parties may explain in a joint submission not to exceed 2 pages to be filed by **December 15, 2022**. The submission may only address the identified qualifications, it is not an opportunity for additional argument. |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Ruling |
|---|---|---|---|---|
| | need to move past Interrogatory No. 1 and seek use different discovery devices to identify the requested communications. In light of the foregoing objections, the TOUR will not answer this Interrogatory. | | | |
| **ROG 6** | The TOUR objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 1 and repeats its objections to Interrogatory No. 1 as if fully set forth herein. The TOUR also objects to this Interrogatory on the grounds that the Interrogatory is overly broad, unduly burdensome, and seeks information that is neither relevant to the parties' claims or defenses nor proportional to the needs of the action, including because it seeks (i) the identity of "any Person whom You requested, encouraged, | Identify any Person whom Defendant requested, encouraged, directed, instructed, or assisted (including, for example, by providing talking points or contact information) to Communicate to any other Person about LIV Golf or any other Subject Matter. | The TOUR maintains that the extensive information and documents it produced in response to ROG 1, ROG 2, and ROG 3, consistent with the Court's October 14 and 25, 2022 Orders (Dkts. 125, 140), already constituted a fair compromise on the broad information LIV seeks here, which was previously sought in ROG 1 and LIV's motion to compel. | DENIED. This request is overly broad and burdensome, unbounded by any of the parameters set by this Court's previous hearings and rulings. To be clear, the topic of whether any particular individual associated with the Tour encouraged any Person to speak with others about the Subject Matters may be relevant. However, this interrogatory is not an appropriate or proportional tool for that line of inquiry. |

| Plaintiff's Disputed Interrogatory | Defendant's Response | Plaintiff's Proposed Compromises | Defendant's Proposed Compromises | Court's Ruling |
|---|---|---|---|---|
| | directed, instructed, or assisted . . . to Communicate to any other Person" about the Subject Matters and (ii) information from individuals who do not have the authority to speak on behalf of the TOUR, an issue that the parties previously litigated and resolved with assistance from the Court in connection with the TOUR's response to Interrogatory No. 1. Subject to and without waiving the foregoing objections, the TOUR is willing to meet and confer to narrow the scope of this Interrogatory. | | | |