KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:     212 735 3000
Facsimile:     212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:     312 407 0700
Facsimile:     312 407 0411

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | Case No. 5:22-CV-04486-BLF<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL JOINT STATEMENT REQUESTING CASE MANAGEMENT CONFERENCE**<br><br>Judge:     Hon. Beth Labson Freeman<br><br>Date Filed:     August 3, 2022<br><br>Trial Date:     January 8, 2024 |
| PGA TOUR, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>LIV GOLF, INC.,<br><br>Counter-Defendant. | |

I.   INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(b) and (f) and the Protective Order entered by this Court, Dkt. 111, Defendant/Counterclaimant PGA TOUR, Inc. ("the TOUR") respectfully submits this Administrative Motion to Seal and to Consider whether Another Party's Material Should be Sealed, regarding certain redacted portions of the contemporaneously filed joint statement requesting a case management conference in this action.

The information the TOUR seeks to redact and seal in the joint statement pursuant to Local Rule 79-5(b) has been designated as protected material under the terms of the parties' stipulated Protective Order and reflects a quotation from sensitive internal TOUR communications. The disclosure of this information could result in significant harm to the TOUR.

The TOUR also seeks to conditionally seal information in the case management statement that Plaintiff/Counterdefendant LIV Golf, Inc. ("LIV") has designated as protected material pursuant to Local Rule 79-5(f).

Specifically, the documents subject to this Administrative Motion include:

| Document | Portions of Document to be Sealed | Parties Claiming Confidentiality |
|---|---|---|
| Joint Statement Requesting Case Management Conference | Highlighted Portions at Page 21, Lines 10-11 | PGA TOUR, Inc. |
| Joint Statement Requesting Case Management Conference | Highlighted Portions at Page 5, Lines 15-17<br><br>Highlighted Portions at Page 6, Lines 1-2<br><br>Highlighted Portions at Page 17, Lines 2-5 | LIV Golf, Inc. |

II.   DISCUSSION

   A.   The TOUR's Motion to Seal Under Rule 79-5(b).

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions, the less-stringent "good cause" standard applies to requests for sealing. *See Kamakana*

1

ADMINISTRATIVE MOTION TO FILE UNDER SEAL JOINT STATEMENT REQUESTING CASE MANAGEMENT CONFERENCE
Case No. 5:22-CV-04486-BLF

1951552

*v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, there is good cause for filing the TOUR's material Plaintiffs included in the parties' joint statement requesting a case management conference under seal. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information."). The narrowly tailored redactions in the TOUR's requested sealing serve to protect the TOUR's sensitive internal communications. *See* Goldberg Decl. ¶ 4. The TOUR's legitimate privacy interest in this information outweighs the presumption of public access in this instance. *See, e.g., In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing internal "confidential regulatory strategies and communications" in case involving "avid competitors"). Moreover, the material Plaintiffs included in their portion of the joint statement is unnecessary to this dispute regarding the case schedule, taken out of context, and serves no legitimate purpose. There is no public interest in the disclosure of this out-of-context snippet of a quotation that is included in an internal, confidential TOUR document.

**B.     The TOUR's Administrative Request Under Rule 79-5(f).**

The TOUR's portion of the joint statement quotes from three documents which LIV has designated as protected material. LIV's portion of the joint statement quotes from another document LIV has designated as protected material. Pursuant to Local Rule 79-5(f), the TOUR submits an administrative motion to consider whether another party's material should be sealed, so that LIV may submit a statement or declaration establishing the basis for sealing those portions of the joint statement.

**III.    CONCLUSION**

For the foregoing reasons, the TOUR requests that the Court seal the highlighted portions of the joint statement containing the TOUR's confidential material at Page 21, Lines 10-11. If the Court deems the TOUR's bases for sealing insufficient, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of

the requested sealing materials being made public.

Dated: December 14, 2022                                KEKER, VAN NEST & PETERS LLP

                                            By:  /s/ Nicholas S. Goldberg
                                                 ELLIOT R. PETERS
                                                 DAVID SILBERT
                                                 R. ADAM LAURIDSEN
                                                 NICHOLAS S. GOLDBERG
                                                 SOPHIE HOOD

                                                 Attorneys for Defendant and Cross-Claimant
                                                 PGA TOUR, INC.


                                                 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                                 ANTHONY J. DREYER
                                                 PATRICK FITZGERALD
                                                 KAREN M. LENT
                                                 MATTHEW M. MARTINO

                                                 Attorneys for Defendant and Cross-Claimant
                                                 PGA TOUR, INC.