| | |
|---|---|
| RACHEL S. BRASS, SBN 219301<br>  rbrass@gibsondunn.com<br>LAUREN D. DANSEY, SBN 311886<br>  ldansey@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, California 94105-0921<br>Telephone: 415.393.8200<br>Facsimile:  415.393.8306<br><br>ROBERT C. WALTERS, *pro hac vice*<br>  rwalters@gibsondunn.com<br>SCOTT K. HVIDT, *pro hac vice*<br>  shvidt@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, Texas 75201-2911<br>Telephone: 214.698.3100<br><br>JOSHUA LIPTON, *pro hac vice*<br>  jlipton@gibsondunn.com<br>KRISTEN C. LIMARZI, *pro hac vice*<br>  klimarzi@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  20036-5306<br>Telephone: 202.955.8500 | JOHN B. QUINN, SBN 90378<br>  johnquinn@quinnemanuel.com<br>DOMINIC SURPRENANT, SBN 165861<br>  dominicsurprenant@quinnemanuel.com<br>KEVIN TERUYA, SBN 235916<br>  kevinteruya@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone: 213.443.3000<br><br>ROBERT P. FELDMAN, SBN 69602<br>  bobfeldman@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, California 94065<br>Telephone:  650.801.5000 |

*Attorneys for Plaintiffs Matt Jones, Bryson DeChambeau, Peter Uihlein, and LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PGA TOUR, INC.,<br><br>  Defendant and Counter-Plaintiff,<br><br>  v.<br><br>LIV GOLF INC.,<br><br>  Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF-SVK<br><br>**PLAINTIFF LIV'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE JOINT STATEMENT REGARDING REQUEST FOR CASE MANAGEMENT CONFERENCE** |

Gibson, Dunn & Crutcher LLP

PLAINTIFF LIV'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE JOINT STATEMENT
REGARDING REQUEST FOR CASE MANAGEMENT CONFERENCE
CASE NO. 5:22-CV-04486-BLF-SVK

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5, Plaintiff LIV Golf, Inc. ("LIV Golf") respectfully provides this statement setting forth the applicable legal standard and reasons for keeping under seal the following documents, which were provisionally filed under seal in connection with the Joint Statement Regarding Request for Case Management Conference ("Joint Statement") (ECF No. 181).

| Document | Text to be Redacted | Basis for Redacting |
|---|---|---|
| Joint Statement Requesting Case Management Conference | Highlighted text at Page 5, Lines 15–17 | Quotes highly sensitive business information bearing on LIV Golf's formation and internal decision-making. |
| Joint Statement Requesting Case Management Conference | Highlighted text at Page 6, Lines 1–2 | Quotes highly confidential provision in a contract between LIV Golf and a third party involving commercially sensitive information. |
| Joint Statement Requesting Case Management Conference | Highlighted text at Page 17, Lines 2–6 | Quotes highly confidential provision in a contract between LIV Golf and a third party involving commercially sensitive information. |

## II. LEGAL STANDARD

"There is a presumption of public access to judicial records and documents." *Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*, No. 18-CV-07393-JSC, 2021 WL 624172, at *1 (N.D. Cal. Jan. 19, 2021) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). In light of that presumption, courts ordinarily review motions to seal documents under a "compelling reasons" standard, requiring the movant to offer "compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).

However, the Ninth Circuit recognizes an "exception to the presumption of access to judicial records" where, as here, "judicial records filed under seal [are] attached to a *non-dispositive* motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citation omitted and emphasis in original); *Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, No. 14-CV-02435-MEJ, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015). In such case,

2

PLAINTIFF LIV'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE JOINT STATEMENT
REGARDING REQUEST FOR CASE MANAGEMENT CONFERENCE
CASE NO. 5:22-CV-04486-BLF-SVK

"the usual presumption of the public's right of access is rebutted[,]" and "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." *In re Midland*, 686 F.3d at 1119.

Under the less exacting "good cause" standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Real Action Paintball, Inc.*, 2015 WL 1534049, at *2; *see also Kamakana*, 447 F.3d at 1180. Good cause exists when, for example, public disclosure of the materials sought to be sealed would place the movant at a competitive disadvantage. *See, e.g.*, *Oracle USA, Inc. v. SAP AG*, No. 07-cv-01658 PJH, 2009 U.S. Dist. LEXIS 71365, at *4-5 (N.D. Cal. Aug. 12, 2009) (granting motion to seal where moving party "considered and treated the information contained in the subject documents as confidential, commercially sensitive and proprietary" and where "public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice"). District courts have "broad latitude" to "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Estates of Byrd v. Gen Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### III. DISCUSSION

LIV Golf has shown good cause to keep under seal the text described in the chart above, as the information comes from documents that LIV Golf has designated as "Highly Confidential – Attorneys' Eyes Only." These documents contain commercially sensitive information concerning LIV Golf's internal decision-making processes and business strategies.

*First*, as described in the Loffhagen Declaration, public disclosure of this information would cause concrete harm to LIV Golf. Loffhagen Decl. at ¶¶ 3–4. LIV Golf is a nascent competitor seeking to break into the marketplace to challenge an entrenched monopolist. *Id.* at ¶ 4. Central to this challenge is LIV Golf's protection of its commercially sensitive information, such as its structure for internal decision-making and its business strategies. LIV Golf goes to great lengths to keep this information confidential; disclosure to the public would allow competitors to exploit LIV Golf's internal governance to gain an unfair competitive advantage, counter LIV Golf's strategy and business plan, and compromise LIV Golf's ability to negotiate favorable terms in future negotiations with its current and potential business partners. *Id.* at ¶¶ 3–4. Courts frequently seal this type of information,

Gibson, Dunn & Crutcher LLP

3

PLAINTIFF LIV'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE JOINT STATEMENT REGARDING REQUEST FOR CASE MANAGEMENT CONFERENCE
CASE NO. CASE NO. 5:22-CV-04486-BLF-SVK

under both the "good cause" and "compelling reasons" standards. *See e.g.*, *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2014 WL 12795429, at *6–7 (N.D. Cal. Mar. 14, 2014) (sealing "commercially sensitive information" reflecting "internal decision-making" and "business strategies" under good cause standard); *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (sealing "internal conversations" about corporate "decision-making process" under compelling reasons standard). Additionally, the public does not have a meaningful interest in obtaining such information, particularly from a discovery motion that could become a vehicle for further harm to LIV Golf.

*Second*, LIV Golf's request is narrowly tailored, as it only seeks to redact three direct quotations that come from documents designated as "Highly Confidential – Attorneys' Eyes Only." The balance—indeed the majority—of the Joint Statement will remain unredacted and accessible to the public. LIV Golf respectfully requests that the Court order that these materials remain sealed.

DATED: December 21, 2022            Respectfully submitted,

By: _____/s/ *Rachel S. Brass*_____

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
  San Francisco, California 94105-0921
  Telephone: 415.393.8200
  Facsimile: 415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
  Dallas, Texas 75201-2911
  Telephone: 214.698.3100

Gibson, Dunn & Crutcher LLP

4

PLAINTIFF LIV'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE JOINT STATEMENT
REGARDING REQUEST FOR CASE MANAGEMENT CONFERENCE
CASE NO. CASE NO. 5:22-CV-04486-BLF-SVK

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:  650.801.5100

*Attorneys for Plaintiffs Matt Jones, Bryson DeChambeau, Peter Uihlein, and LIV Golf Inc.*

Gibson, Dunn & Crutcher LLP

5

PLAINTIFF LIV'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE JOINT STATEMENT
REGARDING REQUEST FOR CASE MANAGEMENT CONFERENCE
CASE NO. CASE NO. 5:22-CV-04486-BLF-SVK

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: December 21, 2022         GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Rachel S. Brass*
         Rachel S. Brass

Gibson, Dunn & Crutcher LLP

6

PLAINTIFF LIV'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE JOINT STATEMENT REGARDING REQUEST FOR CASE MANAGEMENT CONFERENCE
CASE NO. CASE NO. 5:22-CV-04486-BLF-SVK