1  KEKER, VAN NEST & PETERS LLP
   ELLIOT R. PETERS - # 158708
2  epeters@keker.com
   DAVID SILBERT - # 173128
3  dsilbert@keker.com
   R. ADAM LAURIDSEN - # 243780
4  alauridsen@keker.com
   NICHOLAS S. GOLDBERG - # 273614
5  ngoldberg@keker.com
   SOPHIE HOOD - # 295881
6  shood@keker.com
   633 Battery Street
7  San Francisco, CA 94111-1809
   Telephone:     415 391 5400
8  Facsimile:      415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:     212 735 3000
Facsimile:      212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:     312 407 0700
Facsimile:      312 407 0411

12  Attorneys for Defendant PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | Case No. 5:22-cv-04486-BLF (SVK)<br><br>**PGA TOUR, INC.'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL MATERIAL IN SUPPORT OF ITS MOTION TO COMPEL AND OPPOSITION TO THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL MATERIAL**<br><br>Judge:      Hon. Susan van Keulen<br>Date Filed: August 3, 2022<br><br>Trial Date: January 8, 2024 |
| PGA TOUR, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>LIV GOLF, INC.,<br><br>Counterdefendant. | |

2035883

1    **I.      INTRODUCTION**

2              Pursuant to Local Rules 7-3(d) and 7-11, PGA TOUR, Inc. (the "TOUR") respectfully

3    seeks leave to file an agreement that LIV Golf, Inc. ("LIV") withheld from production until after

4    briefing on this motion was completed, and which conclusively establishes the near complete

5    control the Public Investment Fund of the Kingdom of Saudi Arabia and its Governor Yasir Al-

6    Rumayyan (collectively, "PIF") exert over LIV. On December 21, 2022—over two weeks after

7    briefing on this motion concluded and over a month after the deadline for substantial completion

8    of document production—LIV produced the Subscription and Shareholders' Agreement

9    ("Shareholders' Agreement"), signed on October 7, 2021, that formally defines the relationship

10   between PIF and LIV. That belatedly produced contract establishes PIF's extensive control over

11   LIV and contradicts myriad representations by PIF disavowing such control. Accordingly, the

12   TOUR seeks permission to file the Shareholders' Agreement along with a short supplemental

13   memorandum explaining its relevance to this dispute. The Shareholders' Agreement and

14   supplemental memorandum are attached as **Exhibits A & B**, respectively, to the Declaration of

15   Maile Yeats-Rowe ("Yeats-Rowe Decl.") filed in support of this Motion.

16             Further, PIF has stated that it will seek leave to file supplemental briefing, additional

17   evidence, and a new expert report concerning the laws of the Kingdom of Saudi Arabia. But

18   unlike the TOUR's demonstration of good cause, PIF has provided no reason for why these

19   materials could not have been timely filed. The only excuse PIF has offered for its egregious and

20   prejudicial delay is that its new counsel (its *third* set of lawyers) apparently is unsatisfied with

21   PIF's prior submissions and want to take another bite at the apple. But that provides no basis for

22   PIF to inject these irrelevant materials into the record at this late stage. PIF's attempt to add to the

23   record at this late stage information it could and should have filed earlier should not be permitted.

24   PIF's request to supplement the record should be denied.[1]

25

26

27   ---
     [1] To expedite the Court's consideration of these issues, the TOUR and PIF have agreed to file
     their requests to supplement and oppositions to each other's requests in the same administrative
28   motion, and have waived further briefing on the administrative motions. Yeats-Rowe Decl. ¶ 6.

## II.    BACKGROUND

On November 9, 2022, the TOUR re-filed its Motion to Compel, Dkt. 148, which was first served on PIF's attorneys on October 22, 2022. *See* Dkt. 144. On November 10, 2022, the Court ordered the following briefing schedule: PIF's response to the TOUR's motion to compel and any motion to quash ("Opposition and Motion to Quash") was due on November 22; the TOUR's reply in support of the motion to compel and opposition to motion to quash ("Reply and Opposition") was due on December 2, 2022; and PIF's reply in support of its motion to quash was due on December 6, 2022. Dkt. 152.

With its Opposition and Motion to Quash, PIF submitted the Declaration of Tim Taylor, which referenced the Shareholders' Agreement, purported to characterize certain aspects of that Agreement, but failed to attach it as an exhibit. Dkt. 165-2 ("Taylor Decl.") at ¶ 3. On November 28, counsel for the TOUR wrote to LIV to request production of the Shareholders' Agreement, along with other documents that were missing from LIV's production, all of which were squarely responsive to requests for production served by the TOUR three months earlier on August 31, 2021. Yeats-Rowe Decl. ¶ 3. On November 30, LIV acknowledged that the Shareholders' Agreement had not been produced, but still failed to produce it. *Id.* On December 16, the TOUR requested *again* that LIV produce the Shareholders' Agreement. *Id.* ¶ 4.

Finally, on December 21—two business days before the Christmas holiday, nearly three weeks after the TOUR's Reply and Opposition was due, and over a month after the November 18 deadline for substantial completion of document production—LIV produced the executed Shareholders' Agreement. *Id.* ¶ 5. As demonstrated by the highlighted copy of the Shareholders' Agreement and supplemental memorandum submitted herewith, that Agreement proves PIF's control over virtually every important action that LIV takes and devastates PIF's contrary arguments. LIV has never provided an explanation for its withholding of this key document.

## III.    ARGUMENT

When evaluating a motion for leave to file supplemental briefing, courts apply the "excusable neglect" standard of Rule 6 of the Federal Rules of Civil Procedure. *Strategic Execs. Agency, LLC v. Avalere Health, LLC*, 2020 WL 4354228, at *4 (C.D. Cal. May 29, 2020). To

2

2035883

1    determine whether supplemental briefing is justified under the "excusable neglect" standard, the

2    Ninth Circuit applies the factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

3    *P'ship*, 507 U.S. 380, 395 (1993): (1) the danger of prejudice to the non-moving party, (2) the

4    length of delay and its potential impact on judicial proceedings, (3) the reason for the delay,

5    including whether it was within the reasonable control of the movant, and (4) whether the moving

6    party acted in good faith. *Strategic Execs. Agency, LLC*, 2020 WL 4354228, at *4. Here, each of

7    these factors weighs in favor of granting the TOUR leave to file its supplemental exhibit and

8    memorandum and against PIF's supplemental submission.

9        **A.      The TOUR should be permitted to file its supplemental materials.**

10       *First*, the TOUR's supplemental filing poses no risk of prejudice to PIF, but the TOUR

11   will be severely prejudiced if it is not permitted to supplement the record with the Shareholders'

12   Agreement. There is no prejudice to PIF because it has been in possession of the Shareholders'

13   Agreement and aware of its relevance since the beginning of this dispute. Indeed, the Agreement

14   was executed on October 7, 2021, and referenced in the Taylor Declaration though, as is now

15   clear, in a highly misleading fashion. Dkt. 165-2. PIF had every opportunity to timely produce the

16   Shareholders' Agreement and address its contents. Instead, PIF strategically chose to delay its

17   production until after briefing on the motion closed, and then tried to bury it in a production by

18   LIV dumped on the TOUR right before the Christmas holiday. The reason for PIF's tactic is

19   obvious: it knew that the Shareholders' Agreement would show its legal control over LIV and,

20   therefore, sink its counter-factual arguments to avoid producing discovery in this case.

21       Conversely, the TOUR will be severely prejudiced if it is not permitted to submit the

22   Shareholders' Agreement and a supplemental memorandum. PIF repeatedly attacked the TOUR

23   for supposedly lacking evidence of PIF's control over LIV, all while ***knowingly withholding***

24   ***direct evidence of that control***. The TOUR is entitled to an opportunity to rebut PIF's misleading

25   and outright dishonest characterizations of the extent of its control over LIV.

26       *Second*, the TOUR has acted diligently. The TOUR brings this motion just one week after

27   the holidays, and less than three weeks after the Shareholders' Agreement was produced (even

28   accounting for the intervening holidays). There would have been no need for supplemental

2035883

briefing at all had PIF attached the Agreement to the Taylor Declaration or timely produced it at the substantial completion deadline, or in response to the TOUR's multiple requests. Moreover, the supplemental filing will not affect the upcoming January 13 hearing on the Motion to Compel and Motion to Quash. PIF has already made extensive (misleading and false) arguments disclaiming control over LIV—all with the benefit of the Shareholders' Agreement, which it had in its possession but declined to include as an exhibit to either of its briefs. There is no basis to continue the hearing or permit PIF another opportunity to respond in writing to a document it has long possessed, but strategically chose not to attach or confront in its briefing.

*Third*, the delay was wholly outside of the TOUR's control and caused by the intentionally belated production of a key document by LIV, an entity almost entirely owned and—as the TOUR has argued, and the Shareholders' Agreement proves—controlled by PIF.

*Fourth*, the TOUR has acted in good faith by seeking leave to supplement the record as swiftly as possible given the late production of the Shareholders' Agreement.

### B.   PIF should not be permitted to file its supplemental materials

Every *Pioneer* factor weighs against granting PIF leave to file its supplemental materials. *First*, permitting PIF to submit additional briefing and a new expert report four days before the hearing would be extraordinarily prejudicial to the TOUR. Continuing the hearing will not remedy this prejudice. The TOUR would be forced to respond to this evidence and expert report in an extremely condensed time frame, while PIF has had weeks, if not months, to prepare its supplemental filings. Further, any continuance of the hearing will only further delay adjudication of this important motion, jeopardizing the expedited case schedule and trial date. The Local Rules and the Court's order setting the briefing schedule were "structured to deter an endless cycle of filings and counter-filings while preserving the Court's ability to render a decision that is fully-informed by any particularly germane legal authority that may emerge." *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011).

Here, ***none*** of PIF's untimely authority has newly emerged. The only thing that has newly emerged is another battalion in PIF's army of lawyers charged with shielding PIF from discovery in a case that it has authorized and directed. But hiring new lawyers does not permit PIF a second

bite at the apple. "[C]ourts have long held that an attorney's failure to attend to his client's case with due diligence rarely amounts to excusable neglect." *Strategic Execs. Agency, LLC*, 2020 WL 4354228 at *5. Indeed, if litigants were entitled to file supplemental materials every time they brought on new lawyers, courts would be barraged with "an endless cycle of filings and counter-filings." *Michael Taylor Designs*, 761 F. Supp. 2d at 909.

Moreover, PIF will not be prejudiced if denied leave to supplement because the laws of the Kingdom of Saudi Arabia have no bearing on PIF or Mr. Al-Rumayyan's claims to immunity. As the TOUR explained in its Reply and Opposition, even if PIF could demonstrate that production of the requested information would be in tension with Saudi law, "the balance [still] tips significantly" in favor of enforcing the subpoenas because PIF "undertook an obligation to comply with the lawful orders of the United States courts" when it "availed itself of business opportunities in this country." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475, 1477 (9th Cir. 1992). Dkt. 169 at 14. PIF **completely failed** to address this legal argument in its Reply brief. Dkt. 173 at 7. PIF should not now be permitted to file supplemental evidence for an argument it abandoned. *U.S. v. Reunion Mortg., Inc.*, 2013 WL 5944252, at *6 (N.D. Cal. Nov. 5, 2013) (failure to respond to an argument construed as "acknowledgement that [the] argument has merit").

*Second*, PIF's delay is extensive and unexplained, and cannot be used to further delay the resolution of this motion. *Third*, the delay is wholly within PIF's control, which has had since at least October 10, 2022, to prepare any submissions to support its positions. Yeats-Rowe Decl. ¶ 2. It has given **no explanation** for why this material could not have been submitted in a timely manner. *Fourth*, PIF has not acted in good faith by only raising with the TOUR its request to supplement its briefing with additional evidence and an expert report—which it has certainly been preparing or anticipating well in advance—on the eve of the hearing.

## IV.    CONCLUSION

For the foregoing reasons, the TOUR respectfully requests that the Court grant its Administrative Motion to file supplemental materials and deny PIF's Administrative Motion.

ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL MATERIAL
IN SUPPORT OF MOTION TO COMPEL
Case No. 5:22-cv-04486-BLF (SVK)

2035883

Dated:  January 9, 2023

KEKER, VAN NEST & PETERS LLP

By:   /s/ Elliot R. Peters

ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant
PGA TOUR, INC.

ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL MATERIAL
IN SUPPORT OF MOTION TO COMPEL
Case No. 5:22-cv-04486-BLF (SVK)

2035883