Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
**WHITE & CASE LLP**
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
**WHITE & CASE LLP**
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Non-Parties the Public Investment Fund of the Kingdom of Saudi Arabia And His Excellency Yasir O. Al-Rumayyan*.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | Case No. 5:22-cv-04486-BLF-SVK <br><br> **ADMINISTRATIVE MOTION OF NON-PARTIES THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND HIS EXCELLENCY YASIR O. AL-RUMAYYAN FOR LEAVE TO SUBMIT SUPPLEMENTAL MATERIAL ON THE PENDING MOTIONS TO COMPEL AND TO QUASH** <br><br> Judge: Honorable Susan van Keulen <br> Date Filed: August 3, 2022 <br> Trial Date: January 8, 2024 |

Pursuant to Federal Rule of Civil Procedure 44.1, and Civil Local Rules 7-11 and 7.3(d), Non-Parties the Public Investment Fund of the Kingdom of Saudi Arabia ("the PIF") and His Excellency Yasir O. Al-Rumayyan ("His Excellency" and together, "Non-Parties") respectfully move for leave to submit supplemental material in further support of their Motion to Quash and in further opposition to the Defendant PGA Tour's Motion to Compel (together, the "Discovery Motions"), specifically (i) the Saudi laws and regulations attached as Exhibits 1–6 hereto and (ii) an expert declaration regarding the Saudi-law issues implicated by the Discovery Motions.

As agreed with the Tour, this motion also responds to the Tour's request to submit additional material and a supplemental brief in support of its discovery of the Non-Parties. The Tour proposes to submit its own supplemental material on the Discovery Motions but objects to the Non-Parties doing so. *See* Decl. of Kimberly Havlin, ¶¶ 2–4. Non-Parties respectfully submit that the Discovery Motions raise complex, sensitive, novel, and critically important issues of foreign sovereign immunity and international comity, and the Court should receive the supplemental submissions proposed by both sides so it can render its ruling with the benefit of a complete record.

## ARGUMENT

### A. The Court Should Receive Non-Parties' Proposed Supplemental Authorities on Saudi Law

All parties recognize that the PIF is an "agency or instrumentality" of the Kingdom of Saudi Arabia within the meaning of the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1603(b); *see also* PGA Tour's Mot. to Compel 13:17-27 (ECF 148). The parties, however, dispute the implications of sovereign immunity and comity for enforcing discovery of the Non-Parties. Because of the PIF's sovereign status in particular, this discovery dispute presents critical issues of Saudi law this Court must consider to decide both sovereign immunity and international comity issues. Consistent with Federal Rule of Civil Procedure 44.1, the Court should reach its decision on the basis of a full record of Saudi law.

The court has an "independent obligation to adequately ascertain relevant foreign law" under Rule 44.1. *De Fontbrune v. Wofsy*, 838 F.3d 992, 997 (9th Cir. 2016) (cleaned up); *see also* Fed. R. Civ. P. 44.1 (instructing that a "court's determination [of foreign law] must be treated as a

ruling on a question of law"). This commonly includes review of expert testimony: "[i]ndependent research, plus the testimony of foreign legal experts, together with extracts of foreign legal materials, 'has been and will likely continue to be the basic mode' of determining foreign law." *De Fontbrune*, 838 F.3d at 997 (quoting *Universe Sales Co. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir. 1999)). Importantly, "such material and testimony may be considered '**at any time**.'" *Id.* at 997-98 (quoting *Stuart v. United States*, 813 F.2d 243, 250 (9th Cir. 1987), *rev'd* on other grounds) (emphasis added). Courts routinely consider expert testimony on motions that implicate sovereign immunity and foreign law. *See, e.g.*, *id.* (affirming district court decision to consider French law declaration on motion to dismiss); *Bd. of Trs. v. Zhang Yuzhen*, No. 19-cv-2904, 2022 U.S. Dist. LEXIS 176335, *14-15 (N.D. Cal. Sept. 28, 2022) (reviewing expert declaration on Chinese law).

The proposed supplemental materials on Saudi law would assist the Court in the delicate balancing of sovereign interests under the international comity inquiry in particular. Courts have emphasized that "the demands of comity in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation," require U.S. courts "take care to demonstrate due respect for any special problem confronted by the foreign litigant" as well as "any sovereign interest expressed by a foreign state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 546 (1987); *see also Champion v. Feld Ent., Inc.*, No. 20-cv-2400, 2022 U.S. Dist. LEXIS 99151, at *12 (S.D. Cal. June 2, 2022) (explaining that *Aerospatiale*'s comity concerns work to "curb 'unnecessary' discovery to foreign nonparty litigants"). "[T]he most important factor" in the comity analysis is the balance of national interests, and U.S. courts must therefore "assess the interests of each nation in requiring or prohibiting disclosure." *Richmark Corp. v. Timber Falling Cons.*, 959 F.2d 1468, 1476 (9th Cir. 1992); *see also Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 160 (S.D.N.Y. 2011) ("[w]hile the United States certainly has a general interest in enforcing its laws," an entity's "non-party status mitigates against these interests").

In this case, enforcing the subpoena as to Non-Parties could force them to violate multiple Saudi laws regarding disclosure of confidential information, exposing the PIF's employees to significant penalties under Saudi law, including fines and lengthy terms of imprisonment. *See* Mot. to Quash 16:7-13; Decl. of His Excellency ("PIF Decl.") (ECF 166-4) ¶¶ 8-11. Like the laws of

many countries, the Saudi laws implicated by the Tour's requested discovery as to Non-Parties are "not merely protective of private interests but expressive of [the Kingdom's] public interest" in maintaining the confidentiality of highly-sensitive information. *Motorola Credit Corp. v. Uzan*, 73 F. Supp. 3d 397, 404 (S.D.N.Y. 2014). This public interest is even more imperative here given the PIF's sovereign status and integral role in the Kingdom's economy. PIF Decl. ¶ 12. A U.S. court order compelling disclosure of confidential information as to the PIF in violation of Saudi law could cause sweeping effects beyond the instant case and into U.S.-Saudi relations, and the Court should take such a decision only after considering a full record on Saudi law.

Specifically, Non-Parties seek to bring to the Court's attention five additional Saudi laws and rules, with a supporting expert declaration providing critical testimony on the interpretation and application of these provisions and the judicial practice concerning their enforcement:

- the Law of Evidence promulgated by Royal Decree No. M/43 dated 26/05/1443H (Dec. 30, 2021) (attached as Exhibit 1, in official English translation and original Arabic);

- the Code of Conduct Rules and the Ethics of the Public Employment issued by Council of Ministries Resolution No. 555 dated 25/12/1437H (Sept. 28, 2016) (attached as Exhibit 2, with attorney-translated excerpts and original Arabic);

- the Law of Trials of Ministers promulgated by Royal Decree No. 88 dated 22/09/1380H (Mar. 9, 1961) (attached as Exhibit 3, with attorney-translated excerpts and original Arabic);

- the Civil Service Law issued by Royal Decree No. M/49 dated 10/07/1397H (June 26, 1977) (attached as Exhibit 4, in original Arabic); and

- the Public Service Crime Sanctions issued by Royal Decree No. 43 dated 20/10/1345H (Apr. 22, 1927) (attached as Exhibit 5, in original Arabic).[1]

These authorities present additional restrictions the Court should consider on the information the PIF and its public-official Chairman and employees may disclose, even when faced with an international request for judicial assistance. For example, Article 71(3) of the Law of Evidence forbids testimony about confidential information that has come to one's knowledge by virtue of his performance of his public work, unless such information is no longer confidential, or the relevant competent authority authorizes such testimony. Ex. 1 at 17. Article 13 of the Code of Conduct Rules and Ethics of Public Employment provides that a public official shall not disclose

---

[1] Additional English translations of Exhibits 2–5 will be provided when available.

-3-

confidential information that is important, confidential, or private and have been obtained or viewed by the public official due to his position unless expressly permitted under the Code. Ex. 2 at 1.

These authorities also identify additional, and significant, penalties or consequences for violations of such prohibitions, beyond those already discussed in the PIF's Motion and the PIF Declaration. For example, Article 5(d) of the Law of Trials of Ministers provides that a Minister may be subject to a term of imprisonment for "intentionally violating the laws, regulations and orders that result in the loss of the financial rights of the State." Ex. 3 at 1. Consequently, to the extent that a public official's disclosure of confidential information was deemed an intentional violation of an applicable law—such as the laws and orders restricting disclosure of confidential information discussed in this section—and such a violation caused the Kingdom to suffer a financial loss, the public official may face a term of imprisonment of up to ten years.

In addition to further explaining such laws and the judicial practice in applying them, the proposed expert declaration would provide context and additional detail on the Saudi laws already referenced in the Discovery Motions, namely the PIF's governing statute (ECF 166-4, at 10), the Penal Law on Dissemination and Disclosure of Classified Information and Documents (attached as Exhibit 6, in official English translation and original Arabic), and High Order No. (M/1676). As contemplated by Rule 44.1, such discussion by a Saudi law expert would be helpful to the Court in evaluating the applicable Saudi law to assess the sovereignty and comity considerations involved in any order compelling Non-Parties to produce information to a U.S. court. *See Universe Sales*, 182 F.3d at 1038; *De Fontbrune*, 838 F.3d at 997-98. The curriculum vitae of the proposed expert is attached as Annex A, and he has committed to providing his opinion within two weeks of today.

The Tour does not appear to contest the relevance of these points (which cannot seriously be contested), but rather, even as it seeks to supplement the record for the Discovery Motions at the same time, the Tour has indicated it will contend that Non-Parties' request to supplement should be denied as untimely. It should not. White & Case entered appearances as separate counsel to Non-Parties on January 4, 2023. Given the complexity and diplomatic sensitivity of the issues implicated in the Discovery Motions, upon retention counsel immediately undertook to understand the full scope of the relevant Saudi law, and immediately consulted a Saudi law expert, and these

-4-

consultations revealed additional relevant information on applicable Saudi law. White & Case notified the Tour of the present request to submit supplemental materials on January 5. Simply put, this material on foreign law should be before the Court as the Court evaluates these sensitive issues of foreign sovereignty and international comity implicated in the Discovery Motions.

**B. Non-Parties Have No Objection To Both Parties Supplementing The Record**

While Non-Parties dispute the significance of the Subscription and Shareholders Agreement that the Tour seeks to introduce through its parallel Administrative Motion, they do not object to the Tour submitting the Agreement while both parties supplement the record. Non-Parties do object to the Tour's proposal that the Tour may supplement but Non-Parties may not. Non-Parties note that the document the Tour proposes to submit and brief was first referenced in the Declaration of Tim Taylor filed in support of the November 22, 2022 Motion to Quash (ECF 166), and the Tour has admitted to receiving it on December 21, 2022—yet the Tour elected to submit this document today, mere days before the Court's scheduled hearing. In all events, the PIF should have an adequate amount of time to respond to this new argument in writing.

## CONCLUSION

For the reasons stated above, Non-Parties respectfully request leave to supplement the record as set forth herein. Non-Parties propose to submit their supplemental material two weeks from today, with the Tour filing any response two weeks thereafter. Non-Parties further request the opportunity to respond to the Tour's supplemental material, in writing, no less than one week after it is filed. While Non-Parties have not seen the Tour's supplemental submission, given the nature of the material, counsel anticipate the need to confer with its clients overseas in preparing the response and respectfully request the time to do so. The Court may consider a single supplemental briefing schedule as set forth in the attached proposed order.

Non-Parties recognize that the supplemental submissions (of both parties) will occasion a brief delay in the hearing currently scheduled for January 13, 2023. Non-Parties submit that this brief delay is warranted and that the hearing should proceed after the record is fully developed with the complete submissions of all parties. Such submissions would still be completed well in advance of the March 30, 2023 cutoff for written discovery on the Court's latest schedule. *See* ECF 204.

| | | |
|---|---|---|
| Dated: January 9, 2023 | By: | /s/ *Carolyn B. Lamm* |

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
**WHITE & CASE** LLP
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
**WHITE & CASE** LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
**WHITE & CASE** LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Non-Parties the Public Investment Fund of the Kingdom of Saudi Arabia And His Excellency Yasir O. Al-Rumayyan.*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Carolyn B. Lamm, attest that concurrence in the filing of this document has been obtained.

Executed: January 9, 2023      /s/      *Carolyn B. Lamm*
                                        Carolyn B. Lamm

-7-

ADMINISTRATIVE MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITIES
CASE NO. 5:22-cv-04486-BLF-SVK

-8-

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the attorneys of record in this case.

Executed: January 9, 2023          /s/          *Carolyn B. Lamm*
                                                Carolyn B. Lamm