# EXHIBIT 1



**Bureau of Experts at the Council of Ministers**

**Official Translation Department**

**Law of Evidence**

Royal Decree No. M/43
December 30, 2021

**Last Update**
September 18, 2022



Law of Evidence

**NOTE:**

The translation of Saudi laws takes the following into consideration:

- Words used in the singular form include the plural and vice versa.
- Words used in the masculine form include the feminine.
- Words used in the present tense include the present as well as the future.
- The word "person" or "persons" and their related pronouns (he, his, him, they, their, them) refer to a natural and legal person.



**Law of Evidence**

**Part 1: General Provisions**

### Article 1

The provisions of this Law shall apply to civil and commercial transactions.

### Article 2

1. A claimant shall have the burden of proof and a defendant shall have the burden of defense.
2. Facts of a case intended to be proven must be relevant, material, and admissible.
3. A judge may not rule based on his personal knowledge.

### Article 3

1. A claimant shall provide evidence and a denying party shall take an oath.
2. Evidence shall be provided to disprove an apparent fact and an oath shall be taken to affirm a fact.
3. The effect of evidence as a means of proof shall be extensible while the effect of admission shall be limited to the admitting party.
4. A fact established by evidence shall be equivalent to a fact established by eye-witnessing.

### Article 4

Without prejudice to the provisions of this Law, if evidence is conflicting and irreconcilable, the court shall admit the evidence with the most probative value to the facts of the case; if the court is unable to make a determination, the court shall exclude all such evidence. In all cases, the court must provide in its judgment the reasons for the inclusion or exclusion of evidence.

### Article 5

No specific form shall be required to prove an obligation, unless a specific form is stipulated by a statutory provision or agreed upon by the parties.

### Article 6

1. The court shall enforce the rules of evidence agreed upon by the parties, unless such agreement is inconsistent with public policy.
2. An agreement between the parties, as provided under this Law, shall not be deemed valid unless it is made in writing.

### Article 7

1. Orders and decisions relating to evidentiary procedures shall not require reasoning, unless a judgment is rendered.

2. In all cases, judgments rendered in summary evidentiary cases shall be reasoned.

## Article 8

1. If the court decides to initiate an evidentiary procedure, or assigns a judge for such purpose, it shall set a date therefor.
2. If the parties to a case are notified of the date designated by the court to initiate evidentiary procedures, the court may initiate such procedures even if the parties are not present.

## Article 9

1. A court may reverse the decision of an evidentiary procedure it initiated, provided that the grounds for the reversal are indicated in the hearing records.
2. A court may disregard the results of an evidentiary procedure, provided that it indicates the grounds therefor in its judgment.

## Article 10

Evidentiary procedures carried out electronically shall be subject to the provisions of this Law.

## Article 11

1. Evidentiary procedures including admission, questioning, testimonies, and oaths shall be carried out before the court. If not feasible, the court may proceed to the person's location or assign one of its judges for such purpose.
2. If the person who makes an admission, is questioned, provides a testimony, or takes an oath, and the like, is domiciled beyond the territorial jurisdiction of the court and evidentiary procedures cannot be carried out electronically, the court may delegate the court located where such person is domiciled to carry out such procedures. In such case, the delegated court shall be notified of the delegation decision.

## Article 12

A person with a speech disability shall make an admission, be questioned, provide testimony, and take, tender, or decline an oath in writing. If said person does not know how to write, he shall carry out said actions using his usual signs.

## Article 13

Without prejudice to the Kingdom's obligations under international agreements to which it is party, the court may accept evidentiary procedures carried out outside the Kingdom, unless they are inconsistent with public policy.

## Part 2: Admission and Questioning of Litigants

## Chapter 1: Admission

### Article 14

1. An admission shall be deemed a judicial admission if a litigant admits before the court to a fact alleged against him during consideration of a case relating to said fact.
2. An admission shall be deemed extrajudicial if the litigant admits outside the court to a fact alleged against him or if the admission is made during the proceedings of another case.

### Article 15

1. A person making an admission must have the capacity to carry out the admitted act.
2. An admission made by a competent minor who is permitted to buy and sell shall be deemed valid to the extent of such permission.
3. An admission made by a trustee, guardian, endowment administrator, or persons of similar capacity shall be valid in matters they attended to which fall within their capacity.

### Article 16

1. An admission may be explicit or implicit, whether verbal or written.
2. An admission contrary to an apparent fact shall not be accepted.

### Article 17

A judicial admission shall be conclusive against the person making the admission and shall be limited thereto.

### Article 18

1. An admission shall be binding on the person making the admission and may not be retracted.
2. An admission shall not be divisible, unless it relates to multiple facts and the existence of one fact does not necessarily entail the existence of other facts.

### Article 19

An extrajudicial admission shall be established in accordance with the provisions of this Law; testimonies may not be used to establish extrajudicial admissions except for cases in which proof by testimony is admissible.

 Law of Evidence

## Chapter 2: Questioning Litigants

### Article 20

1. The court may, on its own motion or the motion of a litigant, question any present litigant.
2. A litigant may directly question the adverse litigant.

### Article 21

1. The court may, on its own motion or the motion of a litigant, summon the adverse litigant for questioning. The summoned litigant shall attend the scheduled hearing.
2. If, without an acceptable justification, a litigant fails to appear for questioning or refuses to answer questions, the court may draw its own conclusions and may accept as evidence witness testimonies and presumptions in cases where such evidence is inadmissible.
3. The provision of paragraph (2) of this Article shall apply to any litigant who fails to come before the court or refuses to answer the questions.

### Article 22

If a litigant is fully or partially incompetent, questioning shall be directed to his representative. The court may directly question such litigant on matters wherein he is deemed competent and is authorized. Questioning of a legal person shall be directed to its legal representative. In all cases, the person to whom questioning is directed shall have the capacity to carry out the disputed right.

### Article 23

1. A litigant shall provide his answers during the same hearing, unless the court decides to set a date for such answers.
2. Answers shall be provided in the presence of the person requesting the questioning; however, the questioning shall not be dependent upon such person's presence.

### Article 24

1. A litigant shall have the right to object to any question directed to him, provided he gives grounds therefor.
2. The court shall not allow any questioning that is irrelevant, inadmissible, or immaterial to the case.

## Part 3: Writing

## Chapter 1: Official Documents

### Article 25

1. An official document is a document in which a public servant or a person assigned to public service records actions taken by him or by concerned parties as received therefrom in accordance with the law and within the limits of his powers.
2. If a document does not satisfy the requirements set forth in paragraph (1) of this Article, it shall have the legal effect of an ordinary document, provided that it is signed by the concerned parties.

### Article 26

1. An official document shall have probative force with regards to actions recorded therein, whether such actions are taken within the limits of the duties of the person who drafted it or taken by the concerned parties in his presence, unless it is established that such document is forged.
2. A statement of a concerned party recorded in an official document shall have probative force against such party, unless it is proven otherwise.

### Article 27

1. If the original official document is available, its official copy shall have probative force to the extent that it is a true copy of the original.
2. A copy shall be deemed official if it is true to the original, in accordance with applicable procedures.
3. An official copy shall be deemed to be a true copy of the original, unless challenged by a concerned party; in such case, it shall be verified against the original.

### Article 28

An official copy shall have the probative force of the official original document if the original document is not available and the copy appears to be a true copy thereof. Other copies may be considered but shall not have sufficient probative force.

## Chapter 2: Ordinary Documents

### Article 29

1. An ordinary document shall be deemed drafted by the person who signed it and shall have probative force against him, unless he explicitly denies the handwriting, signature, seal, or fingerprint attributed to him or unless his

successor explicitly denies the same or claims ignorance of the handwriting, signature, seal, or fingerprint of the person from whom he received the right.
2. A person against whom an ordinary document is used and who discusses its substance before the court may not deny its validity thereafter nor claim ignorance of its issuance by the person from whom he received the right.

## Article 30

Correspondence signed or established to be attributed to the sender shall have the probative force of an ordinary document, unless the sender proves that he did not send such correspondence nor delegate another person to do so.

## Article 31

1. A commercial book shall not be deemed evidence against a non-merchant. However, in matters that can be established by witness testimony, the contents of such books may be used by the court as the basis for demanding a suppletory oath from the party with the most compelling argument.
2. A merchant's mandatory and well-maintained commercial books shall constitute evidence against another merchant. However, their probative force shall be forfeited upon the provision of counter evidence by any means of proof, including the adverse litigant's well-maintained books.
3. A merchant's mandatory commercial books, whether well-maintained or not, shall constitute evidence against its owner if used by the adverse litigant, whether a merchant or not. In such case, entries that benefit the owner of said books shall also constitute evidence in his favor.
4. If a merchant uses the books of an adverse merchant as a basis for his claim and accepts the contents thereof in advance and the adverse merchant unjustifiably refuses to provide access to such books, the court may order the merchant to take a suppletory oath in support of the validity of his claim.

## Article 32

Personal books and papers, even if digitally recorded, may not be deemed evidence against their owner unless he:

1. explicitly states that his debt has been satisfied; or
2. explicitly states therein that their content is intended to serve as proof of debt in favor of a person for whom he has established a right.

In either case, if the information stated therein is not signed by their owner, he may prove otherwise using all evidentiary means.

## Article 33

1. If a proof of debt is indorsed by a creditor discharging the debtor from the debt and such indorsement is made in his own handwriting but without his signature, it shall be deemed evidence against the creditor, until proven otherwise. An indorsement discharging the debtor from the debt shall also be deemed evidence against the creditor, even if it is not in his handwriting or signed by him, provided that the proof of debt has never left his possession.

2. The provision of paragraph (1) of this Article shall apply to an unsigned handwritten indorsement made by the creditor on another original proof of debt or receipt in the possession of the debtor discharging him from the debt.

## Chapter 3: Motion to Compel Production of Documents

### Article 34

1. A litigant may, in the following cases, file with the court a motion to order an adverse litigant to produce documents in his possession that are material to the case:
   a) If the law allows the litigant to demand production or delivery of documents.
   b) If a document is a joint document between the litigant and the adverse litigant. A document shall be deemed joint if it serves the interest of both litigants or establishes their reciprocal obligations and rights.
   c) If the adverse litigant relies on such document at any stage of the case.
2. The motion referred to in paragraph (1) of this Article shall not be granted unless it provides the following:
   a) A detailed description of the document and its contents.
   b) The evidence and circumstances indicating that the document is in the possession of the adverse litigant.
   c) The fact referenced in the document and the grounds for ordering the adverse litigant to produce the same.

### Article 35

1. If the adverse litigant admits that the document is in his possession or remains silent, or if the claimant establishes the validity of his motion, the court shall order the production of said document.
2. If the adverse litigant refuses to produce the required document after being notified once, the copy of the document submitted by the person making the motion shall be deemed valid and a true copy of the original. If the person making the motion fails to submit a copy of the document, the court may accept his statement regarding the form and substance of the document.
3. If the adverse litigant denies the existence of such document and the person making the motion fails to submit to the court sufficient evidence establishing the validity of his motion, he may petition the court to order the adverse litigant to take an oath regarding such document, in accordance with the provisions established in Part 8 of this Law. If the adverse litigant declines to take the oath or tenders it back to the person making the motion and said person takes the oath, the copy of the document submitted by the person making the motion shall be deemed valid and a true copy of the original. If the person making the motion fails to produce a copy of the document, the court may accept his statement regarding the form and substance of the


Law of Evidence

document.

**Article 36**

1. A litigant in a commercial lawsuit may request the adverse litigant to produce or provide access to a document that is related to the lawsuit, and the court shall issue an order to this effect provided that the document is:
   a) specified *per se* or by its type;
   b) relevant to the commercial transaction subject of the lawsuit or contributes to revealing the facts therein; and
   c) not confidential pursuant to a special provision or an agreement between the litigants, and access thereto does not violate any right to a trade secret or a right related thereto.

2. If a litigant refuses to comply with the court's order to produce to the adverse litigant the documents requested in accordance with paragraph (1) of this Article, the court may deem his refusal presumptive evidence.

**Article 37**

Subject to the provisions stipulated in the previous articles, the court may, on its own motion or the motion of a litigant, and at any stage of the case, decide to:

1. order the joinder of a third party to produce a document in his possession; or
2. request from a public entity a document or a copy thereof that is certified to be a true copy of the original if the litigant is unable to produce the document. The court may, to the extent permitted by law, request the public entity to provide verbally or in writing information relevant to the case.

### Chapter 4: Establishing the Authenticity of Documents

### Section 1: General Provisions

**Article 38**

1. The court may determine whether material defects in a document would invalidate it or diminish its probative value, and may decide to consider all or part of the contents of the document.
2. If the court doubts the authenticity of a document, it may question the issuer regarding the document or demand clarification from the person who drafted it.

**Article 39**

1. Official and ordinary documents may be contested for forgery, whereas only ordinary documents may be contested for the authenticity of their writing, seal, signature, or fingerprint.

2. A litigant who claims forgery shall bear the burden of proof. If a litigant denies that he issued the ordinary document or if his successor or agent denies the same or claims ignorance thereof, the adverse litigant shall have the burden of proving that the litigant or his predecessor issued the same.
3. If a litigant admits the authenticity of a seal used on an ordinary document but denies having used the seal thereon, he shall contest the document in question on grounds of forgery.

### Section 2: Contesting the Authenticity of the Handwriting, Signature, Seal, or Fingerprint, and Verification of Handwriting

### Article 40

If a person against whom an ordinary document is used denies the handwriting, signature, seal, or fingerprint attributed to him or his successor or agent denies the same or claims ignorance thereof, and the adverse litigant asserts the validity of the document and the document is material to the case but the facts and documents of the case are not sufficient to convince the court of the validity of the handwriting, signature, seal, or fingerprint, the court shall order authentication by comparison or witness testimony, or by both, in accordance with the rules and procedures stipulated in this Law. A testimony shall be heard only to establish whether or not the handwriting, signature, seal, or fingerprint on the document in question was made by the person against whom the document is used.

### Article 41

1. The court shall schedule a hearing for the litigants to appear and present their documents for comparison and to agree on the documents suitable for comparison. If the litigant upon whom the burden of proof falls fails to appear without an acceptable justification, the court may decide to forfeit his right to use the documents as evidence. If the adverse litigant fails to appear, the court may decide to deem such documents valid for comparison.
2. The litigant who challenges the authenticity of the document shall appear in person to give a specimen of his handwriting on the scheduled date. If he fails to appear without an acceptable justification or if he appears but refuses to give a specimen of his handwriting, the court may deem the document valid.

### Article 42

1. If litigants fail to agree on the documents suitable for comparison, only the following shall be accepted:
   a) The handwriting, signature, seal, or fingerprint on official documents.
   b) Any part of the document subject of the authentication that the litigant admits as being valid.
   c) The litigant's handwriting, signature, or fingerprint that he provides before

the court.

d) The handwriting, signature, seal, or fingerprint on ordinary documents that are established to belong to the litigant.

2. The contested handwriting, signature, seal, or fingerprint shall be compared against those which are made on documents established to be authentic.

### Article 43

1. If a judgment is rendered authenticating the entire document, a fine not exceeding ten thousand riyals shall be imposed on the contesting litigant, without prejudice to the rights of the concerned parties to seek compensation.
2. A fine shall not be multiplied in case of multiple successors or agents, and shall not be imposed on any of them if their denial is based on a claim of ignorance.

### Section 3: Claim of Forgery

### Article 44

1. A claim of forgery may be made at any stage of the case by a motion made before the court or by a motion entered into the hearing records; the claim shall specify the parts alleged to be forged, evidence thereof, and the authentication procedures sought for establishing the claim.
2. If the claim of forgery is material to the case and the facts and documents of the case are not adequate to convince the court as to the authenticity or forgery of the document, and if the court decides that the authentication procedure requested by the claimant of forgery is material to the case and admissible, it shall order such authentication.
3. An order to investigate a claim of forgery by comparison or witness testimony, or by both, shall be issued pursuant to the rules and procedures stipulated in this Part.

### Article 45

1. A claimant of forgery shall deliver to the court the alleged forged document if it is in his possession or a copy thereof. If he refuses to deliver the original document or the copy, as the case may be, his claim of forgery shall be forfeited and may not be accepted thereafter.
2. If the document is in the possession of the adverse litigant, the court may order him to deliver such document to the court or order the document to be seized and deposited therewith. If the adverse litigant refuses to deliver the document and the court is unable to seize it, said document shall be deemed non-existent. This shall not preclude the court from seizing the document in the future, if feasible.

### Article 46

1. A person who claims forgery of a document may abandon his claim prior to

Law of Evidence

completion of the authentication procedure; any claim of forgery relating to the same document may not be accepted from him thereafter.

2. A person accused of forgery may terminate the authentication procedure at any stage by relinquishing the use of the allegedly forged document as evidence. In such case, the court may order the document be seized or kept therewith if requested by the claimant of forgery for a legitimate reason.

## Article 47

An order to investigate a claim of forgery shall suspend the enforceability of the allegedly forged document, without prejudice to precautionary measures.

## Article 48

The court may, even if no claim of forgery is made, dismiss and invalidate any document if its condition or the circumstances of the case clearly indicate that it is forged. In such case, the court shall state in its ruling the circumstances and presumptions upon which it based such ruling.

## Article 49

1. If a claim of forgery of a document is dismissed or the right of the claimant to prove such forgery is forfeited, a fine not exceeding ten thousand riyals shall be imposed thereon, without prejudice to the rights of the concerned parties to claim compensation.
2. A fine shall not be imposed on a claimant of forgery if he abandons his claim prior to completion of the authentication procedure, unless it is established to the court that such claim is frivolous or intended to delay ruling on the case.
3. A fine shall not be imposed on a claimant of forgery if part of his claim is proven to be true.
4. If a document is established to be forged, the court shall refer such document to the Public Prosecution for necessary action.

## Section 4: Original Claim of Forgery

## Article 50

A person who fears that a forged document may be used against him may sue the person possessing the document or benefiting therefrom, in accordance with case filing procedures. The court shall, while investigating the case, take into consideration the rules and procedures stipulated in this Part.

## Chapter 5: Final Provisions on Writing

### Article 51

1. Where this Law is silent and in cases requiring written evidence, a judicial admission, a decisive oath, or the commencement of proof by writing supported by other means of proof may be used instead of written evidence.
2. Commencement of proof by writing refers to any writing made by a litigant and intended to render the existence of the alleged act probable.

### Article 52

Without prejudice to the Kingdom's obligations under international agreements to which it is party, the court may accept as proof paper or digital documents issued outside the Kingdom and certified by the competent authorities in the country where the documents are issued and the competent authorities in the Kingdom, unless they violate public policy.

## Part 4: Digital Evidence

### Article 53

Digital evidence is evidence derived from any data generated, issued, delivered, stored, or communicated by digital means, and is retrievable or obtainable in a comprehensible form.

### Article 54

Digital evidence shall include the following:

1. Digital registers.
2. Digital documents.
3. Digital signatures.
4. Digital correspondence, including e-mails.
5. Means of communication.
6. Digital mediums.
7. Any other digital evidence.

### Article 55

Proof by digital evidence shall have the same legal effect as proof by writing as set out in this Law.

### Article 56

Official digital evidence shall have the same probative value as an official document if it satisfies the requirements stipulated in Article 25(1), including documents automatically generated by digital systems of public agencies or agencies assigned to carry out a public service.

### Article 57

Unofficial digital evidence shall, unless proven otherwise, be binding on the parties to the transaction if it is:

1. issued pursuant to the Electronic Transactions Law or the E-Commerce Law;
2. derived from a digital means stipulated in the contract subject of the dispute; or
3. derived from a verified or publicly available digital means.

### Article 58

A litigant who claims that the digital evidence provided for in Articles 56 and 57 is invalid shall have the burden of proof.

### Article 59

Notwithstanding Articles 56 and 57 of this Law, digital evidence shall have the same probative value as ordinary documents, as set out in this Law.

### Article 60

Digital evidence shall be submitted in its original form or in any other digital form. The court may request the contents of the digital evidence be submitted in writing if the nature of such evidence so permits.

### Article 61

If a litigant refuses to submit proof requested by the court to verify the validity of the digital evidence without an acceptable justification, his right to invoke such evidence shall be forfeited or deemed proof against him, as the case may be.

### Article 62

If it is not feasible to verify the validity of the digital evidence for reasons not attributable to the litigants, the court shall, on its own motion, assess its probative value based on the circumstances of the case.

### Article 63

1. Extracts from digital evidence shall have the same probative value as the evidence itself to the extent that such extracts and the digital register are identical.
2. Paragraph (1) of this Article shall apply to extracts from digital payment methods.

### Article 64

Where this Part is silent, the provisions of Part 3 of this Law shall apply to digital evidence, in a manner not inconsistent with its digital nature.

## Part 5: Testimony

## Chapter 1: Subject of Testimony

### Article 65

Absent a specific provision providing otherwise, witness testimony may be used as proof.

### Article 66

1. Any disposition obligation the value of which exceeds one hundred thousand riyals or its equivalent, or the value of which is undetermined, shall be established in writing.
2. Absent a specific provision providing otherwise, witness testimonies shall not be accepted in establishing the existence or satisfaction of the disposition obligation referred to in paragraph (1) of this Article.
3. An obligation shall be assessed according to its value at the time the disposition is issued without adding ancillary costs to the principal amount.
4. If a lawsuit includes multiple claims arising from multiple sources, witness testimonies may be used to establish each claim the value of which does not exceed one hundred thousand riyals, or its equivalent, even if the total value of such claims exceeds said amount, or if such claims have arisen from dealings between the litigants or from dispositions of the same nature.
5. Proof of partial fulfillment of the obligation shall be based on the value of the principal obligation.

### Article 67

Witness testimonies may not be used as proof even if the value of a disposition obligation does not exceed one hundred thousand riyals, or its equivalent, in the following cases:

1. If the Law requires that the validity or establishment thereof must be in writing.
2. If the claim involves the remainder or part of a right which may only be established in writing.
3. If the testimony contradicts or exceeds the contents of a written evidence.

### Article 68

Witness testimonies may be admissible in cases in which written proof is required, in the following cases:

1. If commencement of proof by writing exists.
2. If written evidence cannot be obtained due to material or moral reasons. Material reasons include the absence of a person who can assume the task of writing and cases where the person requesting proof is a third person who is not a party to the contract. Moral reasons include, among others, relationships between spouses, in-laws, and kinships up to the fourth

 Law of Evidence

degree.
3. If it is established that the claimant has lost the written evidence for reasons beyond his control.

## Article 69

Testimony shall be based on anything that has been seen, heard, or inspected. Testimony by hearsay shall be accepted only in matters that cannot otherwise be known; this shall include the following:

1. Death.
2. Marriage.
3. Paternity.
4. Absolute ownership.
5. Endowments and wills and the beneficiaries thereof.

### Chapter 2: Conditions and Impediments of Testimony

### Article 70

1. A person who is under the age of 15 and a person who is mentally incompetent shall not have the legal capacity to provide testimony.
2. The statements made by a person who is under the age of 15 may be heard but shall not have sufficient probative force.

### Article 71

1. Prior to providing testimony, a witness must disclose any relationship he has with the parties to the case or any interest he has therein.
2. A testimony shall not be heard from a person who may avoid damage or gain interest from such testimony; from an ascendant for his descendants; from a descendant for his ascendants; from a spouse for the other spouse, even after dissolution of marriage; or from a guardian or trustee for those under his guardianship or trust.
3. Employees and those assigned to public service may not, even after leaving service, provide testimony if said testimony includes confidential information to which they become privy during the course of their service, unless such information is declassified or unless the relevant agency permits its use in testimony upon the request of the court or the request of a litigant.

### Chapter 3: Procedures for Proof by Testimony

### Article 72

1. A litigant who requests proof by testimony shall state the facts he seeks to establish and the number of witnesses and their names.
2. If the court permits a litigant to establish a fact by witness testimony, the adverse litigant shall have the right to rebuttal in the same manner. In all

cases, a testimony denying a fact shall not be accepted, unless it is limited.
3. The court may, on its own motion or on the motion of a litigant, summon any person whose testimony it deems necessary.

### Article 73

If a litigant requests a continuance to present witnesses, a continuance shall be granted only once. If he fails to present the witnesses at the specified time without an excuse acceptable to the court, or presents witnesses the testimony of whom is ineffective, the court shall decide the case.

### Article 74

1. Testimony shall be given orally and may be given in writing if permitted by the court.
2. The court may administer an oath to a witness if necessary. If the witness refuses to take the oath, the court shall determine the effect of such refusal on his testimony.

### Article 75

1. Testimony shall be provided in the presence of the litigants. The testimony of each witness shall be heard separately, unless there is a valid reason not to do so.
2. Failure of a litigant against whom a testimony is made to attend the testimony shall not preclude the court from hearing such testimony. However, the litigant shall have access to the witness hearing transcript.

### Article 76

If the testimonies of witnesses are inconsistent, the court shall consider the parts of the testimonies it believes to be true, provided that such inconsistencies do not amount to contradiction.

### Article 77

1. A litigant may directly question witnesses. Upon completion of questioning, the litigant may not ask further questions, except with the court's permission.
2. The court may direct to a witness any question it deems conducive to revealing the truth.
3. A litigant may not interrupt a witness while providing testimony or answering questions.
4. A litigant may object to a question directed to a witness and shall state the grounds for his objection. The objection and the court's decision thereon shall be entered into the hearing records.
5. A witness may refuse to answer a question directed to him and shall state the grounds for his refusal. The refusal and the court's decision thereon shall be entered into the hearing records.

### Article 78

A testimony shall be entered into a record, along with the witness's particulars,

his relationship to the litigants, the text of his testimony, and his answers to the questions directed to him.

## Article 79

1. A litigant against whom a testimony is made may indicate to the court matters that may undermine the credibility of a witness or his testimony. The court shall assess the effect of such matters on the testimony.
2. The court may assess the integrity of a witness in terms of his conduct as well as the other circumstances of the case without a character witness. The court may, when necessary, employ any other means to assess said integrity.

## Article 80

If it is established to the court, while hearing a case or deciding on its merits, that a testimony was perjurious, it shall draft a report to this effect and refer the same to the Public Prosecution to take necessary action.

## Chapter 4: Summary Case for Hearing Testimony

## Article 81

1. If a person fears he might lose the opportunity to bring forth a witness to provide testimony in a matter that is likely to be brought before the court, he may request the hearing of such testimony in the presence of the concerned parties. The request for a summary case shall be filed with the competent court in accordance with applicable procedures. In exigent circumstances, the court shall hear a witness' testimony if the matter may be established by such method of proof.
2. The court may hear rebuttal witnesses upon the request of the other litigant as per the circumstances of the summary case.
3. With the exception of the above provisions, a testimony in a summary case shall be subject to the rules and procedures governing testimonies. In summary cases, a copy of the testimony hearing record may not be delivered or submitted to other courts unless the court before which the subject is brought decides that the matter can be established by testimony. A litigant may object to the admission of such evidence before said court and may petition to hear rebuttal witnesses.

## Chapter 5: Final Provisions on Testimony

## Article 82

A witness may not be harmed; the court shall prevent any attempt to intimidate or influence a witness during testimony.

**Article 83**

The court shall, upon the request of a witness, assess his transportation expenses and compensation for inconvenience. Such expenses shall be incurred by the litigant who loses the case; if the loss is shared by the litigants, each litigant shall bear expenses to the extent of his loss. The court shall indicate the expenses and compensation in the judgment issued on the subject-matter of the case.

## Part 6: Presumptions and *Res Judicata*

## Chapter 1: Presumptions

**Article 84**

Presumptions provided for under Sharia or law shall be considered sufficient evidence for the person in whose favor they have been admitted, rendering other means of evidence unnecessary. Absent a specific provision indicating otherwise, such presumptions may be rebutted by any other means.

**Article 85**

1. The court may, in cases in which proof by testimony is admissible, infer other presumptions, provided that it indicates their evidentiary significance.
2. The court may use scientific means to infer presumptions.

## Chapter 2: Res Judicata

**Article 86**

Res judicata judgments shall be deemed proof as to the rights decided thereby, and no evidence contrary to such judgments may be admitted. However, such judgments shall be deemed proof only in disputes that arise between the same litigants provided that their capacities remain unchanged and the dispute is related to the same right in terms of subject-matter and cause. The court shall, on its own motion, decide on res judicata.

**Article 87**

A court shall not be bound by a penal judgment related to a case brought before it, except for the facts for which a decision was rendered and a decision was necessary. Nevertheless, the court shall not be bound by a judgment of acquittal unless the judgment is based on refuting the commission of the incident by the accused.

**Part 7: Custom**

### Article 88

Evidence may be established by custom or common practice among litigants in cases where a specific provision or an agreement between litigants is absent or in cases not contrary to public policy.

### Article 89

1. A litigant who invokes custom or common practice between the litigants must prove the existence of the same at the time of the incident.
2. A litigant may challenge the existence of custom or common practice between the litigants, or may challenge the same by submitting stronger evidence.

### Article 90

In case of conflict, an established practice between the litigants and private custom shall take precedence over general custom.

### Article 91

The court may, when necessary, appoint an expert to verify the existence of a custom or common practice between litigants, in accordance with the provisions of Part 10 of this Law.

**Part 8: Oath**

**Chapter 1: General Provisions**

### Article 92

1. A decisive oath is an oath taken by a defendant to refute a claim; it may be tendered back to the plaintiff, in accordance with the provisions stipulated in this Part.
2. A suppletory oath is an oath taken by the plaintiff in accordance with the provisions of this Part to supplement his evidence; it may not be tendered back to the defendant.

### Article 93

An oath shall be taken by the litigant with the strongest argument.

### Article 94

1. A person who takes an oath shall have the capacity to carry out the act

 Law of Evidence

subject of his oath.
2. An oath may not be taken by proxy; however, it may be demanded, accepted, denied, and tendered back pursuant to a special power of attorney.

### Article 95

1. If the fact subject of the oath is related to the oath taker or intended to establish the act of another, the oath taker shall take an oath of affirmation. However, if said fact is intended to deny an act committed by a person other than the oath taker, he shall take an oath denying knowledge of said fact, unless the fact subject of the oath could be known to him; in such case, he shall take an oath of affirmation.
2. The oath shall be taken in the wording approved by the court.

### Chapter 2: Decisive Oath

### Article 96

1. An oath may be demanded in financial matters at any stage of the case, in accordance with the provisions stipulated in this Part.
2. An oath may not be demanded in an incident that violates public policy.
3. The court shall deny the litigant's petition demanding his adversary to take an oath if it is not admissible, relevant, or material to the case. The court may also deny a demand to take an oath if the adversary's demand is unwarranted.

### Article 97

1. If a plaintiff fails to provide evidence and demands his adversary to take an oath, the court shall demand such oath. If the adversary declines, the oath shall be tendered back to the plaintiff if requested by the adversary. If the plaintiff declines to take the tendered oath, his claim shall be dismissed.
2. If knowledge of a fact is limited to the defendant, he may not tender back the oath and a ruling stating his decline shall be rendered.
3. The plaintiff may demand his adversary to take an oath, unless a final judgment has been rendered on the case.
4. A person who demands or tenders back an oath may not retract it if his adversary accepts to take the oath.

### Article 98

A judgment shall be rendered in favor of a person who takes an oath demanded from him. If a person refuses to take an oath without tendering it back to his adversary or declines to take an oath tendered back to him, a judgment shall be rendered against him, provided he is warned of such judgment.

### Article 99

1. A plaintiff may abandon his evidence and directly demand the defendant to take an oath.

2. A plaintiff may demand the defendant to take an oath prior to providing his disclosed evidence; in such case, he shall, after being notified by the court, be deemed to have abandoned his evidence.
3. Subject to paragraph (2) of this Article, a litigant may not prove perjury of an oath taken by the person from whom it is demanded or to whom it is tendered back. However, if an oath is established to be perjurious pursuant to a penal judgment, the litigant harmed by the oath may claim compensation, without prejudice to his right to appeal the judgment rendered against him as a result of the perjurious oath.

**Article 100**

A guardian, trustee, endowment administrator, and persons of similar status may demand, decline, and tender back an oath in matters over which they have legal capacity. An oath shall be demanded from such persons in matters on which they have exercised their powers.

**Article 101**

The person who demands an adverse litigant to take an oath shall specify the facts subject of the oath and shall clearly state the wording of the oath. The court may amend the wording of the oath to ensure the facts subject of the oath are clearly stated.

**Article 102**

An oath shall be taken in the presence of the person demanding it, unless he waives his right to appear or fails to appear despite being notified of the hearing date.

**Article 103**

1. A person who is summoned to court to take an oath must attend the scheduled hearing.
2. If the person who is demanded to take an oath appears in person and does not contest the admissibility of the oath or its relevance to the case, he shall take the oath immediately or tender it back to the adverse litigant. If he refuses to take the oath, fails to tender it back to the adverse litigant, or fails to appear without justification, he shall be deemed to have declined to take the oath.
3. If the person who is demanded to take the oath appears in person but contests the admissibility of the oath or its relevance to the case, he shall provide grounds therefor. If the court is not convinced of such grounds, he shall take the oath; otherwise, he shall be deemed to have declined to take the oath.

**Article 104**

1. Oaths taken shall be commensurate with the number of litigants who demand such oaths, unless they are joint partners in the same right or are satisfied with a single oath.

2. Oaths taken shall be commensurate with the number of persons who are demanded to take such oaths.
3. The court may be satisfied with a single oath in case of multiple demands.

## Chapter 3: Suppletory Oath

### Article 105

1. The court shall demand the plaintiff to take a suppletory oath if the evidence he presents in financial matters is insufficient. If he takes the oath, a judgment shall be rendered in his favor; if he declines, his evidence shall be disregarded.
2. A suppletory oath shall be taken by a litigant to affirm his claim.
3. A suppletory oath may not be tendered back to the other litigant.

### Article 106

A guardian, trustee, endowment administrator, and persons of similar status shall take a suppletory oath in matters in which they have exercised their powers.

### Article 107

If multiple plaintiffs submit insufficient evidence, the court shall demand each of them to take a suppletory oath. If a plaintiff takes an oath, a judgment shall be rendered in his favor; if he declines, his evidence shall be disregarded.

## Part 9: Inspection

### Article 108

1. The court may, on its own motion or the motion of a litigant, decide to inspect the subject of the dispute and shall specify in its decision the date and place of the inspection. An absent litigant shall be notified of the decision at least 24 hours prior to the inspection date.
2. The court may appoint an expert to assist in the inspection and may hear the testimony of witnesses.

### Article 109

1. If a person fears the loss of evidence relating to a fact that may be disputed before the court, he may request the inspection and establishment of such evidence. Said request shall be made by means of a summary case filed with the competent court in accordance with applicable procedures. The inspection and establishment of such evidence shall be carried out pursuant to Article 108 of this Law.
2. The court may, in a case filed therewith, appoint an expert to proceed to a

location to inspect and take the statements of any person he deems necessary. The court shall schedule a hearing to hear the litigants' comments on the expert's work and report. The rules stipulated in Part 10 of this Law shall be observed.

## Part 10: Experts

### Article 110

1. The court may, on its own motion or the motion of a litigant, decide to appoint one expert, or more, to offer his opinion on technical issues which the court deems necessary to decide the case.
2. Upon selecting an expert, the expert's technical expertise in the disputed matter shall be taken into account.
3. If the litigants agree to appoint one expert, or more, the court shall approve their agreement.

### Article 111

The expert appointment decision shall include a detailed description of his duties, powers, and any urgent measures he is authorized to take.

### Article 112

1. The court shall, when necessary, determine the expert's fee, the litigant it assigns to deposit such fee, and the deadline for such deposit.
2. If the litigant fails to deposit the determined expert fee by the deadline set by the court, the adverse litigant may deposit said fee without prejudice to his right of recourse against the other litigant.
3. If the fee is not deposited by either litigant, the court may either decide to suspend the case until the fee is deposited if the case cannot be determined without the expert's opinion, or decide to forfeit the litigant's right to invoke the expert appointment decision if it finds that the litigant's justification for nonpayment is not acceptable.

### Article 113

An expert shall, prior to assuming his duties, disclose any conflict of interest or any relationship he has with the parties to the case. If he fails to make such disclosure, the court shall dismiss the expert and order him to return the fees. The court's decision shall be final and unappealable, without prejudice to disciplinary penalties and the right of the concerned parties to seek compensation from said expert.

### Article 114

1. A litigant may request the disqualification of an expert if there is reason to believe that he cannot perform his duties impartially. The expert may be disqualified if he is a relative or an in-law of a litigant up to the fourth degree;

an agent of a litigant in his private business; a litigant's trustee, guardian, or endowment administrator, or a person of similar status; or an employee of a litigant; or has an existing dispute with a litigant, unless the dispute is brought before the court following the expert's appointment with the intention of disqualifying him.

2. A motion made by a litigant to disqualify the expert whom he selected shall be denied, unless the reason for disqualification occurred after the selection. In all cases, a motion for disqualification may not be granted after closing arguments.

3. The court shall decide on a motion for disqualification within three days from the date of receiving the expert's response or from the date set for submitting such response. The decision on the motion shall be final and unappealable.

## Article 115

An expert may, in carrying out his work, undertake the following:

1. Hear the statements and comments of the litigants as well as of any person he deems necessary if the appointment decision so permits.
2. Request the litigants or others to deliver to him or provide him with access to their books, records, documents, papers, or items that he deems necessary to carry out his task.
3. Inspect the facilities, places, and items required to be inspected to carry out his task.

## Article 116

1. No person may, without legal justification, prevent an expert from carrying out his task in accordance with the provisions of Article 115 of this Law. In case of obstruction, the expert shall report the same to the court; the court may take any measures it deems necessary, including compelling said person to enable the expert to carry out his task, and, may to this end and if necessary, use force.
2. If the expert faces any obstacle in carrying out his task or needs to expand the scope thereof, he shall report the same to the court which shall take any measure it deems necessary.

## Article 117

1. The expert shall prepare a report on his work; it shall include the following:
   a) The task he is assigned to carry out as specified in the appointment decision.
   b) A detailed account of the tasks he carried out, the statements of litigants and others and the documents and evidence submitted thereby, and his technical analysis thereof.
   c) The opinions of other experts whose assistance he sought.
   d) The findings of his work and his technical opinion and a clear description of the grounds on which he based the same.
2. If multiple experts are appointed, a single report shall be prepared. In case of contrasting opinions, said report shall include the opinion of each expert

26

 Law of Evidence

and the grounds thereof.

### Article 118

1. If an expert fails to carry out his task without an acceptable justification, fails to diligently carry out his task, or fails to submit his report on the set date without justification, a notice shall be delivered to him no later than five days from the set date. If the expert fails to respond within five days from the date of receipt of the notice, the court shall dismiss him and order him to return the amounts he received, without prejudice to the imposition of disciplinary penalties and the right of the concerned parties to seek compensation from said expert.
2. The decision to dismiss the expert and order him to return the amounts he received shall be final and unappealable.
3. If it is established to the court that the delay in submitting the report is due to one of the litigants, a fine not exceeding ten thousand riyals shall be imposed on said litigant and the court may decide to forfeit his right to invoke the expert appointment decision.

### Article 119

The expert shall return anything he received during the course of his appointment, including all papers and documents, within 10 days from the date of completing his task. If he fails to do so without an acceptable justification, the court shall order him to deliver the same and shall impose a fine not exceeding ten thousand riyals. The court's decision shall be final and unappealable.

### Article 120

The court may, on its own motion or the motion of a litigant, and at any stage of the case, carry out the following:

1. Summon the expert to a scheduled hearing to discuss his report, orally or in writing; it may direct any questions thereto.
2. Order the expert to address any shortcomings and to rectify errors or deficiencies in his work; it may appoint one or more experts to assist him.
3. Appoint one or more experts to address any shortcomings and to rectify any errors or deficiencies in the work of the previous expert, or to restart the investigation. The appointed expert may use the information of the previous expert.

### Article 121

1. Litigants may, even prior to filing a lawsuit, agree to accept the findings of the expert's report, and the court shall approve such agreement, unless the report violates public policy.
2. Without prejudice to the provision of paragraph (1) of this Article, the court shall not be bound by the expert's report, and if the court decides not to admit all or part of such report, it shall provide in its judgment the reasons for such decision.
3. If the court decides not to admit all or part of the expert's report due to his negligence or error, it may order him to return everything he received or part

thereof, as the case may be, without prejudice to the imposition of any disciplinary penalties and the right of the concerned parties to seek compensation from said expert.

### Article 122

The litigant who loses the claim subject of the expert's report shall incur the expert fees. If the loss is shared by the litigants, the share incurred by each litigant shall be to the extent of his loss. The court shall indicate such matter in the judgment issued on the subject-matter of the case.

### Article 123

1. As an exception to the procedures relating to experts, the court may, pursuant to a decision to be entered into the hearing record, appoint an expert to provide an oral opinion on minor technical issues which do not require lengthy or complex work. Said opinion may be provided in writing pursuant to a court decision.
2. The court shall set in its decision the date of the hearing on which the expert shall provide his oral opinion or the date set for submitting his written opinion.

### Article 124

The court may rely on an expert's report submitted in another case instead of seeking the assistance of an expert in the case under consideration, without prejudice to the right of the litigants to examine the contents of such report.

### Part 11: Final Provisions

### Article 125

1. Where this Law is silent, evidentiary procedures shall be subject to the provisions of the Law of Civil Procedure or the Law of Commercial Courts, as the case may be.
2. Subject to the provision of paragraph (1) of this Article, evidentiary issues not provided for herein shall be subject to the Sharia provisions most consistent with this Law.

### Article 126

1. The Minister of Justice shall, in coordination with the Supreme Judicial Council, issue the following:
   a) Rules for electronic evidentiary procedures.

   b) Rules for regulating expert-related matters before the courts.

   c) Decisions and procedural guidelines necessary for the implementation of this Law.
2. The rules and procedural guidelines referred to in paragraph (1) of this Article shall be published in the Official Gazette, and shall enter into force on the



Law of Evidence

date this Law enters into force.

### Article 127

The assistance of the private sector may be sought in evidentiary procedures. The Minister of Justice shall, in coordination with the Supreme Judicial Council, issue the governing rules thereof.

### Article 128

This Law shall repeal Part 9 of the Law of Civil Procedure issued pursuant to Royal Decree No. (M/1), dated 22/1/1435H, and Part 7 of the Law of Commercial Courts issued pursuant to Royal Decree No. (M/93), dated 15/8/1441H, and shall repeal all provisions conflicting therewith.

### Article 129

This Law shall enter into force 180 days following the date of its publication in the Official Gazette.







الرقــم: م/٤٣
التاريخ: ١٤٤٣/٥/٢٦هـ

بعـــون اللــه تعالـــى

نحــن سلمــان بن عبدالعزيــز آل مسـعود

ملـك المملكـــــة العربيـــة السعوديـــة

بناء على المادة (السبعين) من النظام الأساسي للحكم، الصادر بالأمر الملكي رقم (٩٠/أ) بتاريخ ١٤١٢/٨/٢٧هـ.

وبناء على المادة (العشرين) من نظام مجلس الـوزراء، الصـادر بالأمـر الملكـي رقـم (١٣/أ) بتاريخ ١٤١٤/٣/٣هـ.

وبناء على المادة (الثامنة عشرة) من نظام مجلس الشورى، الصادر بالأمر الملكي رقم (٩١/أ) بتاريخ ١٤١٢/٨/٢٧هـ.

وبعد الاطـلاع علـى قـراري مجلـس الشـورى رقـم (٤٥/٢٤٣) بتـاريخ ١٤٤٣/٢/٢١هــ، ورقم (٧/٣٦) بتاريخ ١٤٤٣/٤/٣هـ.

وبعد الاطلاع على قرار مجلس الوزراء رقم ( ٧٨٣ ) بتاريخ ١٤٤٣/٥/٢٤هـ.

رسمنا بما هو آت:

أولاً    : الموافقة على نظام الإثبات، بالصيغة المرافقة.

ثانياً   : تعديل الفقرة (١) من المادة (الثامنة عشرة بعد المائتين) من نظام الإجراءات الجزائية الصادر بالمرسوم الملكي رقم (م/٢) بتاريخ ١٤٣٥/١/٢٢هـ، لتكون بالنص الآتي: "تطبق الأحكام الواردة في نظام المرافعات الشرعية وفي نظام الإثبات فيما لم يرد فيه حكم في هذا النظام بما لا يتعارض مع طبيعة القضايا الجزائية".

ثالثاً   : تعديل المادة (الستين) من نظام المرافعات أمام ديوان المظالم، الصادر بالمرسوم الملكي رقم (م/٣) بتاريخ ١٤٣٥/١/٢٢هـ، لتكون بالنص الآتي: "تطبق على الدعاوى المرفوعـة أمام محاكم ديوان المظالم أحكام نظام المرافعات الشرعية ونظام الإثبات فيما لم يرد فيه حكم في هذا النظام بما لا يتعارض مع طبيعة المنازعة الإدارية".

رابعاً  : أن يسري التعديلان المشار إليهما في البندين (ثانياً) و(ثالثاً) من هذا المرسوم في تـاريخ متزامن مع تاريخ نفاذ النظام المشار إليه في البند (أولاً) من هذا المرسوم.





خامساً : أن كل إجراء من إجراءات الإثبات تم صحيحاً قبل نفاذ النظام – المشار إليه في البند (أولاً) من هذا المرسوم – يبقى صحيحاً.

سادساً : على سمو نائب رئيس مجلس الوزراء والوزراء ورؤساء الأجهزة المعنية المستقلة – كل فيما يخُصُّه – تنفيذ مرسومنا هذا.

سلمان بن عبدالعزيز آل سعود

National Center for Archives & Records







قرار رقم : (٢٨٣)

وتــاريـــخ : ١٤٤٣/٥/٢٤هـ

إن مجلس الوزراء

بعــد الاطـلاع علـى المعاملـة الـواردة مـن الـديوان الملكـي بـرقم ٢١٣٨٨ وتـاريخ ١٤٤٣/٤/٤هـ، المشتملة على برقية معالي وزير الدولة عضو مجلس الوزراء رئيس اللجنة الرئيسة لإعداد التشريعات القضائية رقم ٤٠ وتاريخ ١٤٤٢/٨/١١هـ، في شأن مشروع نظام الإثبات.

ويعد الاطلاع على مشروع النظام المشار إليه.

ويعد الاطـلاع علـى الأمرين الملكيين رقم (٥٥٨٤) وتـاريخ ١٤٤١/١/٢٦هـ، ورقم (٣٤٨٣٧) وتاريخ ١٤٤١/٦/٥هـ.

ويعد الاطلاع على نظام الإجراءات الجزائية، الصادر بالمرسوم الملكي رقم (م/٢) وتاريخ ١٤٣٥/١/٢٢هـ.

ويعد الاطلاع على نظام المرافعات أمام ديوان المظالم، الصادر بالمرسوم الملكي رقم (م/٣) وتاريخ ١٤٣٥/١/٢٢هـ.

ويعد الاطلاع على المحضرين رقم (٧١٦) وتاريخ ١٤٤٢/١٢/٤هـ، ورقم (١٣٦) وتـاريخ ١٤٤٣/٣/٢٦هـ، والمـذكرة رقـم (٨٢١) وتـاريخ ١٤٤٣/٤/١٠هـ، المعـدة في هيئة الخبراء بمجلس الوزراء.

ويعـد الاطـلاع علـى المحضـر المعـد فـي مجلـس الشـؤون الاقتصـادية والتنميـة رقم (٤٣/٢١٢/م) وتاريخ ١٤٤٣/٣/٢٦هـ.

ويعد النظر في قـراري مجلـس الشـورى رقـم (٤٥/٢٤٣) وتـاريخ ١٤٤٣/٢/٢١هـ، ورقم (٧/٣٦) وتاريخ ١٤٤٣/٤/٣هـ.

ويعـد الاطـلاع علـى توصـية اللجنـة العامـة لمجلـس الـوزراء رقـم (٣١٠٥) وتاريخ ١٤٤٣/٤/١١هـ.

يقرر ما يلي:

أولاً    : الموافقة على نظام الإثبات، بالصيغة المرافقة.

ثانياً   : تعديل الفقرة (١) من المادة (الثامنة عشرة بعد المائتين) من نظام الإجراءات الجزائية الصادر بالمرسوم الملكي رقم (م/٢) وتاريخ ١٤٣٥/١/٢٢هـ، لتكون بالنص الآتي:
"تطبق الأحكام الواردة في نظام المرافعات الشرعية وفي نظام الإثبات فيما لم يرد فيه حكم في هذا النظام بما لا يتعارض مع طبيعة القضايا الجزائية".





المملكة العربية السعودية
الأمانة العامة لمجلس الوزراء

(٢)

قرارات مجلس الوزراء

ثالثاً : تعديل المادة (الستين) من نظام المرافعات أمام ديوان المظالم، الصادر بالمرسوم الملكي رقم (م/٣) وتاريخ ١٤٣٥/١/٢٢هـ، لتكون بالنص الآتي: "تطبق على الدعاوى المرفوعة أمام محاكم ديوان المظالم أحكام نظام المرافعات الشرعية ونظام الإثبات فيما لم يرد فيه حكم في هذا النظام بما لا يتعارض مع طبيعة المنازعة الإدارية".

رابعاً : أن يسري التعديلان المشار إليهما في البندين (ثانياً) و(ثالثاً) من هذا القرار في تاريخ متزامن مع تاريخ نفاذ النظام المشار إليه في البند (أولاً) من هذا القرار.

خامساً: أن كل إجراء من إجراءات الإثبات تم صحيحاً قبل نفاذ النظام -المشار إليه في البند (أولاً) من هذا القرار- يبقى صحيحاً.

وقد أعد مشروع مرسوم ملكي بذلك، صيغته مرافقة لهذا.

رئيس مجلس الوزراء

National Center for Archives & Records



الرقم ــــــــــــ

التاريخ /   / ١٤هـ

المرفقات ــــــــــــ

الـمملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

## نظام الإثبات
## (الباب الأول)
## أحكام عامة

**المادة الأولى:**

تسري أحكام هذا النظام على المعاملات المدنية والتجارية.

**المادة الثانية:**

١- على المدعي أن يثبت ما يدعيه من حق، وللمدعى عليه نفيه.

٢- يجب أن تكون الوقائع المراد إثباتها متعلقة بالدعوى، ومنتجة فيها، وجائزاً قبولها.

٣- لا يجوز للقاضي أن يحكم بعلمه الشخصي.

**المادة الثالثة:**

١- البينة على من ادعى، واليمين على من أنكر.

٢- البينة لإثبات خلاف الظاهر، واليمين لإبقاء الأصل.

٣- البينة حجة متعدية، والإقرار حجة قاصرة.

٤- الثابت بالبرهان كالثابت بالعيان.

**المادة الرابعة:**

دون إخلال بأحكام هذا النظام، إذا تعارضـــت أدلة الإثبات ولم يمكن الجمع بينها فتأخذ المحكمة منها بحسـب ما يترجح لها من ظروف الدعوى، فإن تعذر ذلك فلا تأخذ المحكمة بأي منها، وفي جميع الأحوال يجب عليها أن تبين أسباب ذلك في حكمها.

**المادة الخامسة:**

لا يلزم لإثبات الالتزام شكل معين؛ ما لم يرد فيه نص خاص أو اتفاق بين الخصوم.

**المادة السادسة:**

١- إذا اتفق الخصـــوم على قواعد محددة في الإثبات فتُعمِل المحكمة اتفاقَهم؛ ما لم يخالف النظام العام.

٢- لا يعتد باتفاق الخصوم المنصوص عليه في هذا النظام ما لم يكن مكتوباً.



١





<div dir="rtl">

الـمملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

الرقم _____

التاريخ    /    / ١٤هـ

المرفقات _____

**المادة السابعة:**

١- الأحكام والأوامر والقرارات الصادرة بإجراءات الإثبات؛ لا يلزم تسبيبها ما لم تتضمن قضاءً قطعياً.

٢- يتعين في جميع الأحوال تسبيب الأحكام الصادرة في دعاوى الإثبات المستعجلة.

**المادة الثامنة:**

١- إذا قررت المحكمة مباشرة إجراء من إجراءات الإثبات، أو كلفت بذلك أحد قضاتها، تعين عليها أن تحدد موعداً لذلك.

٢- للمحكمة مباشرة إجراءات الإثبات ولو لم يحضر الخصـــوم أو أحدهم؛ متى بلغوا بالموعد المحدد.

**المادة التاسعة:**

١- للمحكمة أن تعدل عما أمرت به من إجراءات الإثبات، بشرط أن تبيّن أسباب العدول في محضر الجلسة.

٢- للمحكمة ألا تأخذ بنتيجة إجراء الإثبات، بشرط أن تبيّن أسباب ذلك في حكمها.

**المادة العاشرة:**

يكون لأي إجراء من إجراءات الإثبات اتخذ إلكترونياً الأحكام المقررة في هذا النظام.

**المادة الحادية عشرة:**

١- تكون إجراءات الإثبات من إقرار أو استجواب أو أداء للشهادة أو اليمين أمام المحكمة، فإن تعذر فللمحكمة أن تنتقل أو تكلف أحد قضاتها بذلك.

٢- إذاكان المقر أو المستجوب أو الشاهد أو من وجهت إليه اليمين ونحوهم مقيماً خارج نطاق اختصـــاص المحكمة، وتعذر إجراء الإثبات إلكترونياً؛ فعلى المحكمة أن تسـتخلف محكمة مكان إقامته. وفي هذه الحالة يبلغ قرار الاستخلاف للمحكمة المستخلفة.

**المادة الثانية عشرة:**

يكون إقرار الأخرس ومن في حكمه واستجوابه وأداؤه للشهادة واليمين وتوجيهها والنكول عنها وردها بالكتابة، فإن لم يكن يعرف الكتابة فبإشارته المعهودة.

</div>

**٢**





المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

الرقم ـــــــــــــ

التاريخ / / ١٤هـ

المرفقات ـــــــــــــ

## المادة الثالثة عشرة:

دون إخلال بالتزامات المملكة في الاتفاقيات الدولية التي تكون طرفاً فيها، للمحكمة أن تأخذ بإجراءات الإثبات التي جرت خارج المملكة؛ ما لم تخالف النظام العام.

## (الباب الثاني)
## الإقرار واستجواب الخصوم
## (الفصل الأول)
## الإقرار

## المادة الرابعة عشرة:

١- يكون الإقرار قضائياً إذا اعترف الخصم أمام المحكمة بواقعة مدعى بها عليه، وذلك أثناء السير في دعوى متعلقة بهذه الواقعة.

٢- يكون الإقرار غير قضائي إذا لم يقع أمام المحكمة، أو كان أثناء السير في دعوى أخرى.

## المادة الخامسة عشرة:

١- يشترط أن يكون المقر أهلاً للتصرف فيما أقر به.

٢- يصح إقرار الصغير المميز المأذون له في البيع والشراء بقدر ما أذن له فيه.

٣- يصح الإقرار من الوصي أو الولي أو ناظر الوقف أو من في حكمهم فيما باشروه في حدود ولايتهم.

## المادة السادسة عشرة:

١- يكون الإقرار صراحة أو دلالة، باللفظ أو بالكتابة.

٢- لا يقبل الإقرار إذا كذبه ظاهر الحال.

## المادة السابعة عشرة:

الإقرار القضائي حجة قاطعة على المقر، وقاصرة عليه.





٣

الرقم ـــــــــــ

التاريخ / / ١٤هـ

المرفقات ـــــــــــ

المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

## المادة الثامنة عشرة:

١– يلزم المقر بإقراره، ولا يقبل رجوعه عنه.

٢– لا يتجزأ الإقرار على صاحبه، إلا إذا انصب على وقائع متعددة، وكان وجود واقعة منها لا يستلزم حتماً وجود الوقائع الأخرى.

## المادة التاسعة عشرة:

يكون إثبات الإقرار غير القضائي وفق الأحكام المقررة في هذا النظام، بما في ذلك عدم جواز إثباته بالشهادة إلا في الأحوال التي يجوز فيها الإثبات بالشهادة.

## (الفصل الثاني)
## استجواب الخصوم

## المادة العشرون:

١– للمحكمة –من تلقاء نفسها أو بناء على طلب أحد الخصوم– أن تستجوب من يكون حاضراً من الخصوم.

٢– لأي من الخصوم استجواب خصمه مباشرة.

## المادة الحادية والعشرون:

١– للمحكمة –من تلقاء نفسها أو بناء على طلب أحد الخصوم– أن تأمر بحضور الخصم لاستجوابه، ويجب على من تقرر استجوابه أن يحضر الجلسة المحددة لذلك.

٢– إذا تخلف الخصم عن الحضور للاستجواب بغير عذر مقبول، أو امتنع عن الإجابة بغير مسوّغ معتبر، استخلصت المحكمة ما تراه من ذلك، وجاز لها أن تقبل الإثبات بشهادة الشهود والقرائن في الأحوال التي لا يجوز فيها ذلك.

٣– يسري حكم الفقرة (٢) من هذه المادة على من تخلف عن الحضور في الدعوى أو امتنع عن الإجابة عنها.

## المادة الثانية والعشرون:

إذا كان الخصم عديم الأهلية أو ناقصها فيستجوب من ينوب عنه، ويجوز للمحكمة مناقشته هو إن كان مميزاً في الأمور المأذون له فيها، ويكون استجواب الشخص ذي الصفة الاعتبارية عن طريق من يمثله نظاماً. وفي جميع الأحوال يشترط أن يكون المراد استجوابه أهلاً للتصرف في الحق المتنازع فيه.



٤

الرقم _____

التاريخ   /   / ١٤ هـ

المرفقات _____

المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

## المادة الثالثة والعشرون:

١– تكون الإجابة في الجلسة نفسها إلا إذا رأت المحكمة إعطاء موعد للإجابة.

٢– تكون الإجابة في مواجهة من طلب الاستجواب، ولا يتوقف الاستجواب على حضوره.

## المادة الرابعة والعشرون:

١– للخصم الاعتراض على سؤال وجّه إليه، وعليه أن يبين وجه اعتراضه.

٢– على المحكمة منع كل سؤال غير متعلق بالدعوى أو غير منتج فيها أو غير جائز قبوله.

### (الباب الثالث)
### الكتابة
### (الفصل الأول)
### المحرّرات الرسمية

## المادة الخامسة والعشرون:

١– المحرَّر الرسمي هو الذي يثبت فيه موظف عام أو شــخص مكلف بخدمة عامة، ما تم على يديه أو ما تلقاه من ذوي الشأن، طبقاً للأوضاع النظامية، وفي حدود سلطته واختصاصه.

٢– إذا لم يســتوف المحرَّر الشــروط الواردة في الفقرة (١) من هذه المادة فتكون له حجية المحرَّر العادي؛ متى كان ذوو الشأن قد وقعوه.

## المادة السادسة والعشرون:

١– المحرَّر الرسمي حجة على الكافة بما دون فيه من أمور قام بها محرره في حدود مهمته، أو حدثت من ذوي الشأن في حضوره؛ ما لم يثبت تزويره بالطرق المقررة نظاماً.

٢– يكون مضــمون ما ذكره أي من ذوي الشــأن في المحرَّر الرسمي حجة عليه؛ ما لم يثبت غير ذلك.

## المادة السابعة والعشرون:

١– إذا كان أصــل المحرَّر الرسمي موجوداً، فإن صــورته الرسمية تعد حجة بالقدر الذي تكون فيه مطابقة للأصل.



بسم الله الرحمن الرحيم

| | | |
|---|---|---|
| الرقم | | الـمملكة العربية السعودية |
| التاريخ | / / ١٤هـ | هيئة الخبراء بمجلس الوزراء |
| المرفقات | | Bureau Of Experts At The Council Of Ministers |

٢– تكون الصورة رسمية إذا أخذت من الأصل؛ وفقاً للإجراءات المنظمة لذلك.

٣– تعد الصـورة الرسمية مطابقة للأصـل؛ ما لم ينازع في ذلك أي من ذوي الشــأن، فيجب مطابقتها للأصل.

**المادة الثامنة والعشرون:**

إذا لم يوجد أصـل المحرَّر الرسمي فتكون للصـورة الرسمية حجية الأصـل؛ متى كان مظهرها الخارجي لا يسـمح بالشـك في مطابقتها للأصل، وما عدا ذلك من الصور فلا يعتد بها إلا لمجرد الاستئناس.

**(الفصل الثاني)**
**المحرَّرات العادية**

**المادة التاسعة والعشرون:**

١– يعد المحرَّر العادي صادراً ممن وقعه وحجة عليه؛ ما لم ينكر صراحة ما هو منسـوب إليه من خط أو إمضاء أو ختم أو بصمة، أو ينكر ذلك خلَفُه أو ينفي علمه بأن الخط أو الإمضاء أو الختم أو البصمة هي لمن تلقى عنه الحق.

٢– من احتج عليه بمحرَّر عادي وناقش موضوـوعه أمام المحكمة فلا يقبل منه أن ينكر بعد ذلك صحته، أو أن يتمسك بعدم علمه بأنه صدر ممن تلقى عنه الحق.

**المادة الثلاثون:**

تكون للمراسـلات الموقع عليها أو الثابت نسـبتها إلى مرسـلها؛ حجية المحرَّر العادي في الإثبات، ما لم يثبت المرسل أنه لم يرسل الرسالة ولم يكلف أحداً بإرسالها.

**المادة الحادية والثلاثون:**

١– لا تكون دفاتر التجار حجة على غير التجار، ومع ذلك فإن البيانات المثبتة فيها تصـلـح أساساً يجيز للمحكمة أن توجه اليمين المتممة لمن قوي جانبه من الطرفين، وذلك فيما يجوز إثباته بشهادة الشهود.

٢– تكون دفاتر التجار الإلزامية المنتظمة حجة لصاحبها التاجر ضد خصمه التاجر. وتسقط هذه الحجية بإثبات عكس ما ورد فيها بكافة طرق الإثبات، بما في ذلك دفاتر الخصـم المنتظمة.







الرقم
التاريخ   /   / ١٤هـ
المرفقات

المملكة العربية السعودية
Bureau Of Experts At The Council Of Ministers

٣– تكون دفاتر التجار الإلزامية –منتظمة كانت أو غير منتظمة– حجة على صـاحبها التاجر فيما اسـتند إليه خصـمه التاجر أو غير التاجر؛ وفي هذه الحالة تعد القيود التي في مصـلحة صاحب الدفاتر حجة له أيضاً.

٤– إذا استند أحد الخصمين التاجرين إلى دفاتر خصمه وسلم مقدماً بما ورد فيها وامتنع الخصم دون مسـوّغ عن إبراز دفاتره أو التمكين من الاطلاع عليها؛ جاز للمحكمة توجيه اليمين المتممة لمن استند إلى الدفاتر على صحة دعواه.

**المادة الثانية والثلاثون:**

لا تكون الدفاتر والأوراق الخاصـة –ولو دونت رقمياً– حجة على من صـدرت منه إلا في الحالتين الآتيتين:

١– إذا أورد فيها صراحة أنه استوفى دينه.

٢– إذا أورد فيها صراحة أنه قصد بما دونه أن يقوم مقام السند لمن أثبت حقاً لمصلحته.

وفي الحالتين إذا كان ما ورد من ذلك غير موقع ممن صـدر عنه جاز له إثبات عكسـه بكافة طرق الإثبات.

**المادة الثالثة والثلاثون:**

١– تأشـير الدائن على سند الدين بخطه دون توقيع منه بما يفيد براءة ذمة المدين يعد حجة على الدائن إلى أن يثبت العكس، ويكون التأشـير على السند بمثل ذلك حجة على الدائن أيضاً ولو لم يكن بخطه ولا موقعاً منه؛ ما دام السند لم يخرج قط من حيازته.

٢– يسـري حكم الفقرة (١) من هذه المادة إذا أثبت الدائن بخطه دون توقيع منه ما يفيد براءة ذمة المدين في نسخة أصلية أخرى لسند أو مخالصة، وكانت النسخة أو المخالصـة في يد المدين.

**(الفصل الثالث)**
**طلب إلزام الخصم بتقديم المحرَّرات الموجودة تحت يده**

**المادة الرابعة والثلاثون:**

١– يجوز للخصـم أن يطلب من المحكمة إلزام خصـمه بتقديم أي محرَّر منتج في الدعوى يكون تحت يده في الحالات الآتية:

أ– إذا كان النظام يجيز مطالبته بتقديمه أو تسليمه.

٧







الرقم

التاريخ    /    / ١٤هـ

المرفقات

المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

ب– إذا كان المحرَّر مشتركاً بينه وبين خصمه، ويعد المحرَّر مشتركاً على الأخص إذا كان لمصلحة الخصمين، أو كان مثبتاً لالتزاماتهما وحقوقهما المتبادلة.

ج– إذا استند إليه خصمه في أي مرحلة من مراحل الدعوى.

٢– لا يقبل الطلب المشار إليه في الفقرة (١) من هذه المادة؛ ما لم يستوف العناصر الآتية:

أ– أوصاف المحرَّر، ومضمونه بقدر ما يمكن من التفصيل.

ب– الدلائل والظروف التي تؤيد أن المحرَّر تحت يد الخصم.

ج– الواقعة التي يستدل بالمحرَّر عليها، ووجه إلزام الخصم بتقديمه.

**المادة الخامسة والثلاثون:**

١– إذا أقر الخصم أن المحرَّر في حوزته أو سكت، أو أثبت الطالب صحة طلبه، أمرت المحكمة بتقديم المحرَّر.

٢– إذا امتنع الخصم عن تقديم المحرَّر المطلوب بعد إمهاله مرة واحدة، عدَّت صورة المحرَّر التي قدمها الطالب صحيحة مطابقة لأصلها، فإن لم يكن قد قدم صورة من المحرَّر؛ فللمحكمة الأخذ بقول الطالب فيما يتعلق بشكل المحرَّر ومضمونه.

٣– إذا أنكر الخصم وجود المحرَّر ولم يقدم الطالب للمحكمة إثباتاً كافياً لصحة طلبه، فله أن يطلب من المحكمة توجيه اليمين لخصمه فيما يتعلق بهذا المحرَّر، وفقاً للأحكام المقررة في الباب (الثامن) من هذا النظام، وإذا نكل الخصم عن اليمين ولم يردها على الطالب أو رد اليمين على الطالب فحلف، عدَّت صورة المحرَّر التي قدمها الطالب صحيحة مطابقة لأصلها، فإن لم يكن قد قدم صورة من المحرَّر؛ فللمحكمة الأخذ بقول الطالب فيما يتعلق بشكل المحرَّر ومضمونه.

**المادة السادسة والثلاثون:**

١– للخصم في الدعاوى التجارية أن يطلب من خصمه تقديم محرَّر ذي صلة بالدعوى أو الاطلاع عليه، وتأمر المحكمة بذلك وفق الضوابط الآتية:

أ– أن يكون المحرَّر محدداً بذاته أو نوعه.

ب– أن يكون للمحرَّر علاقة بالتعامل التجاري محل الدعوى، أو يؤدي إلى إظهار الحقيقة فيه.







الرقم ـــــــــــــــ
التاريخ / / ١٤هـ
المرفقات ـــــــــــــــ

المملكة العربية السعودية
هيئة الخبراء بمجلس الوزراء
Bureau Of Experts At The Council Of Ministers

ج‑ ألّا يكون له طابع السـرية بنص خاص أو اتفاق بين الخصـوم، أو ألّا يكون من شـأن الاطلاع عليه انتهاك أي حق في السر التجاري أو أي حقوق متصلة به.

٢‑ إذا امتنع الخصـم عن تقديم ما أمرت المحكمة بتقديمه إلى خصـمه وفق أحكام الفقرة (١) من هذه المادة؛ فللمحكمة أن تعد امتناعه قرينة.

**المادة السابعة والثلاثون:**

مع مراعاة الأحكام المنصـوص عليها في المواد السـابقة، يجوز للمحكمة من تلقاء نفسـها، أو بناء على طلب أحد الخصوم، وفي أي مرحلة تكون عليها الدعوى، أن تقرر الآتي:

١‑ إدخال الغير لإلزامه بتقديم محرّر تحت يده.

٢‑ طلب محرّر من جهة عامة أو صورة مصدقة منه بما يفيد مطابقته لأصله إذا تعذر ذلك على الخصـم، وللمحكمة أن تطلب من الجهة العامة أن تقدم ‑كتابة أو شـفاهاً‑ ما لديها من معلومات ذات صلة بالدعوى، دون إخلال بالأنظمة.

<p align="center">

(الفصل الرابع)
إثبات صحة المحرّرات
(الفرع الأول)
أحكام عامة
</p>

**المادة الثامنة والثلاثون:**

١‑ للمحكمة أن تقدر ما يترتب على العيوب المادية في المحرّر من إسقاط حجيته في الإثبات أو إنقاصها، ولها أن تأخذ بكل ما تضمنه المحرّر أو بعضه.

٢‑ إذا كانت صـحة المحرّر محل شـك في نظر المحكمة، فلها أن تسـأل من صـدر عنه، أو تدعو الشخص الذي حرّره ليبدي ما يوضح حقيقة الأمر فيه.

**المادة التاسعة والثلاثون:**

١‑ يرد الادعاء بالتزوير على المحرّر الرسمي والعادي، أما إنكار الخط أو الختم أو الإمضـاء أو البصمة فلا يرد إلا على المحرّر العادي.





<div dir="rtl">

الرقم
التاريخ / / ١٤هـ
المرفقات

الـمـملكة العربية السعودية
هيئة الخبراء بمجلس الوزراء
Bureau Of Experts At The Council Of Ministers

٢– على الخصم الذي يدعي التزوير عبء إثبات ادعائه، أما من ينكر صـدور المحرَّر العادي منه أو ينكر ذلك خلفه أو نائبه أو ينفي علمه به، فيقع على خصـمه عبء إثبات صـدوره منه أو من سلفه.

٣– إذا أقر الخصم بصـحة الختم الموقع به على المحرَّر العادي ونفى أنه ختم به، تعين عليه اتخاذ طريق الادعاء بالتزوير.

### (الفرع الثاني)
### إنكار الخط أو الإمضاء أو الختم أو البصمة، وتحقيق الخطوط

**المادة الأربعون:**

إذا أنكر من احتج عليه بالمحرَّر العادي خطه أو إمضاءه أو ختمه أو بصـمته، أو أنكر ذلك خلفه أو نائبه أو نفى علمه به، وظل الخصم الآخر متمسكاً بالمحرَّر، وكان المحرَّر منتجًا في النزاع، ولم تكف وقائع الدعوى ومسـتنداتها في إقناع المحكمة بصـحة الخط أو الإمضـاء أو الختم أو البصـمة؛ فتأمر المحكمة بالتحقيق بالمضاهاة، أو بسـماع الشـهود أو بكليهما، وفقاً للقواعد والإجراءات المنصوص عليها في هذا النظام. ولا تسمع الشهادة إلا فيما يتعلق بإثبات حصول الكتابة أو الإمضاء أو الختم أو البصمة على المحرَّر.

**المادة الحادية والأربعون:**

١– تحدد المحكمة جلسة لحضور الخصوم لتقديم ما لديهم من محرَّرات للمضاهاة، والاتفاق على ما يصـلح منها لذلك، فإن تخلف الخصـم المكلف بالإثبات بغير عذر مقبول جاز الحكم بإسـقاط حقه في الإثبات، وإذا تخلف خصـمه جاز للمحكمة اعتبار المحرَّرات المقدمة للمضاهاة صالحة لها.

٢– يجب على الخصم الذي ينازع في صحة المحرَّر أن يحضر بنفسه للاستكتاب في الموعد المحدد لذلك، فإن امتنع عن الحضـور بغير عذر مقبول، أو حضرَ وامتنع عن الاسـتكتاب؛ جاز للمحكمة الحكم بصحة المحرَّر.

</div>

١٠







الـمـملكة العربية السعودية
هيئة الخبراء بمجلس الوزراء
Bureau Of Experts At The Council Of Ministers

الرقم
التاريخ   /   / ١٤هـ
المرفقات

## المادة الثانية والأربعون:

١– في حالة عدم اتفاق الخصوم على المحرَّرات الصالحة للمضاهاة، فلا يقبل إلا ما يأتي:

أ– الخط أو الإمضاء أو الختم أو البصمة الموضوعة على محرَّرات رسمية.

ب– الجزء الذي يعترف الخصم بصحته من المحرَّر محل التحقيق.

ج– خط الخصم أو إمضاؤه الذي يكتبه أمام المحكمة أو البصمة التي يبصمها أمامها.

د– الخط أو الإمضاء أو الختم أو البصمة الموضوعة على محرَّرات عادية ثبتت نسبتها إلى الخصم.

٢– تكون مضاهاة ما تم إنكاره من الخط أو الإمضاء أو الختم أو البصمة على ما هو ثابت لمن يشهد عليه المحرَّر محل التحقيق من خط أو إمضاء أو ختم أو بصمة.

## المادة الثالثة والأربعون:

١– إذا حكم بصحة المحرَّر كله فيحكم على من أنكره بغرامة لا تزيد على (عشرة آلاف) ريال، وذلك دون إخلال بحق ذوي الشأن في المطالبة بالتعويض.

٢– لا تتعدد الغرامة بتعدد الخلف أو النائب، ولا يحكم بالغرامة على أي منهما إذا اقتصر إنكاره على نفي العلم.

<br>

### (الفرع الثالث)
### الادعاء بالتزوير

## المادة الرابعة والأربعون:

١– يكون الادعاء بالتزوير في أي حالة تكون عليها الدعوى، ويحدد المدعي بالتزوير كل مواضـع التزوير المدعى به، وشـواهده، وإجراءات التحقيق التي يطلب إثباته بها، ويكون ذلك بمذكرة يقدمها للمحكمة أو بإثباته في محضر الجلسة.

٢– إذا كان الادعاء بالتزوير منتجاً في النزاع ولم تكف وقائع الدعوى ومسـتنداتها لإقناع المحكمة بصـحة المحرَّر أو بتزويره، ورأت أن إجراء التحقيق الذي طلبه المدعي بالتزوير منتج وجائز؛ أمرت به.

٣– يكون الأمر بالتحقيق في الادعاء بالتزوير بالمضاهاة أو بسـماع الشـهود أو بكليهما، وفقاً للقواعد والإجراءات المنصوص عليها في هذا الباب.





| | | |
|---|---|---|
| الرقم | | المملكة العربية السعودية |
| التاريخ / / ١٤هـ | | هيئة الخبراء بمجلس الوزراء |
| المرفقات | | Bureau Of Experts At The Council Of Ministers |

**المادة الخامسة والأربعون:**

١- على مدعي التزوير أن يسلم المحكمة المحرَّر المدعى تزويره إن كان تحت يده أو صورته المبلغة إليه، وإذا امتنع عن تسليم المحرَّر أو صورته –بحسب الأحوال– سقط حقه في الادعاء بتزويره، ولا يقبل منه هذا الادعاء بعد ذلك.

٢- إذا كان المحرَّر تحت يد الخصم فللمحكمة أن تكلفه بتسليمه إلى المحكمة، أو تأمر بضبطه وإيداعه، وإذا امتنع الخصم عن تسليم المحرَّر وتعذر على المحكمة ضبطه عُدَّ غير موجود، ولا يمنع ذلك من ضبطه –إن أمكن– فيما بعد.

**المادة السادسة والأربعون:**

١- يجوز لمن يدعي تزوير المحرَّر أن يتنازل عن ادعائه قبل انتهاء إجراءات التحقيق، ولا يقبل منه ادعاء تزوير المحرَّر بعد تنازله.

٢- يجوز للمدعى عليه بالتزوير إنهاء إجراءات التحقيق في التزوير –في أي حالة كانت عليه– بنزوله عن التمسك بالمحرَّر المدعى تزويره، وللمحكمة في هذه الحالة أن تأمر بضبط المحرَّر أو حفظه إذا طلب المدعي بالتزوير ذلك لمصلحة مشروعة.

**المادة السابعة والأربعون:**

الأمر بالتحقيق في ادعاء التزوير يوقف صلاحية المحرَّر المدعى تزويره للتنفيذ، وذلك دون إخلال بالإجراءات التحفظية.

**المادة الثامنة والأربعون:**

يجوز للمحكمة –ولو لم يُدَّعَ أمامها بالتزوير– أن تحكم برد أي محرَّر وبطلانه إذا ظهر لها بجلاء من حالته أو من ظروف الدعوى أنه مزور، ويجب عليها في هذه الحالة أن تبين في حكمها الظروف والقرائن التي تبينت منها ذلك.

**المادة التاسعة والأربعون:**

١- إذا حكم برفض الادعاء بتزوير المحرَّر أو سقوط حق مدعي التزوير في الإثبات، حكم عليه بغرامة لا تزيد على (عشرة آلاف) ريال، وذلك دون إخلال بحق ذوي الشأن في المطالبة بالتعويض.



الرقم ـــــــــــــ
التاريخ / / ١٤هـ
المرفقات ـــــــــــــ

المملكة العربية السعودية
هيئة الخبراء بمجلس الوزراء
Bureau Of Experts At The Council Of Ministers

٢- لا يُحكم بالغرامة على مدعي التزوير إذا تنازل عن ادعائه قبل انتهاء إجراءات التحقيق فيه؛ ما لم يثبت للمحكمة أنه قصد الكيد لخصمه أو تأخير الفصل في الدعوى.

٣- لا يُحكم بالغرامة على مدعي التزوير إذا ثبت بعض ما ادعاه.

٤- إذا ثبت تزوير المحرَّر أحالته المحكمة إلى النيابة العامة؛ لاتخاذ الإجراءات اللازمة.

## (الفرع الرابع)
### دعوى التزوير الأصلية

**المادة الخمسون:**

يجوز لمن يخشــى الاحتجاج عليه بمحرَّر مزور أن يخاصــم من بيده هذا المحرَّر ومن يفيد منه، وفقاً للإجراءات المنظمة لرفع الدعوى. وتراعي المحكمة في تحقيق هذه الدعوى القواعد والإجراءات المنصوص عليها في هذا الباب.

## (الفصل الخامس)
### أحكام ختامية في الكتابة

**المادة الحادية والخمسون:**

١- يجوز في الأحوال التي يجب فيها الإثبات بالكتابة أن يحل محلها الإقرار القضــائي، أو اليمين الحاسمة، أو مبدأ الثبوت بالكتابة المعزز بطريق إثبات آخر؛ وذلك فيما لم يرد فيه نص في هذا النظام.

٢- مبدأ الثبوت بالكتابة هو: كل كتابة تصــدر من الخصــم ويكون من شــأنها أن تجعل وجود التصرف المدعى به قريب الاحتمال.

**المادة الثانية والخمسون:**

مع عدم الإخلال بالتزامات المملكة بموجب الاتفاقيات الدولية التي تكون طرفاً فيها، يجوز للمحكمة أن تقبل في الإثبات المحرَّر الورقي أو الرقمي الصــادر خارج المملكة والمصــدق عليه من الجهات المختصة في الدولة التي صــدر فيها والجهات المختصــة في المملكة، وذلك ما لم يخالف النظام العام.



١٣



| | |
|---|---|
| الرقم | |
| التاريخ / / ١٤هـ | |
| المرفقات | |

المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

## (الباب الرابع)
## الدليل الرقمي

**المادة الثالثة والخمسون:**

يعد دليلاً رقمياً كل دليل مستمد من أي بيانات تنشأ أو تصدر أو تسلم أو تحفظ أو تبلغ بوسيلة رقمية، وتكون قابلة للاسترجاع أو الحصول عليها بصورة يمكن فهمها.

**المادة الرابعة والخمسون:**

يشمل الدليل الرقمي الآتي:

١– السجل الرقمي.

٢– المحرَّر الرقمي.

٣– التوقيع الرقمي.

٤– المراسلات الرقمية بما فيها البريد الرقمي.

٥– وسائل الاتصال.

٦– الوسائط الرقمية.

٧– أي دليل رقمي آخر.

**المادة الخامسة والخمسون:**

يكون للإثبات بالدليل الرقمي حكم الإثبات بالكتابة الوارد في هذا النظام.

**المادة السادسة والخمسون:**

يكون للدليل الرقمي الرسمي الحجية المقررة للمحرَّر الرسمي؛ إذا استوفى الشروط المنصوص عليها في الفقرة (١) من المادة (الخامسة والعشرين) بما في ذلك ما يصدر آلياً من الأنظمة الرقمية للجهات العامة أو الجهات المكلفة بخدمة عامة.

**المادة السابعة والخمسون:**

يكون الدليل الرقمي غير الرسمي حجةً على أطراف التعامل –ما لم يثبت خلاف ذلك– في الحالات الآتية:

١– إذا كان صادراً وفقاً لنظام التعاملات الإلكترونية أو نظام التجارة الإلكترونية.

٢– إذا كان مستفاداً من وسيلة رقمية منصوص عليها في العقد محل النزاع.

٣– إذا كان مستفاداً من وسيلة رقمية موثقة أو مشاعة للعموم.







الرقم
التاريخ    /    / ١٤هـ
المرفقات



المملكة العربية السعودية
هيئة الخبراء بمجلس الوزراء
Bureau Of Experts At The Council Of Ministers

## المادة الثامنة والخمسون:

على الخصم الذي يدعي عدم صحة الدليل الرقمي المنصوص عليه في المادتين (السادسة والخمسين) و(السابعة والخمسين) عبء إثبات ادعائه.

## المادة التاسعة والخمسون:

فيما عدا ما نصت عليه المادتان (السادسة والخمسون) و(السابعة والخمسون) من هذا النظام؛ يكون للدليل الرقمي الحجية المقررة للمحرَّر العادي؛ وفقاً لأحكام هذا النظام.

## المادة الستون:

يقدم الدليل الرقمي بهيئته الأصلية، أو بأي وسيلة رقمية أخرى، وللمحكمة أن تطلب تقديم محتواه مكتوباً؛ متى كانت طبيعته تسمح بذلك.

## المادة الحادية والستون:

إذا امتنع أي من الخصوم عن تقديم ما طلبته المحكمة للتحقق من صحة الدليل الرقمي بغير عذر مقبول؛ سقط حقه في التمسك به أو عدّ حجة عليه بحسب الأحوال.

## المادة الثانية والستون:

إذا تعذر التحقق من صحة الدليل الرقمي بسبب لا يعود للخصوم، فتقدر المحكمة حجيته بما يظهر لها من ظروف الدعوى.

## المادة الثالثة والستون:

١– يكون للمستخرجات من الدليل الرقمي الحجية المقررة للدليل نفسه، وذلك بالقدر الذي تكون فيه المستخرجات مطابقة لسجلها الرقمي.

٢– يسري حكم الفقرة (١) من هذه المادة على المستخرجات من وسائل الدفع الرقمية.

## المادة الرابعة والستون:

فيما لم يرد فيه نص في هذا الباب، تسري على الدليل الرقمي الأحكام المنصوص عليها في الباب (الثالث) من هذا النظام، بما لا يتعارض مع طبيعته الرقمية.







الرقم
التاريخ    /    / ١٤هـ
المرفقات

المملكة العربية السعودية
هيئة الخبراء بمجلس الوزراء
Bureau Of Experts At The Council Of Ministers

(الباب الخامس)
الشهادة
(الفصل الأول)
محل الشهادة

المادة الخامسة والستون:

يجوز الإثبات بشهادة الشهود؛ ما لم يرد نص يقضي بغير ذلك.

المادة السادسة والستون:

١- يجب أن يثبت بالكتابة كل تصـــرف تزيد قيمته على (مائة ألف ريال أو ما يعادلها) أو كان غير محدد القيمة.

٢- لا تقبل شهادة الشهود في إثبات وجود أو انقضاء التصرفات الواردة في الفقرة (١) من هذه المادة، ما لم يوجد اتفاق أو نص يقضي بغير ذلك.

٣- يقدر الالتزام باعتبار قيمته وقت صدور التصرف بغير ضم الملحقات إلى الأصل.

٤- إذا اشتملت الدعوى على طلبات متعددة ناشئة عن مصادر متعددة جاز الإثبات بشهادة الشـــهود في كل طلب لا تزيد قيمته على (مائة ألف ريال أو ما يعادلها)؛ ولو كانت هذه الطلبات في مجموعها تزيد على تلك القيمة، أو كان منشـؤها علاقات بين الخصـوم أنفسـهم أو تصرفات ذات طبيعة واحدة.

٥- تكون العبرة في إثبات الوفاء الجزئي بقيمة الالتزام الأصلي.

المادة السابعة والستون:

لا يجوز الإثبات بشهادة الشهود ولو لم تزد قيمة التصرف على (مائة ألف ريال أو ما يعادلها) في الحالات الآتية:

١- فيما اشترط النظام لصحته أو إثباته أن يكون مكتوباً.

٢- إذا كان المطلوب هو الباقي أو جزء من حق لا يجوز إثباته إلا بالكتابة.

٣- فيما يخالف أو يجاوز ما اشتمل عليه دليل كتابي.









Bureau Of Experts At The Council Of Ministers

الرقم ــــــــــــــــ
التاريخ / / ١٤ هـ
المرفقات ــــــــــــــــ

**المادة الثامنة والستون:**

يجوز الإثبات بشهادة الشهود فيما كان يجب إثباته بالكتابة في الأحوال الآتية:

١– إذا وجد مبدأ الثبوت بالكتابة.

٢– إذا وجد مانع مادي أو أدبي يحول دون الحصــــول على دليل كتابي، ويعد من الموانع المادية عدم وجود من يستطيع الكتابة، أو أن يكون طالب الإثبات شخصاً ثالثاً لم يكن طرفاً في العقد، ويعد من الموانع الأدبية رابطة الزوجية، وصلة القرابة والمصاهرة حتى الدرجة الرابعة.

٣– إذا ثبت أن المدعي فقد دليله الكتابي بسبب لا يد له فيه.

**المادة التاسعة والستون:**

تكون الشـهادة عن مشـاهدة أو معاينة أو سماع، ولا تقبل الشـهادة بالاستفاضـة إلا فيما يتعذر علمه غالباً دونها، ومن ذلك ما يأتي:

١– الوفاة.

٢– النكاح.

٣– النسب.

٤– الملك المطلق.

٥– الوقف والوصية ومصرفهما.

**(الفصل الثاني)**
**شروط الشهادة وموانعها**

**المادة السبعون:**

١–لا يكون أهلاً للشهادة من لم يبلغ سن (الخامسة عشرة)، ومن لم يكن سليم الإدراك.

٢– يجوز أن تسمع أقوال من لم يبلغ سن (الخامسة عشرة) على سبيل الاستئناس.

**المادة الحادية والسبعون:**

١– يجب على الشـاهد ابتداءً قبل أداء الشـهادة الإفصاح عن أي علاقة له بأطراف الدعوى، أو أي مصلحة له فيها.



١٧



الرقم

التاريخ     /     /     ١٤هـ

المرفقات

المـملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

٢– لا تقبل شـهادة من يدفع بالشـهادة عن نفسـه ضـرراً أو يجلب لها نفعاً، ولا تقبل شـهادة الأصـل للفرع، وشـهادة الفرع للأصـل، وشـهادة أحد الزوجين للآخر ولو بعد افتراقهما، وشهادة الولي أو الوصي للمشمول بالولاية أو الوصاية.

٣– لا يجوز للموظفين والمكلفين بخدمة عامة –ولو بعد تركهم العمل– أن يشـهدوا بما يكون قد وصل إلى علمهم بحكم قيامهم بعملهم من معلومات سرية، ما لم ترتفع عنها صفة السرية، أو تأذن الجهة المختصة في الشهادة بها؛ بناء على طلب المحكمة، أو أحد الخصوم.

## (الفصل الثالث)

### إجراءات الإثبات بالشهادة

**المادة الثانية والسبعون:**

١– على الخصـم الذي يطلب الإثبات بشـهادة الشـهود أن يبين الوقائع التي يريد إثباتها، وعدد الشهود وأسماءهم.

٢– إذا أذنت المحكمة لأحد الخصوم بإثبات واقعة بشهادة الشهود كان للخصم الآخر الحق في نفيها بهذا الطريق. وفي جميع الأحوال لا تقبل الشهادة على النفي إلا إذا كان محصوراً.

٣– للمحكمة –من تلقاء نفسها أو بناء على طلب أحد الخصوم– أن تستدعي للشهادة من ترى لزوماً لسماع شهادته؛ إظهاراً للحقيقة.

**المادة الثالثة والسبعون:**

إذا طلب أحد الخصوم إمهاله لإحضار شهوده فيمهل مرة واحدة، فإذا لم يحضرهم في الموعد المحدد بغير عذر تقبله المحكمة أو أحضر منهم من لم توصل شهادته؛ فعلى المحكمة أن تفصل في الخصومة.

**المادة الرابعة والسبعون:**

١– تؤدى الشهادة شفاهاً. ويجوز أداؤها كتابة بإذن المحكمة.

٢– يجوز للمحكمة تحليف الشـاهد عند الاقتضاء، وإذا امتنع عن الحلف فتقدر المحكمة أثر ذلك.



بسم الله الرحمن الرحيم

<table>
<tr><td>الرقم</td><td></td></tr>
<tr><td>التاريخ   /   / ١٤ هـ</td><td></td></tr>
<tr><td>المرفقات</td><td></td></tr>
</table>

الـمـملكة العربية السعودية
هيئة الخبراء بمجلس الوزراء
Bureau Of Experts At The Council Of Ministers

## المادة الخامسة والسبعون:

١- تؤدى الشهادة بحضور الخصوم، وتسمع شهادة كل شاهد على انفراد إلا لمقتضى معتبر.

٢- تخلف الخصم المشهود عليه لا يمنع من سماع الشهادة. وله الاطلاع على محضر سماع الشهود.

## المادة السادسة والسبعون:

تأخذ المحكمة حال اختلاف شهادة الشهود بالقدر الذي تقتنع بصحته من الشهادة؛ على ألا يؤدي هذا الاختلاف إلى التناقض في شهادتهم.

## المادة السابعة والسبعون:

١- لأي من الخصوم توجيه الأسئلة مباشرة إلى الشاهد، وإذا انتهى الخصم من سؤال الشاهد فلا يجوز له إبداء أسئلة جديدة إلا بإذن المحكمة.

٢- للمحكمة أن توجه للشاهد ما تراه من الأسئلة مفيداً في كشف الحقيقة.

٣- ليس للخصم أن يقطع كلام الشاهد أثناء أداء الشهادة أو الإجابة.

٤- للخصم الاعتراض على سؤال وجه للشاهد، وعليه أن يبين وجه اعتراضه، ويُثبت الاعتراض وما تقرره المحكمة بشأنه في محضر الجلسة.

٥- للشاهد أن يمتنع عن الإجابة على سؤال وجه إليه، وعليه أن يبين وجه امتناعه، ويُثبت ذلك وما تقرره المحكمة بشأنه في محضر الجلسة.

## المادة الثامنة والسبعون:

تدون الشهادة في محضر، تثبت فيه بيانات الشاهد، وجهة اتصاله بالخصوم، ونص شهادته، وإجابته عما وجه إليه من أسئلة.

## المادة التاسعة والسبعون:

١- للخصم المشهود عليه أن يبين للمحكمة ما يخل بشهادة الشاهد من طعن فيه أو في شهادته. وتقدر المحكمة أثر ذلك في الشهادة.

٢- للمحكمة تقدير عدالة الشاهد من حيث سلوكه وتصرفه وغير ذلك من ظروف الدعوى، دون حاجة إلى التزكية، ولها عند الاقتضاء الاستعانة في تقدير العدالة بما تراه من وسائل.



١٩





المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

## المادة الثمانون:

إذا ثبت للمحكمة أثناء نظر الدعوى أو عند الحكم في موضوعها أن الشاهد شهد زورًا، فتحرر محضراً بذلك، وتحيله إلى النيابة العامة لاتخاذ الإجراءات اللازمة.

## (الفصل الرابع)
## الدعوى المستعجلة لسماع الشهادة

## المادة الحادية والثمانون:

١– يجوز لمن يخشى فوات فرصة الاستشهاد بشاهد على موضوع لم يعرض بعد أمام القضاء ويحتمل عرضه عليه أن يطلب في مواجهة ذوي الشأن سماع هذا الشاهد، ويقدم الطلب بدعوى مستعجلة للمحكمة المختصة، وفقاً للإجراءات المنظمة لذلك، وعند تحقق الضرورة، تسمع المحكمة شهادة الشاهد؛ متى كانت الواقعة مما يجوز إثباتها بشهادة الشهود.

٢– يجوز للمحكمة سماع شهود نفي بناء على طلب الخصم الآخر بالقدر الذي تقتضيه ظروف الاستعجال في الدعوى.

٣– فيما عدا ذلك تتبع في هذه الشهادة القواعد والإجراءات المنظمة لذلك، ولا يجوز في هذه الدعوى تسليم صورة من محضر سماع الشهادة ولا تقديمه إلى القضاء إلا إذا رأت محكمة الموضوع عند نظره جواز إثبات الواقعة بشهادة الشهود، ويكون للخصم الاعتراض أمامها على قبول هذا الدليل، كما يكون له طلب سماع شهود نفي لمصلحته.

## (الفصل الخامس)
## أحكام ختامية في الشهادة

## المادة الثانية والثمانون:

لا تجوز مضارة الشاهد. وعلى المحكمة أن تمنع كل محاولة ترمي إلى تخويفه أو التأثير عليه عند أداء الشهادة.







الرقم

التاريخ    /    / ١٤هـ

المرفقات

الـمملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

**المادة الثالثة والثمانون:**

تقدر المحكمة –بناءً على طلب الشاهد– مصروفات انتقاله ومقابل تعطيله، ويتحملها الخصم الذي خسر الدعوى، إلا إذا كانت الخسارة نسبية فيتحمل كل من الخصوم بقدر خسارته. وتبين المحكمة ذلك في الحكم الصادر في موضوع الدعوى.

**(الباب السادس)**
**القرائن وحجية الأمر المقضي**
**(الفصل الأول)**
**القرائن**

**المادة الرابعة والثمانون:**

القرائن المنصوص عليها شرعاً أو نظاماً تغني من قررت لمصلحته عن أي طريق من طرق الإثبات، على أنه يجوز نقض دلالتها بأي طريق آخر؛ ما لم يوجد نص يقضي بغير ذلك.

**المادة الخامسة والثمانون:**

١– للمحكمة أن تستنبط قرائن أخرى للإثبات، وذلك في الأحوال التي يجوز فيها الإثبات بالشهادة؛ على أن تبين وجه دلالتها.

٢– للمحكمة الاستعانة بالوسائل العلمية في استنباط القرائن.

**(الفصل الثاني)**
**حجية الأمر المقضي**

**المادة السادسة والثمانون:**

الأحكام التي حازت حجية الأمر المقضي حجةٌ فيما فصلت فيه من الحقوق، ولا يجوز قبول دليل ينقض هذه الحجية. ولا تكون لتلك الأحكام هذه الحجية إلا في نزاع قام بين الخصوم أنفسهم دون أن تتغير صفاتهم، وتعلق بالحق ذاته محلاً وسبباً. وتقضي المحكمة بهذه الحجية من تلقاء نفسها.







Bureau Of Experts At The Council Of Ministers

الرقم
التاريخ   /   / ١٤هـ
المرفقات

**المادة السابعة والثمانون:**

لا تتقيد المحكمة بالحكم الجزائي المرتبط بالدعوى المعروضة عليها إلا في الوقائع التي فصل فيها ذلك الحكم، وكان فصله فيها ضرورياً، ومع ذلك لا تتقيد بالحكم الصادر بعدم الإدانة إلا إذا قام على نفي نسبة الواقعة إلى المتهم.

**(الباب السابع)**

**العرف**

**المادة الثامنة والثمانون:**

يجوز الإثبات بالعرف، أو العادة بين الخصوم، وذلك فيما لم يرد فيه نص خاص أو اتفاق بين الأطراف أو فيما لا يخالف النظام العام.

**المادة التاسعة والثمانون:**

١– على من يتمسك بالعرف أو العادة بين الخصوم أن يثبت وجودها وقت الواقعة.

٢– لأي من الخصوم الطعن في ثبوت العرف أو العادة بين الخصوم، كما أن لهم معارضتهما بما هو أقوى منهما.

**المادة التسعون:**

تقدم العادة بين الخصوم والعرف الخاص على العرف العام عند التعارض.

**المادة الحادية والتسعون:**

للمحكمة عند الاقتضاء ندب خبير للتحقق من ثبوت العرف أو العادة بين الخصوم، وفقاً للأحكام المقررة في الباب (العاشر) من هذا النظام.





٢٢



الـمـمـلـكـة الـعـربـيـة الـسـعـوديـة

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

## (الباب الثامن)
### اليمين
## (الفصل الأول)
### أحكام عامة

**المادة الثانية والتسعون:**

١– اليمين الحاسمة: هي التي يؤديها المدعى عليه لدفع الدعوى، ويجوز ردها على المدعي، وفقاً للأحكام الواردة في هذا الباب.

٢– اليمين المتممة: هي التي يؤديها المدعي لإتمام البينة، ولا يجوز ردها على المدعى عليه، وفقاً للأحكام الواردة في هذا الباب.

**المادة الثالثة والتسعون:**

تكون اليمين في جانب أقوى المتداعيين.

**المادة الرابعة والتسعون:**

١– يشترط أن يكون الحالف أهلاً للتصرف فيما يحلف عليه.

٢– لا تقبل النيابة في أداء اليمين، وتقبل –بتوكيل خاص– في توجيه اليمين وقبولها والنكول عنها وردها.

**المادة الخامسة والتسعون:**

١– إذا كانت الواقعة التي تنصب عليها اليمين متعلقة بالحالف أو بإثبات فعل غيره؛ حلف على البت. وإذا كانت متعلقة بنفي فعل غيره حلف على نفي العلم إلا أن يكون المحلوف عليه مما يمكن أن يحيط به علم الحالف؛ فيحلف على البت.

٢– يكون أداء اليمين بالصيغة التي تقرها المحكمة.

## (الفصل الثاني)
### اليمين الحاسمة

**المادة السادسة والتسعون:**

١– يجوز أن توجه اليمين في الحقوق المالية، وفي أي حالة تكون عليها الدعوى، وفقاً للأحكام الواردة في هذا الباب.







الرقم

التاريخ     /   /   ١٤ هـ

المرفقات



المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

٢- لا يجوز توجيه اليمين في واقعة مخالفة للنظام العام.

٣- على المحكمة منع توجيه اليمين إذا كانت غير متعلقة بالدعوى أو غير منتجة أو غير جائز قبولها. وللمحكمة منع توجيهها إذا كان الخصم متعسفاً في ذلك.

**المادة السابعة والتسعون:**

١- إذا عجز المدعي عن البينة وطلب يمين خصمه حُلِّف، فإن نكل ردت اليمين على المدعي بطلب المدعى عليه، فإذا نكل المدعي عن اليمين المردودة رُدّت دعواه.

٢- لا تُرد اليمين فيما ينفرد المدعى عليه بعلمه، ويقضى عليه بنكوله.

٣- للمدعي طلب يمين خصمه، ما لم يُفصل في الدعوى بحكم نهائي.

٤- لا يجوز لمن وجه اليمين أو ردها أن يرجع في ذلك متى قَبِل خصمه أن يحلف.

**المادة الثامنة والتسعون:**

كل مـن وجهـت إليـه اليمين فحلفها حُكم لصالحه، أما إذا نكل عنها دون أن يردها على خصمه حكم عليه بعد إنذاره، وكذلك من ردت عليه اليمين فنكل عنها.

**المادة التاسعة والتسعون:**

١- للمدعي إسقاط بينته وتوجيه اليمين للمدعى عليه مباشرة.

٢- للمدعي توجيه اليمين للمدعى عليه قبل إحضـار بينته المعلومة، ويعد ذلك إسـقاطاً منه لبينته؛ بعد إعلام المحكمة له بذلك.

٣- مع مراعاة ما ورد في الفقرة (٢) من هذه المادة، لا يجوز للخصم أن يثبت كذب اليمين بعد أن يؤديها الخصـم الذي وجهت إليه أو ردت عليه، على أنه إذا ثبت كذب اليمين بحكم جزائي، فإن للخصم الذي أصابه ضرر منها أن يطالب بالتعويض، دون إخلال بما قد يكون له من حق الاعتراض على الحكم الذي صدر عليه بسبب اليمين الكاذبة.

**المادة المائة:**

للولي والوصي وناظر الوقف ومن في حكمهم توجيه اليمين والنكول عنها وردها فيما يجوز لهم التصرف فيه، وتوجه لهم اليمين فيما باشروا التصرف فيه.



٢٤

بسم الله الرحمن الرحيم

| | |
|---|---|
| الرقم | |
| التاريخ   /   /   ١٤هـ | |
| المرفقات | |

الـمـملكة العربية السعودية
هيئة الخبراء بمجلس الوزراء
Bureau Of Experts At The Council Of Ministers

**المادة الأولى بعد المائة:**

يجب على من يوجه اليمين إلى خصـــمه أن يبين بدقة الوقائع التي يريد اســتحلافه عليها، ويذكر الصـــيغة بعبارة واضـــحة، وللمحكمة أن تعدلها لتوجه بوضـــوح ودقة على الواقعة المطلوب الحلف عليها.

**المادة الثانية بعد المائة:**

يجب أن يكون أداء اليمين في مواجهة طالبها إلا إذا قرر تنازله عن حضـــور أدائها، أو تخلف مع علمه بموعد الجلسة.

**المادة الثالثة بعد المائة:**

١– من دعي للحضور إلى المحكمة لأداء اليمين وجب عليه الحضور.

٢– إذا حضـــر من وجهت إليه اليمين بنفسـه ولم ينازع في جوازها أو في تعلقها بالدعوى، وجب عليه أن يؤديها فوراً أو يردها على خصمه وإلا عد ناكلاً، وإن تخلف عن الحضور بغير عذر عدّ ناكلاً.

٣– إذا حضـــر من وجهت إليه اليمين ونازع في جوازها أو في تعلقها بالدعوى لزمه بيان ذلك، فإن لم تقتنع المحكمة بذلك وجب عليه أداء اليمين، وإلا عد ناكلاً.

**المادة الرابعة بعد المائة:**

١– تتعدد اليمين بتعدد المستحقين لها؛ ما لم يكونوا شركاء في الحق أو يكتفوا بيمين واحدة.

٢– تتعدد اليمين بتعدد من وجهت إليه.

٣– يجوز للمحكمة الاكتفاء بيمين واحدة إذا اجتمعت طلبات متعددة.

## (الفصل الثالث)

### اليمين المتممة

**المادة الخامسة بعد المائة:**

١– توجه المحكمة اليمين المتممة للمدعي إذا قدم دليلاً ناقصاً في الحقوق المالية، فإن حلف حُكم له، وإن نكل لم يعتد بدليله.



٢٥



المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

الرقم ـــــــــــ

التاريخ / / ١٤هـ

المرفقات ـــــــــ

٢- تكون اليمين المتممة على البت.

٣- لا يجوز رد اليمين المتممة على الخصم الآخر.

**المادة السادسة بعد المائة:**

يؤدي اليمين المتممة الولي والوصي وناظر الوقف ومن في حكمهم فيما باشروا التصرف فيه.

**المادة السابعة بعد المائة:**

إذا تعدد المدعون وقدموا دليلاً ناقصاً، ووجهت المحكمة اليمين المتممة لهم جميعاً، فمن حلف حكم له، ومن نكل لم يعتد بدليله.

## (الباب التاسع)
### المعاينة

**المادة الثامنة بعد المائة:**

١- للمحكمة -من تلقاء نفسها أو بناء على طلب أحد الخصوم- أن تقرر معاينة المتنازع فيه، وتحدد في قرار المعاينة تاريخها ومكانها، ويبلغ به من كان غائباً من الخصوم قبل الموعد المقرر بـ(أربع وعشرين) ساعة على الأقل.

٢- للمحكمة ندب خبير للاستعانة به في المعاينة، ولها سماع من ترى سماعه من الشهود.

**المادة التاسعة بعد المائة:**

١- يجوز لمن يخشى ضياع معالم واقعة يحتمل أن تصبح محل نزاع أمام القضاء أن يطلب معاينتها وإثبات حالتها، ويقدم الطلب بدعوى مستعجلة للمحكمة المختصة وفقاً للإجراءات المنظمة لذلك، وتراعى في المعاينة وإثبات الحالة أحكام المادة (الثامنة بعد المائة).

٢- يجوز للمحكمة في حال التقدم بدعوى لها أن تندب خبيراً للانتقال والمعاينة وسماع أقوال من يرى لزوم سماع أقواله، ويتعين على المحكمة أن تحدد جلسة لسماع ملحوظات الخصوم على تقرير الخبير وأعماله. وتتبع القواعد المنصوص عليها في الباب (العاشر) من هذا النظام.





٢٦



الرقم ـــــــــ

التاريخ    /    / ١٤هـ

المرفقات ـــــــــ

الـمـمـلـكـة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

## (الباب العاشر)

### الخبرة

**المادة العاشرة بعد المائة:**

١- للمحكمة –من تلقاء نفسـها أو بناء على طلب أحد الخصـوم– أن تقرر ندب خبير أو أكثر؛ لإبداء رأيه في المسائل الفنية التي يستلزمها الفصل في الدعوى.

٢- يراعى في اختيار الخبير تناسب معارفه الفنية وخبراته مع موضوع النزاع.

٣- إذا اتفق الخصوم على اختيار خبير أو أكثر أقرت المحكمة اتفاقهم.

**المادة الحادية عشرة بعد المائة:**

يجب أن يتضمن منطوق قرار ندب الخبير بياناً دقيقاً بمهمته، وصـلاحياته، والتدابير العاجلة التي يؤذن له في اتخاذها.

**المادة الثانية عشرة بعد المائة:**

١- تحدد المحكمة –عند الاقتضاء– المبلغ المقرر للخبرة، والخصم المكلف بإيداع المبلغ وتعين أجلاً لذلك.

٢- إذا لم يودع الخصـم المكلف المبلغ المقرر للخبرة في الأجل المعين، فيجوز للخصـم الآخر أن يودع المبلغ دون إخلال بحقه في الرجوع على خصمه.

٣- إذا لم يودع المبلغ أيٌّ من الخصـمين، فللمحكمة أن تقرر إيقاف الدعوى إلى حين الإيداع؛ متى كان الفصل فيها متوقفاً على قرار الخبرة، أو تقرر سقوط حق الخصم في التمسك بقرار الندب إذا وجدت أن الأعذار التي أبداها غير مقبولة.

**المادة الثالثة عشرة بعد المائة:**

يجب على الخبير قبل مباشـرته المهمة أن يفصـح عن أي علاقة له بأطراف الدعوى أو أي مصلحة له فيها، فإن أخل بذلك حكمت المحكمة بعزله وبرد ما تسلمه من مبالغ. ويكون الحكم نهائياً غير قابل للاعتراض، وذلك دون إخلال بالجزاءات التأديبية وبحق ذوي الشـأن في الرجوع عليه بالتعويضات.



٢٧

الرقم ـــــــــــــ
التاريخ   /   / ١٤هـ
المرفقات ـــــــــــ

الـــمملكة العربية السعودية
هيئة الخبراء بمجلس الوزراء
Bureau Of Experts At The Council Of Ministers

## المادة الرابعة عشرة بعد المائة:

١– يجوز لأي من الخصوم طلب رد الخبير إذا توافر في شأنه سبب يرجح معه عدم استطاعته أداء مهمته بحياد، وبوجه خاص يجوز رد الخبير إذا كان قريباً أو صهراً لأحد الخصوم إلى الدرجة الرابعة أو وكيلاً لأحدهم في أعماله الخاصة، أو وصياً لأحد الخصوم أو ولياً عليه أو ناظر وقف أو من في حكمهم، أو كان يعمل عند أحد الخصوم، أو كانت له خصـــومة مع أحدهم؛ ما لم تكن هذه الخصومة قد أقيمت بعد تعيين الخبير بقصد رده.

٢– لا يقبل طلب الرد ممن نُدب الخبير بناء على اختياره إلا إذا كان سبب الرد حدث بعد ندبه. وفي جميع الأحوال لا يقبل طلب الرد بعد قفل باب المرافعة.

٣– تفصـــل المحكمة في طلب الرد خلال (ثلاثة) أيام من تاريخ تقديم إجابة الخبير أو من تاريخ انتهاء المهلة المقررة لتقديمها، ويكون الحكم الصادر في الطلب نهائياً غير قابل للاعتراض.

## المادة الخامسة عشرة بعد المائة:

للخبير –في سبيل أداء مهمته– الآتي:

١– سمـاع أقوال الخصوم وملحوظاتهم، وكل من يرى سماع أقواله إذا تضمن قرار الندب الإذن لـه بذلك.

٢– أن يطلب من الخصوم أو غيرهم تسليمه أو إطلاعه على الدفاتر أو السجلات أو المستندات أو الأوراق أو الأشياء التي يراها ضرورية لتنفيذ مهمته.

٣– معاينة المنشآت والأماكن والأشياء التي يلزم معاينتها لتنفيذ مهمته.

## المادة السادسة عشرة بعد المائة:

١– لا يجوز لأي شـخص أن يمتنع بغير مسـوّغ نظامي عن تمكين الخبير من أداء مهمته وفقاً لما قررته المادة (الخامسة عشـرة بعد المائة)، وعلى الخبير في حال الامتناع أن يرفع عن ذلك إلى المحكمة، ولها أن تقرر ما تراه بما في ذلك إلزام الممتنع والاستعانة بالقوة الجبرية عند الاقتضاء.

٢– يجب على الخبير الرفع إلى المحكمة إذا اعترضـــت عمله عقبة حالت دون متابعة مهمته أو تطلّب الأمر توسيع نطاق مهمته، وعلى المحكمة أن تقرر ما تراه.

## المادة السابعة عشرة بعد المائة:

١– يعد الخبير تقريراً عن أعماله، ويجب أن يشمل ما يأتي:

أ– بيان المهمة المكلف بها وفقاً لقرار الندب.




الرقم

التاريخ /   / ١٤ هـ

المرفقات

المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

ب- الأعمال التي أنجزها بالتفصيل، وأقوال الخصوم وغيرهم، وما قدموه من مستندات وأدلة، والتحليل الفني لها.

ج- آراء الخبراء الذين استعان بهم.

د- نتيجة أعماله ورأيه الفني، والأوجه التي استند إليها بدقة ووضوح.

٢- إذا تعدّد الخبراء فعليهم أن يعدوا تقريراً واحداً، وفي حال اختلاف آرائهم فعليهم أن يذكروا في التقرير رأي كل منهم وأسبابه.

**المادة الثامنة عشرة بعد المائة:**

١- إذا لم يباشر الخبير مهمته دون عذر مقبول أو قصر في أدائها، أو تأخر عن إيداع التقرير في الموعد المحدد بلا مبرر، فيوجه إليه إنذار في موعد لا يتجاوز (خمسة) أيام من ذلك، فإن لم يستجب خلال (خمسة) أيام من تبلغه بالإنذار حكمت المحكمة بعزله وتأمره برد ما تسلمه من مبالغ، وذلك دون إخلال بالجزاءات التأديبية وحق ذوي الشأن في مطالبته بالتعويضات.

٢- يكون الحكم الصادر بعزل الخبير وإلزامه برد ما تسلمه نهائياً غير قابل للاعتراض.

٣- إذا تبين للمحكمة أن التأخير ناشئ عن خطأ أحد الخصوم حكمت عليه بغرامة لا تزيد على (عشرة آلاف) ريال، ولها أن تحكم بسقوط حقه في التمسك بقرار ندب الخبير.

**المادة التاسعة عشرة بعد المائة:**

إذا انتهت مهمة الخبير وجب عليه أن يعيد جميع ما تسلمه من أوراق أو مستندات أو غيرها خلال (عشرة) أيام من تاريخ انتهاء المهمة، فإذا امتنع دون عذر مقبول حكمت عليه المحكمة بتسليم جميع ما تسلمه وبغرامة لا تزيد على (عشرة آلاف) ريال، ويكون حكمها نهائياً غير قابل للاعتراض.

**المادة العشرون بعد المائة:**

للمحكمة -من تلقاء نفسها، أو بناء على طلب أحد الخصوم، وفي أي مرحلة تكون عليها الدعوى- أن تتخذ الآتي:

١- الأمر باستدعاء الخبير في جلسة تحددها لمناقشته في تقريره شفاهاً أو كتابة، ولها أن توجه إليه ما تراه من الأسئلة.



٢٩



المملكة العربية السعودية

Bureau Of Experts At The Council Of Ministers

الرقم

التاريخ    /    / ١٤ هـ

المرفقات

٢– أمر الخبير باستكمال أوجه النقص في عمله وتدارك ما تبينته من أوجه القصور أو الخطأ فيه، كما أن لها أن تندب خبيراً أو أكثر لينضم إلى الخبير السابق ندبه.

٣– ندب خبير آخر أو أكثر لاستكمال أوجه النقص في عمل الخبير السابق وتدارك ما تبين فيه من أوجه القصور أو الخطأ أو إعادة بحث المهمة. ولمن تندبه المحكمة أن يستعين بمعلومات الخبير السابق.

## المادة الحادية والعشرون بعد المائة:

١– يجوز للخصوم، ولو قبل رفع الدعوى، الاتفاق على قبول نتيجة تقرير الخبير، وتُعمل المحكمة اتفاقهم؛ ما لم يتضمن التقرير ما يخالف النظام العام.

٢– مع عدم الإخلال بحكم الفقرة (١) من هذه المادة، لا يقيد رأي الخبير المحكمة، وإذا لم تأخذ المحكمة به كله أو بعضه بينت أسباب ذلك في حكمها.

٣– للمحكمة إذا لم تأخذ بتقرير الخبير كله أو بعضه بسبب إهمال الخبير أو خطئه أن تأمره برد جميع ما تسلمه أو بعضه –بحسب الأحوال–، وذلك دون إخلال بالجزاءات التأديبية وبحق ذوي الشأن في الرجوع عليه بالتعويضات.

## المادة الثانية والعشرون بعد المائة:

يتحمل الخصم الذي خسر المطالبة محل الخبرة المبلغ المقرر للخبرة، إلا إذا كانت الخسارة نسبية فيتحمل كل من الخصوم بقدر خسارته، وتبين المحكمة ذلك في الحكم الصادر في موضوع الدعوى.

## المادة الثالثة والعشرون بعد المائة:

١– استثناء من الإجراءات المنظمة للخبرة، يجوز للمحكمة –بقرار تثبته في محضر الجلسة– أن تندب خبيراً لإبداء رأيه شفاهاً في مسألة فنية يسيرة لا تتطلب عملاً مطولاً أو معقداً، وللمحكمة أن تقرر تقديم الرأي مكتوباً.

٢– تحدد المحكمة في القرار موعد الجلسة التي يقدم فيها الخبير رأيه شفاهاً أو الأجل الذي يجب تقديم الرأي المكتوب فيه.

## المادة الرابعة والعشرون بعد المائة:

يجوز للمحكمة الاستناد إلى تقرير خبير مقدم في دعوى أخرى عوضاً عن الاستعانة بخبير في الدعوى، وذلك دون إخلال بحق الخصوم في مناقشة ما ورد في ذلك التقرير.







المملكة العربية السعودية

هيئة الخبراء بمجلس الوزراء

Bureau Of Experts At The Council Of Ministers

الرقم ـــــــــــــــــ

التاريخ    /    / ١٤هـ

المرفقات ـــــــــــــــــ

(الباب الحادي عشر)

أحكام ختامية

**المادة الخامسة والعشرون بعد المائة:**

١- يطبق على الإجراءات المتعلقة بالإثبات أحكام نظام المرافعات الشـرعية أو نظام المحاكم التجارية –بحسب الحال– فيما لم يرد فيه نص في هذا النظام.

٢- مع مراعاة ما ورد في الفقرة (١) من هذه المادة، تطبق الأحكام المسـتمدة من الشـريعة الإسـلامية الأكثر ملاءمة لتوجيهات هذا النظام على مسـائل الإثبات التي لم يرد في شأنها نص في هذا النظام.

**المادة السادسة والعشرون بعد المائة:**

١- يصدر وزير العدل بالتنسيق مع المجلس الأعلى للقضاء الآتي:

أ– ضوابط إجراءات الإثبات إلكترونياً.

ب– القواعد الخاصة بتنظيم شؤون الخبرة أمام المحاكم.

ج– الأدلة الإجرائية والقرارات اللازمة لتنفيذ هذا النظام.

٢- تنشر الضوابط والقواعد والأدلة الإجرائية المشار إليها في الفقرة (١) من هذه المادة في الجريدة الرسمية، ويعمل بها من تاريخ العمل بهذا النظام.

**المادة السابعة والعشرون بعد المائة:**

يجوز الاستعانة بالقطاع الخاص في إجراءات الإثبات، ويصدر وزير العدل بالتنسيق مع المجلس الأعلى للقضاء القواعد المنظمة لذلك.

**المادة الثامنة والعشرون بعد المائة:**

يلغي هذا النظام الباب (التاسـع) من نظام المرافعات الشـرعية الصـادر بالمرسـوم الملكي رقم (م/١) وتاريخ ١٤٣٥/١/٢٢هـــ، والباب (السابع) من نظام المحاكم التجارية الصادر بالمرسوم الملكي رقم (م/٩٣) وتاريخ ١٤٤١/٨/١٥هـ، ويلغي كل ما يتعارض معه من أحكام.

**المادة التاسعة والعشرون بعد المائة:**

يعمل بهذا النظام بعد (مائة وثمانين) يوماً من تاريخ نشره في الجريدة الرسمية.



