RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE  NO. 5:22-cv-04486-BLF <br><br> **PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING EXHIBITS  TO THE PGA TOUR INC.'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL MATERIAL** |

Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the PGA Tour Inc.'s (the "Tour") Administrative Motion to File Supplemental Material in support of its Motion to Compel Subpoena Compliance from the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir O. Al-Rumayyan ("HE").  Dkt. No. 208.

The Tour's proposed supplemental materials seek to augment the record for its motion to compel nonparty subpoena compliance.  Such "materials attached to a discovery motion unrelated to the merits of a case" are an "exception" to the ordinary preference for public access.  *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  In these cases, "the private interests of litigants are 'the only weights on the scale.'"  *Id*. (quoting *Kamakana v. City & County Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).  A party seeking to seal these materials "need only satisfy the less exacting 'good cause' standard" of Rule 26(c)(1) that "protect[s] a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id*.  A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule.  *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

The good cause standard applies here because PIF and HE are nonparties, and their obligation to produce discovery is the only issue considered.  Because "the motion at issue" is only "tangentially related to the underlying cause of action" and does not "require[] the court to address the merits of a case," nor is "strongly correlative to the merits of a case," the good cause standard applies.  *Center for Auto Safety*, 908 F.3d at 1099.  As explained in the declaration of John Loffhagen, good cause to seal exists because the exhibits contain highly confidential information about (1) LIV's corporate governance, investment structure, financial reporting requirements, internal decision making, and budgeting process; (2) LIV financials, including share price, subscription price, and valuation; (3) LIV's access to capital, including specific amounts of capital invested, the capital deployment schedule, and the intended uses of the capital; (4) limitations on LIV's business conduct, information sharing, and geographical reach; (5) the identities of LIV's strategic partners and pre-approved clients; and (6) LIV's relationships with third parties.  Loffhagen Decl. ¶¶ 2-3.

Disclosure of this information would cause concrete harm to LIV, including by prejudicing its ability to obtain future investment, reducing its bargaining power in negotiations, exposing its internal decision making processes to competitors and negotiation partners, adversely affecting relationships with third parties listed (and not listed) in the lists of preapproved clients and strategic partners, and allowing competitors to exploit limitations on LIV's business conduct, information sharing, and geographical reach for competitive advantage.  *Id*. ¶¶ 4-7.  As set forth in detail in the Amended Complaint, this litigation is about the efforts by the Tour and its co-conspirators to defeat LIV's nascent entry.  LIV respectfully submits that the Court should take care to ensure that procedural motions brought in this litigation by the Tour do not become a vehicle for further harm to LIV.

Courts frequently seal this type of information, even under the heightened "compelling reasons" standard.  *See, e.g.*, *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (sealing "internal conversations" about corporate "decision-making process"); *Ramirez v. Trans Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (sealing "discussions of internal decision-making or strategy" and "financial information"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing . . . business decision making"); *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.) (sealing "information relating to the identities of stockholders" and "internal governance procedures and corporate details"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *1-2 (N.D. Cal. Feb. 24, 2020) (sealing "confidential business material," including "financials" and "strategic decision making"); *Baird Kreiger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "long-term financial projections, discussions of business strategy and competitive analysis").

The sealing is narrowly tailored because the majority of the Tour's Memorandum of Law is not sealed or redacted.  LIV respectfully requests that the Court order that these materials remain sealed.

| Document | Reasons for Sealing |
|---|---|
| Exhibit A | Contains highly confidential information about LIV Golf corporate governance, investment structure, financial reporting requirements, internal decision making, and budgeting process; LIV financials, including share price, subscription price, and valuation; LIV's access |

| | | to capital, including specific amounts of capital invested, the capital deployment schedule, and the intended uses of the capital; limitations on LIV's business conduct, information sharing, and geographical reach; the identities of LIV's strategic partners and pre-approved clients, and LIV's relationships with third parties. |
| Exhibit B at lines 1:11-14, 1:23-26, 1:28-2:3, 2:12-16, 2:18-24, 3:1-4:1, 4:16-19, 4:25-26, 5:7-11 | | Discloses contents of Exhibit A, including highly confidential information about LIV's corporate governance, budgeting and financial approval, internal decision making, investment structure, and relationship with investors. |

DATED:  January 16, 2023

Respectfully submitted,

*/s/ Rachel S. Brass*

RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:     415.393.8200
Facsimile:     415.393.8306

COUNSEL FOR PLAINTIFF LIV GOLF, INC.