
DocuSign Envelope ID: 981A244A-B1F4-4290-969C-62CA38106514
Case 5:22-cv-04486-BLF   Document 222-1   Filed 01/16/23   Page 1 of 3

RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
   rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100
Facsimile:  650.801.5100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. CASE NO. 5:22-cv-04486-BLF <br><br> **DECLARATION OF JOHN LOFFHAGEN IN SUPPORT OF SEALING EXHIBITS TO THE PGA TOUR INC.'S ADMINISTRATIVE MOTION TO FILE SUPPLEMENTAL MATERIAL** |


LOFFHAGEN DECLARATION IN SUPPORT OF SEALING
CASE NO. 5:22-CV-04486-BLF

I, John Loffhagen, hereby declare and state:

1.  I am the Chief Legal Officer of LIV Golf. I am authorized by LIV Golf to make this statement in support of sealing portions of the PGA Tour, Inc.'s (the "Tour") Administrative Motion to File Supplemental Material in support of its Motion to Compel Subpoena Compliance from the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir O. Al-Rumayyan ("HE"). I make the statements in this declaration based on personal knowledge, personal experience, and personal participation in communications with business associates. If called and sworn as a witness, I could and would testify to the facts stated in this declaration.

2.  Exhibit A of the Tour's proposed supplemental material is the Subscription and Shareholders' Agreement between PIF and certain LIV parent companies (the "Agreement"). LIV goes to great length to keep this Agreement and its contents confidential. The Agreement contains highly confidential information about LIV's corporate governance, investment structure, share and subscription price, valuation, internal financial reporting, internal decision making, and budgeting process. The Agreement further discloses the identities of LIV's strategic partners and pre-approved clients. Moreover, the Agreement discloses LIV financials, including specific amounts of capital, the capital deployment schedule, and capital intended uses. Last, the Agreement discloses relationships with third parties and provides limitations on LIV's business conduct.

3.  Exhibit B is the Tour's proposed supplemental brief that quotes and discloses the same information from the Agreement, including information about LIV's corporate governance, budgeting and financial approval, investment structure, internal decision making, and relationship with investors.

4.  Disclosure of this information would cause serious competitive harm to LIV. Disclosure would prejudice LIV's ability to obtain future investment and may deter outside investors from investing in LIV altogether. If they do invest, outside investors may seek the same or better terms than the ones stated for PIF. Disclosure would also affect future negotiations with business partners and players by demonstrating LIV's ability to pay and access capital. Prospective partners may decide to charge more due to LIV's access to capital or may tailor negotiations to fit the schedule of LIV's capital injections or the intended uses for the capital. Players may likewise demand more from LIV in

light of its total capital available for player contracts.  All parties may seek to exploit LIV's internal decision making process, including for budgeting and financial reporting, during negotiations.

5.  Disclosure of limitations on LIV's business conduct would cause particular competitive harm to LIV.  The limitations listed in the Agreement are not public knowledge, and disclosure would have serious implications for LIV's ability to do business in the geographic regions and business lines subject to restrictions in the Agreement.  LIV's competitors (such as the Tour) could exploit this information to harm LIV, including by targeting LIV's weaknesses to gain a competitive advantage or doing business in geographic regions where LIV is subject to restrictions.  Disclosure of LIV's internal decision making processes may likewise be exploited by competitors.

6.  Disclosure of pre-approved clients and contractual relationships with certain third parties would also cause significant competitive harm to LIV.  These relationships are not widely known, and information about which parties are on the list (and which are not) would affect those parties' willingness to do business with LIV.  Disclosure would also raise questions about why some persons and entities are included on the lists and others excluded, again affecting LIV's business relationships with these persons and entities.

7.  The highlighted portions of Exhibit B implicate the same harms, and disclosure would have a similar effect to the one described for Exhibit A, including loss of future investment opportunity, reduced bargaining power in negotiations, competitive disadvantage due to competitors' exploitation of limitations on LIV's business conduct and decision making processes, and negative effect on the business relationships with the persons and entities listed in the Agreement.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on 15 January 2023, 2023.

DocuSigned by:

*John Loffhagen*
B047E35ED1C1478...

John Loffhagen