**EXHIBIT 1**

**REDACTED VERSION OF DOCUMENT PROPOSED**

**TO BE FILED UNDER SEAL**

# *Jones, et al. v. PGA TOUR, Inc.*

Motion to Compel Public Investment Fund and Yasir Al-Rumayyan's Compliance with Subpoenas

Keker, Van Nest & Peters
January 13, 2022



"But there's just no reason in the world that working cooperatively, we can't make this schedule, and do so in a way that meets your Honor's commitment to a March 9th summary judgement date and then to an August 7th trial date. …

And we stand ready to move heaven and earth, do whatever is necessary, to reach that trial date."

Attorney for LIV, PIF and Al-Rumayyan
Robert C. Walters
August 18, 2022



2

"To the extent there's appropriate discovery of the Public Investment Fund, we will find a way to cooperate with that. We would never insist that they do any sort of formal service, so we will figure out a way to do that. All of that will come together swimmingly."

Attorney for LIV, PIF and Al-Rumayyan
Robert C. Walters
August 18, 2022



# PIF and Al-Rumayyan Backtrack on Promises to the Court

- Entitled to sovereign immunity

- Not subject to personal jurisdiction anywhere in the United States

- Not properly served

- Have not, and will not, produce documents or information relevant to this dispute



4

# The TOUR's Motion to Compel Should Be Granted, PIF and Al-Rumayyan's Motion to Quash Denied

**1** Relevant background re PIF and Al-Rumayyan's commercial involvement with LIV

**2** PIF and Al-Rumayyan are not immune under FSIA or common law

**3** PIF and Al-Rumayyan have more than sufficient contacts with the United States

**4** Service was adequate

**5** The Subpoenas seek relevant documents



# The TOUR's Motion to Compel Should Be Granted,
# PIF and Al-Rumayyan's Motion to Quash Denied

| 1 | Relevant background re PIF and Al-Rumayyan's commercial involvement with LIV |
|---|---|
| 2 | |
| 3 | |
| 4 | |
| 5 | |



# PIF and Al-Rumayyan Founded LIV for Ordinary, Commercial Purposes

## Documents recently produced show:

- LIV was founded ███████████████████████████

- PIF owns ████ of LIV.

- █████████████████████████████████████████████
  ████████

- PIF using LIV to ████████████████████████████████
  ████████████████████████████████

 *See* Hood Decl. Ex. 1 at -907; *id.* Ex. 2; *id.* Ex. 1 at -928; *id.* Ex. 1 at -908; *id.* Ex. 40 at 24

# Subscription and Shareholders' Agreement



Subscription and Shareholders' Agreement, Dkt. No. 208-2, Ex. A at -702.

# Subscription and Shareholders' Agreement



Subscription and Shareholders' Agreement, Dkt. No. 208-2, Ex. A at -702, -703, -704.

# Subscription and Shareholders' Agreement



Subscription and Shareholders' Agreement, Dkt. No. 208-2, Ex. A at -702, -705.

# Al-Rumayyan Involved in Key LIV Decisions



Hood Decl., Ex. 6 at -498.

# Al-Rumayyan's Day-to-Day Control



Hood Decl., Ex. 7

# Al-Rumayyan's Day-to-Day Control



Hood Decl., Ex. 44 at -590.

13

# Al-Rumayyan's Day-to-Day Control



Hood Decl., Ex. 44 at 591.

# Al-Rumayyan's Day-to-Day Control



Hood Decl., Ex. 8 at -157.

# Al-Rumayyan's Control Over LIV Business Details





# Al-Rumayyan Recruited TOUR Golfer Bryson DeChambeau



# Al-Rumayyan Recruited Agent Casey Wasserman



# Al-Rumayyan Approves Offers to Players



# Al-Rumayyan Negotiates with Broadcasters



# PIF Connects LIV with Potential Sponsors



# Al-Rumayyan Connects LIV with Potential Sponsors



# The TOUR's Motion to Compel Should Be Granted, PIF and Al-Rumayyan's Motion to Quash Denied



1

**2** PIF and Al-Rumayyan are not immune under FSIA or common law

3

4

5



# FSIA

- Codified existing common law of sovereign immunity
- No immunity *where a statutory exception applies*
- "[P]ersonal jurisdiction over a foreign state [is] automatic when an exception to immunity applies." *Samantar v. Yousuf,* 560 U.S. 305, 324 n.20 (2010).
- It is PIF's burden to rebut the evidence offered by the TOUR that exceptions apply:

> "Once the plaintiff offers evidence that an FSIA exception to immunity applies, the party claiming immunity bears the burden of proving by a preponderance of the evidence that the exception does not apply."

*Joseph v. Off. of Consulate Gen. of Nigeria,*
830 F.2d 1018, 1021 (9th Cir. 1987)



24

# Commercial Activity Exception Statutory Framework

No foreign state or instrumentality is immune from a legal action based upon:

1) Commercial activity carried on in the United States by the Foreign State

2) Act outside the United States in connection with commercial activity of the foreign state elsewhere that causes a direct effect in the United States

28 U.S.C. § 1605(a)(2)



25

# Examples of Commercial Activity Exception



- Foreign state's distribution of promotional materials in the United States

  *Pablo Star Ltd. v. Welsh Gov't,*
  961 F.3d 555, 565 (2d Cir. 2020)

- Funding a U.S. insurance plan from outside the country

  *Embassy of the Arab Republic of Egypt v. Lasheen,*
  603 F.3d 1166, 1171 (9th Cir. 2010)

- Negotiating, entering, and allegedly breaching a contract

  *Everard Findlay Consulting, LLC v. Republic of Surin.,*
  831 F. App'x 599, 601 (2d Cir. 2020)



# Scope of Commercial Activity Exception



- "[N]exus between the plaintiff's asserted cause of action and the foreign state's commercial activity." *Embassy of the Arab Republic of Egypt v. Lasheen,* 603 F.3d 1166, 1170 (9th Cir. 2010)

- Where foreign state "played an active role in the United States in the" conduct on which the lawsuit is based. *Pablo Star Ltd. v. Welsh Gov't,* 961 F.3d 555, 565 (2d Cir. 2020)



27

# PIF's "Active Role" in Tortious Interference in the U.S.

## PIF

Al-Rumayyan "played no role in player negotiations." Dkt. 173 (Reply) at 3.

TOUR's allegations "implicate[] LIV's conduct, not PIF's." Dkt. 166 (Opp.) at 9.

## The Facts

- **PIF** ███████████████████████████ ████████████

- **Al-Rumayyan** "authorized" LIV to ████████████ ████████████ Hood Decl., Ex. 18 at -153.

- **Al-Rumayyan** instructed that a ████████████████ *Id.,* Ex. 19 at -203.

- **PIF** "had several meetings ████████ █████████████████ *Id.,* Ex. 1 at -907.

- **Al-Rumayyan** told ████████████████████ ██████████████████████████ ████ *Id.,* Ex. 20.



28

# PIF's "Active Role" in Events Relevant to LIV's Claims

| PIF |
|---|

**"PIF has done little more than invest in LIV."** Dkt. 173 (Reply) at 2.

LIV's claims have **"nothing to do with PIF."** Dkt. 166 (Opp.) at 9.

**"PIF's Board does not approve LIV's budget or budget changes"** Dkt. 166-6 (Taylor Decl.)

| The Facts |
|---|

- **PIF** approved filing this lawsuit and controls litigation.
- **PIF** created LIV, owns ███, and provided ██████████████████ Hood Decl., Exs. 1 at -928; 2 at -353.
- **PIF** must ████████████████████████████████
- **PIF** hired ██████████████████████████████ ████████████████████
- **Al-Rumayyan** meets ████ with LIV and controls everything from ████ ████████████
- Through LIV, **PIF** hired and paid U.S. golfers in United States with PIF money to compete in LIV events in the United States.
- LIV ██████████████████████████ Dooley Decl. Ex. 40 (email from Tim Taylor)



# PIF Is Front and Center in This Litigation



Al-Rumayyan poses with LIV golfers and "figurehead" CEO Greg Norman at Chicago LIV event



# Waiver Exception



A foreign state "shall not be immune" where it "has waived its immunity either explicitly or **by implication**"

28 U.S.C. § 1605(a)(1).

Implied waiver is determined by a state's **"actions in relation to the conduct of litigation,"** including:

- "where a foreign state has agreed to arbitration in another country" and
- "where a foreign state has agreed that the law of a particular country should govern a contract"

*Smith v. Soc. People's Libyan Arab Jamahiriya*, 101 F.3d 239, 243 (2d Cir. 1996).



31

# Waiver Exception

## PIF agreed to litigate in the United States



# Common Law Immunity

- The United States follows the "restrictive theory" of common law sovereign immunity, codified in FSIA

- It is the "official position" of the United States that "the commercial and private activities of foreign states do not give rise to sovereign immunity."

*Alfred Dunhill of London, Inc. v. Republic of Cuba,*
*425 U.S. 682, 698 (1976)*

- "In their commercial capacities, foreign governments do not exercise powers peculiar to sovereigns. Instead, they exercise only those powers that can also be exercised by private citizens."

*Alfred Dunhill,* 425 U.S. at 704.



33

# Common Law Immunity



In dealings with LIV, Al-Rumayyan has "not exercise[d] powers peculiar to sovereigns," but "powers that can also be exercised by private citizens."









34

# The TOUR's Motion to Compel Should Be Granted, PIF and Al-Rumayyan's Motion to Quash Denied



1

2

3 PIF and Al-Rumayyan have more than sufficient contacts with the United States

4

5



35

# Personal Jurisdiction



The "minimum contacts" test for specific jurisdiction:

- "[N]on-resident … must purposefully direct his activities or consummate some transaction with the forum or resident thereof… or … purposefully avail[] himself of the privilege of conducting activities in the forum…
- "[T]he claim must … arise[] out of or relate[] to the defendant's forum-related activities
- "[T]he exercise of jurisdiction … must be reasonable."

*LNS Enter. LLC v. Continental Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022).



# LIV:  Email Communications Establish Personal Jurisdiction





## LIV GOLF'S OPPOSITION TO PGA EUROPEAN TOUR'S MOTION TO QUASH RULE 45 SUBPOENA

[6] It is well-established that communications with a forum state are sufficient to establish personal jurisdiction.  *Burger King*, 471 U.S. 462 at 476 (because "a substantial amount of business is transacted solely by mail and wire communication … we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction"); *Cable/Home Comm. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 858 (11th Cir. 1990) (similar); *Exhibit Icons, LLC v. XP Co., LLC*, 609 F. Supp. 2d 1282, 1293–94 (S.D. Fla. 2009) (electronic communications, including 188 phone calls, sufficient to establish personal jurisdiction).

Hood Decl., Ex. 43 at 17 n.6 (LIV Opp. to Motion to Quash Rule 45 Subpoena to PGA European Tour, filed in United States District Court, Middle District of Florida).



# PIF and Al-Rumayyan Have Extensive Communications with U.S.



Between PIF and a US-based LIV employee

**400+**

**250+**

Between PIF and a NY-based advisor

United States

Saudi Arabia



38

# PIF and Al-Rumayyan Direct Activities to U.S. and U.S. Residents



- PIF ███████████████████████████████████████████
  ████████████████████████████

- ████████████████████████████████████████████████
  ████████████████████████████

- ████████████████████████████████████

- Funded, created and attended golf events in the United States

- Contracts with U.S. ████████████████████████████████
  ████████████████████████

- "PIF employees have attended meetings related to LIV Golf, Inc. in the United States" Dkt. 166-4 (Al-Rumayyan Decl.)

*See* Hood Decl., Ex. 1 at -907.

39

# Claims Relate to PIF and Al-Rumayyan's U.S. Contacts

| Contacts | Claims |
|---|---|
| PIF and Al-Rumayyan's contacts with U.S. players, agents, broadcasters, sponsors and vendors | LIV's claim that the TOUR prevented it from entering the market |
| PIF's contracts with U.S. advisors, including PR and lobbying firms | LIV's claim that its conduct and contracts are pro-competitive |
| PIF and Al-Rumayyan recruiting and paying TOUR members in the U.S. | The TOUR's tortious interference counterclaim |



*See* Dkt. 83 ¶¶ 266, 293, 314, 322, 331, 333

40

# Tag Jurisdiction

- "[J]urisdiction based on physical presence alone constitutes due process … it is one of the continuing traditions of our legal system…."

  *Burnham v. Sup. Ct. of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990).

- "[A] defendant voluntarily present in a particular State today has 'clear notice that [he] is subject to suit' in the forum."

  *Id.* at 636-37.



In this instance only, His Excellency agrees to treat the PGA Tour's sending to Quinn Emanuel Urquhart & Sullivan LLP the subpoena attached hereto as Exhibit A as if the PGA Tour had personally delivered a copy of it to His Excellency in the United States.

*See* Dooley Decl., Ex. 5 (Dkt. 148-2 at 19).



41

# The Exercise of Jurisdiction over PIF and Al-Rumayyan is Reasonable

The United States' interest in enforcing its laws outweighs Saudi Arabia's interests in confidentiality or secrecy

- "When [PIF] availed itself of business opportunities in this country, it undertook an obligation to comply with the lawful orders of the United States." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992)

Saudi Arabia has "not demonstrated a strong interest in keeping the requested information confidential." *Id.* at 1479

- Information already shared with LIV, consultants, golfers, potential broadcasters and sponsors
- Claims to be willing and able to make a voluntary production
- PIF's golf activities do not relate to any recognized governmental interest or function



# The TOUR's Motion to Compel Should Be Granted, PIF and Al-Rumayyan's Motion to Quash Denied



1

2

3

4  Service was adequate

5

# PIF and Al-Rumayyan Regularly Conduct Business in New York





**Barron's:** We're doing this over Skype now, but do you come to New York often?

**Yasir al-Rumayyan:** I'm a frequent visitor to the U.S.—New York, Miami, San Francisco. Some of our portfolio companies are there, so I do go quite often. The new office is going to be in the General Motors Building [on Fifth Avenue], a whole floor. Hopefully, that office is going to open in either the late fourth quarter or early in the first quarter of 2021. …

**Barron's:** They'll be meeting with portfolio companies and assessing new investments there?

**Yasir al-Rumayyan:** It's going to be sourcing deals, [managing] continuous relationships, and monitoring some of these deals.

**Yasir al-Rumayyan:** "I have made nine trips to or within 100-miles of New York City since January 1, 2021, for a total of thirty-four days" Dkt. 166-5 (Al-Rumayyan Decl.)

Hood Decl. Ex. 41 at 2; "Inside Saudi Arabia's $360 Billion Investment Fund," *Barron's* 9/21/2020



# The TOUR Tendered Fees

- PIF and Rumayyan accepted service without fees

- Nevertheless, the TOUR has tendered fees



# The TOUR's Motion to Compel Should Be Granted, PIF and Al-Rumayyan's Motion to Quash Denied



5 — The Subpoenas seek relevant documents



# LIV Concedes Relevance of PIF

- "To the extent there's appropriate discovery of the Public Investment Fund, we will find a way to cooperate with that. . . . All of that will come together swimmingly." Robert C. Walters, August 18, 2022.

- LIV agreed to produce documents in response to the TOUR's request for "[a]ll documents and communications related to Saudi PIF." Dooley Decl., Ex. 49 (Dkt. 148-6 at 78).

- LIV asked the TOUR to run "Yasir," "Rumayyan" and "His Excellency" as search terms.



# Subpoenas Seek Relevant Evidence

- Evidence of LIV's commercial viability and reasons that PIF created LIV, relevant to TOUR's defenses

  - Request 42: PIF's financial projections and business plans for LIV
  - Request 51: PIF's reasons for creating and benefits to PIF from LIV's creation

- Evidence relevant to the TOUR's tortious interference with contract counterclaim

  - Requests 24/43: PIF's solicitation of and benefits and money supplied to golfers

- Evidence relevant to LIV's claim that the TOUR conspired to keep LIV out of the "golf ecosystem."

  - Request 35: PIF's involvement in broadcaster negotiations



# Subpoenas Seek Relevant Evidence

- Evidence relevant to show that TOUR's enforcement of its Regulations serves procompetitive purpose of protecting TOUR's reputation
  - Request 55: Third-party concerns about doing business with PIF or LIV

- Evidence relevant to LIV's allegation that TOUR blocked PGL's entrance into market
  - Request 80: PIF's involvement with PGL



# Subpoenas Seek Documents Uniquely in PIF and Al-Rumayyan's Custody

- PIF has access to documents preceding LIV's creation
  - Investment in the PGL
  - Inception of LIV business plan and strategy
  - Recruitment of TOUR golfers prior to LIV's official formation

- PIF and Al-Rumayyan had relevant communications without involving LIV
  - Al-Rumayyan's text communications with golfers
  - Al-Rumayyan's meetings and communications with agents, broadcasters, and sponsors
  - PIF's communications with consultants and advisors



