1    KEKER, VAN NEST & PETERS LLP
     ELLIOT R. PETERS - # 158708
2    epeters@keker.com
     DAVID SILBERT - # 173128
3    dsilbert@keker.com
     R. ADAM LAURIDSEN - # 243780
4    alauridsen@keker.com
     NICHOLAS S. GOLDBERG - # 273614
5    ngoldberg@keker.com
     SOPHIE HOOD - # 295881
6    shood@keker.com
     633 Battery Street
7    San Francisco, CA 94111-1809
     Telephone:    415 391 5400
8    Facsimile:    415 397 7188

     SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM LLP
     ANTHONY J. DREYER - (*pro hac vice*)
     anthony.dreyer@skadden.com
     KAREN M. LENT - (*pro hac vice*)
     karen.lent@skadden.com
     MATTHEW M. MARTINO - (*pro hac vice*)
     matthew.martino@skadden.com
     One Manhattan West
     New York, NY 10001
     Telephone:    212 735 3000
     Facsimile:    212 735 2000

     SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM LLP
     PATRICK FITZGERALD - (*pro hac vice*)
     patrick.fitzgerald@skadden.com
     155 North Wacker Drive
     Chicago, Il 60606
     Telephone:    312 407 0700
     Facsimile:    312 407 0411

12   Attorneys for Defendant PGA TOUR, INC.

13                       UNITED STATES DISTRICT COURT

14                     NORTHERN DISTRICT OF CALIFORNIA

15                            SAN JOSE DIVISION

16   MATT JONES; BRYSON DECHAMBEAU;          Case No. 5:22-cv-04486-BLF (SVK)
     PETER UIHLEIN; and LIV GOLF, INC.,
17                                            **PGA TOUR, INC.'S SUPPLEMENTAL
              Plaintiffs,                      MEMORANDUM IN SUPPORT OF ITS
18                                             MOTION TO COMPEL PUBLIC
        v.                                     INVESTMENT FUND OF THE
19                                             KINGDOM OF SAUDI ARABIA AND
     PGA TOUR, INC.,                           YASIR OTHMAN AL-RUMAYYAN'S
20                                             COMPLIANCE WITH DOCUMENT AND
              Defendant.                       DEPOSITION SUBPOENAS AND
21                                             OPPOSITION TO MOTION TO QUASH**

22   PGA TOUR, INC.,                          Judge:      Hon. Susan van Keulen
                                              Date Filed: August 3, 2022
23            Counterclaimant,

24      v.                                    Trial Date: January 8, 2024

25   LIV GOLF, INC.,

26            Counterdefendant.

27

28   **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1

I.      **INTRODUCTION**

2           The PGA TOUR submits this Supplemental Memorandum because evidence produced

3   belatedly by LIV after the Public Investment Fund ("PIF") and Yasir Othman Al-Rumayyan filed

4   their Opposition and Motion to Quash and their Reply dramatically contradicts their claims and

5   establishes their extensive control over LIV and the decision to bring this lawsuit. PIF and Mr.

6   Al-Rumayyan should not be permitted to conduct business in the United States—including

7   providing the final authority in the initiation and ongoing conduct of this litigation—only to hide

8   behind a shell corporation to evade the jurisdiction of this Court.

9           In their Opposition and Motion to Quash, PIF and Mr. Al-Rumayyan strenuously disputed

10  that they "exercise[] 'day-to-day' control over LIV, much less any control over decisions related

11  to this lawsuit." Dkt. 166 at 5:27-28. They claimed that ████████████████████████████

12  ████████████████████ *id.* at 5:11, and that neither PIF nor Mr. Al-Rumayyan "manage[s] or

13  control[s] LIV's day-to-day operations," *id* at 4:20-21. They also claimed that ██████████████

14  ████████████████████████████████ *id.* at 4:9-10, and that the TOUR's

15  "claim that PIF … authorized the filing of this lawsuit" is "incorrect," *id.* at 14:13-14. And, in

16  their reply, they maintained that there was "no evidence" that they engaged in conduct "beyond

17  the routine activities of an investor." Dkt. 173 at 1:10-12. This was all false, and PIF, Mr. Al-

18  Rumayyan, and LIV knew it.

19          On December 21, after the deadline for substantially completing document production,

20  and after repeated requests for the document, LIV produced the Subscription and Shareholders'

21  Agreement that governs the relationship between PIF and LIV. *See* Ex. 1. ***The Agreement***

22  ***directly contradicts PIF and Mr. Rumayyan's representations***. Under the Shareholders'

23  Agreement, LIV is *required* to obtain PIF's consent to ██████████████████████████████

24  ████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████

26  ████████████████████████████████████████████ Ex. 1 at

27  45-47. Moreover, contrary to the assertion that PIF did not "authorize[] the filing of this

28  lawsuit"—and contrary to the artful statement that the decision to bring this lawsuit was ████

1  ██████████ "—the Shareholders' Agreement is crystal clear that PIF's ████████

2  ████████████████████████████████ *Id.* at 47. In short, PIF authorized

3  the filing of this lawsuit and controls LIV's ongoing conduct of this litigation. This belatedly

4  produced, critical document establishes that PIF and Mr. Al-Rumayyan misstated their central

5  role in running LIV and making decisions related to this lawsuit. And they strategically withheld

6  the document that reveals PIF's extensive control over LIV until after the briefing was complete.

7  The Shareholders' Agreement thus casts doubt on the credibility of *all* of PIF and Mr. Al-

8  Rumayyan's claims as well as the exercise of their duty of candor to the Court. It also confirms

9  that this Court has jurisdiction over PIF and Mr. Al-Rumayyan under the commercial activity and

10  waiver exceptions to FSIA. As to the former exception, the Shareholders' Agreement confirms

11  that LIV's interference with the TOUR's contracts with its members *was* a "direct effect" of PIF's

12  actions; indeed, we now know that PIF's consent was *required* for ████████████

13  ████████████████████████████████. As to the

14  waiver exception, the Shareholders' Agreement is dispositive, as it proves that PIF ████

15  ██████████████████████████████

16  ████—an unmistakable waiver of any sovereign immunity claim.

**II.    THE SHAREHOLDERS' AGREEMENT**

18  The Shareholders' Agreement, ████████████████████

19  ████████████████████████

20  ████████████████████████

21  ██ Ex. A at 1. ████████████████

22  ████████████████████ *See id.* at 2.[1] ████████████

23  ████████████████████████

24  ████ Ex. A at 65. ████████████████

---

[1] *See also* https://www.jerseyfsc.org/registry/registry-entities/entity/3020094.

[2] This corporate structure is disclosed in LIV's corporate disclosure, Dkt. 84, and is illustrated in Exhibit 37 to the Hood Declaration, Dkt. 168-37.

2035934

1   ███████████████████████████████████████████████████████

2   ███████████

3   ████████████████████████████████████████████████

4   ███████████████████████ Ex. A, Schedule 5 at 44. ████████████████

5   ██████████████████████████████████████████████████

6   ████████████████████████████ Ex. A at ¶ 6.1; ¶ 6.9. ████████████

7   ██████████████████████████████████████████████████████

8   ████████████████████████████████████████████████

9   ██████ *Id.* at 66. ████████████████████████████████████

10   ██████████████████████████████ Ex. A at 2. ███████████████

11   ███████████████████████████████████████████████

12   ████████

13   █████████████████████████████████████████████

14   ████████████████████████████████████████

15   █ ██████████████████████████████████████████████████

16   █

17   █ ████████████████████████████████████████████

18   █████████████████████████████████████████████████

19   ███████████████████████████████████████████

20   ██████████████████████████████████████████████

21   ██████████████████████████████████████████████████

22   █████████████████

23   █ ████████████████████████████████████████████████

24   ██████████████████████████████████████████████

25   █ ████████████████████████████████████████

26   █ ███████████████████████████████████████████

27   ███████████████████████████████████

28   ████████████████████████████████████████████████

SUPP. MEMO. ISO MOTION TO COMPEL AND OPPOSITION TO MOTION TO QUASH
Case No. 5:22-cv-04486-BLF (SVK)

2035934

1            ███████████████████████████ *Id*. at 4, ¶ 5.1(a).

2 **III.   ARGUMENT**

3       The Shareholders' Agreement is conclusive proof that the Court has jurisdiction over PIF

4 and Mr. Al-Rumayyan under the commercial activity and waiver exceptions to FSIA.

5       **A.   The Court has jurisdiction under the commercial activity exception.**

6       The Court has jurisdiction over PIF if there is a nexus between LIV's lawsuit and the

7 TOUR's counterclaims and defenses, on the one hand, and "commercial activity carried on in the

8 United States" by PIF or actions outside of the United States that "cause[] a direct effect in the

9 United States," on the other hand. 28 U.S.C. § 1605(a)(2) (first and third clauses); *see also*

10 *Embassy of the Arab Republic of Egypt v. Lasheen*, 603 F.3d 1166, 1170 (9th Cir. 2010). The

11 evidence already submitted to the Court readily establishes the applicability of the commercial

12 activity exception here. *See* Dkt. 148 at 6-8, 14-16; Dkt. 169 at 3-5, 7-9. The Shareholders'

13 Agreement now removes all doubt, conclusively proving how deeply entwined PIF is in the

14 conduct upon which LIV's and the TOUR's claims and defense are based. LIV's claims rest on

15 its alleged inability to sign agreements with other tours, with golfers, and with broadcasters and

16 sponsors, Dkt. 83 at ¶¶ 314, 322, 333, 343, and the Shareholders' Agreement confirms that █

17 ████████████████████████████████████ Ex. A at 45-46. Likewise, the

18 Shareholders' Agreement attests that PIF has the ultimate say on ████████████████

19 ████████████████████████████████ which are at the core of

20 the TOUR's defense that LIV's attempt to enter the market with unstainable contracts is not pro-

21 competitive. *Id.* at 45. Finally, the TOUR's tortious interference counterclaim is based on LIV's

22 illegal efforts to recruit PGA TOUR members and induce them to breach their agreements with

23 the TOUR through extravagant guaranteed contracts and provisions that make it impossible for

24 PGA TOUR members to comply with their contractual obligations to the TOUR. Dkt. 108 at

25 ¶¶ 55-64. The Reserved Matters Schedule conclusively proves that PIF ████████████

26 ███████████████. *Id*. at 45-46. PIF's ████████████████—whether it

27 occurred "in the United States" or took place elsewhere but had a "direct effect in the United

28 States," 28 U.S.C. § 1605(a)(2)—establishes this Court's jurisdiction over PIF.

2035934

**B.      The Court has jurisdiction under the waiver exception.**

The Court also has jurisdiction over PIF if it "has waived its immunity either explicitly *or by implication*." 28 U.S.C. § 1605(a)(1) (emphasis added). It is not necessary for the Court to find that PIF subjectively intended to waive; rather, the Court should look to PIF's "actions in relation to the conduct of the litigation." *Smith v. Soc. People's Libyan Arab Jamahiriya*, 101 F.3d 239, 244 (2d Cir. 1996). An agreement to litigate in another country is a canonical example of conduct that amounts to a waiver. *Id.* at 243. The Reserved Matter provision shows that PIF ████████

████████████████████████████████████████████

██ . Ex. A at 47.  It also shows that PIF controls ██████████████████████████ *Id.* In other words, PIF is ████████████████████████████ . Thus, by its "actions in relation to the conduct of the litigation," ██████████████████████ and cannot now claim it is immune. No amount of carefully worded, misleading argument by PIF can avoid this conclusion now that the Court has access to the Shareholders' Agreement.

## IV.      CONCLUSION

For the reasons set forth in its Motion to Compel, in its Reply and Opposition and, and in this Supplemental Memorandum, the TOUR respectfully requests that the Court grant the TOUR's Motion to Compel and deny PIF and Mr. Al-Rumayyan's Motion to Quash.

Dated:  January 17, 2023                                    KEKER, VAN NEST & PETERS LLP


                                                     By:   /s/ *Elliot R. Peters*
                                                           ELLIOT R. PETERS
                                                           DAVID SILBERT
                                                           R. ADAM LAURIDSEN
                                                           NICHOLAS S. GOLDBERG
                                                           SOPHIE HOOD

                                                           Attorneys for Defendant
                                                           PGA TOUR, INC.


                                                           SKADDEN, ARPS, SLATE, MEAGHER
                                                           & FLOM LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant
PGA TOUR, INC.

SUPP. MEMO. ISO MOTION TO COMPEL AND OPPOSITION TO MOTION TO QUASH
Case No. 5:22-cv-04486-BLF (SVK)

2035934