KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:    212 735 3000
Facsimile:     212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:    312 407 0700
Facsimile:     312 407 0411

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., | Case No. 5:22-CV-04486-BLF |
| Plaintiffs, | **JOINT STATUS REPORT FOLLOWING MOTION TO COMPEL AND MOTION TO QUASH HEARING** |
| v. | Judge:       Hon. Susan van Keulen |
| PGA TOUR, INC., | |
| Defendant. | |
| PGA TOUR, INC., | Date Filed:    August 3, 2022 |
| Counter-Claimant, | Trial Date:    January 8, 2024 |
| v. | |
| LIV GOLF, INC., | |
| Counter-Defendant. | |

1   In accordance with the Court's Order for Joint Status Report (Dkt. 227), Defendant and

2   Counterclaimant PGA TOUR, INC. ("the TOUR"), on the one hand, and the Public Investment

3   Fund of the Kingdom of Saudi Arabia ("PIF") and Yasir Othman Al-Rumayyan (together, Non-

4   Parties), on the other, jointly submit this status report. Written discovery closes on March 30,

5   2023, fact discovery closes on May 26, 2023, and trial is scheduled to begin on January 8, 2024.

6   **I.      MEET AND CONFER POSITION OF NON-PARTIES**

7   Non-Parties authorized their counsel to engage in further meet-and-confer, subject to the

8   following.  As a threshold matter, Non-Parties cannot agree to produce any documents or

9   information the disclosure of which would require them to violate Saudi law, including any laws

10  prohibiting the disclosure of confidential and/or official government records.  Counsel has

11  confirmed that Saudi law prohibits Mr. Al-Rumayyan and any PIF employees from being

12  compelled to provide in a commercial case any oral testimony, including a deposition, concerning

13  any information learned in the scope of their employment with the PIF.

14  Non-Parties have authorized counsel to meet and confer regarding potential production of

15  non-confidential government or official documents on the following conditions: (i) Non-Parties'

16  defenses and immunities—including sovereign immunity, common law immunity, international

17  comity, and personal jurisdiction—be preserved and held in abeyance for the Court's consideration

18  in the event negotiations fail or the Tour demands further discovery or takes other actions against

19  Non-Parties; (ii) the discovery motions be held in abeyance for the extent of any further meet-and-

20  confers; (iii) agreed production, if any, be supported as legal by an expert opinion on Saudi law;

21  (iv) in the discussions, the Tour substantially narrows its document requests to specific relevant

22  information that can be analyzed for compliance with Saudi law on confidentiality and disclosure;

23  and (v) the specific contents or outcome of any meet-and-confers, now and/or in the future, between

24  counsel for Non-Parties and counsel for the Tour be kept confidential.  Non-Parties do not waive,

25  and expressly reserve, all rights, immunities, and defenses.

26  Finally, Non-Parties object to the Tour's Statement below, which goes beyond "stat[ing]

27  whether it accepts or declines the offer." Dkt. 227.  If the Court considers the Tour's unauthorized

28  and self-serving narrative, Non-Parties respond that (i) their conditions (confidentiality, non-

waiver, compliance with law, etc.) were carefully considered and reasonable, and (ii) the Tour in fact did not materially narrow the discovery sought, continues to seek expansive and invasive U.S. discovery of these sovereign and immune third parties, and even demands that Non-Parties "waiv[e] any assertion of sovereign immunity," an extraordinary and unacceptable suggestion demonstrating the impasse.

## II.    THE TOUR'S STATEMENT

The TOUR cannot agree to PIF's "conditions" to provide a "potential production" of only the documents it deems appropriate. There are five fatal problems with PIF's proposal. *First,* it contains no method of Court enforcement. *Second,* it would allow PIF to cherry-pick the information it wishes to disclose while denying the TOUR access to almost all relevant documents because PIF could withhold any documents that it unilaterally deems to be "confidential and/or official government records." *Third*, it attempts to re-inject Saudi law as a condition, proposing to grant PIF's paid expert—not the Court—the power to decide what documents could be produced. *Fourth,* it would bar the TOUR from taking any testimony under oath from Mr. Al-Rumayyan or any other PIF witness. *Fifth*, it would impose an unnecessary gag order over discussions about discovery. PIF's proposed "conditions" bring this dispute back to where it began: PIF would be allowed to cherry-pick what documents to produce while shielding itself from testifying under oath and depriving the TOUR of any way of enforcing its rights.

After receiving PIF's email on January 18, the TOUR promptly attempted to schedule a meet and confer to determine whether there was an opportunity to move toward agreement. *See* Ex. A. Counsel for PIF declined to even engage in a meet and confer unless the TOUR agreed in advance to all the untenable preconditions set forth in PIF's proposal. *Id.* Because the TOUR cannot agree to those preconditions, no meet and confer took place.

In stark contrast to PIF's take-it-or-leave-it approach, on January 17, the TOUR offered to significantly narrow the scope of the requests in its subpoenas. *See* Ex. B. In exchange, the TOUR proposed that Mr. Al-Rumayyan and a PIF 30(b)(6) witness appear for deposition on a narrowed set of topics. *Id.* Finally, the TOUR proposed that PIF agree to the entry of a stipulated order setting forth the parties' agreement and consent to the jurisdiction of this Court to enforce

compliance. *Id.* PIF and Mr. Al-Rumayyan have never responded to the TOUR's proposal. For its part, LIV has made clear that it will *not* agree to produce documents possessed by PIF. *See* Ex. C.

PIF's unreasonable proposal and unwillingness to compromise have created an impasse. The TOUR respectfully requests that the Court grant the TOUR's motion to compel and deny PIF's motion to quash.

Dated: January 19, 2023

KEKER, VAN NEST & PETERS LLP

By:  /s/ Elliot R. Peters
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

Dated:  January 19, 2023

By:   /s/ Carolyn B. Lamm

JOHN B. QUINN, SBN 90378
johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
  SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

Carolyn Lamm (pro hac vice)
Hansel Pham (pro hac vice)
Nicolle Kownacki (pro hac vice)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

ROBERT P. FELDMAN, SBN 69602
bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
  SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

Jack E. Pace III (pro hac vice)
Kimberly A. Havlin (pro hac vice)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

Attorneys for Non-Parties the Public
Investment Fund of the Kingdom
of Saudi Arabia And His Excellency
Yasir O. Al-Rumayyan

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Elliot R. Peters, attest that concurrence in the filing of this document has been obtained.

/s/ Elliot R. Peters
ELLIOT R. PETERS

# EXHIBIT A

| | |
|---|---|
| **From:** | Havlin, Kim |
| **To:** | Nicholas S. Goldberg; Lamm, Carolyn; Pham, Hansel; Burke, Heather; Pace, Jack; Kownacki, Nicolle; johnquinn@quinnemanuel.com; John Bash; "dominicsurprenant@quinnemanuel.com"; kevinteruya@quinnemanuel.com; Brass, Rachel (External); rwalters@gibsondunn.com; PGALIV; anthony.dreyer@skadden.com; Lent, Karen (External); matthew.martino@skadden.com |
| **Subject:** | RE: Jones et al v. PGA Tour, Inc., 5:22-cv-04486-BLF-SVK |
| **Date:** | Thursday, January 19, 2023 9:01:16 AM |
| **Attachments:** | image001.png |

---

**[EXTERNAL]**

Nick,

We read the order differently. I have pasted here for convenience.

> **By 10am on 1/18/23, counsel for the parties to the motions will confirm their authority to engage in further meet and confer and inform the court as necessary under the courts instructions.**
> **If the parties to the motions agree to further meet and confer, they are to file a joint status report by 10am on 1/19/23 as to next steps and a proposed schedule.**

I'll give you a call in a few minutes.

Regards,

Kim

**Kim Havlin** | Partner
**T** +1 212 819 8683   **E** kim.havlin@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Nicholas S. Goldberg <NGoldberg@keker.com>
**Sent:** Thursday, January 19, 2023 11:01 AM
**To:** Lamm, Carolyn <clamm@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Pham, Hansel <hpham@whitecase.com>; Burke, Heather <hburke@whitecase.com>; Pace, Jack <jpace@whitecase.com>; Kownacki, Nicolle <nkownacki@whitecase.com>; johnquinn@quinnemanuel.com; John Bash <johnbash@quinnemanuel.com>; 'dominicsurprenant@quinnemanuel.com' <dominicsurprenant@quinnemanuel.com>; kevinteruya@quinnemanuel.com; Brass, Rachel (External) <rbrass@gibsondunn.com>; rwalters@gibsondunn.com; PGALIV <PGALIV@keker.com>; anthony.dreyer@skadden.com; Lent, Karen (External) <karen.lent@SKADDEN.COM>; matthew.martino@skadden.com
**Subject:** RE: Jones et al v. PGA Tour, Inc., 5:22-cv-04486-BLF-SVK

Carolyn,

Our position is set forth in my email below and our letter of January 17. We were, and remain, prepared to meet and confer with you without any preconditions to see if we can make progress toward a resolution.

The Court ordered us to file a status report today and we will be submitting one by 10 am. Our portion of the status report is attached. If PIF and Mr. Al-Rumayyan wish to provide us with their portion of the statement for inclusion in the report, please send it to us no later than 9 am. If you choose not to do so, we will apprise the Court of your decision.

Thanks,
Nick

---

**From:** Lamm, Carolyn <clamm@whitecase.com>

**Sent:** Wednesday, January 18, 2023 9:14 PM
**To:** Nicholas S. Goldberg <NGoldberg@keker.com>; Havlin, Kim <kim.havlin@whitecase.com>; Pham, Hansel <hpham@whitecase.com>; Burke, Heather <hburke@whitecase.com>; Pace, Jack <jpace@whitecase.com>; Kownacki, Nicolle <nkownacki@whitecase.com>; johnquinn@quinnemanuel.com; John Bash <johnbash@quinnemanuel.com>; 'dominicsurprenant@quinnemanuel.com' <dominicsurprenant@quinnemanuel.com>; kevinteruya@quinnemanuel.com; Brass, Rachel (External) <rbrass@gibsondunn.com>; rwalters@gibsondunn.com; PGALIV <PGALIV@keker.com>; anthony.dreyer@skadden.com; Lent, Karen (External) <karen.lent@SKADDEN.COM>; matthew.martino@skadden.com
**Subject:** RE: Jones et al v. PGA Tour, Inc., 5:22-cv-04486-BLF-SVK

[EXTERNAL]

Nick,

As mentioned, our authority to meet and confer was set out in our note to the Court. We understand the Tour to say it will not agree to any of the conditions of that authority. Given this impasse, we agree that the Court should be apprised of this result in the morning. She has not requested or authorized a joint status report in these circumstances—i.e., where the parties have not agreed to meet and confer. We would suggest a joint email in response to our last communication to the Court. If that works, we can propose some language.

Regards,
Carolyn

**Carolyn B. Lamm** | Partner
**T** +1 202 626 3605   **M** +1 202 570 8906   **E** clamm@whitecase.com
White & Case LLP | 701 Thirteenth Street, NW | Washington, DC 20005-3807

**From:** Nicholas S. Goldberg <NGoldberg@keker.com>
**Sent:** Wednesday, January 18, 2023 6:01 PM
**To:** Havlin, Kim <kim.havlin@whitecase.com>; Lamm, Carolyn <clamm@whitecase.com>; Pham, Hansel <hpham@whitecase.com>; Burke, Heather <hburke@whitecase.com>; Pace, Jack <jpace@whitecase.com>; Kownacki, Nicolle <nkownacki@whitecase.com>; johnquinn@quinnemanuel.com; John Bash <johnbash@quinnemanuel.com>; kevinteruya@quinnemanuel.com; Brass, Rachel (External) <rbrass@gibsondunn.com>; rwalters@gibsondunn.com; PGALIV <PGALIV@keker.com>; anthony.dreyer@skadden.com; Lent, Karen (External) <karen.lent@SKADDEN.COM>; matthew.martino@skadden.com
**Subject:** RE: Jones et al v. PGA Tour, Inc., 5:22-cv-04486-BLF-SVK

Kim,

We understand your email to be a refusal to meet and confer with us unless the PGA TOUR accepts in advance all of PIF and Mr. Al-Rumayyan's conditions, which we decline to do. Please advise us if our understanding is incorrect, and you are willing to meet and confer without preconditions.

Regardless of whether you agree to meet and confer with us without preconditions, we propose that each side simultaneously exchange its portion of the joint status report ordered by Judge van Keulen tomorrow morning at 8 am pacific. We can then combine them into one document and file the status report by the 10 am pacific deadline.

Thanks,
Nick

**From:** Havlin, Kim <kim.havlin@whitecase.com>

**Sent:** Wednesday, January 18, 2023 1:57 PM
**To:** Nicholas S. Goldberg <NGoldberg@keker.com>; Lamm, Carolyn <clamm@whitecase.com>; Pham, Hansel <hpham@whitecase.com>; Burke, Heather <hburke@whitecase.com>; Pace, Jack <jpace@whitecase.com>; Kownacki, Nicolle <nkownacki@whitecase.com>; johnquinn@quinnemanuel.com; John Bash <johnbash@quinnemanuel.com>; kevinteruya@quinnemanuel.com; Brass, Rachel (External) <rbrass@gibsondunn.com>; rwalters@gibsondunn.com; PGALIV <PGALIV@keker.com>; anthony.dreyer@skadden.com; Lent, Karen (External) <karen.lent@SKADDEN.COM>; matthew.martino@skadden.com
**Subject:** RE: Jones et al v. PGA Tour, Inc., 5:22-cv-04486-BLF-SVK

[EXTERNAL]

Counsel,

Thank you for your e-mail.  As noted in our communication to the Court, we have authority to meet and confer subject to certain specified conditions we listed.  Are those conditions agreed?

Regards,

Kim

**Kim Havlin** | Partner
**T** +1 212 819 8683   **E** kim.havlin@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095

**From:** Nicholas S. Goldberg <NGoldberg@keker.com>
**Sent:** Wednesday, January 18, 2023 1:33 PM
**To:** Lamm, Carolyn <clamm@whitecase.com>; Pham, Hansel <hpham@whitecase.com>; Burke, Heather <hburke@whitecase.com>; Pace, Jack <jpace@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Kownacki, Nicolle <nkownacki@whitecase.com>; johnquinn@quinnemanuel.com; John Bash <johnbash@quinnemanuel.com>; kevinteruya@quinnemanuel.com; 'Brass, Rachel S.' <RBrass@gibsondunn.com>; rwalters@gibsondunn.com; PGALIV <PGALIV@keker.com>; anthony.dreyer@skadden.com; karen.lent@skadden.com; matthew.martino@skadden.com
**Subject:** RE: Jones et al v PGA Tour, Inc., 5:22-cv-04486-BLF-SVK

(Minus the Court / Counsel Only)

Counsel—

We would like to meet and confer you with today at 2 pm pacific.  Please let us know if that works for you and who will be participating on your end and we can send an invite.

Thanks,
Nick

**From:** Lamm, Carolyn <clamm@whitecase.com>
**Sent:** Wednesday, January 18, 2023 10:00 AM
**To:** SvKCRD@cand.uscourts.gov; svkpo@cand.uscourts.gov; Justine_Fanthorpe@cand.uscourts.gov
**Cc:** Brook Dooley <BDooley@keker.com>; David Silbert <DSilbert@keker.com>; Elliot Peters <EPeters@keker.com>; Eric MacMichael <EMacMichael@keker.com>; Eric K. Phung <EPhung@keker.com>; Anthony.Dreyer@skadden.com; Lent, Karen (External) <karen.lent@SKADDEN.COM>; Pham, Hansel <hpham@whitecase.com>; Burke, Heather <hburke@whitecase.com>; Pace, Jack <jpace@whitecase.com>; Havlin, Kim <kim.havlin@whitecase.com>; Kownacki, Nicolle <nkownacki@whitecase.com>;

johnquinn@quinnemanuel.com; johnbash@quinnemanuel.com; kevinteruya@quinnemanuel.com; Brass, Rachel (External) <rbrass@gibsondunn.com>; rwalters@gibsondunn.com
**Subject:** Jones et al v. PGA Tour, Inc., 5:22-cv-04486-BLF-SVK

[EXTERNAL]

Dear Magistrate Judge Van Keulen,

Further to the Court's Minute Order dated January 13, 2023, we write on behalf of the Public Investment Fund of the Kingdom of Saudi Arabia ("the PIF") and His Excellency Yasir O. Al-Rumayyan (the "Non-Parties") to inform the Court of counsel's authority to engage in further meet-and-confer with counsel for the Tour, subject to the following.

As a threshold matter and as set forth in the briefing on the motions heard before Your Honor on January 13, 2023, the PIF and Mr. Al-Rumayyan cannot agree to produce any documents or information the disclosure of which would require them to violate the law of the Kingdom of Saudi Arabia, including any laws prohibiting the disclosure of confidential and/or official government records. Further, we have confirmed that Saudi law prohibits Mr. Al-Rumayyan and any PIF employees from being compelled to provide in a commercial case any oral testimony, including a deposition, concerning any information learned in the scope of their employment with the PIF.

We have discussed with our clients the parties' arguments and the Court's instructions set forth during the hearing on January 13. The Non-Parties have authorized counsel to meet and confer with counsel for the Defendant Tour regarding the potential production of non-confidential government or official documents responsive to the Tour's revised requests on the following conditions: (i) all of the PIF's and Mr. Al-Rumayyan's defenses and immunities—including the defenses of sovereign immunity, common law immunity, international comity, and personal jurisdiction—be preserved and held in abeyance for the Court's consideration in the event the negotiations fail or in the event the Tour demands further discovery or takes other actions against the PIF and/or Mr. Al-Rumayyan; (ii) the discovery motions be held in abeyance for the extent of any further meet-and-confers; (iii) agreed production, if any, be supported as legal by an expert opinion on Saudi law; (iv) in the discussions, the Tour substantially narrows its document requests to specific relevant information that can be analyzed for compliance with Saudi laws on confidentiality and disclosure; and (v) the contents of any meet-and-confers, now and/or in the future, between counsel for the Non-Parties and counsel for the Tour be kept confidential, including as to the scope of voluntary production, if any, ultimately made by the PIF or Mr. Rumayyan.

In submitting this correspondence, the Non-Parties do not waive, and expressly reserve, all rights, immunities, and defenses.

Respectfully,

Carolyn B. Lamm

**Carolyn B. Lamm | Partner**
**T** 202 626 3605 **M** 202 570 8906  **E** clamm@whitecase.com
White & Case LLP | 701 Thirteenth Street, NW | Washington, DC 20005-3807
**WHITE & CASE**

===========================================================================
PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission,

please contact sender or call (202) 626-3600. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

===============================================================================

===============================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

===============================================================================

===============================================================================
PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call (202) 626-3600. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

===============================================================================

===============================================================================
This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

===============================================================================

# EXHIBIT B



Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Brook Dooley**
(415) 773-6639
bdooley@keker.com

January 17, 2023

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Rachel S. Brass | John B. Quinn |
| Lauren Dansey | Dominic Surprenant |
| GIBSON, DUNN & CRUTCHER LLP | Kevin Teruya |
| 555 Mission Street, Suite 3000 | QUINN EMANUEL URQUHART & |
| San Francisco, CA  94105-0921 | SULLIVAN LLP |
| | 865 South Figueroa Street, 10th Floor |
| | Los Angeles, CA  90017 |

| | |
|---|---|
| Robert C. Walters | Robert P. Feldman |
| Scott K. Hvidt | QUINN EMANUEL URQUHART & |
| GIBSON, DUNN & CRUTCHER LLP | SULLIVAN LLP |
| 2001 Ross Avenue, Suite 2100 | 555 Twin Dolphin Dr., 5th Floor |
| Dallas, TX 75201-2911 | Redwood Shores, CA  94065 |

| | |
|---|---|
| Joshua Lipton | John Bash |
| Kristen C. Limarzi | QUINN EMANUEL URQUHART & |
| GIBSON, DUNN & CRUTCHER LLP | SULLIVAN LLP |
| 1050 Connecticut Avenue, N.W. | 300 West 5th Street, Suite 2010 |
| Washington, DC  20036-5306 | Austin, TX  78701 |

| | |
|---|---|
| Jack E. Pace III | Carolyn Lamm |
| Kimberly A. Havlin | Nicolle Kownacki |
| WHITE & CASE LLP | Hansel Pham |
| 1221 Avenue of the Americas | WHITE & CASE LLP |
| New York, NY  10020 | 701 Thirteenth Street N.W. |
| | Washington, DC  20005 |

Heather M. Burke
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109

Re:     *Jones et al. v. PGA Tour, Inc.*, Case No. 5:22-cv-04486

Letter to Counsel                                                                Via Electronic Mail
January 17, 2023
Page 2


Dear Counsel:

Following the January 13 hearing before Magistrate Judge van Keulen, we write to further
narrow the scope of the subpoenas served by the TOUR on PIF and Mr. Al-Rumayyan in the
hopes of reaching an agreement and moving this case forward. Listed below are discrete
categories of documents that are directly relevant to the claims brought by the Plaintiffs and to
the TOUR's counterclaim. In an effort to resolve the pending motions, the TOUR proposes the
following compromise:

- *First*, PIF and Mr. Al-Rumayyan agree to collect and produce documents and
  communications responsive to the 20 categories listed in Attachment A and the 16
  categories listed in Attachment B respectively. In this regard, we note that the parties
  have already agreed on sets of search terms that can be utilized to search for responsive
  documents. As to PIF, the parties should negotiate and agree on a set of document
  custodians (in addition to Mr. Al-Rumayyan) and discuss the scope of repositories and
  devices that need to be searched. The TOUR is available to have this discussion at your
  convenience.

- *Second*, Mr. Al-Rumayyan agrees to appear in person on a mutually agreeable date for
  his deposition in this case, and PIF agrees to present a 30(b)(6) witness for deposition on
  the following narrowed set of topics: 2; 8-12; 14; 16; and 17. We are amendable to
  narrowing these topics as appropriate and to be consistent with the narrowed categories
  of document requests set forth in Attachment A.

- *Third*, PIF and Mr. Al-Rumayyan agree to the entry of a stipulated order setting forth
  this agreement and expressly consent to the jurisdiction of the United States District
  Court for the Northern District of California—waiving any assertion of sovereign
  immunity pursuant to 28 U.S.C. § 1605(a)(1)—for the purpose of enforcing compliance
  with the stipulated order. As Judge Freeman observed during the December 16, 2022
  hearing, the TOUR should receive the discovery from PIF and Mr. Al-Rumayyan that it
  is "entitled to as if it were a subpoena and it had *the same force and consequences as if
  it were a subpoena*." (Dec. 16, 2022 Tr. at 17:24—18:1). Judge Freeman also stated that
  she would "have real concern" if both PIF and Mr. Al-Rumayyan were not under a
  legally enforceable obligation to comply with the TOUR's subpoenas. The most
  straightforward way to achieve these goals is for PIF and Mr. Al-Rumayyan to consent to
  the jurisdiction of this court for the purpose of complying with this agreement.


We look forward to your response and available to discuss this proposal whenever is convenient.

Letter to Counsel                                                    Via Electronic Mail
January 17, 2023
Page 3


Very truly yours,

KEKER, VAN NEST & PETERS LLP


Brook Dooley

BXD:myr

2040919

## Attachment A – Narrowed Document Requests to PIF

1. Documents and communications related to the creation of LIV and the allegations made by LIV in this litigation.  (RFP 3)

2. Documents and communications related to competition with the PGA TOUR or the TOUR's policies.  (RFP 6)

3. Communications related to the solicitation of golfers to join LIV, including negotiations with golfers or their agents.  (RFP 43)

4. Communications with any actual, potential, or past plaintiff in this litigation related to this litigation.  (RFP 44)

5. Communications with professional golfers or their agents related to the PGA TOUR, Golf Saudi, the PGL, LIV, the DP World Tour, the Asian Tour, or this litigation. (RFP 7)

6. Communications related to the solicitation of any current or former PGA TOUR employee.  (RFP 11)

7. Documents and communications related to money or other benefits you have provided to any past or current PGA TOUR member.  (RFP 24)

8. Documents and communications related to LIV's business or strategic plans.  (RFP 70).

9. Documents and communications related to LIV's financial projections and business, sales and marketing, and media plans.  (RFP 42)

10. Documents and communications related to any actual or potential benefit to you, the Kingdom of Saudi Arabia, or the Saudi Arabian monarchy of hosting golf events or associating with professional golf.  (RFP 51)

11. Documents and communications related to your ownership interest in LIV as well as your control over LIV's activities.  (RFP 60)

12. Board minutes, board presentations, board meeting agendas, and other board or leadership materials related to LIV, the PGA TOUR, or this litigation. (RFP 61)

13. Communications and agreements with third parties, including consultants and banks, related to LIV or the development of a professional golf league or tour.  (RFP's 62 &

63).

14. Documents and communications related to LIV's actual or potential sponsors. (RFP 29)

15. Documents and communications related to LIV's actual or potential advertisers. (RFP 31)

16. Documents and communications related to LIV's actual or potential broadcasters. (RFP 35)

17. Documents and communications related to LIV's actual or potential vendors, tournament hosts, and relationship with the Major tournaments.  (RFPs 37, 39, & 41).

18. Documents and communications related to LIV's actual or potential agreements, including co-sponsoring or co-sanctioning agreements, with any other golf tour. (RFP 15 and 18)

19. Documents and communications related to complaints, criticism, or negative opinions about LIV, you, the Kingdom of Saudi Arabia, professional golfers participating in LIV events, or the Saudi Arabian monarchy.  (RFP 54)

20. Documents and communications related to any payments of legal fees related to this litigation, or any cooperation, settlement, or indemnification agreements.  (RFPs 46 & 48)

Letter to Counsel                                                    Via Electronic Mail
January 17, 2023
Page 6

### Attachment B – Narrowed Document Requests to Mr. Al-Rumayyan

1. Documents and communications related to the creation of LIV and the allegations made by LIV in this litigation.  (RFP 3)

2. Documents and communications related to competition with the PGA TOUR or the TOUR's policies.  (RFP 5)

3. Communications related to the solicitation of golfers to join LIV, including negotiations with golfers or their agents.  (RFP 40)

4. Communications with any actual, potential, or past plaintiff in this litigation related to this litigation.  (RFP 41)

5. Communications with professional golfers or their agents related to the PGA TOUR, Golf Saudi, the PGL, LIV, the DP World Tour, the Asian Tour, or this litigation. (RFP 6)

6. Communications related to the solicitation of any current or former PGA TOUR employee.  (RFP 10)

7. Documents and communications related to LIV's business or strategic plans.  (RFP 59).

8. Documents and communications related to any actual or potential benefit to you, the Kingdom of Saudi Arabia, or the Saudi Arabian monarchy of hosting golf events or associating with professional golf.  (RFP 48)

9. Documents and communications related to LIV's actual or potential sponsors. (RFP 27)

10. Documents and communications related to LIV's actual or potential advertisers. (RFP 29)

11. Documents and communications related to LIV's actual or potential broadcasters. (RFP 33)

12. Documents and communications related to LIV's actual or potential vendors, tournament hosts, and relationship with the Major tournaments.  (RFPs 35, 37, & 39).

13. Documents and communications related to LIV's actual or potential agreements, including co-sponsoring or co-sanctioning agreements, with any other golf tour. (RFP 12 and 16)

Letter to Counsel                                                       Via Electronic Mail
January 17, 2023
Page 7

14. Documents and communications related to complaints, criticism, or negative opinions about LIV, you, the Kingdom of Saudi Arabia, professional golfers participating in LIV events, or the Saudi Arabian monarchy.  (RFP 51)

15. Documents and communications related to any payments of legal fees related to this litigation, or any cooperation, settlement, or indemnification agreements.  (RFPs 43 & 45)

16. Documents sufficient to show your roles with the Saudi PIF and LIV. (RFP 79).

# EXHIBIT C

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3166**

WRITER'S EMAIL ADDRESS
kevinteruya@quinnemanuel.com

January 12, 2023

**VIA E-MAIL**
**BDOOLEY@KEKER.COM**

Brook Dooley
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

Re: *Jones et al. v. PGA Tour, Inc.*, Case No. 5:22-cv-04486

Dear Brook:

I write in response to your January 5, 2023 letter requesting that LIV Golf, Inc. ("LIV") supplement its responses to the Tour's discovery requests with responsive documents and information in the possession of the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and its governor, His Excellency Yasir Al-Rumayyan ("HE"), and that LIV add HE as a custodian and agree to schedule his deposition. As you know, PIF and HE have moved to quash on multiple grounds, including sovereign immunity and international comity, the Tour's subpoenas seeking much of the same discovery from them.

We disagree with your assertion that LIV has control over these non-party documents. As you know, and as explained in a sworn declaration, PIF and LIV are separate entities. *See* ECF No. 166-4 ¶¶ 13-15. The only relationship between them is that PIF owns shares in LIV Golf Investments Ltd., a Jersey entity, which owns LIV Golf Holdings Ltd., another Jersey entity, which owns LIV Golf, Inc. *Id.* ¶ 14. PIF and LIV Golf Investments Ltd. are separate entities and observe corporate formalities. *Id.*

In these circumstances, the Ninth Circuit has held that a corporation does not have control over another corporation's documents. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999). In *Citric Acid*, the court held that "[c]ontrol is defined as the legal right to obtain documents upon demand" and rejected a "practical-ability-to-obtain-documents test." *Id.* at 1107. It then affirmed a denial of a motion to compel where a corporation and its affiliate "were separate entities under the law" and "there is no contract giving [the corporation the ability] to compel [the affiliate] to furnish it with documents in [the affiliate's] possession." *Id.* The same circumstances are present here: LIV has no legal right to demand documents or information from PIF or HE, and there is no contract that would require PIF or HE to comply with any such demand. Here, LIV does not have a contract with HE that could legally force him to turn over any documents, devices, or information, or to appear for a deposition. *See Matthew Enters., Inc. v. Chrysler Grp. LLC*,

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

2015 WL 8482256, at *3 (N.D. Cal. Dec. 10, 2015) (rejecting control even for a corporation's own employees absent a legal right to demand documents).

Both Judge Freeman and the Chief Magistrate Judge of the Northern District of California have rejected your overbroad interpretation of *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 305 F.R.D. 630, 638 (D. Or. 2015), that a "close nature" in a corporate relationship is sufficient to show control of a parent corporation's documents. *See Rojas v. Bosch Sola Energy Corp.*, 2020 WL 8617421, at *3 (N.D. Cal. Sept. 18, 2020) (Freeman, J.); *M.G. v. Bodum USA, Inc.*, 2020 WL 1667410, at *3 (N.D. Cal. Apr. 3, 2020) (Spero, J.). In light of Judge Freeman's express rejection that "the requisite control may be established based on the close nature of a corporate relationship" without "a legal right to demand that its affiliate furnish the requested discovery materials," *Rojas*, 2020 WL 8617421, at *3, we do not read Judge Freeman's statements at the December 16, 2022 case management conference as a ruling to the contrary.

Nor do we read Judge van Keulen's order on player agents to be supportive of the Tour's position on this issue. The analysis regarding player agents is inapposite, both because they are agents (which PIF and HE are not for the reasons explained below) and because they potentially possess the players' own documents, *e.g.*, contracts.

As to agency, PIF and HE have submitted briefing explaining that they have not acted as agents of LIV, or vice versa. *See* ECF No. 173. We do not repeat the arguments here. Your current claim that HE's role as a director of LIV Golf Holdings Ltd. and LIV Golf Investment Ltd. gives LIV Golf Inc. control over him or his documents, devices, or information is directly contrary to position you took with respect to the Tour's Board of Directors. The Court found in the Tour's favor, holding that "the Members of the [Tour's] Board of Directors are independent from the Tour" such that the Tour does not have to provide discovery from its directors. ECF No. 179-1 at 1. Here, HE's role is more attenuated because he is not a director of LIV Golf, Inc. Any attempt by the Tour to take a contrary position with respect to HE is, at minimum, barred by judicial estoppel. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

As to predecessors-in-interest, we have objected to your overbroad definition of LIV as including parents and predecessors- and successors-in-interest in all of our discovery responses. You cite no case law—and we are aware of none—that such relationships constitute a basis of control; *Citric Acid* plainly states that "legal right to obtain documents" is the sole "definition" of control. 191 F.3d at 1107. As we have explained with respect to Performance54, the contract transfers you cite in your letter did not give LIV control over documents related to these contracts. Thus, even if PIF were LIV's predecessor-in-interest for these services (and this is the first time you have raised this argument), it shows only that the Tour has asked for these documents, not that LIV has any ability to produce them.

With respect to a "reasonable inquiry," *Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006), concerns a party's own records held with telecommunication companies, financial

**quinn emanuel urquhart & sullivan, llp**

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

institutions, and government entities. *Id*. at 190. Your request is not, on its face, limited to LIV's own records held with PIF or HE. Here, LIV could not "sign consents to release [its own] documents" from PIF or HE to satisfy your request, *id*. at 190, and LIV lacks the legal right to demand the requested documents from PIF and HE. To the extent that your request seeks LIV's own documents or documents in LIV's possession or custody which are responsive to the Tour's requests and not otherwise objectionable, they have already been produced from LIV's files.

Nonetheless, for the avoidance of doubt, LIV asked PIF and HE whether they would be willing to produce documents and information as you have requested, and PIF and HE said they would not, including because of the risk of violations of Saudi law and sovereign immunity, as discussed in the pending motions to compel and to quash.

We categorically reject any attempt to delay the trial schedule based on this discovery.

Very truly yours,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Kevin Teruya
Attorney for Plaintiff LIV Golf, Inc.

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH