RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000

*Attorneys for Plaintiffs Matt Jones, Bryson
  DeChambeau, Peter Uihlein, and LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF-SVK <br><br> **DECLARATION OF SCOTT K. HVIDT** |

I, Scott K. Hvidt, hereby declare and state:

1. I am an attorney duly licensed to practice law before all the courts of the State of Texas, as well as the United States District Court for the Northern District of Texas. I am admitted to practice in the United States District Court for the Northern District of California in the above-entitled action on a *pro hac vice* basis. I am an associate attorney at the law firm of Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Plaintiffs in the above-entitled action. Unless otherwise stated, I have personal knowledge of the matters stated herein, and if asked to testify thereto, I would do so competently.

2. Throughout the litigation, I have been one of the attorneys managing the document production from Plaintiff LIV Golf Inc., other Plaintiffs, and former Plaintiffs. Along with my colleague, Ms. Lauren Dansey, I have been the attorney that communicates with counsel for Defendant PGA Tour, Inc. regarding discovery questions or disputes between the parties.

3. Following the November 18, 2022 deadline for substantial completion of the parties' productions, the parties communicated with one another about perceived deficiencies in the productions. For example, on November 23 and 30, 2022, Plaintiffs' counsel sent emails to the Tour's counsel identifying a major deficiency in the Tour's production in which the Tour did not produce communications from almost all custodians after June 16, 2022—a gap longer than two months.

4. In the evening on November 28, 2022, the Tour's counsel sent Plaintiffs' counsel a five-paragraph email in which the Tour claimed deficiencies existed in LIV Golf's productions. In the middle of one of the five paragraphs, the Tour's counsel's email stated "a reasonable search has not located the 'Shareholder Agreement' referenced in Dkt. 165-2 (Taylor. Decl.)." The correspondence did not provide a date by which the Tour needed the Shareholder Agreement to be produced, and it did not prioritize the production of that document above the eight other requests for supplemental production that were included in the e-mail. For example, in the same paragraph, the Tour requested agreements with the MENA Tour, broadcasters, and the Asian Tour, and requested that counsel for LIV Golf,, "[p]lease confirm whether you have produced all agreements between either LIV or P54 and: (1) the MENA Tour; (2) the Asian Tour; and (3) any broadcaster. If such documents have been produced, please identify them by Bates number. If they have not been produced, please immediately

produce them."

5. On November 29 and 30, 2022, I searched LIV Golf's productions for the documents the Tour claimed were missing and identified that the Asian Tour agreement had been produced and identified that the response to the Tour's document request for agreements with the MENA Tour was not yet due. I also performed searches and investigated the other issues in the Tour's correspondence. I was not able to locate the Shareholder Agreement in LIV Golf's productions. I investigated further and identified that the Shareholder Agreement was in second-level privilege review. Because the Shareholder Agreement includes the names of counsel, it was flagged to be included in heightened privilege review. Our understanding is that the Tour is following a similar procedure for its document production, as, on December 1, 2022, the Tour's counsel represented to Plaintiffs' counsel in writing that documents Plaintiffs have requested were in second-level privilege review after the substantial completion deadline and would be produced when the privilege review is complete.

6. Upon identifying the agreement, we promptly moved the Shareholder Agreement's privilege review up in the review process. Upon reviewing the document, we confirmed that the document should not be withheld for privilege.

7. On November 30, 2022, I drafted a response that Ms. Dansey sent to the Tour's counsel that informed the Tour's counsel that the Shareholder Agreement would be in LIV Golf's next production. At this time, the Tour's counsel did not object to this approach. Nor did the Tour's counsel inform us at this time that the Shareholder Agreement was needed on a shorter timeline or in advance of a particular briefing deadline.

8. Consistent with our representation to the Tour's counsel, we added the Shareholder Agreement to LIV Golf's next production set, and the Shareholder Agreement was in fact included in LIV Golf's next production set after November 30, 2022, which was made on December 21, 2022. My colleagues and I worked hard to ensure all of the agreements the Tour referenced in its November 28, 2022 email were included in the next production to the Tour.

9. At no point did LIV Golf or its counsel intentionally delay the production of the Shareholder Agreement. As described above, it was flagged for privilege review because there are attorney names in the document, and it was in the queue for privilege review, consistent with ordinary

production and review protocols.  When the Tour's counsel specifically asked about the document, we searched for it, identified it, moved it to the front of the privilege-review queue, and promptly put it into the next production set.  We informed the Tour's counsel about this approach within two days of receiving the Tour's request for the document, and we received no objection from the Tour's counsel.

10. Had the Tour requested a specific expedited production of this particular document, as opposed to a request immediate production of eight large and small and varied requests, we would have endeavored to oblige the request.  For example, in response to the Tour's counsel's December 16, 2022 oral request to provide a contract with a non-party by December 16, 2022, Performance54, Limited (UK) and LIV Golf provided the Tour's counsel a copy of that contract on December 16, 2022, in a one-off exchange.

11. Later in the evening on Friday, December 16, 2022, the Tour asked LIV Golf to produce the Shareholder Agreement "no later than Wednesday, December 21st."  We complied with the request.  Specifically, the Shareholder Agreement was produced on December 21, 2022, along with the other documents that cleared second-level privilege review by that date and responded to the inquiries from the Tour's counsel.

12. Furthermore, upon request from the Tour's counsel, LIV Golf's counsel promptly identified the Shareholder Agreement in the document production by Bates number.  Specifically, on December 22, 2022, the Tour's counsel asked whether the Shareholder Agreement was produced.  The next day, I identified to the Tour's counsel a produced version of the Shareholder Agreement by Bates number.

13. The timing of the production of the Shareholder Agreement had nothing to do with the dispute between the Tour, on the one hand, and the Public Investment Fund of the Kingdom of Saudi Arabia or Yasir Al-Rumayyan on the other hand.

14. Based on data provided to me, LIV Golf has produced over 100,000 documents and over 360,000 pages.  Specifically, LIV Golf has produced a lot of the documents that I understand the Tour seeks from the Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Al-Rumayyan.  For example, based on data provided to me, LIV Golf has produced at least the following:

| PIF-Related Documents in LIV Golf's Production ||
|---|---|
| Topic | Documents/ Bates Numbers |
| LIV Golf Board Minutes | LIV Golf Board meeting minutes, including: LIV000198307; LIV000198323; LIV000134250; LIV000234307; LIV000248199; LIV000290447; LIV000295896; LIV000327873; LIV000329088; LIV000329361; LIV000342405 |
| LIV Golf Board Presentations | Presentations to the LIV Golf board, including: LIV000342309; LIV000001211; LIV000009922; LIV000014779; LIV000018743; LIV000057726; LIV000064337; LIV000132374; LIV000159584; LIV000204957; LIV000290394; LIV000304379; LIV000310747; LIV000012449 |
| LIV Golf Financial Projections | Hundreds of documents detailing LIV Golf's financial projections, including: LIV000334327; LIV000318008; LIV000306926; LIV000198905; LIV000331166; LIV000191650; LIV000190081; LIV000206119; LIV000001798; LIV000001503; LIV000001424; LIV000287795 |
| LIV Financials | Hundreds of documents detailing LIV Golf's financial performance |
| Communications with PIF individuals | - 1,444 documents with the top email sent to PIF<br>- 351 documents with the top email from PIF<br>- 2,936 documents with PIF emails<br>- Numerous phone messages with PIF representatives<br>- 900 documents with PIF in the filename |
| Weekly Updates to PIF | More than 250 documents regarding weekly updates and briefings to PIF individuals |
| Budget Approvals | More than 80 documents relating to budget approval. |
| PIF Board Resolutions | LIV000163273; LIV000163274; LIV000163276; LIV000208214. |
| PIF individuals' meetings with players | LIV000031727; LIV000324956; LIV000033291; LIV000033322; LIV000162728; LIV000181917; LIV000250080; LIV000313826 |
| Agreements with PIF | Over a dozen agreements with PIF |

I declare under penalty of perjury under the laws of the State of California, the State of Texas and the United States of America that the foregoing is true and correct and that I executed this Declaration on January 11, 2022, at Dallas, Texas.

*/s/  Scott K. Hvidt*