RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br>Plaintiffs, <br><br>v. <br><br>PGA TOUR, INC., <br><br>Defendant and Counter-Plaintiff, <br><br>v. <br><br>LIV GOLF INC., <br><br>Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br>**PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE PGA TOUR INC.'S PRESENTATION IN SUPPORT OF MOTION TO COMPEL SUBPOENA COMPLIANCE** |

Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the PGA Tour Inc.'s (the "Tour") presentation in support of its Motion to Compel Subpoena Compliance from the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir O. Al-Rumayyan ("HE").  Dkt. No. 208.

The Tour's presentation was shown at the hearing regarding its motion to compel nonparty subpoena compliance and nonparties' motion to quash.  Such "materials attached to a discovery motion unrelated to the merits of a case" are an "exception" to the ordinary preference for public access. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  In these cases, "the private interests of litigants are 'the only weights on the scale.'" *Id*. (quoting *Kamakana v. City & County Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).  A party seeking to seal these materials "need only satisfy the less exacting 'good cause' standard" of Rule 26(c)(1) that "protect[s] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*.  A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

The good cause standard applies here because PIF and HE are nonparties, and their obligation to produce discovery is the only issue considered.  "[T]he motion at issue" is only "tangentially related to the underlying cause of action" and does not "require[] the court to address the merits of a case," nor is "strongly correlative to the merits of a case." *Center for Auto Safety*, 908 F.3d at 1099.  Good cause to seal exists.  The presentation quotes from and excerpts documents that LIV has previously requested remain under seal.  Loffhagen Decl. ¶ 2.  As explained in the declaration of John Loffhagen, portions of the presentation contain highly confidential information about (1) LIV's relationship and terms with investors; (2) limitations on LIV's business conduct; (3) LIV's business plan and potential event structure; (4) specific amounts of LIV online viewers and needed investment; and (5) LIV's relationships and potential recruitment of third parties, such as potential sponsors. *Id*. ¶¶ 3-5.  For example, slides 8 through 10 and 32 quote and describe the Shareholder Agreement that describes confidential terms of LIV's relationship with investors, while other slides describe future plans for the league, including various event format and relationships with specific individuals. *Id*. ¶¶ 4- 5.

Disclosure of this information would cause concrete harm to LIV, including by (a) prejudicing its ability to obtain future investment; (b) exposing its internal decision making processes and limitations to competitors, who would exploit the information to gain competitive advantage over LIV; and (c) adversely affecting relationships with third parties described in the communications. *Id*. ¶¶ 3-5. As set forth in detail in the Amended Complaint, this litigation is about the efforts by the Tour and its co-conspirators to defeat LIV's nascent entry. LIV respectfully submits that the Court should ensure that procedural motions brought in this litigation do not become a vehicle for further harm to LIV.

Courts frequently seal this type of information, even under the heightened "compelling reasons" standard. *See, e.g.*, *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (sealing "internal conversations" about corporate "decision-making process"); *Ramirez v. Trans Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (sealing "discussions of internal decision-making or strategy" and "financial information"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing . . . business decision making"); *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.) (sealing "information relating to the identities of stockholders" and "internal governance procedures and corporate details"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *1-2 (N.D. Cal. Feb. 24, 2020) (sealing "confidential business material," including "financials" and "strategic decision making"); *Baird Kreiger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "long-term financial projections, discussions of business strategy and competitive analysis").

The sealing is narrowly tailored because the majority of the Tour's Memorandum of Law is not sealed or redacted. LIV respectfully requests that the Court order that these materials remain sealed.

| Document | Reasons for Sealing |
|---|---|
| Presentation at slides 7-22, 28-29, 32, and 39 | Contains highly confidential information about LIV's relationship and terms with investors; limitations on LIV's business conduct; LIV's business plan and potential event structure; specific amounts of LIV online viewers and needed investment; and LIV's relationships and potential recruitment of third parties, disclosure of which would cause competitive harm to LIV. |

3
PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING
CASE NO. 5:22-CV-04486-BLF

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  January 24 , 2023 | Respectfully submitted, |
| 3 | | */s/ Rachel S. Brass* |
| | | RACHEL S. BRASS, SBN 219301 |
| 4 | | rbrass@gibsondunn.com |
| | | GIBSON, DUNN & CRUTCHER LLP |
| 5 | | 555 Mission Street, Suite 3000 |
| | | San Francisco, California 94105-0921 |
| 6 | | Telephone:    415.393.8200 |
| | | Facsimile:    415.393.8306 |
| 7 | | |
| 8 | | COUNSEL FOR PLAINTIFF LIV GOLF, INC. |