RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100
Facsimile:  650.801.5100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. CASE NO. 5:22-cv-04486-BLF <br><br> **DECLARATION OF JOHN LOFFHAGEN IN SUPPORT OF SEALING PORTIONS OF THE PGA TOUR INC.'S PRESENTATION IN SUPPORT OF MOTION TO COMPEL SUBPOENA COMPLIANCE** |

I, John Loffhagen, hereby declare and state:

1. I am the Chief Legal Officer of LIV Golf. I am authorized by LIV Golf to make this statement in support of sealing portions of the PGA Tour, Inc.'s (the "Tour") presentation (Dkt. No. 223-1, the "Presentation") in support of its Motion to Compel Subpoena Compliance from the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir O. Al-Rumayyan ("HE"). I make the statements in this declaration based on personal knowledge, personal experience, and personal participation in communications with business associates. If called and sworn as a witness, I could and would testify to the facts stated in this declaration.

2. The Presentation quotes and describes documents that have been provisionally filed under seal in connection with the Tour's briefing on the motions to compel and quash. As I explained in my prior declarations, these documents should remain sealed because serious harm would result to LIV from disclosure. All the same reasons apply to the portions of the Presentation that quote and describe these documents. These documents are confidential, and I understand that they were blacked out on the public screen during the motion hearing where the Presentation was shown.

3. Slides 7 and 29 describe LIV's relationship with its investors, including allocation of financial risk, percentage ownership, and the purpose and circumstances of investment. Disclosure of this information would cause harm to LIV. Disclosure would prejudice LIV's ability to obtain future investment and may deter future investors altogether by disclosing terms with existing investors. Those who do invest may seek the same or better terms as the ones stated, which harms LIV's ability to obtain different terms for investors not at issue in the agreement.

4. Slides 8 through 10 and 32 quote and describe the Subscription and Shareholders' Agreement between PIF and LIV's parent company. The quoted material is highly confidential and concerns LIV's relationship with investors, limitations on its business conduct and decision making, and internal decision making process. Disclosure of this information would cause serious harm to LIV. Disclosure would prejudice LIV's ability to obtain future investment, who may seek the same or better terms as the ones stated for PIF. LIV's competitors (such as the Tour) could exploit limitations on LIV's business and internal decision making process, including by targeting LIV's weaknesses to gain a competitive advantage or doing business in geographic regions where LIV is subject to restrictions.

1   Disclosure of LIV's internal decision making processes would likewise be exploited by competitors, who may target decisions that require investor involvement.

5.   Slides 11 to 22, 28 to 29, and 39 quote and show internal LIV documents that disclose LIV's relationship with investors, including investor confidential communications with individuals involved in LIV's business. This information is highly confidential and would cause harm if disclosed. For example, slide 11 describes future plans for the league, which could be exploited by competitors (such as the Tour) to gain insight into LIV's business. Slides 13 to 14 disclose pros and cons of various event formats, as well as specific numbers for needed investment and online viewers, which is not public information and would cause similar harms if disclosed. Slides 17 to 22 concern LIV's relationship with specific individuals and entities, disclosure of which would bring unwanted attention to these entities and raise questions about their ongoing relationship with LIV. And slides 28 and 29 concern LIV's internal decision making processes, which implicates the same harms described in paragraph 4, namely, competitors' improper use of the information for business gain.

6.   I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on 24 January 2023, 2023.

John Loffhagen