UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT JONES, et al., | Case No.  22-cv-04486-BLF   (SVK) |
| Plaintiffs, | **ORDER INSTRUCTING PARTIES RE FUTURE SEALING MOTIONS ASSOCIATED WITH DISCOVERY MATTERS** |
| v. | |
| PGA TOUR, INC., | |
| Defendant and Counter-Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL** |
| v. | |
| LIV GOLF INC., | Re: Dkt. Nos. 147, 165, 168, 170, 172, 176, 208, 215, 223, 229, and 235 |
| Counter-Defendant. | |

<u>**ORDER INSTRUCTING PARTIES RE PROPOSED ORDERS ON FUTURE SEALING MOTIONS**</u>

The Court notes that the proposed order submitted with at least one of the pending administrative motions to seal cites as a basis for sealing the fact that the information sought to be sealed has been designated as protected material under the Protective Order in this case. *See* Dkt. 170-2.  However, designation of material under the Protective Order does not establish that the material is sealable.  Dkt. 111 (Protective Order) §§ I, XII(12.4); *see also* Civ. L.R. 79-5(c) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable").  Instead, a party seeking to file material under seal must establish that sealing is appropriate under the applicable legal standards.  *See generally* Civ. L.R. 79-5(c).

In addition, in the proposed orders on future sealing motions associated with discovery-related filings, the Court requests that the party seeking to seal portions of a document identify the page and line number of the portions sought to be sealed as specifically as possible (*see, e.g.,* Dkt. 70-15) rather than simply referring generally to "Highlighted Portions" (*see., e.g.*, Dkt. 170-

2).

In light of these deficiencies and those described below, the Court directs the Parties to familiarize themselves with the sealing procedures in this District and to comply with Civil Local Rule 79-5 in future filings.

**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL ASSOCIATED WITH SUBPOENA-RELATED MOTIONS**

Pending before the Court are several administrative motions to seal relating to the pending motion to compel and motion to quash subpoenas issued by PGA to third parties Public Investment Fund of the Kingdom of Saudi Arabia and Yasir O. Al-Ramayyan.  *See* Dkt. 147, 165, 168, 172, 208, 223, and 229.  To address these motions efficiently and expeditiously, the Court orders the parties to these motions to file a **joint** chart summarizing the pending administrative motions, in order of the Docket Number of the original sealing motion, as depicted below:

| Dkt. Nos. of Original Sealing Motion **and** Declaration/Statement in Support of Sealing submitted pursuant to Civ. L.R. 79(c)(1) or 79-5(f)(3) | Description of Document Sought to be Sealed, including Dkt. No. where highlighted, unredacted document is located | Page and Line Numbers of Text Sought to be Sealed | Basis for Sealing |
|---|---|---|---|
| | | | |

The parties to the subpoena-related motions shall file the requested chart by **February 10, 2023**.  Those parties shall also submit a Word version of the chart to the Courtroom Deputy: SvKCRD@cand.uscourts.gov.

This Order terminates Docket Numbers 147, 165, 168, 172, 208, 223, and 229.  The Court will issue an omnibus order addressing these sealing motions after it receives the joint chart described above and issues an order on the subpoena-related motions.

////

/////

/////

2

<u>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTIONS FOR**</u>
<u>**LEAVE TO FILE UNDER SEAL ASSOCIATED WITH DISCOVERY DISPUTES**</u>

Before the Court are administrative motions for leave to file under seal materials associated with discovery disputes in this case.  Dkt. 170, 176, 215, and 235.  Having considered the motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the Court **DENIES** the motions to seal without prejudice for the reasons discussed below.

- **Dkt. 170:**  Defendant PGA Tour ("PGA") filed this Administrative Motion to File Under Seal and to Consider Whether Another Party's Material Should Be Sealed concerning (1) information designated under the Protective Order by PGA, and (2) information designated under the Protective Order by third party PGA of America. The motion is denied without prejudice, for two reasons.  First, it does not comply with Civil Local Rule 79-5(f)(5), which provides:  "In the event a single document contains various portions that more than one party bears the burden of showing is sealable, the filing party must file separate motions pursuant to 79-5(c) and 79-5(f) as appropriate.  Each party must then satisfy its own burden with respect to that portion of the document that it seeks to seal."  Second, third party PGA of America failed to file a statement and/or declaration demonstrating that the material it designated under the Protective Order is sealable, as required under Civil Local Rule 79-5(f)(3).  By **February 3, 2023,** PGA shall file separate sealing motions concerning the material that is the subject of Dkt. 170, as required under Civil Local Rule 79-5(f)(5), and serve a copy of the applicable sealing motion and this order on third party PGA of America, as well as the Parties to this action**.**  If third party PGA of America seeks to seal its designated material that is the subject of Dkt. 170, it must thereafter timely file the statement and/or declaration required under Civil Local Rule 79-5(f)(3).  Failure to do so may result in an order unsealing the material that is the subject of this sealing motion.

- **Dkt. 176, 215, 235:**  Plaintiff LIV filed these Administrative Motions to Consider Whether Another Party's Material Should Be Sealed.  Dkts. 176 and 235 concern material designated under the Protective Order by PGA and by third party Augusta

National.  Dkt. 215 concerns material designated under the Protective Order by PGA.  The designating parties have failed to file a statement and/or declaration demonstrating that the material is sealable in connection with Dkts. 176 and 215, as required under Civil Local Rule 79-5(f)(3).  There is therefore no basis upon which to seal the material that is the subject of these motions to seal.  Although the required statement/declaration in support of Dkt. 235 is not yet due, for the convenience of the parties and the Court, the Court *sua sponte* grants a similar extension for those materials.  No later than **February 10, 2023,** any designating party seeking to seal the information that is the subject of the sealing motions at Dkt. 176, 215, and 235 must submit the statement and/or declaration required under Civil Local Rule 79-5(f)(3).  Failure to do so may result in an order unsealing the material that is the subject of these sealing motions.  Because the sealing motions at Dkt. 176 and 235 encompass material designated by third party Augusta National, LIV is directed to serve Augusta National with a copy of this order by **January 27, 2023**.

**SO ORDERED.**

Dated: January 26, 2023

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

4