KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:     212 735 3000
Facsimile:     212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:     312 407 0700
Facsimile:     312 407 0411

Attorneys for Defendant PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., <br><br>Plaintiffs, <br><br>v. <br><br>PGA TOUR, INC., <br><br>Defendant. <br><br>PGA TOUR, INC., <br><br>Counterclaimant, <br><br>v. <br><br>LIV GOLF, INC., <br><br>Counterdefendant. | Case No. 5:22-cv-04486-BLF <br><br>**RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL REGARDING DKT. 171, 171-1.** <br><br>Judge:     Hon. Beth Labson Freeman <br><br>Date Filed: August 3, 2022 <br><br>Trial Date: January 8, 2024 |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 and the Protective Order entered by this Court, Dkt. 111, Defendant/Counterclaimant PGA TOUR, Inc. ("the TOUR") respectfully submits this Administrative Motion to Seal, regarding certain redacted portions of the joint discovery statement regarding Plaintiff/Counterdefendant LIV Golf, Inc.'s responses and objections to the TOUR's Interrogatory No. 1 ("Joint Discovery Statement") and Exhibit A to that Joint Discovery Statement ("Exhibit A"). Provisionally redacted versions of the documents sought to be sealed were filed on December 5, 2022 at Dkt. 171 and 171-1. This Administrative Motion was previously filed on December 5, 2022, at Dkt. 170, and was denied without prejudice on January 26, 2023 with instructions that it be corrected and re-filed by February 3, 2023, Dkt. 245.

The information the TOUR seeks to redact in its Motion to Seal pursuant to Local Rule 79-5 reflects sensitive business information, internal communications, and communications with the TOUR's commercial partners who are not parties to this case and accordingly has been designated as protected material under the terms of the parties' stipulated Protective Order. The disclosure of this information could result in significant harm to the TOUR. Specifically, the information subject to this Administrative Motion includes:

| Document | Portions of Document to be Sealed | Basis for Sealing |
|---|---|---|
| Dkt. 171<br>Joint Discovery Statement | • 5:16-18<br>• 5:23-24<br>• 5:24-26 | Characterize and quote from commercially sensitive correspondence internal to the TOUR and between TOUR executives and commercial partners who had an expectation of privacy in their communications with the TOUR. |
| Dkt. 171-1<br>Exhibit A to Joint Discovery Statement (LIV's Responses and Objections to the | • 9:3-7<br>• 9:8-10<br>• 9:15-18<br>• 9:20-22<br>• 9:23-24<br>• 10:10-12 | Characterize and quote from commercially sensitive correspondence between the TOUR and its commercial partners |

| Document | Portions of Document to be Sealed | Basis for Sealing |
|---|---|---|
| | <ul><li>10:13-16</li><li>11:2-6</li><li>11:16-19</li><li>11:23-28</li><li>12:4-8</li><li>12:17-19</li><li>12:21-27</li><li>13:9-12</li><li>13:23-27</li><li>14:6-10</li><li>14:14-17</li><li>15:9-16</li><li>15:17-26</li><li>16:1-3</li><li>16:10-12</li><li>17:16-19</li><li>17:26-18:2</li><li>18:7-10</li><li>19:11-15</li><li>19:16-19</li><li>19:20-22</li><li>19:26-20:1</li><li>20:2-5</li><li>20:5-7</li><li>20:8-11</li><li>20:12-15</li><li>20:21-24</li><li>20:25-27</li><li>20:28-21:2</li><li>21:3-6</li><li>21:11-24</li><li>21:21-24</li><li>21:25-22:1</li><li>22:6-8</li><li>22:13-16</li><li>22:16-19</li><li>22:22-24</li><li>22:28-23:3</li><li>23:4-7</li><li>23:8-10</li><li>23:13-16</li><li>23:20-21</li><li>23:22-25</li></ul> | |

| Document | Portions of Document to be Sealed | Basis for Sealing |
|---|---|---|
| | • 24:3-6<br>• 24:15-19<br>• 24:19-22<br>• 24:26-25:5<br>• 25:5-9<br>• 25:27-26:6<br>• 27:11-31:1<br>• 32:3-34:26 | |

Highlighted, unredacted versions of the documents sought to be sealed attached to this Administrative Motion as Exhibits 1 and 2. The yellow highlighting in Exhibit 2 identifies the information designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" by the TOUR, which is the subject matter of this Administrative Motion. The green highlighting in Exhibit 2 identifies information designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" by the third party PGA of America, which the TOUR has moved to seal in a separate, contemporaneously filed motion.

II.   **DISCUSSION**

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions, the less-stringent "good cause" standard applies to requests for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, there is good cause for filing the material related to the parties' Joint Discovery Statement under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating that "sources of business information that might harm a litigant's competitive standing" properly may be sealed); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.").

The information that the TOUR seeks to seal in the Joint Discovery Statement contains direct quotes from, and close characterizations of, correspondence produced by the TOUR in this litigation. The correspondence quoted from includes commercially sensitive communications

between senior LIV executives and important commercial partners, who are not parties to this litigation and who had an expectation of privacy when corresponding with TOUR executives. Similarly, the portions of Exhibit A that the TOUR seeks to seal quote from or characterize either (1) documents produced by the TOUR in this litigation reflecting written correspondence between the TOUR and its members and commercial partners, or (2) the TOUR's responses to LIV's interrogatories which describe other commercially sensitive communications between TOUR executives and TOUR members, sponsors, vendors, broadcasters, golfers and their agents or business partners, and other golf tours or professional golf organizations. Declaration of Neera Shetty ("Shetty Decl.") at ¶¶ 2-10. These communications contain confidential and competitively sensitive information regarding the TOUR's operations, decision-making and business relationships, as well as the operations of the TOUR's partners, who are not parties to this case and who had an expectation of privacy when corresponding with TOUR executives.

The narrowly tailored redactions in the TOUR's requested sealing serve to protect the TOUR's sensitive business information, including communications with important vendors, sponsors, broadcasters and other partners. These communications were disclosed in the TOUR's responses to Plaintiffs' second set of interrogatories, which LIV subsequently incorporated into its own response to the TOUR's Interrogatory No. 1, which is attached as Exhibit A to the Joint Discovery Statement. The TOUR's proposed redactions also cover specific information related to TOUR contract and the manner in which the TOUR applies its Regulations. *See* Shetty Decl. ¶ 4. The TOUR's legitimate privacy interest in this information outweighs the presumption of public access in this instance. *See, e.g., In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing internal "confidential regulatory strategies and communications" in case involving "avid competitors").

For the foregoing reasons, the TOUR requests that the Court seal the highlighted portions of the two documents indicated above. If the Court deems the TOUR's bases for sealing insufficient, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

Dated: February 3, 2022

KEKER, VAN NEST & PETERS LLP

By: /s/ *Elliot R. Peters*
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
ERIC H. MACMICHAEL
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant
PGA TOUR, INC.