| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - # 243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - # 295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:     415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone:     212 735 3000<br>Facsimile:     212 735 2000<br><br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>PATRICK FITZGERALD - (*pro hac vice*)<br>patrick.fitzgerald@skadden.com<br>155 North Wacker Drive<br>Chicago, Il 60606<br>Telephone:     312 407 0700<br>Facsimile:     312 407 0411 |

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant.<br><br>PGA TOUR, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>LIV GOLF, INC.,<br><br>Counter-Defendant. | Case No. 5:22-cv-04486-BLF<br><br>**DECLARATION OF NEERA SHETTY IN SUPPORT OF PGA TOUR, INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Judge:       Hon. Susan van Keulen<br><br>Date Filed: August 3, 2022<br><br>Trial Date: January 8, 2024 |

I, Neera Shetty, declare as follows:

1. I am duly licensed to practice law in the State of Florida and am Deputy General Counsel of PGA TOUR, INC. ("the TOUR"), defendant and counterclaimant in the above-captioned matter. I submit this declaration in support of the TOUR's Administrative Motion to Seal portions of the joint discovery statement regarding Plaintiff/Counterdefendant LIV Golf, Inc.'s responses and objections to the TOUR's Interrogatory No. 1 ("Joint Discovery Statement") and Exhibit A to that Joint Discovery Statement ("Exhibit A"). I have knowledge of the facts set forth in this declaration and, if called to testify as a witness thereto, could do so competently under oath.

2. The portions of the Joint Discovery Statement sought to be sealed at 5:16-18 and 5:23-28 directly quote from sensitive commercial communications between senior TOUR executives and important commercial partners. Those commercial partners are not parties to this case and had an expectation of confidentiality and privacy in their communications with the TOUR. The communications also reveal sensitive commercial information regarding the TOUR and its partners' operations, contract, and ongoing business relationship. Unsealing of these communications will result in competitive harm to the TOUR as well as damage to the TOUR's business relationships with these partners.

3. The portions of the Joint Discovery Statement sought to be sealed at 5:24-26 directly quote from sensitive internal communications between a senior TOUR executive and a board member. These communications reflect competitively sensitive information about internal TOUR operations, corporate decision-making, and business relationships with third parties. Unsealing of this communication will result in competitive harm to the TOUR as well as damage to the TOUR's business relationships.

4. The portions of Exhibit A sought to be sealed at 9:3-7, 9:8-10; 9:15-18; 9:20-22; 9:23-24; 10:10-12; 10:13-16; and 11:2-6 reflect sensitive communications between TOUR executives and PGA TOUR members. These communications reflect details regarding PGA TOUR member contracts, which are extremely competitively sensitive and kept confidential, as well as competitively sensitive and internal information about how the TOUR applies its

Regulations. The PGA TOUR members involved in the communications are non parties to this litigation and had an expectation of confidentiality and privacy when communicating with the TOUR. Unsealing of these communications would result in competitive harm to the TOUR as well as damage to the TOUR's relationship with its members.

5. The portions of Exhibit A sought to be sealed at 11:16-19; 11:23-28; 12:4-8; 12:17-19; 12:21-27; 13:9-12; 13:23-27; and 14:6-10 reflect sensitive communications between TOUR executives and other golf tours. These communications contain sensitive details about the TOUR's operations and business relationships with other golf tours. The golf tours on these communications are not parties to this litigation and had an expectation of confidentiality privacy when communicating with the TOUR. Unsealing of these communications would result in harm to its business relationships with other tours.

6. The portions of Exhibit A sought to be sealed at 14:14-17; 15:9-16; 15:17-26; 16:1-3; and 16:10-12 reflect sensitive communications between TOUR executives and other professional golf organizations. These professional golf organizations are not parties to this case and had an expectation of privacy when communicating with the TOUR. The communications also contain sensitive information regarding the TOUR's decision-making, operations, and business relationships with these golf organizations. Unsealing these communications would result in harm to its business relationships with other professional golf organizations.

7. The portions of Exhibit A sought to be sealed at 17:16-19; 17:26-18:2; and 18:7-10 reflect sensitive and private communications between TOUR executives and TOUR members' agents and business partners. These communications reflect highly confidential negotiations and details about TOUR member contracts as well as non-public details about those members' business strategy, decision-making, and business relationship with the TOUR. Unsealing these communications would result in competitive harm to the TOUR. It would also result in damage to the TOUR's relationships with TOUR members and their business partners as these individuals are not parties to this litigation and had an expectation of privacy when communicating with the TOUR.

8. The portions of Exhibit A sought to be sealed at 19:11-15; 19:16-19; 19:20-22; 19:26-20:1; 20:2-5; 20:5-7; 20:8-11; 20:12-15; 20:21-24; 20:25-27; 20:28-21:2; 21:3-6; 21:11-24; 21:21-24; 21:25-22:1; 22:6-8; 22:13-16; 22:16-19; 22:22-24; 22:28-23:3; 23:4-7; 23:8-10; 23:13-16; 23:20-21; 23:22-25; 24:3-6; 24:15-19; 24:19-22; 24:26-25:5; 25:5-9; 25:27-26:6 reflect sensitive and non-public communications between the TOUR and various vendors who have or continue to partner with the TOUR. These communications reflect sensitive details regarding TOUR strategy, decision-making, and operations, as well as the strategy, decision-making, and operations of the vendors, who are not parties to this litigation and who had an expectation of confidentiality and privacy when communicating with the TOUR. Unsealing these communications would result in harm to the TOUR's business relationships to these non-party vendors, which the TOUR has carefully cultivated over many years.

9. The portions of Exhibit A sought to be sealed at 27:11-31:1 reflect sensitive and non-public communications between senior TOUR executives and sponsors with business relationships to the TOUR. These sponsors, including the individual sponsor employees with whom TOUR executives communicated and who are named in the highlighted portions, are not parties to this litigation and had an expectation of confidentiality and privacy when communicating with the TOUR. The information sought to be sealed also reflects sensitive and confidential information regarding the TOUR's management of its business relationships. Unsealing this information would result in harm to the TOUR's business relationships to these non-party sponsors, which the TOUR has carefully cultivated over many years.

10. The portions of Exhibit A sought to be sealed at 32:3-34:26 reflect sensitive and non-public communications between senior TOUR executives and broadcasters. These broadcasters, including the individual sponsor employees with whom TOUR executives communicated, are not parties to this litigation and had an expectation of confidentiality and privacy when communicating with the TOUR. The information sought to be sealed also reflects sensitive and confidential information regarding the TOUR's management of its business relationship. Unsealing this information would result in harm to the TOUR's business relationships to these broadcasters.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on February 3, 2023, in Ponte Vedra, Florida.

*/s/ Neera Shetty*
NEERA SHETTY