| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| ELLIOT R. PETERS - # 158708 | ANTHONY J. DREYER - (*pro hac vice*) |
| epeters@keker.com | anthony.dreyer@skadden.com |
| DAVID SILBERT - # 173128 | KAREN M. LENT - (*pro hac vice*) |
| dsilbert@keker.com | karen.lent@skadden.com |
| R. ADAM LAURIDSEN - # 243780 | MATTHEW M. MARTINO - (*pro hac vice*) |
| alauridsen@keker.com | matthew.martino@skadden.com |
| NICHOLAS S. GOLDBERG - # 273614 | One Manhattan West |
| ngoldberg@keker.com | New York, NY 10001 |
| SOPHIE HOOD - # 295881 | Telephone:    212 735 3000 |
| shood@keker.com | Facsimile:    212 735 2000 |
| 633 Battery Street | |
| San Francisco, CA 94111-1809 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| Telephone:    415 391 5400 | PATRICK FITZGERALD - (*pro hac vice*) |
| Facsimile:    415 397 7188 | patrick.fitzgerald@skadden.com |
| | 155 North Wacker Drive |
| | Chicago, Il 60606 |
| | Telephone:    312 407 0700 |
| | Facsimile:    312 407 0411 |

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | Case No. 5:22-CV-04486-BLF<br><br>**DEFENDANT AND CROSS-CLAIMANT PGA TOUR, INC.'S ADMINISTRATIVE MOTION TO SEAL PGA TOUR, INC.'S CONFIDENTIAL INFORMATION PURSUANT TO L.R. 79-5(C)**<br><br>Judge:          Hon. Beth Labson Freeman<br><br>Date Filed:    August 3, 2022<br><br>Trial Date:    January 8, 2024 |
| PGA TOUR, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>LIV GOLF, INC.,<br><br>Counter-Defendant. | |

I.  **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendant and Counterclaimant PGA TOUR, Inc. ("the TOUR") respectfully submits this Administrative Motion to Seal, regarding certain redacted portions of the parties' contemporaneously filed Joint Statement Requesting Case Management Conference (the "Joint Request").  A public, redacted version of the Joint Statement is filed separately.

The information the TOUR seeks to redact in its Motion to Seal pursuant to Local Rule 79-5(c) reflects sensitive business information, internal communications, and communications with the other golf tours and organizations who are not parties to this case.  These materials are also designated as protected material under the terms of the parties' stipulated Protective Order. The disclosure of this information could result in significant harm to the TOUR.  Specifically, the information subject to this Administrative Motion includes:

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 255 | Joint Request | Highlighted Portions at Page 19, Line 9 | Directly quotes competitively sensitive internal communications, reflecting competitively sensitive information about internal TOUR operations and corporate decision-making.  Disclosure would harm the TOUR's business and relationships. *See* Shetty Decl. ¶ 2 |
| 255 | Joint Request | Highlighted Portions at Page 19, Lines 11-12 and Lines 16-17 | Directly quotes from sensitive communications between TOUR executives and executives at other golf tours, and refers to conversations between third party golf tours and other golf organizations, reflecting sensitive details about the TOUR's operations and business relationships with other golf tours. Disclosure would harm the TOUR's business and relationships.  *See* Shetty Decl. ¶ 3. |

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 255 | Joint Request | Highlighted Portions at Page 19, Lines 23-26 | Directly quotes from a summary of a confidential conversation between a TOUR employee and an outside consultant, reflecting competitively sensitive information about internal TOUR operations and corporate decision-making. Disclosure would harm the TOUR's business and relationships.  *See* Shetty Decl. ¶ 4. |

## II.    ARGUMENT

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions, the less-stringent "good cause" standard applies to requests for sealing. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, there is good cause for filing the material related to the parties' Joint Request under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating that "sources of business information that might harm a litigant's competitive standing" properly may be sealed); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.").

The information that the TOUR seeks to seal in the Joint Request contains direct quotes from, and close characterizations of, correspondence produced by the TOUR in this litigation. Specifically, it includes: (1) communications between senior TOUR executives that reflect competitively sensitive information about internal TOUR operations and corporate decision-making; (2) communications between TOUR executives and executives at other golf tours, or which refer to conversations between third party golf tours and other golf organizations; and (3) a summary of a confidential conversation between a TOUR employee and an outside consultant that reflects competitively sensitive information about internal TOUR operations and corporate decision-making.  In many instances, these communications reflect correspondence with third parties who had a reasonable expectation of confidentiality and privacy when writing to TOUR

executives.  *See* Decl. of Neera Shetty in Support of Def.'s Admin. Mot. to Seal, ¶¶ 3-4.

Unsealing of any of these communications will result in competitive harm to the TOUR as well as damage to the TOUR's business relationships.  *See id.* ¶¶ 2-4.  To protect these interests, the TOUR has proposed a small, narrowly tailored set of redactions.  The TOUR's legitimate privacy interest in this information outweighs the presumption of public access in this instance.  *See, e.g.*, *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing internal "confidential regulatory strategies and communications" in case involving "avid competitors").

For the foregoing reasons, the TOUR requests that the Court seal the highlighted portions of the Joint Request indicated above.  If the Court deems the TOUR's bases for sealing insufficient, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

Dated:  February 5, 2023                                      KEKER, VAN NEST & PETERS LLP

                                                              By:   */s/ Elliot R. Peters*
                                                                    ELLIOT R. PETERS
                                                                    DAVID SILBERT
                                                                    R. ADAM LAURIDSEN
                                                                    NICHOLAS S. GOLDBERG
                                                                    SOPHIE HOOD

                                                                    Attorneys for Defendant and Cross-Claimant
                                                                    PGA TOUR, INC.


                                                                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                                                    ANTHONY J. DREYER
                                                                    PATRICK FITZGERALD
                                                                    KAREN M. LENT
                                                                    MATTHEW M. MARTINO

                                                                    Attorneys for Defendant and Cross-Claimant
                                                                    PGA TOUR, INC.