RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
   rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br>                Plaintiffs, <br><br>  v. <br><br>PGA TOUR, INC., <br><br>                Defendant and Counter-Plaintiff, <br><br>  v. <br><br>LIV GOLF INC., <br><br>                Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br>**PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF RESPONSE TO PGA TOUR, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR AL-RUMAYYAN'S COMPLIANCE WITH DOCUMENT AND DEPOSITION SUBPOENAS AND OPPOSITION TO MOTION TO QUASH** |

Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the Non-Parties the Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir Othman Al-Rumayyan's Response to the PGA Tour Inc.'s Supplemental Memorandum in Support of Its Motion to Compel.  Dkt. No. 229.

LIV respectfully requests leave to submit this statement and declaration out of time.  LIV inadvertently failed to file a sealing statement within seven days of the motion, given the number of filings and complexity of the procedural posture, but has filed supporting materials for all other motions related to these subpoenas.  The material sought to be sealed concerns the Shareholder Agreement for which LIV previously submitted a statement and declaration to support sealing.  *See* Dkt. Nos. 222, 222-1.  The Tour did not oppose.  Because the material sought to be sealed in the responsive brief is substantially similar to the material for which sealing has been requested, no prejudice or harm will result.  *Compare* Dkt. No. 225 (PGA Tour's supplemental brief), *with* Dkt. No. 230 (PIF and HE response).  Moreover, the Court has indicated that it will rule on the sealing motions in connection with this briefing "after it receives the joint chart" from the parties regarding these motions.  Dkt. No. 245 at 2.  The joint chart is currently due on February 10, 2023.  *Id*.  Because this statement is filed prior to that deadline, it will not affect the timing of the Court's order on the sealing motions.  Courts frequently consider out-of-time sealing statements in these circumstances.  *See, e.g.*, *Hebei Hengbo New Materials Tech. Co., Ltd. v. Apple, Inc.*, 2018 WL 11453132, at *1 (N.D. Cal. Mar. 2, 2018).  If the Court declines to consider this statement and declaration, LIV respectfully requests that any denial to the motion to seal be without prejudice to allow LIV to file a renewed motion to seal.

The non-parties' memorandum responds to the PGA Tour, Inc.'s supplemental brief on its motion to compel subpoena compliance.  Such "materials attached to a discovery motion unrelated to the merits of a case" are an "exception" to the ordinary preference for public access.  *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  In these cases, "the private interests of litigants are 'the only weights on the scale.'"  *Id*. (quoting *Kamakana v. City & County Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).  A party seeking to seal these materials "need only satisfy the less exacting 'good cause' standard" of Rule 26(c)(1) that "protect[s] a party or person from

annoyance, embarrassment, oppression, or undue burden or expense." *Id*. A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The good cause standard to seal applies here because PIF and HE are non-parties, and their obligation to produce discovery is the only issue considered. Thus, "the motion at issue" is only "tangentially related to the underlying cause of action" and does not "require[] the court to address the merits of a case," nor is it "strongly correlative to the merits of a case." *Center for Auto Safety*, 908 F.3d at 1099.

Good cause to seal exists. As explained in the declaration of John Loffhagen, the responsive memorandum quotes and describes the Shareholder Agreement, which discloses highly confidential information about corporate governance, internal decision making processes, and limitations on its business conduct. Loffhagen Decl. ¶ 2. Disclosure of this information would cause concrete harm to LIV, including by allowing competitors to exploit the information for competitive gain, for instance, by attempting to influence LIV Golf's investors or taking advantage of limitations on LIV Golf's decision-making powers, and by prejudicing LIV's ability to obtain future investment. *Id*. ¶ 3. Such material is frequently sealed even under the "compelling reasons" standard. *See, e.g.*, *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (sealing "internal governance procedures and corporate details"); *F.T.C. v. Qualcomm Inc.*, 2018 WL 6575838, at *2 (N.D. Cal. Dec. 13, 2018) (sealing "internal discussions" about "business structure") The sealing is narrowly tailored because the majority of the memorandum is not redacted.

LIV respectfully requests that the Court order that these materials remain sealed.

| Document | Reasons for Sealing |
|---|---|
| Memorandum of Law at lines (ECF 229-3) 3:1-8, 3:14-15, 3:23-4:1, 4:10-11, and 4:13-20 | Contains highly confidential information about LIV's corporate governance, disclosure of which would cause competitive harm to LIV, including by allowing competitors to target LIV's investors and limitations on its business conduct, and by harming LIV's ability to obtain future investment. |

3
PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING
CASE NO. 5:22-CV-04486-BLF

DATED: February 7, 2023

Respectfully submitted,

*/s/ Rachel S. Brass*
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:   415.393.8200
Facsimile:    415.393.8306

COUNSEL FOR PLAINTIFF LIV GOLF, INC.