1  RACHEL S. BRASS, SBN 219301
     rbrass@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
3  San Francisco, California 94105-0921
   Telephone: 415.393.8200
4  Facsimile:  415.393.8306

5  ROBERT C. WALTERS, *pro hac vice*
     rwalters@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   2001 Ross Avenue, Suite 2100
7  Dallas, Texas 75201-2911
   Telephone: 214.698.3100
8  Facsimile:  650.801.5100

9  *Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. CASE NO. 5:22-cv-04486-BLF <br><br> **DECLARATION OF JOHN LOFFHAGEN IN SUPPORT OF SEALING PORTIONS OF RESPONSE TO PGA TOUR, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR AL-RUMAYYAN'S COMPLIANCE WITH DOCUMENT AND DEPOSITION SUBPOENAS AND OPPOSITION TO MOTION TO QUASH** |

I, John Loffhagen, hereby declare and state:

1.  I am the Chief Legal Officer of LIV Golf. I am authorized by LIV Golf to make this statement in support of sealing portions of the Non-Parties the Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir Othman Al-Rumayyan's Response to the PGA Tour Inc.'s Supplemental Memorandum in Support of Its Motion to Compel. Dkt. No. 229. I make the statements in this declaration based on personal knowledge, personal experience, and personal participation in communications with business associates. If called and sworn as a witness, I could and would testify to the facts stated in this declaration.

2.  The non-parties' response to the PGA Tour's memorandum quotes and describes the Subscription and Shareholder Agreement. As I explained in my declaration to support sealing of the PGA Tour's supplemental brief (Dkt. No. 222-1), this agreement is highly confidential and contains business sensitive information about LIV's corporate governance, investment structure, share and subscription price, valuation, internal financial reporting, internal decision making, and budgeting process, as well as LIV financials, including specific amounts of capital, the capital deployment schedule, and capital intended uses, and limitations on certain of its business conduct.

3.  The non-parties' response quotes and describes certain provisions of the Subscription and Shareholder Agreement at lines 3:1-8, 3:14-15, 3:23-4:1, 4:10-11, and 4:13-20. LIV goes to great lengths to keep the contents of this agreement confidential. Disclosure of this information would harm LIV by exposing its corporate governance procedures and limitations on its business conduct to competitors. Disclosure would allow competitors to exploit the information, for example, by targeting LIV's investors or its appointed directors or taking advantage of limitations on its business conduct. Furthermore, disclosure of this information would harm LIV's ability to obtain future investment, because investors may be deterred or may demand the same or better terms as those described.

4.  The following table summarizes that harm that could result from disclosure:

| Document | Harm From Disclosure |
|---|---|
| Memorandum of Law (ECF 229-3) at lines 3:1-8, 3:14-15, 3:23- | Competitive harm from exposure of LIV Golf's corporate governance processes, including by allowing competitors to target LIV's investors and exploit limitations on its business conduct, and harm to LIV's ability to obtain future investment. |

| 4:1, 4:10-11, and 4:13-20 | |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on  06 February 2023 , 2023.

                                                   *John Loffhagen* (DocuSigned)

John Loffhagen