RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br> **PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF PGA TOUR, INC.'S MOTION FOR LEAVE TO AMEND COUNTERCLAIM TO ADD COUNTER-DEFENDANTS** |

1          Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the motion for leave to amend counterclaim to add counter-defendants filed by the PGA Tour, Inc. (the "Tour").  Dkt. No. 237.

           A party seeking to seal judicial records must "articulate compelling reasons" for sealing "supported by specific factual findings."  *Kamakana v. City & County Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (simplified).  "What constitutes a 'compelling reason' is best left to the sound discretion of the trial court."  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Examples of "compelling reasons" to seal include "when a court record might be used . . . . 'as source[] of business information that might harm a litigant's competitive standing.'"  *Id*. (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  Under this standard, courts routinely seal information about corporate governance and internal decision-making processes.  *See, e.g.*, *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.) (sealing "internal governance procedures and corporate details"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *1-*2 (N.D. Cal. Feb. 24, 2020) (Freeman, J.) (sealing "confidential business material," including "strategic decision making"); *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (sealing "internal conversations" about corporate "decision-making process"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing . . . business decision making").

           Compelling reasons to seal exist here.  As explained in the declaration of John Loffhagen, the information sought to be sealed includes (1) the contents of a shareholder and services agreement describing LIV's corporate governance and relationship with investors, including investor rights, (2) LIV's internal decision-making, including its strategy for dealing with competitors, (3) negotiations with specific players, agents, sponsors, and broadcasters, including specific offers, (4) certain LIV indemnification agreements, and (5) LIV's player recruitment strategy.  Loffhagen Decl. ¶¶ 3-8. Disclosure of this information would result in significant harm to LIV, including, *inter alia*, by prejudicing its ability to obtain outside funding, deterring of potential business partners from doing business with LIV (or even entering confidential negotiations about doing business), allowing

competitors to exploit the information by targeting LIV's investors and corporate governance, constraining LIV's bargaining power in negotiations (including by causing players and others to demand different or better terms as those disclosed), and allowing competitors to counter LIV's recruitment strategy for competitive gain. *Id*.

The sealing is narrowly tailored because the majority of the motion and proposed amended counterclaim is not sealed. LIV has carefully reviewed the information and tailored its request to the potential competitive harm. As set forth in detail in the Amended Complaint, LIV is a nascent competitor that is seeking to break into the marketplace to challenge an entrenched monopolist, the Tour. This litigation is about the efforts by the Tour and its co-conspirators to defeat LIV's nascent entry. LIV respectfully submits that the Court should take care to ensure that procedural motions brought in this litigation by the Tour do not become a vehicle for further harm to LIV.

The following table summarizes the requested sealing:

| Document | Reason for Sealing |
|---|---|
| Exs. A, B (ECF 237-1; ECF 237-2) (Proposed Counterclaim) ¶ 25<br><br>Memorandum of Law (ECF 237-4) at lines 5:14-16, 5:18-20 | Contains confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise model in the future, and obtain future business. |
| Exs. A, B (ECF 237-1; ECF 237-2) (Proposed Counterclaim) ¶ 26 | Contains confidential information about a services agreement setting out LIV's relationship with its investors, disclosure of which would be exploited by competitors for competitive gain and prejudice LIV's ability to obtain future business. |
| Exs. A, B (ECF 237-1; ECF 237-2) (Proposed Counterclaim) ¶¶ 29-31, 64-65<br><br>Memorandum of Law (ECF 237-4) at lines 5:23-24, 6:1, 6:3-9 | Contains confidential information LIV's internal decision-making, including participation of LIV's investors in that decision-making, disclosure of which would harm LIV by allowing competitors to exploit the information, deterring potential business partners, and revealing LIV's non-public strategy for dealing with competitors. |
| Exs. A, B (ECF 237-1; ECF 237-2) (Proposed Counterclaim) ¶¶ 31-35<br><br>Memorandum of Law (ECF 237-4) at lines | Contains confidential information about specific negotiations and offers to certain players, agents, sponsors, and broadcasters, including specific terms of offers. Disclosure of this information would cause competitive harm to LIV, including by constraining its ability to negotiate different terms, inviting speculation about why certain entities decided to do business (or not) with LIV, prejudicing LIV's |

| | |
|---|---|
| 5:23-24, 6:1, 6:3-9, and 7:23-27 | ability to obtain future business, and constraining LIV's ability to pursue confidential negotiations. |
| Exs. A, B (ECF 237-1; ECF 237-2) (Proposed Counterclaim) ¶¶ 6, 44<br><br>Memorandum of Law (ECF 237-4) at lines 3:26-27 | Contains confidential information about the terms of certain indemnification agreements, disclosure of which would harm LIV by revealing the contours of potential litigation, including the parties of the contemplated litigation and amounts offered for indemnification, which could be exploited by other litigants. |
| Ex. C (ECF 237-3)<br><br>Memorandum of Law (ECF 237-4) at lines 6:10-12 | Contains confidential information about LIV's recruitment of players, including the identities of the players, the number of offers, the structure of the offers, and the terms of the offers, including specific amounts, disclosure of which would harm LIV by constraining its ability to offer different terms, revealing its ability and willingness to pay, and allowing LIV's recruitment strategy to be exploited by competitors. |

DATED: February 7, 2023               Respectfully submitted,

/s/ Rachel S. Brass
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

COUNSEL FOR PLAINTIFF LIV GOLF, INC.