| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| ELLIOT R. PETERS - # 158708 | ANTHONY J. DREYER - (*pro hac vice*) |
| epeters@keker.com | anthony.dreyer@skadden.com |
| DAVID SILBERT - # 173128 | KAREN M. LENT - (*pro hac vice*) |
| dsilbert@keker.com | karen.lent@skadden.com |
| R. ADAM LAURIDSEN - # 243780 | MATTHEW M. MARTINO - (*pro hac vice*) |
| alauridsen@keker.com | matthew.martino@skadden.com |
| NICHOLAS S. GOLDBERG - # 273614 | One Manhattan West |
| ngoldberg@keker.com | New York, NY 10001 |
| SOPHIE HOOD - # 295881 | Telephone: 212 735 3000 |
| shood@keker.com | Facsimile: 212 735 2000 |
| 633 Battery Street | |
| San Francisco, CA 94111-1809 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| Telephone: 415 391 5400 | PATRICK FITZGERALD - (*pro hac vice*) |
| Facsimile: 415 397 7188 | patrick.fitzgerald@skadden.com |
| | 155 North Wacker Drive |
| | Chicago, Il 60606 |
| | Telephone: 312 407 0700 |
| | Facsimile: 312 407 0411 |

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant. | Case No. 5:22-CV-04486-BLF <br><br> **PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 176** <br><br> Judge: Hon. Susan van Keulen <br> Date Filed: August 3, 2022 <br> Trial Date: January 8, 2024 |
| PGA TOUR, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> LIV GOLF, INC., <br><br> Counter-Defendant. | |

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1) and the Protective Order entered by this Court, Dkt. 111, Defendant and Counterclaimant PGA TOUR, Inc. (the "TOUR") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the Joint Statement Regarding Plaintiff's Interrogatories, Dkt. 176, ("Joint Statement").

The information the TOUR seeks to maintain under seal reflects sensitive business information, internal communications, and communication with other golf tours and organizations who are not parties to this case. The following portions of LIV Golf, Inc.'s ("LIV") statement also quote documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the Protective Order or contain characterizations of LIV's confidential information designated under the Protective Order:

| ECF No. | Document | Text to be Sealed | Basis for Sealing |
|---|---|---|---|
| 176-1 | Joint Statement | Highlighted portion at Page 1, Lines 20-21 | Directly quotes and characterizes a competitively sensitive internal communication regarding the TOUR's corporate decision-making process with another golf tour and vendor that would cause competitive harm if disclosed |
| 176-1 | Joint Statement | Highlighted portions at Page 2, Lines 10-11, Lines 22-24 | Directly quotes and characterizes a competitively sensitive internal communication regarding the TOUR's corporate decision-making process with another golf tour and vendor that would cause competitive harm if disclosed. |
| 176-2 | Exhibit A to Joint Statement | Entire Document | Contains confidential information of the TOUR regarding its internal decision-making process, including relationships with players, sponsors, and other golf tours, as well as media strategy that would cause competitive harm if disclosed. |
| 176-3 | Exhibit B to Joint Statement | Entire Document | Contains confidential information of the TOUR regarding its internal decision-making process, including |

1

PGA TOUR'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 176
Case No. 5:22-CV-04486-BLF

2044339.v4

| | | | |
|---|---|---|---|
| | | | relationships with players, sponsors, and other golf tours, as well as media strategy that would cause competitive harm if disclosed.  Also contains characterizations of Plaintiffs' confidential information designated under the Protective Order in this case. |
| 176-4 | Exhibit C to Joint Statement | Highlighted portions on pages 6, 7, and 8 | Contains confidential information of the TOUR regarding its internal decision-making process, including relationships with players, sponsors, and other golf tours, as well as media strategy that would cause competitive harm if disclosed. |

II.     ARGUMENT

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions[1], the less stringent "good cause" standard applies to requests for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1105 (9th Cir. 2016) (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). The courts draw a distinction between dispositive and non-dispositive motions because information and records referenced in connection with a non-dispositive motion are often "unrelated or only tangentially related, to the underlying cause of action," and thus the public interest in accessing the information is low. *Kamakana*, 447 F.3d at 1179-80.

The information in the highlighted portions of the Joint Statement and identified above quote or characterize non-public discussions between TOUR executives, employees, and consultants related to its business strategies, including strategies for actual and/or prospective business partners and media communications. Specifically, it includes: (1) communications from TOUR executives that reflect competitively sensitive information about internal TOUR operations and corporate decision making; and (2) characterizations of communications between

---

[1] *Yahoo!, Inc. v. Does 1 Through 510, Inclusive*, No. 16-CV-02879-LHK, 2016 WL 4270264, at *2 (N.D. Cal. Aug. 15, 2016) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation." (citation omitted)).

2
PGA TOUR'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 176
Case No. 5:22-CV-04486-BLF

2044339.v4

TOUR executives that reflect competitive sensitive information about internal TOUR operations and corporate decision making. *See* Decl. of Neera Shetty in Support of PGA TOUR, Inc.'s Statement in Support of Sealing re: Dkt. 176, ("Shetty Decl.") ¶ 2.

Exhibit A to the Joint Statement is LIV's Third Set of Interrogatories. Exhibit B to the Joint Statement is the TOUR's Responses and Objections to Liv's Third Set of Interrogatories, and Exhibit C is a joint chart summarizing the disputed interrogatories, both of which quote relevant disputed language from Exhibit A. These three documents contain commercially sensitive information about the TOUR's internal workings—including media strategy and the TOUR's relationship with sponsors, players, and other golf tours—alongside LIV's characterizations of that information. As demonstrated by the Declaration of Neera Shetty, attached hereto, this information is competitively sensitive and is maintained by the TOUR as highly confidential. Allowing public access to this confidential information could harm the TOUR's competitive standing and business relationships by revealing sensitive details about the way the TOUR operates. Shetty Decl., ¶¶ 3-5.

Courts have repeatedly recognized that information related to business strategy is appropriate for sealing, finding that the need for confidentiality outweighs the public's interest in disclosure. *E.g., Hetland v. LendingTree, LLC*, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (documents "contain and reflect confidential business information that offers insight into [sealing party's] business model and strategy, and therefore satisfy the 'compelling reasons' standard); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-md-2087, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (sealing granted as to emails revealing business and marketing strategy).

The proposed sealing the TOUR seeks to keep in place is important to protect the TOUR's confidential business information. The TOUR's legitimate privacy interest in this information outweighs the presumption of public access in this instance. *See, e.g., In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing internal "confidential regulatory strategies and communications" in case involving "avid competitors").

For the foregoing reasons, the TOUR respectfully requests that the Court keep the discrete

3

PGA TOUR'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 176
Case No. 5:22-CV-04486-BLF

2044339.v4

portions of the Joint Statement and the accompanying exhibits identified under seal. If the Court deems the TOUR's bases for sealing insufficient or concludes that sealing of the entirety of Exhibits A or B is improper, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

Dated:  February 10, 2023

KEKER, VAN NEST & PETERS LLP

By:  /s/ Elliot R. Peters
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.