KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:     212 735 3000
Facsimile:     212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:     312 407 0700
Facsimile:     312 407 0411

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., <br><br>Plaintiffs, <br><br>v. <br><br>PGA TOUR, INC., <br><br>Defendant. <br><br>PGA TOUR, INC., <br><br>Counter-Claimant, <br><br>v. <br><br>LIV GOLF, INC., <br><br>Counter-Defendant. | Case No. 5:22-CV-04486-BLF <br><br>**PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 215** <br><br>Judge:     Hon. Susan van Keulen <br><br>Date Filed:     August 3, 2022 <br><br>Trial Date:     January 8, 2024 |

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1) and the Protective Order entered by this Court, Dkt. 111, Defendant and Counterclaimant PGA TOUR, Inc. (the "TOUR") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the Joint Statement Regarding the TOUR's Objections to the Addition of Three Custodians, Dkt. 215-1, ("Joint Statement").

The information the TOUR seeks to maintain under seal reflects sensitive business information, internal communications, and communication with other golf tours and organizations who are not parties to this case. The following portions of LIV Golf, Inc.'s ("LIV") statement quote documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the Protective Order:

| ECF No. | Document | Text to be Sealed | Basis for Sealing |
|---|---|---|---|
| 215-1 | Joint Statement | Highlighted portion at Page 1, Line 14 | Characterizes information from a TOUR executive's notes regarding the TOUR's corporate decision-making process and strategy that would cause competitive harm if disclosed. |
| 215-1 | Joint Statement | Highlighted portions at Page 1, lines 16-21 | Characterizes and directly quotes from competitively sensitive communications regarding the TOUR's business strategies that would cause competitive harm if disclosed. |
| 215-1 | Joint Statement | Highlighted portions at Page 1, lines 22-23<br><br>Highlighted portions at Pages 1 and 2, lines 27-2<br><br>Highlighted portions at Page 2, lines 11-12 | Characterizes and directly quotes from communications regarding the TOUR's corporate decision-making process and business strategy that would cause competitive harm if disclosed. |
| 215-1 | Joint | Highlighted | Characterizes and directly quotes from |

1

PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 215
Case No. 5:22-CV-04486-BLF

2044340.v5

| | Statement | portions at Page 2, lines 3-9<br><br>Highlighted portions at Page 2, lines 13-15 | communications between the TOUR and outside consultants regarding the TOUR's corporate decision-making process and business strategy that would cause competitive harm if disclosed. |
|---|---|---|---|
| 215-1 | Joint Statement | Highlighted portions at Page 2, lines 16-17<br><br>Highlighted portions at Page 2, line 25 | Characterizes and directly quotes from communications between TOUR executives regarding the TOUR's corporate decision-making process and business strategy that would cause competitive harm if disclosed. |
| 215-1 | Joint Statement | Highlighted portions at Page 2, lines 18-23 | Characterizes and directly quotes from communications between TOUR executives and other golf tours regarding the TOUR's corporate decision-making process and business strategy that would cause competitive harm if disclosed. |

## II.  ARGUMENT

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions[1], the less stringent "good cause" standard applies to requests for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1105 (9th Cir. 2016) (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). The courts draw a distinction between dispositive and non-dispositive motions because information and records referenced in connection with a non-dispositive motion are often "unrelated or only tangentially related, to the underlying cause of action," and thus the public interest in accessing the information is low. *Kamakana*, 447 F.3d at 1179-80.

The information in the highlighted portions of the Joint Statement contain direct quotations of or characterizations of non-public communications between the TOUR and other golf tours, as well as communications with other non-parties to litigation produced by the TOUR in the course of pretrial discovery. The communications reveal the inner workings of the TOUR's

---

[1] *Yahoo!, Inc. v. Does 1 Through 510, Inclusive*, 2016 WL 4270264, at *2 (N.D. Cal. Aug. 15, 2016) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation." (citation omitted)).

business strategies, including how and whether to discipline players, how the TOUR implements and interprets its internal rules and regulations, and how the TOUR utilizes consultants. *See* Decl. of Neera Shetty in Support of PGA TOUR, Inc.'s Statement in Support of Sealing re: Dkt. 215 ("Shetty Decl."), ¶¶ 2-7. Public disclosure of these communications would disclose confidential information regarding the TOUR's business strategies, including media and competitive strategies, that the TOUR would not share with a third party if not for the protections of the Protective Order. If this information is revealed, it could cause TOUR competitive injury.

Courts have repeatedly recognized that information related to business strategy is appropriate for sealing, finding that the need for confidentiality outweighs the public's interest in disclosure. *E.g., Hetland v. LendingTree, LLC*, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (documents "contain and reflect confidential business information that offers insight into [sealing party's] business model and strategy, and therefore satisfy the 'compelling reasons' standard); *In re Hydroxycut Mktg. & Sales Practices Litig.*, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (sealing granted as to emails revealing business and marketing strategy).

Revealing this information would also injure the privacy interests of the TOUR and certain third-party consultants, the disclosure of which would result an invasion of those non-party's privacy interests. *See* Shetty Decl, ¶¶ 5, 7; *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015); *see also Chloe SAS v. Sawabeh Info. Servs. Co.*, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015) (finding that non-party privacy interests "are sufficient to satisfy the 'good cause' standard for sealing.").

The narrowly tailored redactions in the Joint Statement protect not only the TOUR's sensitive business information, but the expectation of privacy that the non-parties had when corresponding with TOUR executives. For the foregoing reasons, the TOUR requests that the Court keep the highlighted portions of the Joint Statement under seal. If the Court deems the TOUR's bases for sealing insufficient, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the currently sealed materials being made public.

| | | |
|---|---|---|
| Dated: February 10, 2023 | | KEKER, VAN NEST & PETERS LLP |
| | By: | */s/ Elliot R. Peters*<br>ELLIOT R. PETERS<br>DAVID SILBERT<br>R. ADAM LAURIDSEN<br>NICHOLAS S. GOLDBERG<br>SOPHIE HOOD |
| | | Attorneys for Defendant and Cross-Claimant<br>PGA TOUR, INC. |
| | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | | ANTHONY J. DREYER<br>PATRICK FITZGERALD<br>KAREN M. LENT<br>MATTHEW M. MARTINO |
| | | Attorneys for Defendant and Cross-Claimant<br>PGA TOUR, INC. |

4

PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 215
Case No. 5:22-CV-04486-BLF

2044340.v5