| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - # 243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - # 295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:    415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone:   212 735 3000<br>Facsimile:    212 735 2000<br><br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>PATRICK FITZGERALD - (*pro hac vice*)<br>patrick.fitzgerald@skadden.com<br>155 North Wacker Drive<br>Chicago, Il 60606<br>Telephone:   312 407 0700<br>Facsimile:    312 407 0411 |

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant.<br><br>PGA TOUR, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>LIV GOLF, INC.,<br><br>Counter-Defendant. | Case No. 5:22-CV-04486-BLF<br><br>**PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 235**<br><br>Judge:        Hon. Susan van Keulen<br><br>Date Filed:  August 3, 2022<br><br>Trial Date:  January 8, 2024 |

PGA TOUR, INC. 'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 235
Case No. 5:22-CV-04486-BLF

2044341.v3

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1), Defendant PGA TOUR, Inc. (the "TOUR") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the Joint Statement Regarding Request for Production Number 8 of Subpoenas to Independent PGA TOUR Directors and Former PGA TOUR Commissioner Finchem, Dkt. 235-1, ("Joint Statement").

The following portions of LIV Golf, Inc.'s ("LIV") statement quote documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the Protective Order:

| ECF No. | Document | Text to be Sealed | Basis for Sealing |
|---|---|---|---|
| Dkt. 235-1 | Joint Statement | Highlighted portions at Page 2 and 3, lines 21-10 | Contains direct quotations of confidential communications among TOUR executives and between TOUR executives, outside consultants, and other golf tours regarding its internal decision-making process and business strategy that would cause competitive harm if publicly disclosed. |
| Dkt. 235-1 | Joint Statement | Highlighted portion at Page 3, lines 21-23 | Contains direct quotation of a confidential communication between a TOUR executive and a nonparty that would injure their privacy interest and would interfere with their expectations of confidentiality if disclosed. |
| Dkt. 235-1 | Joint Statement | Highlighted portion at Page 3, lines 25-27 | Contains a direct quotation of a confidential communication between a TOUR executive and a nonparty that would injure their privacy interest and interfere with their expectations of confidentiality if disclosed.<br><br>Contains direct quotations of confidential communications among TOUR executives regarding its internal decision-making process and business strategy that would cause competitive harm if publicly disclosed. |
| Dkt. 235-1 | Joint Statement | Highlighted portion at Page 4, lines 3-10 | Contains direct quotations from confidential communications between non parties and TOUR employees that |

1

PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 235
Case No. 5:22-CV-04486-BLF

2044341.v3

| | | | would injury their privacy interests and expectations of confidentiality if disclosed. |
|---|---|---|---|

II.     **ARGUMENT**

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions[1], the less stringent "good cause" standard applies to requests for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1105 (9th Cir. 2016) (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). The courts draw a distinction between dispositive and non-dispositive motions, because information and records referenced in connection with a non-dispositive motion are often "unrelated or only tangentially related, to the underlying cause of action," and thus the public interest in accessing the information is low. *Kamakana*, 447 F.3d at 1179-80.

The information in the highlighted portions of the Joint Statement quote or characterize non-public discussions between TOUR executives, employees, and consultants related to its business strategies, including strategies for actual and/or prospective business partners and media communications. As demonstrated by the Declaration of Neera Shetty, attached hereto, this information is competitively sensitive and is maintained by the TOUR as confidential because it paints a detailed picture of the TOUR's business operations, often quoted out of its original context. *See* Decl. of Neera Shetty in Support of PGA TOUR, Inc.'s Statement in Support of Sealing re: Dkt. 235 ("Shetty Decl."), ¶¶ 2, 4. Allowing public access to this confidential information could harm the TOUR's competitive standing and business relationships by revealing sensitive details about the way the TOUR operates.

Courts have repeatedly recognized that information related to business strategy is appropriate for sealing, finding that the need for confidentiality outweighs the public's interest in disclosure. *E.g., Hetland v. LendingTree, LLC*, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (documents "contain and reflect confidential business information that offers insight into [sealing

---

[1] *Yahoo!, Inc. v. Does 1 Through 510, Inclusive*, 2016 WL 4270264, at *2 (N.D. Cal. Aug. 15, 2016) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation." (citation omitted)).

party's] business model and strategy, and therefore satisfy the 'compelling reasons' standard); *In re Hydroxycut Mktg. & Sales Practices Litig.*, at *2 (S.D. Cal. Mar. 11, 2011) (sealing granted as to emails revealing business and marketing strategy). These communications also include representations of statements made by certain non-party individuals.  *See* Shetty Decl, ¶¶ 2-5. The privacy interests of nonparties "are sufficient to satisfy the 'good cause' standard for sealing." *Chloe SAS v. Sawabeh Info. Servs. Co.*, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015) (collecting cases).

The proposed, narrow redactions the TOUR seeks are important to protect the TOUR's confidential business information. Accordingly, good cause exists to maintain the confidentiality of the highlighted statements. For the foregoing reasons, the TOUR respectfully requests that the Court keep the discrete portions of the Joint Statement identified under seal.

Dated:  February 10, 2023

KEKER, VAN NEST & PETERS LLP

By: /s/ Elliot R. Peters
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.