KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:   212 735 3000
Facsimile:    212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:   312 407 0700
Facsimile:    312 407 0411

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant. <br><br> PGA TOUR, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> LIV GOLF, INC., <br><br> Counter-Defendant. | Case No. 5:22-CV-04486-BLF <br><br> **PGA TOUR, INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COUNTERCLAIM TO ADD COUNTER-DEFENDANTS** <br><br> Date:         May 18, 2023 <br> Time:         9:00 a.m. <br> Courtroom:  3 <br> Judge:        Hon. Beth Labson Freeman <br><br> Date Filed:    August 3, 2022 <br><br> Trial Date:    January 8, 2024 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   PLAINTIFFS HAVE NOT ESTABLISHED ANY COGNIZABLE PREJUDICE. ...........1

III.  AMENDMENT IS NOT FUTILE. .........................................................................2

      A.    Plaintiffs misstate the futility standard. ..................................................2

      B.    The TOUR's proposed amendment states a non-futile claim. ................2

IV.  ANY DELAY WAS CAUSED BY PLAINTIFFS' OBSTRUCTIONISM. .........................5

V.   THE TOUR'S MOTION WAS BROUGHT IN GOOD FAITH. .........................................5

VI.  CONCLUSION.......................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*625 3rd St. Assocs., L.P. v. Alliant Credit Union*,
    633 F. Supp. 2d 1040 (N.D. Cal. 2009) ................................................................................ 4

*Aldrich v. Nat'l Collegiate Athletic Ass'n*,
    484 F. Supp. 3d 779 (N.D. Cal. 2020) .................................................................................. 4

*Braun v. Norton*,
    2006 WL 8459605 (N.D. Cal. Jan. 27, 2006) ....................................................................... 2

*Dean Markley USA, Inc. v. Cenveo Corp.*,
    2015 WL 1843708 (N.D. Cal. Apr. 7, 2015) ........................................................................ 2

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ........................................................................................ 1, 2

*First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*,
    2017 WL 3593369 (N.D. Cal. Aug. 21, 2017) ..................................................................... 3

*InjuryLoans.com, LLC v. Buenrostro*,
    2020 WL 1941025 (D. Nev. Apr. 22, 2020) ......................................................................... 5

*Rosenbaum v. Becker & Poliakoff, P.A.*,
    2010 WL 376309 (S.D. Fla. Jan. 26, 2010) .......................................................................... 4

*Story v. Midland Funding LLC*,
    2016 WL 5868077 (D. Or. Oct. 7, 2016) .............................................................................. 5

*Unicorn Energy GMBH v. Tesla Inc.*,
    2022 WL 16528138 (N.D. Cal. Oct. 28, 2022) ..................................................................... 2

*Vanguard Logistics Servs. (USA) Inc. v. Groupage Servs. of New England, LLC*,
    2022 WL 1601389 (C.D. Cal. Feb. 8, 2022) ......................................................................... 4

**State Cases**

*Ixchel Pharma, LLC v. Biogen, Inc.*,
    9 Cal. 5th 1130 (2020) ..................................................................................................... 3, 4

*Reeves v. Hanlon*,
    33 Cal. 4th 1140 (2004) ........................................................................................................ 3

**Rules**

Federal Rule of Civil Procedure 12 ...............................................................................................1, 2

Federal Rule of Civil Procedure 15 ...............................................................................................1, 2

## I. INTRODUCTION

Plaintiffs' Opposition fails to rebut the presumption that amendment should be liberally granted. Plaintiffs articulate no prejudice because there is none. Plaintiffs know the true facts about the central role that PIF and Mr. Al-Rumayyan played in creating LIV, recruiting players, urging them to remain TOUR members while breaching their agreements with the TOUR, and bringing this lawsuit. They also all share the same lawyers. Because Plaintiffs have not established any prejudice, the presumption in favor of granting leave to amend applies. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Instead, Plaintiffs distort the TOUR's allegations to manufacture a baseless futility argument. Plaintiffs misconstrue the TOUR's counterclaim as alleging "interference with an at-will contract" by urging players to "resign from the Tour." Opp. at 1. But that is not what the TOUR alleges. The counterclaim is directed at LIV players who attempted to ***remain*** with the TOUR, despite joining LIV, and who materially breached their TOUR contracts. *See* Dkt. 237-1 (Proposed Amended Counterclaim) ¶ 1. Nor did LIV, PIF, and Mr. Al-Rumayyan simply urge players to resign. To the contrary, they induced players to breach provisions in the TOUR's regulations governing media rights and competing event obligations, all while insisting that these players remain TOUR members despite their material breaches. LIV, PIF, and Mr. Al-Rumayyan induced those breaches by offering LIV contracts that compelled the breach of TOUR contracts, piles of cash, and promises to fund the players' defenses and indemnify their breaches. This isn't an "at will" case; it's a classic tortious interference case. If LIV wishes to challenge the TOUR's amendment on a Rule 12 motion, it is free to try, but that does not make amendment futile.

Plaintiffs' claims of delay and bad faith likewise ring hollow since any delay is attributable solely to LIV and its owner, PIF. After all, counsel for Plaintiffs assured this Court that they would cooperate in obtaining discovery from PIF; they have failed to do so. Because all the factors support granting leave to amend, the TOUR's Motion should be granted.

## II.   PLAINTIFFS HAVE NOT ESTABLISHED ANY COGNIZABLE PREJUDICE.

Under Rule 15, "[t]he undue prejudice which a court must guard against is that prejudice which would cause a party undue difficulty in ***prosecuting a lawsuit*** as a result of a change of

tactics or theories on the part of the [moving] party." *Braun v. Norton*, 2006 WL 8459605, at *4 (N.D. Cal. Jan. 27, 2006) (emphasis added). Because the TOUR has not changed its "theor[y] of the case" against Plaintiffs, Plaintiffs cannot establish any prejudice. *Dean Markley USA, Inc. v. Cenveo Corp.*, 2015 WL 1843708, at *2 (N.D. Cal. Apr. 7, 2015).

Plaintiffs contend that delay will negatively affect "LIV's brand" or harm the few remaining players in the case. Opp. at 8. These alleged harms are not cognizable because the prejudice inquiry focuses on "difficult[ies] in prosecuting a lawsuit," *Braun*, 2006 WL 8459605, at *4, and Plaintiffs' complaints do not qualify. Even if these harms were cognizable under Rule 15, they are speculative, unsupported attorney say-so. Moreover, the greatest risk of delay in this case stems not from the TOUR's proposed amendment, but the refusal of LIV's 93% owner PIF and Mr. Al-Rumayyan to produce discovery. Indeed, PIF's refusal to honor its commitment to produce discovery has already rendered the existing case schedule untenable, particularly in light of Magistrate Judge van Keulen's recent order on discovery from PIF and Mr. Al-Rumayyan. *See* Dkt. 265 (Order). In short, Plaintiffs have identified no material prejudice, and the presumption in favor of granting leave to amend applies. *See Eminence Cap.*, 316 F.3d at 1052.

### III.   AMENDMENT IS NOT FUTILE.

#### A.   Plaintiffs misstate the futility standard.

Plaintiffs erroneously rely on the Rule 12(b)(6) standard to argue that the TOUR's proposed amendment is futile. Opp. at 4. But Rule 12 does not apply here. Instead, Plaintiffs bear the "heavy burden" of showing that the TOUR is unable to allege any "set of facts . . . that would constitute a valid claim." *Unicorn Energy GMBH v. Tesla Inc.*, 2022 WL 16528138, at *2 (N.D. Cal. Oct. 28, 2022). They have failed to do so. If Plaintiffs wish to challenge the adequacy of the amended pleading, their "arguments are better left for full briefing on a motion to dismiss." *Id*. Indeed, Plaintiffs have already claimed that they plan to "file a motion for judgment on the pleadings," Dkt. 255 (Joint Statement re Request for CMC) at 21, so arguments about the sufficiency of the TOUR's allegations should be addressed at that time.

#### B.   The TOUR's proposed amendment states a non-futile claim.

Plaintiffs' main futility arguments are that (1) under California law, the TOUR must

identify independently wrongful conduct because the interfered-with contracts are supposedly "at will" and (2) the tortious interference counterclaim hinges on First Amendment protected conduct. *See* Opp. at 4-7. Plaintiffs' arguments fail for at least five reasons.

*First*, Plaintiffs' caselaw on at-will contracts is inapposite because those cases do not address the inducement of material breaches of contract, which is what the TOUR has alleged. In *Reeves v. Hanlon*, the California Supreme Court explained that termination of an at-will contract according to its terms constituted "no breach." 33 Cal. 4th 1140, 1152 (2004). Likewise, in *Ixchel Pharma, LLC v. Biogen, Inc.*, the California Supreme Court did not address any material breach of contract, since the third party "terminated the agreement according to its terms." 9 Cal. 5th 1130, 1140 (2020). By contrast, the TOUR has alleged that LIV, PIF, and Mr. Al-Rumayyan induced players to breach contractual provisions unrelated to termination, including provisions governing "[m]edia [r]ights and [c]onflicting [e]vents [o]bligations," Dkt. 237-1 at 72—all while prompting those players to assert that they were free to *remain* with the TOUR despite these willful breaches of TOUR contracts.

To that end, California law has not imposed an "independent wrongfulness requirement" where a defendant "induces the breach of . . . otherwise enforceable term[s]" like those here. *Reeves*, 33 Cal.4th at 1153 n.7; *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, 2017 WL 3593369, at *6 n.5 (N.D. Cal. Aug. 21, 2017) ("It is not clear that a plaintiff must prove an independently wrongful act" when defendant "facilitated [the employees'] breach of the non-recruitment and confidential information provisions" in their agreements.). By inducing players to agree to LIV's contracts, which "guaranteed LIV *de facto* exclusivity for multiple years," several TOUR players "were promising to repeatedly breach" the TOUR's regulations. Dkt. 237-1 ¶ 56. LIV, PIF, and Mr. Al-Rumayyan all knew that they were inducing golfers to "violate their TOUR contracts if they played in LIV events that conflicted with TOUR tournaments," *id.* ¶¶ 65-66, but still encouraged players to remain with the TOUR and promised to indemnify them for these breaches, *see id.* ¶ 44.

*Second*, Plaintiffs assume without any explanation that California law governs the TOUR's counterclaim. *See* Opp. at 4-7. This is an open question because Florida—where both the

TOUR and LIV have their principal places of business, Dkt. 237-1 ¶¶ 8, 11—may have an overriding interest in the application of its tort law in this dispute. *See Aldrich v. Nat'l Collegiate Athletic Ass'n*, 484 F. Supp. 3d 779, 798 (N.D. Cal. 2020) (applying Arizona law instead of California law because plaintiff suffered harm in Arizona and "actions giving rise to the claim did not occur in California"). Florida law does not require a separate wrongful act for tortious interference with "at will" contracts. Rather, the defendant bears the burden of showing that its interference was justified or privileged. *Rosenbaum v. Becker & Poliakoff, P.A.*, 2010 WL 376309, at *6 (S.D. Fla. Jan. 26, 2010). Thus, Plaintiffs cannot claim futility by relying on California law if Florida law, which is materially different from California's, applies.

*Third*, even if the "independent wrongfulness" requirement applies, the TOUR has alleged independently wrongful acts. The TOUR has alleged that, while tortiously interfering with TOUR contracts, LIV, PIF, and Mr. Al-Rumayyan recruited players to induce the breaches of other additional TOUR contracts. *See* Dkt. 237-1 ¶ 75. Inducing a breach of contract is a distinct tort that, standing on its own, is wrongful. *See Ixchel*, 9 Cal. 5th at 1146; *625 3rd St. Assocs., L.P. v. Alliant Credit Union*, 633 F. Supp. 2d 1040, 1048 (N.D. Cal. 2009). The TOUR has also alleged that LIV, PIF, and Mr. Al-Rumayyan made various misrepresentations to players in inducing them to breach TOUR contracts, such as misleading players who were "concerned about the consequences of breaching their agreements with the TOUR." Dkt. 237-1 ¶ 67; *id.* ¶¶ 66, 68-69.

*Fourth*, under no circumstances is amendment futile because, even accepting LIV's incorrect argument at face value, the TOUR could easily amend to add a separate claim for inducing breach of contract, which does not require alleging an independently wrongful act. *Vanguard Logistics Servs. (USA) Inc. v. Groupage Servs. of New England, LLC*, 2022 WL 1601389, at *8 n.5 (C.D. Cal. Feb. 8, 2022). To that end, the TOUR intends to add this cause of action to its amended counterclaim without including any more factual allegations.

*Finally*, amendment is not futile because the amended counterclaim does not turn on "First Amendment protected conduct." Opp. at 6. Plaintiffs distort the TOUR's allegations by claiming that the TOUR "seeks to impose liability . . . for inducing a potentially meritorious lawsuit." *Id.* at 7 (internal quotation marks omitted). Plaintiffs entirely ignore a core theory of the

TOUR's counterclaim: LIV, PIF, and Mr. Al-Rumayyan's insistence that players remain with the TOUR while inducing such players to knowingly breach TOUR provisions governing media rights and conflicting event obligations. These allegations are unrelated to Plaintiff's meritless lawsuit against the TOUR.

## IV.  ANY DELAY WAS CAUSED BY PLAINTIFFS' OBSTRUCTIONISM.

Plaintiffs do not dispute that the TOUR seeks leave to amend based on discovery belatedly produced by LIV in late December 2022, including the Shareholders' Agreement. Moving for leave to amend based on this recently produced evidence "does not cause undue delay." *Story v. Midland Funding LLC*, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016).

Plaintiffs contend that the TOUR could have sought leave to amend in August or October 2022. Opp. at 9. But this argument is "unavailing because [the TOUR] allege[s] that the new evidence"—including the Shareholders' Agreement—"supports new factual contentions." *InjuryLoans.com, LLC v. Buenrostro*, 2020 WL 1941025, at *1 (D. Nev. Apr. 22, 2020). Any delay lies with Plaintiffs. During the August status conference, counsel for Plaintiffs/PIF told the Court that discovery from PIF would "come together swimmingly." Dkt. 238 (TOUR's Motion for Leave to Amend) at 4. Despite Plaintiffs' representation to the Court, and even after accepting service of the TOUR's subpoenas, PIF and Mr. Al-Rumayyan stonewalled discovery based on personal jurisdiction and sovereign immunity defenses that Judge van Keulen recently addressed.

## V.  THE TOUR'S MOTION WAS BROUGHT IN GOOD FAITH.

On the last factor, Plaintiffs claim that the TOUR's "motive is to delay" because Judge van Keulen addressed "every issue raised" in the current motion. Opp. at 10. Not so. The prior discovery motions did not address PIF and Mr. Al-Rumayyan's status as parties. Nor is the TOUR "using [its counterclaim] to delay trial on Plaintiffs' antitrust claims." *Id.* PIF and Mr. Al-Rumayyan have unique information relevant to the TOUR's counterclaim and Plaintiffs' claims. Accordingly, the TOUR's current motion seeks to expeditiously prosecute the TOUR's counterclaim by joining PIF and Mr. Al-Rumayyan as critical parties to this litigation.

## VI.  CONCLUSION

The TOUR's Motion for Leave to Amend should be granted.

| | | |
|---|---|---|
| Dated: February 13, 2023 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ Elliot R. Peters |
| | | ELLIOT R. PETERS |
| | | DAVID SILBERT |
| | | R. ADAM LAURIDSEN |
| | | NICHOLAS S. GOLDBERG |
| | | SOPHIE HOOD |
| | | |
| | | Attorneys for Defendant and Counter-Claimant |
| | | PGA TOUR, INC. |
| | | |
| | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | | |
| | | ANTHONY J. DREYER |
| | | PATRICK FITZGERALD |
| | | KAREN M. LENT |
| | | MATTHEW M. MARTINO |
| | | |
| | | Attorneys for Defendant and Counter-Claimant |
| | | PGA TOUR, INC. |