RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br> **PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF JOINT STATEMENT REGARDING REQUEST FOR CASE MANAGEMENT CONFERENCE** |

Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the parties' joint request for a case management conference.  Dkt. No. 254.

The joint request sets out the parties' positions on trial schedule and other administrative matters.  A party seeking to seal in these circumstances "need only satisfy the less exacting 'good cause' standard" of Rule 26(c)(1) that "protect[s] a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see, e.g.*, *Int'l Swimming League, Ltd. v. Federation Internationale de Natation*, 2021 WL 624172, at *1 (N.D. Cal. Jan. 19, 2021) (applying good cause standard for sealing case management statement); *Grace v. Apple, Inc.*, 2018 WL 11319050, at **1-2 (N.D. Cal. Aug. 17, 2018) (same); *see also Kumandan v. Google LLC*, 2022 WL 1501017, at *1 (N.D. Cal. May 12, 2022) (Freeman, J.) (applying good cause standard to "motion regarding the case schedule").  A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule.  *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Good cause to seal exists.  As explained in the declaration of John Loffhagen, the joint request describes the Shareholder Agreement, which discloses highly confidential information about corporate governance, internal decision making processes, and limitations on its business conduct.  Loffhagen Decl. ¶ 2.  It also describes LIV's investors' involvement in LIV's operations and internal decision making .  *Id.* ¶ 3.  Disclosure of this information would harm LIV, including by deterring outside funders and business partners, changing the terms that those outside funders demand, deterring potential business partners from entering into negotiations with LIV, and allowing competitors to exploit the information for competitive gain, for example, by attempting to influence LIV Golf's investors or taking advantage of limitations on LIV Golf's decision-making powers.  *Id*. ¶¶ 2-3.  Such material is frequently sealed even under the "compelling reasons" standard.  *See, e.g.*, *Pinnacle Ventures LLC v. Bertelsmann Educ. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (sealing "internal governance procedures and corporate details"); *F.T.C. v. Qualcomm Inc.*, 2018 WL 6575838, at *2 (N.D. Cal. Dec. 13, 2018) (sealing "internal discussions" about "business structure")  The sealing

is narrowly tailored because the majority of the joint request is not redacted.

LIV respectfully requests that the Court order that these materials remain sealed.

| Document | Reason(s) for Sealing |
|---|---|
| Joint Request for a Case Management Conference at lines 6:10-17 | Contains confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise model in the future, and obtain future business. |
| Joint Request for a Case Management Conference at lines 6:18-19 | Contains confidential information regarding participation of LIV's investors in LIV's internal decision-making, disclosure of which would harm LIV by allowing competitors to exploit the information, deterring potential business partners, and reducing opportunities for outside funding. |

DATED:  February 13, 2023

Respectfully submitted,

/s/ Rachel S. Brass
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:     415.393.8200
Facsimile:     415.393.8306

COUNSEL FOR PLAINTIFF LIV GOLF, INC.