1  RACHEL S. BRASS, SBN 219301
      rbrass@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
3  San Francisco, California 94105-0921
   Telephone: 415.393.8200
4  Facsimile:  415.393.8306

5  ROBERT C. WALTERS, *pro hac vice*
      rwalters@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   2001 Ross Avenue, Suite 2100
7  Dallas, Texas 75201-2911
   Telephone: 214.698.3100
8  Facsimile:  650.801.5100

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. CASE NO. 5:22-cv-04486-BLF <br><br> **DECLARATION OF JOHN LOFFHAGEN IN SUPPORT OF SEALING PORTIONS OF JOINT STATEMENT REGARDING REQUEST FOR CASE MANAGEMENT CONFERENCE** |

I, John Loffhagen, hereby declare and state:

1.     I am the Chief Legal Officer of LIV Golf. I am authorized by LIV to make this statement in support of sealing portions of the joint request for a case management conference. Dkt. No. 254. I make the statements in this declaration based on personal knowledge, personal experience, and personal participation in communications with business associates. If called and sworn as a witness, I could and would testify to the facts stated in this declaration.

2.     Lines 6:10-17 of the Joint Statement Regarding Request for Case Management Conference quote and describe the contents of a Shareholder Agreement that sets out LIV's investor rights and corporate governance. Dkt. 255. As I previously explained in connection with the quoted materials (Dkt. No. 222-1), the contents of the Shareholder Agreement are highly confidential and significant harm to LIV would result from their disclosure. Disclosure of the contents of the Shareholder Agreement would harm LIV, *inter alia*, by prejudicing LIV's ability to obtain outside funding. The current investment structure gives certain investors rights that may deter outside funders or change the terms that those funders demand. If those funders decide to invest, they may demand changes to LIV's investor rights or demand equivalent rights as those disclosed. Outside business partners may also be influenced. For example, if LIV decides to enter a franchise model, potential franchisees may change the terms they require in light of the investor rights disclosed.

3.     Lines 6:18-19 of the Joint Statement Regarding Request for Case Management Conference describe LIV investors' high level involvement in LIV operations and internal decision-making. Dkt. 255. As I previously explained in connection with the cited materials (Dkt. No. 260-1), disclosure of this information would harm LIV. Competitors may exploit this information, for example, by seeking to influence LIV's investors. Disclosure would also harm LIV by (incorrectly) suggesting that LIV lacks authority to negotiate certain matters. Potential business partners may be deterred from entering into negotiations with LIV if they believe that LIV requires investor consent to make decisions on certain issues. As with the Shareholder Agreement, disclosure may also deter outside funders if they believe that LIV's present investors have a more active role in its operations.

4.     The following table summarizes that harm that could result from disclosure:

| Document | Reason(s) for Sealing |
|---|---|
| Joint Request for a Case Management Conference Dkt. No. 255 at lines 6:10-17 | Contains confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise model in the future, and obtain future business. |
| Joint Request for a Case Management Conference Dkt. No. 255 at lines 6:18-19 | Contains confidential information participation of LIV's investors in LIV's internal decision-making, disclosure of which would harm LIV by allowing competitors to exploit the information, deterring potential business partners, and reducing opportunities for outside funding. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 10 February 2023, 2023.

DocuSigned by:

John Loffhagen
B047E35ED1C1478...

John Loffhagen