QUINN EMANUEL URQUHART & SULLIVAN LLP
JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN F. BASH, *pro hac vice*
  johnbash@quinnemanuel.com
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

*Attorneys for Non-Parties The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan*

WHITE & CASE LLP
Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
  kim.havlin@whitecase.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br> **ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMIT RE OBJECTIONS TO MAGISTRATE JUDGE ORDER** <br><br> Judge:  Hon. Beth Labson Freeman <br><br> Date Filed:  August 3, 2022 <br><br> Trial Date:  January 8, 2024 |

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-11, non-parties the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") respectfully request leave to increase the page limit for objections to the Magistrate Judge's February 9, 2023 Order (the "Order") under Civil Local Rule 72 and Section IV.A.1 of this Court's Standing Order to 25 pages.[1] Magistrate Judge van Keulen has issued a 58-page order on the motion to compel subpoena compliance by the PGA Tour, Inc. (the "Tour") and corresponding motion to quash by PIF and HE. Dkt. No. 265. The Order addresses significant issues of sovereign immunity, international comity, and jurisdiction of U.S. courts in a novel context. Many of these issues require de novo review by this Court under Federal Rule of Civil Procedure 72(b), and all issues raise legal questions requiring independent review by this Court. To properly address these issues and the full scope of the Order, PIF and HE respectfully request leave from the Court to increase the page limit for their objections to 25 pages.

## II. ARGUMENT

The Tour seeks discovery of PIF—the sovereign wealth fund of the Kingdom of Saudi Arabia and an integral part of its government—and HE—its governor and a minister in the Kingdom of Saudi Arabia. Dkt. No. 166-4 ¶¶ 2-4. The Tour filed a motion to compel subpoena compliance. Dkt. No. 166-1 ¶¶ 2-9. PIF and HE moved to quash. Dkt. No. 166. Magistrate Judge van Keulen considered six briefs on these topics and issued a 58-page opinion on the issues. Dkt. No. 265, at 6-7. The Order addresses sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA"), including two clauses of the commercial activity exception and the waiver exception, *id.* at 10-27; common law official immunity, *id.* at 27-33; personal jurisdiction, *id.* at 33-45; international comity and foreign law, *id.* at 39-44; and various Rule 45 issues. *Id.* at 46-58.

---

[1] PIF and HE file this motion for the limited purpose of contesting jurisdiction without waiving any claim or defense and reserve all rights.

PIF and HE respectfully intend to seek review of the Order. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636. Although PIF and HE intend to be concise and raise only their strongest arguments, the sheer number of significant legal issues requires an increased number of pages than those provided by Civil Local Rule 72 (five pages for nondispositive matters) and this Court's Standing Order (ten pages for dispositive matters). Good cause to increase page limits exists.

*First*, the Order raises legal issues that require de novo review by this Court as a "pretrial matter dispositive of a claim or defense," including sovereign immunity under the FSIA and common law immunity, of these third parties as to the discovery sought. Fed. R. Civ. P. 72(b)(3). "De novo review means the Court must consider the matter anew, as if no decision previously has been rendered, and come to its own conclusion about those portions of the magistrate judge's recommendation to which objection is made." *Int'l Petroleum Prods. & Additives Co., Inc. v. Black Gold S.A.R.L.*, 2021 WL 8154891, at *1 (N.D. Cal. Dec. 7, 2021). Even under the nondispositive matter standard, the Order is reviewed for being "clearly erroneous or . . . contrary to the law," Fed. R. Civ. P. 72(a), such that "the magistrate's legal conclusions are reviewed de novo." *Equal Employ. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (Freeman, J.). Accordingly, PIF's and HE's legal challenges will require independent review by this Court. PIF and HE respectfully submit that this review will be assisted by full briefing on the merits.

*Second*, the sheer volume of evidence and argument submitted in connection with the Order—as well as the length of the Order itself—cannot meaningfully be addressed in five or ten pages. Among other issues, the Order addresses multiple FSIA exceptions and analyzes alternative grounds for the commercial activity exception. *See* Dkt. No. 265, at 11-24. To obtain meaningful review of this portion of the Order, PIF and HE must address the alternative grounds and factual findings. The length of the Order, the volume of evidence, and the alternative grounds for the sovereign immunity conclusions all provide good cause to exceed the five-to-ten page limitation.

*Third*, the Order raises issues that were not briefed by the parties and presents an analysis that differed from the Tour's arguments. Among other things, the Order (i) evaluates whether PIF's alleged actions are "essential" to the claims and counterclaims; (ii) cites cases on common-law immunity that the Tour did not rely on; (iii) incorrectly states that PIF and HE conceded that

authorizing PIF to file a lawsuit would amount to a waiver; (iv) concludes in the alternative that certain grounds for overcoming sovereign immunity would require jurisdictional discovery; and (v) determines that it is relevant that Saudi Arabia has not expressed an interest in the outcome of the dispute. In addition, the direct-effect prong of the commercial activity exception was one of numerous issues discussed in the parties' briefs, but it is the principal basis for the Order's FSIA conclusion. Additional pages are necessary to address these new aspects of the Order.

*Fourth*, the Tour will not be prejudiced from an increased number of pages. Under the dispositive matter standard, even the unobjected-to portions of the Order will be reviewed for clear error. *Int'l Petroleum Prods. & Additives*, 2021 WL 8154891, at *1. The main effect of increased page limits is that the Court will review the Order with the benefit of briefing on the merits. PIF and HE do not intend to raise any issues they would not raise in a shorter brief and do not object to a corresponding page increase for the Tour. The Tour has objected on the ground that the matters "have already been extensively briefed." Teruya Decl. ¶ 2. But that fails to account for the new findings (described above) in the Order or the proper standard of review. Accordingly, no prejudice to the Tour will result from increasing the number of pages for PIF's and HE's objections to the Order to twenty-five pages.

## III. CONCLUSION

For the foregoing reasons, PIF and HE respectfully request leave to file objections to Magistrate Judge Order in excess of the five and ten page limits provided by Civil Local Rule 72 and this Court's Standing Order and up to 25 pages.

DATED: February 15, 2023                             Respectfully submitted,

                                                By:    */s/ Kevin Teruya*

JOHN B. QUINN, SBN 90378
   johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
   dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
   kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443-3000

JOHN F. BASH
   johnbash@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100

ROBERT P. FELDMAN, SBN 69602
   bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801-5100

**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Non-Parties The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

Executed on February 15, 2023.

/s____Kevin Teruya_____
Kevin Teruya