QUINN EMANUEL URQUHART & SULLIVAN LLP
JOHN B. QUINN, SBN 90378
johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

*Attorneys for Plaintiffs LIV Golf, Inc., Matt Jones, Bryson DeChambeau, and Peter Uihlein*

RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

ROBERT C. WALTERS, *pro hac vice*
rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC.,

Plaintiffs,

v.

PGA TOUR, INC.,

Defendant and Counter-Plaintiff,

v.

LIV GOLF INC.,

Counter-Defendant.

CASE NO. 5:22-cv-04486-BLF

**ADMINISTRATIVE MOTION TO SEAL AND JOINT STATEMENT REGARDING SEALING PORTIONS OF ORDER AT DOCKET NUMBER 265**

Pursuant to the Court's Redaction Order (Dkt. No. 266) and Civil Local Rule 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") respectfully moves the Court to redact portions of the Court's February 9, 2023 Order on (1) Motion of PGA Tour, Inc. to Compel Compliance With Subpoenas to Third Parties Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan[] . . . ; (2) Motion of Third Parties Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Al-Rumayyan's Motion to Quash Subpoenas; and (3) Administrative Motions for Leave to Supplement Motion to Compel and Motion to Quash (the "Order"). Dkt. No. 265.

Defendant the PGA Tour, Inc. (the "TOUR") objects to many of LIV's proposed redactions. To ensure efficient resolution of the dispute, the parties hereby provide the following joint statement pursuant to Paragraphs 8 and 14 of this Court's Civil and Discovery Referral Matters Standing Order stating their respective positions on sealing. LIV further provides the declaration of John Loffhagen as evidentiary support for its position under Civil Local Rule 79-5(c)(2). A chart setting forth LIV's and the TOUR's position on the proposed redactions is attached as **Exhibit A** to this motion and joint statement. LIV's proposed redactions are attached as **Exhibit B**.

## I. LIV'S POSITION

Portions of the Order should be redacted under the "good cause" standard—which the parties agree applies in this instance—because disclosure of specific information from confidential documents would cause competitive harm to LIV. Any public interest in the confidential information described in the Order (which is greatly reduced in this procedural posture) is outweighed by the equally compelling public and private interest of permitting an antitrust plaintiff to pursue litigation without the procedural motions in that litigation becoming a source of competitive harm. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) (judicial records are not a "vehicle for improper purposes").

### A. Applicable Legal Standard

"[M]aterials attached to a discovery motion unrelated to the merits of a case" are an "exception" to the ordinary preference for public access. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). In these cases, "the private interests of litigants are 'the only weights on the scale.'" *Id.* (quoting *Kamakana v. City & County Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). A party seeking to seal these materials "need only satisfy the less exacting 'good cause'

standard" of Rule 26(c)(1) that "protect[s] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

The parties agree that the good cause standard applies here. The Tour nonetheless claims that a "presumption of public access" applies based on out-of-circuit case law. *Kamakana* expressly states this case is "an exception to the presumption of access to judicial records." 447 F.3d at 1179. "There is no tradition of public access to discovery" and "requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Center for Auto Safety*, 809 F.3d at 1097 (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)). The Tour does not seek to unseal the exhibits cited in the Order. The same standard should govern the redactions in the Order. *See Philips*, 307 F.3d at 1213 ("Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders [under Rule 26(c)].").

**A. Argument**

LIV seeks to seal five categories of information. Disclosure of this information would cause competitive harm to LIV and would allow this litigation to become a "vehicle for improper purposes" by the Tour. *Nixon*, 435 U.S. at 598. LIV provides competent evidence about specific harm that would result from disclosure in the Loffhagen declaration, which satisfies the "good cause" standard.

***First***, LIV seeks to redact information derived from confidential documents about LIV's formation and launch. Loffhagen Decl. ¶ 2. Disclosing this information would cause competitive harm, including by inviting speculation about LIV's business plan in the United States and deviation from its current strategy and by disclosing LIV's anticipated approach to competitors (including the Tour), which could be exploited by those entities for competitive gain (e.g., in public relations). *Id.* The Tour contends that the information is already public, but the specific details at issue are not known.

***Second***, LIV seeks redaction of confidential information about financials, including specific percentage investment and risk allocation. *Id.* ¶ 3. Financial information is consistently sealed by the courts, even under the compelling reasons standard. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727

F.3d 1214 (Fed. Cir. 2013) (reversing district court decision to unseal financial information); *see, e.g.*, *Pinnacle Ventures LLC v. Bertelsmann Edu. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.) (sealing "financial information"). Disclosure of this financial information would prejudice LIV's ability to obtain outside funding and enter into different business models, such as franchising. Loffhagen Decl. ¶ 3. The Tour contends that PIF's ownership of LIV is known, but the specifics—including the specific percentage ownership and risk allocation—are not public.

***Third***, LIV seeks to redact information derived from confidential documents about LIV's internal decision making processes, including participation of investors in those processes. *Id.* ¶ 4. The Tour contends that no specific decisions are disclosed, but the ***process*** itself warrants sealing because competitors could seek to influence LIV's investors or (incorrectly) suggest that LIV lacks authority to negotiate certain terms. *Id*. Internal decision-making is routinely sealed by the courts. *See, e.g.*, *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (sealing "internal conversations" about corporate "decision-making process"); *Ramirez v. Trans Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (sealing "discussions of internal decision-making").

***Fourth***, LIV seeks to redact information derived from confidential documents about LIV's negotiations with players, agents, and sponsors. Loffhagen Decl. ¶ 5. The Tour does not oppose. Disclosure of this information would hinder LIV's ability to negotiate with potential partners confidentially, which—given the Tour's efforts to stir up public sentiment against anyone associated with LIV—would severely prejudice its ability to enter into confidential negotiations in the first place. *Id.*; *see Apple*, 727 F.3d at 1124-25 (finding competitive harm from impact on future negotiations).

***Fifth***, LIV seeks to redact information about specific provisions of the Shareholder Agreement. Loffhagen Decl. ¶ 6. There is no question that this information is highly confidential and describes LIV's corporate governance and investor rights that would cause serious harm if disclosed. *Id*. The Tour claims that PIF's oversight over LIV is well known, but the specific issues and details related to this provision—which had been strongly disputed by the parties—is not known. *See* Dkt. Nos. 222-1, 259-1. The Tour also has no basis to speculate about what outside funders would "surely" do. LIV has standing as a party injured by disclosure. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

The public interest in understanding the litigation is satisfied because the vast majority of the

Court's opinion is not redacted, while the specific factual details here—while critically important to LIV—are not necessary to understand what the Court decided.

## II. THE TOUR'S POSITION

Most of LIV's proposed redactions are unnecessary, unsubstantiated, and inconsistent with the presumption of public access that applies to the Court's Order—an Order that is of significant public interest. The Court should reject LIV's overbroad sealing request and limit any redactions to confidential information regarding negotiations with players, agents, and sponsors.

While the "good cause" standard applies to parties' request to restrict access to discovery materials attached to non-dispositive motions, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1105 (9th Cir. 2016), the "presumption in favor of public access" is "especially strong for judicial opinions." *Doe v. Exxon Mobile Corp*., 570 F. Supp. 2d 49, 51 (D.D.C. 2008) (cleaned up); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, No. MDL 1407, 2003 WL 23867343, at *1 (W.D. Wash. Mar. 10, 2003) (the presumption of public access "applies with considerable force to opinions issued by the court"); *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995) ("Opinions are not the litigants' property. They belong to the public, which underwrites the judicial system that produces them."). The heightened presumption of public access applies with particular force to the Court's Order rejecting PIF and Mr. Al-Rumayyan's sovereign immunity and personal jurisdiction arguments. *See, e.g., In re PPA Prod. Liab. Litig.* 2003 WL 23867343 at *2 (unsealing an order denying motion to dismiss for lack of personal jurisdiction where the party seeking to restrict access provided only "a vague and conclusory assertion of the potential for prejudice.").

Here, LIV seeks to seal material falling into five categories: (1) material referencing the "Project Wedge Presentation"; (2) material describing the extent of PIF's ownership and funding of LIV; (3) internal LIV communications and "decision making processes"; (4) "negotiations with players, agents, and sponsors"; and (5) material referencing the Shareholders' Agreement. LIV has not overcome the heightened presumption of public access that applies to judicial opinions for Categories 1-3 and 5. Rather, it has provided only an insufficient "vague and conclusory assertion of the potential for prejudice" in support of sealing. *In re PPA Prod. Liab. Litig.*, 2003 WL 23867343 at *2. Accordingly, the TOUR objects to LIV's proposed redactions in categories 1-3 and 5.

***Category 1.*** LIV's proposed redaction of material referencing the Project Wedge Presentation describe LIV's formation and strategy at an extremely high level and in ways that were already disclosed in LIV's own complaint or have otherwise been widely reported upon. The Order's references to this presentation are largely limited to the fact of PIF and Mr. Al-Rumayyan's involvement in LIV's founding. But their involvement in LIV, and LIV's relationship to PIF and Saudi Arabia's Vision 2030 plan more broadly, reveal nothing about LIV's own business plans.

***Category 2***. LIV's proposed redactions at lines 13:27-14:1 and 14:14-16 describe information about PIF's funding and near complete ownership of LIV that has already been widely reported in the press. Indeed, LIV's CEO Greg Norman has publicly confirmed these details in a television interview. *See Greg Norman: PIF funding, not running, LIV Golf*, Sports Business Journal, Jan. 23, 2022, https://www.sportsbusinessjournal.com/Daily/Issues/2023/01/23/Leagues-and-Governing-Bodies/greg-norman-talks-liv-golf-fox-news.aspx. No potential competitive harm can come to LIV from the unsealing of this information, which LIV has already placed in the public domain.

***Category 3***. LIV's proposed redactions at 15:3-9 contain only a high-level summary of the Court's conclusions regarding the contents of numerous internal LIV documents. This a classic example of "only oblique descriptions of [] various non-public documents" that does not warrant sealing. *In re PPA Prod. Liab. Litig.*, 2003 WL 23867343 at *2. LIV's proposed redactions at 16:3-17 and 27:5 provide marginally more detail about the contents of those documents but, again by design, reference only the portions of those documents demonstrating the involvement of Mr. Al-Rumayyan and PIF and LIV's day-to-day affairs—a fact that is well known and not competitively sensitive. The Order's quotes from these documents reveal only that LIV engages in standard corporate practices like all-hands meetings for budgetary and operational discussions and provide no detail at all about Mr. Al-Rumayyan's actual decisions or even the nature of the decisions put to him.

***Category 5***. The Order's references to the Shareholders' Agreement that LIV seeks to redact are largely limited to high-level descriptions of the Reserved Matters schedule and certain definitions. The description of these materials is critical to rendering the Order's conclusions and reasoning intelligible to the public, and LIV has provided no plausible reason why the unsealing of these materials will cause it prejudice. Indeed, LIV is not a party to the Shareholders' Agreement, so it has

failed to establish that it has an interest in its confidentiality at all. Its assertion that disclosure of these terms will prejudice its ability to attract additional outside funding is also implausible, because any potential investor would surely insist on access to the existing Shareholders' Agreement before agreeing to invest.

Because LIV has failed to overcome the "especially strong" presumption in favor of public access for judicial opinions, and because the unsealing of the factual basis for the Court's reasoning and conclusions is particularly important to understanding the fact-intensive issues that the Order addresses, the TOUR respectfully requests that the Court deny LIV's requested redactions in Categories 1, 2, 3, and 5.

DATED: February 16, 2023

Respectfully submitted,

By: *_/s/ Kevin Teruya_*

JOHN B. QUINN, SBN 90378
johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP

555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

ROBERT C. WALTERS, *pro hac vice*
rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
*Attorneys for Plaintiffs LIV Golf, Inc., Matt Jones, Bryson DeChambeau, and Peter Uihlein*

Dated: February 16, 2023

KEKER, VAN NEST & PETERS LLP

By: /s/ *Elliot R. Peters*
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
ERIC H. MACMICHAEL
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant
PGA TOUR, INC.

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: February 16, 2023

QUINN EMANUEL URQUHART & SULLIVAN LLP

By: */s/ Kevin Teruya*
Kevin Teruya