IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br> **LIV GOLF, INC.'S [PROPOSED] ORDER SEALING PORTIONS OF ORDER ON (1) MOTION OF PGA TOUR, INC. TO COMPEL COMPLIANCE WITH SUBPOENAS TO THIRD PARTIES PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN; (2) MOTION OF THIRD PARTIES PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR AL-RUMAYYAN'S MOTION TO QUASH SUBPOENAS; AND (3) ADMINISTRATIVE MOTIONS FOR LEAVE TO SUPPLEMENT MOTION TO COMPEL AND MOTION TO QUASH** |

Pursuant to Civil Local Rule 79-5, the parties have filed a joint administrative motion to redact portions of the Order on (1) Motion of PGA Tour, Inc. to Compel Compliance With Subpoenas to Third Parties Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan; (2) Motion of Third Parties Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Al-Rumayyan's Motion to Quash Subpoenas; and (3) Administrative Motions for Leave to Supplement Motion to Compel and Motion to Quash (the "Order"). Dkt. No. 265. Plaintiff LIV Golf, Inc. ("LIV") filed a Statement and Declaration in Support of Sealing.

Based on the below reasoning, the Court orders that the following materials SHALL remain sealed or redacted:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Order | Lines 13:20-14:11, 23:11-18, 36:28-37:2, 37:28, and 38:1 | Contains confidential material about LIV's formation and plans at launch, which would cause competitive harm if disclosed, including by inviting speculation about LIV's business plan in the United States and deviation from its current strategy and disclosing LIV's anticipated approach to competitors (including the Tour), which could be exploited by those entities for competitive gain (e.g., in public relations). |
| Order | Lines 13:27-14:1 and 14:14-16 | Contains confidential material about LIV financials, including ownership and percentage investment, which would cause competitive harm if disclosed, including from prejudice to obtaining outside funding, entering a franchise model, and negotiating better deal terms. |
| Order | Lines 15:3-9, 16:3-17, and 27:5 | Contains confidential material about LIV's internal decision making processes, which would cause competitive harm if disclosed, including harm from competitors exploiting the information (e.g., by seeking to influence LIV's investors) and harm to LIV's negotiations by suggesting that LIV lacks authority to negotiate terms. |
| Order | Lines 15:11-16:2 and 36:21-24 | Contains confidential material about LIV's negotiations with players, agents, and sponsors, which would cause competitive harm if disclosed, including by exposing the negotiation partners to unwanted attention, prejudicing LIV's ability to obtain future business, and hindering its ability to negotiate confidentially, while revealing LIV's internal processes for decision making regarding |

| | | |
|---|---|---|
| | | negotiations, which could be exploited by future negotiation partners and competitors to prejudice LIV. |
| Order | Lines 25:20-25; 26:1-7, 26:9-11, and 26:17-21 | Contains highly confidential material about a Shareholder Agreement that sets out LIV's relationship with investors, which would cause competitive harm if disclosed, including by prejudicing LIV's ability to obtain outside funding, deterring or affecting terms demanded by outside funders, and deterring or affecting terms demanded by outside business partners in negotiations. |

IT IS SO ORDERED.

DATED _____          _____
                                              SUSAN VAN KEULEN
                                              United States Magistrate Judge