1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

MATT JONES, et al.,

        Plaintiffs,

   v.

PGA TOUR, INC.,

        Defendant.

Case No.  22-cv-04486-BLF

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL DOCUMENTS SUBMITTED WITH MOTION TO AMEND COUNTERCLAIM**

[Re:  ECF No. 237]

Before the Court is Defendant and Counter-Claimant PGA Tour, Inc.'s ("the TOUR") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 237.  Plaintiff and Counter-Defendant LIV Golf, Inc. ("LIV") submitted a Statement in Support of Sealing.  ECF No. 260.  LIV asks that the Court seal (1) portions of the TOUR's amended counterclaim; (2) portions of a redlined version of the TOUR's amended counter claim; (3) portions of the TOUR's memorandum in support of its motion for leave to amend its counterclaim; and (4) an exhibit the TOUR submitted in support of its motion.

For the reasons below, the Court GRANTS IN PART and DENIES IN PART the motion to seal.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

Courts have applied different standards when considering whether the grant a motion to seal materials submitted with a motion to amend the pleadings.  Some courts have held that a party seeking to seal such materials need only demonstrate "good cause" to support their sealing request.  *See, e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 1312748, at *5 (N.D. Cal. Apr. 8, 2021) ("The documents at issue in the pending motions to seal relate to Plaintiffs' nondispositive motion for leave to file a second amended complaint so the Court will apply the lower good cause standard.").  Other Courts have applied the "compelling reasons" standard.  *See E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 3471177, at *4 (N.D. Cal. Aug. 6, 2021) ("[Plaintiff's] motion for leave to amend its FAC is a nondispositive motion that is 'more than tangentially related to the merits' of this case, and therefore the 'compelling reasons' standard applies." (quoting *Ctr. for Auto Safety*, 809 F.3d at 1101)).

The Court agrees with the latter approach and analyzes the request to seal under the "compelling reasons" standard.  The Ninth Circuit has explained that the "focus" of the inquiry regarding which standard applies to a motion to seal is not whether a motion is dispositive or nondispositive, but rather "whether the motion at issue is more than tangentially related to the underlying cause of action."  *Ctr. For Auto Safety*, 809 F.3d at 1099.  The Court finds that a motion to amend the pleadings is more than tangentially related to the underlying cause of action given that the pleadings are the foundation of the lawsuit.  *C.f. Restoration Hardware, Inc. v. Sichuan Wei Li Tian Xia Network Tech. Co.*, No. 22-CV-03054-JSC, 2023 WL 1769189, at *4 (N.D. Cal. Feb. 3, 2023) (complaint is "foundation of the lawsuit").

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179

(quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; "to release trade secrets," *id.*; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1178–79. The party seeking to seal a judicial record bears the burden of "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1182 (internal quotation marks omitted). The court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097 (internal quotation marks and alterations omitted).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79–5. That rule requires, among other things, the moving party to "establish . . . that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). The request must also "be narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79–5(b). Section (d) lays out the procedural requirements for an administrative motion to seal, namely, a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," a proposed order that "lists in table format each document or portion thereof that is sought to be sealed," and an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79–5(d).

## II.   DISCUSSION

In its statement in support of the TOUR's administrative motion to seal, LIV asks the Court to seal six categories of information. The Court analyzes each category below.

First, LIV seeks to seal portions of the TOUR's proposed amended counterclaim and its motion to amend that reference the terms of certain indemnification agreements. LIV declares that disclosure of this information would harm LIV by revealing the contours of potential litigation, including the parties of the contemplated litigation and amounts offered for indemnification.

United States District Court
Northern District of California

1   Loffhagen Decl. ¶ 7.   LIV explains that counterparties in the litigation could seek to drive up

2   costs to exceed the confidential indemnification amounts disclosed in the materials sought to be

3   sealed to encourage certain parties to give up their claims.  *Id.*  The Court finds that LIV has

4   adequately shown compelling reasons to seal this information, as LIV has provided a detailed

5   explanation as to how the information may "become a vehicle for improper purposes."

6   *Kamakana*, 447 F.3d at 1179.  Accordingly, the Court GRANTS the motion to seal this

7   information.

8           Second, LIV seeks to seal portions of the proposed amended counterclaim and the motion

9   to amend that describe a Shareholder Agreement that sets out LIV's relationship with its investors,

10  including investor rights under that agreement.  LIV declares that disclosure of the information

11  would harm LIV by prejudicing LIV's ability to obtain outside funding, explaining that is current

12  investment structure gives certain investors rights that may deter outside funders or change the

13  terms that those funders demand.  Loffhagen Decl. ¶ 3.  The Court finds that LIV has

14  demonstrated compelling reasons to seal this information as LIV has explained how the disclosure

15  of these confidential terms of its Shareholder Agreement would harm LIV's competitive standing.

16  *See Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D.

17  Cal. Jan. 3, 2019) (finding compelling reasons to seal "to the extent that the instant motion seeks

18  to seal information that, if published, may harm [a party's] competitive standing and divulges

19  terms of confidential contracts").  Accordingly, the Court GRANTS the motion to seal this

20  information.

21          Third, LIV seeks to seal a portion of the proposed amended counterclaim that "describes

22  LIV's relationship with its investors, including services certain investors provide for LIV."

23  Loffhagen Decl., ¶ 4.  LIV declares that disclosure of this information would harm LIV because

24  "[c]ompetitors may seek to influence LIV's investors to change LIV's business model or

25  functioning or to otherwise exploit this information" and "[b]usiness partners may . . . be deterred

26  from entering into agreements with LIV in anticipation of participation by or need for services

27  from LIV's investors."  *Id.*  The Court has reviewed the material LIV seeks to seal and finds that it

28  contains only a general description of services performed by one of LIVs investors.  The Court

also finds that LIV has articulated only speculative harms that may arise from the disclosure of these materials.  The Court thus finds that LIV has failed to articulate compelling reasons for sealing the materials and therefore DENIES the motion to seal these materials.  *See IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-CV-05286-PJH, 2020 WL 6544411, at *10 (N.D. Cal. Nov. 6, 2020) (explaining that "mere possibility [of misuse of information], without more factual explanation substantiating its plausibility, is insufficient to hide the information from the public record").

Fourth, LIV seeks to seal portions of the proposed amended counterclaim and the motion to amend that it asserts "describe LIV's internal decision-making."  Loffhagen Decl. ¶ 5.  LIV declares that disclosure of the material would harm it because competitors may exploit the information to influence LIV's investors, and potential business partners may be deterred if they believe that LIV requires investor consent on certain matters.  *Id.*  The Court has reviewed the material LIV seeks to seal and finds that it describes mostly in general terms decisions in which His Excellency Yasir Al-Rumayyan ("HE") was allegedly involved.  HE's alleged control over LIV goes to the heart of the counterclaim thus rendering the public interest in access to the information especially great.  *See Tevra Brands LLC v. Bayer HealthCare LLC*, No. 19-CV-04312-BLF, 2020 WL 1245352, at *2 (N.D. Cal. Mar. 16, 2020).  In the face of this public interest in disclosure, LIV offers only speculative assertions that disclosure of this information may cause competitors to "seek[] to influence LIV's investors" or may deter future business partners.  These proffered harms are too speculative to provide compelling reasons to seal the materials LIV requests to seal.  *See IntegrityMessageBoards.com v. Facebook, Inc.*, 2020 WL 6544411, at *10. The Court thus DENIES the request to seal these materials on this basis.

Fifth, LIV seeks to seal portions of the proposed amended counterclaim and the motion to amend that it asserts "describe specific negotiations and offers to certain players, agents, sponsors, and broadcasters, including specific terms of offers."  Loffhagen Decl. ¶ 6.  LIV declares that disclosure of the information would harm it because "[o]ther, players, agent[s], sponsors, and broadcasters may demand the same or better terms."  *Id.*  LIV further declares that disclosure of the entities with whom LIV was negotiating would subject the entities to unwanted attention and

United States District Court
Northern District of California

prejudice LIV's ability to obtain future business. *Id.* The Court finds that disclosure of this material would plausibly cause LIV competitive harm by hampering its ability to negotiate future contracts and therefore warrants sealing under the "compelling reasons" standard. *See Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BAS-AGS, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (finding compelling reasons to seal where party would suffer competitive harm in future negotiations with third parties). Accordingly, the Court GRANTS the motion to seal the material that LIV contends "describe specific negotiations and offers to certain players, agents, sponsors, and broadcasters, including specific terms of offers."

Finally, LIV seeks to seal an exhibit and excerpts from the TOUR's motion to amend that discusses the exhibit. *See* Loffhagen Decl. ¶ 8. According to LIV, these materials describe LIV's recruitment of players and reveal information about player offers and LIV's recruiting strategy. *Id.* LIV declares that disclosure of this information would harm LIV by revealing LIV's constraining its bargaining power in future negotiations enabling competitors to counter LIV's recruitment strategy. *Id.* The Court finds that these competitive harms provide compelling reasons to seal the materials LIV requests to seal. *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) ("Courts have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.") Accordingly, the Court GRANTS the motion to seal these materials.

### III.    ORDER

For the foregoing reasons, the Court ORDERS redactions as outlined in the below chart. The TOUR SHALL file **with the redactions permitted below** public redacted versions of the (1) Proposed Counterclaim; (2) Proposed Counterclaim Redline; and (3) Memorandum of Law in Support of PGA Tour, Inc.'s Motion for Leave to Amend Counterclaim to Add Counter-Defend by no later than **March 3, 2023.**

| ECF No. | Document | Portion(s) Proposed to Be Sealed | Ruling |
|---|---|---|---|
| 237-1 | Exhibit A | Highlighted | GRANTED as to ¶¶ 6, 44, as the |

| | | | |
|---|---|---|---|
| | (Proposed Counterclaim) | portions at ¶¶ 6, 25, 26, 29-35, 44, 64-65 | paragraphs contain confidential information about the terms of certain indemnification agreements, disclosure of which would harm LIV by revealing the contours of potential litigation, including the parties of the contemplated litigation and amounts offered for indemnification, which could be exploited by other litigants.<br><br>GRANTED as to ¶ 25, as the paragraph contains confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise model in the future, and obtain future business.<br><br>GRANTED as to ¶¶ 31-35, as the paragraphs contain confidential information about specific negotiations and offers to certain players, agents, sponsors, and broadcasters, including specific terms of offers, the disclosure of which would cause competitive harm to LIV, including by constraining its ability to negotiate different terms, inviting speculation about why certain entities decided to do business (or not) with LIV, prejudicing LIV's ability to obtain future business, and constraining LIV's ability to pursue confidential negotiations.<br><br>DENIED as to ¶¶ 26, 29-30, 64-65 as LIV has not provided compelling reasons to seal in the information. |
| 237-2 | Exhibit B (Proposed Counterclaim Redline) | Highlighted portions at ¶¶ 6, 25, 26, 29-35, 44 64-65 | GRANTED as to ¶¶ 6, 44, as the paragraphs contain confidential information about the terms of certain indemnification agreements, disclosure of which would harm LIV by revealing the contours of potential litigation, including the parties of the contemplated litigation and amounts offered for indemnification, which could be exploited by other litigants.<br><br>GRANTED as to ¶ 25, as the paragraph contains confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise model in the future, and obtain future business.<br><br>GRANTED as to ¶¶ 31-35, as the paragraphs contain confidential information |

United States District Court
Northern District of California

| | | | about specific negotiations and offers to certain players, agents, sponsors, and broadcasters, including specific terms of offers, the disclosure of which would cause competitive harm to LIV, including by constraining its ability to negotiate different terms, inviting speculation about why certain entities decided to do business (or not) with LIV, prejudicing LIV's ability to obtain future business, and constraining LIV's ability to pursue confidential negotiations.<br><br>DENIED as to ¶¶ 26, 29-30, 64-65 as LIV has not provided compelling reasons to seal in the information. |
|---|---|---|---|
| 237-3 | Exhibit C | Entire Exhibit | GRANTED, as the exhibit contains confidential information about LIV's recruitment of players, including the identities of the players, the number of offers, the structure of the offers, and the terms of the offers, including specific amounts, disclosure of which would harm LIV by constraining its ability to offer different terms, revealing its ability and willingness to pay, and allowing LIV's recruitment strategy to be exploited by competitors. |
| 237-4 | Memorandum of Law in Support of PGA Tour, Inc.'s Motion for Leave to Amend Counterclaim to Add Counter-Defend | Highlighted portions at lines 3:26-27, 5:14-16, 5:18-20, 5:23-24, 6:1, 6:3-12, 7:23-27 | GRANTED as to 3:26-27, as the excerpts contain confidential information about the terms of certain indemnification agreements, disclosure of which would harm LIV by revealing the contours of potential litigation, including the parties of the contemplated litigation and amounts offered for indemnification, which could be exploited by other litigants.<br><br>GRANTED as to 5:14-16 and 5:18-20, as the excerpts contain confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise model in the future, and obtain future business.<br><br>GRANTED as to 5:23-24, 6:1, 6:3-9 and 7:23-27, as the excerpts contain confidential information about specific negotiations and offers to certain players, agents, sponsors, and broadcasters, including specific terms of offers, disclosure which would cause competitive harm to LIV, including by constraining its ability to negotiate different terms. |

| | | | GRANTED as to 6:10-12, as the excerpts contain confidential information about LIV's recruitment of players, including the identities of the players, the number of offers, the structure of the offers, and the terms of the offers, including specific amounts, disclosure of which would harm LIV by constraining its ability to offer different terms, revealing its ability and willingness to pay, and allowing LIV's recruitment strategy to be exploited by competitors. |
|---|---|---|---|

Dated:  February 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge