United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MATT JONES, et al.,

          Plaintiffs,

v.

PGA TOUR, INC.,

          Defendant.

Case No. 22-cv-04486-BLF

**ORDER GRANTING MOTION TO AMEND COUNTERCLAIM**

[Re: ECF No. 238]

Before the Court is Defendant Counter-Claimant PGA Tour, Inc.'s ("the TOUR") Motion for Leave to Amend Counterclaim to Add Counter-Defendants. Mot., ECF No. 238. The TOUR's original counterclaim alleged that Plaintiff Counter-Defendant LIV Golf, Inc. ("LIV") tortiously interfered with TOUR contracts. *See* Ans. & Countercl., ECF No. 108. The TOUR seeks to add the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") as counter-defendants to this counterclaim. *See* Mot. 1. LIV opposes. *See* Opp'n, ECF No. 257.

Pursuant to Civil Local Rule 7-1(b), the Court finds that the TOUR's motion is appropriate for determination without oral argument. Based on the below reasoning, the Court GRANTS the motion.

**I.  BACKGROUND**

On August 8, 2022, golfers Phil Mickelson, Talor Gooch, Hudson Swafford, Matt Jones, Bryson DeChambeau, Abraham Ancer, Carlos Ortiz, Ian Poulter, Pat Perez, Jason Kokrak, and Peter Uihlein filed a complaint against the TOUR for alleged antitrust violations and breaches of contract. Compl., ECF No. 1. The golfers also sought a declaratory judgment that their suspensions from TOUR tournaments violated their right to fair procedure under California and

1  Florida law. *Id.*

2  On August 26, 2022, Plaintiffs filed an amended complaint. FAC, ECF No. 83. Among
3  other changes, the amended complaint added LIV as a plaintiff in the matter and no longer named
4  several of the original golfers as plaintiffs. *Id.*

5  On September 28, 2022, the TOUR filed an answer to the FAC and asserted one
6  counterclaim against LIV for tortious interference with contract. Ans. & Countercl. The TOUR
7  now seeks to amend its counterclaim to add PIF and HE counter-defendants. Mot. 1.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III. DISCUSSION

The TOUR seeks to amend its counterclaim against LIV for tortious interference of contract to add PIF and HE as counter-defendants. The TOUR argues that the first three *Foman* factors favor granting its motion because the TOUR brings the motion based on information recently received in discovery; the TOUR did not bring the motion in bad faith or with dilatory motive; and this is the TOUR's first proposed amendment to its counterclaim. Mot. 10. As to the fourth *Foman* factor, the TOUR argues that PIF and HE will not be prejudiced by the amendment because documents show they were involved in the alleged tortious conduct, PIF and HE are represented by the same attorneys as LIV, and PIF and HE will need to participate in discovery in the case regardless of whether they are named as counter-defendants. *Id.* at 7-9. The TOUR

2

further argues that LIV cannot claim prejudice because any delay in the schedule was caused by LIV's belated production of documents showing PIF and HE's roles in the alleged tortious conduct. *Id.* at 9. As to the final *Foman* factor, the TOUR argues that amendment is not futile because the allegations in the proposed amendment are sufficient to state a claim for tortious interference against PIF and HE. *Id.* at 9-10.

LIV opposes the TOUR's motion to amend. LIV's primary argument is that the TOUR's proposed amendment would be futile and therefore does not satisfy the fifth *Foman* factor. According to LIV, the proposed amendment would be futile because the TOUR has not alleged the independently wrongful conduct necessary to support a claim for tortious interference with an at-will contract and the amendment targets First Amendment protected conduct. As to the other *Foman* factors, LIV argues that the TOUR unduly delayed because it has been claiming that PIF and HE were key decision makers for LIV since August 2022; the TOUR filed its motion with the dilatory motive of delaying trial; and both the player plaintiffs and LIV would be prejudiced by delays that would arise from allowing the proposed amendment.

*Foman* Factor 1 (Undue Delay): The TOUR has not unduly delayed in bringing its motion to amend. "The undue delay inquiry focuses on whether the plaintiff knew of the facts or legal bases for the amendments at the time the operative pleading was filed and nevertheless failed to act promptly to add them to the pleadings." *McFall v. Stacy & Witbeck, Inc.*, No. 14-CV-04150-JSC, 2016 WL 2851589, at *3 (N.D. Cal. May 16, 2016). The TOUR contends that LIV's recent production of a Subscription and Shareholders' Agreement and other documents revealed new facts about PIF and HE's relationships with LIV that support adding PIF and HE as counter-defendants to the TOUR's tortious interference claim. Mot. 5; *see also* Reply 5, ECF No. 271. There is no undue delay where, as here, a party seeks to amend its claim based on new information received during discovery. *Story v. Midland Funding LLC*, No. 3:15-CV-0194-AC, 2016 WL 5868077, *4 (D. Or. Oct. 7, 2016).

LIV's identification of several remarks the TOUR made earlier in the case stating its belief that PIF and HE were key decision makers for LIV does not undermine the Court's conclusion. LIV does not dispute that the documents upon which the TOUR relies to support its motion were

3

produced in late December.  Although the TOUR's earlier remarks suggest that the TOUR suspected PIF and HE had some involvement with the allegedly tortious conduct, the Court declines find the TOUR unduly delayed by postponing filing its motion to amend until after it received allegedly substantiating evidence.  *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 669 (D. Colo. 2001) (no undue delay in adding misrepresentation claims where party "postpones seeking leave to amend . . . until the identities of the people involved are disclosed or become known.").

Accordingly, the Court finds that the first *Foman* factor favors granting leave to amend.

*Foman* Factor 2 (Bad Faith or Dilatory Motive):  The Court finds no bad faith or dilatory motive underlying the TOUR's motion to amend.  LIV argues that the TOUR's amendment is an attempt to "delay the trial by dragging in parties subject to complex sovereign immunity and jurisdictional defenses based on meritless allegations."  Opp'n 10.  While a party may exhibit bad faith by seeking to amend "to prolong the litigation by adding new but baseless legal theories," *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999), the Court cannot reasonably infer from the purported complexity of issues raised by adding PIF and HE as parties that a trial delay may occur or that the TOUR seeks to file an amended pleading to prompt delay, *see Amiri v. Bay Harbour Care Home*, No. 15-CV-03994-JSC, 2018 WL 783929, at *6 (N.D. Cal. Feb. 7, 2018) (finding no bad faith where permitting a counterclaim would possibly delay trial that was two months away because "there [was] no evidence that Defendants brought the motion for this purpose").

Accordingly, the Court finds that the second *Foman* factor favors granting leave to amend.

*Foman* Factor 3 (Repeated Failure to Cure Deficiencies by Amendment):  This is the TOUR's first motion to amend its counterclaim.  There is therefore no history of repeated failures cure deficiencies by amendment.  The third *Foman* factor favors granting leave to amend.

*Foman* Factor 4 (Undue Prejudice to Opposing Party):  The Court finds no undue prejudice to Plaintiffs that would warrant denying the TOUR's motion to amend.  "The undue prejudice which a court must guard against is that prejudice which would cause a party undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party."

*Braun v. Norton*, No. C-05-03777-MJJ, 2006 WL 8459605 (N.D. Cal. Jan. 27, 2006). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). LIV does not argue that the TOUR's proposed amendment would cause it undue difficulty in prosecuting its case or that the TOUR has changed tactics or theories.

LIV argues instead that granting leave to amend would harm both the Player Plaintiffs and LIV by potentially delaying resolution of the case. According to LIV, this potential delay could harm the Player Plaintiffs by preventing them from being able to earn a living in their chosen profession during the prime of their careers, and it could harm LIV by allowing the TOUR's alleged anticompetitive conduct to continue during the pendency of the case. Opp'n 8-9. While the Court is sensitive to the golfers' need to earn a living during the pendency of the case, LIV has not identified how allowing the proposed amendment would cause any of the Plaintiffs undue difficulty in prosecuting their case. Moreover, LIV's speculation that adding PIF and HE to the TOUR's existing counterclaim will delay resolution of the case does not demonstrate undue prejudice. *See Weigele v. FedEx Ground Package Sys., Inc.*, No. 06-CV-1330-JLS POR, 2010 WL 3069213, at *2 (S.D. Cal. Aug. 4, 2010) ("Nor is Defendant's speculative assertion that amendment would delay trial sufficient to suggest or demonstrate undue prejudice."). Any delay LIV attributes to this amended pleading is not likely to outlast the delay caused by the subpoena dispute over PIF and HE discovery and LIV's anticipated motion seeking review of Judge van Keulen's order. *See* ECF Nos. 265, 273.

Accordingly, the Court finds that the fourth *Foman* factor favors granting leave to amend.

<u>*Foman* Factor 5 (Futility of Amendment)</u>: The Court also finds that LIV has failed to meet its heavy burden of proving futility of amendment. "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, *see Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), such issues are often more appropriately raised in a motion to dismiss rather than in an

5

1  opposition to a motion for leave to amend. *SAES Getters S.p.A v. Aeronex, Inc.*, 219 F. Supp. 2d
2  1081, 1086 (S.D. Cal. 2002) (internal citation omitted).
3        The Court cannot say at this stage that there is no set of facts that can be proved under the
4  amendment that would constitute a valid claim or defense. *See Microsoft Corp. v. Hon Hai*
5  *Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 836712, at *14 (N.D. Cal. Feb. 20,
6  2020). LIV argues that the TOUR's amendment is futile because the TOUR has not adequately
7  alleged "independently wrongful conduct" and the proposed amendment targets First Amendment
8  protected conduct. Opp'n 5-6. But the TOUR has presented a colorable argument that it need not
9  allege "independently wrongful conduct" to support its claim. *See* Reply 2-3. Moreover, the
10 TOUR has alleged what it contends to be independently wrongful conduct, including that PIF and
11 HE recruited players to induce the breaches of other TOUR contracts. *See* Reply 4. And as to
12 First Amendment protected conduct, the TOUR has identified what it argues is unprotected
13 conduct that underlies its claim. Specifically, the TOUR alleges that LIV, PIF, and HE "insist[ed]
14 that players remain with the TOUR while inducing such players to knowingly breach TOUR
15 provisions governing media rights and conflicting event obligations." Reply 4-5. The Court
16 cannot say it this stage that the TOUR has failed to present at least a colorable claim that would
17 benefit from the more fulsome briefing of a motion to dismiss. *See Morand-Doxzon v. Delaware*
18 *N. Companies Sportservice, Inc.*, No. 20-CV-1258 DMS (BLM), 2021 WL 831263, at *4 (S.D.
19 Cal. Mar. 4, 2021) ("Case law indicates that where there is a colorable claim, courts must grant
20 leave to amend." (citing *DCD Programs*, 833 F.2d at 188)).
21       Accordingly, the Court finds that the fifth *Foman* factor favors granting leave to amend.
22                             *      *      *
23       The Court finds that each of the *Foman* factors favors granting the TOUR's request. The
24 Court therefore GRANTS the TOUR's Motion for Leave to Amend Counterclaim to Add Counter-
25 Defendants.
26 //
27 //
28 //

IV. **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The TOUR's Motion for Leave to Amend Counterclaim to Add Counter-Defendants is GRANTED; and

2. The TOUR shall file the amended counterclaim with redactions permitted by this Court's order regarding ECF No. 237 by March 3, 2023.

Dated:  February 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge