QUINN EMANUEL URQUHART & SULLIVAN LLP
JOHN B. QUINN, SBN 90378
 johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
 dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
 kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN F. BASH, *pro hac vice*
 johnbash@quinnemanuel.com
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100

ROBERT P. FELDMAN, SBN 69602
 bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

*Attorneys for Non-Parties The Public Investment Fund*
 *of the Kingdom of Saudi Arabia and His Excellency*
 *Yasir O. Al-Rumayyan*

**WHITE & CASE** LLP
Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
 kim.havlin@whitecase.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br>                         Plaintiffs, <br><br>        v. <br><br> PGA TOUR, INC., <br><br>                         Defendant and <br>                         Counter- <br>                         Plaintiff, <br><br>        v. <br><br> LIV GOLF INC., <br><br>                         Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br> ***EX PARTE* MOTION FOR FIRST EXTENSION OF TIME RELATING TO OBJECTIONS TO MAGISTRATE JUDGE ORDER** <br><br> Judge:        Hon. Beth Labson Freeman <br><br> Date Filed:   August 3, 2022 <br><br> Trial Date:   January 8, 2024 |

1    Pursuant to Civil Local Rule 6-3 and 7-10 and Federal Rule of Civil Procedure 6, the Public

2    Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-

3    Rumayyan ("HE") respectfully move *ex parte* for a seven-day extension of time—until Thursday,

4    March 2, 2023—by which PIF and HE may file Civil Local Rule 72 objections to the Magistrate

5    Judge's February 9, 2023 Order (Dkt. 265, the "Order").[1]

6    PIF and HE file this motion on an *ex parte* basis under Federal Rule of Civil Procedure 6(b)

7    because the Court issued an order permitting the Tour to add PIF and HE as counterclaim-defendants

8    on February 21, 2023—two days before the objections are due.  Dkt. 280.  Following this very recent

9    development—if there is in fact an amendment and it is served under 28 USC 1608 (b)–the Rule 45

10   subpoena that was the subject of the Magistrate Judge's ruling may be superseded and moot.  Further

11   different motions may be filed.  These changed circumstances could also implicate the arguments

12   and motions pending before the Court.  For the sake of judicial efficiency and avoiding duplicative

13   consideration of such issues, good cause exists to extend the deadline.  *See Carson v. Roper*, No. C-

14   89-0162 DLJ, 1994 WL 62100, at *5 (N.D. Cal. Feb. 11, 1994) (recognizing that pursuant to Fed.

15   R. Civ. P. 6(b), "[c]ourts routinely grant ex parte motions for extension of time where the supporting

16   affidavit shows good cause"); *Phoenix Books, Inc. v. Mr Bongo Worldwide Ltd.*, 2019 WL 8137721,

17   at *2 (C.D. Cal. Dec. 17, 2019) (cleaned up) ("Filing an *ex parte* application 'is justified . . . when .

18   . . the party seeks a routine procedural order that cannot be obtained through a regularly noticed

19   motion . . . .'").   The Tour declined to stipulate to this extension request.  Teruya Decl. ¶ 4.

20   **I.      BACKGROUND**

21   Under Federal Rule of Civil Procedure 72 and Civil Local Rule 72, a party has fourteen days

22   from service of the decision to file objections for both dispositive and nondispositive matters.  PIF

23   and HE's objections to the Order are presently due on February 23, 2023.

24

25

---

26   [1]  PIF and HE file this request for this limited purpose without waiving any claim or defense and

27   reserve all rights.

28

On February 21, 2023, the Court granted Defendant PGA Tour, Inc.'s Motion for Leave to Amend Counterclaim, Dkt. 280, which Amended Counterclaim includes PIF and HE as counter-defendants.  Dkt. 238.  The Amended Counterclaim has not been filed or served under 28 USC §1608(b).  On February 24, 2023, this Court will hold a Case Management Conference.  Dkt. 261.

One of the principal issues addressed in the Magistrate's Order is whether the Foreign Sovereign Immunities Act's commercial activity exception applies to all or part of a subpoena to PIF, such that PIF is (or is not) immune from the same.  *See, e.g.*, Order 11:22-24:16.  The exception applies under the Act if a claim is "based upon a commercial activity carried on in the United States." 28 U.S.C. § 1605(a)(2).  And "an action is 'based upon' the 'particular conduct' that constitutes the 'gravamen' of the suit."  *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 35, 136 S. Ct. 390, 396 (2015) (citation omitted).  Accordingly, the Order analyzes the Tour's original counterclaim to determine the "gravamen" of that suit and whether PIF's conduct constituted the same.  *See, e.g.*, Order 23:19-26 (analyzing the allegations of the Tour's original counterclaim).

Once the Amended Counterclaim is filed and served, counsel for the PIF and HE will assess to determine if similar grounds would support a motion to dismiss the amended counterclaim including, e.g., on immunity, international comity, and lack of personal jurisdiction, in addition to other grounds which require an analysis of any new allegations by the Tour.[2]

## II.   ARGUMENT

In light of the Court's order permitting the Tour to amend their Counterclaim, PIF and HE seek this *ex parte* extension of time for good cause.

*First*, PIF and HE believe that more time is necessary to fully assess the impact of the order permitting an amended counterclaim on their objections to the Order.  The Order's analysis rests in part on the original counterclaim.  *See Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th

---

[2]  PIF and HE reserve the right to make any and all arguments available to them in any motion to dismiss.  These are examples only and are not exhaustive, nor are they intended to waive any rights or arguments.

EX PARTE MOTION FOR FIRST EXTENSION OF TIME RELATING TO OBJECTIONS TO MAGISTRATE JUDGE ORDER
CASE NO. 5:22-CV-04486-BLF

Cir. 2015) (citation omitted) (recognizing that "an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'"). *Second*, there is a Case Management Conference in two days.  It will be beneficial for all interested parties to receive the Court's guidance on its views on how best to proceed on the objections and subsequent potential decisions (such as motions to dismiss), including in light of potentially overlapping issues of subject matter jurisdiction, service of process,  personal jurisdiction, FSIA defenses, and international comity  Given the potential for various interrelated issues, guidance from the Court at the Case Management Conference will be invaluable as the parties consider how best to proceed.

## III.     PRIOR EXTENSIONS

As required by Civil Local Rule 6-3(a)(5), PIF and HE, as subpoena recipients, state that, in response to the PGA Tour, Inc.'s request for modification of briefing schedule regarding the motion to quash and the motion to compel that is the subject of the Order, PIF and HE requested an extension of time on the same.  Dkt. 149.  The Court modified the briefing schedule by giving PIF and HE a four-day extension on their reply and the Tour a three-day extension on its reply.  Dkt. 152.  If granted, this request for extension will not impact the current case schedule.

## IV.     CONCLUSION

For these reasons, which individually and together constitute good cause, PIF and HE request a seven-day extension—until Thursday, March 2, 2023—to object to the Order.

DATED:  February 22, 2023                    Respectfully submitted,

By: _____*/s/ Kevin Teruya*_____

EX PARTE MOTION FOR FIRST EXTENSION OF TIME RELATING TO OBJECTIONS TO MAGISTRATE JUDGE ORDER
CASE NO. 5:22-CV-04486-BLF

1

2                    JOHN B. QUINN, SBN 90378
                      johnquinn@quinnemanuel.com

3                    DOMINIC SURPRENANT, SBN 165861
                      dominicsurprenant@quinnemanuel.com

4                    KEVIN TERUYA, SBN 235916
                      kevinteruya@quinnemanuel.com

5                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

6                    865 South Figueroa Street, 10th Floor
                    Los Angeles, California  90017

7                    Telephone:  213.443-3000

8                    JOHN F. BASH
                      johnbash@quinnemanuel.com

9                    QUINN EMANUEL URQUHART & SULLIVAN, LLP

10                 300 West 6th Street, Suite 2010
                   Austin, TX 78701-3901

11                 Telephone: (737) 667 6100

12                 ROBERT P. FELDMAN, SBN 69602
                   bobfeldman@quinnemanuel.com

13                 QUINN EMANUEL URQUHART & SULLIVAN, LLP
                 555 Twin Dolphin Dr., 5th Floor

14                 Redwood Shores, California  94065
                 Telephone:  650.801.5000

15                 Facsimile: 650.801-5100

16

17

18

19

20

21

22

23

24

25

26

27

28

---

4

**WHITE & CASE**LLP

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Non-Parties The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

EX PARTE MOTION FOR FIRST EXTENSION OF TIME RELATING TO OBJECTIONS TO MAGISTRATE JUDGE ORDER
CASE NO. 5:22-CV-04486-BLF

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

2    Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that

3  concurrence in the filing of the document has been obtained from each of the other signatories to

4  this document.

5

6    Executed on February 22, 2023.

7                                                              /s/  Kevin Teruya

8                                                              Kevin Teruya

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE MOTION FOR FIRST EXTENSION OF TIME RELATING TO OBJECTIONS TO MAGISTRATE JUDGE ORDER
CASE NO. 5:22-CV-04486-BLF