KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

February 23, 2023

*Via ECF*

The Honorable Beth Labson Freeman
San Jose Courthouse
280 South 1st Street
San Jose, CA 95113

      Re:    *Jones v. PGA Tour, Inc.*, Case No. 5:22-cv-04486-BLF (N.D. Cal.)

Dear Judge Freeman,

      I write on behalf of non-party Kingdom of Saudi Arabia ("Saudi Arabia") regarding the February 9, 2023 Order ("Order") of Magistrate Judge Susan Van Keulen denying the motions to quash subpoenas for documents and deposition testimony issued by defendant-counterclaim-plaintiff PGA Tours, Inc. ("the PGA") to non-parties the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and its Governor, His Excellency Yasir Othman Al-Rumayyan ("Governor Al-Rumayyan"). *See* ECF No. 265. Saudi Arabia understands that PIF and Governor Al-Rumayyan intend to challenge aspects of the Order in the context of Fed. R. Civ. P. 72 objections to the Order and, potentially – if the PGA serves an amended counterclaim adding PIF and Governor Al-Rumayyan as counterclaim-defendants – in the context of a motion to dismiss the amended counterclaim. *See* ECF No. 280 (order granting the PGA's motion to amend its counterclaim).

      Saudi Arabia has a significant interest in the issues addressed by the Order. PIF is Saudi Arabia's sovereign wealth fund, established in 1971 by Royal Decree and regulated by the Saudi Arabia's Public Investment Fund Law. While the Magistrate Judge accepted that PIF is presumptively immune from the jurisdiction of U.S. courts under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1602 *et seq.*, she nonetheless relied on the FSIA's commercial-activity exception to assert jurisdiction over PIF. *See* Order at 10-24. She also suggested that PIF would have waived its immunity under the FSIA if it authorized plaintiff-counterclaim-defendant LIV Golf Inc., a separate legal entity, to file its lawsuit against the PGA. *See id.* at 24-27. Her reasoning has broad implications for Saudi Arabia beyond the instant case.

      The Magistrate Judge further held that Governor Al-Rumayyan – who holds the rank of Minister in Saudi Arabia's government – met the threshold requirements for common-law foreign official immunity, but determined that the common law recognizes a commercial-activity

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable Beth Labson Freeman
February 23, 2023
Page 2

exception to foreign official immunity. *See id.* at 27-33. Recognition of such an exception to common-law foreign official immunity likewise has wide-ranging implications for Saudi Arabia.

Finally, the Magistrate Judge held that the Court could exercise personal jurisdiction over both PIF and Governor Al-Rumayyan. *See id.* at 33-44. In the process, she found relevant that Saudi Arabia itself had not yet expressed an interest in the outcome of the motion to quash or in the specific information sought by the subpoenas. *See id.* at 42 (claiming that PIF and Governor Al-Rumayyan "have not presented evidence that Saudi Arabia has expressed an interest in the outcome of the current dispute or, more importantly, in the secrecy of the specific information sought in the subpoenas prior to the litigation in question"). Yet at the same time, the Magistrate Judge precluded PIF and Governor Al-Rumayyan from submitting evidence of Saudi law on these issues. *See id.* at 8-9. Saudi Arabia intends to provide its views to the Court on all of these matters.

The Supreme Court "ha[s] long recognized the demands of comity in suits involving foreign states, either as parties *or* as sovereigns with a coordinate interest in the litigation," and so has directed "American courts" to "take care to demonstrate due respect . . . for any sovereign interest expressed by a foreign state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987) (emphasis added). To that end, Saudi Arabia intends to seek the Court's leave to file an amicus brief expressing its views on issues raised by the Order, including the interpretations of the commercial-activity and waiver exceptions to the FSIA; the interpretation of the scope of common-law foreign official immunity; and the weighing of Saudi Arabia's interest – including in the enforcement of Saudi Arabian law – in the personal-jurisdiction analysis.

Because PGA allegedly is amending its counterclaim to add PIF and Governor Al-Rumayyan as counterclaim-defendants, which could moot the current Rule 45 subpoenas, Saudi Arabia seeks guidance from the Court on whether to seek leave to file its amicus brief in connection with the Court's review of the Rule 72 objections to the Order or in connection with the future motion to dismiss that may be filed by PIF and Governor Al-Rumayyan. Saudi Arabia submits that, as the Court has already recognized, "such issues are often more appropriately raised in a motion to dismiss" and "would benefit from the more fulsome briefing of a motion to dismiss." ECF No. 280 at 5.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Beth Labson Freeman
February 23, 2023
Page 3

        Respectfully submitted,

        /s/ *Minsuk Han*

        Michael K. Kellogg (*pro hac vice* forthcoming)
        Gregory G. Rapawy (*pro hac vice* forthcoming)
        Andrew C. Shen (*pro hac vice* forthcoming)
        Minsuk Han (Bar No. 314035)
        KELLOGG, HANSEN, TODD, FIGEL
          & FREDERICK, P.L.L.C.
        Sumner Square
        1615 M Street, N.W., Suite 400
        Washington, D.C. 20036-3209
        (202) 326-7900
        (202) 326-7999 (fax)

        *Counsel for the Kingdom of Saudi Arabia*

cc:    All Counsel of Record (via ECF)