**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MATT JONES, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>PGA TOUR, INC.,<br><br>    Defendant. | Case No.  22-cv-04486-BLF<br><br>**ORDER REGARDING MOTIONS TO SEAL JOINT STATEMENTS**<br><br>[Re:  ECF Nos. 180, 253, 254] |

  Before the Court are three motions to seal materials submitted with two joint requests for case management conferences.  *See* ECF Nos. 180, 253, 254.

  Defendant PGA Tour, Inc.'s (the "TOUR") motion at ECF No. 180 seeks to seal certain portions of the parties' Joint Statement Regarding Request for Case Management Conference submitted December 14, 2022 ("December Joint Statement").  Plaintiff LIV Golf, Inc. ("LIV") submitted a statement in support.  *See* ECF No. 188.

  The TOUR's motions at ECF Nos. 253 and 254 seeks to seal certain lines of the parties' Joint Statement Requesting Case Management Conference submitted February 5, 2023 ("February Joint Statement").  LIV submitted a statement in support of the request to seal materials it designated as confidential.  *See* ECF No. 272.

**I. LEGAL STANDARD**

  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").

Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.

79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The instant sealing motions are brought in connection with documents that do not relate to the merits of the case, and thus the lower "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Int'l Swimming League, Ltd. v. Federation Internationale de Natation*, No. 18-cv-07394-JSC, 2021 WL 624172, at *1 (N.D. Cal. Jan. 19, 2021) (applying good cause standard for sealing case management statement).

### A. December Joint Statement

#### 1. TOUR Request

The Court finds that the TOUR has not demonstrated that good cause exists the seal the portions of the December Joint Statement it requests to seal. The good cause standard requires a "particularized showing" that specific prejudice or harm will result if the information is disclosed. *Phillips*, 307 F.3d at 1210-11. The TOUR argues in general terms that the proposed redactions "serve to protect the TOUR's sensitive internal communications," ECF No. 180, at 2, and that "public disclosure of this information related to the TOUR's business would cause harm to the TOUR," Goldberg Decl. ¶ 5, ECF No. 180-1. But the TOUR offers no explanation as to how prejudice or harm would result from disclosure of the information. The TOUR's "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not

1  establish good cause for the requested redactions. *See Beckman Indus.*, 966 F.2d 470 at 476.
2  Accordingly, the Court DENIES the TOUR's request to seal portions of the December Joint
3  Statement.

### 2. LIV Request

LIV has demonstrated that good cause exists to seal the certain portions of the December Joint Statement but not others. LIV requests to seal portions of the December Joint Statement that it contends contains "information regarding its formation and internal decision-making." Loffhagen Decl. ("Loffhagen Decl. I"), ECF No. 188-1 ¶ 3. LIV contends that "[d]isclosure of this information would seriously harm LIV Golf, including by allowing competitors to exploit the information for competitive gain." *Id.* This general assertion of harm is not a "particularized showing" of harm or prejudice because it in no way explains how LIV would be harmed by the disclosure of this information. Without a particularized showing of harm or prejudice, the Court has no basis to find good cause for sealing this portion of the December Joint Statement. *See Phillips*, 307 F.3d at 1210-11 (good cause standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed).

LIV has, however, demonstrated good cause for sealing portions of the December Joint Statement that contain "particulars of its contracts with Performance54." Loffhagen Decl. I ¶ 4. As LIV explains, disclosure of this "private, commercially sensitive information" would harm LIV by "hamstring[ing] LIV Golf's ability to negotiate different terms" and by enabling competitors to "exploit the information to offer better terms and counter LIV Golf's proposals." *Id.* Accordingly, the Court finds that LIV has shown good cause to seal this information. The Court therefore GRANTS IN PART and DENIES IN PART in part LIV's request to seal portions of the December Joint Statement as set forth in the table at the end of this order.

### B. February Joint Statement

#### 1. TOUR Request

The Court finds that the TOUR has established good cause to seal the portions of the February Joint Statement it seeks to seal. The TOUR declares that the portions of the February Joint Statement it seeks to seal concern (1) competitively sensitive information about internal

4

1    TOUR operations and corporate decision-making and (2) sensitive details about the TOUR's
2    operations and business relationships with other golf tours. Shetty Decl. ¶¶ 2-4, ECF No. 253-1.
3    The TOUR further declares that public disclosure of the information would result in competitive
4    harm to the TOUR and damage its business relationships. *Id.* Upon review of the materials the
5    TOUR seeks to seal, the Court finds that the TOUR has demonstrated good cause to seal these
6    portions of the February Joint Statement. Accordingly, the Court GRANTS the TOUR's request.

### 2. LIV Request

The Court finds that LIV has established good cause to seal the portions of the February Joint Statement it seeks to seal. The excerpts LIV seeks to seal quote and describe the contents of a Shareholder Agreement that sets out LIV's investor rights and corporate governance and describe certain investors' involvement in LIV's operations and decision-making. Loffhagen Decl. ("Loffhagen Decl. II"), ECF No. 272-1, ¶¶ 2-3. LIV declares that "[d]isclosure of the contents of the Shareholder Agreement would harm LIV by prejudicing LIV's ability to obtain outside funding," because "[t]he current investment structure gives certain investors rights that may deter outside funders or change the terms that those funders demand." *Id.* ¶ 2. The declaration also explains that public disclosure of the involvement of certain investors in LIV's operations and decision-making would harm LIV because "[c]ompetitors may exploit this information . . . by seeking to influence LIV's investors." *Id.* ¶ 3. The Court finds that this particularized showing of the harm LIV would suffer if the excerpts it seeks to seal were publicly disclosed demonstrates good cause for sealing the excerpts. Accordingly, the Court GRANTS the LIV's request to seal portions of the December Joint Statement.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the parties SHALL meet and confer and file public redacted versions of the December Joint Statement and February Joint Statement with the redactions permitted in the table below by no later than **March 3, 2023**.

//
//
//

5

| ECF | Document | Portion(s) Requested to Be Sealed | Ruling |
|---|---|---|---|
| 180-2 | Joint Statement Regarding Request for Case Management Conference submitted December 14, 2022 | Highlighted portions at 5:15-17; 6:1-2; 17:2-6; 21:10-11 | DENIED as to the highlighted portions at 5:15-17, as LIV has not demonstrated good cause for sealing.<br><br>GRANTED as to the highlighted portions at 6:1-2 and 17:2-6, as containing private, commercially sensitive contract terms, the disclosure of which could cause LIV competitive harm.<br><br>DENIED as to highlighted portions at 21:10-11, as the TOUR has not demonstrated good cause for sealing. |
| 253-2 | Joint Statement Regarding Request for Case Management Conference submitted February 5, 2023 | Highlighted portions at 6:10-15; 6:16-19; 19:9; 19:11-12; 19:16-17; 19:23-26 | GRANTED as to the highlighted portions at 6:10-15, 6:16-17, as containing confidential information about LIV's Shareholder Agreement, the disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise model in the future, and obtain future business.<br><br>GRANTED as to the highlighted portions at 6:18-19, as containing confidential information regarding participation of LIV's investors in LIV's internal decision-making, disclosure of which would harm LIV by allowing competitors to exploit the information, deterring potential business partners, and reducing opportunities for outside funding.<br><br>GRANTED as to the highlighted portions at 19:9, 19:23-26, as containing competitively sensitive information about internal TOUR operations and decision-making.<br><br>GRANTED as to the highlighted portions at 19:11-12, 19:16-17, as containing sensitive information about the TOUR's operations and business relationships with other tours. |

Dated: February 23, 2023

_____
BETH LABSON FREEMAN
United States District Judge