| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - # 243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - # 295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415 391 5400<br>Facsimile: 415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone: 212 735 3000<br>Facsimile: 212 735 2000<br><br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>PATRICK FITZGERALD - (*pro hac vice*)<br>patrick.fitzgerald@skadden.com<br>155 North Wacker Drive<br>Chicago, Il 60606<br>Telephone: 312 407 0700<br>Facsimile: 312 407 0411 |

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant.<br><br>PGA TOUR, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>LIV GOLF, INC.,<br><br>Counter-Defendant. | Case No. 5:22-CV-04486-BLF<br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge:     Hon. Beth Labson Freeman<br><br>Date Filed:     August 3, 2022<br><br>Trial Date:     January 8, 2024 |

## I. INTRODUCTION

Pursuant to Local Civil Rule 72-2, the PGA TOUR Inc. (the "TOUR") seeks relief from one aspect of Magistrate Judge van Keulen's order compelling discovery from the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and Yasir Othman Al-Rumayyan (Dkt. 265, the "Order"). Specifically, the Order ruled that, even though PIF and Mr. Al-Rumayyan failed to carry their burden under Rule 45 to prove that they do not regularly transact business in New York, they could still elect to force the TOUR to travel to Riyadh, Saudi Arabia to take their depositions. PIF and Mr. Al-Rumayyan have now done so. This aspect of the Order contravenes Rule 45 and is erroneous. It would also endanger the TOUR and its counsel, who would be forced to take the Court-ordered discovery in Saudi Arabia, where perceived criticism of the government can be punished with years in prison and where, according to PIF and Mr. Al-Rumayyan, such discovery would violate Saudi Arabian law and expose the TOUR and its counsel to imprisonment. In any event, the Court recently granted the TOUR leave to add PIF and Mr. Al-Rumayyan as counter defendants, so the geographic limitations in Rule 45 no longer apply and they are subject to discovery in the United States as parties to this litigation that they authorized, financed, and control. Accordingly, the Court should order PIF and Mr. Al-Rumayyan to produce documents to the TOUR electronically and sit for deposition in New York City, San Francisco, or another mutually agreeable location in the United States.

## II. ARGUMENT

A magistrate judge's non-dispositive pretrial order may be modified or set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[T]he magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). The aspect of the Order allowing PIF and Mr. Al-Rumayyan to set the place of compliance in Saudi Arabia should be reversed for four reasons.

***First***, because the Order held that PIF and Mr. Al-Rumayyan failed to carry their burden of showing why they could not comply in New York, it was contrary to law to allow them to elect a compliance location in Saudi Arabia. As the Order correctly determined, *PIF and Mr. Al-*

*Rumayyan* "carry the burden" of proving that they do not "regularly transact business" within 100 miles of the place of compliance in New York City. Order at 55. PIF and Mr. Al-Rumayyan failed to carry their burden because "the evidence offered by [them] is *inconclusive* on the issue of whether either of them regularly transact business in person within 100 miles of the NYC location, within the meaning of Rule 45." Order at 55 (emphasis added). Because the evidence was "inconclusive," PIF and Mr. Al-Rumayyan failed to show why they could not comply with the subpoenas in New York. Accordingly, as a matter of law, they were not entitled to modify the place of compliance. *See Corrales v. Castillo*, 2008 WL 11451256, at *2 (D. Nev. Feb. 12, 2008) (denying motion to quash because foreign deponent did not "satisfy this obligation" by "[m]erely asserting that he conducts business from his office in Tijuana, Mexico"). Indeed, they *cannot* satisfy their burden because Mr. Al-Rumayyan's frequent visits to New York City and PIF's investment conduct through its New York City branch office demonstrate that they regularly transact business in New York City. *See* Dkt. No. 169 at 17:7-24.

**Second**, allowing PIF and Mr. Al-Rumayyan to unilaterally set a compliance location in Saudi Arabia was erroneous. Even though PIF and Mr. Al-Rumayyan failed to carry their burden, the Order found that "in light of the[ir] arguments," it would "exercise its discretion to modify rather than quash the subpoenas on the issue of the place of compliance." Order at 55. But Rule 45 does not permit a court to modify the place of subpoena compliance unless required or permitted under specific enumerated categories set forth in Rule 45(d)(3)—none of which apply here. In concluding otherwise, the Order cited *Asea Inc. v. So. Pac. Transp. Co.*, which interpreted and relied on an outdated version of Federal Rule of Civil Procedure 45. *See id.* (citing *Asea Inc. v. So. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981)).

*Asea* held that a district court did not abuse its discretion by directing the deposition of a non-party witness to be taken in Sweden, the deponent's domicile, under subparagraph (d)(2) of a prior version of Rule 45. 669 F.2d at 1248. But Rule 45 has been substantively amended since *Asea* was decided. At the time *Asea* was decided, Rule 45 expressly granted district courts discretion to require a nonresident to attend a deposition at any "convenient place as is fixed by an order of court." Fed. R. Civ. P. 45(d)(2) (1981). That language no longer exists in Rule 45.

Instead, Rule 45 now only allows courts to modify a subpoena "when required" and "when permitted" in specifically enumerated circumstances set out in Rule 45(d)(3). The only applicable provisions of Rule 45(d)(3) requiring quashing or modification are those involving the 100-mile rule and undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii), (iv). But, as discussed above, PIF and Mr. Al-Rumayyan failed to meet their burden to show that quashing or modifying the subpoena was required for seeking compliance beyond the geographical limits specified in Rule 45(c). And PIF and Mr. Al-Rumayyan did not argue that complying with the subpoenas in New York City posed an undue burden. Therefore, none of the applicable provisions of Rule 45(d)(3) required or permitted modification of the place of compliance. The Order thus erred in modifying the place of compliance for the subpoenas without authority.

***Third***, under these circumstances, the TOUR and its counsel should not be forced to obtain discovery from PIF and Mr. Al-Rumayyan in Riyadh when "legitimate safety concerns . . . warrant compelling [them] to submit to deposition outside of Saudi Arabia." *Tekle v. Al Saud*, 2019 WL 13252469, at *3 (E.D. Va. June 18, 2019) (holding that the safety risks of taking a deposition in Saudi Arabia constituted exceptional circumstances warranting deviation from the presumption in favor of deposing the defendant near their place of residence). Here, PIF and Mr. Al-Rumayyan have previously argued that disclosure of the information sought by the subpoenas is unlawful under Saudi Arabian law and would "expose [those involved] to imprisonment." *See* Dkt. No. 166 at 24. Notably, Judge van Keulen accepted PIF and Mr. Al-Rumayyan's representations (without concluding that they were true), but in balancing those concerns against the interests of the United States and the TOUR's interest in obtaining this information, ordered that PIF and Mr. Al-Rumayyan produce discovery. Order at 41. Now, PIF and Mr. Al-Rumayyan have purported to "request a change of the place of the depositions from New York to Riyadh." Ex. A (Feb. 21, 2023 Teruya Email). It is unfair and unreasonable to force the TOUR to travel to Saudi Arabia to obtain discovery that PIF and Mr. Al-Rumayyan contend is illegal to provide there. *See Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 430 (N.D. Cal. 2008) (ordering depositions in the United States rather than Brazil, in part, because "it apparently is illegal for American lawyers to take depositions in Brazil and they do so at risk of imprisonment").

Moreover, the State Department has warned that "statements construed as constituting defamation of the Al Saud family, have resulted in criminal charges in Saudi Arabia." *Tekle*, 2019 WL 13252469, at *3 (quoting U.S. Dep't of State, Saudi Arabia 2018 Human Rights Report, at 13, 23, https://www.state.gov/wp-content/uploads/ 2019/03/SAUDI-ARABIA-2018.pdf) (cleaned up). The State Department has further explained that persons who criticize the Saudi Arabian government have been "arbitrarily arrested and detained without charge." *Id.* (cleaned up). And just this Monday, the New York Times reported on an American citizen sentenced to 19 years in prison for a tweet deemed critical of the Saudi government and noted the "kingdom's courts are meting out harsher punishments than ever to citizens who criticize the government," with some prosecutions "ending in prison sentences of 15 to 45 years." Vivian Nereim, *'Equality of Injustice for All': Saudi Arabia Expands Crackdown on Dissent*, New York Times (Feb. 21, 2023), https://www.nytimes.com/2023/02/21/world/middleeast/saudi-arabia-dissent-crackdown.html. The TOUR and its American counsel should not have to run the risk that they might be harassed or detained because something they say in a deposition is perceived as critical of the Saudi government; nor should they have to censor themselves in the course of conducting Court-ordered discovery. *See United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 628 (S.D. Cal. 2001) (ordering depositions in San Diego where the "United States government has issued a security warning for Americans considering travel to Pakistan").

*Finally*, on February 21, after Judge van Keulen issued the Order,[1] the Court granted the TOUR leave to amend to add PIF and Mr. Al-Rumayyan as defendants to the TOUR's counterclaims. *See* Dkt. 280. The addition of PIF and Mr. Al-Rumayyan as parties further warrants deposing them in the United States, as they are no longer within the scope of Rule 45(c)'s protections for nonparties. Specifically, the 100-mile rule in Rule 45 is only intended to protect *nonparty* witnesses "from being subjected to excessive discovery burdens in *litigation in*

---

[1] Notably, the Order only addresses discovery from PIF and Mr. Al-Rumayyan "as third parties," and is "without prejudice to the PGA [TOUR]'s ability to seek further discovery from PIF and Mr. Al-Rumayyan if they are added as counter defendants." Order at 57.

*which they have little or no interest.*" *In re Edelman*, 295 F.3d 171, 178 (2d Cir. 2002) (emphasis added); *see also Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (holding that Rule 45's "protection" applies to "nonparty deponents"). Now that PIF and Mr. Al-Rumayyan have been added as counter defendants, they are subject to party discovery and must comply with their obligations just like any litigant in U.S. court proceedings.

"[T]his court can compel a foreign-national defendant, like [PIF and Mr. Al-Rumayyan], over whom it has personal jurisdiction, to attend a deposition in the United States." *Goes Int'l v. Dodur Ltd.*, 2017 WL 118807, at *2 (N.D. Cal. Jan. 12, 2017); *see also Hyde & Drath v. Baker,* 24 F.3d 1162, 1166 (9th Cir. 1994) ("[T]here was no abuse of discretion in ordering the depositions [of Hong Kong corporations] to occur in San Francisco."). When a foreign defendant "is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery," as is true of PIF and Mr. Al-Rumayyan here, "the foreign corporation's agents are frequently compelled for deposition on American soil." *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000) (collecting cases). Not surprisingly, "numerous courts" have "ordered depositions of foreign parties to occur in the United States in accordance with the Federal Rules." *Schindler Elevator Corp. v. Otis Elevator Co*, 657 F. Supp. 2d 525, 529 (D.N.J. 2009); *see also Hyde & Drath*, 24 F.3d at 1166 (Hong Kong corporations' depositions in San Francisco); *Goes*, 2017 WL 118807, at *2 (Chinese corporation's deposition in San Francisco); *Roberts v. Heim*, 130 F.R.D. 430, 437–39 (N.D. Cal. 1990) (Swiss defendant's deposition in San Francisco).

### III.  CONCLUSION

PIF and Mr. Al-Rumayyan control virtually every major aspect of LIV's operation and authorized and control LIV's lawsuit. As Judge van Keulen held: "It is plain that PIF is not a mere investor in LIV; it is the moving force behind the founding, funding, oversight, and operation of LIV." Order at 17. PIF and Mr. Al-Rumayyan can and should be subject to discovery in the United States. The Court should grant the TOUR's motion for relief, and order PIF and Mr. Al-Rumayyan to produce responsive documents electronically and appear for depositions in New York City, San Francisco, or another mutually agreeable location in the United States.

Dated: February 23, 2023

KEKER, VAN NEST & PETERS LLP

By: */s/ Elliot R. Peters*
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.