# Exhibit 1

Michael K. Kellogg (admitted *pro hac vice*)
Gregory G. Rapawy (admitted *pro hac vice*)
Andrew C. Shen (*pro hac vice* forthcoming)
Minsuk Han (Bar No. 314035)
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)
mkellogg@kellogghansen.com
grapawy@kellogghansen.com
ashen@kellogghansen.com
mhan@kellogghansen.com

Mark C. Dosker (Bar No. 114789)
Squire Patton Boggs (US) LLP
475 Sansome Street, 16th Floor
San Francisco, California 94111
415 954 0210
415 393 9887 (fax)
mark.dosker@squirepb.com

*Counsel for the Kingdom of Saudi Arabia*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., | **Case No. 5:22-cv-04486-BLF** |
| Plaintiffs, | **AMICUS BRIEF OF THE KINGDOM OF SAUDI ARABIA IN SUPPORT OF THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND HIS EXCELLENCY YASIR O. AL-RUMAYYAN'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISRATE JUDGE** |
| v. | |
| PGA TOUR, INC., | |
| Defendant and Counter-Plaintiff, | |
| v. | |
| LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, | Judge: Hon. Beth Labson Freeman |
| | Date Filed: August 3, 2022 |
| Counter-Defendants. | Trial Date: January 8, 2024 |

The Kingdom of Saudi Arabia ("Saudi Arabia") is a sovereign nation.  The Public Investment Fund ("PIF") is Saudi Arabia's sovereign wealth fund, and His Excellency Yasir O. Al-Rumayyan is its Governor and holds the rank of a Minister in Saudi Arabia's government.

The February 9, 2023 Order enforces a Rule 45 subpoena issued by a private party against an instrumentality of a foreign sovereign and a senior foreign official acting in his official government capacity.  That is unprecedented.  Even private foreign entities and "foreign nationals are beyond the court's subpoena power." *Relational, LLC v. Hodges*, 627 F.3d 668, 673 (7th Cir. 2010); *SiteLock, LLC v. GoDaddy.com, LLC*, 338 F.R.D. 146, 148 (D. Or. 2021).  Such entities and individuals "owe no allegiance to the United States," *KLP Indus., L.L.C. v. Pelaez*, 2006 WL 8434699, at *5 (S.D. Fl. Dec. 19, 2006), and discovery from them may be compelled only through an applicable international convention or through a letters rogatory process that seeks, but cannot require, a foreign country's assistance in obtaining discovery.  *See* 28 U.S.C. 1781(b); *see also Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 782 (S.D.N.Y. 2012). Here, Saudi Arabia is not a party to any applicable international convention, *see In re Terrorist Attacks on Sept. 11, 2001*, 2020 WL 8611024, at *3 (S.D.N.Y. Aug. 27, 2020), *aff'd*, 2021 WL 2227204 (S.D.N.Y June 2, 2021), and no letters rogatory have been issued.  The rule that foreign non-parties are beyond Rule 45's subpoena power has even greater force as to subpoenas issued to an instrumentality of a foreign government and to a senior foreign official.  Enforcing such subpoenas would improperly "threaten a foreign sovereign with contempt sanctions if it does not comply with legal processes that it . . . does not ascribe to." *Id.* at *5.  The February 9, 2023 Order identifies no source of authority for a court to enforce a Rule 45 subpoena against a foreign sovereign or official or any court that has done so over a sovereign's objection.

Even if a district court could issue a subpoena to a foreign sovereign or its officials, and even if the targets of those subpoenas were not immune, established principles of comity preclude the enforcement of such subpoenas.  Private litigants in U.S. court cannot simply subpoena records and testimony from the United States government, its agencies, or officials when they are non-parties to the underlying litigation.  Any such efforts are subject to agency-specific regulations and ultimately the agency's own determination of whether to provide discovery, which courts review

1  under a deferential arbitrary-and-capricious standard.  *See United States ex rel. Touhy v. Ragen*,

2  340 U.S. 462 (1951); *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 557 n.1 (9th Cir. 1997).

3  "[C]omity dictate[s] that [the court] accord the same respect to foreign officials" and sovereigns as

4  it does "to [its] own." *In re Papandreou*, 139 F.3d 247, 254 (D.C. Cir. 1998).

5        Saudi Arabia's law provides no mechanism for litigants in its own courts (and certainly not

6  those of other countries) to compel discovery or testimony from any non-party government entity

7  or official.  It further prohibits disclosure of the internal operations of Saudi Arabia's government,

8  including those of PIF.  *See* ECF No. 306-1 (Alarfaj Expert Opinion), at ¶¶ 20-27; ECF No. 166-4,

9  at 16 (PIF Law art. 17, protecting "Board members and Fund Employees[']" confidential

10  information); ECF No. 211-7, at 5 (Penal Law on Dissemination and Disclosure of Classified

11  Information and Documents art. 5 providing that disseminating or disclosing classified

12  information or documents will be punished by imprisonment).  Those laws are "not merely

13  protective of private interests but expressive of a public interest," *Motorola Credit Corp. v. Uzan*,

14  73 F. Supp. 3d 397, 404 (S.D.N.Y. 2014), and deserve respect as a matter of comity.  *See Société*

15  *Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987).

16        The Court, however, need not decide this novel issue or the other weighty sovereign-

17  immunity and personal-jurisdiction issues raised by the February 9, 2023 Order in the context of

18  the current Rule 72 objections.  The Court has held that both PIF and the Governor may be added

19  as counter-claim defendants.  *See* ECF No. 280.  They will be parties to the suit once service is

20  made, at which point any discovery must be governed by Rules 30 and 34.  *See Peyton v. Burdick*,

21  2008 WL 880573, *1 (E.D. Cal. Mar. 31, 2008) (holding that even if Rule 45 applies to party

22  discovery, the Rules concerning party discovery govern); *Rogers v. Bellerose*, 2020 WL 6075621,

23  at *2 (N.D. Cal. Oct. 15, 2020) (prohibiting a party from seeking "supplemental responses" from

24  Rule 45 subpoena recipient who had become a party).  Before any such discovery may occur, the

25  Court must resolve PIF's and the Governor's immunity from suit as well as personal jurisdictional

26  issues.  *See Phaneuf v. Republic of* Indonesia, 106 F.3d 302, 305 (9th Cir. 1997).  Those complex

27  issues are better evaluated after full briefing on the forthcoming motions to dismiss, rather than on

28  the truncated briefing on the current Rule 72 objections.

DATED:  February 28, 2023

Respectfully submitted,

By:  */s/ Michael K. Kellogg*

Mark C. Dosker (Bar No. 114789)
Squire Patton Boggs (US) LLP
475 Sansome Street, 16th Floor
San Francisco, California 94111
415 954 0210
415 393 9887 (fax)
mark.dosker@squirepb.com

Michael K. Kellogg (admitted *pro hac vice*)
Gregory G. Rapawy (admitted *pro hac vice*)
Andrew C. Shen (*pro hac vice* forthcoming)
Minsuk Han (Bar No. 314035)
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)
mkellogg@kellogghansen.com
grapawy@kellogghansen.com
ashen@kellogghansen.com
mhan@kellogghansen.com

*Counsel for the Kingdom of Saudi Arabia*