**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

QUINN EMANUEL URQUHART &
SULLIVAN LLP
JOHN B. QUINN, SBN 90378
johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN BASH (*pro hac vice*)
johnbash@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100

ROBERT P. FELDMAN, SBN 69602
bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

*Attorneys for Non-Parties The Public Investment Fund of the
Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | Case No. 5:22-cv-04486-BLF <br><br> **THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR STAY OF DISCOVERY PENDING REVIEW PURSUANT TO RULE 72** <br><br> Judge: Hon. Beth Labson Freeman <br> Date Filed: August 3, 2022 <br> Trial Date: January 8, 2024 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on a date and time to be determined, or as soon as the matter may be heard, before the Honorable Beth Labson Freeman of the United States District Court, Northern District of California at Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, California, non-parties The Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") will and hereby do move for a stay of the United States Magistrate Judge's Order on Motion of PGA Tour, Inc. to Compel Compliance With Subpoenas to Third Parties [PIF] and [HE] (the "Order," Dkt. No. 265).  Further, PIF and HE will and hereby do move for a stay of all discovery against PIF and HE, including pursuant to all potential subpoenas, if any, that have been or may be issued after the Order by any party to the above-captioned case.  PIF and HE request this stay of the Order and stay of all discovery pending the United States District Court's review of the Order in accordance with 28 U.S.C. § 636, Federal Rule of Civil Procedure 72, and Civil Local Rule 72.

The motion is based upon this notice of motion, the supporting memorandum of points and authorities, the exhibits attached thereto, and such evidence as may be requested or permitted by the Court.

Dated: February 28, 2023

By: */s/ Carolyn B. Lamm*

**WHITE & CASE**LLP

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com

-ii-

kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

JOHN B. QUINN, SBN 90378
 johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
 dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
 kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN BASH
johnbash@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100
Facsimile: (737) 667 6110

ROBERT P. FELDMAN, SBN 69602
 bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:    650.801.5100

*Attorneys for Non-Parties The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... iv

TABLE OF AUTHORITIES ..................................................................................................... v

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL STANDARD ................................................................................................................ 2

ARGUMENT .............................................................................................................................. 2

    I.    PIF AND HE WILL BE IRREPARABLY HARMED ABSENT A STAY ......................... 2

    II.    THE FRCP 72 MOTION RAISES SERIOUS LEGAL QUESTIONS ............................. 4

    III.    THE MOTION TO STAY WILL NOT PREJUDICE THE TOUR ................................ 8

    IV.    THE PUBLIC INTEREST FAVORS STAYING DISCOVERY ..................................... 8

CONCLUSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aldossari v. Ripp*,
  49 F.4th 236 (3d Cir. 2022)..................................................................................................7

*Alvarez v. LaRose*,
  No. 3:20-cv-00782-DMS-AHG, 2020 U.S. Dist. LEXIS 173253 (S.D. Cal. Sep. 21,
  2020)................................................................................................................................2, 3

*Arch Trading Corp. v. Republic of Ecuador*,
  839 F.3d 193 (2d Cir. 2016)..................................................................................................5

*Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*,
  581 U.S. 170 (2017) .............................................................................................................8

*Brown v. Wal-Mart Stores, Inc.*,
  No. 5:09-CV-03339-EJD, 2012 U.S. Dist. LEXIS 163731 (N.D. Cal. Nov. 15, 2012) ..............2

*Cal. Crane Sch., Inc. v. Google LLC*,
  No. 21-cv-10001-HSG, 2022 U.S. Dist. LEXIS 144480 (N.D. Cal. Aug. 12, 2022) ..................8

*Confederated Tribes of Chehalis Indian Reservation v. Lujan*,
  928 F.2d 1496 (9th Cir. 1991)..............................................................................................8

*Credit Suisse v. United States Dist. Court*,
  130 F.3d 1342 (9th Cir. 1997)..............................................................................................4

*De Fontbrune v. Wofsy*,
  No. 14-15790, 2016 U.S. App. LEXIS 20416 (9th Cir. Nov. 14, 2016)...................................7

*Doe v. Holy*,
  557 F.3d 1066 (9th Cir. 2009)..............................................................................................5

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba ("Bancec")*,
  462 U.S. 611 (1983) .............................................................................................................5

*Gallagher & Kennedy PA v. City of Phx.*,
  No. 2:16-CV-4447-DAE, 2021 U.S. Dist. LEXIS 130077 (D. Ariz. July 13, 2021)...................8

*Gatnino v. KPC Healthcare Holdings, Inc.*,
  No. 5:20-cv-01126-SB-SHK, 2021 U.S. Dist. LEXIS 90097 (C.D. Cal. May 10, 2021)............3

*Gupta v. Thai Airways Int'l, Ltd.*,
  487 F.3d 759 (9th Cir. 2007)................................................................................................3

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) ..................................................................................................... 3

*In re 28 U.S.C. § 1782 by Nikon Corp. v. GlobalFoundries U.S., Inc.*,
  No. 17-mc-80071-BLF, 2017 U.S. Dist. LEXIS 155692 (N.D. Cal. Sep. 22, 2017) ................... 4

*In re Republic of Ecuador*,
  No. 11-mc-80171 CRB (NC), 2012 U.S. Dist. LEXIS 207374 (N.D. Cal. Mar. 30, 2012) ......... 2

*Leibovitch v. Islamic Republic of Iran*,
  188 F. Supp. 3d 734 (N.D. Ill. 2016) ............................................................................. 8

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ................................................................................... 2, 4

*Nat'l City Bank of N.Y. v. Republic of China*,
  348 U.S. 356 (1955) ..................................................................................................... 9

*Nken v. Holder*,
  556 U.S. 418 (2009) ..................................................................................................... 2

*Northrop Grumman Ship Sys. v. Ministry of Def.*,
  575 F.3d 491 (5th Cir. 2009) ....................................................................................... 7

*OBB Personenverkehr AB v. Sachs*,
  577 U.S. 27 (2015) ....................................................................................................... 5

*Owino v. Corecivic, Inc.*,
  No. 17-CV-1112 JLS (NLS), 2021 U.S. Dist. LEXIS 140991 (S.D. Cal. July 28, 2021) ......... 2

*Phaneuf v. Republic of Indon.*,
  106 F.3d 302 (9th Cir. 1997) ............................................................................... 1, 3, 8

*Philippine Nat'l Bank v. United States Dist. Court (In re Philippine Nat'l Bank)*,
  397 F.3d 768 (9th Cir. 2005) ....................................................................................... 4

*Republic of the Phil. v. Pimentel*,
  553 U.S. 851 (2008) ..................................................................................................... 8

*Richmark Corp. v. Timber Falling Consults.*,
  959 F.2d 1468 (9th Cir. 1992) ..................................................................................... 4

*Russell v. Harris County*,
  No. H-19-226, 2021 U.S. Dist. LEXIS 118762 (S.D. Tex. June 25, 2021) .................... 3

*Salhotra v. Simpson Strong-Tie Co.*,
  No. 19-cv-07901-TSH, 2022 U.S. Dist. LEXIS 67493 (N.D. Cal. Apr. 12, 2022) .......... 2, 5

*Samantar v. Yousuf*,
    560 U.S. 305 (2010) ............................................................................................................. 6

*Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*,
    357 U.S. 197 (1958) ............................................................................................................. 4

*Tiffany (NJ) LLC v. Qi Andrew*,
    276 F.R.D. 143 (S.D.N.Y. 2011) .......................................................................................... 8

*U.S. v. Pangang Grp. Co. Ltd.*,
    2022 WL 580790 (N.D. Cal. Feb. 25, 2022) ........................................................................ 6

*U.S. v. Turkiye Halk Bankasi A.S.*,
    16 F.4th 336 (2d Cir. 2021) .................................................................................................. 6

*Weiming Chen v. Ying-Jeou Ma*,
    2013 WL 4437607 (S.D.N.Y. Aug. 19, 2013) ..................................................................... 6

*Zargarian v. Bmw of N. Am., LLC*,
    No. CV 18-4857-RSWL, 2019 U.S. Dist. LEXIS 200587 (C.D. Cal. Oct. 15, 2019) ......... 3

**STATUTES AND RULES**

28 U.S.C. § 1605(a)(2) ................................................................................................................ 5, 6

Fed. R. Civ. P. 44.1 ...................................................................................................................... 1, 7

Fed. R. Civ. P. 72 .................................................................................................................. 1, 3, 4, 5

1   The Public Investment Fund ("PIF") and His Excellency Yasir Othman Al-Rumayyan
2   ("HE") respectfully move for a stay of the United States Magistrate Judge's Order of February 9,
3   2023 (the "Order," Dkt. No. 265) pending this Court's resolution of their motion for review of the
4   Order pursuant to Federal Rule of Civil Procedure 72 (the "Rule 72 Motion").

**PRELIMINARY STATEMENT**

6   On February 9, 2023, the Magistrate Judge issued an extraordinary order compelling PIF, a
7   sovereign instrumentality of the Kingdom of Saudi Arabia, and HE, a sitting minister of the Saudi
8   government, to provide discovery in this matter pursuant to Rule 45 subpoenas. PIF and HE are
9   entitled to challenge these rulings to this Court pursuant to FRCP 72. Without a stay, however, PIF
10  and HE will be required to provide discovery, and lose the very legal rights that they are seeking to
11  vindicate, before they can be heard.

12  In particular, PIF and HE have raised substantial challenges to the Magistrate Judge's ruling
13  under the Foreign Sovereign Immunities Act ("FSIA"), the common law applicable to a foreign
14  public official's sovereign immunity, the doctrine of international comity, and a court's ability to
15  amend and expand a bilateral agreement regarding service of process. Discovery should be stayed
16  while these challenges are pending, as without a stay, PIF and HE would face classic irreparable
17  harm in having provided discovery that cannot be taken back. The Ninth Circuit has held that this
18  is not permissible. *See Phaneuf v. Republic of Indon.*, 106 F.3d 302, 305 (9th Cir. 1997) (discovery
19  prior to "final determination" of immunity under the FSIA was "improvident[]"). Furthermore,
20  irreparable harm is particularly acute here, because by providing the requested discovery, PIF and
21  HE would violate Saudi law. The Magistrate Judge recognized that "PIF's governing law and Saudi
22  law prohibit disclosure of the information sought by the subpoenas," Order 41, and as further shown
23  in the attached declaration of Mr. Fahad Nasser Alarfaj, PIF and HE may be subjected to "strict and
24  aggravated penalties" in the Kingdom of Saudi Arabia if discovery is allowed to proceed. *See* Ex.
25  1, Decl. of Mr. Fahad Nasser Alarfaj Concerning Saudi Law Under Federal Rule of Civil Procedure
26  44.1 (the "Alarfaj Declaration") ¶ 37 (quoting Saudi Arabia's Ministry of Justice).

27  Resolution of the pending FRCP 72 Motion accordingly implicates "serious legal questions"
28  under U.S. law, and the absence of a stay would subject HE to irreparable harm under both U.S. and

Saudi law.  Any prejudice to the Tour is nothing other than ordinary litigation delay with respect to third-party discovery.  As discussed below, courts regularly stay orders encumbering foreign sovereigns while their defenses under the FSIA are litigated.  This Court should do so here.

## **LEGAL STANDARD**

In deciding whether to stay the Magistrate Judge's Order, this Court must consider (1) "whether the applicant will be irreparably injured absent a stay;" (2) "whether the stay applicant" has shown at least a "fair prospect" of success on the pending challenge by raising "serious legal questions;" (3) whether the non-movant will be "substantially injure[d]" by the "issuance of the stay;" and finally, (4) "where the public interest lies."  *See Leiva-Perez v. Holder*, 640 F.3d 962, 964, 967-68 (9th Cir. 2011) (citation and internal quotation marks omitted); *Alvarez v. LaRose*, No. 3:20-cv-00782-DMS-AHG, 2020 U.S. Dist. LEXIS 173253, at *5 (S.D. Cal. Sep. 21, 2020) (applying "same four-factor test" in "considering whether to grant a motion to stay the effect of a magistrate judge's order"); *In re Republic of Ecuador*, No. 11-mc-80171 CRB (NC), 2012 U.S. Dist. LEXIS 207374, at *7 (N.D. Cal. Mar. 30, 2012) (same).  As in other similar contexts, "[t]he first two factors are the most critical." *Owino v. Corecivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2021 U.S. Dist. LEXIS 140991, at *5 (S.D. Cal. July 28, 2021) (granting stay pending appeal in part and citing, *e.g.*, *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

These four factors are to be "balanced," such that "a stronger showing of one element may offset a weaker showing of another."  *Leiva-Perez*, 640 F.3d at 964-66 (describing this "flexible approach" as a "sliding scale"); *see also Salhotra v. Simpson Strong-Tie Co.*, No. 19-cv-07901-TSH, 2022 U.S. Dist. LEXIS 67493, at *4 (N.D. Cal. Apr. 12, 2022) (staying all litigation pending ruling on petition for permission to appeal); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 U.S. Dist. LEXIS 163731, at *4-5 (N.D. Cal. Nov. 15, 2012) (staying discovery and all other proceedings).

## **ARGUMENT**

### I. **PIF AND HE WILL BE IRREPARABLY HARMED ABSENT A STAY**

Without a stay, PIF and HE will be irreparably harmed in at least two respects.

First, PIF and HE will be irreparably harmed because proceeding with discovery will "preclude the district judge's ability to review . . . [the] Rule 72 objection, which would effectively deprive [PIF and HE] of their right to reconsideration of the Discovery Order by the district judge altogether." *Alvarez*, 2020 U.S. Dist. LEXIS 173253, at *7; *see also Gatnino v. KPC Healthcare Holdings, Inc.*, No. 5:20-cv-01126-SB-SHK, 2021 U.S. Dist. LEXIS 90097, at *4 (C.D. Cal. May 10, 2021) (staying "compliance with the Discovery Order until such time as the District Judge has ruled on defendant's Motion for Review" because "to do otherwise would deny defendant of its right to have Local Rule 72 District Judge review of the Discovery Order") (quoting *Zargarian v. Bmw of N. Am., LLC*, No. CV 18-4857-RSWL (PLAx), 2019 U.S. Dist. LEXIS 200587, at *3 (C.D. Cal. Oct. 15, 2019)).

This is especially pronounced in the sovereign context, because sovereign immunity is "effectively lost" if a sovereign entity is forced to litigate. *See Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 763 n.6 (9th Cir. 2007); *Phaneuf*, 106 F.3d at 305 (reversing the lower court because "[s]ubject matter jurisdiction under the FSIA . . . must be decided before the suit can proceed," including any "further discovery"); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Russell v. Harris County*, No. H-19-226, 2021 U.S. Dist. LEXIS 118762, at *7 (S.D. Tex. June 25, 2021) (granting motion to stay pending appeal of sovereign immunity issues because "until resolution of the threshold question of the application of an immunity defense, discovery should not be allowed").

Second, the need for a stay is particularly acute in the present case because the Order requires PIF and HE to violate Saudi law, and to risk substantial penalties. Alarfaj Decl. ¶ 37 (quoting the analysis of Saudi Arabia's Ministry of Justice concerning the applicable penalties under Saudi Arabia's 2011 Penal Law on Dissemination and Disclosure of Classified Information and Documents). The PIF Law—as well as a wide range of other Saudi laws, decrees, and regulations applicable to PIF officials, board members, and employees—prohibits the PIF and HE from complying with the subpoena. Alarfaj Decl. ¶¶ 20-27 (summarizing the applicable confidentiality obligations under Saudi law). Any breach of such confidentiality obligations is punishable by terms of imprisonment as long as 20 years and payment of fines exceeding US$ 250,000. *Id.* ¶ 36. Saudi

Arabia's Ministry of Justice has—exceptionally—allowed publication of two "Circulars" in 2016 and 2018 that confirm the enforceability of the Saudi law confidentiality regime in accordance with the 2011 Penal Law. *Id.* ¶ 37. The Magistrate Judge herself "accept[ed] . . . that PIF's governing law and Saudi law prohibit disclosure of the information sought by the [Tour's] subpoenas." Order 41.

As the Ninth Circuit has repeatedly held, subjecting a foreign recipient of a subpoena to such potential legal consequences in its home jurisdiction "clearly constitutes severe prejudice." *Philippine Nat'l Bank v. United States Dist. Court (In re Philippine Nat'l Bank)*, 397 F.3d 768, 774 (9th Cir. 2005) ("Requiring the [foreign entity] 'to choose between being in contempt of court and violating [foreign] law clearly constitutes severe prejudice that could not be remedied on direct appeal.'" (quoting *Credit Suisse v. United States Dist. Court*, 130 F.3d 1342, 1346 (9th Cir. 1997))). Subpoena recipients should not be forced to choose "between the Scylla of contempt sanctions and the Charybdis of possible criminal prosecution." *Richmark Corp. v. Timber Falling Consults.*, 959 F.2d 1468, 1477 (9th Cir. 1992); *see also Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 211 (1958) ("It is hardly debatable that fear of criminal prosecution constitutes a weighty excuse for nonproduction, and this excuse is not weakened because the laws preventing compliance are those of a foreign sovereign."). By definition, this "severe prejudice" cannot "be remedied" on appeal. *Philippine Nat'l Bank*, 397 F.3d at 774.

The fact that PIF and HE are not parties to the instant litigation also counsels against compelling production without further review. *In re 28 U.S.C. § 1782 by Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-mc-80071-BLF, 2017 U.S. Dist. LEXIS 155692, at *7-8 (N.D. Cal. Sep. 22, 2017) (finding that "[g]ood cause exists to stay" the magistrate judge's discovery order for the short period of time necessary to evaluate a challenge to a burdensome production on "a third party who wants no part of them").

**II.  THE RULE 72 MOTION RAISES SERIOUS LEGAL QUESTIONS**

To justify a stay of discovery, a movant need only demonstrate that the appeal or other challenge (*e.g.*, under Rule 72) has raised "serious legal questions." *Leiva-Perez*, 640 F.3d at 966-

1  68; *Salhotra*, 2022 U.S. Dist. LEXIS 67493, at *5 (staying all litigation pending ruling on petition
2  for permission to appeal upon giving the movants "the benefit of the doubt" and finding "that they
3  have arguably raised serious legal questions"). In their Rule 72 Motion, PIF and HE have raised a
4  substantial range of serious legal questions under the FSIA, the common law governing foreign
5  public officials' sovereign immunity, and the doctrine of international comity, among other legal
6  issues, as summarized below.

7       ***First***, in order for the commercial activity exception under the FSIA to apply (28 U.S.C. §
8  1605(a)(2)), the complaint must be "based upon" the sovereign's conduct, meaning that the
9  sovereign's conduct allegedly caused the plaintiff's injury. *OBB Personenverkehr AB v. Sachs*, 577
10 U.S. 27, 35 (2015) (explaining that the "gravamen" of the claim must be the sovereign's conduct).
11 Here the basis for "LIV's claim" is that "PGA has illegally prevented it from entering the relevant
12 markets." *See* Order 21. Rather than being "based upon" any conduct of PIF, the "gravamen" of
13 LIV's antitrust claim is ***the Tour's*** anticompetitive conduct, designed to foreclose LIV's
14 competitive entry into the market. *See* Dkt. No. 83 ¶¶ 3, 98. Likewise, the "gravamen" of the Tour's
15 counterclaim is LIV's—not PIF's—alleged conduct in recruiting and signing players; there is no
16 evidence that PIF itself "interfered with PGA's contractual relationships with the Plaintiffs who now
17 play for LIV" (Order 21) or that PIF attempted to persuade Tour members to remain with the Tour
18 while breaking its rules (*see* Dkt. No. 271 at 3, 5). The Order thus erred in its central holding
19 regarding PIF's immunity under the FSIA. *See* Order 22-24.

20      ***Second***, the Order improperly attributed LIV's alleged conduct to PIF and concluded that
21 PIF's conduct had a "direct effect" in the United States under the FSIA—despite elsewhere in the
22 Order explicitly disclaiming any such "alter ego or agency theory." *Compare* Order 23 *with id.* at
23 39. Such reasoning is not only internally inconsistent, it also violates the Supreme Court's
24 presumption against corporate veil piercing without substantial evidence in the context of foreign
25 sovereign immunity. *See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*
26 *("Bancec")*, 462 U.S. 611, 628 (1983); *Doe v. Holy See*, 557 F.3d 1066, 1078-79 (9th Cir. 2009)
27 (applying *Bancec* to the question whether acts by "affiliated domestic corporation" may "render a
28 foreign sovereign amenable to suit"); *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193,

198 (2d Cir. 2016) (foreign sovereigns "'are presumed to be separate' from other distinct legal entities"). The Order's reasoning substantially rewrites and diminishes the "direct effect" standard that Congress incorporated into 28 U.S.C. § 1605(a)(2) by suggesting that foreign sovereign investors can cause a "direct effect" in the United States based only on planning and oversight of an investment—an indirect effect, at best.

***Third***, there is no support for the Order's holding that foreign official immunity is subject to a commercial activity exception, and other courts have specifically rejected this argument. *See Weiming Chen v. Ying-Jeou Ma*, 2013 WL 4437607, at *4 (S.D.N.Y. Aug. 19, 2013) ("[T]he commercial activity exception does not apply to a foreign official who has undertaken a commercial transaction on behalf of his state."). The Order relied exclusively on inapposite case law—two decisions involving foreign sovereign instrumentalities—and failed to cite a single decision concerning a foreign public official. Order 32 (relying on analysis of immunity for "a commercial bank" under *U.S. v. Turkiye Halk Bankasi A.S.*, 16 F.4th 336 (2d Cir. 2021) and a range of corporate "entities" under *U.S. v. Pangang Grp. Co. Ltd.*, 2022 WL 580790, at *7-9 (N.D. Cal. Feb. 25, 2022)). The Order's analysis is also contrary to the Supreme Court's holding that the category of a foreign sovereign's "agency or instrumentality" does not include "an official acting on behalf of the foreign state." *Samantar v. Yousuf*, 560 U.S. 305, 319 (2010); *see also id.* at 321 ("[T]he relationship between a state's immunity and an official's immunity is more complicated . . . . And historically, the Government sometimes suggested immunity under the common law for individual officials even when the foreign state did not qualify.").

***Fourth***, the Court stated that the parties "agree that the relevant issue in relation to the waiver exception to sovereign immunity under FSIA is whether PIF authorized the filing of this lawsuit." Order 26. That is not correct. PIF and HE disputed that a sovereign authorizing another party to file a lawsuit could ever qualify as waiver—a proposition that violates bedrock principles of corporate law and the high standard for a waiver under the FSIA. *See* Dkt. No. 166 at 11 (stating that the Tour's argument for waiver because PIF purportedly "authorized" LIV to enter this lawsuit is "the opposite of the 'strict construction' required by the case law" and LIV's "actions cannot be attributed to PIF without alter ego or agency"); Jan. 13, 2023 H'rg Tr. 62:17-21 ("[W]e're aware of

-6-

no case ever where a sovereign was deemed to waive its own immunity from suit in the United States because it authorized . . . or even directed another entity, a separate legal person[,] to engage in litigation."). The Order cites no precedent for the view that authorizing litigation by another entity could constitute a waiver under the FSIA. Order 26. Nor could such authorization constitute the "'clear and unambiguous' language or conduct" necessary to show "that the foreign state intended to waive its sovereign immunity." *Aldossari v. Ripp*, 49 F.4th 236, 250 (3d Cir. 2022).

*Fifth*, the Order's waiver analysis conflicts with basic tenets of corporate law by treating LIV and PIF as indistinguishable despite multiple corporate layers separating them. The Magistrate Judge found that the Tour had made "an initial showing" that PIF implicitly waived its sovereign immunity "by presenting evidence that" an agreement related to a corporate parent of LIV gave certain PIF-appointed directors on that corporate parent's board a veto right regarding certain acts, including as to significant litigation. Order 26. The Order cited no authority for the proposition that a decision by parent-appointed directors could be attributed to the parent itself (even assuming that the directors here authorized the litigation, for which there is no evidence).

*Sixth*, the Magistrate Judge wrongly refused to receive further evidence of Saudi law as required under Rule 44.1 of the Federal Rules of Civil Procedure. PIF and HE's administrative motion to submit materials on Saudi law (Dkt. No. 211) should have been granted. Such material and testimony can be considered at any time. *De Fontbrune v. Wofsy*, No. 14-15790, 2016 U.S. App. LEXIS 20416, at *12-13 (9th Cir. Nov. 14, 2016); *Northrop Grumman Ship Sys. v. Ministry of Def.*, 575 F.3d 491, 496-98 (5th Cir. 2009) (concluding the district court "abused its discretion by relying solely on the length of [18 month] delay" in rejecting Venezuela's proffer of evidence concerning Venezuelan law). This Court must assess, in view of actual Saudi law, the serious risk of penalties that a sovereign instrumentality and a sitting government Minister face as a result of the Magistrate Judge's order.

*Seventh*, having refused to consider these critical Saudi legal materials, the Magistrate Judge found that the evidence on Saudi Arabia's important sovereign interests was lacking. Order at 42-43. That is, even as the Magistrate Judge recognized that the most important factor to the international comity analysis test is the balancing of national interests, Order 42, she refused to

admit the very materials that would have demonstrated the strong Saudi governmental interests at issue. *E.g.*, Alarfaj Decl. ¶¶ 6, 14-19 (describing the "interrelationship" between the PIF's activities and the public interest, including Saudi Arabia's "highest-priority economic reforms").

*Eighth*, the Order assessed U.S. interests as if PIF and HE were defendants and not non-parties, overlooking that "non-party status mitigates against" the United States' mere "general interest in enforcing its laws" and protecting litigants' rights. *See Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 160 (S.D.N.Y. 2011); *see also, e.g.*, *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 757-58 (N.D. Ill. 2016) ("[T]he Banks' status as non-parties does attenuate the United States interest in enforcing discovery obligations.").

### III. THE MOTION TO STAY WILL NOT PREJUDICE THE TOUR

A stay of discovery will not cause any cognizable prejudice to the Tour. Courts in the Ninth Circuit have frequently held that "simple delay" is insufficient to establish "concrete prejudice." *E.g., Cal. Crane Sch., Inc. v. Google LLC*, No. 21-cv-10001-HSG, 2022 U.S. Dist. LEXIS 144480, at *16 (N.D. Cal. Aug. 12, 2022) (granting motion to stay); *see also Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1500 (9th Cir. 1991) ("[P]laintiff's interest in litigating a claim may be outweighed by a [party's] interest in maintaining its sovereign immunity."). Indeed, other discovery in the case "separate from these [third] parties" is proceeding as scheduled. Feb. 24, 2023 Hr'g Tr. 29:17-30:2; *see also Gallagher & Kennedy PA v. City of Phx.*, No. 2:16-CV-4447-DAE, 2021 U.S. Dist. LEXIS 130077, at *23 (D. Ariz. July 13, 2021) (affirming magistrate judge's order staying proceedings on certain claims, including discovery, in part because there would be no "delay" in "the continuing ongoing discovery" for the remainder of the action). Any delay is "outweighed by prejudice to [PIF and HE] invoking sovereign immunity." *Republic of the Phil. v. Pimentel*, 553 U.S. 851, 872 (2008); *see also Phaneuf*, 106 F.3d at 305 (immunity under the FSIA must be determined before discovery as a matter of law).

### IV. THE PUBLIC INTEREST FAVORS STAYING DISCOVERY

Finally, the public interest likewise weighs heavily in favor of granting the stay. It is well-established that the public interest of the United States is implicated by the need to respect foreign sovereigns' "immunity from suit" and "international comity." *Bolivarian Republic of Venezuela v.*

*Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 171, 179 (2017); *see also Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1552 (D.C. Cir. 1987) (Ginsburg, J.) (reasoning that the "public interest" includes "foreign policy ramifications" of U.S. judicial decisions (citation omitted)); *Nat'l City Bank of N.Y. v. Republic of China*, 348 U.S. 356, 362 (1955) (emphasizing the U.S. interest in the "standards of public morality, fair dealing, reciprocal self-interest, and respect for the 'power and dignity' of the foreign sovereign").

## CONCLUSION

PIF and HE respectfully request that this Court stay the Order pending this Court's consideration of the Rule 72 Motion.

Dated: February 28, 2023

By: */s/ Carolyn B. Lamm*

**WHITE & CASE**LLP

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

JOHN B. QUINN, SBN 90378
johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN BASH
johnbash@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100
Facsimile: (737) 667 6110

ROBERT P. FELDMAN, SBN 69602
bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:    650.801.5100

*Attorneys for Non-Parties The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan*

-10-
MOTION FOR STAY PENDING REVIEW OF ORDER ON MTN TO COMPEL COMPLIANCE WITH
DOCUMENT AND DEPOSITION SUBPOENAS AND MTN TO QUASH * CASE NO. 5:22-CV-04486-BLF

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

Executed on February 28, 2023.

*/s/ Carolyn B. Lamm*_____
Carolyn B. Lamm