1  KEKER, VAN NEST & PETERS LLP
   ELLIOT R. PETERS - # 158708
2  epeters@keker.com
   DAVID SILBERT - # 173128
3  dsilbert@keker.com
   R. ADAM LAURIDSEN - # 243780
4  alauridsen@keker.com
   NICHOLAS S. GOLDBERG - # 273614
5  ngoldberg@keker.com
   SOPHIE HOOD - # 295881
6  shood@keker.com
   633 Battery Street
7  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
8  Facsimile:    415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:    212 735 3000
Facsimile:    212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:    312 407 0700
Facsimile:    312 407 0411

12  Attorneys for Defendant and Counter-Claimant
    PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant. | Case No. 5:22-CV-04486-BLF (SVK) <br><br> **PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR STAY OF DISCOVERY** <br><br> Dept.:        Courtroom 3, 5th Floor <br> Judge:        Hon. Beth Labson Freeman <br><br> Date Filed:   August 3, 2022 <br> Trial Date:   January 8, 2024 |
| PGA TOUR, INC., <br><br> Counter-claimant, <br><br> v. <br><br> LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br> Counter-defendants. | |

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................1

II.   ARGUMENT .............................................................................................................2

      A.    PIF and Mr. Al-Rumayyan have not shown a strong likelihood of success. ...........3

      B.    PIF and Mr. Al-Rumayyan have not shown irreparable injury. ...........................5

      C.    The TOUR will be substantially prejudiced by a stay. ...........................................6

      D.    The public interest disfavors a stay....................................................................10

III.  CONCLUSION...........................................................................................................10

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

5    *Adv. Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*,
     2010 WL 10133699 (N.D. Cal. Sept. 22, 2010) ........................................................3

6    *Al Otro Lado v. Wolf*,
     952 F.3d 999 (9th Cir. 2020) ....................................................................................2
7

8    *Bates v. State Farm Mut. Auto. Ins. Co.*,
     2015 WL 11777838 (W.D. Wash. May 18, 2015)......................................................8

9    *Dietz v. Bouldin*,
     579 U.S. 40 (2016)....................................................................................................10
10

11   *Doe #1 v. Trump*,
     957 F.3d 1050 (9th Cir. 2020) ...................................................................................3
12

13   *Embassy of the Arab Rep. of Egypt v. Lasheen*,
     603 F.3d 1166 (9th Cir. 2010) ...................................................................................4

14   *Forrest v. Facebook, Inc.*,
     2023 WL 1931356 (N.D. Cal. Jan. 18, 2023) ............................................................3
15

16   *Harlow v. Fitzgerald*,
     457 U.S. 800 (1982)....................................................................................................5
17

18   *Humane Soc'y of U.S. v. Gutierrez*,
     558 F.3d 896 (9th Cir. 2009) .....................................................................................3

19   *Kumandan v. Google LLC*,
     2022 WL 4282622 (N.D. Cal. Aug. 25, 2022) ..........................................................3
20

21   *Maness v. Meyers*,
     419 U.S. 449 (1975)..................................................................................................10
22

23   *Montgomery v. Risen*,
     2015 WL 5167628 (S.D. Fla. Sep. 3, 2015) ..............................................................4

24   *Mt. Graham Coal. v. Thomas*,
     89 F.3d 554 (9th Cir. 1996) .......................................................................................5
25

26   *Pablo Star Ltd. v. Welsh Gov't*,
     961 F.3d 555 (2d Cir. 2020)........................................................................................4
27

28   *Perry v. Schwarzenegger*,
     602 F.3d 976 (9th Cir. 2010) .....................................................................................9

ii

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Phaneuf v. Rep. of Ind.*,
    106 F.3d 302 (9th Cir. 1997) ...................................................................................5

*In re Philippine Nat'l Bank*,
    397 F.3d 768 (9th Cir. 2005) ...................................................................................6

*PlayUp, Inc. v. Mintas*,
    2022 WL 10967692 (D. Nev. Oct. 18, 2022) ......................................................3, 4

*Sakab Saudi Holding Co. v. Aljabri*,
    21-cv-10529-NMG (D. Mass. Mar. 29, 2021), Dkt. 1 ...........................................6

*Sierra Club v. Trump*,
    929 F.3d 670 (9th Cir. 2019) ...............................................................................2, 3

*United States v. Ryan*,
    402 U.S. 530 (1971)..................................................................................................9

**Federal Statutes**

28 U.S.C. § 636(b)(1) ....................................................................................................3

28 U.S.C. § 1608(b) ......................................................................................................9

**Rules**

Fed. R. Civ. P. 72............................................................................................... *passim*

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

1

## I.    INTRODUCTION

2        The Public Investment Fund ("PIF") and Yasir Al-Rumayyan's motion to stay

3   enforcement of Magistrate Judge van Keulen's order compelling their compliance with the PGA

4   TOUR, Inc.'s (the "TOUR") subpoenas is yet another instance of their unrelenting campaign to

5   stonewall discovery in litigation that *they* themselves are behind.  This is a case *they* approved,

6   *they* fund, and *they* control, pending in a forum *their* lawyers chose, that is designed to benefit a

7   company *they* created, control, and own.

8        Judge van Keulen has rejected PIF and Mr. Al-Rumayyan's objections to the TOUR's

9   subpoenas, which seek critical discovery from LIV Golf's ("LIV") true masterminds and

10  decisionmakers, materials that are vital to the TOUR's defenses in the antitrust case as well as to

11  the TOUR's counterclaims.  Now, they ask this Court to completely set aside Judge van Keulen's

12  carefully considered and well-reasoned order, petitioning this Court both for *de novo* review and a

13  stay of enforcement until that review is complete.  In the meantime, PIF and Mr. Al-Rumayyan

14  have improperly granted themselves a *de facto* stay, refusing to engage with the TOUR on any

15  aspect of complying with Judge van Keulen's order.  None of the factors governing a stay

16  pending the Court's review of Judge van Keulen's order favor granting one.  The Court should

17  decline PIF and Mr. Al-Rumayyan's invitation to further delay this critical discovery.

18        ***First***, PIF and Mr. Al-Rumayyan have not made a strong showing that they are likely to

19  succeed on the merits of their Rule 72 challenge.  This Court reviews only for clear error, and PIF

20  and Mr. Al-Rumayyan do not even contest the detailed factual findings made by Judge van

21  Keulen in her 58-page opinion.  Moreover, as explained in the TOUR's opposition to PIF and Mr.

22  Al-Rumayyan's motion for relief, Judge van Keulen's thorough and well-reasoned opinion was

23  correct under any standard of review.

24        ***Second***, PIF and Mr. Al-Rumayyan cannot claim that complying with their discovery

25  obligations will irreparably harm them when they played a central role in the origins of this

26  litigation, their lawyers committed that they would cooperate with discovery, and they—as the

27  Court recently observed—are "up to [their] eyeballs" in the underlying facts.  Feb. 24, 2023 Hr'g

28  Tr. at 18:13-14, Dkt. 298.  Because providing discovery from PIF and Mr. Al-Rumayyan was

1

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

foreseeable and is the consequence of their actions, it does not provide any basis for a stay.

*Third*, unlike PIF and Mr. Al-Rumayyan, the TOUR continues to suffer significant prejudice defending this action without discovery from the parties that created LIV and control its competitive decisions in virtually every respect.  PIF and Mr. Al-Rumayyan are integral to numerous allegations in LIV's complaint, making it manifestly unfair to force the TOUR to defend against those allegations without critical discovery from the driving force behind LIV's activities.  Because PIF and Mr. Al-Rumayyan would *not* have a right of immediate appeal from an order from this Court overruling their objections to Judge van Keulen's order, a stay also prejudices the TOUR by further delaying final resolution of this critical issue.  The prejudice to the TOUR is compounded here because PIF and Mr. Al-Rumayyan have essentially admitted that they have done *nothing* to comply with the TOUR's subpoenas in terms of preserving, collecting, or reviewing documents, thus guaranteeing that there will be further delay after PIF and Mr. Al-Rumayyan's arguments are rejected by the Court.

*Fourth*, the public interest disfavors a stay.  It would be unfair to allow PIF and Mr. Al-Rumayyan to engage in extensive commercial activity and to orchestrate this litigation in the United States, while hiding critical evidence behind the veil of sovereign immunity.

For all these reasons, the Court should deny PIF and Mr. Al-Rumayyan's request for a stay and require them to comply with their discovery obligations.  In the event the Court decides to grant a stay pending its review of Judge van Keulen's order, the TOUR respectfully requests that the Court lift the stay and compel PIF and Mr. Al-Rumayyan to comply within five (5) days of any order from this Court overruling their objections.

## II.    ARGUMENT

The applicant "bears the burden of showing that the circumstances justify" the discretionary issuance of a stay, *see Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 (9th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)), which is an "intrusion into the ordinary processes of administration and judicial review."  *Sierra Club v. Trump*, 929 F.3d 670, 687 (9th Cir. 2019) (quoting *Nken*, 556 U.S. at 427).  Accordingly, Rule 72 objections to a magistrate judge's discovery order do not automatically stay that order because such a stay "would not only

2

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

encourage the filing of frivolous appeals, but would grind the magistrate judge system to a halt." *Adv. Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*, 2010 WL 10133699, at *1 (N.D. Cal. Sept. 22, 2010) (internal quotation marks and alternations omitted).  Rather, "[a] motion to stay a magistrate judge's order pending review by the assigned district judge is evaluated under the same standard as a motion to stay pending appeal." *Forrest v. Facebook, Inc.*, 2023 WL 1931356, at *1 (N.D. Cal. Jan. 18, 2023).

Four factors govern the analysis: (1) whether the stay applicant has made a strong showing that the party is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  *See Forrest*, 2023 WL 1931356, at *1 (citing *Nken*, 556 U.S. at 433).  A party seeking a stay must "make a strong showing," because a "stay is not a matter of right, *even if irreparable injury might otherwise result*." *Sierra Club*, 929 F.3d at 687 (internal quotation marks omitted) (emphasis added).  In keeping with this principle, "[a] stay of a magistrate judge's discovery order should be granted sparingly." *PlayUp, Inc. v. Mintas*, 2022 WL 10967692, at *3 (D. Nev. Oct. 18, 2022).

### A.     PIF and Mr. Al-Rumayyan have not shown a strong likelihood of success.

PIF and Mr. Al-Rumayyan devote more than half of their motion to a further exposition of their Rule 72 objections to Judge van Keulen's order, *see* Dkt. 308 at 4-8, but they have failed to carry their burden of showing "a *strong* likelihood of success on the merits." *Doe #1 v. Trump*, 957 F.3d 1050, 1062 (9th Cir. 2020) (emphasis in original).

***First***, PIF and Mr. Al-Rumayyan are unlikely to succeed in their Rule 72 challenges because this Court's review of Judge van Keulen's order is highly deferential.  A magistrate judge's order regarding compliance with a third-party subpoena is a non-dispositive pretrial matter reviewed under Rule 72(a)'s "clearly erroneous or contrary to law" standard.  *See, e.g.*, *Kumandan v. Google LLC*, 2022 WL 4282622, at *1 (N.D. Cal. Aug. 25, 2022); *see also* 28 U.S.C. § 636(b)(1) (magistrate judge rulings on non-dispositive motions reviewed for clear error).  Where the applicable standard of review is similarly deferential, the Ninth Circuit has denied requests for stays pending appeal under the same factors applicable here. *See Humane Soc'y of*

3
PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

1    *U.S. v. Gutierrez*, 558 F.3d 896, 897 (9th Cir. 2009) (memorandum disposition denying stay

2    pending appeal of administrative agency determination).  In keeping with this authority, courts

3    commonly observe that "it is difficult to establish a sufficient likelihood of success" on a Rule 72

4    challenge, "given the deferential standard of district judge review."  *PlayUp*, 2022 WL 10967692,

5    at *3; *see also Montgomery v. Risen*, 2015 WL 5167628, at *2 (S.D. Fla. Sep. 3, 2015) (stay

6    factors are "difficult hurdles to clear, and federal courts often deny motions to stay a magistrate

7    judge's discovery orders").  Judge van Keulen's well-reasoned and exhaustive decision lays out

8    in great detail why PIF and Mr. Al-Rumayyan's sovereign immunity defenses and their

9    objections to personal jurisdiction cannot succeed under applicable Ninth Circuit authority.  *See*

10   *generally* Dkt. 265.  Far from being clearly erroneous, her decision is supported by extensive

11   factual findings that PIF and Mr. Al-Rumayyan barely mention in their motion.  In short, PIF and

12   Mr. Al-Rumayyan face a steep climb in trying to undo Judge van Keulen's decision.

13          **Second**, even if the Court were to conduct *de novo* review of Judge van Keulen's order,

14   there is no legal basis for reversing her decision.  PIF contends that Judge van Keulen erred by

15   concluding that the Foreign Sovereign Immunity Act's ("FSIA") commercial activity exception

16   abrogated PIF's immunity from litigation as an instrumentality of a foreign state.  *See* Dkt. 308 at

17   5.  But there is overwhelming evidence that PIF has engaged in commercial activity in the United

18   States and, as Judge van Keulen correctly held, "PIF played an essential role in the founding,

19   financing, oversight, and operation of LIV."  Dkt. 265 at 22.  As the TOUR explains in its

20   opposition to PIF and Mr. Al-Rumayyan's Rule 72 motion, that is the legally relevant analysis.

21   *See, e.g., Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555, 565 (2d Cir. 2020) (commercial activity

22   exception applied to foreign state's distribution of promotional materials in the United States);

23   *Embassy of the Arab Rep. of Egypt v. Lasheen*, 603 F.3d 1166, 1171 (9th Cir. 2010) (commercial

24   activity exception applied to a foreign state's funding of an insurance plan in the United States).

25          PIF and Mr. Al-Rumayyan wave at a host of other possible errors in Judge van Keulen's

26   order, but none of those issues supports granting a stay.  Judge van Keulen correctly found that

27   PIF and Mr. Al-Rumayyan are not immune from civil discovery, and PIF and Mr. Al-Rumayyan

28   have not shown a strong likelihood of success in their challenge under Rule 72.  That is sufficient

4
PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

1  reason alone to deny PIF and Mr. Al-Rumayyan's motion for a stay.  *See Mt. Graham Coal. v.*

2  *Thomas*, 89 F.3d 554, 555 (9th Cir. 1996).

3           **B.      PIF and Mr. Al-Rumayyan have not shown irreparable injury.**

4           PIF and Mr. Al-Rumayyan claim that they will lose their sovereign immunity if they are

5  forced to provide discovery.  *See* Dkt. 308 at 3.  But that argument falters at the doorstep.  As

6  explained in detail in the TOUR's opposition to their Rule 72 motion, PIF and Mr. Al-Rumayyan

7  *are not entitled* to sovereign immunity for their conduct in launching a professional golf tour that

8  is designed to compete with the TOUR in the United States, so there is nothing for them to lose.

9           Moreover, PIF and Mr. Al-Rumayyan's claims of irreparable injury ring hollow

10 considering the evidence that they approved this lawsuit's filing and have directed its conduct.

11 *See* Dkt. 208-1 (PIF Shareholders' Agreement).  PIF and Mr. Al-Rumayyan cannot in one breath

12 invoke the Court's authority to adjudicate their claims against the TOUR and then with the next

13 breath reject the Court's jurisdiction when it comes to enforcing discovery orders against *them* in

14 the same lawsuit.  PIF and Mr. Al-Rumayyan do not cite a single case imposing a stay of

15 discovery where the moving party behind a lawsuit seeks to wield the Court's jurisdiction as a

16 sword while invoking the FSIA as a shield from any substantive discovery.

17          PIF and Mr. Al-Rumayyan cite *Phaneuf v. Rep. of Ind.*, 106 F.3d 302 (9th Cir. 1997), for

18 the proposition that allowing "discovery prior to [a] 'final determination' of immunity under the

19 FSIA was 'improvident[.]'"  *See* Dkt. 308 at 1.  But *Phaneuf* had nothing to do with a stay of

20 discovery and instead addressed the merits of a district court's decision denying a motion to

21 dismiss under the FSIA.  The appropriateness of a stay of an order compelling discovery—*after* a

22 judicial determination that the responding party lacked sovereign immunity—was not before the

23 court in *Phaneuf*.  Likewise, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) deals with the scope of

24 qualified immunity for government officials in suits for damages related to their official acts, and

25 has nothing to do with the FSIA or discovery issues.

26          PIF and Mr. Al-Rumayyan's argument that they risk violating Saudi law likewise fails.

27 *See* Dkt. 308 at 3.  As an initial matter, PIF and Mr. Al-Rumayyan improperly rely on foreign law

28 that was not before Judge van Keulen.  But even their own expert admits that there is no evidence

5
PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

the purported secrecy laws he cites are enforced in Saudi Arabia.  *See* Alarfaj Decl., at ¶¶ 32-34,

Dkt. 308-1.  And there is no evidence showing that producing the Court-ordered discovery—

which is focused on golfers and a competitive golf tour—would violate Saudi law.

This is consistent with PIF's own conduct in other commercial litigation.  For example,

PIF readily disclosed internal information in connection with an affirmative lawsuit one of its

subsidiaries filed in the United States.  *See* Notice of Removal, *Sakab Saudi Holding Co. v.

Aljabri*, 21-cv-10529-NMG, (D. Mass. Mar. 29, 2021), Dkt. 1.  When that subsidiary disclosed

that PIF hired Ernst & Young and Deloitte to conduct audits, revealing internal PIF information

in the process, no one raised concerns about compliance with Saudi Arabia's secrecy laws.

Similarly, when the TOUR announced its need to obtain discovery from PIF and Mr. Al-

Rumayyan at the August 2022 status conference, no one voiced any concerns about supposed

secrecy laws in Saudi Arabia that prevented such discovery.  There is simply no competent

evidence supporting PIF and Mr. Al-Rumayyan's claims that they are at risk of criminal

prosecution in Saudi Arabia if they comply with this Court's discovery orders.  Thus, *In re

Philippine Nat'l Bank*, 397 F.3d 768 (9th Cir. 2005) and similar cases are not applicable.

### C.    The TOUR will be substantially prejudiced by a stay.

PIF and Mr. Al-Rumayyan devote fewer than 25 lines of their motion to a stay's possible

prejudice to the TOUR.  *See* Dkt. 308 at 8.  But contrary to their dismissive suggestion that "[a]ny

prejudice to the Tour is nothing other than ordinary litigation delay[,]" *id.* at 2, PIF and Mr. Al-

Rumayyan's discovery stonewalling is already causing significant prejudice to the TOUR.

Discovery from PIF and Mr. Al-Rumayyan is critical to the TOUR's defense of Plaintiffs'

antitrust claims.  It bears on crucial antitrust issues like LIV's plans to compete with the TOUR,

its efforts to recruit golfers, its negotiations and contracts with players, the harms LIV has

purportedly suffered by being denied access to broadcasters, sponsors and vendors, and its

possible antitrust damages.  Additional delay in obtaining this critical information while the rest

of fact discovery proceeds apace significantly undercuts the TOUR's ability to adequately

develop its defenses and prosecute its counterclaims.

The TOUR's subpoenas present just 14 tightly circumscribed topics that bear directly on

6

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

the TOUR's antitrust defenses in at least the following ways:

- PIF and Mr. Al-Rumayyan's communications with sponsors, broadcasters, vendors, and other participants in the golf ecosystem are directly relevant to LIV's claims that the TOUR conspired with others to orchestrate a supposed group boycott of LIV.  *See, e.g.*, First Am. Compl. (FAC), Dkt. 83, ¶¶ 3, 11, 93-100, 108, 131-163, 242-262.

- PIF and Mr. Al-Rumayyan's negotiations with potential broadcast partners for LIV events relate to LIV's claims that the TOUR's regulations "compromised LIV Golf's ability to secure a television broadcast contract," *id.* ¶ 61, and that the TOUR supposedly orchestrated a boycott of LIV among broadcasters, *id.* ¶¶ 3, 11, 108.  Their negotiations with broadcasters are also directly relevant to the competitiveness of LIV's product in the media marketplace and LIV's potential antitrust damages.

- PIF and Mr. Al-Rumayyan's negotiations with potential advertisers and sponsors for LIV events bear directly on the competitiveness of LIV's product and LIV's potential antitrust damages.  *Id.* ¶¶ 48, 55, 103, 105, 107, 262, 268-278

- PIF and Mr. Al-Rumayyan's communications with professional golfers (and their agents) recruiting them to play for LIV bear on the veracity of LIV's claim that it was forced to pay supra-competitive wages to golfers to entice them to leave the TOUR.  *Id.* ¶¶ 12, 14, 171, 178, 281, 332.

- PIF and Mr. Al-Rumayyan's role in designing and approving LIV's contracts with players—which contain provisions far more restrictive than anything in the TOUR's regulations—is directly relevant to whether the TOUR's regulations are reasonable and pro-competitive.  *See* Aug, 9, 2022 Hr'g Tr. at 83:19-20 (the Court noting that LIV's "contracts lockup these players in ways the PGA TOUR never imagined.  They are so restrictive."); *see also* FAC ¶¶ 304-309.

- PIF and Mr. Al-Rumayyan's reasons for backing LIV and their financial projections related to that decision bear on issues related to the competitive pricing of LIV's contracts with professional golfers. FAC ¶¶ 12, 14, 171, 332.

- PIF and Mr. Al-Rumayyan's strategic plans for competing with the TOUR, including their

7

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

1    decisions and reasons for continuing to fund LIV, bear directly on whether LIV has been

2    or will be harmed by the TOUR.  *Id.* ¶¶ 2, 12, 14, 101-108, 119, 171, 332.

3        The current case schedule contemplates that the parties will complete all fact witness

4    depositions by May 26, 2023.  If the current schedule remains in place and PIF and Mr. Al-

5    Rumayyan persist in their refusal to comply with the TOUR's subpoenas, the TOUR will be

6    forced to take many depositions—perhaps all of its depositions—without the benefit of this

7    crucial discovery.  Forcing the TOUR to take discovery from LIV without information within

8    PIF's possession and control that relates to the core antitrust issues in this case would prejudice

9    the TOUR's defense in this case.

10       PIF and Mr. Al-Rumayyan, who are now named as counter-defendants, also possess

11   significant information related to the TOUR's counterclaims.  Communications between PIF or

12   Mr. Al-Rumayyan and TOUR members soliciting their contractual breaches are direct evidence

13   of tortious interference.  *See* Am. Counterclaim, Dkt. 289, at ¶¶ 32-34; 61-72.  The TOUR cannot

14   adequately prepare its case against LIV, PIF, and Mr. Al-Rumayyan without this evidence.

15   Bifurcation of the TOUR's counterclaim—LIV's proposed remedy—would only exacerbate the

16   prejudice on the TOUR by drawing out the litigation and delaying resolution of the TOUR's

17   affirmative claims.  Bifurcation is also unworkable and would unnecessarily burden the parties,

18   witnesses, third parties, and the Court with two substantially duplicative trials, because the

19   TOUR's counterclaims involve the same set of facts, witnesses, and events as LIV's affirmative

20   antitrust and tortious interference claims.  *See, e.g.*, *Bates v. State Farm Mut. Auto. Ins. Co.*, 2015

21   WL 11777838, at *1 (W.D. Wash. May 18, 2015) (bifurcation is inappropriate where a separate

22   trial of one issue "would involve extensive proof and substantially the same facts or witnesses as

23   the other issues in the case").  And, as the Court has observed, "LIV has its own intentional

24   interference claims against PGA TOUR" and the Court "would certainly not [be] bifurcating the

25   case they filed[.]"  Feb. 24, 2023 Hr'g Tr. at 13:9-11, Dkt. 298.

26       The prejudice to the TOUR from a stay is especially acute because PIF and Mr. Al-

27   Rumayyan are actively seeking to evade service of the TOUR's amended counterclaim.

28   Although the Court granted the TOUR's request for leave to amend to add them as counter-

8

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

1    defendants, *see* Dkt. 280, and although their attorneys entered formal notices of appearance on

2    their behalf accepting service of "all pleadings and notices in this action," *see, e.g.*, Dkt. 212, PIF

3    and Mr. Al-Rumayyan now baselessly maintain that the TOUR's service is deficient despite the

4    fact that the FSIA explicitly authorizes service of process on a foreign state's agent in the United

5    States. *See* 28 U.S.C. § 1608(b)(2).  PIF and Mr. Al-Rumayyan's objection to service is

6    meritless, but the TOUR is proceeding through the process outlined in 28 U.S.C. § 1608(b)(3),

7    which requires the Clerk of the Court to forward certified translations of the Amended

8    Counterclaim to Saudi Arabia.  The TOUR has now served PIF and Mr. Al-Rumayyan with

9    discovery requests in their capacity as parties, but the TOUR expects that they will refuse to

10   respond to that discovery as well.  Ultimately, if PIF and Mr. Al-Rumayyan continue to play

11   games with service, the TOUR will request that the Court enter a default judgment against them.

12           In addition to the prejudice attendant to requiring the TOUR to forge ahead with discovery

13   without the benefit of documents or testimony from LIV's creators and controllers, granting a

14   stay would only impair final resolution of this dispute.  PIF and Mr. Al-Rumayyan *may not*

15   *immediately appeal* an order from this Court affirming Judge van Keulen's order compelling their

16   compliance with the TOUR's subpoenas. *See Perry v. Schwarzenegger*, 602 F.3d 976, 979 (9th

17   Cir. 2010) (dismissing direct appeal from order compelling subpoena compliance).  Rather, they

18   must first defy the Court's discovery orders and be held in contempt. *See United States v. Ryan*,

19   402 U.S. 530, 532 (1971) ("one to whom a subpoena is directed may not appeal the denial of a

20   motion to quash that subpoena but must either obey its commands or refuse to do so and contest

21   the validity of the subpoena if he is subsequently cited for contempt on account of his failure to

22   obey.").  But they cannot defy the Court's orders to comply if those orders are stayed.  Thus, PIF

23   and Mr. Al-Rumayyan's proposed stay is a road to purgatory, not resolution.

24           A stay of Judge van Keulen's order serves only to further prejudice the TOUR and disrupt

25   the case schedule by extending the time it will take for PIF and Mr. Al-Rumayyan to perfect their

26   appeals to the Ninth Circuit if this Court affirms Judge van Keulen's order.  For this reason, if the

27   Court is inclined to grant PIF and Mr. Al-Rumayyan's request for a stay, it should: (i)

28   immediately lift the stay in the event it affirms Judge van Keulen's order; (ii) order PIF and Mr.

9

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708

1    Al-Rumayyan to produce all responsive documents electronically within five days of the Court's

2    decision, and (iii) order PIF's 30(b)(6) witness(es) and Mr. Al-Rumayyan to appear for deposition

3    in the United States on a mutually agreeable date no later than May 26, 2023.

4         **D.      The public interest disfavors a stay.**

5         There is a strong public interest in the timely adherence to court orders.  *See Maness v.*

6    *Meyers*, 419 U.S. 449, 458 (1975).  After their lawyers told the Court that they would cooperate

7    in discovery, PIF and Mr. Al-Rumayyan have engaged in a prolonged course of conduct designed

8    to avoid submitting to discovery in a United States court, despite the fact that they approved the

9    filing of this litigation and the fact that they are now under Court order to comply with the

10   TOUR's subpoenas.  This campaign finds its most recent expression in PIF and Mr. Al-

11   Rumayyan's gamesmanship related to service of process of the TOUR's amended counterclaim

12   naming them as counter-defendants subject to party discovery.

13        Granting a stay of discovery would undermine the judicial system and reward PIF and Mr.

14   Al-Rumayyan's intransigence.  Where an instrumentality of a foreign sovereign voluntarily

15   relinquishes its sovereign immunity by engaging in commercial activity within the United States

16   and authorizing litigation in United States courts, the public has a strong interest in seeing that the

17   rules apply fairly to everyone.  Fundamentally, PIF and Mr. Al-Rumayyan seek to upend one of

18   the most basic tenets of the United States justice system: the law applies equally to everyone.

19   *See, e.g.*, *Dietz v. Bouldin*, 579 U.S. 40, 48 (2016) ("Because the exercise of an inherent power in

20   the interest of promoting efficiency may risk undermining other vital interests related to the fair

21   administration of justice, a district court's inherent powers must be exercised with restraint.").

22   Instead, PIF and Mr. Al-Rumayyan ask the Court to allow them to abuse the United States court

23   system by authorizing and controlling this case, without submitting to the attendant obligations of

24   discovery.  That is not how the United States judicial system works.

25   **III.    CONCLUSION**

26        For the foregoing reasons, the TOUR respectfully requests that the Court deny PIF and

27   Mr. Al-Rumayyan's request for a stay of Judge van Keulen's order.

28

2100708

1    Dated: March 10, 2023                           KEKER, VAN NEST & PETERS LLP

2

3                                By:    */s/ Eric H. MacMichael*

4                                        ELLIOT R. PETERS
                                       DAVID SILBERT

5                                        R. ADAM LAURIDSEN
                                       NICHOLAS S. GOLDBERG

6                                        SOPHIE HOOD
                                       ERIC H. MACMICHAEL

7                                        Attorneys for Defendant and Counter-
                                       Claimant

8                                        PGA TOUR, INC.

9                                        SKADDEN, ARPS, SLATE, MEAGHER
                                       & FLOM LLP

10

11

12                                        ANTHONY J. DREYER
                                       PATRICK FITZGERALD

13                                        KAREN M. LENT
                                       MATTHEW M. MARTINO

14                                        Attorneys for Defendant and Counter-
                                       Claimant

15                                        PGA TOUR, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND AND YASIR OTHMAN AL-
RUMAYYAN'S MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2100708