**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

QUINN EMANUEL URQUHART & SULLIVAN LLP
JOHN B. QUINN, SBN 90378
johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN BASH (*pro hac vice*)
johnbash@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100

ROBERT P. FELDMAN, SBN 69602
bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

*Attorneys for Non-Parties The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br> **THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA'S AND HIS EXCELLENCY YASIR O. AL-RUMAYYAN'S OPPOSITION TO PGA TOUR, INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> Judge: Hon. Beth Labson Freeman <br><br> Date Filed: August 3, 2022 <br><br> Trial Date: January 8, 2024 |

The Public Investment Fund ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE"), non-parties to this lawsuit and the subjects of the subpoenas at issue, respectfully submit this opposition to the PGA Tour, Inc.'s (the "Tour") Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (the "Motion," Dkt. No. 288).

**INTRODUCTION**

The Tour objects to the Magistrate Judge's February 9, 2023 order (Dkt. No. 265, the "Order") based on the same concerns that PIF and HE raised in the briefing below—concerns that compliance with the subpoenas requires violation of Saudi law and risks criminal penalties. *See* Dkt. No. 306 at 9-10, 12; Dkt. No. 306-1 ("Alarfaj Decl.") ¶¶ 20-27, 36-37. The Tour previously argued such risks were "outweigh[ed]" by the Court's interest in enforcing the subpoenas. *See* Dkt. No. 169 at 14. But now that the Tour's own lawyers fear risk of possible criminal penalties for the discovery sought from PIF and HE, the Tour claims that it would be "unfair and unreasonable" to force the Tour to risk such penalties in taking the illegal discovery. *See* Mot. 3. The Tour nonetheless urges the Court to disregard these same risks and ignores the impact of forcing PIF, a sovereign instrumentality of the Kingdom of Saudi Arabia, and HE, a minister and Governor of PIF, to violate Saudi law. The Tour's argument makes clear that, under *Richmark*, the subpoenas must be quashed. Whether in Saudi Arabia or the United States, the violation of Saudi law is the same, as PIF and HE have maintained and the Saudi law opinion demonstrates. *See* Dkt. No. 306 at 9-10, 12; Alarfaj Decl. ¶¶ 20-27, 36-37; *see also Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1475, 1477 (9th Cir. 1992).

The Tour's other arguments fare no better. Though the Tour is correct that the Magistrate Judge had no authority under Rule 45 to modify the place of compliance as she did, the proper course was to quash the subpoenas entirely for their failure to comply with the statutory 100-mile requirement, not to order depositions to proceed with the possibility of changing the location. Moreover, PIF and HE remain nonparties; contrary to the Tour's suggestion, PIF and HE have not been served as counter-defendants. And the PIF and HE are entitled to a determination of their immunity from the counterclaims before party discovery could proceed. *See Phaneuf v. Republic of Indon.*, 106 F.3d 302, 305 (9th Cir. 1997). The Tour's Motion should be denied.

**STANDARD OF REVIEW**

The Tour claims that the Rule 72(a) "clearly erroneous or contrary to law" standard for non-dispositive pretrial matters applies to the Motion. *See* Mot. 1. PIF and HE agree. Whereas PIF and HE's request for review of the Order raises dispositive matters as to third parties (*see* Dkt. No. 306), the Tour's Motion challenges only one aspect of the Order, the place of compliance. This is a non-dispositive discovery matter. *See* Fed. R. Civ. P. 72(a).

**ARGUMENT**

**I.   THE MAGISTRATE JUDGE SHOULD HAVE QUASHED THE SUBPOENAS BASED ON RULE 45(C)'S 100-MILE REQUIREMENT**

The Tour claims that it was contrary to law to permit a compliance location in Saudi Arabia because the Order found "'the evidence offered by [them] is inconclusive'" on whether PIF and HE "'regularly transact business' within 100 miles of the place of compliance in New York City." Mot. 2 (quoting Order 55). The Tour is mistaken. "Inconclusive" evidence as to whether PIF and HE regularly transact business within 100 miles of New York does not mean that this express requirement for a valid subpoena under Rule 45(c) was met. *See* Fed. R. Civ. P. 45(c)(1)(A). The subpoenas were invalid under the plain text of Rule 45(c) and should have been quashed, not modified.

To begin with, the evidence fell short of establishing that PIF and HE regularly transact business in the United States, much less within 100 miles of New York City. The Tour's references to HE's "frequent visits to New York City" and PIF's "investment conduct through its New York City branch office" are misleading. Mot. 2; *see also* Order 55. PIF has no real estate or employees in the United States. *See* Dkt. No. 166 at 3-4; Dkt. No. 173 at 10. The so-called "New York City branch office" that Tour references was opened by a PIF subsidiary, a separate legal entity with full administrative autonomy that has no relationship with LIV or the PIF's investment in LIV. *Id.* The existence of a New York subsidiary does not demonstrate that PIF regularly transacts business there for purposes of Rule 45. *See Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, 2022 U.S. Dist. LEXIS 127870, at *22-24 (S.D. Cal. July 18, 2022) (declining to find San Diego "an acceptable 'place of compliance' under Rule 45(c)(1)" based on "the mere existence" of a "branch location,"

which "the nonparty represent[ed] as a 'completely separate corporate entity'"). And the few isolated trips to the United States that the Tour points to likewise are insufficient to show that HE regularly transacts business there. *See, e.g.*, *Perez v. Porgenics Pharms., Inc.*, 2015 U.S. Dist. LEXIS 83557, at *6 (S.D.N.Y. June 24, 2015) ("infrequent trips" for quarterly board meetings "do not appear to fit within the meaning of Rule 45(c)(1)(A)").

The Tour offers nothing to support its conclusion that this "inconclusive" evidence means that PIF and HE should be required to attend depositions in New York. *See* Mot. 2. As relevant here, Rule 45(c) provides that a subpoena may command a person to attend a deposition "***only*** . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(1)(A) (emphasis added). This predicate under Rule 45(c) was not met, and the Magistrate Judge did not hold that it was. *See* Order 48-55. Furthermore, the Tour fails to identify a single case where a Rule 45 subpoena was upheld notwithstanding "inconclusive" evidence that the geographical limitations of Rule 45(c)(1)(A) were satisfied. The Tour's reliance on *Corrales v. Castillo* (*see* Mot. 2) is unavailing, as in that case the non-party failed to provide ***any*** "evidence demonstrating that he does not regularly transact business in or near" the deposition location, but rather "[m]erely assert[ed] that he conducts business from his office in Tijuana, Mexico." *See* 2008 U.S. Dist. LEXIS 142381, at *5-6 (D. Nev. Feb. 12, 2008). And in fact there was evidence in *Corrales* that the subpoena recipient "regularly conducts business in" the deposition location. *Id.* at *8. The record here does not support that conclusion, and the Magistrate Judge did not so hold. *See* Order 55.

However, PIF and HE agree with the Tour (to an extent) that the modification of the location of compliance set forth in the Order was improper. *See* Mot. 2-3. Under the circumstances here, Rule 45(d) required the Magistrate Judge to quash the subpoenas because they exceeded the 100-mile limit of Rule 45(c). *See* Fed. R. Civ. P. 45(d)(3)(A)(ii); *Hanwha Q Cells USA Corp. v. FCX Solar, LLC*, 2022 U.S. Dist. LEXIS 125554, at *4 (D. Nev. July 15, 2022) (finding "the subpoena must be quashed under Rule 45(d)(3)(A)(ii) because it requires compliance 'beyond the geographical limits specified in Rule 45(c)'"). Nonetheless, the Magistrate Judge decided that "[u]nder the circumstances of this case," it was "most appropriate to exercise its discretion to modify

3

rather than quash the subpoenas on the issue of the place of compliance." Order 55. Despite recognizing that Rule 45(d) required her to quash or modify the subpoenas for failure to "comply with the geographic limits in Rule 45(c)," the Magistrate Judge then proceeded to permit the Tour to re-serve deposition subpoenas specifying "the same NYC location as the original subpoenas," again in violation of the 100-mile limit in Rule 45(c). *Id.* This was contrary to law; instead, the Magistrate Judge should have quashed—not modified—the subpoenas. *See Hanwha*, 2022 U.S. Dist. LEXIS 125554, at *4 (rejecting argument that "Court should modify" the "facially noncompliant" subpoena "to comply with the 100-mile rule"). The fact that the Magistrate Judge offered PIF and HE the option to "request . . . that PGA instead designate a deposition location in Riyadh" (Order 55) does not cure subpoenas that were invalid on their face for failure to comply with the geographical limitations specified in Rule 45(c). *See Hanwha*, 2022 U.S. Dist. LEXIS 125554, at *3-5; *AngioScore, Inc. v. TriReme Med., Inc.*, 2014 U.S. Dist. LEXIS 165227, at *4 & n.1 (N.D. Cal. Nov. 25, 2014) (subpoena specifying a place of compliance more than 100 miles from nonparty's headquarters was "invalid on its face" and "well beyond the 100 mile subpoena power set forth in" Rule 45(c)).

## II. THE TOUR CANNOT REVERSE COURSE ON WHAT SAUDI LAW PROVIDES

Previously, the Tour claimed that PIF and HE "failed to demonstrate that providing discovery in this case would actually violate *any* of the Saudi laws they cite." Dkt. No. 169 at 14. The Tour further argued that "the Court's interest in enforcing the subpoenas outweighs any concerns about the Saudi laws" raised by PIF and HE. *Id.* In a complete about-face, the Tour now claims that permitting PIF and HE to be deposed in Riyadh, Saudi Arabia would "endanger the TOUR and its counsel" because "according to PIF and Mr. Al-Rumayyan, such discovery would violate Saudi Arabian law and expose the TOUR and its counsel to imprisonment." Mot. 1. Now that the Tour's lawyers fear risk of criminal penalties, the Tour claims that it would be "unfair and unreasonable" to force the Tour to obtain discovery "that PIF and [HE] contend is illegal to provide." *Id.* at 3-4. Having previously taken the position that enforcement of the subpoenas "outweighs any concerns about the Saudi laws," however, the Tour cannot now rely on those very same concerns to challenge the Magistrate Judge's Order.

Nonetheless, the Tour is correct that the depositions of HE and PIF would violate Saudi law, regardless of where they are conducted. *See* Dkt. No. 306 at 9; Alarfaj Decl. ¶¶ 30-31 (explaining that "compulsory disclosures and taking of testimony ('depositions') at issue in this case would be prohibited within the KSA's legal system"). That is precisely the reason why the subpoenas should have been quashed. Though the Tour argues that taking depositions in Saudi Arabia poses "safety concerns" for the Tour and its counsel (*see* Mot. 3), those concerns would apply with even greater force for PIF and HE. If it is "unfair and unreasonable" (*id.*) for the Tour's counsel—a U.S.-based attorney team subject to the protection of the U.S. government, foreign diplomacy, and close media scrutiny—to take depositions in Saudi Arabia, it would be even more "unfair and unreasonable" to subject either HE or a PIF corporate designee to those depositions. Ultimately, the Tour's protests about "legitimate safety concerns" and "safety risks" are a public relations maneuver designed to feed on prejudice against Saudi Arabia, which the Court should disregard. *See id*.

At any rate, to support its new position regarding the risks under Saudi law of these compelled depositions, the Tour cites inapposite cases addressing the location of depositions for *party* witnesses—that involved unique facts and considerations not applicable here. *See Tekle v. Saud*, 2019 U.S. Dist. LEXIS 248206, at *3 (E.D. Va. June 18, 2019) (finding "particular concern" because defendants were "members of the royal al Saud family of Saudi Arabia" who counterclaimed against the plaintiff for defamation, and therefore "the deposition of defendants will necessarily require plaintiff's attorneys to ask defendants questions that could easily be viewed as critical of the al Saud family"); *Fausto v. Crediqy Servs. Corp.*, 251 F.R.D. 427, 429-30 (N.D. Cal. 2008) (ordering depositions of named defendants in the United States rather than Brazil, in part, because it was "illegal for American lawyers to take depositions in Brazil" and the defendant's own representative testified that it "regularly hosts Brazilian employees in Atlanta"); *United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 627-28 (S.D. Cal. 2001) (ordering intervenors who voluntarily joined the litigation in the district to "return to this district for deposition"). This Court recently distinguished *United States v. $160,066.98 from Bank of Am.* as a case where the deponents were intervenors who had voluntarily "joined the litigation and thus 'subject[ed] themselves to the jurisdiction of the court.'" *Monolithic Power Sys., Inc. v. Wei Dong*, 2023 U.S. Dist. LEXIS 11328,

5

at *28 (N.D. Cal. Jan. 20, 2023) (ordering depositions of non-resident defendants to take place in Hong Kong or Macau or by remote means). Here, PIF and HE have not "joined the litigation and thus 'subject[ed] themselves to the jurisdiction of the court.'" *See id.* PIF and HE are not parties to the lawsuit (*see infra*, § III), and as explained in their objections to the Magistrate Judge's Order, this Court does not have jurisdiction over them. *See* Dkt. No. 306.

### III. PIF AND HE REMAIN SUBJECT TO RULE 45(C) AS NONPARTIES

The Tour contends that PIF and HE are no longer within the scope of Rule 45(c)'s protection "[n]ow that PIF and Mr. Al-Rumayyan have been added as counter defendants." Mot. 4-5. That is incorrect. Though this Court has granted the Tour leave to amend their counterclaim to add PIF and HE as counterclaim-defendants, PIF and HE have not been served, and in any event, they are non-parties for purposes of this Court's review of the objections to the Magistrate Judge's Order.

As this Court explained during the February 24, 2023 case management conference, the Tour's amended pleading "doesn't actually change anything" because it was "only filed, . . . not served," and "[t]here's been no acceptance of jurisdiction under the counterclaim." Feb. 24, 2023 Hr'g Tr. 4:19-24. The Court further noted that PIF and HE "aren't technically parties yet because there doesn't appear to be service" and emphasized that it "certainly [didn't] perceive the Public Investment Fund or Mr. Al-Rumayyan to be parties in any sense at this point." *Id.*; *see also id.* at 38:24-25 (PIF and HE "aren't technically parties yet because there doesn't appear to be service, they are third parties."). To date, PIF and HE have yet to be served as counter defendants. As an instrumentality within the meaning of the FSIA, 28 U.S.C. § 1603(b), PIF must be served in accordance with the FSIA's specific requirements under 28 U.S.C. § 1608(b). *See Hale v. Evidencia Display*, 2015 U.S. Dist. LEXIS 101297, at *10-13 (C.D. Cal. Aug. 3, 2015) (explaining that "service shall be made on an agency or instrumentality of a foreign state" under the methods specified in 28 U.S.C. § 1608(b)). The Tour has not even attempted to satisfy the FSIA's enumerated methods for serving an instrumentality such as PIF. Likewise, the Tour has not effected proper service on HE, an individual domiciled in Saudi Arabia, pursuant to Rule 4(f). Again, the Tour has provided no evidence that it has even attempted service by any of the enumerated methods as to HE.

As a result, until service has been effected under § 1608(b) and Rule 4(f), respectively, PIF and HE remain non-parties to the action.  *See Zero Motorcycles, Inc. v. Nikola Motor Co.*, 2018 U.S. Dist. LEXIS 59248, *9 (N.D. Cal. Apr. 6, 2018) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service . . . .").  Accordingly, the cases the Tour cites (*see* Mot. 5)—all of which address *party* witnesses and foreign-national *parties*—are irrelevant.  *See Goes Int'l, AB v. Dodur Ltd.*, 2017 U.S. Dist. LEXIS 4999, at *1-4 (N.D. Cal. Jan. 12, 2017) (granting motion to compel deposition of defendant Chinese software developer in San Francisco); *Hyde & Drath*, 24 F.3d at 1166 (finding no abuse of discretion in ordering depositions of plaintiffs-appellants Hong Kong corporations to occur in San Francisco); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336-37 (N.D. Ind. 2000) (ordering depositions of Japanese corporate defendants in the United States); *Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F. Supp. 2d 525, 533 (D.N.J. 2009) (ordering deposition of a Swiss corporate defendant in New Jersey). Furthermore, even if served—which they were not—both PIF and HE's immunity claims must first be determined on the basis of the new allegations (if any) in the amended counterclaim as served before any party discovery could proceed.  *See Phaneuf*, 106 F.3d at 305.

In any event, this Court made clear that for purposes of this review, it is "ignoring the fact of the amended pleading" filed by the Tour and "focusing on the order of Judge Van Keulen."  *See* Feb. 24, 2023 Hr'g Tr. 42:25-43:4.  Because the operative documents for purposes of this Motion are the subpoenas, the complaint, and the counterclaim, as they existed at the time of Judge Van Keulen's order, even if they had been properly served—and they have not—PIF and HE remain nonparties for this Court's review of the objections to the Magistrate Judge's Order.

## CONCLUSION

For the foregoing reasons, PIF and HE respectfully request that the Court deny the Tour's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge.

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | Respectfully submitted, |
| 2 | DATE: March 10, 2023 | By: | /s/ Carolyn B. Lamm |

**WHITE & CASE**LLP

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

JOHN B. QUINN, SBN 90378
johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN BASH, *pro hac vice*
johnbash@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street, Suite 2010

Austin, TX 78701-3901
Telephone: (737) 667 6100

ROBERT P. FELDMAN, SBN 69602
bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:    650.801.5100

*Attorneys for Non-Parties The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

Executed on March 10, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Carolyn B. Lamm*_____
　　　　　　　　　　　　　　　　　　　　　　　　Carolyn B. Lamm