UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF, INC., <br><br> Plaintiffs, <br> v. <br> PGA TOUR, INC., <br><br> Defendant. <br>——————————————————— <br> PGA TOUR, INC., <br><br> Counterclaimant, <br> v. <br> LIV GOLF, INC., PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and HIS EXCELLENCY YASIR OTHMAN AL-RUMAYYAN, <br><br> Counterdefendants. | Case No. 22-cv-04486-BLF <br><br> **ORDER GRANTING MOTION TO STAY MAGISTRATE JUDGE'S ORDER PENDING RULE 72 REVIEW** <br><br> [Re: ECF 308] |

On February 9, 2023, Magistrate Judge Susan van Keulen issued an order ("the Order") addressing the enforceability of subpoenas that Defendant/Counterclaimant PGA Tour, Inc. ("PGA") issued to non-parties[1] Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("Mr. Al-Rumayyan"). *See* Order, ECF 265. The Order has been challenged in two motions brought under Federal Rule of Civil Procedure 72, one by PGA and the other by PIF and Mr. Al-Rumayyan. Briefing on those motions was completed on March 10, 2023 and they will be addressed by this Court as soon as is practicable.

---

[1] PGA recently amended its counterclaim to add PIF and Mr. Al-Rumayyan as counterdefendants. *See* Answer and Am'd Countercl., ECF 289. The Court continues to treat PIF and Mr. Al-Rumayyan as non-parties, however, pending service of process on them. *See Zero Motorcycles, Inc. v. Nikola Motor Co.*, No. 17-CV-05370-MEJ, 2018 WL 1696867, at *3 (N.D. Cal. Apr. 6, 2018) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service. . . .").

In the meantime, PIF and Mr. Al-Rumayyan ("Movants") move to stay Judge van Keulen's Order pending this Court's disposition of their Rule 72 motion for relief from the Order.[2] *See* Mot. to Stay, ECF 308. The motion to stay is opposed by PGA. *See* Opp., ECF 323. The Court finds the motion to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b).

The motion to stay Judge van Keulen's Order is GRANTED as discussed below.

**I.    LEGAL STANDARD**

"A motion to stay a magistrate judge's order pending review by the assigned district judge is evaluated under the same standard as a motion to stay pending appeal." *Forrest v. Facebook, Inc.*, No. 5:22-CV-03699-EJD, 2023 WL 1931356, at *1 (N.D. Cal. Jan. 18, 2023); *see also Alvarez v. Larose*, No. 3:20-cv-00782-DMS-AHG, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (collecting cases). Under that standard, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted). The first two factors are the most critical. *See id.* The moving party bears the burden of showing that a stay is warranted. *See id.* at 433-34.

The Ninth Circuit applies a balancing approach to the *Nken* factors similar to that applied to the *Winter* factors in the context of a motion for preliminary injunction. *See Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Opining that "a flexible approach is even *more* appropriate in the stay context," the Ninth Circuit has made clear that "[t]here are many ways to articulate the minimum quantum of likely success necessary to justify a stay." *Id.* at 966-67 (emphasis in original). The stay applicant may satisfy the first factor by showing a "reasonable probability" or "fair prospect" of success, "a

---

[2] The Court observes that the notice of motion and proposed order indicate that Movants seek a stay of *all* current and future discovery against them. However, the motion itself requests a stay only with respect to Judge van Keulen's Order. None of the arguments contained in the motion are directed to a broader stay. Accordingly, the Court understands the motion to be limited to a request for a stay of Judge van Keulen's Order pending Rule 72 review.

substantial case on the merits," or "that serious legal questions are raised." *Id*. at 967-68 (internal quotation marks and citations omitted). The second factor requires a showing that "irreparable harm is probable if the stay is not granted." *Id*. at 968.

## II. DISCUSSION

Applying this four-factor test, the Court has no difficulty concluding that Movants have met their burden to show that a stay of Judge van Keulen's Order is warranted pending disposition of Movants' Rule 72 motion.

### A. Likelihood of Success

With respect to the first factor, Movants have raised serious legal questions in their Rule 72 motion for relief from Judge van Keulen's Order. That Order addresses a number of thorny issues, including application of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 et seq., whether Mr. Al-Rumayyan is entitled to common law immunity from enforcement of PGA's subpoena, and whether Movants are subject to this Court's personal jurisdiction. Movants assert substantial challenges to Judge van Keulen's rulings on those issues that will require careful and serious consideration by this Court to resolve. Under these circumstances, the Court finds that the first factor is satisfied.

### B. Irreparable Harm to Movants Absent Stay

As to the second factor, Movants have established the probability of irreparable harm absent a stay because if they are required to comply with Judge van Keulen's Order before the Court rules on their Rule 72 motion, they will be effectively denied the relief sought in that motion. *See Forrest*, 2023 WL 1931356, at *2 ("Requiring Facebook to supplement its initial disclosures would also cause irreparable injury to Facebook because there is no recourse once Dr. Forrest learns of Facebook's witnesses."); *Alvarez*, 2020 WL 5632659, at *2 (granting in part motion to stay where immediate enforcement of magistrate judge's order "might preclude the district judge's ability to review Respondents' anticipated Rule 72 objection, which would effectively deprive Respondents of their right to reconsideration of the Discovery Order by the district judge altogether.").

The Court finds unpersuasive PGA's argument that Movants will not be deprived of

sovereign immunity absent a stay because they are not entitled to sovereign immunity. It would be premature for the Court to make any determination regarding Movants' entitlement to sovereign immunity in the context of the current motion to stay. The very purpose of the motion to stay is to provide the Court sufficient time to evaluate Movants' arguments on sovereign immunity and other issues raised in their Rule 72 motion while preserving the efficacy of the relief sought in that motion should Movants prevail.

### C. Effect of Stay on Interested Parties

Regarding the third factor, the effect of a stay on interested parties, PGA argues that the subpoenaed material is critical to their defense of Plaintiffs' antitrust claims and that a delay in obtaining that material will undercut PGA's ability to adequately develop its case. The Court recognizes the importance of the discovery at issue, and will make every effort to rule on the pending Rule 72 motions quickly. PGA has not established that the brief delay necessary for the Court to evaluate the parties' Rule 72 motions in a reasoned manner will cause substantial prejudice to PGA. *See Forrest*, 2023 WL 1931356, at *2 ("At most, a stay would slightly delay Dr. Forrest from receiving supplemental disclosures, and such delay is not substantial harm.") (internal quotation marks and citation omitted). The contemplated stay would be only as to enforcement of Judge van Keulen's Order, and would not preclude any other discovery in the case.

### D. Public Interest

As to the fourth factor, Movants cite the public interest of the United States in respecting foreign sovereigns' immunity from suit and international comity. PGA cites the public interest in the timely adherence to court orders and the application of the law equally to all. Both interests and important and neither is dispositive here.

### E. Conclusion

After careful consideration, the Court finds that Movants have shown that three of the four relevant factors favor a stay, specifically, that there are serious legal questions going to the merits of their Rule 72 motion (first factor), that they will suffer irreparable harm absent a stay (second factor), and that a stay will not substantially prejudice PGA (third factor). Based on this showing, the Court concludes that Movants have met their burden and that a stay is warranted.

**III. ORDER**

    (1) The motion to stay Judge van Keulen's Order pending disposition of Movants' Rule 72 motion is GRANTED.

    (2) This stay relates only to the subpoenas addressed in Judge van Keulen's Order and does not preclude any other discovery in this case.

    (3) This order terminates ECF 308.

Dated: March 15, 2023

_____
BETH LABSON FREEMAN
United States District Judge