RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:   415.393.8306

SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000

*Attorneys for Plaintiffs Matt Jones, Bryson DeChambeau, Peter Uihlein, and LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br>    Plaintiffs, <br><br>v. <br><br>PGA TOUR, INC., <br><br>    Defendant and Counter-Plaintiff, <br><br>v. <br><br>LIV GOLF INC. THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br>    Counter-Defendants. | CASE NO. 5:22-cv-04486-BLF <br><br>**LIV GOLF INC.'S ANSWER TO PGA TOUR, INC.'S AMENDED COUNTERCLAIM** |

Plaintiff and Counter-Defendant LIV Golf Inc. ("LIV" or "LIV Golf" or "Counter-Defendant LIV"), by its undersigned counsel, files its answer to the amended counterclaim of Defendant and Counter-Plaintiff PGA Tour, Inc. (sometimes "the Tour"). Unless expressly admitted, all allegations, including any allegations contained or implied anywhere in the Tour's counterclaim (whether in the body, headings, footnotes, or otherwise) are denied. LIV provides its specific responses to the allegations of the counterclaim as follows:

## INTRODUCTION

1. To the extent that Paragraph 1 sets forth legal conclusions, no response is required. Otherwise, denied.

2. Counter-Defendant LIV admits the allegations in Paragraph 2 only to the extent that LIV has agreements with certain Player Plaintiffs. To the extent that Paragraph 2 recites or characterizes those agreements, the agreements speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements for a full and accurate recitation of their contents. Otherwise, denied.

3. Counter-Defendant LIV admits that it receives funds from the Public Investment Fund of Saudi Arabia ("PIF"). To the extent Paragraph 3 recites or characterizes agreements with PIF, the agreements speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements for a full and accurate recitation of their contents. To the extent that Paragraph 3 sets forth legal conclusions, no response is required. Otherwise, denied.

4. Counter-Defendant LIV denies the allegations in Paragraph 4.

5. Counter-Defendant LIV admits that there was a break in LIV's 2022 schedule during mid-August and denies the remaining allegations in Paragraph 5. Otherwise, denied.

6. To the extent Paragraph 6 recites or characterizes agreements with PIF or certain Player Plaintiffs, the agreements speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements for a full and accurate recitation of their contents. Otherwise, denied.

7. Counter-Defendant LIV denies the allegations in Paragraph 7.

**PARTIES**

8.     Counter-Defendant LIV admits that LIV is a Delaware corporation with its headquarters in West Palm Beach, Florida and principal place of business in New York, New York. Counter-Defendant LIV further admits that, at the present time, LIV is receives financing from the Public Investment Fund of Saudi Arabia. Otherwise, denied.

9.     Counter-Defendant LIV admits that the PIF is the sovereign wealth fund of the Kingdom of Saudi Arabia. Counter-Defendant LIV admits that the PIF owns 93% of the shares in LIV Golf Investments, Ltd., which owns LIV Golf Holdings, Ltd., which owns LIV. Counter-Defendant LIV admits that LIV Golf Investments, Ltd. and LIV Golf Holdings, Ltd. are incorporated under the laws of Jersey. Counter-Defendant LIV admits that the PIF has committed funding to LIV. To the extent Paragraph 9 recites or characterizes investment agreements, corporate filings, or other documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, Counter-Defendant LIV lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies those allegations.

10.    Counter-Defendant LIV admits that Mr. Al-Rumayyan is the Governor of PIF and a citizen of the Kingdom of Saudi Arabia. Otherwise, Counter-Defendant LIV lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies those allegations.

11.    Counter-Defendant LIV admits the allegations in the first sentence of Paragraph 11. Counter-Defendant LIV lacks sufficient knowledge or information to form a belief as to the truth of the allegations in second sentence of Paragraph 7 and therefore denies those allegations.

**JURISDICTION AND VENUE**

12.    As it relates to LIV only, Counter-Defendant LIV admits for purposes of this action only that the Court has subject matter jurisdiction. To the extent that the remaining allegations in Paragraph 12 set forth legal conclusions, no response is required. Otherwise, denied.

13.     As it relates to LIV only, Counter-Defendant LIV admits that the Court has personal jurisdiction over LIV.  To the extent that the remaining allegations in Paragraph 13 set forth legal conclusions, no response is required.  Otherwise, denied.

14.     To the extent that the allegations in Paragraph 14 set forth legal conclusions, no response is required.  Otherwise, denied.

15.     As it relates to LIV only, Counter-Defendant LIV admits that venue is proper in this district.  To the extent that the remaining allegations in Paragraph 15 set forth legal conclusions, no response is required.  Otherwise, denied.

## GENERAL ALLEGATIONS

16.     Counter-Defendant LIV lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies those allegations.

17.     Counter-Defendant LIV lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies those allegations.

18.     Counter-Defendant LIV denies the allegations in Paragraph 18.

19.     Counter-Defendant LIV admits that the Tour purports to be a 501(c)(6) organization.  Counter-Defendant LIV denies the remaining allegations in Paragraph 19.

20.     To the extent Paragraph 20 characterizes or recites the PGA Tour's Player Handbook & Tournament Regulations (the "Regulations"), the Regulations speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the Regulations for a full and accurate recitation of their contents.  Otherwise, denied.

21.     Counter-Defendant LIV admits the final two sentences of Paragraph 21.  Otherwise, denied.

22.     Counter-Defendant LIV admits that the PIF is the sovereign wealth fund of the Kingdom of Saudi Arabia.  Otherwise, Counter-Defendant LIV lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations.

23.     Counter-Defendant LIV lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations.

24. Counter-Defendant LIV admits that LIV was founded in 2021, and that Performance54 Group Ltd. holds a minority stake in LGI, that LGI owns LGH and LGH owns LIV. Otherwise, denied.

25. To the extent Paragraph 25 recites or characterizes agreement(s) with PIF, the agreement(s) speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements for a full and accurate recitation of their contents. To the extent that Paragraph 25 sets forth legal conclusions, no response is required. Otherwise, denied.

26. To the extent Paragraph 26 recites or characterizes agreements with PIF, Performance 54 Group Ltd. and/or LIV, the agreements speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements for a full and accurate recitation of their contents. To the extent that Paragraph 26 sets forth legal conclusions, no response is required. Otherwise, denied.

27. Counter-Defendant LIV denies that PIF has "close control" over LIV beyond that of an ordinary investor. Counter-Defendant LIV lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the remainder of Paragraph 27 and therefore denies those allegations.

28. Counter-Defendant LIV admits that Mr. Al-Rumayyan attended LIV events, attended the 2022 Super Bowl, golfed in LIV Pro-ams, has presented trophies at LIV events, and is highlighted yellow in the photograph. Otherwise, denied.

29. Counter-Defendant LIV admits that LIV management met with Mr. Al-Rumayyan periodically and that Mr. Al-Rumayyan has oversight of LIV as the representative of its principal investor. To the extent that the allegations in Paragraph 29 characterize or recite certain documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, denied.

30. To the extent that the allegations in Paragraph 30 characterize or recite certain documents and agreements, the documents and agreements speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents and agreements for a full and accurate recitation of their contents. Otherwise, denied.

31. To the extent that the allegations in Paragraph 31 characterize or recite certain documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, denied.

32. To the extent that the allegations in Paragraph 32 characterize or recite certain documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, denied.

33. To the extent that the allegations in Paragraph 33 characterize or recite certain documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, denied.

34. Counter-Defendant LIV admits that Casey Wasserman represents some players. To the extent that the allegations in Paragraph 34 characterize or recite certain documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, denied.

35. To the extent that the allegations in Paragraph 35 characterize or recite certain documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, denied.

36. Counter-Defendant LIV admits that it receives funds from PIF. Otherwise, denied.

37. Counter-Defendant LIV admits that LIV has contracted with various professional golfers to join the LIV series, and that those golfers receive a certain minimum amount of prize money per LIV event. Counter-Defendant LIV denies the remaining allegations in Paragraph 37.

38. To the extent Paragraph 38 recites or characterizes agreements with PIF, the agreements speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements for a full and accurate recitation of their contents. To the extent that Paragraph 38 sets forth legal conclusions, no response is required. Otherwise, denied.

39. Counter-Defendant LIV admits that LIV seeks to grow the game of golf. Otherwise, denied.

40. Counter-Defendant LIV admits the first and second sentence of Paragraph 40. Otherwise, denied.

41. Counter-Defendant LIV admits that the Player Plaintiffs were Tour members during all or part of the 2021–22 golf season. Counter-Defendant LIV further admits that Player Plaintiffs are independent contractors. To the extent that the remaining allegations in Paragraph 41 characterize or

recite certain agreements between LIV and Player Plaintiffs, the agreements speak for themselves, and Plaintiff respectfully refers the Court to the agreements for a full and accurate recitation of their contents. Otherwise, denied.

42. Counter-Defendant LIV denies the first sentence of Paragraph 42. To the extent that the remaining allegations in Paragraph 42 characterize or recite certain agreements between LIV and Player Plaintiffs, the agreements speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements for a full and accurate recitation of their contents. Otherwise, denied.

43. To the extent that the second-to-last sentence of Paragraph 43 characterizes or recites the terms of certain agreements between LIV and Player Plaintiffs, the agreements speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements for a full and accurate recitation of their contents. To the extent the last sentence of Paragraph 43 characterizes agreements or documents, the agreements and documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements and documents for a full and accurate recitation of their contents. Otherwise, denied.

44. To the extent the last sentence of Paragraph 44 characterizes agreements or other documents, the agreements and documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the agreements and documents for a full and accurate recitation of their contents. Otherwise, denied.

45. Counter-Defendant LIV admits that Player Plaintiffs were Tour members during all or some of the 2021–22 golf season. To the extent that the remaining allegations in Paragraph 44 recite the Regulations, the Regulations speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

46. Counter-Defendant LIV denies the allegations in Paragraph 46.

47. Counter-Defendant LIV denies the allegations in Paragraph 47.

48. Counter-Defendant LIV denies the allegations in Paragraph 48.

49. To the extent Paragraph 49 characterizes or recites the Regulations, the Regulations speak for themselves, and Plaintiff respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

50. Counter-Defendant LIV denies the allegations in Paragraph 50.

51. To the extent Paragraph 51 characterizes or recites the Regulations, the Regulations speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

52. To the extent Paragraph 52 characterizes or recites the Regulations, the Regulations speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

53. To the extent Paragraph 53 characterizes or recites the Regulations, the Regulations speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

54. Counter-Defendant LIV denies the allegations in Paragraph 54.

55. To the extent Paragraph 55 characterizes or recites the Regulations, the Regulations speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the Regulations for a full and accurate recitation of their contents. Otherwise, denied.

56. Counter-Defendant LIV admits that certain players requested, and were denied, releases by the Tour. To the extent that Paragraph 56 states legal conclusions, no response is required. Otherwise, denied.

57. Counter-Defendant LIV admits that Bryson DeChambeau played in the LIV events held in Portland, Oregon, and/or Bedminster, New Jersey and received disciplinary notices from the Tour as a result. To the extent that the remaining allegations in Paragraph 57 state legal conclusions, no response is required. Otherwise, denied.

58. Counter-Defendant LIV admits that, from time to time, various Player Plaintiffs participated in media events in connection with promoting the LIV series. Otherwise, denied.

59. To the extent that the allegations in Paragraph 59 characterize or recite Player Plaintiffs' responses to Tour disciplinary notices, the responses speak for themselves and no response is required. Otherwise, denied.

60. Counter-Defendant LIV admits that some Player Plaintiffs resigned their Tour membership, whereas others did not. Otherwise, denied.

61. Counter-Defendant LIV denies the allegations in Paragraph 61.

62. Counter-Defendant LIV denies the allegations in Paragraph 62.

63. Counter-Defendant LIV denies the allegations in Paragraph 63.

64. To the extent that the allegations in Paragraph 64 refer to documents or communications, those documents or communications speak for themselves, and Counter-Defendant LIV respectfully refers the Court to those documents or communications for a full and accurate recitation of their contents. Otherwise, denied.

65. To the extent that the allegations in Paragraph 65 refer to communications, those communications speak for themselves, and Counter-Defendant LIV respectfully refers the Court to those communications for a full and accurate recitation of their contents. Otherwise, denied.

66. To the extent Paragraph 66 characterizes certain documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, denied.

67. Paragraph 67 purports to recite a text message between a LIV representative and a professional golfer, which speaks for itself and to which no response is required. Otherwise, denied.

68. Counter-Defendant LIV admits that Talor Gooch, Hudson Swafford, and Matthew Jones participated in the LIV London Invitational Series. To the extent that Paragraph 68 characterizes or recites declarations made by those individuals, their declarations speak for themselves, and no response is required. Otherwise, denied.

69. To the extent Paragraph 69 characterizes certain documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, denied.

70. Counter-Defendant LIV denies the allegations in Paragraph 70.

71. To the extent that the allegations in Paragraph 71 refer to particular statements, the statements speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the statements for a full and accurate recitation of their contents. Otherwise, denied.

72. To the extent Paragraph 72 characterizes certain documents, the documents speak for themselves, and Counter-Defendant LIV respectfully refers the Court to the documents for a full and accurate recitation of their contents. Otherwise, denied.

73. Counter-Defendant LIV denies the allegations in Paragraph 73.

74. Counter-Defendant LIV denies the allegations in Paragraph 74.

75. To the extent that Paragraph 75 recites certain agreements between LIV and one or more Player Plaintiffs, those agreements speak for themselves, and no response is required. Otherwise, denied.

76. Counter-Defendant LIV denies the allegations in Paragraph 76.

77. Counter-Defendant LIV denies the allegations in Paragraph 77.

78. Counter-Defendant LIV denies the allegations in Paragraph 78.

## COUNT I

## TORTIOUS INTERFERENCE WITH CONTRACT

79. Paragraph 79 does not make allegations to which a response is required.

80. Counter-Defendant LIV denies the allegations in Paragraph 80.

81. Counter-Defendant LIV denies the allegations in Paragraph 81.

82. Counter-Defendant LIV denies the allegations in Paragraph 82.

83. Counter-Defendant LIV denies the allegations in Paragraph 83.

84. Counter-Defendant LIV denies the allegations in Paragraph 84.

85. Counter-Defendant LIV denies the allegations in Paragraph 85.

86. Counter-Defendant LIV denies the allegations in Paragraph 86.

87. Counter-Defendant LIV denies the allegations in Paragraph 87.

88. Counter-Defendant LIV denies the allegations in Paragraph 88.

The paragraphs that set forth the Tour's prayer for relief state no allegations and a response is not required. Counter-Defendant LIV denies any allegations contained in Plaintiffs' Prayer for Relief to which a response is required.

## COUNT II

## INDUCING BREACH OF CONTRACT

89. Counter-Defendant LIV denies the allegations in Paragraph 89.

90. Counter-Defendant LIV denies the allegations in Paragraph 90.

91. Counter-Defendant LIV denies the allegations in Paragraph 91.

92. Counter-Defendant LIV denies the allegations in Paragraph 92.

93. Counter-Defendant LIV denies the allegations in Paragraph 93.

94. Counter-Defendant LIV denies the allegations in Paragraph 94.

95. Counter-Defendant LIV denies the allegations in Paragraph 95.

The paragraphs that set forth the Tour's prayer for relief state no allegations and a response is not required. Counter-Defendant LIV denies any allegations contained in Plaintiffs' Prayer for Relief to which a response is required.

## LIV'S DEFENSES

Counter-Defendant LIV asserts the following defenses at law and in equity in response to both claims asserted in the Tour's Amended Counterclaim. LIV denies that the Tour is entitled to any relief whatsoever. In asserting these affirmative and other defenses, LIV does not assume the burden of proof as to matters that, under law, are the Tour's to prove. LIV pleads the following affirmative and other defenses in the alternative, and none constitutes an admission of liability or an admission that the Tour is entitled to any relief whatsoever. LIV incorporates by reference any defenses asserted by any other current, anticipated or future Counter-Defendants that apply to LIV. LIV is separate and distinct from the PIF, LGI, and LGH. LIV reserves all additional affirmative and other defenses under Federal Rule of Civil Procedure 8(c) and any other affirmative or other defense that is now or may become available based on further legal or factual development of this action.

### First Defense

The Tour's Amended Counterclaims are barred for failure to state a claim upon which relief may be granted.

**Second Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because it has not suffered an injury to its business or property due to any actions by LIV as alleged in the Tour's counterclaim.

**Third Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because the Tour did not have an enforceable contract with any third party that LIV disrupted, induced breach, or with which LIV otherwise interfered.

**Fourth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because the provisions of the Tour's Regulations and/or player agreements that it claims were violated are anticompetitive provisions that violate the antitrust laws and therefore are unenforceable.

**Fifth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because LIV's actions and means for carrying out those actions as alleged in the Tour's Amended Counterclaims were at all times lawful, justified, privileged, proper, and procompetitive.

**Sixth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because LIV did not engage in any tortious, inducement, or otherwise improper conduct.

**Seventh Defense**

To the extent the Tour's Amended Counterclaims are based on purported misrepresentations by LIV, those Amended Counterclaims are barred, in whole or in part, because the purported statements were truthful.

**Eighth Defense**

To the extent the Tour's Amended Counterclaims are based on the pursuit of legal claims against the Tour, those Amended Counterclaims are barred, in whole or in part, by the First Amendment, the *Noerr-Pennington* doctrine, and state litigation privilege.

**Ninth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because LIV lacked the intent to interfere with, induce or disrupt any economic or contractual relationship between the Tour and any third party.

**Tenth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because LIV lacked knowledge that its actions as alleged in the Tour's Amended Counterclaims were certain or substantially certain to disrupt any economic or contractual relationship, or induce breach of the same, between the Tour and any third party.

**Eleventh Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

**Twelfth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, by the doctrine of laches.

**Thirteenth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because the relief it requests is not in the public interest and runs counter to public policy.

**Fourteenth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

**Fifteenth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because the Tour did not mitigate any purported damages.

**Sixteenth Defense**

The Tour's Amended Counterclaims are barred, in whole or in part, because the Tour itself is responsible for any member's inability or failure to remain a Tour member.  Most notably, the Tour issued lengthy suspensions and lifetime bans to players who sought to remain Tour members.

**Seventeenth Defense**

The Tour's Amended Counterclaim for Inducement of Breach of Contract is not a cognizable claim.

### Eighteenth Defense

The Tour's Amended Counterclaim for Inducement of Breach of Contract is barred, in whole or in part, because there was no breach of contract.

### Nineteenth Defense

The Tour's Amended Counterclaims are barred, in whole or in part, by the competition privilege.

DATED: March 16, 2023            Respectfully submitted,

By: /s/ *Kevin Teruya*

JOHN B. QUINN, SBN 90378
johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:     415.393.8200
Facsimile:      415.393.8306

SCOTT K. HVIDT, *pro hac vice*
shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:    202.955.8500

*Attorneys for Plaintiffs LIV Golf, Inc., Matt Jones, Bryson DeChambeau, and Peter Uihlein*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: March 16, 2023

By:  */s/ Kevin Teruya*
      Kevin Teruya