RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000

*Attorneys for Plaintiffs Matt Jones, Bryson DeChambeau, Peter Uihlein, and LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br> **PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the PGA Tour, Inc.'s Opposition to the Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge.  Dkt. No. 321.

A party seeking to seal judicial records must "articulate compelling reasons" for sealing "supported by specific factual findings." *Kamakana v. City & County Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (simplified).  "What constitutes a 'compelling reason' is best left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Examples of "compelling reasons" to seal include "when a court record might be used . . . . 'as source[] of business information that might harm a litigant's competitive standing.'" *Id*. (quoting *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 597 (1978)).  Under this standard, courts routinely seal information about corporate governance and internal decision-making processes, *see, e.g.*, *Pinnacle Ventures LLC v. Bertelsmann Edu. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.); financial information, *see, e.g.*, *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *1-*2 (N.D. Cal. Feb. 24, 2020) (Freeman, J.); corporate strategy, *see, e.g.*, *Baird Kreiger v. Atheros Commn's, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011); and confidential negotiations, *see, e.g*, *Fed. Trade Comm'n v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019)

Compelling reasons to seal exist here.  As explained in the declaration of John Loffhagen, the information sought to be sealed includes (1) the contents of a shareholder agreement describing LIV's corporate governance, including investor rights, (2) LIV's investors' involvement in certain decision-making, from which their rights under corporate governance agreements can be inferred, (3) certain confidential business and confidential communications about potential business that were undertaken with the understanding of confidentiality, (4) negotiations with certain agents, golfers, sponsors, and broadcasters, including specific messaging and recruitment strategy, and (5) LIV's financials at launch, including capital and risk allocation.  Loffhagen Decl. ¶¶ 3-7.  The Court previously found compelling reasons to seal at least the first, third, and fourth categories of information.  Dkt. No. 279.  Significant harm would result from disclosure, including, *inter alia*, prejudice to LIV's ability to obtain outside

funding; restriction on its ability to pursue a franchise model; deterrence of potential business partners from entering negotiations and undertaking confidential work for LIV; constraint on LIV's negotiating power; change in terms demanded by negotiation partners; and exploitation by competitors to counter LIV's recruitment strategy and messaging.  Loffhagen Decl. ¶¶ 3-7.

The sealing is narrowly tailored because the majority of the motion and proposed amended counterclaim is not sealed.  LIV has carefully reviewed the information and tailored its request to the potential competitive harm.  For example, LIV does not seek to seal lines 3:2, 7:13-14, 10:17-18, 10:26-27, or 11:3-4.  As set forth in detail in the Amended Complaint, LIV is a nascent competitor that is seeking to break into the marketplace to challenge an entrenched monopolist, the Tour.  This litigation is about the efforts by the Tour and its co-conspirators to defeat LIV's nascent entry.  LIV respectfully submits that the Court should take care to ensure that procedural motions brought in this litigation by the Tour do not become a vehicle for further harm to LIV.

The following table summarizes the requested sealing:

| Document | Harm From Disclosure |
|---|---|
| Memorandum of Law (ECF 321-1) at lines 3:10-14 | Contains highly confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise business model in the future, and obtain future business. |
| Memorandum of Law (ECF 321-1) at lines 3:16-19, 4:11-18, 4:22-27, 5:3-10, 10:21-23 | Contains confidential information about investor involvement in decision making, which implicitly discloses certain investor rights in corporate governance documents, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise business model, and obtain future business. |
| Memorandum of Law (ECF 321-1) at lines 3:21-28, 4:24-27 | Contains information about confidential consulting work and confidential contacts with potential sponsors and broadcasters, disclosure of which would prejudice LIV's ability to enter into confidential negotiations or business deals in the future by creating risk that such business or communications would become public notwithstanding LIV's assurances of confidentiality. |
| Memorandum of Law (ECF 321-1) at lines 4:4-7, 4:15-21, 4:24-27, and 5:1-2 | Contains confidential information about specific negotiations and recruitment to certain players, agents, sponsors, and broadcasters, including financial offers and messaging and strategy used for recruitment.  Disclosure of this information would cause competitive |

| | |
|---|---|
| | harm to LIV by constraining its ability to negotiate different terms, allowing competitors to counter LIV's strategy and messaging, inviting speculation about why certain entities decided not to do business with LIV, and prejudicing LIV's ability to obtain future business in confidential negotiations. |
| Memorandum of Law (ECF 321-1) at lines 2:26-3:1 | Contains confidential financial information about LIV's formation, including the capital and risk allocation, disclosure of which would cause competitive harm by increasing the terms business partners demand in negotiations and prejudicing LIV's ability to obtain outside funding. |

DATED:  March 17, 2023

Respectfully submitted,

*/s/  Rachel S. Brass*
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:     415.393.8200
Facsimile:      415.393.8306

COUNSEL FOR PLAINTIFF LIV GOLF, INC.