IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant and Counter-Plaintiff,<br><br>v.<br><br>LIV GOLF INC.,<br><br>Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF<br><br>**[PROPOSED] ORDER SEALING PORTIONS OF PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

1  Pursuant to Civil Local Rule 79-5, Defendant the PGA Tour, Inc. filed an administrative motion to consider whether another party's material should remain sealed. Dkt. No. 321. Plaintiff LIV Golf, Inc. ("LIV") filed a Statement and Declaration in Support of Sealing.

Based on the below reasoning, the Court orders that the following materials SHALL remain sealed or redacted:

| ECF or Ex. No. Document | Document | Potion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| ECF 321-1 | Memorandum of Law ISO PGA Tour Inc.'s Opposition PGA Tour, Inc.'s Opposition to the Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Motion for Relief From Nondispositive Pretrial Order of Magistrate Judge | Highlighted portions at lines 2:26-3:1, 3:10-14, 3:16-19, 3:21-28, 4:4-7, 4:11-27, 5:1-10, 10:21-23 | Contains highly confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise business model in the future, and obtain future business.<br><br>Contains confidential information about investor involvement in decision making, which implicitly discloses certain investor rights in corporate governance documents, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise business model, and obtain future business.<br><br>Contains information about confidential consulting work and confidential contacts with potential sponsors and broadcasters, disclosure of which would prejudice LIV's ability to enter into confidential negotiations or business deals in the future by creating risk that such business or communications would |

| | | | |
|---|---|---|---|
| | | | become public notwithstanding LIV's assurances of confidentiality. Contains confidential information about specific negotiations and recruitment to certain players, agents, sponsors, and broadcasters, including financial offers and messaging and strategy used for recruitment. Disclosure of this information would cause competitive harm to LIV by constraining its ability to negotiate different terms, allowing competitors to counter LIV's strategy and messaging, inviting speculation about why certain entities decided not to do business with LIV, and prejudicing LIV's ability to obtain future business in confidential negotiations. Contains confidential financial information about LIV's formation, including the capital and risk allocation, disclosure of which would cause competitive harm by increasing the terms business partners demand in negotiations and prejudicing LIV's ability to obtain outside funding. |

IT IS SO ORDERED.

DATED _____

_____
BETH LABSON FREEMAN
United States District Court Judge