KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:    212 735 3000
Facsimile:    212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone:    312 407 0700
Facsimile:    312 407 0411

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant.<br><br>PGA TOUR, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>LIV GOLF, INC.; THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA; and YASIR OTHMAN AL-RUMAYYAN;<br><br>Counter-Defendants. | Case No. 5:22-CV-04486-BLF<br><br>**PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 332**<br><br>Judge:        Hon. Beth Labson Freeman<br>Date Filed:  August 3, 2022<br>Trial Date:   January 8, 2024 |

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5(f)(3), 79-5(c)(1), and the Protective Order entered by this Court, Dkt. 111, Defendant and Counter-Claimant PGA TOUR, Inc. (the "TOUR") provides the following statement in support of sealing its confidential material, which Plaintiffs and Counter-Defendants LIV Golf, Inc. ("LIV"), Matt Jones, Bryson DeChambeau, and Peter Uihilein provisionally filed under seal in connection with their Motion to Bifurcate the TOUR's counterclaims, Dkt. 331 ( the "Bifurcation Motion").  These materials were filed in unredacted form as attachments to Plaintiffs' and Counter-Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. 332.

The material the TOUR seeks to maintain under seal reflects competitively sensitive business information, internal communications, and communications with non-party consultants which the TOUR has retained to provide strategic advice on competitive issues.  These materials are designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the Protective Order.  Specifically, the TOUR seeks to seal:

| ECF No. | Document | Material to be Sealed | Basis for Sealing |
|---|---|---|---|
| 332-1 | Bifurcation Motion | 4:22-7 | Direct quotations from an internal communications strategy document related to the TOUR's business with other partners in the golf ecosystem.  Revealing this internal strategy material would cause significant harm to the TOUR's business and relationships with other golf tours. *See* Shetty Decl. ¶ 3. |

1

PGA TOUR'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 332
Case No. 5:22-CV-04486-BLF

2109457

| ECF No. | Document | Material to be Sealed | Basis for Sealing |
|---|---|---|---|
| 332-1 | Bifurcation Motion | 5:11-13, 5:21 | Direct quotations from competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 4. |
| 332-2 | Exhibit G to Bifurcation Motion | Entire Document | Internal communications strategy document related to the TOUR's business with other partners in the golf ecosystem. Revealing this internal strategy material would cause significant harm to the TOUR's business and relationships with other golf tours. *See* Shetty Decl. ¶ 3. |
| 332-3 | Exhibit J to Bifurcation Motion | Entire Document | Internal TOUR communication between senior TOUR employees and the TOUR's Commissioner regarding sensitive internal strategy related to other professional golf governing bodies. The disclosure of these sensitive internal communications would cause competitive harm to the TOUR and damage to the TOUR's relationships with other professional golf governing bodies. *See* Shetty Decl. ¶ 5. |
| 332-4 | Exhibit K to Bifurcation Motion | Entire Document | Reflects communications between TOUR employees regarding sensitive competitive strategy and analysis. The disclosure of these communications would cause competitive injury to the TOUR. *See* Shetty Decl. ¶ 6. |

2

PGA TOUR'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 332
Case No. 5:22-CV-04486-BLF

2109457

| ECF No. | Document | Material to be Sealed | Basis for Sealing |
|---|---|---|---|
| 332-5 | Exhibit N to Bifurcation Motion | Entire Document | Competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 4. |
| 332-6 | Exhibit O to Bifurcation Motion | Entire Document | Competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues, or summaries thereof. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶¶ 4, 7. |
| 332-7 | Exhibit P to Bifurcation Motion | Entire Document | Reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and invoices prepared by the non-party consultant. Disclosing these materials would damage the TOUR's relationship with the non-party consultant, intrude on the non-party consultant's expectation of confidentiality and privacy, and disclose competitively sensitive pricing information related to the non-party consultant's services. *See* Shetty Decl. ¶ 8. |

3

PGA TOUR'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 332
Case No. 5:22-CV-04486-BLF

2109457

| ECF No. | Document | Material to be Sealed | Basis for Sealing |
| --- | --- | --- | --- |
| 332-8 | Exhibit Q to Bifurcation Motion | Entire Document | Reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 9. |
| 332-9 | Exhibit R to Bifurcation Motion | Entire Document | Competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 4. |
| 332-10 | Exhibit S to Bifurcation Motion | Entire Document | Reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 10. |

4

PGA TOUR'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 332
Case No. 5:22-CV-04486-BLF

2109457

| ECF No. | Document | Material to be Sealed | Basis for Sealing |
|---|---|---|---|
| 332-11 | Exhibit T to Bifurcation Motion | Entire Document | Reflects internal TOUR communications discussing and summarizing confidential conversations between senior TOUR executives and a non-party consultant retained by the TOUR to provide strategic and competitive advice. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 11. |
| 332-12 | Exhibit U to Bifurcation Motion | Entire Document | Confidential and competitively sensitive analysis prepared by a non-party consultant retained by the TOUR to provide strategic and competitive advice. Disclosure of this analysis would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 12. |

## II. ARGUMENT

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions, the less stringent "good cause" standard applies to requests for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1105 (9th Cir. 2016) (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). This standard requires a particularized showing that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Courts draw a distinction between dispositive and non-dispositive motions because information and records referenced in connection with a non-dispositive motion are often "unrelated or only tangentially related, to the underlying cause of action," and thus the public interest in accessing the

information is low. *Kamakana*, 447 F.3d at 1179-80.

The materials identified above quote or characterize non-public discussions between TOUR executives, employees, and consultants related to its business strategies, including strategies for actual and/or prospective business partners and communications. Specifically, it includes: (1) communications between TOUR employees and retained consultants working on strategy related to competitive issues; (2) communications between TOUR employees that reflect competitively sensitive information about internal TOUR operations and corporate decision making; (3) characterizations of communications between TOUR executives and retained consultants working on strategy related to competitive issues; (4) analysis and work product produced by retained consultants on competitive issues. *See* Decl. of Neera Shetty ("Shetty Decl.") ¶¶ 3-11.

Sealing is appropriate where court records may serve "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts recognize that information related to internal business strategy and competitively sensitive decision making is appropriate for sealing, finding that the need for confidentiality outweighs the public's interest in disclosure. *See., e.g., Hetland v. LendingTree, LLC*, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (documents "contain and reflect confidential business information that offers insight into [sealing party's] business model and strategy, and therefore satisfy the 'compelling reasons' standard"); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-md-2087, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (sealing granted as to emails revealing business and marketing strategy.").

The proposed sealing the TOUR seeks to keep in place is important to protect the TOUR's confidential business information, as well as the privacy and confidentiality interests of non-parties. The legitimate confidentiality interests in these materials, attached to a non-dispositive motion, outweighs the presumption of public access. *See, e.g., In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing internal "confidential regulatory strategies and communications" in case involving "avid competitors").

### III.     CONCLUSION

For the foregoing reasons, the TOUR respectfully requests that the Court seal the limited portions of the Bifurcation Motion indicated in the chart above, in addition to the accompanying Exhibits. If the Court deems the TOUR's bases for sealing insufficient, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

Dated:  March 23, 2023

KEKER, VAN NEST & PETERS LLP

By: */s/ Nicholas S. Goldberg*
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

7

PGA TOUR'S STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 332
Case No. 5:22-CV-04486-BLF

2109457