KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone: 212 735 3000
Facsimile: 212 735 2000

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
PATRICK FITZGERALD - (*pro hac vice*)
patrick.fitzgerald@skadden.com
155 North Wacker Drive
Chicago, Il 60606
Telephone: 312 407 0700
Facsimile: 312 407 0411

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,

Plaintiffs,

v.

PGA TOUR, INC.,

Defendant.

PGA TOUR, INC.,

Counter-Claimant,

v.

LIV GOLF, INC.; THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA; and YASIR OTHMAN AL-RUMAYYAN;

Counter-Defendants.

Case No. 5:22-cv-04486-BLF

**DECLARATION OF NEERA SHETTY IN SUPPORT OF PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING RE: DKT. 332**

Judge: Hon. Beth Labson Freeman

Date Filed: August 3, 2022

Trial Date: January 8, 2024

DECLARATION OF NEERA SHETTY
IN SUPPORT OF PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING RE: DKT. 332
Case No. 5:22-cv-04486-BLF
2107873

I, Neera Shetty, declare as follows:

1. I am duly licensed to practice law in the State of Florida and am Deputy General Counsel of PGA TOUR, INC. ("the TOUR"), Defendant and Counter-Claimant in the above-captioned matter. I submit this declaration in support of the TOUR's statement in support of sealing ("Sealing Statement"), filed in connection with Plaintiffs' and Counter-Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 332) (the "Administrative Motion"). I have knowledge of the facts set forth in this declaration and, if called to testify as a witness thereto, could do so competently under oath.

2. The Administrative Motion seeks to seal the TOUR's highly confidential and competitively sensitive materials quoted within or attached to Plaintiffs' and Counter-Defendants' Motion to Bifurcate (Dkt. 331) (the "Bifurcation Motion"). The disclosure of this information would cause harm to the TOUR's business interests, competitive standing, and relationships with partners.

3. The portions of the Bifurcation Motion sought to be sealed at 4:22-27 are direct quotations from an internal communications strategy document related to the TOUR's business with other partners in the golf ecosystem. The strategy document is also attached to the Bifurcation Motion as **Exhibit G**. Revealing this internal strategy material would cause significant harm to the TOUR's business and relationships with other golf tours.

4. The portions of the Bifurcation Motion sought to be sealed at 5:11-13 and 5:21 are direct quotations from competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. The communications themselves are attached to the Bifurcation Motion as **Exhibit N, Exhibits O, Oa, and Oc,** and **Exhibits R** and **Ra**. The non-party consultant had an expectation of privacy and confidentiality in its communications with TOUR employees. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.

5. **Exhibit J**, attached to the Bifurcation Motion, is an internal TOUR communication between senior TOUR employees and the TOUR's Commissioner regarding sensitive internal strategy related to other professional golf governing bodies. The disclosure of these sensitive internal communications would cause competitive harm to the TOUR and damage to the TOUR's relationships with other professional golf governing bodies.

6. **Exhibit K**, attached to the Bifurcation Motion, reflects communications between TOUR employees regarding sensitive competitive strategy and analysis. The disclosure of these communications would cause competitive injury to the TOUR, as it discusses the TOUR's internal strategy and analysis with respect to specific competitive issues and players.

7. **Exhibits Ob**, attached to the Bifurcation Motion, is a confidential internal TOUR communication summarizing discussions between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. The non-party consultant had an expectation of privacy and confidentiality in its communications with TOUR employees. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.

8. **Exhibit P**, attached to the Bifurcation Motion, reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. The non-party consultant had an expectation of privacy and confidentiality in its communications with TOUR employees. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. **Exhibits Pa, Pb, Pc, and Pd**, attached to the Bifurcation Motion, are invoices prepared by the non-party consultant. Disclosing these materials would damage the TOUR's relationship with the non-party consultant, intrude on the non-party consultant's expectation of confidentiality and privacy, and disclose competitively sensitive pricing information related to the non-party consultant's services.

9. **Exhibits Q**, **Qa, Qb, and Qc**, attached to the Bifurcation Motion, reflect sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues.  The non-party consultant had an expectation of privacy and confidentiality in its communications with TOUR employees.  Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.

10. **Exhibits S**, **Sa, and Sb**, attached to the Bifurcation Motion, reflect sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues.  The non-party consultant had an expectation of privacy and confidentiality in its communications with TOUR employees.  Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.

11. **Exhibit T**, attached to the Bifurcation Motion, reflects internal TOUR communications discussing and summarizing confidential conversations between senior TOUR executives and a non-party consultant retained by the TOUR to provide strategic and competitive advice.  The non-party consultant had an expectation of privacy and confidentiality in its communications with TOUR employees.  Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.

12. **Exhibit U**, attached to the Bifurcation Motion, is a confidential and competitively sensitive analysis prepared by a non-party consultant retained by the TOUR to provide strategic and competitive advice.  The non-party consultant had an expectation of privacy and confidentiality in its communications with TOUR employees and in preparing the analysis.  Disclosure of this analysis would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on March 23, 2023 in Ponte Vedra, Florida.

*/s/ Neera Shetty*
NEERA SHETTY

4
DECLARATION OF NEERA SHETTY
IN SUPPORT OF PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING RE: DKT. 332
Case No. 5:22-cv-04486-BLF

2107873

**CERTIFICATE OF CONCURRENCE**

In accordance with Local Rule 5-1(i)(3), PGA Tour, Inc.'s undersigned counsel, Nicholas S. Goldberg, hereby attests that Neera Shetty has assented to the affixation of their signature to this Declaration and concurs in the filing of this document.

Dated: March 23, 2023

By: */s/ Nicholas S. Goldberg*
NICHOLAS S. GOLDBERG