| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - # 243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - # 295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  415 391 5400<br>Facsimile:  415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone:  212 735 3000<br>Facsimile:  212 735 2000<br><br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>PATRICK FITZGERALD - (*pro hac vice*)<br>patrick.fitzgerald@skadden.com<br>155 North Wacker Drive<br>Chicago, Il 60606<br>Telephone:  312 407 0700<br>Facsimile:  312 407 0411 |

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant.<br><br>PGA TOUR, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>LIV GOLF, INC.; THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA; and YASIR OTHMAN AL-RUMAYYAN<br><br>Counter-Defendants. | Case No. 5:22-CV-04486-BLF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS AND CROSS-DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, DKT. 332**<br><br>Judge:       Hon. Beth Labson Freeman<br>Date Filed:  August 3, 2022<br>Trial Date:  January 8, 2024 |

1  The Court, having fully considered the papers and arguments presented by the parties,
2  hereby GRANTS the Administrative Motion to Consider Whether Another Party's Material
3  Should be Sealed, filed by Plaintiffs and Counter-Defendants LIV Golf, Inc., Matt Jones, Bryson
4  DeChambeau, and Peter Uihlein at Dkt. 332.  The following documents will remain sealed, as
5  follows:

| ECF No. | Document | Material to be Sealed | Basis for Sealing | Court's Use |
|---|---|---|---|---|
| 332-1 | Bifurcation Motion | 4:22-7 | Direct quotations from an internal communications strategy document related to the TOUR's business with other partners in the golf ecosystem. Revealing this internal strategy material would cause significant harm to the TOUR's business and relationships with other golf tours. *See* Shetty Decl. ¶ 3. | |
| 332-1 | Bifurcation Motion | 5:11-13, 5:21 | Direct quotations from competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 4. | |

1

[PROPOSED] ORDER GRANTING PLAINTIFFS AND CROSS-DEFENDANTS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, DKT. 332
Case No. 5:22-CV-04486-BLF

2110292

| ECF No. | Document | Material to be Sealed | Basis for Sealing | Court's Use |
|---|---|---|---|---|
| 332-2 | Exhibit G to Bifurcation Motion | Entire Document | Internal communications strategy document related to the TOUR's business with other partners in the golf ecosystem. Revealing this internal strategy material would cause significant harm to the TOUR's business and relationships with other golf tours.  *See* Shetty Decl. ¶ 3. | |
| 332-3 | Exhibit J to Bifurcation Motion | Entire Document | Internal TOUR communication between senior TOUR employees and the TOUR's Commissioner regarding sensitive internal strategy related to other professional golf governing bodies.  The disclosure of these sensitive internal communications would cause competitive harm to the TOUR and damage to the TOUR's relationships with other professional golf governing bodies.  *See* Shetty Decl. ¶ 5. | |
| 332-4 | Exhibit K to Bifurcation Motion | Entire Document | Reflects communications between TOUR employees regarding sensitive competitive strategy and analysis. The disclosure of these communications would cause competitive injury to the TOUR.  *See* Shetty Decl. ¶ 6. | |

| ECF No. | Document | Material to be Sealed | Basis for Sealing | Court's Use |
|---|---|---|---|---|
| 332-5 | Exhibit N to Bifurcation Motion | Entire Document | Competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.  *See* Shetty Decl. ¶ 4. | |
| 332-6 | Exhibit O to Bifurcation Motion | Entire Document | Competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues, or summaries thereof. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.  *See* Shetty Decl. ¶¶ 4, 7. | |

| ECF No. | Document | Material to be Sealed | Basis for Sealing | Court's Use |
|---|---|---|---|---|
| 332-7 | Exhibit P to Bifurcation Motion | Entire Document | Reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and invoices prepared by the non-party consultant. Disclosing these materials would damage the TOUR's relationship with the non-party consultant, intrude on the non-party consultant's expectation of confidentiality and privacy, and disclose competitively sensitive pricing information related to the non-party consultant's services. *See* Shetty Decl. ¶ 8. | |
| 332-8 | Exhibit Q to Bifurcation Motion | Entire Document | Reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 9. | |

4

[PROPOSED] ORDER GRANTING PLAINTIFFS AND CROSS-DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, DKT. 332
Case No. 5:22-CV-04486-BLF

2110292

| ECF No. | Document | Material to be Sealed | Basis for Sealing | Court's Use |
|---|---|---|---|---|
| 332-9 | Exhibit R to Bifurcation Motion | Entire Document | Competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.  *See* Shetty Decl. ¶ 4. | |
| 332-10 | Exhibit S to Bifurcation Motion | Entire Document | Reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues. Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.  *See* Shetty Decl. ¶ 10. | |

5

[PROPOSED] ORDER GRANTING PLAINTIFFS AND CROSS-DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, DKT. 332
Case No. 5:22-CV-04486-BLF

2110292

| ECF No. | Document | Material to be Sealed | Basis for Sealing | Court's Use |
|---|---|---|---|---|
| 332-11 | Exhibit T to Bifurcation Motion | Entire Document | Reflects internal TOUR communications discussing and summarizing confidential conversations between senior TOUR executives and a non-party consultant retained by the TOUR to provide strategic and competitive advice.  Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.  See Shetty Decl. ¶ 11. | |
| 332-12 | Exhibit U to Bifurcation Motion | Entire Document | Confidential and competitively sensitive analysis prepared by a non-party consultant retained by the TOUR to provide strategic and competitive advice. Disclosure of this analysis would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy.  See Shetty Decl. ¶ 12. | |

6

[PROPOSED] ORDER GRANTING PLAINTIFFS AND CROSS-DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, DKT. 332
Case No. 5:22-CV-04486-BLF

2110292

**IT IS SO ORDERED**.

Dated: _____

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE

7

[PROPOSED] ORDER GRANTING PLAINTIFFS AND CROSS-DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED, DKT. 332
Case No. 5:22-CV-04486-BLF

2110292