| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| ELLIOT R. PETERS - # 158708 | ANTHONY J. DREYER - (*pro hac vice*) |
| epeters@keker.com | anthony.dreyer@skadden.com |
| DAVID SILBERT - # 173128 | KAREN M. LENT - (*pro hac vice*) |
| dsilbert@keker.com | karen.lent@skadden.com |
| R. ADAM LAURIDSEN - # 243780 | MATTHEW M. MARTINO - (*pro hac vice*) |
| alauridsen@keker.com | matthew.martino@skadden.com |
| NICHOLAS S. GOLDBERG - # 273614 | One Manhattan West |
| ngoldberg@keker.com | New York, NY 10001 |
| SOPHIE HOOD - # 295881 | Telephone:   212 735 3000 |
| shood@keker.com | Facsimile:   212 735 2000 |
| 633 Battery Street | |
| San Francisco, CA 94111-1809 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| Telephone:   415 391 5400 | PATRICK FITZGERALD - (*pro hac vice*) |
| Facsimile:   415 397 7188 | patrick.fitzgerald@skadden.com |
| | 155 North Wacker Drive |
| | Chicago, Il 60606 |
| | Telephone:   312 407 0700 |
| | Facsimile:   312 407 0411 |

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant. | Case No. 5:22-CV-04486-BLF (SVK) <br><br> **NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:        August 10, 2023 <br> Time:        9:00 a.m. <br> Courtroom:   3 <br> Judge:       Hon. Beth Labson Freeman <br><br> Date Filed:  August 3, 2022 <br><br> Trial Date:  January 8, 2024 <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |
| PGA TOUR, INC., <br><br> Counter-claimant, <br><br> v. <br><br> LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br> Counter-defendants. | |

NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 5:22-CV-04486-BLF (SVK)

2104891

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... iii

I.   INTRODUCTION ..........................................................................................................1

II.  FACTUAL BACKGROUND.........................................................................................2

    A.   Service of the Amended Counterclaims on PIF and Mr. Al-Rumayyan ................2

    B.   PIF and Mr. Al-Rumayyan's continuing attempts to duck service.........................3

III. ARGUMENT ..................................................................................................................5

    A.   No agreement between the United States and Saudi Arabia prohibits the TOUR's requested forms of service. ....................................................................6

    B.   This Court's intervention is necessary. ...................................................................6

    C.   The TOUR's proposed methods of alternative service comport with due process..................................................................................................................8

IV.  CONCLUSION...............................................................................................................8

i
NOTICE OF MOTION AND MOTION FOR ALTERNATIVE SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 5:22-CV-04486-BLF (SVK)

2104891

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aldossari v. Ripp*,
  2021 WL 259957 (E.D. Pa. Jan. 26, 2021) ................................................................. 1, 6, 7, 8

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) ............................................................................................... 5

*de Leon v. Abudawood*,
  2018 WL 6321632 (C.D. Cal. Oct. 23, 2018) .............................................................. *passim*

*Ehrenfeld v. Salim a Bin Mahfouz*,
  2005 WL 696769 (S.D.N.Y. Mar. 23, 2005) ............................................................ 1, 6, 7, 8

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) .......................................................................................... 5, 8

**Federal Statutes**

28 U.S.C. § 1608 ....................................................................................................................... 1, 2, 3

**Rules**

Fed. R. Civ. P. 4 ........................................................................................................................ 2, 5, 6

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

Please take notice that on August 10, 2023 at 9:00 a.m., or as soon as this matter can be heard, in the courtroom of District Judge Beth Labson Freeman, located at 280 South 1st Street, San Jose, CA 95113, PGA TOUR, INC. (the "TOUR") will and hereby does move, pursuant to Federal Rule of Civil Procedure 4, for an order authorizing alternative service of the TOUR's Amended Counterclaims on the Public Investment Fund of the Kingdom of Saudi Arabia (PIF) and Yasir Othman Al-Rumayyan. The TOUR submits that service has already been effectuated on PIF and Mr. Al-Rumayyan in numerous ways, but it nevertheless requests an order authorizing alternative service to remove any doubt that they have been appropriately served.

This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, all files and records in this action, oral argument, and such additional matters as may be judicially noticed by the Court or may come before the Court prior to or at the hearing on this matter.

Dated: March 27, 2023

KEKER, VAN NEST & PETERS LLP

By: */s/ Elliot R. Peters*
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
PATRICK FITZGERALD
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

I.  **INTRODUCTION**

The TOUR has properly served PIF and Mr. Al-Rumayyan with its Amended Counterclaims in multiple ways. It has served their counsel of record who filed Notices of Appearance confirming they are authorized to accept "all pleadings and notices in this action" on behalf of PIF and Mr. Al-Rumayyan. It has served PIF at its headquarters in Riyadh, Saudi Arabia, with Arabic translations of the summonses and Amended Counterclaims, in accordance with the very provision of the Foreign Sovereign Immunities Act (FSIA) that PIF's counsel has cited. *See* 28 U.S.C. § 1608(b)(3)(B); *see also* Hr'g Tr. at 41:15–19 (Feb. 24, 2023) Dkt. 298. And PIF has acknowledged in writing receipt of the Amended Counterclaims.

Nor is there any dispute that PIF and Mr. Al-Rumayyan have actual notice of the TOUR's Amended Counterclaims. PIF and Mr. Al-Rumayyan have been deeply involved in this lawsuit since its inception, authorizing LIV to file suit in this Court and controlling and funding LIV's ongoing conduct of this litigation. In addition to the TOUR's effectuation of service, the Amended Counterclaims have been widely publicized in news outlets across the world. Service is about notice. And PIF and Mr. Al-Rumayyan have never argued that they do not have notice of the TOUR's Amended Counterclaims—nor could they with a straight face.

Having properly served PIF and Mr. Al-Rumayyan, the TOUR will seek a default if they do not timely respond. But as with their efforts to stonewall discovery, PIF and Mr. Al-Rumayyan have tried everything possible to duck service and continued to advance meritless arguments challenging service. Accordingly, out of an abundance of caution, the TOUR respectfully requests an order authorizing alternative service. Such an order will avoid further gamesmanship over service by PIF and Mr. Al-Rumayyan; eliminate needless disputes about the adequacy of service; and establish a firm date for PIF and Mr. Al-Rumayyan to respond to the Amended Counterclaims. District courts routinely permit alternative service of complaints on defendants in Saudi Arabia. *See Aldossari v. Ripp*, 2021 WL 259957, at *1 (E.D. Pa. Jan. 26, 2021); *de Leon v. Abudawood*, 2018 WL 6321632, at *3 (C.D. Cal. Oct. 23, 2018); *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *4 (S.D.N.Y. Mar. 23, 2005). The Court should do the same here and authorize alternative service by email and first-class mail.

## II. FACTUAL BACKGROUND

### A. Service of the Amended Counterclaims on PIF and Mr. Al-Rumayyan

The TOUR has effectuated service of the Amended Counterclaims on PIF and Mr. Al-Rumayyan in at least two ways.

<u>Service on PIF and Mr. Al-Rumayyan through their authorized agents.</u> *First*, the TOUR has served PIF and Mr. Al. Rumayyan under the FSIA's provision for service on "a managing or general agent" or "any other agent authorized by appointment or by law to received service of process in the United States." 28 U.S.C. § 1608(b)(2). Federal Rule of Civil Procedure 4 authorizes service in any judicial district in the United States by delivering a copy of the summons and complaint "to an agent authorized by appointment of law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C).

Counsel of record at White & Case LLP and Quinn Emanuel Urquhart & Sullivan LLP entered appearances in this action accepting service of "all pleadings and notices in this action" on behalf of PIF and Mr. Al-Rumayyan. Dkts. 193, 212. Accordingly, on February 23, 2023, the TOUR served a redacted version of its Amended Counterclaims on PIF and Mr. Al-Rumayyan's counsel of record via ECF notice and email to the email addresses identified on their counsel's respective Notices of Appearance. *See* Dkt. 351 (Notice of Service) & Ex. 1. On February 28, 2023, the TOUR followed up by physically delivering unredacted copies of the Amended Counterclaims and proposed summonses for PIF and Mr. Al-Rumayyan to the Palo Alto offices of White & Case, attention to Ms. Heather Burke. *Id.* & Ex. 2. The TOUR attempted to deliver the same documents to the Los Angeles offices of Quinn Emanuel, attention to Mr. John Quinn, on the same day, but Quinn Emanuel rejected delivery. *Id.* & Ex. 3. On March 1, 2023, the TOUR physically delivered the final issued summonses to PIF and Mr. Al-Rumayyan at the Palo Alto offices of White & Case and the Los Angeles office of Quinn Emanuel. *Id.* & Exs. 4–5.

The TOUR's service on PIF and Mr. Al-Rumayyan's counsel of record expressly authorized to accept service of "all pleadings and notices in this action" on their behalf constituted effective service. *See* 28 U.S.C. § 1608(b)(2); Fed. R. Civ. P. 4(e)(2)(C).

1  <u>Service on PIF with translated summons and Amended Counterclaims</u>. *Second*, the FSIA also authorizes service on an agency or instrumentality of a foreign state "by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state," by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served." 28 U.S.C. § 1608(b)(3)(B). At the February 24, 2023, Case Management Conference, PIF and Mr. Al-Rumayyan's counsel at White & Case cited this provision of the FSIA as a means of effectuating proper service. *See* Hr'g Tr. at 41:15–19 (Feb. 24, 2023) Dkt. 298.

On March 14, 2023, the TOUR had copies of the summonses and Amended Counterclaims, along with Modern Standard Arabic translations of each, delivered to the Office of the Clerk of the United States District Court for the District of Northern California, attention to Mr. William Noble, in accordance with instructions provided by Mr. Noble regarding the effectuation of service pursuant to 28 U.S.C. § 1608(b)(3)(B). *See* Dkt. 351 & Ex. 6. Mr. Noble sealed those documents in a prepaid FedEx envelope provided by counsel for the TOUR, which was addressed to the PIF offices in Riyadh, Kingdom of Saudi Arabia, deposited the envelope in a FedEx drop box, and provided photographs to the TOUR's counsel confirming the shipment. *See id.* & Exs. 7–8. On March 19, 2023, the envelope containing the summonses, Amended Counterclaims, and translations was delivered to the PIF offices in Riyadh, Saudi Arabia, and signed for by a person identified as B. Badr. *See id.* & Ex. 9.

The TOUR's "delivery of a copy of the summons and complaint, together with a translation of each into the official language" of Saudi Arabia, by mail "dispatched by the clerk of the court" to PIF at its headquarters in Riyadh, Saudi Arabia constitutes effective service. 28 U.S.C. § 1608(b)(3)(B).

**B.    PIF and Mr. Al-Rumayyan's continuing attempts to duck service**

Despite the TOUR's effectuation of proper service, counsel for PIF and Mr. Al-Rumayyan have continued to mount a series of baseless, illogical, and counterfactual arguments contesting service. Despite entering appearances accepting service of "all pleadings and notices in this action" on behalf of PIF and Mr. Al-Rumayyan, Dkts. 193, 212, White & Case and Quinn

Emanuel have argued that they are not authorized to accept service on behalf of PIF and Mr. Al-Rumayyan. Neither White & Case nor Quinn Emanuel has explained this abrupt reversal of position or provided any evidence to support their assertions. Regardless, White & Case and Quinn Emanuel's Notices of Appearance accepting service of "all pleadings and notices in this action" on behalf of PIF and Mr. Al-Rumayyan were in effect at the time the TOUR served them with the Amended Counterclaims and summonses. Thus, their belated assertions of lack of authority *after* the TOUR properly served them are immaterial.

Quinn Emanuel, for its part, filed a notice withdrawing as counsel of record for PIF and Mr. Al-Rumayyan on March 14, 2023. *See* Dkt. 326 (Notice of Withdrawal). But, again, there is no dispute that the TOUR served Quinn Emanuel with the Amended Counterclaims and summonses weeks earlier, while the firm was still counsel of record for PIF and Mr. Al-Rumayyan and authorized to accept "all pleadings and notices in this action" on their behalf. *See* Dkt. 212; Dkt. 351 (Notice of Service) & Exs. 4–5. Moreover, even after Quinn Emanuel's withdrawal, PIF and Mr. Al-Rumayyan "continue to be represented by White and Case LLP as counsel of record in this action" Dkt. 326. Thus, the TOUR's service of the Amended Counterclaims and summonses on White & Case constitutes an independent and proper basis for service on PIF and Mr. Al-Rumayyan.

Finally, even though the TOUR served PIF under the very provision of the FSIA that its counsel previously conceded would constitute effective service, PIF continues to refuse to acknowledge service. On March 24, following PIF's written acknowledgement accepting delivery of the Arabic translations of the summons and Amended Counterclaims, counsel for the TOUR emailed counsel at White & Case to confirm that service had been effectuated. *See* Dkt. 354-1 (Declaration of Victor Chiu in Support of PGA TOUR, Inc.'s Motion to Shorten Time for Motion for Alternative Service ("Chiu Decl.")) ¶ 3. As of this filing, PIF and Mr. Al-Rumayyan refuse to confirm whether service has been effectuated on them.

The TOUR has effectuated service on PIF and Mr. Al-Rumayyan, and it will seek a default against them if they do not timely respond to the Amended Counterclaims. Nevertheless, to finally put to rest PIF and Mr. Al-Rumayyan's baseless attempts to evade service and avoid

further litigation and delay, the TOUR respectfully requests that the Court issue an order authorizing alternative service on PIF and Mr. Al-Rumayyan. Specifically, the TOUR requests that the Court order service on PIF and Mr. Al-Rumayyan (1) through Mr. Al-Rumayyan's email addresses at ███████████████ and ███████████████, which are identified in his email communications included in LIV's document production[1] and (2) by email and first-class mail on PIF and Mr. Al-Rumayyan's current counsel at White & Case.

### III.    ARGUMENT

Federal Rule of Civil Procedure 4(f)(3) allows service on individuals "by other means not prohibited by international agreement, as the court orders." Likewise, Federal Rule of Civil Procedure 4(h)(2) "authorizes service of process on a foreign corporation in any manner prescribed by Rule 4(f) for individuals, except personal delivery." *de Leon*, 2018 WL 6321632, at *2. "[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief," but is "merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004). A party seeking alternative service need only show that (1) "the means of alternative service is not prohibited by international agreement," Fed. R. Civ. P. 4(f)(3); (2) "the facts and circumstance of the present case necessitate[] the district court's intervention," *Rio Props., Inc.*, 284 F.3d at 1016; and (3) the means of alternative service "comport with constitutional notions of due process," *id*. Because all three elements are met here, the Court should authorize alternative service of the summons and Amended Counterclaims on PIF and Mr. Al-Rumayyan.

---

[1] These email addresses are identified in the document beginning with Bates stamp LIV000201530.

**A.      No agreement between the United States and Saudi Arabia prohibits the TOUR's requested forms of service.**

"The United States and Saudi Arabia have not entered into any treaties governing service of process." *Aldossari*, 2021 WL 259957, at *2; *Ehrenfeld*, 2005 WL 696769, at *2 ("[T]he Court is not aware of any international agreement that speaks to service of process in Saudi Arabia."). Thus, no "international agreement" prevents service of the Amended Counterclaim on Mr. Al-Rumayyan by email or by service on PIF and Mr. Al-Rumayyan's counsel. Fed. R. Civ. P. 4(f)(3).

**B.      This Court's intervention is necessary.**

The circumstances here warrant the Court's intervention for at least three reasons.

*First*, the TOUR has diligently served PIF and Mr. Al-Rumayyan with the Amended Counterclaims, but their counsel still deny that service was effective and will continue to obstruct the progress of this case. Without an order authorizing alternative service, PIF and Mr. Al-Rumayyan will generate collateral disputes that will further delay resolution of the merits of the parties' dispute, including needless motion practice contesting the adequacy of service. By asserting their baseless position that service has not been effected, PIF and Mr. Al-Rumayyan will maintain their "enormous wall of opposition to [] discovery," Hr'g Tr at 23:3 (Feb. 24, 2023) Dkt. 298, and prevent the TOUR from obtaining critical information relevant to Plaintiffs' antitrust claims and the TOUR's counterclaims. PIF and Mr. Al-Rumayyan have forced the TOUR to take this belt-and-suspenders-and-another-belt approach of further seeking an order authorizing alternative service to put to rest their meritless arguments about service and establish a firm date by which they must respond or face default.

*Second*, personal service in Saudi Arabia is not a feasible option. As PIF and Mr. Al-Rumayyan's former counsel at Quinn Emanuel has stated in another lawsuit, "[s]ervice of process upon [d]efendants located in Saudi Arabia is ***nearly impossible*** absent a court's intervention." *de Leon*, 18-cv-01030-JLS-DLE, Dkt. 30 at 1. Indeed, it is "extremely difficult to identify someone who would be willing to attempt personal service on [a] [d]efendant in Saudi Arabia." *Ehrenfeld*, 2005 WL 696769, at *2. Moreover, Quinn Emanuel has previously asserted that "[t]he official

process for service in Saudi Arabia is expensive, unreliable, **potentially dangerous for process servers**, and can take more than a year, if it is completed at all." *de Leon*, 18-cv-01030-JLS-DLE, Dkt. 30 at 1.

Accordingly, at least one trial court has held that alternative service on the Crown Prince of Saudi Arabia was "warranted" because "personal service poses a risk of harm to a process server in light of allegations against the Crown Prince, including alleged involvement in the murder of journalist Jamal Khashoggi and the attempted murder of Saad Aljabri." *Aldossari*, 2021 WL 259957, at *2.[2] That concern applies with equal force here because the TOUR seeks to serve PIF—which claims to be a sovereign instrumentality of the Kingdom—and its Governor Mr. Al-Rumayyan. *See generally* Dkt. 313 (Amicus Brief of the Kingdom of Saudi Arabia).

Personal service in Saudi Arabia is also unnecessary when Mr. Al-Rumayyan already has "actual notice of this suit" against him. *de Leon*, 2018 WL 6321632, at *4. Mr. Al-Rumayyan authorized LIV's lawsuit against the TOUR and filed numerous briefs in this litigation and is well aware of the TOUR's counterclaims. Mr. Al-Rumayyan's counsel in this action has already received electronic and physical copies of the Amended Counterclaims, and Mr. Al-Rumayyan has never claimed that he failed to receive or lacked actual notice of the allegations and counterclaims against him.

*Third*, the TOUR "cannot avail [itself] of service under the Hague Convention because Saudi Arabia is not signatory." *Aldossari*, 2021 WL 259957, at *2; *Ehrenfeld*, 2005 WL 696769, at *2 (authorizing alternative service because Saudi Arabia is not a party to the Hague Convention).

For all these reasons, a court order authorizing alternative service is appropriate. *See Aldossari*, 2021 WL 259957, at *2 (permitting alternative service given dangers of personal service in Saudi Arabia); *Ehrenfeld*, 2005 WL 696769, at *2 (permitting alternative service

---

[2] PIF and Mr. Al-Rumayyan's counsel at White & Case served as counsel for other defendants in *Aldossari* and did "not oppose" the use of alternative service on the Crown Prince. 2021 WL 259957, at *1.

because, among other things, counsel refused to accept service). Any other efforts to "attempt personal service or attempt formal service under Saudi Arabian law when [PIF and Mr. Al-Rumayyan already have actual notice of [the counterclaims]" would only result in a "waste of time and money," *de Leon*, 2018 WL 6321632, at *4, if not risk of harm as well.

### C. The TOUR's proposed methods of alternative service comport with due process.

To meet the due process standard, "the method of service crafted by the district court must be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props, Inc.*, 284 F.3d at 1016. Numerous courts have held that the TOUR's proposed methods of alternative service—by email and service on their counsel—provide adequate notice. *E.g.*, *Aldossari*, 2021 WL 259957, at *3 ("Service on the Crown Prince's U.S. counsel comports with due process considerations."); *de Leon*, 2018 WL 6321632, at *4 (service by email comports with due process); *Ehrenfeld*, 2005 WL 696769, at *3 ("Service on Defendant's U.K. and U.S. attorneys would satisfy [the due process] standard."). In any event, both PIF and Mr. Al-Rumayyan are already "apprise[d] . . . of the pendency of the action," *Rio Props, Inc.*, 284 F.3d at 1017, and have actual notice of the TOUR's Amended Counterclaims. Thus, neither can complain that the TOUR's proposed methods of service do not provide adequate notice.

### IV. CONCLUSION

For all these reasons, the TOUR respectfully requests that the Court authorize service of the Amended Counterclaim and summonses by alternative means. The Court should permit service on Mr. Al-Rumayyan (1) through his email addresses at ▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇, and (2) by email and first-class mail on his counsel at White & Case. The Court should permit service on PIF by email and first-class mail on its counsel at White & Case.

\\

\\

\\

| | | |
|---|---|---|
| Dated: March 27, 2023 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ Elliot R. Peters |
| | | ELLIOT R. PETERS |
| | | DAVID SILBERT |
| | | R. ADAM LAURIDSEN |
| | | NICHOLAS S. GOLDBERG |
| | | SOPHIE HOOD |
| | | |
| | | Attorneys for Defendant and Counter-Claimant |
| | | PGA TOUR, INC. |
| | | |
| | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | | |
| | | ANTHONY J. DREYER |
| | | PATRICK FITZGERALD |
| | | KAREN M. LENT |
| | | MATTHEW M. MARTINO |
| | | |
| | | Attorneys for Defendant and Counter-Claimant |
| | | PGA TOUR, INC. |