**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br>Plaintiffs, <br><br>v. <br><br>PGA TOUR, INC., <br><br>Defendant and Counter-Plaintiff, <br><br>v. <br><br>LIV GOLF INC., PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and HIS EXCELLENCY YASIR OTHMAN AL-RUMAYYAN <br><br>Counter-Defendants. | Case No. 5:22-cv-04486-BLF <br><br>**OPPOSITION TO THE PGA TOUR, INC.'S MOTION FOR ALTERNATIVE SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4** <br><br>Judge: Hon. Beth Labson Freeman <br><br>Date Filed: August 3, 2022 <br><br>Trial Date: January 8, 2024 |

The Motion for Alternative Service (Dkt. No. 353, the "Motion") filed by Defendant and Counter-Plaintiff PGA Tour, Inc. (the "Tour") is a manufactured crisis of the Tour's own making. Ultimately, the Motion is moot, as the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") have provided the Tour with a stipulation to proceed with briefing the PIF and HE's anticipated Motion to Dismiss the Amended Counterclaim, in which PIF and HE state—given the particular circumstances of this case—that they will not seek to challenge service of process. And the proposed briefing schedule for the motion to dismiss is based on the schedule dictated by what the Tour asserts was its recent service under 28 U.S.C. § 1608 on March 19, 2023.  *See* Decl. of Kimberly Havlin Supp. Opp'n to Mot. for Alternative Service ("Havlin Decl."), Ex. 2.  The Tour would have known this, and could have avoided this motion practice, if it had waited the mere ***two business days*** that counsel advised were necessary for the PIF and HE to properly consider the Tour's service-related demands and revert.

The Tour's mischaracterization of the parties' exchanges over the past several days, and its inaccurate remarks that PIF and HE "have tried everything possible to duck service" (Mot. 1, 3-4), require response.

***First***, the Tour's Motion misleadingly contends that "[a]s of this filing, PIF and Mr. Al-Rumayyan refuse to confirm whether service has been effectuated on them." Mot. 4. Last Friday afternoon (March 24, 2023) at 3:47 pm Eastern/10:47 pm Riyadh, counsel for the Tour sent an email demanding that counsel "confirm by close of business today whether you agree that service on both PIF and Yassir Al-Rumayyan has been effected as of March 19." Havlin Decl., Ex. 1.  Counsel for PIF and HE responded that they required client instructions and could not respond to the Tour in the unreasonable (five-hour) timeframe specified in the Tour's email, but would respond the following week. *Id.*  On Saturday, the Tour demanded a response by 12:00 pm Pacific on Monday; counsel for PIF and HE replied that their clients were considering the matter and expected to respond Monday or Tuesday. *Id.*  Notably, the Tour's unreasonable demands for an immediate response from PIF—the sovereign wealth fund of the Kingdom of Saudi Arabia—and HE, its Governor, occurred during the first days of Ramadan, a major religious holiday observed in Saudi Arabia and by members of the Muslim faith worldwide.

Rather than affording the professional courtesy of allowing counsel for PIF and HE to respond in the timeframe that they said they would, the Tour forged ahead and filed this unnecessary and premature Motion.  Implicit in the Tour's Motion is the Tour's doubt that it has not properly effected service of process—otherwise, why would the Tour waste the parties' and the Court's time on such a motion?  This is especially so given that the Court, during the last case management conference, stated it would "leave that in [the Tour's] hands as to how [the Tour] effectuate[s] service" and that the Court did not "need to be part of [the] discussion" between the Tour and PIF/HE regarding the sufficiency of service, as the Tour's remedy for a failure to respond to proper service is a request for default.  H'rg Tr. (Feb. 24, 2023) at 5:22-24, 41:4-9, 42:5-12.  And the Tour did not even file its alleged proof of service under 28 U.S.C. § 1608 until an hour before it filed the Motion.

Regardless, the Motion is moot, because PIF and HE have provided the Tour with a proposed stipulation on a briefing schedule for the Motion to Dismiss in which PIF and HE have stated that under the circumstances of this case, they will not challenge the Tour's service on their anticipated motion to dismiss.  See Havlin Decl. Ex. 2.

**Second**, PIF and HE have not tried to "evade" service.  See Mot. 1, 3-4.  PIF and HE have done nothing other than state that service must comply with the requirements established by the U.S. Congress in 28 U.S.C. § 1608(b) and with the Federal Rules.  Congress—not PIF—defined effective service in 28 U.S.C. § 1608(b) when it enacted the Foreign Sovereign Immunities Act.

The Tour also continues to insist, and spends several pages of its Motion arguing, that it validly served process by sending the papers to PIF and HE's counsel.  That is incorrect.  Counsel has advised the Tour multiple times that it is not authorized to accept service on behalf of PIF and HE; and it is well-established that service of process on counsel is not effective service for anyone, let alone for a sovereign.  See, e.g., Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1249 (9th Cir. 1987) (rejecting service where the plaintiff failed to show "that the law firm representing [the defendant] . . . was authorized to accept service of process"); Freedom Watch, Inc. v. OPEC, 107 F. Supp. 3d 134, 139-40 (D.D.C. 2015) (rejecting service under Rule 4(f) on foreign party's U.S. counsel), aff'd, No. 15-7155, 2016 U.S. App. LEXIS 8303 (D.C. Cir. May 4, 2016).  And as a general matter, "absent express written consent to electronic service, service by email is

insufficient." *Malkin v. Shasha*, No. 20-cv-9874, 2021 U.S. Dist. LEXIS 146054, at *8 (S.D.N.Y. Aug. 4, 2021); *see also, e.g.*, *Breana Prototype Daugherty v. Famoso*, No. 21-cv-488, 2021 U.S. Dist. LEXIS 78793, at *2 (C.D. Cal. Apr. 23, 2021) (finding "service via email is insufficient under both the Federal Rules of Civil Procedure and California's Civil Procedure Code"). The Tour points to no authority to suggest that notices of appearance and use of the Court's required ECF procedures constitutes "authoriz[ation] . . . by law" to receive service of a complaint and summons under Federal Rule of Civil Procedure 4.

All told, the Tour's Motion is factually and legally inaccurate, and is rendered moot by PIF and HE's proposed stipulation. The Tour's contrived attempts to—once again—levy criticisms against PIF and HE for asserting their rights in this litigation should be rejected, and the Motion denied as moot.

Dated: March 28, 2023　　　　　　　　By: /s/ Carolyn B. Lamm

**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real

2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan*