UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT JONES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>    Defendant. | Case No. 22-cv-04486-BLF   (SVK)<br><br>**ORDER ON ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 277 |

Before the Court at Dkt. 277 is an administrative motion to seal portions of the Court's February 9, 2023 Order at Dkt. 265 (the "Order") on (1) PGA's motion to compel compliance with subpoenas to Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rummayan and (2) the motion of those subpoena recipients to quash the subpoenas. The Court provisionally filed the Order under seal pending receipt of the Parties' proposed redactions. *See* Dkt. 266. In the present administrative motion to seal, PGA and LIV agree on some proposed redactions to the Order but disagree on others. *See* Dkt. 277, 277-1.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to

1  motions that re "not related, or only tangentially related, to the merits of the case," the lower
2  "good cause" standard of Rule 26(c) applies.  *Id.*; *see also Kamakana*, 447 F.3d at 1179.  A party
3  moving to seal court records must also comply with the procedures established by Civil Local
4  Rule 79-5.
5       Here, the "good cause" standard applies because the information the parties seek to seal
6  was submitted to the Court in connection with discovery-related motions.  The Court may reach
7  different conclusions regarding sealing this information under different standards or in a different
8  context.  Having considered the motion to seal, supporting declaration, and the pleadings on file,
9  and good cause appearing, the Court **ORDERS** as follows:

| Document | Court's Ruling on Motion to Seal | Reasons for Court's Ruling |
|---|---|---|
| Order | GRANTED as to portions at 13:20-14:11, 23:11-18, 36:28-37:2, 37:28, and 38:1 | Contains confidential material about LIV's formation and plans at launch, which could cause competitive harm if disclosed. |
| Order | GRANTED as to portions at 13:27-14:1 and 14:14-16 | Contains confidential material about LIV's financials, including ownership and percentage investment, which could cause competitive harm if disclosed. |
| Order | GRANTED as to portions at 15:3-9, 16:3-17, and 27:5 | Contains confidential material about LIV's internal decision making processes, which could cause competitive harm if disclosed. |
| Order | GRANTED as to portions at 15:11-16:2 and 36:21-24 | Contains confidential material about LIV's negotiations with players, agents, and sponsors, which could cause competitive harm if disclosed. |

| Order | GRANTED as to portions at 25:20-25; 26:1-7, 26:9-11, and 26:17-21 | Contains confidential material about a Shareholder Agreement that sets out LIV's relationship with investors, which could cause competitive harm if disclosed. |

**SO ORDERED.**

Dated: March 30, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge