UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT JONES, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>        Defendant. | Case No. 22-cv-04486-BLF   (SVK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 176, 215, 235, 250, 251, 274 |

Before the Court are administrative motions for leave to file under seal materials filed with the Court in connection with discovery disputes in this case. Dkt. 176, 215, 235, 250, 251, 274; *see also* Dkt. 268-1, 269-1, 270-1 (declarations filed in support of motion to seal).

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal

1  was submitted to the Court in connection with discovery-related motions, rather than a motion that
2  concerns the merits of the case.  The Court may reach different conclusions regarding sealing
3  these documents under different standards or in a different context.  In addition, where the Court
4  grants requests to seal statements in joint discovery submissions that purport to quote or describe
5  documents that have been designated under the protective order in this case, the Court may reach
6  different conclusions regarding sealing the underlying documents.  Having considered the motions
7  to seal, supporting declarations, and the pleadings on file, and good cause appearing, the Court
8  **ORDERS** as set forth below.  **For those sealing requests that are denied without prejudice,**
9  **any party seeking to seal the material may submit a renewed motion to seal that conforms to**
10 **the guidance in this Order by April 11, 2023.  Failure to submit a renewed motion by the**
11 **deadline may result in the unsealing of the designated material without further notice.**

   **1. Dkt. 176;** *see also* **Dkt. 268-1**

| Document | Court's Ruling on Motion to Seal | Reasons for Court's Ruling |
|---|---|---|
| Joint Statement re Plaintiffs' Interrogatories Nos. 4-6 (Dkt. 175) | GRANTED as to highlighted portion at Page 1, Lines 20-21 | Directly quotes and characterizes a document that the TOUR contends is a competitively sensitive internal communication regarding the TOUR's corporate decision-making process with another golf tour and vendor that could cause competitive harm if disclosed |
| Joint Statement | GRANTED as to highlighted portion at Page 2, Lines 10-11, Lines 22-24 | Directly quotes and characterizes a competitively sensitive internal communication regarding the TOUR's corporate decision-making process with another golf tour and vendor that could cause competitive harm if disclosed. |
| Exhibit A to Joint Statement | DENIED WITHOUT PREJUDICE as to request to seal Entire Document | The sealing request is not narrowly tailored to information claimed to be confidential. |
| Exhibit B to Joint Statement | DENIED WITHOUT PREJUDICE as to request to seal Entire Document | The sealing request is not narrowly tailored to information claimed to be confidential. |
| Exhibit C to Joint Statement | GRANTED as to highlighted portions on pages 6, 7, and 8 | Contains confidential information of the TOUR regarding its internal decision-making process, including relationships with |

2

| | | players, sponsors, and other golf tours, as well as media strategy, that could cause competitive harm if disclosed. |

**2. Dkt. 215;** *see also* **Dkt. 269-1**

| Document | Court's Ruling on Motion to Seal | Reasons for Court's Ruling |
|---|---|---|
| Joint Statement re PGA Tour's Objections to the Addition of Three Custodians (Dkt. 216) | GRANTED as to highlighted portions at:<br>Page 1, Line 14<br>Page 1, lines 16-21<br>Page 1, lines 22-23<br>Pages 1 and 2, lines 27-2<br>Page 2, lines 11-12<br>Page 2, lines 3-9<br>Page 2, lines 13-15<br>Page 2, lines 16-17<br>Page 2, line 25<br>Page 2, lines 18-23 | Directly quotes and characterizes documents that the TOUR contends concern the TOUR's corporate decision-making process and business strategy that could cause competitive harm if disclosed. |

**3. Dkt. 235;** *see also* **Dkt. 270-1**

| Document | Court's Ruling on Motion to Seal | Reasons for Court's Ruling |
|---|---|---|
| Joint Statement re Request for Production No. 8 of Subpoenas to Independent PGA Tour Directors and Former PGA Tour Commissioner (Dkt. 236) | GRANTED as to highlighted portions at:<br>Page 2 and 3, lines 21-10<br>Page 3, lines 21-23<br>Page 3, lines 25-27<br>Page 4, lines 3-10 | Directly quotes and characterizes documents that the TOUR contends concern the TOUR's internal decision-making process and business strategy that could cause competitive harm if publicly disclosed and/or would interfere with the privacy interests and expectations of confidentiality of third parties |

**4.      Dkt. 250 and 251**

| Document | Court's Ruling on Motion to Seal | Reasons for Court's Ruling |
|---|---|---|
| Joint Statement re Plaintiff/Counterdefendant LIV Golf, Inc.'s responses and objections to TOUR's Interrogatory No 1 (Dkt. | GRANTED as to highlighted portions at:<br>5:16-18<br>5:23-24 | Directly quotes and characterizes documents that the TOUR contends that could cause competitive harm if publicly disclosed and/or would interfere with the privacy interests and expectations of confidentiality of third parties |

3

| | | |
|---|---|---|
| 171) | 5:24-26 | |
| Ex. A to Joint Statement | DENIED WITHOUT PREJUDICE as to highlighted portions at:<br>14:21-22<br>15:1-2 | These portions contain information that third party PGA America has designated as confidential under the protective order in this case.  PGA America did not submit a declaration or statement establishing that the material should be sealed, as required under Civil Local Rule 79-5(f)(3). |
| Ex. A to Joint Statement | GRANTED as to highlighted portions at:<br>9:3-7<br>9:8-10<br>9:15-18<br>9:20-22<br>9:23-24<br>10:10-12<br>10:13-16<br>11:2-6<br>11:16-19<br>11:23-28<br>12:4-8<br>12:17-19<br>12:21-27<br>13:9-12<br>13:23-27<br>14:6-10<br>14:14-17<br>15:9-16<br>15:17-26<br>16:1-3<br>16:10-12<br>17:16-19<br>17:26-18:2<br>18:7-10<br>19:11-15<br>19:16-19<br>19:20-22<br>19:26-20:1<br>20:2-5<br>20:5-7<br>20:8-11<br>20:12-15<br>20:21-24<br>20:25-27<br>20:28-21:2<br>21:3-6<br>21:11-24 | Directly quotes and characterizes documents that the TOUR contends that could cause competitive harm if publicly disclosed and/or would interfere with the privacy interests and expectations of confidentiality of third parties |

4

|  |  |  |
|---|---|---|
|  | 21:21-24<br>21:25-22:1<br>22:6-8<br>22:13-16<br>22:16-19<br>22:22-24<br>22:28-23:3<br>23:4-7<br>23:8-10<br>23:13-16<br>23:20-21<br>23:22-25<br>24:3-6<br>24:15-19<br>24:19-22<br>24:26-25:5<br>25:5-9<br>25:27-26:6<br>27:11-31:1<br>32:3-34:26 |  |

5. **Dkt. 274**

| Document | Court's Ruling on Motion to Seal | Reasons for Court's Ruling |
|---|---|---|
| Joint Statement re Production of Text Messages (Dkt. 275) | GRANTED as to highlighted portions at:<br><br>10:17-21 | Directly quotes and characterizes documents that the TOUR contends would interfere with the privacy interests and expectations of confidentiality of third parties |

**SO ORDERED.**

Dated: March 30, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge