UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT JONES, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>PGA TOUR, INC.,<br><br>        Defendant. | Case No. 22-cv-04486-BLF   (SVK)<br><br>**ORDER ON ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 147, 165, 168, 172, 208, 223, 229 |

Before the Court are administrative motions to seal certain materials filed with the Court in connection with discovery disputes in this case. Dkt. 147, 165, 168, 172, 208, 223, 229; *see also* Dkt. 267 (chart summarizing sealing motions).

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.; see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local

Rule 79-5. Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions. The Court may reach different conclusions regarding sealing this information under different standards or in a different context. Having considered the motion to seal, supporting declaration, and the pleadings on file, and good cause appearing, the Court ORDERS as follows:

1. Dkt. 147

| Description of Document Sought to be Sealed | Court's Order | Basis for Court's Ruling |
|---|---|---|
| Dkt. 147-3 PGA TOUR, Inc's Notice of Motion and Motion to Compel Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Compliance with Document and Deposition Subpoena; Memorandum of Law in Support Thereof ("MTC") | GRANTED as to redacted portions at 3:6-9 4:14 6:19-20 6:26-28 6:28-7:2 7:2-3 7:3-4 7:5-8 9:8-18 9:23-24 16:28-17:3 18:10-13 19:17-18 19:19-20 | Contain confidential information such as LIV's ownership structure, investment strategy, business and launch strategy, internal decision making processes, identity of LIV's business partners and consultants whose work for LIV is not publicly known, disclosure of which could cause competitive harm. |
| Dkt. 147-4 Ex. 2 to Declaration of Brook Dooley in Support of Defendant PGA Tour, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Dooley Decl. iso MTC") | GRANTED as to document in its entirety | Contains confidential information about LIV's financial state, investment structure and strategy, and internal decision making, disclosure of which could cause competitive harm. |
| Dkt. 147-5 Ex. 14 to Dooley Decl. iso MTC | GRANTED as to document in its entirety | Contains confidential information about LIV's business strategy, disclosure of which could cause competitive harm. |
| Dkt. 147-6 Ex. 15 to Dooley Decl. iso MTC | GRANTED as to document in its entirety | Contains confidential information about LIV's financial state, payment plans, and internal decision making processes, , disclosure of which could cause competitive harm. |
| Dkt. 147-7 | GRANTED as to | Contains confidential information about LIV's |

| Description of Document Sought to be Sealed | Court's Order | Basis for Court's Ruling |
|---|---|---|
| Ex. 16 to Dooley Decl. iso MTC | document in its entirety | ownership, funding, financial projections, and payment to players, disclosure of which could cause competitive harm. |
| Dkt. 147-8 Ex. 17 to Dooley Decl. iso MTC | GRANTED as to document in its entirety | Contains confidential information about LIV's business strategy and internal decision making process, disclosure of which could cause competitive harm. |
| Dkt. 147-9 Ex. 18 to Dooley Decl. iso MTC | GRANTED as to Page 2, email dated July 10, 2022 | Contains confidential information about LIV's internal decision making processes, disclosure of which could cause competitive harm. |
| Dkt. 147-10 Ex. 19 to Dooley Decl. iso MTC | GRANTED as to document in its entirety | Contains personally identifiable information of LIV employees, disclosure of which could cause competitive harm. |
| Dkt. 147-12 Ex. 40 to Dooley Decl. iso MTC | GRANTED as to Page 2 | Contains confidential information about LIV's internal decision making processes, disclosure of which could cause competitive harm. |
| Dkt. 147-13 Ex. 45 to Dooley Decl. iso MTC | GRANTED as to document in its entirety | Contains confidential information about LIV's player recruitment strategy and plans, disclosure of which could cause competitive harm. |

2. **Dkt. 165**

| Description of Document Sought to be Sealed | Court's Order | Basis for Court's Ruling |
|---|---|---|
| Dkt No. 165-3<br><br>The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan's Motion to Quash and Opposition to PGA Tour Inc.'s Motion to Compel Subpoena Compliance | GRANTED as to redacted portions at 5:9-11, 5:18-25, and 14:28-15:1 | Contains confidential information about LIV's internal decision-making processes and corporate governance, disclosure of which could cause competitive harm. |
| Dkt. No. 165-2<br><br>Declaration of Tim Taylor in Support of the Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al- | GRANTED as to document in its entirety | Contains confidential material about LIV's internal decision making processes and corporate governance, disclosure of which could cause competitive harm. |

| | | |
|---|---|---|
| Rumayyan's Motion to Quash and Opposition to PGA Tour, Inc.'s Motion to Compel Subpoena Compliance | | |

**3. Dkt. 168**

| Description of Document Sought to be Sealed | Court's Order | Basis for Court's Ruling |
|---|---|---|
| Dkt. 168-39 PGA TOUR, Inc.'s Reply in Support of Motion to Compel Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Compliance with Document and Deposition Subpoenas and Opposition to Motion to Quash ("MTC and Opp. to Motion to Quash") | GRANTED as to redacted portions at 1:21 3:03 3:4-5 3:10-13 3:14-17 3:18 3:22-25 4:2-6 4:6-8 4:8-9 4:11 4:14 4:15 4:16 4:17 4:18-19 4:19-20 4:20-22 4:24-25 4:27-5:1 5:8-9 5:9-13 5:16 5:18-21 6:4-5 6:10-13 6:14-15 6:16-18 6:22-26 8:22-25 8:25-26 8:26-28 8:28-9:1 10:17-18 10:21-22 10:23-25 | Contain confidential material such as LIV's financials; formation details; investor structure, identity and procedures; valuation; business plan; projected returns and investment risks; internal decision-making processes, including strategy regarding communications, player and agent recruitment; sponsorship; and specific negotiations, disclosure of which could cause competitive harm. |

| | | | |
|---|---|---|---|
| | | 10:25-27<br>11:26<br>11:27-28<br>11:28-12:3<br>12:3-4<br>12:7-9<br>12:11<br>12:14-16<br>12:21-23<br>13:07<br>13:24-25<br>13:26-27<br>13:27-28<br>13:28<br>13:28-14:1<br>14:1-2<br>14:3-4<br>16:8-9<br>16:11-17<br>18:22-24 | | |
| | Dkt. 168-1<br>Ex. 1 to Declaration of Sophie Hood in Support of PGA TOUR, Inc.'s Reply in Support of Motion to Compel Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Compliance with Document and Deposition Subpoenas and Opposition to Motion to Quash ("Hood Decl. iso MTC Reply/Opposition to MTQ") | GRANTED as to document in its entirety | Contains confidential material about LIV's business strategy, formation details, valuation, financial projections, and investment risks, as well as internal decision making processes, disclosure of which could cause competitive harm. |
| | Dkt. 168-2<br>Ex. 2 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's business strategy, formation details, valuation, financial projections, and investment risks, disclosure of which could cause competitive harm. |
| | Dkt. 168-3<br>Ex. 3 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes regarding media strategy and partnerships, disclosure of which could cause competitive harm. |
| | Dkt. 168-4 | GRANTED as to | Contains confidential information about LIV's |

5

| | | |
|---|---|---|
| Ex. 4 to Hood Decl. iso MTC Reply/Opposition to MTQ | document in its entirety | internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-5 Ex. 5 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-6 Ex. 6 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-7 Ex. 7 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's investor structure and oversight procedures and internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-8 Ex. 8 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-9 Ex. 9 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-10 Ex. 10 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-11 Ex. 11 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-12 Ex. 12 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-13 Ex. 13 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's negotiations with specific agents and internal decision-making processes around player fees, disclosure of which could cause competitive harm. |
| Dkt. 168-14 Ex. 14 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes, disclosure of which could cause competitive harm. |
| Dkt. 168-15 Ex. 15 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's relationship and interaction with an agent, disclosure of which could cause competitive harm. |

6

| | | | |
|---|---|---|---|
| 1 2 3 | Dkt. 168-16 Ex. 16 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's negotiations with specific agents (including specific offers) and internal decision-making processes around hiring and negotiation with player agents, disclosure of which could cause competitive harm. |
| 4 5 6 | Dkt. 168-17 Ex. 17 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's negotiations with specific agents and internal decision-making processes around hiring and negotiation with player agents, disclosure of which could cause competitive harm. |
| 7 8 9 10 | Dkt. 168-18 Ex. 18 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's negotiations with specific players (including specific amounts offered) and internal decision-making processes around hiring and negotiation with players, disclosure of which could cause competitive harm. |
| 11 12 13 | Dkt. 168-19 Ex. 19 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's negotiations with specific players (including specific amounts offered) and internal decision-making processes around hiring and negotiation with players, disclosure of which could cause competitive harm. |
| 14 15 | Dkt. 168-20 Ex. 20 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's recruitment of a player, disclosure of which could cause competitive harm. |
| 16 17 18 | Dkt. 168-21 Ex. 21 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's recruitment of a potential sponsor, disclosure of which could cause competitive harm. |
| 19 20 | Dkt. 168-22 Ex. 22 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's recruitment of potential sponsors, disclosure of which could cause competitive harm. |
| 21 22 23 | Dkt. 168-23 Ex. 23 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's recruitment of potential broadcasters (including specific amounts of anticipated returns), disclosure of which could cause competitive harm. |
| 24 25 26 | Dkt. 168-24 Ex. 24 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's recruitment of potential sponsors (including specific number of partnerships and investment), disclosure of which could cause competitive harm. |
| 27 28 | Dkt. 168-25 Ex. 25 to Hood Decl. iso | GRANTED as to document in its | Contains confidential material about LIV's financials, valuation, financial projections, and |

7

| | | | |
|---|---|---|---|
| 1 | MTC Reply/Opposition to MTQ | entirety | internal decision making, disclosure of which could cause competitive harm. |
| 2, 3 | Dkt. 168-26 Ex. 26 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's financials, budgeting, business plans, and internal decision making, disclosure of which could cause competitive harm. |
| 4, 5, 6 | Dkt. 168-27 Ex. 27 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes regarding media and communication strategy, disclosure of which could cause competitive harm. |
| 7, 8, 9 | Dkt. 168-28 Ex. 28 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making process regarding media strategy, including the identity and role of media consultants, disclosure of which could cause competitive harm. |
| 10, 11 | Dkt. 168-29 Ex. 29 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making process regarding media strategy, including analyses by media consultants, disclosure of which could cause competitive harm. |
| 12, 13, 14 | Dkt. 168-30 Ex. 30 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making process regarding media strategy, including the identity and role of media consultants, disclosure of which could cause competitive harm. |
| 15, 16, 17 | Dkt. 168-31 Ex. 31 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making processes and the identity of specific consultants, disclosure of which could cause competitive harm. |
| 18, 19, 20 | Dkt. 168-32 Ex. 32 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's internal decision-making process and negotiations with specific consultants (including amount paid) , disclosure of which could cause competitive harm. |
| 21, 22 | Dkt. 168-33 Ex. 33 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's recruitment of potential sponsors, disclosure of which could cause competitive harm. |
| 23, 24 | Dkt. 168-34 Ex. 34 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's recruitment of potential sponsors, disclosure of which could cause competitive harm. |
| 25, 26 | Dkt. 168-35 Ex. 35 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's recruitment of potential sponsors, disclosure of which could cause competitive harm. |
| 27, 28 | Dkt. 168-36 Ex. 36 to Hood Decl. iso | GRANTED as to document in its | Contains confidential information about LIV's negotiations with specific players (including |

| Description of Document Sought to be Sealed | Court's Order | Basis for Court's Ruling |
|---|---|---|
| MTC Reply/Opposition to MTQ | entirety | specific amounts offered) and internal decision-making processes around hiring and negotiation with players, disclosure of which could cause competitive harm. |
| Dkt. 168-37 Ex. 37 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential information about LIV's investor structure and oversight, disclosure of which could cause competitive harm. |
| Dkt. 168-38 Ex. 44 to Hood Decl. iso MTC Reply/Opposition to MTQ | GRANTED as to document in its entirety | Contains confidential material about LIV's business plans, financials, and internal decision making, disclosure of which could cause competitive harm. |

4. **Dkt. 172**

| Description of Document Sought to be Sealed | Court's Order | Basis for Court's Ruling |
|---|---|---|
| Dkt No. 172-2<br><br>The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan's Reply in Support of Joint Motion to Quash | GRANTED as to redacted portions at 3:8-15, 3:17-18, 4:16, 6:5-12, 7:5-11, and 7:27-28 | Contains confidential information about LIV Golf's internal decision making processes, governance procedures, negotiation practices, formation, relationship with investors, and contracts with players, disclosure of which could cause competitive harm. |

5. **Dkt. 208**

| Description of Document Sought to be Sealed | Court's Order | Basis for Court's Ruling |
|---|---|---|
| Dkt. 208-1 Ex. A (Shareholders' Agreement) to Declaration of Maile N. Yeats-Rowe ISO PGA TOUR, Inc.'s Administrative Motion to File Supplemental Material in Support of its Motion to Compel ("Yeats-Rowe Decl. iso Motion for Leave to File Supplemental Material") | GRANTED as to document in its entirety | Contains confidential information about LIV's corporate governance, investment structure, share price, valuation, internal financial reporting, internal decision making, and budgeting process; the identities of LIV's strategic partners and pre-approved clients; LIV financials, including specific amounts of capital, the capital deployment schedule, and capital intended uses; LIV's relationships with third parties; and limitations on LIV's business conduct, disclosure of which could cause competitive harm. |
| Dkt. 208-2 Ex. B (Proposed | GRANTED as to redacted portions at | Contains confidential information about LIV's investment structure, corporate governance, and |

| | | |
|---|---|---|
| Supplemental Memorandum) to Yeats-Rowe Decl. iso Motion for Leave to File Supplemental Material | 1:11-12<br>1:13-14<br>1:23-26<br>1:28-2:3<br>2:12-13<br>2:14-16<br>2:18-22<br>2:22-24<br>2:24<br>2:24-4:1<br>4:16-17<br>4:18-19<br>4:25-26<br>5:7-11 | investment terms, disclosure of which could cause competitive harm. |

### 6. Dkt. 223

| Description of Document Sought to be Sealed | Court's Order | Basis for Court's Ruling |
|---|---|---|
| Dkt. 223-1 Presentation of PGA TOUR presented in support of its Motion to Compel Subpoena Compliance from PIF and Mr. Al-Rumayyan at the January 13, 2023 hearing. | GRANTED as to redacted portions at pages<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>29<br>30<br>33<br>40 | Contains confidential information such as information about LIV's relationship with investors, including allocation of financial risk, percentage ownership, and the purpose and circumstances of investment; limitations on its business conduct and decision making; internal decision making process; and investor confidential communications with individuals involved in LIV's business, disclosure of which could cause competitive harm. |

10

**7. Dkt. 229**

| Description of Document Sought to be Sealed | Court's Order | Basis for Court's Ruling |
|---|---|---|
| Dkt. No. 229-3<br><br>Response to PGA Tour, Inc.'s Supplemental Memorandum ISO of Its Motion to Compel Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Compliance With Document and Deposition Subpoenas and Opposition to Motion to Quash | GRANTED as to redacted portions at 3:1-8, 3:14-15, 3:23-4:1, 4:10-11, and 4:13-20 | Contains confidential information about LIV's corporate governance, disclosure of which would cause competitive harm to LIV, could cause competitive harm. |

**SO ORDERED.**

Dated: March 30, 2023

*Susan van Keulen*

SUSAN VAN KEULEN
United States Magistrate Judge