RACHEL S. BRASS, SBN 219301
　rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
　ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
　rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
　shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
　jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
　klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
　johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
　dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
　kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
　bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000

*Attorneys for Plaintiffs Matt Jones, Bryson
　DeChambeau, Peter Uihlein, and LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br>　　　Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br>　　　Counter-Defendant. | CASE NO. 5:22-cv-04486-BLF-SVK <br><br> **PLAINTIFF LIV GOLF, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Pursuant to Civil Local Rule 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") respectfully requests that the joint case management statement be filed in redacted form. LIV provides the following statement to support sealing of its protected material under Civil Local Rule 79-5(c). LIV concurrently files a motion to consider whether another party's material should be sealed, pursuant to Civil Local Rule 79-5(f), to allow Defendant the PGA Tour, Inc. to seek sealing for its portions of the statement.

## I. PLAINTIFF'S STATEMENT IN SUPPORT OF SEALING

The joint request sets out the parties' positions on the status of discovery and trial schedule. As this Court explained, such sealing motions "are brought in connection with documents that do not relate to the merits of the case, and thus the lower 'good cause' standard applies." Dkt. No. 287 at 3:13-14; *accord Int'l Swimming League, Ltd. v. Federation Internationale de Natation*, 2021 WL 624172, at *1 (N.D. Cal. Jan. 19, 2021). The "'good cause' standard" of Rule 26(c)(1) "protect[s] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Good cause to seal exists. As explained in the declaration of Gary Davidson, the Tour's portion of the case management statement discloses negotiations with specific sponsors and broadcasters, terms of certain player contracts, and communications with players and agents involving the Public Investment Fund of the Kingdom of Saudi Arabia. Declaration of Gary Davidson ("Davidson Decl.") ¶¶ 2-5. Disclosure of this information would cause competitive harm to LIV, including by (1) inviting speculation about LIV's corporate formation, which may impact its regulatory exposure, (2) deterring prospective investors and business partners from entering into confidential communications with LIV, for fear that the information and their identities will become public through routine litigation filings, and (3) deterring players and agents from joining or talking to LIV. *Id*.

As explained in the complaint, the Tour has conducted a coordinated campaign to tarnish the reputation of anyone associated with LIV. Dkt. No. 83 ¶ 3. LIV respectfully submits that the Court should not allow procedural filings unrelated to the merits in this litigation to become a tool for such harm. *See Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 597 (1978) (cautioning that court files

should not "become a vehicle for improper purposes," such as "as sources of business information that might harm a litigant's competitive standing"). The sealing is narrowly tailored because most of the joint statement is unredacted. LIV is only seeking to seal specific materials that directly quote or disclose LIV's confidential business information.

DATED:  March 31, 2023

Respectfully submitted,

/s/ Rachel S. Brass
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorney for Plaintiffs Matt Jones, Bryson DeChambeau, Peter Uihlein, and LIV Golf Inc.*