RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
  SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
  SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000

*Attorneys for Plaintiffs Matt Jones, Bryson*
  *DeChambeau, Peter Uihlein, and LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., <br><br> Counter-Defendant. | CASE  NO. 5:22-cv-04486-BLF-SVK <br><br> **DECLARATION OF GARY DAVIDSON IN SUPPORT OF SEALING PORTIONS OF JOINT CASE MANAGEMENT STATEMENT** |

I, Gary Davidson, hereby declare and state:

1.     I am the Chief Operating Officer of LIV Golf Inc. ("LIV").  I am authorized by LIV to make this statement in support of sealing portions of the joint case management statement filed on March 31, 2023 ("Joint Case Management Statement").  I make the statements in this declaration based on personal knowledge, personal experience, and personal participation in communications with business associates.  If called and sworn as a witness, I could and would testify to the facts stated in this declaration.

2.     The Tour's portion of the Joint Case Management Statement quotes and describes documents related to LIV's corporate governance, relationship with investors, and specific agreements and negotiations with players, agents, broadcasters, sponsors, and others.  Disclosure of this information would cause significant competitive harm to LIV.  The PGA Tour has systematically threatened and tarnished the reputation of any party doing business with LIV.  In light of the Tour's anticompetitive conduct, LIV's ability to negotiate and obtain business confidentially is critical to its continued viability as a business.  Disclosure of confidential contacts and the identities of potential business partners would prejudice LIV's ability to obtain business by deterring potential business partners from entering into confidential negotiations with LIV in expectation that the information may become public through this lawsuit.

3.     LIV is a non-public company that may take outside funding in the future.  Disclosure of information about its current relationship with investors would prejudice its ability to obtain outside funding, either by deterring outside funders or by influencing the terms that they demand.  Disclosure would also allow competitors to exploit information for competitive gain.

4.     Disclosure of LIV's negotiations and agreements with players, agents, broadcasters, and sponsors, including specific terms and offers, would constrain LIV's future bargaining power, as other players, agents, broadcasters or sponsors may demand the same or better terms as those described.  None of this information is public or otherwise disclosed and disclosure of this information would harm LIV's ability to enter into confidential negotiations.

5.     Moreover, the Tour's portion of the Joint Case Management Statement quotes and purports to describes the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF")

communications with players and agents related to LIV.  Disclosure of this information would harm LIV's ability to recruit players.  Making this information public would invite speculation about which players and agents were involved in the disclosed communications with PIF.  Even players and agents that were not involved may receive questions or press inquiries about it.  Such attention would serve the Tour's goals of deterring potential players and agents from joining LIV due to the Tour's narrative.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on March 31 , 2023.

/s/  *Gary Davidson*

Gary Davidson

DAVIDSON  DECLARATION IN SUPPORT OF SEALING
CASE NO. 5:22-CV-04486-BLF

1

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

2          Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that

3  concurrence in the filing of the document has been obtained from each of the other signatories to this

4  document.

5

6  DATED:  March 31, 2023                    GIBSON, DUNN & CRUTCHER LLP

7
                                            By:    ___*/s/ Rachel S. Brass*_____
8                                                      Rachel S. Brass

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIDSON DECLARATION IN SUPPORT OF SEALING
CASE NO. 5:22-CV-04486-BLF