**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br>Plaintiffs, <br><br>v. <br><br>PGA TOUR, INC., <br><br>Defendant and Counter-Plaintiff, <br><br>v. <br><br>LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br>Counter-Defendants. | Case No. 5:22-cv-04486-BLF <br><br>**THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S ADMINISTRATIVE MOTION FOR A BRIEFING SCHEDULE ON COUNTER-DEFENDANTS' MOTION TO DISMISS** <br><br>Judge:  Hon. Beth Labson Freeman <br>Date Filed: August 3, 2022 <br>Trial Date: January 8, 2024 |

Pursuant to Local Rules 6-3 and 7-11, Counter-Defendants the Public Investment Fund ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") respectfully move for an order permitting them to respond to the Amended Counterclaim of PGA Tour, Inc. (the "Tour") on or before May 18, 2023. This is PIF and HE's first request for a briefing schedule on the motion to dismiss.

**PRELIMINARY STATEMENT**

In Section 1608 of the Foreign Sovereign Immunities Act ("FSIA"), Congress set out both procedures for service of complaints on foreign sovereigns and their instrumentalities, and a 60-day time for responses to them. As the Court is aware, last week, the Tour asserted that it had served PIF and HE under Section 1608 on March 19, and PIF and HE agreed (in light of the specific circumstances of this case) not to challenge that Section 1608 service. Having obtained the agreement it sought, however, the Tour abruptly reversed course. It now contends that Section 1608 does not apply, and that both PIF and HE must respond to the Amended Counterclaim by this Monday (April 10, *i.e.*, 21 days from service), necessitating this motion.

PIF and HE respectfully ask that the Court order a May 18, 2023 deadline for PIF and HE to respond to the Amended Counterclaim. The Tour's position contradicts the important procedural protection Congress afforded foreign sovereigns like PIF under the FSIA, which mandates a 60-day response time—the same response time that applies to the United States and its officials, and which is reflective of the fact that defense of a sovereign in a private lawsuit is subject to various unique considerations. The Tour cannot employ the FSIA's service provisions under Section 1608, and then ignore the 60-day response deadline contained in those same provisions. Moreover, good cause exists to set the same response time for PIF and HE. Requiring that HE file a motion to dismiss weeks before PIF (as the Tour demanded) would effectively advance PIF's deadline to respond to the Amended Counterclaim, again in violation of Section 1608 of the FSIA, given that HE is PIF's Governor and the immunity issues between them overlap. It also is manifestly more efficient for the parties and the Court to brief these issues once, not twice, especially in light of the Court's requirements as to page limits; and any oral argument on the motions to dismiss should be held

together as well.  PIF and HE propose a 30/21-day schedule for oppositions and replies, though the Tour can of course file sooner if it chooses.  This Motion should be granted.

## ARGUMENT

### I. THE FSIA DICTATES A 60-DAY RESPONSE DEADLINE

PIF and HE's proposed briefing schedule adheres to the 60-day response time Congress provided expressly in the FSIA.  The Tour asserts that it complied with the service requirements of 28 U.S.C. § 1608(b)(3)(B) on March 19, 2023 when a PIF employee in Saudi Arabia allegedly signed for a FedEx delivery containing the purported service packet.  *See* Decl. of Kimberly A. Havlin ("Havlin. Decl."), Ex. 1.  The same section of the FSIA provides that PIF and HE "shall serve an answer or other responsive pleading" to the Amended Counterclaim within 60-days of the date of service—*i.e.*, by May 18, 2023.  28 U.S.C. § 1608(d).  This extended timeframe reflects the fact that disputes involving sovereigns raise particularly complex issues, require additional layers of approval and conferral, and often implicate sensitive policy concerns.  *See also* Fed. R. Civ. P. 12(a)(2)-(3) (providing that the United States and its agencies, officers, or employees have 60 days to respond to a complaint).  The plain language of § 1608(d) should end the matter.  The Tour elected to bring counterclaims against a foreign sovereign, and cannot now try to evade the procedural protections that sovereign parties are afforded under U.S. law.

The Tour has contended that this 60-day period applies only to PIF, and not to HE, such that HE should be compelled to file his motion to dismiss 39 days before PIF.  *See* Havlin Decl., Ex. 1.  This is inconsistent with the Tour's position on service, and in any event, this would equally violate Section 1608(d) of the FSIA.  HE is PIF's Governor and the immunity defenses between HE and PIF overlap.  Requiring that HE brief immunity arguments weeks before PIF does would require PIF to take positions and brief these defenses well before the statutory deadline that Congress set.  Indeed, PIF and HE are not aware of any case where a foreign official was compelled to brief immunity issues before and separate from the applicable foreign sovereign itself.  To the contrary, courts routinely order briefing schedules that consolidate motion to dismiss briefing by foreign sovereigns and their officials.  *See, e.g.*, *Friedman v. Gov't of Abu Dhabi, U.A.E.*, No. 19-cv-02021 (D.D.C. Oct. 23, 2019) (granting Government of Abu Dhabi and a former government minister an

additional 30-day extension to file their responsive pleading, for a total of 90 days from the date of service). That is particularly so where, as here, a plaintiff has invoked 28 U.S.C. § 1608 to serve papers on a foreign official together with the foreign sovereign. *See, e.g.*, Aff. of Service of Process, *Law Offices of Arman Dabiri & Assoc. PLLC v. The Agricultural Bank of Sudan*, No. 17-cv-2497 (D.D.C. Feb. 8, 2018) (certifying service under the FSIA on General Manager of the Agricultural Bank of Sudan and the Ministry of Agriculture & Forests of Sudan and providing for a 60-day deadline for both parties' responsive pleadings); Order, *Dogan v. Barak*, No. 15-cv-08130 (C.D. Cal. Dec. 8, 2015) (granting former Israeli Defense Minister a total extension of 60 days to file a responsive pleading).

## II.     THERE IS GOOD CAUSE FOR THE REQUESTED BRIEFING SCHEDULE

In addition to this binding requirement of the FSIA, good cause exists for PIF and HE to brief their motions to dismiss together by May 18, 2023. PIF and HE should brief common issues only once, particularly in light of the Court's Order Regarding Response to Amended Counterclaim (Dkt. No. 329), setting a 25-page limit for all parties moving to dismiss, whether "as a single brief for all moving parties or separate briefs for each moving party." And this Court must consider PIF and HE's potentially dispositive immunity defenses at the "outset," prior to proceeding with litigation on the merits. *Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 174 (2017); *see also In re Papandreou*, 139 F.3d 247, 254 (D.C. Cir. 1998) (explaining that "deciding other issues" before sovereign immunity "may irreparably impair the benefits of immunity"). A uniform briefing schedule will conserve both party and judicial resources, and will facilitate the Court's efficient and orderly resolution of the issues.

It also bears noting that PIF and HE agreed not to challenge the Section 1608 service in light of the specific circumstances of this case, mooting a motion for alternative service that could have extended the service period by additional weeks. Nor is it unusual to grant initial extensions to an answer deadline, even in ordinary (non-sovereign) circumstances, including the fact that the PIF's demand for an answer by this Monday falls squarely in the midst of Ramadan, Passover, and Easter, complicating coordination among key decision-makers.

Finally, to the extent that the Tour maintains that service was effected on PIF and HE prior to March 19, 2023, that is wrong. *See* Opp'n to Mot. for Alternative Service, Dkt. No. 357, at 3-4. As PIF and HE have explained multiple times, the Tour's proposed service of process prior to March 19, 2023 by sending the documents to PIF and HE's counsel and the ECF filing system were not effective service. *See* Havlin Decl., Ex. 1; *see also* H'rg Tr. (Feb. 24, 2023) at 5:13-15 (The Court: "I'm not aware that [PIF and HE] have agreed to accept service of a pleading by ECF.").

## **CONCLUSION**

For the foregoing reasons, PIF and HE respectfully request that this Court grant PIF and HE's request to set their deadline to respond to the Amended Counterclaim to May 18, 2023. PIF and HE further request that the Tour's opposition, if any, be due by June 19, 2023, and PIF and HE's reply, if any, be due July 10, 2023.

Dated: April 4, 2023          By: */s/ Carolyn B. Lamm*

**WHITE & CASE**LLP

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900

-5-
ADMINISTRATIVE MOTION FOR A BRIEFING SCHEDULE ON COUNTER-DEFENDANTS'
MOTION TO DISMISS*CASE NO. 5:22-CV-04486-BLF

Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*