| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - # 243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - # 295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:     415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone:     212 735 3000<br>Facsimile:     212 735 2000 |

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant. | Case No. 5:22-CV-04486-BLF (SVK)<br><br>**PGA TOUR, INC.'S OPPOSITION TO THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S ADMINISTRATIVE MOTION FOR A BRIEFING SCHEDULE ON MOTION TO DISMISS**<br><br>Judge:         Hon. Beth Labson Freeman<br><br>Date Filed:   August 3, 2022<br><br>Trial Date:    January 8, 2024 |
| PGA TOUR, INC.,<br><br>Counter-claimant,<br><br>v.<br><br>LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN,<br><br>Counter-defendants. | |

I.      INTRODUCTION

The Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and Yasir Othman Al-Rumayyan's Administrative Motion for a Briefing Schedule is yet another attempt to forestall the TOUR's prosecution of its Amended Counterclaims and further proof that the existing case schedule is unworkable. Although he purports to "request . . . a briefing schedule," Dkt. 386 (Mot.) at 1, Mr. Al-Rumayyan actually seeks an unwarranted **39-day extension** from his April 10, 2023, deadline to respond. For its part, PIF seeks a 17-day extension from its May 1, 2023, deadline to respond despite being served with the Amended Counterclaims on March 1, 2023.

Meanwhile, PIF and Mr. Al-Rumayyan are attempting to slow-roll the TOUR's Amended Counterclaims while they re-litigate meritless sovereign immunity and personal jurisdiction defenses that this Court has already rejected. PIF and Mr. Al-Rumayyan propose a schedule that would not complete briefing on their motion to dismiss until **July 10, 2023**—after the current deadlines for fact discovery, expert reports, and motions for summary judgment have all expired. While they attempt to stall the TOUR's claims, PIF and Mr. Al-Rumayyan continue to stonewall the critical discovery the TOUR has been seeking since last August. Neither PIF nor Mr. Al-Rumayyan has produced a single document; provided any date for production; offered dates for their depositions; or even committed to abide by this Court's orders compelling discovery. The Court should not countenance PIF and Mr. Al-Rumayyan's gamesmanship. The TOUR's Amended Counterclaims have been pending since February 23, 2023, and PIF and Mr. Al-Rumayyan have been on notice of those claims since then. The Court should deny their motion and order Mr. Al-Rumayyan to respond to the TOUR's Amended Counterclaims no later than April 10, 2023.

II.     BACKGROUND

On February 23, 2023, the TOUR filed its Amended Counterclaims. *See* Dkt. 289. That same day, and again on February 28 and March 1, 2023, the TOUR served physical and electronic copies of its Amended Counterclaims and summonses on counsel for PIF and Mr. Al-Rumayyan at White & Case and Quinn Emanuel, both of whom entered Notices of Appearance confirming

that they were authorized to accept "all pleadings and notices in this action" on their behalf.[1] *See* Dkt. 353 (TOUR's Motion for Alternative Service) at 2.

On March 14, the TOUR had copies of the summonses and Amended Counterclaims, along with Modern Standard Arabic translations of each, delivered to the Office of the Clerk of the United States District Court for the Northern District of Northern California to effect service on PIF pursuant to § 1608(b)(3)(B) of the FSIA. *Id.* at 3. A clerk sealed those documents in a prepaid FedEx envelope provided by counsel for the TOUR, which was addressed to the PIF offices in Riyadh, Kingdom of Saudi Arabia; deposited the envelope in a FedEx drop box; and provided photographs to the TOUR's counsel confirming the shipment. *Id.* On March 19, the FedEx envelope containing the summonses, Amended Counterclaims, and translations was delivered to the PIF offices in Riyadh and signed for. *Id.*

Given PIF and Mr. Al-Rumayyan's refusal to confirm that service of the Amended Counterclaims was effectuated, and as part of a belt-and-suspenders approach, the TOUR also moved for a court order authorizing alternative service of the Amended Counterclaims. A day after the TOUR moved for such relief, PIF and Mr. Al-Rumayyan claimed that "they will not seek to challenge service of process." Dkt. 357 (Opposition to the TOUR's Motion for Alternative Service) at 2. The Court denied the TOUR's Motion for Alternative Service as moot and concluded that "service was effective **at least** as of March 19, 2023." Dkt. 362 (Order on Motion for Alternative Service) (emphasis added).

The TOUR then informed counsel for Mr. Al-Rumayyan that, even assuming that March 19 was the latest date of effective service (which the TOUR did not concede since both PIF and Mr. Al-Rumayyan were properly served weeks earlier), his responsive pleading was due "within 21 days of service under Rule 12 of the Federal Rules of Civil Procedure." Dkt. 387-2 (Exhibit 1 to Kimberly Havlin Declaration) at 3. Thus, Mr. Al-Rumayyan's "response is . . . due on April 10." *Id.* Counsel for Mr. Al-Rumayyan disagreed and insisted that he had sixty days to respond under the FSIA, *see* 28 U.S.C. § 1608(d), even though they have previously acknowledged that

---

[1] Quinn Emanuel subsequently withdrew as counsel for PIF and Mr. Al-Rumayyan. *See* Dkt. 326.

"[t]he FSIA … do[es] not apply to foreign officials," including Mr. Al-Rumayyan, *see* Dkt. 306 at 6. PIF and Mr. Al-Rumayyan then proceeded to file this Administrative Motion asking the Court to "set [PIF and Mr. Al-Rumayyan's] deadline to respond to the Amended Counterclaim[s] to May 18, 2023"; set the TOUR's deadline to respond to June 19, 2023; and set PIF and Mr. Al-Rumayyan's deadline to file a reply brief to July 10, 2023. Mot. at 5.

For the reasons set forth below, the Court should deny PIF and Mr. Al-Rumayyan's Administrative Motion.

### III.   ARGUMENT

**A.   The FSIA's response deadline does not apply to Mr. Al-Rumayyan.**

The FSIA provides that "[i]n any action brought in a court of the United States or of a State, [1] a foreign state, [2] a political subdivision thereof, or [3] an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section." 28 U.S.C. § 1608(d). By its plain terms, the FSIA does not apply to Mr. Al-Rumayyan: he is not a foreign state, a political subdivision of a foreign state, or an agency or instrumentality of a foreign state. In short, "the FSIA does not govern whether an individual foreign official enjoys immunity from suit." *Samantar v. Yousuf*, 560 U.S. 305, 310 n.3 (2010). Even Mr. Al-Rumayyan recognized as much when he previously admitted that "[t]he FSIA . . . ***do[es] not apply*** to foreign officials" such as himself. Dkt. 306 at 6 (emphasis added).

Accordingly, the FSIA's sixty-day deadline does not govern Mr. Al-Rumayyan's response to the TOUR's Amended Counterclaims. Mr. Al-Rumayyan must answer "within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i), which is April 10 at the latest because "service was effective at least as of March 19, 2023," Dkt. 362. The TOUR's "position on service" has never been "inconsistent." Mot. at 3. The TOUR has consistently maintained that the "FSIA does not apply to foreign officials, and Mr. Al-Rumayyan must file and serve a responsive pleading within 21 days of service under Rule 12." Dkt. 386-2 at 3.

**B.   There is no good cause to extend Mr. Al-Rumayyan's deadline to respond.**

Mr. Al-Rumayyan' request for an extension to respond to the TOUR's Amended

Counterclaims lacks good cause for three reasons.

***First***, Mr. Al-Rumayyan does not need sixty days to move to dismiss given that the relevant issues have already been extensively briefed and decided. Mr. Al-Rumayyan intends to recycle his previously rejected "immunity defenses," Mot. at 4, but the parties have already briefed PIF and Mr. Al-Rumayyan's sovereign immunity and personal jurisdiction defenses in the context of (1) the TOUR's Motion to Compel, *see* Dkt. 147; (2) PIF and Mr. Al-Rumayyan's Opposition and Motion to Quash, *see* Dkt. 166; (3) PIF and Mr. Al-Rumayyan's Motion for De Novo Review of or, in the Alternative, for Relief from Non-dispositive Order of Magistrate Judge, *see* Dkt. 306; and (4) the TOUR's opposition thereto, *see* Dkt. 322. On de novo review, the Court rejected PIF and Mr. Al-Rumayyan's sovereign immunity arguments and affirmed Judge van Keulen's order that they are not immune. *See* Dkt. 382. With the benefit of this Court's order and the parties' extensive history of briefing these defenses, Mr. Al-Rumayyan does not need more time to prepare a motion to dismiss.

***Second***, Mr. Al-Rumayyan has been on notice of the Amended Counterclaims since February or March 1 at the latest, when his counsel at White & Case and Quinn Emanuel received copies of the Amended Counterclaims and summonses. Mr. Al-Rumayyan has already had over a month to consider the TOUR's allegations and prepare a motion to dismiss.

***Third***, it is fundamentally unfair for Mr. Al-Rumayyan to drag his feet in responding to the TOUR's Amended Counterclaims while LIV—an entity that he effectively controls through PIF—continues to insist that the current trial schedule stand. Mr. Al-Rumayyan's extreme and prejudicial delay is yet another reason why the current trial date set in January is unworkable and must be vacated so that the TOUR's Amended Counterclaims, which are inextricably intertwined with Plaintiffs' antitrust claims, can be tried at the same time.

### C. PIF's proposed response date and proposed briefing schedule are unworkable considering the current case schedule.

The Court should reject PIF's proposed response date and proposed briefing schedule. To start, PIF's request to set its response deadline on May 18 is improper. *See* Mot. at 5. PIF was served with the Amended Counterclaims on March 1, so its response is due on May 1. *See* 28

4

U.S.C. § 1608(d). PIF does not need additional time to prepare its motion to dismiss because, like Mr. Al-Rumayyan, it has been on notice of the Amended Counterclaims since they were filed on February 23 and still has almost one more month to file a response.

PIF's proposed briefing schedule is also unworkable given the current case schedule. Under PIF's approach, briefing on its motion to dismiss will end in July of this year, *see* Mot. at 5, but the deadlines for fact discovery, expert reports, and motion for summary judgment will have all expired by then, *see* Dkt. 204 (Joint Stipulation re Case Caption and Case Schedule) at 3.

Lastly, there is no need for PIF and Mr. Al-Rumayyan to file their motions to dismiss simultaneously. The Court contemplated "separate briefs" for the counter-defendants' motions to dismiss, as long as the briefing did not collectively exceed "25 pages." Dkt. 298 (Feb. 24, 2023 H'rg Tr. at 49:11-12). Insofar as PIF is concerned about inefficiencies or duplicative arguments from filing a separate brief, it is free to file a combined motion to dismiss with Mr. Al-Rumayyan on April 10.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny PIF and Mr. Al-Rumayyan's Administrative Motion.

Dated: April 6, 2023　　　　　　　　　　　　　　　KEKER, VAN NEST & PETERS LLP

By: *Elliot R. Peters*
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.