# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIVE GOLF, INC., <br><br>  Plaintiffs, <br> v. <br> PGA TOUR, INC., <br><br>  Defendant. | Case No. 22-cv-04486-BLF <br><br> **ORDER GRANTING PGA TOUR, INC.'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE** <br><br> [Re: ECF 288] |
| PGA TOUR, INC., <br><br>  Counterclaimant, <br> v. <br> LIV GOLF, INC., PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and HIS EXCELLENCY YASIR OTHMAN AL-RUMAYYAN, <br><br>  Counterdefendants. | |

Defendant/Counterclaimant PGA TOUR, Inc. ("TOUR") seeks relief from one aspect of a magistrate judge's order addressing the enforceability of subpoenas that TOUR served on the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and its Governor, His Excellency Yasir Othman Al-Rumayyan ("HE Al-Rumayyan"). PIF and HE Al-Rumayyan recently have been named as counterdefendants in this suit, but they were non-parties when served with the subpoenas and when the magistrate judge issued the ruling at issue here. The subpoenas called for them to appear for deposition and produce documents at the New York City office of TOUR's

1    counsel. PIF and HE Al-Rumayyan objected to the subpoenas, after which TOUR moved to
2    compel compliance and PIF and HE Al-Rumayyan moved to quash the subpoenas.
3          In a 58-page order issued February 9, 2023 ("the Order"), the magistrate judge quashed the
4    deposition portions of the subpoenas based solely on TOUR's failure to tender required witness
5    fees, without prejudice to re-service of the subpoenas with the witness fees. *See* Order at 58, ECF
6    380. The magistrate judge otherwise denied the motion to quash and approved the depositions
7    upon service of new subpoenas with proper witness fees. *See id.* However, the magistrate judge
8    modified the subpoenas to give PIF and HE Al-Rumayyan the option to change the place of
9    compliance from New York City to Riyadh, Saudi Arabia. *See id.*
10         TOUR moves for relief from the latter aspect of the Order under Federal Rule of Civil
11   Procedure 72(a), governing district court review of a magistrate judge's nondispositive order. *See*
12   Mot., ECF 288. Specifically, TOUR contends that the Order is erroneous and contrary to law to
13   the extent it modified the subpoenas to give PIF and HE Al-Rumayyan the option to change the
14   place of compliance from New York City to Riyadh, Saudi Arabia. In response, PIF and HE Al-
15   Rumayyan agree that Rule 72(a) governs and that the magistrate judge lacked authority to modify
16   the subpoenas' place of compliance, but they contend that the subpoenas should have been
17   quashed in their entirety. *See* Opp., ECF 325.
18         The Court finds TOUR's motion to be suitable for decision without oral argument. *See*
19   Civ. L.R. 7-1(b). The Court GRANTS the motion and VACATES the portion of the Order
20   modifying the subpoenas to give PIF and HE Al-Rumayyan the option to change the place of
21   compliance from New York City to Riyadh, Saudi Arabia.

22   **I.   BACKGROUND**
23       *Complaint and First Amended Complaint*
24         This action was filed on August 3, 2022 by a number of professional golfers asserting
25   antitrust violations and related claims against TOUR. *See* Compl., ECF 1. The operative first
26   amended complaint ("FAC") was filed shortly thereafter, adding LIV Golf, Inc. ("LIV") as a
27   plaintiff. *See* FAC, ECF 83. The FAC alleges that TOUR is "an entrenched monopolist with a
28   vice-grip on professional golf," and that LIV is a new entrant to the market as the sponsor of a new

golf league. *See id.* ¶¶ 1, 101-08. According to Plaintiffs, TOUR has acted unlawfully to preserve its monopoly power by restricting elite golfers' ability to participate in LIV golf events. *See id.* ¶ 2. TOUR allegedly has threatened to impose suspensions and lifetime bans on golfers who participate in a single LIV event. *See id.* ¶¶ 3-5. The FAC asserts claims for violation of state and federal antitrust laws, breach of contract, tortious interference with contract, and tortious interference with prospective business relationships. *See id.* ¶¶ 310-88.

*Answer and Counterclaim*

TOUR filed an answer to the FAC on September 28, 2022, along with a counterclaim against LIV for tortious interference with contract. *See* Answer & Countercl., ECF 108. The counterclaim alleges that LIV has interfered with TOUR's contractual relationships with golfers by, among other things, paying them to breach their contracts with TOUR and funding this lawsuit against TOUR. *See id.* ¶¶ 56-62. The counterclaim also alleges that LIV is wholly owned and overseen by PIF, the Saudi sovereign wealth fund, which holds more than $500 billion in assets. *See id.* ¶¶ 6, 19.

On February 23, 2023, the Tour amended its counterclaim to add PIF and HE Al-Rumayyan as counterdefendants and to add a claim for inducing breach of contract. *See* Answer & Am'd Countercl., ECF 289.

*Subpoenas*

TOUR served subpoenas on PIF and HE Al-Rumayyan, then non-parties, requiring them to appear for deposition and produce documents at the New York City office of TOUR's counsel. *See* Subpoenas, Dooley Decl. Exs. 6 & 7, ECF 148-2. As noted above, PIF is the Public Investment Fund of the Kingdom of Saudi Arabia. *See* HE Al-Rumayyan Decl. ¶ 1, ECF 166-5. HE Al-Rumayyan is the Governor of PIF, holds the rank of Minister in the Kingdom of Saudi Arabia, and resides in Saudi Arabia. *See id.* ¶¶ 1-3. PIF and HE Al-Rumayyan served responses and objections to the subpoenas. *See* Reponses & Objs., Dooley Decl. Exs. 36 & 37, ECF 148-5.

*Motion to Compel Compliance and Motion to Quash*

In October 2022, TOUR filed a motion to compel compliance with the subpoenas in the United States District Court for the Southern District of New York, which opened a miscellaneous

3

case. By stipulation of TOUR, PIF, and HE Al-Rumayyan, the miscellaneous case was transferred to this Court. *See PGA TOUR, Inc. v. Public Investment Fund of the Kingdom of Saudi Arabia, et al.*, No. 22-mc-80336-BLF. At the direction of the magistrate judge, TOUR refiled its motion to compel compliance in the present case. *See* Mot. to Compel, ECF 148. PIF and HE Al-Rumayyan then moved to quash the subpoenas. *See* Mot. to Quash, ECF 166.

The motion to quash asserted among other things that PIF has sovereign immunity, HE Al-Rumayyan has common law immunity, the Court lacks personal jurisdiction over PIF and HE Al-Rumayyan, and enforcing the subpoenas would violate principles of international comity. *See* Mot. to Quash, ECF 166. The motion to quash also asserted that the subpoenas were deficient under Federal Rule of Civil Procedure 45 because they called for compliance outside the 100-mile limit of Rule 45(c), TOUR failed to tender witness fees as required by Rule 45(b), and the subpoenas were unduly burdensome under Rule 45(d). *See id.*

*Magistrate Judge's Order*

The magistrate judge quashed the deposition portions of the subpoenas based solely on TOUR's failure to tender witness fees, without prejudice to re-service of the subpoenas with witness fees. *See* Order at 58. The magistrate judge otherwise denied the motion to quash. *See id.* However, the magistrate judge modified the subpoenas to give PIF and HE Al-Rumayyan the option to change the place of compliance from New York City to Riyadh, Saudi Arabia. *See id.* The magistrate judge also modified the categories of documents requested in the subpoenas to alleviate any undue burden on PIF and HE Al-Rumayyan. *See id.*

The Order indicated that "[t]he Court's rulings on the motion to quash filed by PIF and Mr. Al-Rumayyan also address the arguments made in PGA's motion to compel." Order at 58.

*Motion for Relief from Magistrate Judge's Order*

On February 23, 2023, TOUR filed the present motion for relief from a nondispositive order of a magistrate judge, specifically, the portion of the magistrate judge's Order modifying the subpoenas to give PIF and HE Al-Rumayyan the option to change the place of compliance. *See* Mot., ECF 288.

4

## II. LEGAL STANDARD

Nondispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id*. In this district, the objection must be made as a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge." Civ. L.R. 72-2(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Under the clear error standard, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (discussing clear error review generally) (internal quotation marks and citation omitted); *see also Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. 2009), aff'd, 404 F. App'x 249 (9th Cir. 2010) (applying *Easley* when setting forth standard of review of magistrate judge's nondispositive order under Rule 72(a)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (internal quotation marks and citation omitted).

When applying these principles, the district court "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III. DISCUSSION

TOUR asserts that the Order is erroneous and contrary to law within the meaning of Rule 72(a) to the extent it modified the subpoenas to give PIF and HE Al-Rumayyan the option to

5

change the place of compliance from New York City to Riyadh, Saudi Arabia. In response, PIF and HE Al-Rumayyan agree that Rule 72(a) governs and that the magistrate judge lacked authority to modify the subpoenas' place of compliance, but they contend that the subpoenas should have been quashed in their entirety.

Before taking up the parties' substantive arguments, the Court addresses the governing law and then summarizes the relevant aspects of the magistrate judge's ruling.

### A. Governing Law

The Court agrees with the parties that Rule 72(a) governs. The challenged portion of the Order, modifying the subpoenas to give PIF and HE Al-Rumayyan the option to change the place of compliance, is "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a).

In applying Rule 72(a), the Court will apply Ninth Circuit law. In the Order, the magistrate judge questioned whether enforcement of the subpoenas was governed by Ninth Circuit law, Second Circuit law, or other law. *See* Order at 8. The magistrate judge did not resolve this question, instead choosing to rely on both Ninth Circuit law and Second Circuit law throughout the Order. The parties have not addressed the issue in briefing the present motion. Because the motion to compel compliance was transferred to this Court and refiled in this case, and the motion to quash was filed only in this case, the Court concludes that the motions are governed by Ninth Circuit law. The Court considers out-of-circuit authority for its persuasive value.

### B. Magistrate Judge's Ruling

The magistrate judge's decision to modify the place of compliance appears in the Order's discussion of the motion to quash for failure to comply with the 100-mile geographical limit of Federal Rule of Civil Procedure 45(c). Under that rule, a non-party may be subpoenaed to attend a trial, hearing, or deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Similarly, a non-party may be subpoenaed to produce documents only "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified

6

in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii). The movant bears the burden of persuasion on a motion to quash under this rule. *See IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) ("In a motion to quash a subpoena issued in civil litigation, however, the burden of persuasion is borne by the movant."); *Chevron Corp. v. Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (" On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3) . . . .").

The magistrate judge correctly determined that "Mr. Al-Rumayyan and PIF, who seek to quash the subpoenas for failure to comply with the 100-mile rule, carry the burden on the issue." Order at 55. TOUR did not assert that PIF or HE Al-Rumayyan reside or are employed within 100 miles of New York City; TOUR asserted that compliance in New York City was proper on the basis that PIF and HE Al-Rumayyan regularly transact business in person within 100 miles of New York City. *See id.* at 48.

The magistrate judge set forth a meticulous recitation of the record evidence, focusing primarily on HE Al-Rumayyan's conduct in and within 100 miles of New York City in light of his roles as both an individual witness and PIF's expected Rule 30(b)(6) witness. *See* Order at 48-49, 51-53. The magistrate judge also provided a comprehensive summary of the case law on the "regularly transacts business in person" requirement. *See id.* at 50-51, 53-54. After considering the record evidence in light of the relevant case law, the magistrate judge concluded that "the evidence offered by [PIF and HE Al-Rumayyan] is inconclusive on the issue of whether either of them regularly transact business in person within 100 miles of the NYC location, within the meaning of Rule 45." *Id*. at 55. The magistrate judge then stated that, "Under the circumstances of this case, the Court concludes that it is most appropriate to exercise its discretion to modify rather than quash the subpoenas on the issue of the place of compliance." *Id*. The magistrate judge ordered that TOUR could re-serve subpoenas for compliance in New York City, but that PIF and HE Al-Rumayyan could elect to change the place of compliance to Riyadh, Saudi Arabia. *See id.*

### C.     TOUR's Asserted Grounds for Relief

TOUR advances four grounds for relief. First, TOUR argues that the magistrate judge

7

acted contrary to law by modifying the subpoenas despite finding that the evidence submitted by PIF and HE Al-Rumayyan was "inconclusive," which in effect was a finding that PIF and HE Al-Rumayyan failed to meet their burden on the motion to quash. Second, TOUR contends that the magistrate judge acted contrary to law in relying on outdated case authority to modify the place of compliance. Third, TOUR argues that the magistrate judge erred in determining that a balance of competing concerns supported changing the place of compliance from New York City to Saudi Arabia. Fourth, TOUR asserts that to the extent the magistrate judge's reasoning was based on the status of PIF and HE Al-Rumayyan as non-parties, that reasoning no longer applies now that TOUR has named PIF and HE Al-Rumayyan as counterdefendants.

The Court addresses the last ground first, and then takes up the others in order.

### 1.   Status of PIF and HE Al-Rumayyan as Named Parties

At the time the magistrate judge issued the Order, PIF and Al-Rumayyan were non-parties, and the magistrate judge evaluated their obligations to respond to the subpoenas in that context. TOUR subsequently filed an amended counterclaim naming PIF and HE Al-Rumayyan as counterdefendants. TOUR argues that, to the extent the magistrate judge's reasoning was based on the status of PIF and HE Al-Rumayyan as non-parties, that reasoning no longer applies. In opposition, PIF and HE Al-Rumayyan assert that the Court should continue to treat PIF and HE Al-Rumayyan as non-parties for the purposes of the present motion, because they have not been served with process and the Court should limit its review to the record that was before the magistrate judge.

It appears that the service issue has been resolved; the Court has been advised that PIF and HE Al-Rumayyan have agreed not to challenge service of process. *See* Order Denying Mot. for Alternative Service as Moot, ECF 362. The Court nonetheless agrees with PIF and HE Al-Rumayyan that their status as parties should be disregarded for purposes of this motion. Generally, a district court's consideration of a Rule 72(a) motion is limited to the record that was before the magistrate judge. *See Est. of Najera-Aguirre v. Cnty. of Riverside*, No. ED CV 18-762-DMG (SPx), 2019 WL 6898944, at *5 (C.D. Cal. Aug. 22, 2019) (district court must confine itself to record before the magistrate judge when ruling on Rule 72(a) motion); *Est. of Gonzales ex rel.*

8

1  *Gonzales v. Hickman*, No. ED CV 05-660 MMM (RCx), 2007 WL 3231956, at *5 n.15 (C.D. Cal. Apr. 18, 2007) ("[I]in considering a party's motion for reconsideration under Rule 72(a), the court is limited to the factual record before the magistrate judge.").

### 2. Holding that Evidence was "Inconclusive"

TOUR argues that the magistrate judge in effect held that PIF and HE Al-Rumayyan failed to meet their burden to show that the subpoenas called for compliance outside the geographical limit of Rule 45(c), as the magistrate judge held that "the evidence offered by these witnesses is inconclusive on the issue of whether either of them regularly transact[s] business in person within 100 miles of the NYC location, within the meaning of Rule 45." Order at 55. Rule 45 permits a court to modify a subpoena only under specifically enumerated circumstances set forth in Rule 45(d)(3). Rule 45(d)(3)(A) lists circumstances when the court is required to quash or modify a subpoena, and Rule 45(d)(3)(B) lists circumstances when the court has discretion to quash or modify a subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A), (B). The only potentially relevant circumstance listed under either provision is violation of the 100-mile rule. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii). TOUR argues that having concluded that PIF and HE Al-Rumayyan failed to meet their burden to show the existence of that circumstance, the magistrate lacked authority to modify the subpoenas. The Court agrees.

PIF and HE Al-Rumayyan contend that the magistrate judge's determination that their evidence was "inconclusive" does not entitle TOUR to compel compliance with the subpoenas in New York City. In their view, the magistrate judge's characterization of the record evidence as "inconclusive" means that the "predicate under Rule 45(c) was not met" and that the magistrate thus should have quashed the subpoenas. Opp. at 3. This argument is unpersuasive, as it completely ignores that PIF and HE Al-Rumayyan had the burden of persuasion. Their reliance on *Hanwha Q Cells USA Corp. v. FCX Solar, LLC*, No. 3:22-CV-00241-LRH-CLB, 2022 WL 2788442 (D. Nev. July 15, 2022), is misplaced. In *Hanwha*, the subpoenaed party – like PIF and HE Al-Rumayyan – filed a motion to quash under Rule 45(d)(3)(A)(ii) based on an asserted violation of the 100-mile limit of Rule 45(c). Unlike PIF and HE Al-Rumayyan, the subpoenaed party in *Hanwha* carried its burden on the motion, and the court quashed the subpoenas on that

9

1    basis. *See id.* at *2. The *Hanwha* court's decision to quash the subpoena where the movant met

2    its burden provides no support to PIF and HE Al-Rumayyan, who did not meet their burden on

3    their motion.

4          PIF and HE Al-Rumayyan argue that the evidence is insufficient to show that they

5    regularly transact business in person within 100 miles of New York City, and that the magistrate

6    judge should have quashed the subpoena on that basis. An opposition brief usually is not an

7    appropriate vehicle to raise this type of affirmative challenge to the magistrate judge's Order.

8    However, the Court recognizes that PIF and HE Al-Rumayyan may not have felt a need to raise

9    the issue until TOUR sought to vacate the portion of the Order allowing them to change the

10   subpoenas' place of compliance to Saudi Arabia. Under those circumstances, and in light of the

11   importance of the issues raised in this case, the Court will address the challenge.

12         As noted above, the magistrate judge meticulously summarized the record evidence and

13   the case law on the "regularly transacts business in person" requirement. *See* Order at 48-54. PIF

14   and HE Al-Rumayyan do not challenge those summaries, which therefore are accepted by this

15   Court. The Court understands PIF and HE Al-Rumayyan to assert that the magistrate judge acted

16   contrary to law in failing to quash the subpoenas based on the record evidence and the applicable

17   case law. This assertion is without merit, as discussed below.

18         The magistrate judge highlighted evidence that PIF, through HE Al-Rumayyan, engaged in

19   substantial business activities in or within 100 miles of New York City. *See* Order at 53-54.

20   When deciding whether to quash a subpoena on a non-party organization under Rule 45(c), the

21   district court must determine whether the non-party organization "employ[s] anyone who is

22   suitable to serve as a Rule 30(b)(6) representative within 100 miles of the district." *Est. of*

23   *Klieman v. Palestinian Auth.,* 293 F.R.D. 235, 239 (D.D.C. 2013). HE Al-Rumayyan was the only

24   known employee of PIF who would be suitable to act as its Rule 30(b)(6) witness. *See* Order at

25   54. For that reason, the magistrate judge properly considered HE Al-Rumayyan's activities in

26   determining whether to quash the subpoenas as to PIF. *See id.* at 50-51. The magistrate judge

27   also considered HE Al-Rumayyan's activities to determine whether the 100-mile rule was satisfied

28   as to him individually. *See id.* at 48-49.

10

The evidence shows that HE Al-Rumayyan has taken nine trips to or within 100 miles of New York City since January 2021, for a total of 34 days. *See* Order at 49. He attended various events in New York, which included inviting LIV CEO Greg Norman to attend an ARAMCO event in New York City in October 2021 and speaking at a summit hosted by a "PIF-run organization" in New York City in September 2022. *See id.* He spent multiple days in 2022 conducting LIV-related business at the LIV Golf Invitational in Bedminster, NJ, less than 50 miles from Manhattan. *See id.* These facts are undisputed.

District courts have found similar conduct sufficient to satisfy the 100-mile rule. For example, in *Halliburton Energy Servs., Inc. v. M-I, LLC*, No. H06MC00053, 2006 WL 2663948, at *2 (S.D. Tex. Sept. 15, 2006), the district court found the 100-mile limit satisfied where the subpoenaed individual traveled to Houston, Texas approximately four times per year, for ten days each time, over a period of ten years. While HE Al-Rumayyan's travel does not span the same number of years as the travel in *Halliburton*, that is not surprising given that LIV is a new enterprise. In *Sullivan v. PJ United, Inc.*, No. 7:13-CV-01275-LSC, 2017 WL 11675693, at *4-5 (N.D. Ala. Dec. 15, 2017), the district court found the 100-mile limit satisfied where the subpoenaed company's representatives made quarterly visits to restaurant franchises within 100 miles of the place of compliance. The company representatives in *Sullivan* visited a number of different restaurants within the relevant geographical area, which is not the case here, but HE Al-Rumayyan visited a number of different venues connected with the LIV enterprise.

Cases holding that the 100-mile rule was not met typically involved travel that was more infrequent or lasted fewer days. *See, e.g., M'Baye v. New Jersey Sports Prod., Inc.*, 246 F.R.D. 205, 208 (S.D.N.Y. 2007) (14-18 days in two years); *Bostian v. Suhor Indus., Inc.*, No. 07-CV-151-GFK-FHM, 2007 WL 3005177, at *1 (N.D. Okla. Oct. 12, 2007) (twice yearly visits); *Nissan Fire & Marine Ins. Co., Ltd. v. Fortress Re, Inc.*, No. M8-85, 2002 WL 1870084, at *2 (S.D.N.Y. Aug. 14, 2002) (four times in five years); *Regents of Univ. of California v. Kohne*, 166 F.R.D. 463, 465 (S.D. Cal. 1996) (ten times in seven years).

As the magistrate judge recognized, this determination is "highly fact-specific and does not lend itself to a bright line rule." Order at 51. However, rather than making a determination

whether the 100-mile limit was met in this case, the magistrate judge opined that the evidence was "inconclusive." *Id*. at 55. It is the obligation of the Court to apply the law to the facts of the case before it. Having considered the magistrate judge's factual findings regarding the frequency and duration of HE Al-Rumayyan's trips to or within 100 miles of New York City, and having reviewed the underlying factual record, this Court concurs with those factual findings: HE Al-Rumayyan has made at least nine trips to or within 100 miles of New York City since January 2001, for a total of 34 days. *See* Order at 51. This Court finds that the magistrate judge erred in not rendering a decision on whether this quantum of business trips satisfied Rule 45(c). This Court will apply the law to the facts.

The Court finds that the evidence regarding HE Al-Rumayyan's travel to or within 100 miles of New York City is sufficient to meet the "regularly transacts business in person" requirement as to both PIF as a non-party organization and as to himself as a non-party individual. The magistrate judge noted that PIF and HE Al-Rumayyan attempted to discount much of this travel by characterizing it as "social" rather than "business." *See* Order at 49. It seems disingenuous for PIF and HE Al-Rumayyan to argue that HE Al-Rumayyan's trips to New York City were social when he was attending golf events, considering that PIF was developing a golf league through LIV. It is not as if HE Al-Rumayyan traveled to New York City solely to take in a Broadway show, see an exhibit at the Met, or go shopping on Fifth Avenue.

In conclusion, having determined that the subpoenas satisfy the 100-mile rule, the Court finds that the magistrate judge lacked authority under Rule 45(d)(3) to modify the subpoenas, and thus acted contrary to law by modifying the subpoenas to give PIF and HE Al-Rumayyan the option to change the place of compliance from New York City to Saudi Arabia.

### 3. Outdated Authority

TOUR contends that the magistrate judge acted contrary to law in relying on outdated case authority to modify the subpoenas' place of compliance. PIF and HE Al-Rumayyan agree that the magistrate judge lacked authority to modify the subpoenas.

The magistrate judge devoted only a few sentences of the 58-page Order to modification of the subpoenas' place of compliance:

> However, in light of the arguments of PIF and Mr. Al-Rumayyan regarding the 100-mile rule, they may request within **five (5) days of re-service of the subpoenas** that PGA instead designate a deposition location in Riyadh, Saudi Arabia, in which case the depositions will proceed at that location. *See generally Asea, Inc. v. So. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981) (holding it was not abuse of district court's discretion to direct that nonparty witness be deposed in Sweden, where witness resided, to protect witness from burden of traveling overseas).

Order at 55 (bold in original).

The cited case, *Asea*, was decided in 1981 and construed a now outdated version of Rule 45. *Asea, Inc. v. So. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981). The *Asea* court relied on Rule 45(d)(2) as authority for the statement that "[a] district judge has discretion to direct the place of a deposition." *Id.* As reflected in the Advisory Committee Notes, at that time Rule 45(d)(2) "permit[ted] the court to fix a place for attendance which may be more convenient and accessible for the parties than that specified in the rule." Fed. R. Civ. P. 45 Advisory Comm. Notes (1946 Amendment). Rule 45 was extensively amended in 1991 and 2013. *See* Fed. R. Civ. P. 45 Advisory Comm. Notes (1991 & 2013 Amendments). As discussed above, the current version of Rule 45 permits a court to modify a subpoena only under specifically enumerated circumstances set forth in Rule 45(d)(3), none of which is present in this case.

The Court finds on this additional basis that the magistrate judge acted contrary to law in modifying the subpoenas to allow PIF and HE Al-Rumayyan the option to change the place of compliance.

### 4.     Balance of Competing Concerns

TOUR argues that the magistrate judge erred in determining that a balance of competing concerns supported changing the place of compliance from New York City to Saudi Arabia. The Court need not reach this asserted ground for relief in light of its conclusion that the magistrate judge lacked authority to modify the subpoenas.

//
//
//
//

13

## IV. ORDER

(1) TOUR's motion for relief from the magistrate judge's Order is GRANTED;

(2) The portion of the magistrate judge's Order modifying the subpoenas to give PIF and HE Al-Rumayyan the option to change the place of compliance from New York City to Riyadh, Saudi Arabia is VACATED; and

(2) This order terminates ECF 288.

Dated: April 3, 2023

_____
BETH LABSON FREEMAN
United States District Judge