**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br>Plaintiffs,<br>v.<br>PGA TOUR, INC.,<br><br>Defendant and Counter-Plaintiff,<br>v.<br>LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN,<br><br>Counter-Defendants. | Case No. 5:22-cv-04486-BLF<br><br>**THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR A STAY OF DISCOVERY PENDING APPEAL**<br><br>Judge:  Hon. Beth Labson Freeman<br>Date Filed: August 3, 2022<br>Trial Date: January 8, 2024 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on a date and time to be determined, or as soon as the matter may be heard, before the Honorable Beth Labson Freeman of the United States District Court, Northern District of California at Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, California, non-parties The Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") will and hereby do move for a stay of the United States Magistrate Judge's Order on Motion of PGA Tour, Inc. to Compel Compliance With Subpoenas to Third Parties [PIF] and [HE] (Dkt. No. 265) (the "Magistrate Judge's Order") and this Court's denial of relief from that ruling in the Order Denying the Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir Othman Al-Rumayyan's Motion for Relief from Magistrate Judge's Order on Dispositive Motion (the "Rule 72 Order") (Dkt. No. 382) pending review by the U.S. Court of Appeals for the Ninth Circuit, pursuant to PIF and HE's timely Notice of Appeal.  Accordingly, PIF and HE will and hereby do move for a stay of discovery against PIF and HE pursuant to the Magistrate Order and/or the Rule 72 Order by any party to the above-captioned case, pending the Ninth Circuit's resolution of PIF and HE's appeal.

The motion is based upon this notice of motion, the supporting memorandum of points and authorities, and such evidence as may be requested or permitted by the Court.

Dated: April 6, 2023

By: /s/ Carolyn B. Lamm

**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. **v**

**PRELIMINARY STATEMENT** ............................................................................................. **1**

**ARGUMENT** ............................................................................................................................. **2**

    I.    THE APPEAL DIVESTS THIS COURT OF JURISDICTION OVER THE RULE 45 SUBPOENAS ............................................................................................ 2

    II.   THE COURT SHOULD STAY DISCOVERY ON PIF AND HE PENDING APPEAL ........................................................................................................... 3

        A.   PIF And HE Will Be Irreparably Harmed Absent A Stay ................................... 4

        B.   PIF And HE's Appeal Raises Serious Legal Questions ........................................ 5

        C.   A Stay Will Not Prejudice The Tour ..................................................................... 6

        D.   The Public Interest Favors A Stay ......................................................................... 7

**CONCLUSION** ......................................................................................................................... **8**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Af-Cap Inc. v. Chevron Overseas (Congo) Ltd.*,
 475 F.3d 1080 (9th Cir. 2007)..................................................................................................5

*Allustiarte v. Rudnick*,
 No. 93-17274, 1995 U.S. App. LEXIS 22472 (9th Cir. Aug. 3, 1995).....................................2

*Bolivarian Republic of Venez. v. Helmerich*,
 581 U.S. 170 (2017) ................................................................................................................5, 7

*Broidy Capital Mgmt. LLC v. Muzin*,
 12 F.4th 789 (D.C. Cir. 2021) ....................................................................................................2

*Cal. Crane Sch., Inc. v. Google LLC*,
 No. 21-cv-10001, 2022 U.S. Dist. LEXIS 144480 (N.D. Cal. Aug. 12, 2022)..........................6

*Delisle v. Speedy Cash*,
 No. 18-cv-2042, 2021 U.S. Dist. LEXIS 255748 (S.D. Cal. Feb. 16, 2021) .............................3

*Forrest v. Facebook, Inc.*,
 No. 22-cv-03699, 2023 U.S. Dist. LEXIS 8991 (N.D. Cal. Jan. 18, 2023) ...............................4

*Gallagher & Kennedy PA v. City of Phx.*,
 No. 16-cv-4447, 2021 U.S. Dist. LEXIS 130077 (D. Ariz. July 13, 2021) ...............................6

*Griggs v. Provident Consumer Discount Co.*,
 459 U.S. 56 (1982) .....................................................................................................................2

*Hyunhuy Nam v. Permanent Mission of the Republic of Korea to the U.N.*,
 No. 21-cv-06165, 2023 U.S. Dist. LEXIS 40895 (S.D.N.Y. Mar. 10, 2023) ............................4

*In re Antitrust Litig.*,
 No. 07-cv-05944, 2020 U.S. Dist. LEXIS 263427 (N.D. Cal. Feb. 4, 2020) .........................1, 2

*Intel Corp. v. Commonwealth Sci. & Indus. Research Organisation*,
 No. 05-cv-01886, 2005 U.S. Dist. LEXIS 42967 (N.D. Cal. Nov. 11, 2005)............................3

*Leiva-Perez v. Holder*,
 640 F.3d 962 (9th Cir. 2011)...................................................................................................3, 5

*MA Mobile Ltd. v. Indian Institute of Technology Kharagpur*,
 No. 08-cv-02658, 2014 U.S. Dist. LEXIS 80135 (N.D. Cal. May 29, 2014) ............................2

*Mamani v. Berzain*,
 No. 07-cv-22459, 2010 U.S. Dist. LEXIS 147349 (S.D. Fla. Mar. 16, 2010)...........................4

*Marrese v. Am. Academy of Orthopedic Surgeons*,
    470 U.S. 373 (1985) ..................................................................................................2

*Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil*,
    No. G-14-249, 2015 U.S. Dist. LEXIS 22980 (S.D. Tex. Feb. 26, 2015) ...................5

*Nken v. Holder*,
    556 U.S. 418 (2009) ..................................................................................................3

*Phaneuf v. Republic of Indon.*,
    106 F.3d 302 (9th Cir. 1997) .....................................................................................1

*Philipp v. Fed. Republic of Germany*,
    436 F. Supp. 3d 61 (D.D.C. 2020) .....................................................................1, 4, 5

*Practical Concepts, Inc. v. Republic of Bolivia*,
    811 F.2d 1543 (D.C. Cir. 1987) .................................................................................7

*Preble-Rish Haiti, S.A. v. Republic of Haiti*,
    No. 21-CV-01953, 2022 U.S. Dist. LEXIS 12045 (S.D. Tex. Jan. 21, 2022) ............4

*Prescott v. Nestle USA, Inc.*,
    No. 19-cv-07471, 2020 U.S. Dist. LEXIS 220669
    (N.D. Cal. Nov. 23, 2020) ......................................................................................7, 8

*Verlinden B.V. v. Cent. Bank of Nigeria*,
    461 U.S. 480 (1983) ..................................................................................................7

*WhatsApp Inc. v. NSO Grp. Techs. Ltd.*,
    17 F.4th 930 (9th Cir. 2021) ......................................................................................2

*Whatsapp Inc. v. NSO Grp. Techs. Ltd.*,
    491 F. Supp. 3d 584 (N.D. Cal. 2020) .......................................................................4

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) ......................................................................................................5

**STATUTES AND RULES**

28 U.S.C. § 1605(a)(2) ............................................................................................................5

The Public Investment Fund ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") respectfully move for a stay of the United States Magistrate Judge's Order of February 9, 2023 (the "February 9 Order," Dkt. No. 265) pending PIF and HE's appeal of the February 9 Order, as well as of this Court's subsequent decision denying the request for relief from that Order (Dkt. No. 382, the "Rule 72 Order") to U.S. Court of Appeals for the Ninth Circuit.

## PRELIMINARY STATEMENT

PIF, a sovereign instrumentality of the Kingdom of Saudi Arabia, and HE, its Governor, have invoked their right to an immediate appeal of this Court's April 3, 2022 order overruling their immunity objections and permitting third-party discovery of them to proceed.  *See* Rule 72 Order. As a result, jurisdiction over the subpoenas now vests with the Ninth Circuit Court of Appeals, and discovery pursuant to the subpoenas cannot proceed.  *See, e.g.*, *In re Antitrust Litig.*, No. 07-cv-05944, 2020 U.S. Dist. LEXIS 263427 (N.D. Cal. Feb. 4, 2020).  Additionally, "courts regularly give foreign sovereigns the ability to obtain a final binding decision on jurisdictional issues before assuming further burdens of litigation in a U.S. court," *Philipp v. Fed. Republic of Germany*, 436 F. Supp. 3d 61, 68 (D.D.C. 2020), and as discussed below, this includes the ability for the sovereign to exercise its right to appeal adverse rulings on immunity to the appellate level.  This is consistent with the fundamental principle that jurisdiction under the Foreign Sovereign Immunities Act ("FSIA") "must be decided before the suit can proceed," as "[i]mmunity under the FSIA is not only immunity from liability, but immunity from suit."  *See Phaneuf v. Republic of Indon.*, 106 F.3d 302, 305 (9th Cir. 1997).  Foreign sovereigns and their officials would be irreparably harmed if required to litigate before a court that may not have jurisdiction while an appeal on questions of immunity remains pending.  Consequently, and as many courts have recognized, because a denial of immunity is immediately appealable, this specific interlocutory appeal right afforded to sovereign parties would be illusory if litigation proceeds before such an appeal can be pursued.

This Court recognized previously that the "very purpose" of a stay is to preserve "the efficacy of the relief" that PIF and HE seek "should [they] prevail" on an appeal from the magistrate judge's ruling.  *See* Order Granting Mot. to Stay Magistrate Judge's Order Pending Rule 72 Review ("March 15 Stay Order"), Dkt. No. 327 at 3-4.  That same reasoning applies to the further appeal to

the Ninth Circuit.  Absent a stay of discovery pursuant to the February 9 and Rule 72 Orders, PIF and HE will lose the rights they now seek to have finally decided before the Ninth Circuit.  And while PIF and HE's appeal of the February 9 and Rule 72 Orders remains pending, this Court lacks jurisdiction to compel discovery pursuant to those orders.

## ARGUMENT

### I. THE APPEAL DIVESTS THIS COURT OF JURISDICTION OVER THE RULE 45 SUBPOENAS

Sovereign and foreign-official immunity is immunity from suit, and thus "an order denying a foreign state's claim of sovereign immunity is immediately appealable" under the collateral order doctrine.  *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 17 F.4th 930, 934-35 (9th Cir. 2021); *see also Broidy Capital Mgmt. LLC v. Muzin*, 12 F.4th 789, 797 (D.C. Cir. 2021) (explaining that "where a colorable defense of such conduct-based foreign official immunity is raised, an order denying it is immediately appealable," and finding appellate jurisdiction "because the asserted defense of conduct-based immunity . . . satisfy[ies] the requirements of the collateral order doctrine").  The filing of a notice of appeal divests the district court of jurisdiction over those issues appealed.  *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also In re Antitrust Litig.*, No. 07-cv-05944, 2020 U.S. Dist. LEXIS 263427, at *23 (N.D. Cal. Feb. 4, 2020) ("'[F]iling of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'"); *Allustiarte v. Rudnick*, No. 93-17274, 1995 U.S. App. LEXIS 22472, at *2 (9th Cir. Aug. 3, 1995) (explaining that although "an appeal divests a court of jurisdiction to proceed with the matters raised in the appeal," the appeal "does not deprive jurisdiction of matters not resolved in that order").

Here, PIF and HE appeal the Court's denial of their challenges to the Magistrate Judge's February 9 Order based on sovereign immunity and common-law foreign official immunity.  *See* Rule 72 Order at 8-16.  This means that "upon the filing of a notice of appeal," this Court lacks jurisdiction to enforce discovery pursuant to the February 9 and Rule 72 Orders "pending the

appellate court's resolution of the appeal." *In re Antitrust Litig.*, 2020 U.S. Dist. LEXIS 263427, at *23. Accordingly, any discovery on PIF and HE pursuant to the February 9 and Rule 72 Orders must be stayed during the pendency of the appeal. *See In re Antitrust Litig.*, 2020 U.S. Dist. LEXIS 263427, at *23-24; *MA Mobile Ltd. v. Indian Institute of Technology Kharagpur*, 08-cv-02658, 2014 U.S. Dist. LEXIS 80135, at *6-7 (N.D. Cal. May 29, 2014) (granting motion to stay pending appeal of denial of defendants' motion to dismiss under the FSIA).

A district court may only retain concurrent jurisdiction in the narrow case where an invocation of immunity is "frivolous or has been waived." *See, e.g.*, *Intel Corp. v. Commonwealth Sci. & Indus. Research Organisation*, No. 05-cv-01886, 2005 U.S. Dist. LEXIS 42967, at *11 (N.D. Cal. Nov. 11, 2005) (granting stay pending appeal to the Ninth Circuit regarding application of 28 U.S.C. § 1605(a)(2) where immunity assertion was not "baseless"). That is not the case here. No party has challenged that PIF is the instrumentality of a "foreign state" under the FSIA and that HE is its Governor. And as evidenced by the extensive briefing and decisions addressing these issues, PIF and HE's appeal raises serious legal questions regarding sovereign immunity under the FSIA and common-law foreign official immunity, including multiple issues of first impression, which are far from frivolous. *See infra* § II.B.

## II. THE COURT SHOULD STAY DISCOVERY ON PIF AND HE PENDING APPEAL

In addition to this Court's lack of jurisdiction to compel discovery pursuant to the February 9 and Rule 72 Orders (which is dispositive), a stay of discovery in response to the Tour's Rule 45 subpoenas while PIF and HE's appeal to the Ninth Circuit remains pending is warranted under traditional stay principles. In deciding a motion for a stay of discovery pending appeal, this Court must consider (1) "whether the applicant will be irreparably injured absent a stay;" (2) "whether the stay applicant" has shown at least a "fair prospect" of success on the pending challenge by raising "serious legal questions;" (3) whether the non-movant will be "substantially injure[d]" by the "issuance of the stay;" and finally, (4) "where the public interest lies." *See Leiva-Perez v. Holder*, 640 F.3d 962, 964, 967-68 (9th Cir. 2011); *Delisle v. Speedy Cash*, No. 18-cv-2042, 2021 U.S. Dist. LEXIS 255748, *8-9, 17 (S.D. Cal. Feb. 16, 2021) (applying same four-factor test in granting motion to stay proceedings, including discovery). "The first two factors are the most critical." *Id.*

at *9, 11-14 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) and finding that defendant satisfied the likelihood of success and irreparable harm factors); *see also Leiva-Perez*, 640 F.3d at 964-66 (instructing that these four factors are to be "balanced" on a "sliding scale" such that "a stronger showing of one element may offset a weaker showing of another").  Here, all four factors, as well as the overwhelming weight of authority, weigh in favor of a stay of discovery pending appeal of the Magistrate Judge's February 9 Order and this Court's Rule 72 Order.

### A. PIF And HE Will Be Irreparably Harmed Absent A Stay

A stay of discovery pursuant to the February 9 and Rule 72 Orders "is necessary while immunity claims are appealed." *Mamani v. Berzain*, No. 07-cv-22459, 2010 U.S. Dist. LEXIS 147349, at *9 (S.D. Fla. Mar. 16, 2010).  This is because, "absent a stay," PIF and HE "will be forced to incur the time and expenses of litigation, which may be avoided in the event that [their appeal] is granted and [their] challenge is upheld.  This burden of defending against a lawsuit is irreversible and constitutes harm." *Philipp*, 436 F. Supp. 3d at 68 (staying discovery of foreign sovereign pending petition for writ of certiorari).  That is, PIF and HE would suffer "irreparable harm" if they are required to comply with the Rule 45 subpoenas and "the Court of Appeals ultimately holds that [PIF and HE are] immune under the FSIA" and common-law foreign official immunity. *Hyunhuy Nam v. Permanent Mission of the Republic of Korea to the U.N.*, No. 21-cv-06165, 2023 U.S. Dist. LEXIS 40895, at *7-9 (S.D.N.Y. Mar. 10, 2023) (granting a stay pending appeal to the Second Circuit Court of Appeals); *see also Philipp*, 436 F. Supp. 3d at 68, 70.  "No appellate review . . . can undo the costs and burden of discovery once it has begun." *Preble-Rish Haiti, S.A. v. Republic of Haiti*, No. 21-CV-01953, 2022 U.S. Dist. LEXIS 12045, at *3-4 (S.D. Tex. Jan. 21, 2022) (granting stay pending appeal to Fifth Circuit Court of Appeals).  Particularly so where, as here, the production of documents and deposition testimony would violate Saudi law and expose HE to a risk of criminal prosecution. *See* Alarfaj Decl. ¶¶ 20-27, Dkt. No. 306-1.  Moreover, "if the Ninth Circuit determines that this court erred in finding defendants could not assert foreign official immunity or . . . sovereign immunity, then they would have been immune from all of plaintiffs' claims from the outset.  Permitting this case to proceed through discovery, in the meantime, would undermine the fundamental privilege of immunity from suit." *See Whatsapp Inc.*

*v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 595-96 (N.D. Cal. 2020) (granting motion to stay pending appeal and denying plaintiffs' motion to compel discovery).

If compelled to provide discovery while their appeal remains pending, PIF and HE will suffer "irreparable injury" because "there is no recourse once [a party] learns of [the other party's discovery]." *Forrest v. Facebook, Inc.*, No. 22-cv-03699, 2023 U.S. Dist. LEXIS 8991, at *4-5 (N.D. Cal. Jan. 18, 2023); March 15 Stay Orde at 3 (citing *Forrest* and finding that the "irreparable harm" factor satisfied as to PIF and HE). PIF and HE should not be compelled to participate in discovery—exposing themselves to a breach of Saudi laws and criminal proceedings—while this Court's jurisdiction to order such discovery remains under appeal.

### B. PIF And HE's Appeal Raises Serious Legal Questions

PIF and HE's appeal also implicates "serious legal questions" of sovereign immunity. The Ninth Circuit has recognized that "[t]here are many ways to articulate the minimum quantum of likely success necessary to justify a stay," including "that serious legal questions are raised." *Leiva-Perez*, 640 F.3d at 967-68 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). As this Court reasoned in the March 15 Stay Order, PIF and HE's challenges to the Tour's Rule 45 subpoenas "have raised serious legal questions," including (i) the "application of the [FSIA]," (ii) "whether [HE] is entitled to common law immunity from enforcement of [the Tour's] subpoena," and (iii) "whether [PIF and HE] are subject to this Court's personal jurisdiction." March 15 Stay Order at 3. In their appeal, PIF and HE intend to challenge (among other things) the Rule 72 Order's conclusions that the third prong of the FSIA's commercial activity exception, 28 U.S.C. § 1605(a)(2), does not require conduct that is the "gravamen" or basis of the claims, a conclusion that, respectfully, is contrary to established precedent, including that cited in the Rule 72 Order. PIF and HE also intend to challenge the order's newly-created "commercial activity exception to common law immunity." *See* Rule 72 Order at 8-16.

These issues regarding the availability of immunity "raise serious and important legal questions," which "weigh[] in favor of Defendants' request for a stay." *See Philipp*, 436 F. Supp. 3d at 67; *see also, e.g.*, *Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil*, No. G-14-249, 2015 U.S. Dist. LEXIS 22980, at *12 (S.D. Tex. Feb. 26, 2015) ("[T]he court is

persuaded that a stay is appropriate because it involves an appeal of this court's denial of immunity under the FSIA."). Furthermore, these are precisely the weighty sovereign immunity issues that the Supreme Court has said must resolved at the outset of the case, *Bolivarian Republic of Venez. v. Helmerich*, 581 U.S. 170, 178-79 (2017), and which the Ninth Circuit will review de novo. *See Af-Cap Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1085-86 (9th Cir. 2007) ("The existence of sovereign immunity and subject matter jurisdiction under the FSIA are questions of law that [the Ninth Circuit] reviews de novo." (internal quotation marks and citation omitted)).

### C. A Stay Will Not Prejudice The Tour

In contrast with PIF and HE, a stay will cause no material prejudice to the Tour. Any "simple delay" due to a stay of discovery pursuant to the February 9 and Rule 72 Orders is not enough to establish "concrete prejudice" to the Tour. *Cal. Crane Sch., Inc. v. Google LLC*, No. 21-cv-10001, 2022 U.S. Dist. LEXIS 144480, at *16 (N.D. Cal. Aug. 12, 2022). Significantly, and as this Court previously noted in its prior stay order, a stay of such discovery as to PIF and HE pending appeal "would not preclude any other discovery in the case." March 15 Stay Order at 4; *see also Gallagher & Kennedy PA v. City of Phx.*, No. 16-cv-4447, 2021 U.S. Dist. LEXIS 130077, at *23 (D. Ariz. July 13, 2021) (stay of discovery on certain claims was justified because there would be no "delay" in "the continuing ongoing discovery" for the remainder of the action). Discovery among the Plaintiffs and the Tour, as well as third parties, can continue to progress. *See* H'rg Tr. (Feb. 24, 2023) at 30:9-22 (the Court noting that "it's not persuasive to me that [the Tour is] waiting for the testimony of [HE] before you can conclude the other [discovery]" and that the Tour is free to reopen depositions at a later date).

Moreover, recognizing the Court's statement that the discovery sought has threshold relevance to the antitrust case, the Tour has made no showing as to why the nearly 13,000 communications with PIF and other PIF documents LIV already has produced to the Tour are not sufficient. *See* LIV's Mot. to Bifurcate, Dkt. No. 331 at 1. Nor has it established any categories of discovery that are uniquely available from these sources. For example, neither PIF nor HE are participants in the relevant product market for professional golf—at most, PIF is an investor, through two layers of separate entities, in LIV. Nor are PIF and HE experts with specialized knowledge or

information relevant to the Tour's defenses in the antitrust suit, such as the interpretation of allegedly similar provisions in LIV and the Tour's respective contracts. *See* LIV's Mot. to Bifurcate, Dkt. No. 331 at 6-8 (further explaining why the Tour's assertions as to PIF and HE's relevance to the antitrust issues of market definition, existence of competition, contract provisions, and damages are inconsistent with black-letter antitrust law).

### D. The Public Interest Favors A Stay

The public interest also weighs in favor of granting PIF and HE's motion for a stay of discovery pending appeal of the February 9 and Rule 72 Orders. The Supreme Court has explained that the United States' public interest is strongly implicated by the need to respect foreign sovereigns and their officials in U.S. courts, ensuring the reciprocal treatment of the United States abroad. *Helmerich*, 581 U.S. at 171, 179 ("[G]ranting foreign sovereigns immunity from suit both recognizes the absolute independence of every sovereign authority and helps to induce each nation state, as a matter of international comity, to respect the independence and dignity of every other."); *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 (1983) ("Actions against foreign sovereigns in our courts raise sensitive issues concerning the foreign relations of the United States . . . ."); *see also Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1552 (D.C. Cir. 1987) (Ginsburg, J.) (reasoning that the "public interest" includes "foreign policy ramifications" of U.S. judicial decisions (citation omitted)); *see also* March 15 Stay Order at 4 (acknowledging the "important" "public interest of the United States in respecting foreign sovereigns' immunity from suit and international comity"). Demanding the production of documents and testimony from PIF, an instrumentality of the Kingdom of Saudi Arabia, and its Governor—information which Saudi Arabia has declared confidential and imposes criminal penalties for disclosure—undoubtedly has foreign policy and foreign relations implications. *See* Alarfaj Decl. ¶¶ 20-27, 31, Dkt. No. 306-1. In addition, PIF and HE's right to test their sovereign immunity before the Ninth Circuit, and to not face the burdens of discovery until that right is fully litigated, furthers the United States' public interest in affording respect to foreign sovereigns.

Likewise, a stay would promote judicial economy and conserve this Court's valuable resources. *See Prescott v. Nestle USA, Inc.*, No. 19-cv-07471, 2020 U.S. Dist. LEXIS 220669, at

*14 (N.D. Cal. Nov. 23, 2020) (Freeman, J.) (noting, in the analogous context of a discretionary *Landis* stay of proceedings, that "[c]onsiderations of judicial economy are highly relevant in determining whether the orderly course of justice weighs in favor of a stay").  It would be highly impracticable for litigation as to PIF and HE before this Court and the Magistrate Judge to continue while the Ninth Circuit considers the dispositive jurisdictional issues, which could render the interim litigation time and costs all for naught should PIF and HE's jurisdictional challenges succeed.  *See id.* (concluding that "judicial economy will be served by staying the . . . case to await guidance from the Ninth Circuit").

## CONCLUSION

For the foregoing reasons, PIF and HE respectfully request that this Court stay the Magistrate Judge's February 9 Order and the Rule 72 Order, including all attendant discovery as to PIF and HE, pending the resolution of PIF and HE's appeal to the Ninth Circuit.

Dated: April 6, 2023

By: */s/ Carolyn B. Lamm*

**WHITE & CASE LLP**

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan*