**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant and Counter-Plaintiff,<br><br>v.<br><br>LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN,<br><br>Counter-Defendants. | Case No. 5:22-cv-04486-BLF<br><br>**THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S MOTION FOR A STAY OF DISCOVERY PENDING RESOLUTION OF COUNTER-DEFENDANTS' MOTION TO DISMISS**<br><br>Judge: Hon. Beth Labson Freeman<br>Date Filed: August 3, 2022<br>Trial Date: January 8, 2024 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT on a date and time to be determined, or as soon as the matter may be heard, before the Honorable Beth Labson Freeman of the United States District Court, Northern District of California at Courtroom 3 – 5th Floor, 280 South 1st Street, San Jose, California, Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") will and hereby do move the Court, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C §§ 1602 et seq., Federal Rule of Civil Procedure 26(c) and the Court's discretion, for an order staying discovery and initial disclosures pending the Court's resolution of Counter-Defendants' anticipated motion to dismiss.

This motion is based upon this notice of motion, the supporting memorandum of points and authorities, and such evidence as may be requested or permitted by the Court.

Dated: April 6, 2023

By: */s/ Carolyn B. Lamm*

**WHITE & CASE LLP**
Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone:  (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................... **v**

**PRELIMINARY STATEMENT** ............................................................................................ **1**

**ARGUMENT** ............................................................................................................................. **2**

    I.    DISCOVERY CANNOT PROCEED UNTIL THE COURT DECIDES COUNTER-DEFENDANTS' IMMUNITY DEFENSES TO JURISDICTION AND LIABILITY .................................................................................................................... 2

    II.    GOOD CAUSE EXISTS FOR A STAY PURSUANT TO RULE 26(C) .................. 4

        A.    The Motion To Dismiss Will Dispose Of The Tour's Claims Against PIF And HE .................................................................................................................. 4

            1.    PIF's Claim to Immunity Under the FSIA ........................................... 5

            2.    HE's Common Law Immunity Claim Also Is "Potentially Dispositive" .......... 7

            3.    The Court Lacks Personal Jurisdiction Over PIF and HE ................................ 7

            4.    The Tour Has Failed to State a Claim for Relief................................. 9

        B.    No Discovery Is Needed To Resolve The Motion To Dismiss ........................... 10

**CONCLUSION** ...................................................................................................................... **10**

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aldossari v. Ripp*,
   49 F.4th 236 (3d Cir. 2022) ............................................................................................................5

*Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*,
   581 U.S. 170 (2017) ........................................................................................................................2

*C/Devas (Mauritius) Ltd. v. Air India, Ltd.*,
   21 Civ. 5601, 2022 U.S. Dist. LEXIS 21133 (S.D.N.Y. Feb. 4, 2022) ..........................................3

*Calvary v. Cody*,
   No. 20-cv-03794, 2021 U.S. Dist. LEXIS 223450 (N.D. Cal. Nov. 12, 2021) ...............................5

*Cellwitch, Inc. v. Tile, Inc.*,
   No. 19-CV-01315, 2019 U.S. Dist. LEXIS 182943 (N.D. Cal. Oct. 22, 2019) ............................10

*Doe v. Holy*,
   557 F.3d 1066 (9th Cir. 2009) .........................................................................................................6

*Doe v. Holy*,
   No. 13-cv-128, 2014 U.S. Dist. LEXIS 45318 (E.D. La. Apr. 2, 2014) .........................................3

*Dogan v. Barak*,
   932 F.3d 888 (9th Cir. 2019) ...........................................................................................................7

*Eliahu v. State of Israel*,
   No. 14-cv-01636, 2015 U.S. Dist. LEXIS 26073 (N.D. Cal. Mar. 3, 2015) ...................................2

*First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba ("Bancec")*,
   462 U.S. 611 (1983) ........................................................................................................................6

*GMI, LLC v. Asociacion del Futbol Argentina*,
   No. 13-21494-CIV (S.D. Fla. Jan. 30, 2014) ..................................................................................3

*Gomes v. Angop*,
   No. 11-CV-0580, 2011 U.S. Dist. LEXIS 53259 (E.D.N.Y. May 18, 2011) ..................................3

*Gupta v. Thai Airways Int'l, Ltd.*,
   487 F.3d 759 (9th Cir. 2007) ...........................................................................................................3

*Hansen v. Native Am. Refinery Co.*,
   No. 06-cv-109, 2008 U.S. Dist. LEXIS 67097 (D. Utah Sept. 3, 2008) .........................................4

*Heck v. Amazon.Com, Inc.*,
   No. 22-cv-03986, 2022 U.S. Dist. LEXIS 199904 (N.D. Cal. Nov. 1, 2022) .................................4

*In re Nexus 6p Prod. Liab. Litig.*,
  No. 17-CV-02185, 2017 U.S. Dist. LEXIS 132698 (N.D. Cal. Aug. 18, 2017) .......................... 4

*In re Republic of Phil.*,
  309 F.3d 1143 (9th Cir. 2002) ................................................................................................... 3

*Ixchel Pharma, LLC v. Biogen, Inc.*,
  470 P.3d 571 (Cal. 2020) .......................................................................................................... 9

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) .................................................................................................. 10

*Ji v. Naver Corp.*,
  No. 21-cv-05143, 2022 U.S. Dist. LEXIS 179263 (N.D. Cal. Sept. 30, 2022) ......................... 8

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
  213 F.3d 841 (5th Cir. 2000) ................................................................................................ 2, 3

*LNS Enter. LLC v. Continental Motors, Inc.*,
  22 F.4th 852 (9th Cir. 2022) ..................................................................................................... 7

*Mireskandari v. Mayne*,
  800 F. App'x. 519 (9th Cir. 2020) ............................................................................................ 7

*MMA Consultants 1, Inc. v. Republic of Peru*,
  719 F. App'x 47 (2d Cir. 2017) ................................................................................................ 6

*Nestle USA, Inc. v. Crest Foods, Inc.*,
  No. LA CV16-07519 JAK (AFMx), 2017 U.S. Dist. LEXIS 136557
  (C.D. Cal. July 28, 2017) .......................................................................................................... 8

*OBB Personenverkehr AG v. Sachs*,
  577 U.S. 27 (2015) .................................................................................................................... 6

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
  791 P.2d 587 (Cal. 1990) ........................................................................................................ 10

*Phaneuf v. Republic of Indon.*,
  106 F.3d 302 (9th Cir. 1997) ................................................................................................ 1, 2

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) .................................................................................................. 8

*Reeves v. Hanlon*,
  95 P.3d 513 (Cal. 2004) ............................................................................................................ 9

*Rentrak Corp. v. Burton*,
  No. 15-cv-00458, 2015 U.S. Dist. LEXIS 160847 (D. Or. Sept. 28, 2015) .............................. 8

*Republic of Arg. v. Weltover, Inc.*,
  504 U.S. 607 (1992) ..........................................................................................................7

*Reveal Chat Holdco, Ltd. Liab. Co. v. Facebook, Inc.*,
  No. 20-cv-00363, 2020 U.S. Dist. LEXIS 92828 (N.D. Cal. Apr. 10, 2020) .............................4

*Rodriguez v. Imperial Brands PLC*,
  No. 20-cv-23287, 2022 U.S. Dist. LEXIS 113370 (S.D. Fla. May 25, 2022) ..........................3

*Schnaars v. Autoridad Del Canal De Pan.*,
  No. C-03-0076, 2003 U.S. Dist. LEXIS 27456 (N.D. Cal. Apr. 29, 2003) ...............................5

*Sumotext Corp. v. Zoove, Inc.*,
  No. 16-cv-01370, 2017 U.S. Dist. LEXIS 98625 (N.D. Cal. June 26, 2017) ............................9

*Tensor Law P.C. v. Rubin*,
  No. 18-cv-01490, 2019 U.S. Dist. LEXIS 131942 (C.D. Cal. Apr. 10, 2019) ...........................9

*Terenkian v. Republic of Iraq*,
  694 F.3d 1122 (9th Cir. 2012).............................................................................................6, 7

*Walden v. Fiore*,
  571 U.S. 277 (2014) ..........................................................................................................8

*Weiming Chen v. Ying-Jeou Ma*,
  No. 12-cv-5232, 2013 U.S. Dist. LEXIS 118668 (S.D.N.Y. Aug. 19, 2013) ............................7

*Wenger v. Monroe*,
  282 F.3d 1068 (9th Cir. 2002)..............................................................................................9

*Wultz v. Bank of China Ltd.*,
  32 F. Supp. 3d 486 (S.D.N.Y. 2014) ...................................................................................2

*Zhukovskiy v. Nat'l Bank of Ukr.*,
  No. 21-CV-20019, 2022 U.S. Dist. LEXIS 30953 (S.D. Fla. Feb. 22, 2022)...........................3

**STATUTES AND RULES**

28 U.S.C. § 1605(a)(1) ............................................................................................................5

28 U.S.C. § 1605(a)(2) .....................................................................................................5, 6, 7

Fed. R. Civ. P. 12(b)................................................................................................................1

Fed. R. Civ. P. 26(c)......................................................................................................... *passim*

Pursuant to the Foreign Sovereign Immunities Act and Rule 26(c) of the Federal Rules of Civil Procedure, Counter-Defendants the Public Investment Fund ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") respectfully move for a stay of discovery as to PIF and HE pending this Court's determination of their forthcoming motion to dismiss, which will raise serious issues of foreign sovereign and common-law immunity, among other defenses, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss").

## PRELIMINARY STATEMENT

Under binding Ninth Circuit precedent, PIF and HE, as an instrumentality of the Kingdom of Saudi Arabia and its Governor respectively, must have their threshold jurisdictional defenses to liability, including sovereign immunity, addressed before discovery of them can proceed. *See Phaneuf v. Republic of Indon.*, 106 F.3d 302, 305 (9th Cir. 1997) ("Subject matter jurisdiction under the FSIA . . . must be decided before the suit can proceed," because "[i]mmunity under the FSIA is not only immunity from liability, but immunity from suit"). Although this Court determined immunity issues raised by PIF and HE concerning a Rule 45 subpoena, the issues and conduct the Court will need to analyze for counter-defendants facing liability are decidedly different. Those issues are not yet briefed or considered, and thus undecided. Permitting discovery prior to resolution of a motion to dismiss based on these dispositive issues would undercut the sovereign immunity to which PIF and HE are entitled—which, as the Supreme Court has described, is immunity not only from ultimate liability, but from the expense, intrusion, and burdens of litigation. Indeed, PIF and HE are aware of no case where a sovereign has been compelled to provide discovery before a motion to dismiss on immunity grounds is decided, and in *Phaneuf* itself, the Ninth Circuit reversed the district court that had "improvidently" deferred decision on immunity and permitted discovery to proceed. 106 F.3d at 305. Nor does the Tour's election to assert counterclaims against a foreign sovereign midway through an ongoing lawsuit alter this bedrock principle of immunity law.

Nonetheless, prior to any briefing on PIF and HE's Motion to Dismiss, the Tour has sought to enforce party discovery of PIF and HE—discovery which the Tour claims to have served even before effecting service of its Amended Counterclaim. In addition to the consequences for PIF and HE's immunity defenses, a stay of the incredibly expansive discovery sought by the Tour also is

amply justified under the usual standards of Rule 26(c), because the counterclaims against PIF and HE are vulnerable on both jurisdictional and 12(b)(6) grounds, and the Motion to Dismiss would dispose of them completely as to PIF and HE.  This remains true despite the Court's decision on the Magistrate Judge's Order regarding the third-party discovery subpoenas previously served on PIF and HE (the "Rule 72 Order," Dkt. No. 382), as this Court must consider PIF and HE's defenses in the context of their potential liability as counter-defendants and on the sufficiency of the factual allegations in the Amended Counterclaim concerning their alleged conduct.  The requested stay is also consistent with this Court's prior recognition that irreparable harm to PIF and HE would result if they are compelled to participate in discovery while the merits of their immunity defenses remain undecided.  Order Granting Mot. to Stay Magistrate Judge's Order Pending Rule 72 Review, Dkt. No. 327 at 3-4 ("March 15 Stay Order").  Furthermore, PIF and HE have noticed an appeal of the Rule 72 Order, and also have moved to stay discovery pursuant to the Rule 72 Order and the Magistrate Judge's February 9, 2023 Order (Dkt. No. 265, the "February 9 Order") pending that appeal.  This motion to stay should be granted.

## ARGUMENT

### I. DISCOVERY CANNOT PROCEED UNTIL THE COURT DECIDES COUNTER-DEFENDANTS' IMMUNITY DEFENSES TO JURISDICTION AND LIABILITY

Sovereign immunity is not only immunity from liability, it is also immunity from suit, including the attendant burdens of litigation.  Consequently, a court's "[s]ubject matter jurisdiction under the FSIA" and under common-law foreign official immunity "must be decided before the suit can proceed."  *Phaneuf*, 106 F.3d at 305; *see also Wultz v. Bank of China Ltd.*, 32 F. Supp. 3d 486, 493 (S.D.N.Y. 2014); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849-50, 852 (5th Cir. 2000) (explaining that "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation" and affirming stay of discovery).  Courts must therefore "reach a decision about immunity as near to the outset of the case as is reasonably possible" prior to proceeding with litigation on the merits.  *Bolivarian Republic of Venez. v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 174 (2017); *see also Eliahu v. State of Israel*, No. 14-cv-01636, 2015 U.S. Dist. LEXIS 26073, at *10-11 (N.D. Cal. Mar. 3, 2015) (Freeman, J.)

("A court must accordingly address the merits of immunity (and subject matter jurisdiction) under the FSIA early in the litigation 'in order to preserve the immunity that may be determined to exist.'") (quoting *In re Republic of Phil.*, 309 F.3d 1143, 1149 (9th Cir. 2002)).

Once the sovereign is forced to participate in U.S. litigation, sovereign immunity is "effectively lost." *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 763 n.6 (9th Cir. 2007) (citation omitted). Accordingly, the "potential burden of responding to discovery" faced by a sovereign instrumentality and its officials "pending the resolution of [their] motion to dismiss" on immunity grounds cannot be overstated. *See Gomes v. Angop*, No. 11-CV-0580, 2011 U.S. Dist. LEXIS 53259, at *3 (E.D.N.Y. May 18, 2011) (staying party discovery of foreign sovereign, its instrumentality, and its officials). Indeed, "the purpose of FSIA immunity would be defeated if the Court were to force Defendant to participate in discovery merely because they have not yet filed an answer or moved to dismiss the operative complaint." *Zhukovskiy v. Nat'l Bank of Ukr.*, No. 21-CV-20019, 2022 U.S. Dist. LEXIS 30953, at *3-4 (S.D. Fla. Feb. 22, 2022) (staying discovery "until the Court's determination of the FSIA defenses").

For this reason, courts routinely grant stays of discovery pending resolution of a dispositive motion to dismiss that raises issues of sovereign immunity. *See, e.g.*, *Kelly*, 213 F.3d at 845, 852; *Gomes*, 2011 U.S. Dist. LEXIS 53259, at *3; *Zhukovskiy*, 2022 U.S. Dist. LEXIS 30953, at *4; *C/Devas (Mauritius) Ltd. v. Air India, Ltd.*, 21 Civ. 5601, 2022 U.S. Dist. LEXIS 21133, at *2-3, *34 (S.D.N.Y. Feb. 4, 2022) (granting stay, including discovery, until sovereign instrumentality's "anticipated motions to dismiss for lack of subject matter jurisdiction under the [FSIA]" were resolved in a parallel proceeding); *Rodriguez v. Imperial Brands PLC*, No. 20-cv-23287, 2022 U.S. Dist. LEXIS 113370, at *11, *16 (S.D. Fla. May 25, 2022) (staying discovery pending resolution of motions to dismiss, which included "issues of immunity under the Foreign Sovereign Immunities Act" as to one defendant); *Doe v. Holy See*, No. 13-cv-128, 2014 U.S. Dist. LEXIS 45318, at *19-20 (E.D. La. Apr. 2, 2014) (finding "a stay of discovery pending resolution of the Holy See's defense [under the FSIA] is appropriate"); Order, *GMI, LLC v. Asociacion del Futbol Argentina*, No. 13-21494-CIV (S.D. Fla. Jan. 30, 2014), ECF No. 93 (granting Argentina's motion to stay discovery and Rule 26 disclosure obligations pending resolution of motion to dismiss premised on

FSIA immunity); *Hansen v. Native Am. Refinery Co.*, No. 06-cv-109, 2008 U.S. Dist. LEXIS 67097, at *7-8 (D. Utah Sept. 3, 2008) (finding "valid grounds for halting discovery with respect to [foreign sovereign defendant] until that motion is ruled upon and the issue of [the defendant's] entitlement to immunity under the FSIA is determined by the district court"); *see also* March 15 Stay Order at 4 (granting motion to stay the Tour's Rule 45 discovery, noting that the "very purpose" of a stay of discovery "is to provide the Court sufficient time to evaluate [PIF and HE's] arguments on sovereign immunity" and to avoid "irreparable harm" to PIF and HE).

## II. GOOD CAUSE EXISTS FOR A STAY PURSUANT TO RULE 26(C)

In addition to these binding requirements of sovereign immunity law, there is good cause for a stay of discovery pursuant to the usual Rule 26(c) requirements, which are: (1) the motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed, and (2) the court must be able to decide the pending motion absent discovery. *See Reveal Chat Holdco, Ltd. Liab. Co. v. Facebook, Inc.*, No. 20-cv-00363, 2020 U.S. Dist. LEXIS 92828, at *5, *12 (N.D. Cal. Apr. 10, 2020) (Freeman, J.) (granting stay of discovery pending resolution of defendant's motion to dismiss). Both are met here.

### A. The Motion To Dismiss Will Dispose Of The Tour's Claims Against PIF And HE

In assessing whether the Motion to Dismiss is potentially dispositive, the Court need not determine whether the movant will ultimately prevail, but only whether the motion is "potentially dispositive." *See Heck v. Amazon.Com, Inc.*, No. 22-cv-03986, 2022 U.S. Dist. LEXIS 199904, at *4-5 (N.D. Cal. Nov. 1, 2022) ("The Court expresses no opinion on the merits of the motion to dismiss."); *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185, 2017 U.S. Dist. LEXIS 132698, at *6, *8 (N.D. Cal. Aug. 18, 2017) (Freeman, J.) (granting motion to stay discovery pending motion to dismiss and noting that "the Court need not determine whether it has personal jurisdiction over [movant] at this stage"). This involves only a "preliminary peek" at the merits of the underlying motion to dismiss. *In re Nexus 6p Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 132698, at *4-5. A motion can be dispositive if it disposes of all claims against a party, even where claims against other parties may remain. *See id.* at *6 (finding one defendant's "threshold personal jurisdictional challenge to Plaintiffs' claims" was "potentially dispositive of the entire case as to" that defendant);

*Calvary v. Cody*, No. 20-cv-03794, 2021 U.S. Dist. LEXIS 223450, at *5-6 & n.1 (N.D. Cal. Nov. 12, 2021) (Freeman, J.) (granting motion to stay discovery pending a motion to dismiss that would dispose of the claims against the moving defendants even though other defendants did not join those motions). Here, if PIF and HE's Motion to Dismiss prevails, "then the case against [PIF and HE] would be dismissed and the motion would be case-dispositive as to those Defendants." *Calvary*, 2021 U.S. Dist. LEXIS 223450, at *5. The other parties to the litigation can still proceed.

PIF and HE have multiple strong grounds for dismissal of the Tour's counterclaims against PIF and HE. Although some have overlap with issues raised by PIF and HE's objections to the Magistrate Judge's February 9 Order regarding Rule 45 discovery, the Court will need to decide these "serious legal questions" (*see* March 15 Stay Order at 3) on the Motion to Dismiss, in the context of potential liability of a foreign sovereign and its official, and with respect to the specific factual allegations (or lack thereof) in the Amended Counterclaim.

### 1. PIF's Claim to Immunity Under the FSIA

Under the FSIA, PIF is presumptively immune from suit, unless an exception to the FSIA applies. *Schnaars v. Autoridad Del Canal De Pan.*, No. C-03-0076, 2003 U.S. Dist. LEXIS 27456, at *3 (N.D. Cal. Apr. 29, 2003) ("A motion to dismiss for lack of subject matter jurisdiction is appropriately granted if" no exception to "the FSIA applies."). Neither of the exceptions to immunity that the Tour invokes (Am. Countercl. ¶ 14) apply here. The Tour's only basis for jurisdiction over PIF due to the "waiver exception" under 28 U.S.C. § 1605(a)(1) is the fact that PIF allegedly consented to LIV initiating this litigation, pays the legal fees, and "otherwise exercises control over the ongoing conduct of this litigation." *See* Am. Countercl. ¶ 14. In addition to these allegations being inadequately pled and conclusory, these allegations are insufficient to establish an explicit waiver. *See e.g.*, *Aldossari v. Ripp*, 49 F.4th 236, 250-51 (3d Cir. 2022) (determining that the plaintiff's allegations were insufficient to show the "clear and unambiguous language or conduct" necessary to show "that the foreign state intended to waive its sovereign immunity"). The Rule 72 Order did not hold otherwise.

In addition, the Tour asserts (Am. Countercl. ¶ 14) the commercial activity exception, § 1605(a)(2), which does in fact require that the "action is 'based upon' the 'particular conduct' that

constitutes the 'gravamen' of the suit." *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 35 (2015); *see Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1135 (9th Cir. 2012) (finding, in a case preceding *OBB*, that "there is an exception to a foreign sovereign's immunity under the third clause [of § 1605(a)(2)] when (1) an act outside the United States forms the basis of the plaintiffs' lawsuit"—*i.e.* the gravamen of the claim); *see also, e.g.*, *MMA Consultants 1, Inc. v. Republic of Peru*, 719 F. App'x 47, 52 (2d Cir. 2017) (applying *OBB*'s "gravamen" analysis to both "the first and third clauses of the commercial activities exception"). The Tour's reliance on § 1605(a)(2) also rests on its repeated conflation of the various entities it has targeted in the Amended Counterclaim. LIV and PIF are distinct legal entities separated by multiple corporate intermediaries (which the Tour itself recognizes, *see, e.g.*, Am. Compl. ¶ 9). The Amended Counterclaims are "based upon" conduct by **LIV**, in allegedly recruiting Tour players, not conduct by **PIF**. The Tour has never asserted that any corporate veil should be pierced, nor could it, as there are no facts pled to overcome the presumption of multiple layers of corporate separateness between PIF, LIV Golf Investments, Ltd., LIV Golf Holdings, Ltd., and LIV. *See First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba ("Bancec")*, 462 U.S. 611, 628 (1983); *Doe v. Holy See*, 557 F.3d 1066, 1077-79 (9th Cir. 2009) (applying *Bancec* to the question whether acts by "affiliated domestic corporation" may "render a foreign sovereign amenable to suit"). PIF's (indirect) investment in LIV, as a business enterprise, is not the allegedly tortious conduct that "actually injured" the Tour.

Moreover, the Tour has since admitted the "core theory of" the Amended Counterclaim is the Counter-Defendants' alleged "insistence that players remain with the TOUR while inducing such players to knowingly breach TOUR provisions." *See* Reply Supp. Mot. for Leave to File Am. Countercl. at 4-5, Dkt. No. 271; Am. Countercl. ¶¶ 61-78. The Amended Counterclaim contains no factual allegations—much less sufficient allegations—that PIF or HE did anything to encourage players to remain with the Tour and to breach its regulations. This Court must analyze PIF's purported conduct—not that of other intermediaries or LIV—to determine its immunity and any alleged liability. At most, the Tour alleges only that HE had some limited involvement in recruiting some players to LIV. *See, e.g.*, Am. Countercl. ¶¶ 33, 41, 68. That is not a tort, as discussed further below, and it is certainly not the gravamen of the counterclaims, as the Tour has now framed them.

The Tour also fails to allege facts to show that any purported commercial activity by the PIF outside the United States had a "direct effect in the United States," § 1605(a)(2), or that the Tour's alleged injuries are "an immediate consequence" of PIF's investment activity abroad. *Republic of Arg. v. Weltover, Inc.*, 504 U.S. 607, 618 (1992) (defining "direct effect" under § 1605(a)(2)); *see also Terenkian*, 694 F.3d at 1133 ("[A] consequence is 'immediate' if no intervening act breaks 'the chain of causation leading from the asserted wrongful act to its impact in the United States.'").

### 2.  HE's Common Law Immunity Claim Also Is "Potentially Dispositive"

HE is immune from suit under the common-law doctrine of foreign sovereign immunity, which "extends to individual foreign officials for acts performed in their official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state." *See Dogan v. Barak*, 932 F.3d 888, 893-94 (9th Cir. 2019).  Common-law foreign official immunity "exceed[s] that of the state: even if the state could be sued for an official's acts . . . the official himself could not be." *Weiming Chen v. Ying-Jeou Ma*, No. 12-cv-5232, 2013 U.S. Dist. LEXIS 118668, at *11-12 (S.D.N.Y. Aug. 19, 2013).  The Amended Counterclaim makes only conclusory allegations about HE's official conduct.  *See, e.g.*, Am. Countercl. ¶¶ 3-4, 6, 24, 27; *see also Mireskandari v. Mayne*, 800 F. App'x. 519, 519 (9th Cir. 2020) ("Because the defendants performed the alleged conduct in their official capacities, they are entitled to common-law foreign sovereign immunity.").  The claims against HE are precluded by common-law immunity, and therefore, the Motion to Dismiss is potentially dispositive with respect to those claims as well.

### 3.  The Court Lacks Personal Jurisdiction Over PIF and HE

The Amended Counterclaim fails to allege sufficient facts to show that PIF and HE have the necessary minimum contacts for this Court to exercise personal jurisdiction over them, consistent with the requirements of Due Process.  *See LNS Enter. LLC v. Continental Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (explaining that Due Process "necessitates that a nonresident [party] have 'certain minimum contacts' with a forum state before the state can exercise personal jurisdiction over that individual or entity").  The Tour claims only that there is specific personal jurisdiction over PIF and HE, *see* Am. Countercl. ¶¶ 13-14, but fails to allege sufficient facts showing that either PIF or HE "purposefully direct[ed]" activities at the forum which gave rise to the Tour's

1  counterclaims. *See, e.g.*, *Nestle USA, Inc. v. Crest Foods, Inc.*, No. CV16-07519, 2017 U.S. Dist.
2  LEXIS 136557, at *23-24 (C.D. Cal. July 28, 2017) (finding "generic" allegations that "state only
3  how a corporate parent normally acts toward a subsidiary" insufficient to establish specific
4  jurisdiction over Swiss parent company for alleged tortious interference with contracts between its
5  subsidiaries and the counter-plaintiff).

6        In particular, the Amended Counterclaim fails to allege that either PIF or HE "expressly
7  aimed" any tortious conduct at California or the United States.  The Tour's allegations regarding
8  contacts "between the [Tour] (or third parties)" located in the forum and PIF or HE, or
9  concerning "unilateral activity of another party or a third person," are insufficient to demonstrate
10 that PIF or HE intentionally directed any conduct at the forum. *Walden v. Fiore*, 571 U.S. 277, 284
11 (2014); *see also, e.g.*, *Rentrak Corp. v. Burton*, No. 15-cv-00458, 2015 U.S. Dist. LEXIS 160847,
12 at *30-33 (D. Or. Sept. 28, 2015) (fact that the plaintiff was located in the forum was insufficient to
13 show that foreign defendant "expressly aimed" alleged tortious interference with plaintiff's
14 contracts at the forum).  Further, the Tour's allegations that PIF founded and funded LIV (*e.g.*, Am.
15 Countercl. ¶¶ 5, 6, 38, 44, 70-72) do not show that PIF expressly aimed any conduct at the United
16 States, and in fact, are directly contradicted by the Tour's allegations regarding LIV's intended
17 global operations. *See, e.g.*, Am. Countercl. ¶ 56 (discussing "LIV's inaugural London tournament"
18 and LIV's "eight-tournament schedule for 2022—to be held principally in North America").

19       And the Tour has not—and cannot—argue that any forum contacts on the part of LIV should
20 be imputed to PIF as the (indirect) majority shareholder for the purposes of personal jurisdiction.
21 *See, e.g.*, *Ji v. Naver Corp.*, No. 21-cv-05143, 2022 U.S. Dist. LEXIS 179263, at *11-12 (N.D. Cal.
22 Sept. 30, 2022) (rejecting plaintiff's insufficient factual allegations to impute subsidiaries' forum
23 contacts to shareholder parent); *Nestle USA, Inc.*, 2017 U.S. Dist. LEXIS 136557, at *23-24 (same).
24 Likewise, the Tour's conclusory statements about the existence of a PIF subsidiary in New York
25 (Am. Countercl. ¶¶ 9, 23)—which is not even alleged to have been involved with LIV—do not
26 create general jurisdiction, or  minimum contacts for specific jurisdiction, over PIF. *See Ranza v.*
27 *Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) ("The existence of a parent-subsidiary relationship
28

1  is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for
2  the purpose of establishing personal jurisdiction.").

### 4. The Tour Has Failed to State a Claim for Relief

Finally, setting these jurisdictional matters to the side, the Tour fails to state a claim on which relief can be granted. *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) ("We have held however that '[a] district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.'").

For one thing, the Amended Counterclaims "improperly lumps multiple [counter]defendants together and fails to allege a factual basis for each [counter]defendant's liability." *Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370, 2017 U.S. Dist. LEXIS 98625, at *23 (N.D. Cal. June 26, 2017) (Freeman, J.) (dismissing group plead claim for tortious interference); *see, e.g.*, Am. Countercl. ¶ 41 ("All LIV Players were recruited by LIV, PIF, and Mr. Al-Rumayyan . . ."); *id.* ¶¶ 61-66 (making allegations regarding purported conduct by "counter-defendants" and/or "LIV, PIF, and Mr. Al-Rumayyan"). The allegations against PIF and HE—as opposed to the allegations against LIV, the real counter-defendant here—are insufficient to state a claim. This is especially so as there are no well-pled allegations that PIF or HE insisted that players remain with the Tour, which is the "core theory" of the complaint. *See supra* at 6.

Perhaps more fundamentally, however, the Amended Counterclaim fails because there is nothing legally wrong with recruiting players subject only to at-will contracts to play for a new league. That is, in fact, the essence of competition. Consequently, claims for "tortious interference with at-will contracts require[] independent wrongfulness." *Ixchel Pharma, LLC v. Biogen, Inc.*, 470 P.3d 571, 573 (Cal. 2020); *see also Reeves v. Hanlon*, 95 P.3d 513, 520 (Cal. 2004) ("[T]o recover for a defendant's interference with an at-will employment relation, a plaintiff must plead and prove that the defendant engaged in an independently wrongful act—i.e., an act 'proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard' . . . that induced an at-will employee to leave the plaintiff."). The claims that LIV, PIF, and HE interfered with the Tour's contracts by offering its at-will golfers more money (*e.g.* Am. Countercl. ¶¶ 38, 61, 63, 81-83) therefore fail. *See, e.g., Tensor Law P.C. v. Rubin*, No. 18-cv-01490, 2019

U.S. Dist. LEXIS 131942, at *29-30 (C.D. Cal. Apr. 10, 2019) (finding "the conduct about which Plaintiff complains was merely competitive conduct intended to convince [another party] to hire Defendant," and was insufficient to sustain claim for tortious interference with at-will contract). So do the (inadequately pled) allegations of encouraging Tour players to mount a legal challenge to the Tour's anticompetitive provisions (*e.g.* Am. Countercl. ¶¶ 2, 6, 85, 88), which target First Amendment-protected conduct. *See Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 597 (Cal. 1990) ("The torts of inducing breach of contract and interference with prospective advantage have been criticized as protecting the secure enjoyment of contractual and economic relations at the expense of our interest in a freely competitive economy."); *id.* at 595 (recognizing the "danger in allowing a petition for judicial or administrative relief to be the basis for a claim of interference with contract," and that "the scope of the interference torts is limited by the constitutional right to petition for redress of grievances").

### B. No Discovery Is Needed To Resolve The Motion To Dismiss

As to the second prong of the Rule 26(c) standard, none of the PIF and HE's grounds for dismissal require discovery to resolve. The arguments for dismissal turn on questions of law and the sufficiency of the allegations in the Amended Counterclaim. *See, e.g.*, *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (no abuse of discretion where the district court stayed discovery pending a motion to dismiss because the "complaint did not raise factual issues that required discovery for their resolution"); *Cellwitch, Inc. v. Tile, Inc.*, No. 19-CV-01315, 2019 U.S. Dist. LEXIS 182943, at *4 (N.D. Cal. Oct. 22, 2019) (agreeing that "the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss" and staying discovery pending resolution of the motion to dismiss). Here, PIF and HE's jurisdictional and other defenses can be decided as a matter of law and on the sufficiency (or lack thereof) of the allegations in the Amended Counterclaim.

### CONCLUSION

For the foregoing reasons, PIF and HE respectfully request that this Court stay discovery pending the resolution of Counter-Defendants' Motion to Dismiss pursuant to Rule 12(b)(1), Rule 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

1 | Dated: April 6, 2023        By:   */s/ Carolyn B. Lamm*

**WHITE & CASE**LLP

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan*