# EXHIBIT 4

DEFENDANT AND COUNTER-CLAIMANT PGA TOUR, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO BIFURCATE

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

ROBERT C. WALTERS, *pro hac vice*
  rwalters@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: 650.801.5000
Facsimile: 650.801.5100

*Attorneys for Plaintiffs LIV Golf, Inc., Matt Jones,
 Bryson DeChambeau, and Peter Uihlein*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHIL MICKELSON, TALOR GOOCH, HUDSON SWAFFORD, MATT JONES, BRYSON DECHAMBEAU, IAN POULTER, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant. | CASE NO. 5:22-cv-04486 <br><br> **LIV GOLF'S RESPONSES AND OBJECTIONS TO PGA TOUR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> DATE FILED: AUG. 3, 2022 <br><br> TRIAL DATE: JAN. 8, 2024 |

Pursuant to the Federal Rules of Civil Procedure 26 and 34, Plaintiff LIV Golf Inc. ("LIV Golf" or "Plaintiff"), by and through its undersigned attorneys, hereby responds and objects to the PGA Tour

Inc.'s ("PGA Tour" or "Defendant") First Set of Requests for Production of Documents to Plaintiff LIV Golf, Inc., including, without limitation, the document requests, Definitions, and Instructions contained therein (the "Requests"), served by Defendant on August 31, 2022.

**PRELIMINARY STATEMENT**

1. Plaintiff's responses to the Requests are made to the best of its current knowledge, information, and belief, and subject to the objections described herein. Plaintiff reserves the right to rely on subsequently discovered information or documents to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary. Plaintiff also reserves the right to supplement its responses and objections to assert any additional objections that may be deemed necessary or appropriate in light of any new facts, further review of documents, meet and confer conferences, or motions filed in this action.

2. Plaintiff's responses to the Requests are confidential and made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections, and Plaintiff does not waive any objections concerning relevance, privilege, competency, materiality, proprietary, foundation, prejudice, authenticity, or admissibility of any document or response, for any purpose and at any time. All objections are reserved and may be interposed at any time.

3. Plaintiff's responses are based on its understanding that Defendant seeks only information that is within Plaintiff's possession, custody, and control.

4. Plaintiff incorporates by reference each and every General Objection set forth into each and every Specific Response and Objection. From time to time, a Specific Response and Objection may repeat a General Objection. The failure to include any General Objection in any Specific Response and Objection shall not be interpreted as a waiver of any General Objection to that response.

5. Plaintiff's objections to a particular Request for Production shall not be interpreted as implying that responsive information exists or as acknowledging that the Request for Production is appropriate as part of discovery in this action. Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

**GENERAL OBJECTIONS**

The following General Objections apply to each of Defendant's Definitions, Instructions, and Requests for Production; are incorporated by reference into each individual response and objection; and shall have the same force and effect as if fully set forth in the individual responses and objections to each Request for Production.

6. Plaintiff generally objects to the Requests (including the Definitions and Instructions) on the grounds and to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California, any other applicable federal or state law, and any agreements between the parties. Plaintiff will construe and respond to the Requests (including the Definitions and Instructions) in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules or laws.

7. Plaintiff generally objects to the Requests to the extent that they seek documents and information that are unrelated and irrelevant to the claims in, or defenses to, this litigation and disproportionate to the needs of the case, or are of such marginal relevance that their probative value is outweighed by the burden imposed on Plaintiff in having to search for and provide such documents or information.

8. Plaintiff generally objects to the Requests on the grounds and to the extent that they seek the production of any information or documents protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, Federal Rule of Evidence 502, or by any other applicable privilege, rule, doctrine, immunity or the laws, regulations, or policies of other countries, and Plaintiff and its counsel hereby assert such privileges and immunities. Nothing in Plaintiff's objections and responses waives any rights under such privileges, and Plaintiff reserves the right to assert those rights over any information that may be provided in response to the Requests. Inadvertent production of any information or documents that are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Plaintiff to object to the use of any such information or documents or the subject matter thereof during these or any other

proceedings. The production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding to the fullest extent of Federal Rule of Evidence sections 502(d) and (e). For example, the production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

9. Plaintiff generally objects to the Requests to the extent that they seek proprietary or other confidential information, particularly to the extent they seek third party confidential information. To the extent any proprietary or confidential information, trade secret, or other sensitive or protected business information is non-privileged and responsive to the Requests and not otherwise objectionable, Plaintiff will produce such information in accordance with the Stipulated Protective Order entered in this litigation, as well as the ESI Protocol entered in this litigation, and such other procedures as the parties or Court may establish to protect sensitive or confidential information.

10. Plaintiff generally objects to the Requests on the grounds and to the extent that production of such documents demanded therein would violate the rights of privacy of third parties under California law or other applicable laws of any relevant jurisdiction, or that such production otherwise is prohibited by law, or is subject to legal requirements for notification of third parties.

11. Plaintiff generally objects to the Requests to the extent that they use words and phrases that are not defined in an understandable manner. Plaintiff will interpret the terms and phrases used in those requests as those terms and phrases are understood to Plaintiff.

12. Plaintiff generally objects to the Requests as vague, ambiguous, overly broad, and/or unduly burdensome, including to the extent that they call for the production of "all" or "any" documents concerning the subject matters referenced therein. Plaintiff will undertake a reasonable search of the materials of data sources and custodians known or reasonably likely to have non-duplicative documents responsive to the Requests for Production.

13. Plaintiff generally objects to the Requests to the extent they call for the production of documents "related to" the subject matters referenced therein as unduly broad, imprecisely written, and irrelevant to the extent that it demands the production of any and all materials unrelated to the subject matter of this litigation.

14.     Plaintiff objects to the definition of "you" and/or "your" as overly broad and unduly burdensome to the extent that it includes "LIV Golf Holdings Ltd . . . LIV Golf Investments Ltd, LIV Golf Ltd, and includes without limitation all predecessors (including the Premier Golf League or 'PGL'), predecessors-in-interest, affiliates, parents, subsidiaries . . . consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationship of each and others acting on behalf of each."  For example, the Premier Golf League is a separate entity from LIV Golf; it is not a "predecessor" of LIV Golf, and LIV Golf does not have custody or control of the Premier Golf League's materials.  In responding to these Requests, Plaintiff will construe the terms "LIV Golf," "you," and/or "your" to refer to LIV Golf Inc. and its employees.

15.     Plaintiff objects to the instruction to produce "all" documents in its control or custody as unduly burdensome and unreasonable to the extent that it demands reviewing every document of every conceivable data source or custodian that could fall under the broad definition of "you" and "your."  Plaintiff will undertake a reasonable search of the materials of data sources and custodians known or reasonably likely to have non-duplicative documents responsive to the Requests for Production.  Plaintiff is willing to confer with Defendant regarding the data sources, custodians, and search parameters to be employed for undertaking a reasonable search.

16.     Plaintiff generally objects to the Requests to the extent they call for information that is publicly available or obtainable from sources that are as available to Defendant as they are to Plaintiff, or that are more convenient, less burdensome, or less expensive for Defendant to obtain itself.  Plaintiff also objects to the Requests to the extent they seek documents or materials outside of Plaintiff's possession, custody, or control, or to the extent they are inconsistent with federal law, international treaties or conventions, and/or conflict of law and comity principles by seeking documents or information located outside the United States.

17.     Plaintiff generally objects to the Requests to the extent they seek to impose an obligation on Plaintiff to conduct anything beyond a diligent search and reasonable inquiry of readily accessible files, including electronic files, where responsive documents would reasonably be expected to be found.

18.     Plaintiff generally objects to the Requests to the extent they do not identify the documents sought with reasonable particularity as required by Rule 34(b) of the Federal Rules of Civil

Gibson, Dunn & Crutcher LLP

Procedure.

19. Plaintiff generally objects to the Requests to the extent they demand complete and final responses and document production within 30 days from the date of service. Discovery remains ongoing, and Plaintiff reserves the right to supplement its responses as appropriate under the Scheduling Order or the Federal Rules of Civil Procedure. Pursuant to the Court's Scheduling Order, document production will proceed on a rolling basis.

20. Plaintiff generally objects to, and by responding does not admit, any factual characterizations or legal conclusions that the Requests assume or recite. Plaintiff further generally objects that by stating in these responses that Plaintiff will produce documents, Plaintiff does not intend to represent that any responsive documents actually exist, but rather that Plaintiff is making and will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do, in fact, exist.

21. Plaintiff generally objects to the Requests (including the Definitions and Instructions) to produce all documents in "digitized form" to the extent responsive documents that do not exist in a digitized form in the ordinary course of business.

22. Plaintiff generally objects to the Requests (including the Definitions and Instructions) that documents be produced on a rolling basis "as soon as they have been located and processed for production" on the basis that it would be unduly burdensome and disorderly to produce each document "as soon as" it may become ready. Plaintiff will produce such information in accordance with the Stipulated Protective Order entered in this litigation, as well as the ESI Protocol entered in this litigation, and such other procedures as the parties or Court may establish or agree to.

23. Plaintiff generally objects to the Requests (including the Definitions and Instructions) that its document production be "organized and labeled to correspond with the categories in this request for production" on the basis that it is unduly burdensome and imposes an obligation beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California, or other applicable federal or state law, and does not conform to any agreement between the parties. Plaintiff will not organize and label each individual document that is produced to reflect the Request(s) it is produced in response to.

24. Plaintiff objects to the Requests (including the Definitions and Instructions) for technical specifications and metadata to be included with any electronic production to the extent such instructions require the production of data that is not kept in the ordinary course of business or does not conform with the Stipulated Protective Order entered in this litigation, as well as the ESI Protocol entered in this litigation, and such other procedures as the parties or Court may establish or agree to.

25. Plaintiff objects to the Requests (including the Definitions and Instructions) regarding a privilege log to the extent it purports to impose duties or requirements beyond those in the Federal Rules of Civil Procedure, or that does not conform with the Stipulated Protective Order or the ESI Protocol entered in this litigation.  If Plaintiff withholds relevant materials based on an assertion of privilege, it will describe the nature of the withheld materials in a manner that will enable other parties to assess the privilege, pursuant to Federal Rule of Civil Procedure 26(b)(5), and in conformity with the Stipulated Protective Order and the ESI Protocol entered in this litigation.

**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

23 **REQUEST FOR PRODUCTION NO. 64**:

24    All documents and communications related to complaints, criticism, or negative opinions about

25 you, Saudi PIF, or professional golfers participating in your events.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:

27    Plaintiff incorporates by reference the foregoing General Objections.  Plaintiff further objects

28 to this Request on the grounds that it is vague, ambiguous, overbroad as written, and unduly

62
LIV GOLF'S RESPONSES AND OBJECTIONS TO PGA TOUR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
5:22-cv-04486-BLF

Gibson, Dunn & Crutcher LLP

burdensome. Plaintiff further objects to the extent that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff further objects to this Request to the extent it would require the production of materials protected from disclosure by the attorney client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege, doctrine, or protection, particularly with respect to the phrase "related to complaints, criticism, or negative opinions." Plaintiff further objects to the Request on the grounds that the Request's use of the term "all" and the phrase "related to" render the Request vague, ambiguous, and unduly broad and to the extent it calls for materials not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff further objects to the Request on the grounds that the Request's use of the phrase "complaints, criticism, or negative opinions" is undefined and renders the Request vague, ambiguous, and unduly broad and to the extent it calls for materials not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff further objects to the definition of "you" as overly broad and unduly burdensome. Plaintiff further objects to this Request to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or that would violate the rights of privacy of third parties under California law or other applicable laws of any relevant jurisdiction.

Subject to and without waiver of these objections, Plaintiff will conduct a reasonable search of an agreed-upon set of custodians' files and will produce responsive, non-privileged documents pertaining to this Request to the extent they exist.

**REQUEST FOR PRODUCTION NO. 65**:

All communications with Saudi PIF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**:

Plaintiff incorporates by reference the foregoing General Objections. Plaintiff further objects to this Request on the grounds that it is vague, ambiguous, overbroad as written, and unduly burdensome. Plaintiff further objects to the extent that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff further objects to this Request to the extent it would require the production of materials protected from disclosure by the attorney client privilege, the work product doctrine, the common interest privilege, and/or any other

applicable privilege, doctrine, or protection. Plaintiff further objects to the Request on the grounds that the Request's use of the term "all" renders the Request vague, ambiguous, and unduly broad and to the extent it calls for materials not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or that would violate the rights of privacy of third parties under California law or other applicable laws of any relevant jurisdiction.

Subject to and without waiver of these objections, Plaintiff will conduct a reasonable search of an agreed-upon set of custodians' files and will produce responsive, non-privileged documents pertaining to this Request to the extent they exist.

**REQUEST FOR PRODUCTION NO. 66**:

All agreements with Saudi PIF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**:

Plaintiff incorporates by reference the foregoing General Objections. Plaintiff further objects to this Request on the grounds that it is vague, ambiguous, overbroad as written, and unduly burdensome. Plaintiff further objects to the extent that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff further objects to this Request to the extent it would require the production of materials protected from disclosure by the attorney client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege, doctrine, or protection. Plaintiff further objects to the Request on the grounds that the Request's use of the term "all" renders the Request vague, ambiguous, and unduly broad and to the extent it calls for materials not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or that would violate the rights of privacy of third parties under California law or other applicable laws of any relevant jurisdiction.

Gibson, Dunn & Crutcher LLP

Subject to and without waiver of these objections, Plaintiff will conduct a reasonable search of an agreed-upon set of custodians' files and will produce responsive, non-privileged documents pertaining to this Request to the extent they exist.

**REQUEST FOR PRODUCTION NO. 67**:

All documents and communications related to Saudi PIF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:

Plaintiff incorporates by reference the foregoing General Objections. Plaintiff further objects to this Request on the grounds that it is vague, ambiguous, overbroad as written, and unduly burdensome. Plaintiff further objects to the extent that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff further objects to this Request to the extent it would require the production of materials protected from disclosure by the attorney client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege, doctrine, or protection, particularly with respect to the phrase "related to Saudi PIF." Plaintiff further objects to the Request on the grounds that the Request's use of the term "all" and the phrase "related to" render the Request vague, ambiguous, and unduly broad and to the extent it calls for materials not relevant to any party's claim or defense or proportional to the needs of the case. Plaintiff further objects to this Request to the extent that it seeks proprietary or other confidential information, particularly information confidential to third parties or that would violate the rights of privacy of third parties under California law or other applicable laws of any relevant jurisdiction.

Subject to and without waiver of these objections, Plaintiff will conduct a reasonable search of an agreed-upon set of custodians' files and will produce responsive, non-privileged documents pertaining to this Request to the extent they exist.

65
LIV GOLF'S RESPONSES AND OBJECTIONS TO PGA TOUR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
5:22-cv-04486-BLF

Gibson, Dunn & Crutcher LLP

DATED: September 27, 2022

Respectfully submitted,

By:     */s/ Rachel S. Brass*

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

ROBERT C. WALTERS, *pro hac vice forthcoming*
  rwalters@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice forthcoming*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice forthcoming*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice forthcoming*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:  650.801.5100

*Attorneys for Plaintiffs LIV Golf, Inc., Matt Jones, Bryson DeChambeau, and Peter Uihlein*

LIV GOLF'S RESPONSES AND OBJECTIONS TO PGA TOUR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
5:22-cv-04486-BLF

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 27, 2022, a copy of the foregoing was served to all counsel of record using the email addresses they have registered with the CM/ECF system for the U.S. District Court for the Northern District of California.

                                        /s/ *Scott Hvidt*
                                        Scott Hvidt