KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:    212 735 3000
Facsimile:    212 735 2000

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant.<br>_____<br>PGA TOUR, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA; YASIR OTHMAN AL-RUMAYYAN,<br><br>Counter-Defendants. | Case No. 5:22-CV-04486-BLF<br><br>**DEFENDANT AND COUNTER-CLAIMANT PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING RE: DKT. NO. 379**<br><br>Judge:          Hon. Beth Labson Freeman<br><br>Date Filed:    August 3, 2022<br><br>Trial Date:    January 8, 2024 |

DEFENDANT AND COUNTER-CLAIMANT PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING
RE: DKT. NO. 379
Case No. 5:22-CV-04486-BLF

2120509

# I.     INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendant and Counter-Claimant PGA TOUR, Inc. (the "TOUR") respectfully submits this Statement in Support of Sealing regarding certain redacted portions of the parties' March 31, 2023 Joint Case Management Conference Statement (the "CMC Statement").  Plaintiffs and Counter-Defendants filed a redacted version of the CMC Statement under seal and submitted an Administrative Motion to Consider Whether Another Party's Material Should be Sealed regarding the TOUR's confidential material at Dkt. No. 379.

The information the TOUR seeks to redact in the CMC Statement reflects sensitive business information, internal communications, and communications with the other golf tours and organizations who are not parties to this case.  In addition, the TOUR and Plaintiffs and Counter-Defendants jointly agreed that **Exhibit A** to the CMC Statement should be sealed in its entirety to protect the personally identifying information of fact witnesses. The disclosure of this information could result in significant harm to the TOUR or the privacy interests of non-parties.  Specifically, the information subject to this Administrative Motion includes:

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 379-1 | CMC Statement | Highlighted Portions at 2:4-6 | Directly quotes from competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues.  Disclosure of these communications would cause harm to the TOUR's relationships with business partners, reveal internal strategy and decision making processes, and intrude on the non-party consultant's expectation of confidentiality and privacy. *See* Shetty Decl. ¶ 3. |
| 379-1 | CMC Statement | Highlighted Portions at 2:7-8 | Directly quotes communications between a TOUR board member and the TOUR's Commissioner regarding competitively sensitive strategy issues.  Disclosure of these sensitive internal communications would cause competitive harm to the TOUR.  *See* Shetty Decl. ¶ 4. |

2120509

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| 379-1 | CMC Statement | Highlighted Portions at 3:7-11 | Characterizes and directly quotes from sensitive internal communications between TOUR employees. Disclosure of these communications would cause competitive harm to the TOUR. *See* Shetty Decl. ¶ 5. |
| 379-1 | CMC Statement | Highlighted Portions at 3:13-14. | Characterizes and directly quotes from sensitive communications between the TOUR and a government agency. Disclosure of these communications would harm the TOUR and reveal the substance of the TOUR's confidential communications with the government agency. *See* Shetty Decl. ¶ 6. |
| 377-4 | Exhibit A to CMC Statement | Entire Document | Contains personally identifying information of non-party fact witnesses. *See* Shetty Decl. ¶ 7. |

## II.    ARGUMENT

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions, the less-stringent "good cause" standard applies to requests for sealing. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Here, there is good cause for filing the material related to the parties' CMC Statement under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating that "sources of business information that might harm a litigant's competitive standing" properly may be sealed); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.").

The information that the TOUR seeks to seal in the CMC Statement contains direct quotes from, and close characterizations of, correspondence produced by the TOUR and a TOUR board member in this litigation.  Specifically, it includes: (1) a summary of a confidential conversation between a TOUR employee and an outside consultant that reflects competitively sensitive information about internal TOUR operations and corporate decision-making; (2) sensitive

2
DEFENDANT AND COUNTER-CLAIMANT PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING
RE: DKT. NO. 379
Case No. 5:22-CV-04486-BLF

2120509

strategy communications between a TOUR board member and the TOUR's Commissioner; (3) confidential internal communications between TOUR employees; (4) communications between the TOUR and a government agency; and (5) personal information regarding non-party witnesses reflected in Exhibit A to the CMC Statement.  *See* Decl. of Neera Shetty in Support of Def.'s Admin. Mot. to Seal, ¶¶ 2-7.

Unsealing of any of these materials will result in competitive harm to the TOUR as well as injury to the privacy interests of individuals.  *See id.*  To protect these interests, the TOUR has proposed a small, narrowly tailored set of redactions to the CMC statement.  The TOUR's and the individuals' legitimate privacy interest in this information outweighs the presumption of public access in this instance.  *See, e.g.*, *In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing internal "confidential regulatory strategies and communications" in case involving "avid competitors").

For the foregoing reasons, the TOUR requests that the Court seal the highlighted portions of the CMC Statement indicated above as well as Exhibit A to the CMC Statement.  If the Court deems the TOUR's bases for sealing insufficient, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

2120509

Dated:  April 7, 2023                                  KEKER, VAN NEST & PETERS LLP


                                              By:    /s/ Nicholas S. Goldberg
                                                     ELLIOT R. PETERS
                                                     DAVID SILBERT
                                                     R. ADAM LAURIDSEN
                                                     NICHOLAS S. GOLDBERG
                                                     SOPHIE HOOD

                                                     Attorneys for Defendant and Counter-
                                                     Claimant
                                                     PGA TOUR, INC.


                                                     SKADDEN, ARPS, SLATE, MEAGHER
                                                     & FLOM LLP

                                                     ANTHONY J. DREYER
                                                     KAREN M. LENT
                                                     MATTHEW M. MARTINO

                                                     Attorneys for Defendant and Cross-
                                                     Claimant
                                                     PGA TOUR, INC.

DEFENDANT AND COUNTER-CLAIMANT PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING
RE: DKT. NO. 379
Case No. 5:22-CV-04486-BLF

2120509