**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIVE GOLF, INC., <br><br> Plaintiffs, <br> v. <br> PGA TOUR, INC., <br><br> Defendant. <br><br>——————————————— <br> PGA TOUR, INC., <br><br> Counterclaimant, <br> v. <br> LIV GOLF, INC., PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and HIS EXCELLENCY YASIR OTHMAN AL-RUMAYYAN, <br><br> Counterdefendants. | Case No.  22-cv-04486-BLF <br><br> **ORDER RE PGA TOUR, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> [Re:  ECF 321] |

This order addresses PGA TOUR, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF 321), which was filed in connection with TOUR's opposition to a motion for relief from a discovery order. TOUR's opposition contains information that has been designated confidential by LIV Golf, Inc. LIV has filed a statement (ECF 333) in support of sealing portions of TOUR's opposition.

For the reasons discussed below, the Court will GRANTED the administrative motion and will seal limited portions of TOUR's opposition.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Under this Court's Civil Local Rules, a party moving to seal a document in whole or in part must file a statement identifying the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient. *See* Civ. L.R. 79-5(c)(1). A supporting declaration shall be submitted if necessary. *See* Civ. L.R. 79-5(c)(2). Finally, the moving party must submit "a proposed order that is narrowly tailored to seal only the sealable material[.]" Civ. L.R. 79-5(c)(3).

Where the moving party requests sealing of material that has been designated confidential by another party, the designating party has the burden to establish that the material should be sealed. *See* Civ. L.R. 79-5(f).

## II. DISCUSSION

The good cause standard applies here because the sealing request relates to briefing on a discovery dispute, which is only tangentially related to the merits of the case. LIV has submitted the declaration of its Chief Legal Officer, John Loffhagen, in support of sealing. *See* Loffhagen Decl., ECF 333-1. Mr. Loffhagen identifies material in TOUR's opposition that discloses LIV's confidential information regarding its corporate governance, relationships with investors, and specific negotiations with players, agents, and others, *see id.* ¶¶ 2, 4; that discloses LIV's confidential contacts with potential sponsors and broadcasters, and certain confidential negotiations, *see id.* ¶¶ 5-6; and that discloses confidential financial information regarding LIV's formation, capital, and risk allocation, *see id.* ¶ 7. Magistrate Judge Susan van Keulen recently

determined that there is good cause to seal the information in question. *See* Orders, ECF 371, 373. This Court also finds that there is good cause to seal the information, and that LIV's sealing request is narrowly tailored to seal only sealable material. Accordingly, the Court will seal the limited portions of TOUR's opposition identified in the following chart:

| ECF or Ex. No. Document | Document | Potion(s) to Seal | Reason(s) for Sealing |
| --- | --- | --- | --- |
| ECF 321-1 | PGA Tour Inc.'s Opposition | Highlighted portions at lines 2:26-3:1, 3:10-14, 3:16-19, 3:21-28, 4:4-7, 4:11-27, 5:1-10, 10:21-23 | Contains confidential information regarding: LIV's corporate governance, relationships with investors, and specific negotiations with players, agents, and others; LIV's confidential contacts with potential sponsors and broadcasters, and certain confidential negotiations; and confidential financial information regarding LIV's formation, capital, and risk allocation. |

### III. ORDER

(1) PGA TOUR, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF 321), as supported by LIV's Statement in Support (ECF 333), is GRANTED as set forth herein; and

(2) This order terminates ECF 321.

Dated: April 10, 2023

BETH LABSON FREEMAN
United States District Judge