| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - # 243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - # 295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415 391 5400<br>Facsimile: 415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone: 212 735 3000<br>Facsimile: 212 735 2000 |

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant.<br><br>PGA TOUR, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>LIV GOLF, INC.,<br><br>Counter-Defendant. | Case No. 5:22-CV-04486-BLF<br><br>**PGA TOUR, INC.'S RENEWED STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 176**<br><br>Judge: Hon. Susan van Keulen<br>Date Filed: August 3, 2022<br><br>Trial Date: January 8, 2024 |

PGA TOUR'S RENEWED STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 176
Case No. 5:22-CV-04486-BLF

2122186

## I.   INTRODUCTION

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1) and the Protective Order entered by this Court, Dkt. 111, Defendant and Counterclaimant PGA TOUR, Inc. (the "TOUR") provides the following renewed statement of the applicable legal standard and reasons for keeping under seal portions of two documents that LIV Golf, Inc. ("LIV") provisionally filed under seal in connection with the Joint Statement Regarding Plaintiff's Interrogatories, Dkt. 175, ("Joint Statement").

On December 12, 2022, contemporaneously with the Parties' Joint Statement, LIV filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed regarding the provisionally sealed Joint Statement and Exhibits A-C to the Joint Statement. Dkt. 176. In its Administrative Motion, LIV confirmed that it "does not seek to seal the Joint Statement, Exhibit A, Exhibit B or Exhibit C itself, and does not believe the material is sealable pursuant to this Court's rules." Dkt. 176 at 2. On February 10, 2023, the TOUR filed a statement supporting sealing regarding LIV's Administrative Motion at Dkt. 176, seeking to seal limited portions of the Joint Statement and Exhibit C and seeking to seal Exhibits A and B in their entirety. Dkt. 268. In a March 30, 2023 order, the Court granted the TOUR's request to seal certain portions of the Joint Statement and Exhibit C, but denied without prejudice the TOUR's request to seal Exhibits A and B in their entirety, on the basis that the sealing request was "not narrowly tailored to information claimed to be confidential." Dkt. 372. In accordance with the Court's order at Dkt. 372, the TOUR now renews its statement supporting sealing Exhibits A and B, now seeking to seal only the portions of those documents containing confidential TOUR information.

Specifically, the TOUR seeks to seal the following information:

| Document | Text to be Sealed | Basis for Sealing |
|---|---|---|
| Dkt. 176-2<br><br>Exhibit A to Joint Statement | Highlighted portions at Page 5, lines 3-10.<br><br>*See* attached Exhibit A. | Contains confidential information of the TOUR regarding its internal decision-making process, including relationships with players, sponsors, and other golf tours, as well as media strategy that would cause competitive harm if disclosed. |

1

PGA TOUR'S RENEWED STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S
MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 176
Case No. 5:22-CV-04486-BLF

2122186

| Dkt. 176-3<br><br>Exhibit B to Joint Statement | Highlighted portions at Page 9, Lines 16-23.<br><br>Table located at Page 11, Lines 9-11<br><br>*See* attached Exhibit B. | Contains confidential information of the TOUR regarding its internal decision-making process, including relationships with players, sponsors, and other golf tours, as well as media strategy that would cause competitive harm if disclosed. |
|---|---|---|

## II.  ARGUMENT

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions[1], the less stringent "good cause" standard applies to requests for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1105 (9th Cir. 2016) (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). The courts draw a distinction between dispositive and non-dispositive motions because information and records referenced in connection with a non-dispositive motion are often "unrelated or only tangentially related, to the underlying cause of action," and thus the public interest in accessing the information is low. *Kamakana*, 447 F.3d at 1179-80.

Exhibit A to the Joint Statement is LIV's Third Set of Interrogatories and Exhibit B to the Joint Statement is the TOUR's Responses and Objections to Liv's Third Set of Interrogatories. Portions of Exhibits A and B quote from documents produced by the TOUR that contain commercially sensitive information about the TOUR's internal workings—including media strategy and the TOUR's relationship with sponsors, players, and other golf tours—alongside LIV's characterizations of that information. As demonstrated by the Declaration of Neera Shetty, attached hereto, this information is competitively sensitive and is maintained by the TOUR as highly confidential. Allowing public access to this confidential information could harm the TOUR's competitive standing and business relationships by revealing sensitive details about the way the TOUR operates. *See* Decl. of Neera Shetty in Support of PGA TOUR, Inc.'s Renewed Statement in Support of Sealing re: Dkt. 176, ¶¶ 2-4.

Courts have repeatedly recognized that information related to business strategy is

---

[1] *Yahoo!, Inc. v. Does 1 Through 510, Inclusive*, No. 16-CV-02879-LHK, 2016 WL 4270264, at *2 (N.D. Cal. Aug. 15, 2016) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation." (citation omitted)).

2
PGA TOUR'S RENEWED STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 176
Case No. 5:22-CV-04486-BLF

2122186

appropriate for sealing, finding that the need for confidentiality outweighs the public's interest in disclosure. *E.g., Hetland v. LendingTree, LLC*, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (documents "contain and reflect confidential business information that offers insight into [sealing party's] business model and strategy, and therefore satisfy the 'compelling reasons' standard); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-md-2087, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (sealing granted as to emails revealing business and marketing strategy).

The proposed, narrow redactions the TOUR seeks to keep in place are important to protect the TOUR's confidential business information. The TOUR's legitimate privacy interest in this information outweighs the presumption of public access in this instance. *See, e.g., In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing internal "confidential regulatory strategies and communications" in case involving "avid competitors").

For the foregoing reasons, the TOUR respectfully requests that the Court keep the discrete portions of Exhibits A and B to the Joint Statement under seal. If the Court deems the TOUR's bases for sealing insufficient, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

Dated: April 11, 2023

KEKER, VAN NEST & PETERS LLP

By:  /s/ Elliot R. Peters
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Cross-Claimant
PGA TOUR, INC.

4
PGA TOUR'S RENEWED STATEMENT IN SUPPORT OF SEALING REGARDING LIV GOLF, INC.'S MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 176
Case No. 5:22-CV-04486-BLF

2122186