**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MATT JONES, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PGA TOUR, INC.,<br><br>        Defendant. | Case No. 22-cv-04486-BLF<br><br>**ORDER DENYING MOTION TO BIFURCATE**<br><br>[Re: ECF No. 331] |

Plaintiff and Counter-Defendant LIV Golf, Inc. and Plaintiffs Matt Jones, Bryson DeChambeau, and Peter Uihlein move to bifurcate trial on Defendant and Counter-Claimant PGA Tour, Inc.'s (the "TOUR") counterclaims from Plaintiffs' antitrust claims. Mot., ECF No. 331; *see also* Reply, ECF No. 393. The TOUR opposes. Opp'n, ECF No. 375. The Court finds the matter suitable for determination without oral argument. Civil L.R. 7.1(b). For the following reasons, Plaintiffs' motion is DENIED.

A court may order a separate trial for one or more issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "In the Ninth Circuit, '[b]ifurcation . . . is the exception rather than the rule of normal trial procedure.'" *GEM Acquisitionco, LLC v. Sorenson Grp. Holdings*, LLC, No. C 09-01484 SI, 2010 WL 1729400, at *3 (N.D. Cal. Apr. 27, 2010) (citation omitted). The party seeking bifurcation "has the burden of proving that bifurcation is justified." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992). Courts "consider several factors in determining whether bifurcation is appropriate, including separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties." *McDermott v. Potter*, No. C 07-06300 SI, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010) (citations omitted). The question of whether to bifurcate

1    a trial is committed to the discretion of the trial court. *See Danjaq LLC v. Sony Corp.*, 263 F.3d

2    942, 961 (9th Cir. 2001).

3          The heart of the parties' dispute centers on whether Counter-Defendants the Public

4    Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Al-Rumayyan

5    ("HE") may have information relevant to Plaintiffs' antitrust claims and the TOUR's defenses to

6    those claims. Plaintiffs contend that PIF and HE have no such information and therefore any

7    delay in resolving Plaintiffs' antitrust claims caused by the TOUR's efforts to obtain discovery

8    from PIF and HE would be inequitable to Plaintiffs, would harm the public interest, and would not

9    serve the interest of judicial economy. Mot. 6-10. The TOUR contends that discovery from PIF

10   and HE is central to Plaintiffs' antitrust claims and the TOUR's defenses, and therefore bifurcation

11   would be inefficient, burdensome, and prejudicial to the TOUR. *Id.* at 3-10.

12         The Court finds convincing the TOUR's argument that PIF and HE may have information

13   relevant to Plaintiffs' antitrust claims and the TOUR's defenses to those claims. The TOUR

14   provides examples of information that PIF and HE may have and explains why that information

15   may be relevant. For example, the TOUR cites LIV's allegation that "the Tour has compromised

16   LIV Golf's ability to secure a television broadcast contract." Am. Compl. ("FAC") ¶ 61, ECF

17   No. 83. The TOUR contends that PIF and HE may have evidence showing PIF and HE's efforts

18   to negotiate broadcast contracts on LIV's behalf. Opp'n 3. The TOUR supports this contention

19   with documents it received in discovery from LIV. *Id.* at 4. The TOUR explains that this

20   information is necessary to understand the reasons businesses gave for declining to do business

21   with LIV and may be relevant to LIV's alleged antitrust injuries, the alleged anticompetitive

22   effects of the TOUR's conduct, the competitiveness of LIV's product in the media marketplace,

23   and potential antitrust damages. *Id.* The TOUR offers similar arguments to show that PIF and HE

24   may have evidence relevant to LIV's ability to recruit golfers despite the TOUR's alleged

25   anticompetitive conduct. *Id.* at 4-5.

26         Given the potential relevance of discovery from PIF and HE and the clear possibility that

27   such evidence would be offered at trial on all claims, including the counterclaims, the Court finds

28   that Plaintiffs have not shown that bifurcation will avoid prejudice to the parties. Plaintiffs

United States District Court
Northern District of California

contend that they will be prejudiced by any delay in resolving their claims caused by the TOUR's efforts to get discovery from PIF and HE. Mot. 9-10. But as discussed above, the TOUR has made a sufficient showing that discovery from PIF and HE will be needed to defend against Plaintiffs' antitrust claims. Any potential delay arising from the TOUR's efforts to get discovery from PIF and HE—and any corresponding prejudice to Plaintiffs—would therefore not be alleviated by bifurcating the TOUR's counterclaims.

Plaintiffs have also not shown that judicial economy would be served by their proposal to bifurcate trial on the TOUR's counterclaims. Plaintiffs first argue that judicial economy would be served by bifurcation because the TOUR's counterclaims would fail and a second trial would be unnecessary if Plaintiffs should prevail on their antitrust claims. But "a moving party's mere contention that judicial economy would be promoted by bifurcation, insofar as a second phase of a bifurcated trial would be rendered unnecessary if the moving party prevails in the first place, is not sufficient to meet that party's burden of showing that bifurcation is appropriate." *Mformation Techs., Inc. v. Research in Motion Ltd.*, No. C 08-04990 JW, 2012 WL 1142537, at *7 n. 32 (N.D. Cal. Mar. 29, 2012). Plaintiffs next argue that if the TOUR prevails at trial "it may conclude that the counterclaims . . . are no longer worth pursuing." This too is insufficient to meet Plaintiffs' burden of showing that bifurcation is appropriate because it is wholly speculative. *Makaneole v. Solarworld Indus. Am., Inc.*, No. 3:14-CV-1528-JR, 2020 WL 13094748, at *1 (D. Or. Mar. 18, 2020) ("[I]f the purported economy in time and expense informing the motion is speculative, the motion to bifurcate should be denied.").

Finally, the Court notes that the TOUR has shown that its counterclaims and Plaintiffs' antitrust claims will likely involve overlapping facts and evidence. "Where an overlap of factual issues exists between the claims, courts are reluctant to bifurcate the proceedings." *Lear v. Seattle Hous. Auth.*, No. C13-0347JLR, 2014 WL 457596, at *1 (W.D. Wash. Feb. 4, 2014), *aff'd*, 616 F. App'x 299 (9th Cir. 2015). Here, the TOUR's counterclaims focus on LIV's recruitment of former TOUR golfers, (Am. Countercl. ¶¶ 61-78, ECF No. 289), and LIV's antitrust claims are based, in part, on allegations that it paid supercompetitive prices to recruit golfers due to the TOUR's anticompetitive conduct, (FAC ¶¶ 14, 171, 287-88). The Court finds that these

1  overlapping issues further undermine Plaintiffs' request to bifurcate.

2  Based on the foregoing, the Court finds that Plaintiffs have not met their burden to
3  demonstrate that bifurcation of trial on the TOUR's counterclaims is warranted. Accordingly, the
4  Court Plaintiffs' motion to bifurcate is DENIED.

5  **IT IS SO ORDERED.**

7  Dated: April 12, 2023

8  _____
   BETH LABSON FREEMAN
9  United States District Judge