KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
DAN JACKSON - # 216091
djackson@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant and Counter- Claimant PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., <br><br>Plaintiffs, <br><br>v. <br><br>PGA TOUR, INC., <br><br>Defendant. | Case No. 5:22-CV-04486-BLF (SVK) <br><br>**NOTICE OF APPELLATE FILING** <br><br>Dept.: 3 <br>Judge: Hon. Beth Labson Freeman |
| PGA TOUR, INC., <br><br>Counter-claimant, <br><br>v. <br><br>LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br>Counter-defendants. | |

PLEASE TAKE NOTICE that the attached Motion to Dismiss was filed today in Ninth Circuit Case No. 23-15530. Attached to that Motion were this Court's Orders ECF 391 & 392. Because those Orders are already on this Court's docket, they have been omitted from this filing.

Respectfully submitted,

Dated: April 19, 2023

KEKER, VAN NEST & PETERS LLP

By: */s/ Dan Jackson*
DAN JACKSON

Attorneys for Defendant and Counter-Claimant PGA TOUR, INC.

# ATTACHMENT

No. 23-15530

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND HIS EXCELLENCY YASIR OTHMAN AL-RUMAYYAN,

Appellants,

v.

PGA TOUR, INC.,

Appellee,

On Appeal from the United States District Court for the
Northern District of California, San Jose Division,
No. D.C. No. 5:22-cv-04486-BLF, Honorable Beth Labson Freeman

## MOTION TO DISMISS

ELLIOT PETERS, #158708
DAN JACKSON, #216091
NICHOLAS GOLDBERG, #273614

KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
epeters@keker.com
djackson@keker.com
ngoldberg@keker.com

*Attorneys for Appellee*
PGA TOUR, INC.

1

## DISCLOSURE STATEMENT

Defendant PGA TOUR, INC. discloses the following information pursuant to Federal Rule of Appellate Procedure 26.1. The TOUR has no parent corporation, and there is no publicly held corporation that directly owns 10% or more of the TOUR's outstanding capital stock.

DATED: April 19, 2023　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　*s/ Dan Jackson*
　　　　　　　　　　　　　　　DAN JACKSON
　　　　　　　　　　　　　　　KEKER, VAN NEST & PETERS LLP

　　　　　　　　　　　　　　　*Attorneys for Appellee*
　　　　　　　　　　　　　　　PGA TOUR, INC.

2

# TABLE OF CONTENTS

DISCLOSURE STATEMENT ............................................................................ 2

MOTION TO DISMISS ..................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Broidy Capital Management LLC v. Muzin,*
  12 F.4th 789 (D.C. Cir. 2021) ............................................................................... 6

*Cobbledick v. United States,*
  309 U.S. 323 (1940) .............................................................................................. 7

*Digital Equip. Corp. v. Desktop Direct, Inc.,*
  511 U.S. 863 (1994) ........................................................................................... 8, 9

*Estate of Domingo v. Republic of Philippines,*
  808 F.2d 1349 (9th Cir. 1987) ............................................................................ 10

*Fischer v. New York State Dep't of Law,*
  812 F.3d 268 (2d Cir. 2016) ................................................................................. 8

*Perry v. Schwarzenegger,*
  602 F.3d 976 (9th Cir. 2010) ....................................................................... 6, 7, 8

*In re Subpoena Served on California Pub. Utilities Comm'n,*
  813 F.2d 1473 (9th Cir. 1987) .............................................................................. 7

*United States v. Ryan,*
  402 U.S. 530 (1971) ..................................................................................... 5, 6, 7

*WhatsApp Inc. v. NSO Group Technologies Ltd.,*
  17 F.4th 930 (9th Cir. 2021) ....................................................................... *passim*

## MOTION TO DISMISS

Appellants, the Public Investment Fund of the Kingdom of Saudi Arabia (PIF) and PIF's Governor, Yasir Othman Al-Rumayyan (collectively PIF), have appealed discovery orders (a) denying PIF's motion to quash subpoenas served by appellee PGA TOUR, Inc. (ECF 392); and (b) ordering compliance with those subpoenas in New York City (ECF 391) (both filed herewith)). PGA TOUR hereby moves for an order dismissing this appeal for lack of jurisdiction.[1]

It is well established that "one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena." *United States v. Ryan*, 402 U.S. 530, 532 (1971). "Only in the limited class of cases where denial of immediate review would render impossible any review whatsoever of an individual's claims [has the Supreme Court] allowed exceptions to this principle." *Id.* at 533. This is not such a case. On the contrary, *PIF may obtain appellate review in two independent ways*: (1) by appealing the denial of its forthcoming motion to dismiss on foreign-sovereign-immunity grounds (*see WhatsApp Inc. v. NSO Group*

---

[1] On April 12, 2023, PGA TOUR asked PIF to dismiss this appeal voluntarily based on the absence of jurisdiction. Two days later, PIF refused.

5

*Technologies Ltd.*, 17 F.4th 930, 934–35 (9th Cir. 2021); *Broidy Capital Management LLC v. Muzin*, 12 F.4th 789, 797 (D.C. Cir. 2021)); or (2) by refusing to provide the discovery and then appealing the resulting contempt order (*see, e.g.*, *Ryan*, 402 U.S. at 532; *Perry v. Schwarzenegger*, 602 F.3d 976, 979 (9th Cir. 2010)).

*First*, PIF has argued that the discovery orders at issue here are appealable under the collateral-order doctrine, citing *WhatsApp* and *Broidy*. But those were *not* appeals of discovery orders; they were appeals of orders denying *motions to dismiss* on grounds of foreign sovereign immunity. PIF has asserted that it will move *later* to dismiss PGA TOUR's counterclaims "under the Foreign Sovereign Immunities Act and common law foreign-official immunity." ECF 357-3 at 3:13-17. At that point, *unlike now*, this case will be procedurally analogous to *WhatsApp* and *Broidy*. Thus, far from supporting jurisdiction here, *WhatsApp* and *Broidy* confirm that this case is *not* one "where denial of immediate review would render impossible any review whatsoever." *Ryan*, 402 U.S. at 533; *see WhatsApp*, 17 F.4th at 934–35; *Broidy*, 12 F.4th at 797.

*Second*, PIF also has the same avenue to this Court as any other party or nonparty that is unwilling to comply with a discovery order. PIF

6

may refuse to comply and appeal if it is "subsequently cited for contempt on account of [its] failure to obey." *Ryan*, 402 U.S. at 532. As the Supreme Court made clear in *Cobbledick v. United States*, 309 U.S. 323 (1940), allowing appeals of discovery orders, whether by parties or nonparty witnesses, would eviscerate the general rule that only final judgments are appealable, which is essential to "a healthy legal system." *Id.* at 326. The health of the legal system is promoted, instead, by the rule that a party or nonparty must be held in contempt of a discovery order before it may be appealed. *Id.* "The requirement that a nonparty must be in contempt of court in this situation is a serious matter and serves to illustrate the strictness in applying the final judgment rule." *In re Subpoena Served on California Pub. Utilities Comm'n*, 813 F.2d 1473, 1476 n.1 (9th Cir. 1987); *accord Perry*, 602 F.3d at 979.

This case also fails the requirements of the collateral-order doctrine. "To be an appealable collateral order, the decision must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *WhatsApp*, 17 F.4th at 934 (quotation marks omitted). These requirements are "stringent."

7

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). And "unless they are kept so, the underlying doctrine will overpower the substantial finality interests § 1291 is meant to further: judicial efficiency, for example, and the 'sensible policy of avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise.'" *Fischer v. New York State Dep't of Law*, 812 F.3d 268, 273 (2d Cir. 2016) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981), quoting *Cobbledick*, 309 U.S. at 325). Failure to satisfy *any one* of the "stringent" requirements above is fatal to PIF's appeal. This appeal fails *all three*.

*First,* both PIF and the Kingdom of Saudi Arabia deny that the disputed question of sovereign immunity has been "conclusively determine[d]." *WhatsApp*, 17 F.4th at 934. On the contrary, PIF intends to raise that issue again in its motion to dismiss. That motion—and, presumably, any resulting appeal—will be appropriate procedural vehicles for deciding the sovereign immunity issues, whereas the Court lacks jurisdiction over this premature appeal. *See, e.g.*, *Perry*, 602 F.3d at 979.

8

*Second*, the issues of sovereign immunity raised by this appeal are not "completely separate from the merits of the action." *WhatsApp*, 17 F.4th at 934. Those same issues will be raised again in PIF's motion to dismiss, as PIF has made abundantly clear. *See* ECF 357-3. Again, therefore, the Court lacks jurisdiction over this premature appeal.

*Third*, as already discussed, the issues raised by this appeal will not be "effectively unreviewable" later. *WhatsApp*, 17 F.4th at 934. On the contrary, PIF has two independent routes back to this Court. It can appeal the denial of its motion to dismiss, or appeal a contempt order.

Moreover, "a party's ability to characterize a district court's decision as denying an irreparable 'right not to stand trial'" is insufficient to create appellate jurisdiction. *Digital Equip.*, 511 U.S. at 871. Discovery orders, like other pretrial orders, "may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment." *Id.* at 872. "But if immediate appellate review were available every such time, Congress's final decision rule would end up a pretty puny one, and so the mere identification of some interest that would be 'irretrievably lost' has never sufficed." *Id.*

9

Accordingly, under very similar circumstances, this Court in *Estate of Domingo v. Republic of Philippines*, 808 F.2d 1349 (9th Cir. 1987) declined Ferdinand Marcos's "invitation to extend the immunity from suit line of cases to his non-party claim of testimonial immunity":

> Taking this unprecedented step would open the appellate doors to every recalcitrant witness, whatever the legal basis of his unwillingness to testify. We see no principled way of distinguishing between Marcos' claim of right not to testify and analogous claims based, for example, upon the Fifth Amendment or the attorney-client privilege. We cannot believe that when the Supreme Court established … that federal officials may immediately appeal rulings denying immunity from suit, it also intended to gut the settled rule that a non-party must submit to contempt before seeking appellate review of a discovery order.

*Id.* at 1351–52.

The same analysis applies here. PIF's claims of sovereign immunity cannot trump the long-established rule barring appellate review of discovery orders. The Court, therefore, should dismiss this appeal.

DATED: April 19, 2023                Respectfully submitted,

*s/ Dan Jackson*
DAN JACKSON
KEKER, VAN NEST & PETERS LLP

*Attorneys for Appellee*
PGA TOUR, INC.

10