KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone: 212 735 3000
Facsimile: 212 735 2000

Attorneys for Defendant and Counter- Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant. | Case No. 5:22-CV-04486-BLF (SVK) <br><br> **PGA TOUR, INC'S OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) AND ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY** <br><br> Date: September 7, 2023 <br> Time: 9:00 a.m. <br> Dept.: 3 <br> Judge: Hon. Beth Labson Freeman <br><br> Date Filed: August 3, 2022 <br><br> Trial Date: May 17, 2024 |
| PGA TOUR, INC., <br><br> Counter-claimant, <br><br> v. <br><br> LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br> Counter-defendants. | |

**REDACTED - PUBLIC VERSION**

OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

# NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on September 7, 2023 at 9:00 a.m., Defendant and Counter-Claimant PGA TOUR, Inc. (the "TOUR") will, and hereby does, move the Court, located at 280 South 1st Street, San Jose, California, for an order staying all discovery pending the final disposition of all interlocutory appellate proceedings related to the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and its governor, Yasir Othman Al-Rumayyan's claims related to sovereign immunity.

The TOUR brings this motion pursuant to Fed. R. Civ. Proc. 26(c) and the Court's inherent case management authority. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This motion is based on the following Memorandum of Points and Authorities, on all pleadings and papers on file or to be filed in the above-entitled action, on the arguments of counsel, and on any other matters that may properly come before the Court for its consideration.

Dated:  April 20, 2023

KEKER, VAN NEST & PETERS LLP

By:  */s/ Elliot R. Peters*
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................2

    A. A one-way stay of discovery will deeply prejudice the TOUR. ..............................2

        1. Discovery from PIF and Mr. Al-Rumayyan is critical to the TOUR's defenses to Plaintiffs' claims. .......................................................3

        2. Discovery from PIF and Mr. Al-Rumayyan is essential to the TOUR's ability to litigate its counterclaims. ..............................................4

        3. PIF and Mr. Al-Rumayyan's proposed one-way discovery stay would delay the TOUR's discovery until *after the current trial date*..................................................................................................................5

        4. A one-way stay would permit PIF and Mr. Al-Rumayyan to benefit from their own unfair gamesmanship ..........................................................7

    B. PIF and Mr. Al-Rumayyan have not shown any likelihood of success. ..................8

    C. If the Court grants any stay, fairness dictates a stay of all discovery. .....................9

III. CONCLUSION.....................................................................................................................10

ii

OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*CC/Devas (Mauritius) Ltd. v. Air India, Ltd.*,
  2022 WL 355759, at *12 (S.D.N.Y. Feb. 4, 2022) ............................................................... 10

*CMAX, Inc. v. Hall*,
  300 F.2d 265, 268 (9th Cir. 1962) ....................................................................................... 10

*Dietz v. Bouldin*,
  579 U.S. 40, 48 (2016) ........................................................................................................... 2

*Guifu Li v. A Perfect Franchise, Inc.*,
  2011 WL 2293221 (N.D. Cal. June 8, 2011) ......................................................................... 9

*Heck v. Amazon.com, Inc.*,
  2022 WL 16579372 (N.D. Cal. Nov. 1, 2022) ....................................................................... 2

*Jimenez v. Menzies Aviation Inc.*,
  2015 WL 5591722 (N.D. Cal. Sep. 23, 2015) ........................................................................ 2

*Muhmoud v. City of San Jose*,
  2022 WL 16855573 (N.D. Cal. Nov. 10, 2022) ..................................................................... 2

*Novelposter v. Javitch Canfield Grp.*,
  2014 WL 12618174 (N.D. Cal. May 23, 2014) ..................................................................... 9

*Perry v. Schwarzenegger*,
  602 F.3d 976, 979 (9th Cir. 2010) ......................................................................................... 9

*S.F. Tech. v. Kraco Enters. LLC*,
  2011 WL 2193397 (N.D. Cal. June 6, 2011) ......................................................................... 9

*United States v. Real Prop. at 6557 Ascot Drive, Oakland, Cal.*,
  2009 WL 2525456 (N.D. Cal. Aug. 14, 2009) ....................................................................... 2

*WhatsApp Inc. v. NSO Group Technologies Ltd.*,
  491 F. Supp. 3d 584 (N.D. Cal. 2020) ................................................................................. 10

**Rules**

Ninth Circuit Rule 27-11 .............................................................................................................. 6

iii
OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

**OPPOSITION AND CROSS-MOTION**

I.     **INTRODUCTION**

Since the first hearing in this case, the TOUR has emphasized that discovery from PIF and Mr. Al-Rumayyan is critical. As the Court found in its order denying Plaintiffs' motion to bifurcate, PIF and Mr. Al-Rumayyan possess "information relevant to Plaintiffs' antitrust claims and the TOUR's defenses to those claims," as well as the TOUR's counterclaims. Dkt. 408 at 2. But now, PIF and Mr. Al-Rumayyan seek a one-sided discovery stay while they pursue a meritless appeal and baseless motion to dismiss the TOUR's counterclaims. The proposed stay is the culmination of Plaintiffs' intentional strategy to procure an expedited case schedule while depriving the TOUR of necessary evidence, including *any* discovery into LIV's founders, owners, most senior decision makers, and sources of funding. PIF and Mr. Al-Rumayyan's proposed stay *only benefits them*, the true moving force behind this litigation, while severely prejudicing the TOUR, which has done nothing to create the present situation beyond seeking the basic discovery that Plaintiffs promised to provide at the outset of this case.

The one-way discovery ratchet PIF and Mr. Al-Rumayyan propose is deeply prejudicial to the TOUR and should be rejected. ***First***, if PIF and Mr. Al-Rumayyan's proposed one-way stay is granted, the TOUR would be compelled to go forward with fact depositions, expert discovery, dispositive motions and potentially *trial* without the benefit of evidence the Court *has already found relevant to the TOUR's defenses and counterclaims*. By contrast, Plaintiffs, PIF, and Mr. Al-Rumayyan would enjoy the benefit of complete discovery while they conduct depositions and prepare expert reports and dispositive motions. That imbalance is fundamentally unfair. ***Second***, permitting the TOUR to reopen depositions or amend expert reports would be grossly inefficient and would not cure the prejudice of compelling the TOUR to go forward with depositions, expert discovery, and dispositive motions now. The TOUR cannot fully develop the facts and its case strategy until it receives critical discovery from LIV's creators and decision-makers. Without that discovery, it would be forced to structure its witness examinations on an incomplete factual record while revealing its current strategy to Plaintiffs in the meantime. ***Third***, PIF and Mr. Al-Rumayyan refuse to confirm whether they are even preserving, let alone collecting, the critical

1

OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

discovery the TOUR has requested. It is unfair to allow Plaintiffs to preserve the evidence and testimony they seek, while PIF and Mr. Al-Rumayyan deny the TOUR the ability to do the same.

LIV's lawyers obtained the aggressive schedule in this case by falsely assuring the Court that PIF and Mr. Al-Rumayyan would cooperate with discovery. They should not benefit from misleading the Court while inflicting severe prejudice on the TOUR for playing by the rules. Therefore, if the Court is inclined to grant any stay, it should enter an even-handed stay of all discovery pending the resolution of interlocutory proceedings related to PIF and Mr. Al-Rumayyan's claims of sovereign immunity.

## II.   ARGUMENT

### A.   A one-way stay of discovery will deeply prejudice the TOUR.

Stays of discovery pending the resolution of a motion to dismiss and pending appeal are committed to the sound discretion of the trial court. *See, e.g. Muhmoud v. City of San Jose*, 2022 WL 16855573, at *1 (N.D. Cal. Nov. 10, 2022) ("a district court has the discretion" to issue stay pending motion to dismiss); *United States v. Real Prop. at 6557 Ascot Drive, Oakland, Cal.*, 2009 WL 2525456, at *1 (N.D. Cal. Aug. 14, 2009) ("It is within this Court's discretion to determine whether it should stay these proceedings pending appeal."). Courts consider prejudice to the party opposing the requested relief as a core component of the exercise of that discretion. *See, e.g.*, *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) (assessing prejudice to plaintiff from stay pending motion to dismiss); *Jimenez v. Menzies Aviation Inc.*, 2015 WL 5591722, at *4 (N.D. Cal. Sep. 23, 2015) (denying motion for stay pending appeal and noting "risk of injury" to party opposing stay). A clear-eyed analysis of prejudice to the party opposing the stay is crucial "[b]ecause the exercise of an inherent power in the interest of promoting efficiency may risk undermining other vital interests related to the fair administration of justice[.]" *Dietz v. Bouldin*, 579 U.S. 40, 48 (2016). The prejudice to the TOUR in proceeding with the one-sided discovery stay PIF and Mr. Al-Rumayyan propose is reason enough to deny their requests, or in the alternative to stay the entire case.

As the Court recognized in its Order denying Plaintiffs' motion to bifurcate, "PIF and [Mr. Al-Rumayyan] may have information relevant to Plaintiffs' antitrust claims and the TOUR's

2
OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

defenses to those claims." Dkt. 408 at 2. Indeed, the Court has agreed with Magistrate Judge van Keulen that "PIF played an essential role in the founding, financing, oversight, and operation of LIV." Dkt. 392 at 13. As for Mr. Al-Rumayyan, the Court aptly observed during the February 24, 2023 case management conference that "[h]e is up to his eyeballs in everything that LIV has done," Hr'g Tr. at 18:13-14 (Feb. 24, 2023), Dkt. 298, a conclusion reinforced by the Court's order denying the bifurcation motion. *See* Dkt. 408 at 2. Thus, the Court's existing orders make clear that the one-sided stay PIF and Mr. Al-Rumayyan seek is prejudicial both to the TOUR's defense and to its counterclaims. Moreover, the prejudice will last *through the trial* given PIF's and Mr. Al-Rumayyan's existing and planned appeals, which will not be resolved until long after the current trial date.

### 1. Discovery from PIF and Mr. Al-Rumayyan is critical to the TOUR's defenses to Plaintiffs' claims.

Information from PIF and Mr. Al-Rumayyan is essential to the TOUR's preparation for depositions of LIV and third parties related to Plaintiffs' antitrust claims. To take a single example, one of Plaintiffs' core allegations is that the TOUR prevented LIV from securing broadcast and sponsorship agreements. *See, e.g.*, Am. Compl. (Dkt. 83), at ¶¶ 3, 11.g, 314, 322, 372, 381. Mr. Al-Rumayyan led LIV's negotiations with broadcasters, including by ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 374-3 (MacMichael Decl. Ex. 5). PIF's internal communications related to those negotiations are directly relevant to assessing Plaintiffs allegations. The TOUR cannot adequately prepare to depose ▮▮▮ or LIV executives responsible for negotiating broadcasting deals without that evidence, nor can the TOUR prepare expert reports related to those issues. The same is true of potential LIV sponsors. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. 374-3 (MacMichael Decl. Exs. 6-7). Internal PIF documents will likely show that Mr. Al-Rumayyan communicated with other potential sponsors, of which the TOUR is presently unaware. They will likely also reveal PIF's understanding of the reasons some sponsors declined to work with LIV, which may have nothing to do with the TOUR. Once again, the TOUR cannot fully prepare to take depositions of potential LIV sponsors or LIV's own

3
OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

executives, or prepare expert reports, without reviewing internal PIF documents and communications related to the negotiations Mr. Al-Rumayyan directed.

Similarly, PIF and Mr. Al-Rumayyan set the financial and strategic goals for LIV, including player recruitment goals. They were also directly involved in player negotiations, ██████████████████████████████████████████████████████████ ██████████████████████████████████████. *See* Dkt. 265 at 15-16; Dkt 374-3 (MacMichael Decl. Ex. 8); Dkt. 374-4 (MacMichael Decl. Ex. 9). PIF's internal assessments of the market value of particular players is core evidence the TOUR needs to prepare to depose those players and LIV executives. It is likewise essential for expert reports.

Beyond Mr. Al-Rumayyan and a subset of other individuals, the TOUR cannot know the full universe of individuals at PIF who may have relevant information without discovery. And the TOUR does not have the benefit of internal PIF communications. The TOUR has only the version of the story that PIF chooses to tell LIV and various third parties with whom PIF communicated. The full story, based on PIF's internal documents, communications, and analyses, is likely to be significantly different. Without information from PIF and Mr. Al-Rumayyan, the TOUR cannot fully prepare to depose LIV's witnesses, numerous third parties, and the Player Plaintiffs. The TOUR is likewise constrained in its ability to prepare expert reports. The TOUR cannot fully defend against or pursue case dispositive motions in the absence of evidence from PIF and Mr. Al-Rumayyan. For example, if discovery from Mr. Al-Rumayyan shows that broadcasters and sponsors declined to work with LIV, not because of Plaintiffs' alleged group boycott, but because of their concerns related to an association with Saudi Arabia and its documented record of human rights abuses (or any number of other issues), that is a material fact that would be highly relevant on summary judgment.

### 2. Discovery from PIF and Mr. Al-Rumayyan is essential to the TOUR's ability to litigate its counterclaims.

It is also undisputed that discovery from PIF and Mr. Al-Rumayyan is critical to the TOUR's counterclaims. The TOUR alleges that "Mr. Al-Rumayyan closely controls LIV's golfer recruitment and contract negotiation," Am. Counterclaim (Dkt. 289), at ¶ 32, and that he "directly

4
OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

engages with golfers and their agents[.]" *Id.* at ¶ 33. The TOUR further alleges that PIF and Mr. Al-Rumayyan "explicitly anticipated" that LIV contracts "would cause LIV Players to breach their TOUR contracts[,]" *id.* at ¶ 44, and that Mr. Al-Rumayyan personally directed a "public disinformation campaign" related to the enforceability of the TOUR's Regulations. *Id.* at ¶ 66. Evidence from PIF and Mr. Al-Rumayyan bears directly on these allegations.

The Court has rejected Plaintiffs' efforts to bifurcate these claims from their antitrust case. *See* Dkt. 408. Therefore, the TOUR's counterclaims against PIF and Mr. Al-Rumayyan will procced on the same schedule as Plaintiffs' antitrust case. But if PIF and Mr. Al-Rumayyan's proposed one-way stay of discovery is granted, the TOUR will be denied *any* opportunity to meaningfully develop its case against them, given that PIF and Mr. Al-Rumayyan's interlocutory appeals will not be resolved before the current trial date. Thus, in the absence of a global stay of discovery or new case schedule, PIF and Mr. Al-Rumayyan's requested stays would deprive the TOUR of the ability to: depose two named counterdefendants; complete its expert reports on liability and damages; move for summary judgment; and pursue its counterclaims at trial. There is no legitimate reason why the TOUR's pursuit of its counterclaims should be prejudiced by PIF and Mr. Al-Rumayyan's obstruction of discovery.

### 3. PIF and Mr. Al-Rumayyan's proposed one-way discovery stay would delay the TOUR's discovery until *after the current trial date.*

If their stay motions are granted, there is no realistic probability that PIF and Mr. Al-Rumayyan will produce any of this critical discovery prior to the dates currently set for summary judgment and trial. Thus, if the Court orders their proposed one-sided stays, the TOUR will be forced to conduct all fact depositions, engage in expert discovery, defend against summary judgment, and defend Plaintiffs' antitrust case without essential evidence. Likewise, the TOUR will be forced to conduct a trial on its counterclaims against PIF and Mr. Al-Rumayyan *without ever taking their depositions*, or even having the opportunity to move for summary judgment against them. That fundamental set of facts is *already* assured given present circumstances.

PIF and Mr. Al-Rumayyan have made clear that they will not comply with the Court's Orders requiring them to produce discovery pursuant to the TOUR's third-party subpoenas and

5
OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

have filed an improper interlocutory appeal. The TOUR has moved to dismiss the appeal for lack of appellate jurisdiction and the Ninth Circuit's briefing schedule is stayed pending determination of the TOUR's motion. *See* Dkt. 413 (Notice of Appellate Filing); 9th Circuit Rule 27-11(a)(1) (motion to dismiss stays briefing schedule). As a result, briefing on PIF and Mr. Al-Rumayyan's appeal may not even commence, and certainly will not conclude, before the current June 30, 2023 fact discovery cutoff and July 7, 2023 deadline for dispositive motions. Even if the Ninth Circuit determines that it has jurisdiction over PIF and Mr. Al-Rumayyan's appeal, the Ninth Circuit is highly unlikely to issue a decision until sometime in the summer of 2024, *after* the current May 17, 2024 trial date.[1]

Moreover, PIF and Mr. Al-Rumayyan's proposal to stay *party* discovery against them pending their motion to dismiss is a road to nowhere. PIF and Mr. Al-Rumayyan's motion to dismiss the TOUR's counterclaims will not be fully briefed until the second week of June. That motion will raise issues the Court has already ruled on in the context of the TOUR's subpoenas, and if the Court denies their sovereign immunity defenses, PIF and Mr. Al-Rumayyan have already signaled they will appeal to the Ninth Circuit. *See* Dkt. 331 at 1. PIF and Mr. Al-Rumayyan's appeal of an order denying their motion to dismiss based on sovereign immunity is unlikely to be decided until sometime in the late summer or fall of 2024 (at the earliest), again long after the current May 17, 2024 trial date.[2]

Put simply, PIF and Mr. Al-Rumayyan will not produce core, essential discovery in this

---

[1] The Ninth Circuit typically sets arguments four months after briefing is complete, and there is no deadline for the Court of Appeals to issue a decision. *See* United States Court of Appeals for the Ninth Circuit, Office of the Clerk, *Frequently Asked Questions*, https://tinyurl.com/yc27uhd4.

[2] The appeal is unlikely to be filed until sometime in late July at the earliest, and the median time from notice of appeal to final disposition for appeals filed in the Ninth Circuit is 12.9 months. *See* Administrative Office of U.S. Courts, *U.S. Courts of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021*, https://tinyurl.com/4amxfvyk.

case until long after the current trial date if their proposed one-sided stay is granted. It is manifestly unfair and prejudicial to the TOUR to require it to conduct depositions, draft expert reports, expose its testifying experts to cross examination, and oppose summary judgment—let alone try the case—without discovery from the entity that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Dkt. 374-7 (MacMichael Decl. Ex. 32). Where there is already strong evidence that PIF and Mr. Al-Rumayyan possess core discovery materials—as described above and as recognized by the Court in several recent Orders—the TOUR should not be compelled to begin depositions of related witnesses, like LIV executives and third parties with whom PIF and Mr. Al-Rumayyan interacted, without receiving that discovery.

### 4. A one-way stay would permit PIF and Mr. Al-Rumayyan to benefit from their own unfair gamesmanship.

The prejudice to the TOUR is particularly acute for two additional reasons. *First*, the TOUR did nothing to create the current circumstances. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But, after instigating this lawsuit, PIF and Mr. Al-Rumayyan have engaged in a dedicated, concerted campaign to avoid producing any discovery. PIF and Mr. Al-Rumayyan can choose at any time to comply with their discovery obligations and the Court's orders. Instead, they have elected to pursue every tactic within their procedural arsenal to delay producing discovery and run out the clock on the litigation *they* started and *they* control. *Second*, PIF and Mr. Al-Rumayyan's proposed one-way stay would punish the TOUR for playing by the rules and fulfilling its discovery obligations, while the parties on the other side of the "v" shirk theirs. Plaintiffs, PIF, and Mr. Al-Rumayyan should not gain an advantage from the TOUR's compliance with its discovery obligations, while denying the TOUR the critical evidence it needs to defend itself against Plaintiffs' claims and pursue its counterclaims. In effect, if PIF and Mr. Al-Rumayyan's stay motions are granted, the TOUR would be forced "to go forward with one

7
OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

hand behind [its] back," Hr'g Tr. at 34:24-25, (April 7, 2024), Dkt. 411, while its adversaries are free to develop their case.

Permitting the TOUR to reopen depositions and to amend expert reports would be an enormous waste of resources and would not cure the prejudice to the TOUR. The TOUR will have already revealed elements of its current strategy and theory of the case during the initial depositions of the numerous witnesses who will likely need to be re-deposed. Those witnesses will have another full year (or more) to prepare for their second depositions with the benefit of all of the other discovery and witness testimony. The same is true of the TOUR's experts, who will be forced to formulate opinions and submit reports based on an incomplete record. Even if they are later permitted to amend their reports, Plaintiffs may seek to use their earlier reports to impeach them at trial. Moreover, there is a strong likelihood that, if the TOUR's experts amend their reports, Plaintiffs, PIF, and/or Mr. Al-Rumayyan will seek a second deposition, further exposing the TOUR's experts to cross examination and impeachment. There is a large degree of prejudice that cannot be cured after the TOUR takes its initial depositions of many key witnesses without discovery from PIF and Mr. Al-Rumayyan.

In addition, PIF and Mr. Al-Rumayyan have yet to confirm whether they are even *preserving* the core evidence the TOUR has requested, despite numerous requests from the TOUR that they provide that basic assurance. *See* Declaration of Nicholas S. Goldberg at ¶¶ 2-9. Thus, Plaintiffs, PIF, and Mr. Al-Rumayyan reap still more unilateral benefit from their discovery intransigence by preserving *their* evidence through the depositions of TOUR witnesses while the TOUR is unable to do the same.

For all these reasons, PIF and Mr. Al-Rumayyan's proposed one-way stay will cause unfair prejudice to the TOUR that cannot be meaningfully or fully remedied absent a stay of all discovery pending resolution of interlocutory appellate proceedings concerning PIF and Mr. Al-Rumayyan's claimed sovereign immunity.

**B.     PIF and Mr. Al-Rumayyan have not shown any likelihood of success.**

The Court should deny PIF and Mr. Al-Rumayyan's stay requests for an additional independent reason: neither has shown a likelihood of success on the merits of the currently

8
OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

pending appeal or their forthcoming motions to dismiss. First, PIF and Mr. Al-Rumayyan's current appeal of the Court's orders compelling them to provide non-party discovery fails at square one because the Ninth Circuit lacks jurisdiction. *See Perry v. Schwarzenegger*, 602 F.3d 976, 979 (9th Cir. 2010). For this reason, the TOUR has moved to dismiss that appeal in the Ninth Circuit. *See* Dkt. 413 (Notice of Appellate Filing). Even if the Ninth Circuit had jurisdiction over the appeal, "[t]he fact that [PIF and Mr. Al-Rumayyan] are requesting a review of the district court's decision does not automatically mean they have raised a 'serious legal question' on appeal." *Guifu Li v. A Perfect Franchise, Inc.*, 2011 WL 2293221, at *3 (N.D. Cal. June 8, 2011) (internal citation and quotation marks omitted). A "serious question" must be "substantial, difficult and doubtful[.]" *Id.* This Court has already carefully considered the same challenges PIF and Mr. Al-Rumayyan plan to raise on appeal and rejected them, as has Judge van Keulen.

Second, "[t]he Federal Rules of Civil Procedure do not provide for stays of discovery simply because a motion to dismiss is *pending*." *Novelposter v. Javitch Canfield Grp.*, 2014 WL 12618174, at *1 (N.D. Cal. May 23, 2014) (emphasis added). Instead, the applicant must make a "strong showing[.]" *See S.F. Tech. v. Kraco Enters. LLC*, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011). That showing is not met here. PIF and Mr. Al-Rumayyan admit that there is "overlap with issues raised" in their motion to quash the TOUR's subpoenas, Dkt. 396 at 5, but suggest that "the issues and conduct the Court will need to analyze for counter-defendants facing liability are decidedly different." *Id.* at 1. They do not elaborate on these purported differences, and their sovereign immunity arguments are identical to those the Court has already rejected. *See id.* at 5-6. Thus, PIF and Mr. Al-Rumayyan cannot make a strong showing that their forthcoming motion to dismiss is "dispositive."

**C.    If the Court grants any stay, fairness dictates a stay of all discovery.**

The Court may exercise its discretion to stay proceedings after considering "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to

9

OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452

result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). For all the reasons explained above, the equities and judicial efficiency strongly favor even-handed discovery. A one-way stay of discovery where PIF and Mr. Al-Rumayyan continue to avoid providing any evidence in a case they orchestrated, paid for, control, and stand to benefit from, while the TOUR is forced to litigate in the absence of information that the Court has already concluded is relevant to its defenses and counterclaims, is incompatible with fundamental fairness and due process. If the Court is inclined to grant any stay, the TOUR respectfully requests that the Court stay all discovery through the conclusion of all interlocutory proceedings related to PIF and Mr. Al-Rumayyan's claims of sovereign immunity.

Indeed, PIF and Mr. Al-Rumayyan's *own authority* counsels in favor of such a stay here. In *WhatsApp Inc. v. NSO Group Technologies Ltd.*, 491 F. Supp. 3d 584 (N.D. Cal. 2020), the district court concluded that a stay pending appeal of FSIA issues was warranted and concluded that "permitting *this case* to proceed through discovery" was improper. *Id.* at 596 (emphasis added). Likewise, in another case PIF and Mr. Al-Rumayyan rely on, *CC/Devas (Mauritius) Ltd. v. Air India, Ltd.*, 2022 WL 355759, at *12 (S.D.N.Y. Feb. 4, 2022), a district court stayed the entire action pending the resolution of sovereign immunity issues in another related set of cases.

### III. CONCLUSION

PIF and Mr. Al-Rumayyan's proposed one-way stay should be denied because it is prejudicial to the TOUR and they have not made the requisite showing of likely success. In the alternative, if the Court is inclined to grant any stay, the Court should stay all discovery in its entirety pending final resolution of all interlocutory proceedings related to PIF and Mr. Al-Rumayyan's claims of sovereign immunity.

| | |
|---|---|
| Dated: April 20, 2023 | KEKER, VAN NEST & PETERS LLP |
| | By: */s/ Elliot R. Peters* |
| | ELLIOT R. PETERS |
| | DAVID SILBERT |
| | R. ADAM LAURIDSEN |
| | NICHOLAS S. GOLDBERG |
| | SOPHIE HOOD |
| | |
| | Attorneys for Defendant and Counter-Claimant |
| | PGA TOUR, INC. |
| | |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | |
| | ANTHONY J. DREYER |
| | KAREN M. LENT |
| | MATTHEW M. MARTINO |
| | |
| | Attorneys for Defendant and Counter-Claimant |
| | PGA TOUR, INC. |

11

OPPOSITION TO MOTIONS TO STAY (DKT NOS. 395 & 396) &
ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

2130452