| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - # 243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - # 295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:    415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone:   212 735 3000<br>Facsimile:    212 735 2000 |

Attorneys for Defendant and Counter- Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>Defendant.<br><br>PGA TOUR, INC.,<br><br>Counter-claimant,<br><br>v.<br><br>LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN,<br><br>Counter-defendants. | Case No. 5:22-CV-04486-BLF (SVK)<br><br>**[PROPOSED] ORDER GRANTING PGA TOUR, INC.'S CROSS MOTION TO STAY**<br><br>Date:          September 7, 2023<br>Time:         9:00 a.m.<br>Dept.:         3<br>Judge:        Hon. Beth Labson Freeman<br><br>Date Filed:  August 3, 2022<br><br>Trial Date:   May 17, 2024 |

**[PROPOSED] ORDER GRANTING
DEFENDANT & COUNTER-CLAIMANT PGA TOUR, INC.'S
CROSS MOTION TO STAY**

Counter-defendants the Public Investment Fund of Saudi Arabia ("PIF") and Yasir Othman Al-Rumayyan move the Court for (1) a stay of discovery pending their appeal of this Court's order denying their request for relief from the magistrate judge's ruling compelling their compliance with the PGA TOUR, Inc.' (the "TOUR") (ECF No. 395) and (2) a stay of discovery pending the Court's disposition of their forthcoming motion to dismiss the TOUR's amended counterclaims against them (ECF No. 396). The TOUR opposes each stay request, or seeks in the alternative an order staying all discovery pending final resolution of all interlocutory proceedings related to PIF and Mr. Al-Rumayyan. The Court finds the matter suitable for determination without oral argument. Civil L.R. 7.1(b). For the following reasons, the TOUR's cross motion to stay is GRANTED, and PIF and Mr. Al-Rumayyan's motions are DENIED.

A district court has broad discretion to stay proceedings pending before it "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising that discretion, the Court must consider a variety of competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962).

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *RLI Ins. Co. v. ACE Am. Ins. Co.*, No. 19-CV-04180-LHK, 2020 WL 1322955, at *3 (N.D. Cal. Mar. 20, 2020) (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

Here, PIF and Mr. Al-Rumayyan have filed an interlocutory appeal of the Court's order denying their request for relief from the magistrate judge's ruling compelling their compliance with the TOUR's subpoenas, which raises issues of foreign sovereign immunity. The TOUR has

1

moved to dismiss that appeal for lack of jurisdiction. There is currently no briefing schedule on the merits of that appeal, and it is unlikely to be resolved until after the date currently set for trial in this matter. Moreover, PIF and Mr. Al-Rumayyan's motion to dismiss the TOUR's counterclaims is not fully briefed, and the Court has not yet ruled on that motion. Given the critical nature of the discovery from these two parties, and their status as counter-defendants, the "hardship or inequity" the TOUR faces in "being required to go forward" with the litigation during the pendency of the pending appeal outweighs any possibly damage that may result from the TOUR's requested stay.

Accordingly, the Court ORDERS as follows:

1. All discovery is stayed pending final resolution of all interlocutory proceedings related to PIF and Mr. Al-Rumayyan;
2. All discovery deadlines are vacated;
3. A further case management conference is set for July 13, 2023 at 11:00 a.m. by Zoom webinar.

**IT IS SO ORDERED**.

Dated: _____

HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE