RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

RUSSELL H. FALCONER, *pro hac vice*
  rfalconer@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone:  214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500

ROBERT C. WALTERS, *pro hac vice*
  rob@rcwalterspc.com
ROBERT C. WALTERS, PC
2001 Ross Avenue
Dallas, Texas 75201-2911
Telephone:  214.727.2466

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000

*Attorneys for Plaintiffs Matt Jones, Bryson
 DeChambeau, Peter Uihlein, and LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., | CASE NO. 5:22-cv-04486-BLF-SVK |
| Plaintiffs, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| PGA TOUR, INC., | |
| Defendant and Counter-Plaintiff, | |
| v. | |
| LIV GOLF INC., | |
| Counter-Defendant. | |

## I.     PURPOSES AND LIMITATIONS

Plaintiffs Matt Jones, Bryson Dechambeau, Peter Uihlein, and Plaintiff and Counter-Defendant LIV Golf, Inc. and Defendant and Counter-Claimant PGA Tour, Inc. (collectively referred to herein as the "Parties")[1] anticipate that disclosure and discovery activity by non-party NexGen Sports Group, Inc. d/b/a TMRW Sports (together with its affiliates, "TMRW Sports") in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure, disclosure to counsel employed by a party to this action, and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties and TMRW Sports hereby stipulate to and petition this court to enter the following Stipulated Protective Order ("Order"). The Parties and TMRW Sports acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties and TMRW Sports further acknowledge, as set forth in Section 12.4 below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

## II.     DEFINITIONS

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). This includes, but is not limited to, information or things containing

---

[1] Although Counter-defendants the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE") have sought a stay of discovery as to discovery on PIF and HE while their challenges to the district court's jurisdiction on a motion to dismiss and before the U.S. Court of Appeals for the Ninth Circuit remain pending (Dkt. Nos. 395 and 396), PIF and HE also stipulate to this protective order.  By stipulating to this protective order, PIF and HE do not waive, and expressly reserve all rights.

trade secrets, proprietary research, development, and/or technical information that is not publicly available; sensitive financial, business, or commercial information that is not publicly available; other information required by law or agreement to be kept confidential; or any other category of information hereinafter given CONFIDENTIAL status by the Court.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items" in the possession, custody, or control of TMRW Sports that is highly proprietary or highly sensitive such that disclosure to House Counsel of a Party could create a substantial risk of serious harm to TMRW Sports.

2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action

on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

2.13    Receiving Party: a Party that receives Disclosure or Discovery Material from TMRW Sports.

## III.    SCOPE

This Order applies not only to Protected Material furnished by TMRW Sports, but also to (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, compiling, or disclosing Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to TMRW Sports. Any use of Protected Material at trial

shall be governed by a separate agreement or order.

**IV.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until TMRW Sports agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. In designating information or items for protection under this Order, TMRW Sports must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, TMRW Sports must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, provided, however, that TMRW Sports' failure to do so shall not constitute a waiver.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that TMRW Sports

affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY" to each page that contains protected material.

   If TMRW Sports makes original documents or materials available for inspection, TMRW

Sports need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced. During the inspection and before the designation, all

of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

documents it wants copied and produced, TMRW Sports must determine which documents, or

portions thereof, qualify for protection under this Order. Then, before producing the specified

documents, TMRW Sports must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY") to each page that contains

Protected Material.

   (b) <u>for deposition testimony, including transcripts</u>, such testimony shall be deemed

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the expiration of

twenty-one (21) days after the deposition unless otherwise designated at the time of the

deposition or during the twenty-one (21) day period. Pages or entire transcripts of testimony

given at a deposition or hearing may be designated as containing "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information by an

appropriate statement either at the time of the giving of such testimony or by written notification

within twenty-one (21) days after the deposition. The use of a document as an exhibit at a

deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

   Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by TMRW Sports. TMRW Sports shall inform the court reporter of these requirements. **Any transcript that is prepared before the expiration of the twenty-one (21) day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.**

(c) for transcripts of pretrial and trial proceedings, Parties shall give the other parties notice if they reasonably expect a hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals and individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Procedures for requesting confidentiality designations of transcripts for pretrial and trial proceedings shall be in accordance with paragraph 5.2(b) and redaction requests shall be made in accordance with General Order No. 59 and any other applicable rules and procedures set forth by the Court. If TMRW Sports seeks redaction of portions of a hearing or trial transcript disclosing its Protected Material, the Receiving Party agrees not to unreasonably withhold its consent to such a request.

(d) for information contained in written discovery responses, the responses may be designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Protected Material and by placing a legend on the front page of such discovery responses stating: "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."

(e) for information produced in some form other than documentary and for any other tangible items, that TMRW Sports affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, TMRW Sports, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive TMRW Sports' right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to TMRW Sports' confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Challenging Party and TMRW Sports shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the

7

date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give TMRW Sports an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that TMRW Sports is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Challenging Party and TMRW Sports cannot resolve a challenge without court intervention, they shall submit a joint statement in accordance with Judge van Keulen's Civil and Discovery Referral Matters Standing Order (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the Challenging Party and TMRW Sports agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such joint statement must affirm that the Challenging Party and TMRW Sports have complied with the meet and confer requirements imposed in the preceding paragraph. In addition, TMRW Sports may initiate a joint statement seeking to retain confidentiality in response to a notice of challenge. Any joint statement submitted pursuant to this provision must affirm that the Challenging Party and TMRW Sports have complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on TMRW Sports. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless TMRW Sports has waived the confidentiality designation by failing to initiate a joint statement seeking to retain confidentiality as described above, all parties shall continue to

afford the material in question the level of protection to which it is entitled under TMRW Sports'

designation until the court rules on the challenge.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

produced by TMRW Sports in connection with this case only for prosecuting, defending, or

attempting to settle this litigation. Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of Section 12 below (FINAL

DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons authorized under

this Order. Protected Material that originates in the United States or the United Kingdom,

including all "CONFIDENTIAL" Information or Items, may be transmitted between those

jurisdictions as necessary to comply with this Order and other discovery obligations, but may not

otherwise be removed from the United States or United Kingdom. Any use of Protected Material,

regardless of location, will be governed by this Order and the applicable laws of the United

States.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

by the court or permitted in writing by TMRW Sports, a Receiving Party may disclose any

information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

for this litigation, all of whom have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A);

(b) the officers, directors, and employees (including House Counsel) of the Receiving

Party to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by TMRW Sports or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by TMRW Sports, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by TMRW Sports, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must provide written notice to TMRW Sports that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[2] and (5) identifies (by

---

[2] If the Expert believes any of this information is subject to a confidentiality obligation to a third- party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with TMRW Sports regarding any such engagement.

name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that provides notice and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) calendar days of delivering the request, the Party receives a written objection from TMRW Sports. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with TMRW Sports (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may initiate a joint submission as provided in Judge van Keulen's standing order (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such joint submission must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such joint submission parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by TMRW Sports for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify TMRW Sports in writing. Such notification shall include a copy of the

subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by TMRW Sports whose Protected Material may be affected.[3]

If TMRW Sports timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained TMRW Sports' permission. TMRW Sports shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify TMRW Sports in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford TMRW Sports an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When TMRW Sports gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as TMRW Sports and the Receiving Party reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, TMRW Sports and the Receiving Party may incorporate their agreement in the Order submitted to the court.

If TMRW Sports inadvertently produces or provides discovery of any Confidential Information without labeling or marking it as provided in this Protective Order, TMRW Sports may give written notice to the Receiving Party or Parties—within ten (10) business days after becoming aware of the inadvertent production—that the information should be treated as Confidential in accordance with the provisions of this Protective Order. If such notice is provided by TMRW Sports, TMRW Sports will provide copies of the properly marked information (e.g., documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order). Upon receipt of such notice and properly marked information, the Receiving Party or Parties shall, to the extent practicable, return or destroy the unmarked or incorrectly marked information and not retain copies thereof, and shall undertake a reasonable, good-faith effort to correct any disclosure of such information contrary to the redesignation. The Party receiving such notice shall also make a reasonable, good-faith effort to ensure that any

analyses, memoranda, notes, or other such material generated based upon such newly designated information are immediately treated as containing Confidential Information. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order.

## XI.     MISCELLANEOUS

12.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party or Non-Party, including TMRW Sports, waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party or Non-Party, including TMRW Sports, waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3     <u>TMRW Sports' Material</u>. The restrictions on the use of Protected Material established by this Order are applicable only to the use of information received by a party from TMRW Sports. A Party is free to use its own information as it pleases.

12.4     <u>Filing Protected Material</u>. A Party may not file in the public record in this action any Protected Material without written permission from TMRW Sports or a court order secured after appropriate notice to all interested persons. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the filing party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(f) unless otherwise instructed by the court.

12.5     <u>Advice of Counsel</u>. Nothing in this Order shall prevent or otherwise restrict

Outside Counsel of Record from rendering advice to their clients and, in the course thereof, relying generally on Protected Material; provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

## XII.    FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to TMRW Sports or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to TMRW Sports by the 60 day deadline that confirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 20, 2023                          GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Rachel S. Brass*
_____

RACHEL S. BRASS, SBN 219301
   rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
   ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

RUSSELL H. FALCONER, *pro hac vice*
  rfalconer@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
  Dallas, Texas 75201-2911
  Telephone:  214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500

ROBERT C. WALTERS, *pro hac vice*
  rob@rcwalterspc.com
ROBERT C. WALTERS, PC
2001 Ross Avenue
Dallas, Texas 75201-2911
Telephone:     214.727.2466

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:  650.801.5100

*Attorneys for Plaintiffs Matt Jones, Bryson DeChambeau, Peter Uihlein, and Plaintiff and Counterclaim Defendant LIV Golf Inc.*

1   Dated:   April 20, 2023                                    KEKER, VAN NEST & PETERS LLP

2

3                                                By:   /s/ Sophie Hood
                                                       ELLIOT R. PETERS
4                                                      DAVID SILBERT
                                                       R. ADAM LAURIDSEN
5                                                      NICHOLAS S. GOLDBERG
                                                       SOPHIE HOOD
6
                                                       Attorneys for Defendant and Counter-
7                                                      Claimant
                                                       PGA TOUR, INC.
8

9                                                      SKADDEN, ARPS, SLATE, MEAGHER
                                                       & FLOM LLP
10

11                                                     ANTHONY J. DREYER
                                                       PATRICK FITZGERALD
12                                                     KAREN M. LENT
                                                       MATTHEW M. MARTINO
13
                                                       Attorneys for Defendant and Counter-
14                                                     Claimant
                                                       PGA TOUR, INC.
15

16

17  Dated:   April 20, 2023                      By:   /s/ Carolyn B. Lamm

18                                                     **WHITE & CASE**LLP
                                                       Carolyn Lamm (*pro hac vice*)
19                                                     Hansel Pham (*pro hac vice*)
                                                       Nicolle Kownacki (*pro hac vice*)
20                                                     701 Thirteenth Street, NW
                                                       Washington, District of Columbia 20005
21                                                     Telephone:  (202) 626-3600
                                                       Facsimile: (202) 639-9355
22                                                     clamm@whitecase.com
                                                       hpham@whitecase.com
23                                                     nkownacki@whitecase.com

24
                                                       Jack E. Pace III (*pro hac vice*)
25                                                     Kimberly A. Havlin (*pro hac vice*)
                                                       Hannelore Sklar (*pro hac vice*)
26                                                     1221 Avenue of the Americas
                                                       New York, New York 10020
27                                                     Telephone: (212) 819-8200
                                                       Facsimile: (212) 354-8113
28                                                     jpace@whitecase.com

1    kim.havlin@whitecase.com
2    hannelore.sklar@whitecase.com

3    Heather M. Burke (SBN 284100)
     3000 El Camino Real
4    2 Palo Alto Square, Suite 900
     Palo Alto, CA  94306-2109
5    Telephone: (650) 213-0300
     Facsimile: (650) 213-8158
6    hburke@whitecase.com

7    *Attorneys for Counter-Defendants The*
     *Public Investment Fund of the Kingdom of*
8    *Saudi Arabia and His Excellency Yasir O.*
     *Al-Rumayyan*
9

10   Dated:   April 20, 2023                    CLARENCE DYER & COHEN LLP
11

12                                    By:   */s/ Josh A. Cohen*
13                                          Josh A. Cohen

14                                          899 Ellis Street
                                            San Francisco, CA 94109
15                                          Telephone: (415) 749-1800
                                            Facsimile: (415) 749-1694
16                                          jcohen@clarencedyer.com

17                                          *Attorneys for Non-Party TMRW Sports*

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-04486-BLF (SVK)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

Dated:  April 20, 2023          _/s/_      _Rachel S. Brass_
                                                      Rachel S. Brass

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  April 21, 2023

_____
HON. SUSAN VAN KEULEN
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No. 5:22-CV-04486-BLF (SVK)

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Northern District of California on _____[date] in the case of

*Jones et al. v. PGA Tour*, 5:22-cv-04486-BLF. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action. I hereby

appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____