**WHITE & CASE** LLP

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the*
*Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and HIS EXCELLENCY YASIR OTHMAN AL-RUMAYYAN <br><br> Counter-Defendants. | Case No. 5:22-cv-04486-BLF <br><br> **THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S REPLY IN SUPPORT OF MOTIONS FOR A STAY OF DISCOVERY PENDING APPEAL AND RESOLUTION OF COUNTER-DEFENDANTS' MOTION TO DISMISS (DKT. NOS. 395 & 396)** <br><br> Judge:  Hon. Beth Labson Freeman <br><br> Date Filed: August 3, 2022 <br><br> Trial Date: May 17, 2024 |

1    Nowhere in the Tour's Opposition does the Tour assert that discovery of the Public
2  Investment Fund ("PIF") and His Excellency Yasir Othman Al-Rumayyan's ("HE") can go ahead
3  at this time.  The Tour does not contest the myriad authorities staying discovery pending immunity
4  determinations cited in the Opening Briefs, and does not contest the dispositive points that (i) the
5  Rule 45 subpoenas are currently before the Ninth Circuit and therefore beyond this Court's
6  jurisdiction, and (ii) binding authority from the Ninth Circuit in *Phaneuf* precludes party discovery
7  while PIF and HE assert their immunity defenses on their motion to dismiss.  The Tour's claim of
8  prejudice, which makes up nearly all of its Opposition, is not even an element of either basis to stay
9  discovery.  PIF and HE's motions are essentially uncontested and should be granted.

10    Indeed, the Tour's claim of prejudice is not an opposition to PIF and HE's motions to stay
11  discovery as to them, but rather an effort to support (one factor of) the Tour's new motion for a
12  *Landis* stay of all other discovery.  Those issues will be briefed separately in connection with the
13  Tour's cross-motion and are not material to the resolution of PIF and HE's motions.  But to the
14  extent the Court considers the Tour's prejudice assertions now, they are not well-founded—as they
15  amount only to the claim that the Tour cannot move ahead with any discovery of anyone because it
16  wants discovery from the parties asserting immunity first, a proposition this Court has declined to
17  accept multiple times.

18  I.    **THE TOUR CONCEDES THAT PARTY DISCOVERY OF PIF AND HE MUST BE**
19        **STAYED PENDING THEIR MOTION TO DISMISS THE COUNTERCLAIMS**

20    The Tour offers no response to the fundamental requirement that PIF and HE's immunity-
21  based defenses to liability must be decided before litigation of the Amended Counterclaims against
22  them can proceed.  *See* Dkt. No. 396 at 2-4; *Phaneuf v. Republic of Indon.*, 106 F.3d 302, 305 (9th
23  Cir. 1997); *Wultz v. Bank of China Ltd.,* 32 F. Supp. 3d 486, 493 (S.D.N.Y. 2014).  That is because
24  once a sovereign is forced to participate in U.S. litigation, sovereign immunity is "effectively lost."
25  *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 763 n.6 (9th Cir. 2007).  Accordingly, courts
26  routinely stay discovery pending resolution of a motion to dismiss that raises issues of sovereign
27  immunity.  The Tour does not respond to the overwhelming authority on this point.  *See* Dkt. No.
28  396 at 3-4.  These immunity principles alone resolve this issue.

1    PIF and HE additionally showed that a stay pending the motion to dismiss is warranted under

2    the more general standards for such relief applied under Rule 26(c), which the Tour agrees require

3    that (1) the motion is potentially dispositive of the claims against PIF and HE and (2) the Court can

4    decide the motion without discovery.  *See* Dkt. No. 396 at 4; *see also, e.g.*, *Calvary v. Cody*, 2021

5    U.S. Dist. LEXIS 223450, at *5-6 (N.D. Cal. Nov. 12, 2021).  The Tour does not contest that the

6    second requirement is met.  *See* Opp'n 9.  As to the first requirement, the Tour asserts that PIF and

7    HE cannot "make a strong showing that their forthcoming motion to dismiss is dispositive" because

8    of the Court's prior ruling on the Rule 45 subpoenas.  *Id*.  The Tour disregards that PIF's and HE's

9    immunity and jurisdictional defenses must be assessed in the context of potential liability of a

10   foreign instrumentality and its official, and with respect to the specific factual allegations in the

11   Amended Counterclaim (Dkt. No. 396 at 5-7)—none of which have been decided, and all of which

12   are "potentially dispositive."  And immunity aside, the Tour's counterclaims fail to state a claim on

13   which relief can be granted for many reasons, none of which have previously been before the Court,

14   and all of which are "potentially dispositive" as well.  *See* Dkt. No. 396 at 9-10.

15   **II.    THE TOUR CONCEDES THAT THIS COURT LACKS JURISDICTION OVER**

16   **        THE RULE 45 SUBPOENAS**

17        The Tour does not dispute that PIF and HE's appeal to the Ninth Circuit divested this Court

18   of jurisdiction over the Rule 45 subpoenas, and any discovery on PIF and HE pursuant to the

19   February 9 and Rule 72 Orders necessarily must be stayed during the pendency of that appeal.  Dkt.

20   No. 395 at 2-3; *see, e.g.*, *In re Antitrust Litig.*, 2020 U.S. Dist. LEXIS 263427, at *23-24 (N.D. Cal.

21   Feb. 4, 2020) ("'[F]iling of a notice of appeal confers jurisdiction on the court of appeals and divests

22   the district court of control over those aspects of the case involved in the appeal.'").  The Tour's

23   only response is that it has moved to dismiss the appeal.  Opp'n 9.  The Tour is wrong on the law—

24   immunity determinations are subject to interlocutory appeal, as multiple courts have recognized.

25   *See, e.g.*, *Agudas Chasidei Chabad of United States v. Russian Fed'n*, 19 F.4th 472, 476 (D.C. Cir.

26   2021) (sovereign instrumentality and third-party subpoena recipient "had the opportunity to raise its

27   sovereign-immunity claim through an appeal pursuant to 28 U.S.C. § 1291 of the district court's

28   denial of its motion to quash").  But in any event, the mandate certainly is with the Ninth Circuit

1   now, and it will remain there until the appeal is resolved one way or the other.  The Tour does not

2   provide any basis for discovery pursuant to the subpoenas to proceed while that appeal is pending,

3   and there is none.

4   **III.   THE STAY ALSO IS WARRANTED UNDER THE TRADITIONAL**

5   **REQUIREMENTS FOR A STAY PENDING APPEAL**

6        While the Court need not reach the point given the concessions already noted, the Tour also

7   has failed to rebut PIF and HE's showing that a stay is warranted under the traditional four-factor

8   test for stays pending appeal.  The Tour offers little to no challenge on three of the four requirements.

9   *See* Dkt. No. 395 at 3-8.  The Tour does not dispute that PIF and HE will be irreparably harmed

10  absent a stay, and nor could it, as the interlocutory appeal right afforded to sovereign parties would

11  be illusory if litigation could proceed before PIF and HE's appeal could be pursued.  *See* Dkt. No.

12  395 at 4-5.  Irreparable harm to the movant is one of the "most critical" considerations for a stay

13  pending appeal, *Delisle v. Speedy Cash*, 2021 U.S. Dist. LEXIS 255748, at *9 (S.D. Cal. Feb. 16,

14  2021), and it is amply met here.  *See also* Dkt. No. 327 at 3 (finding "irreparable harm absent a stay"

15  if PIF and HE were required to comply with discovery while their objections were pending).  The

16  Tour also does not challenge the fact that the public interest favors a stay.  *See* Dkt. No. 395 at 7-8.

17       This Court has already determined that the issues raised by PIF and HE in asserting their

18  immunity from the subpoenas raise the requisite "serious legal questions" needed to support a stay.

19  Dkt. No. 327 at 3.  The Tour responds that PIF and HE cannot raise a serious legal question before

20  the Ninth Circuit because "[t]his Court has already carefully considered the same challenges PIF

21  and [HE] plan to raise on appeal and rejected them."  Opp'n 9.  By that logic, no appeal could ever

22  present a serious legal question.  The single case cited by the Tour is inapposite; in it, the movants

23  made no attempt to raise a "serious legal question," instead suggesting that their request for appellate

24  review of an uncontested legal standard was itself a "serious legal question."  *See Guifu Li v. A*

25  *Perfect Franchise, Inc.*, 2011 U.S. Dist. LEXIS 60814, at *10-11 (N.D. Cal. June 8, 2011).  Here,

26  PIF and HE's appeal includes complex legal questions regarding immunity under the FSIA and at

27  common law, including issues of first impression.  Dkt. No. 395 at 5-6; *see also Philipp v. Fed.*

28  *Republic of Germany*, 436 F. Supp. 3d 61, 67 (D.D.C. 2020) (granting stay pending appeal where

-3-

1   "the issues presented in connection with this case raise serious and important legal questions

2   regarding application of [an FSIA] exception and the comity doctrine").

3           The last element of a stay pending appeal considers prejudice to the Tour, which is the

4   subject of nearly all of the Tour's brief.  As noted, these arguments are really about elements the

5   Court will consider on the Tour's request for a *Landis* stay, and are best considered in the context

6   of that cross-motion and full briefing on it.  But to the extent the Court considers them on PIF and

7   HE's motions as well, they should be rejected.  The Tour's contention that it simply cannot proceed

8   any further without discovery from PIF and HE is not credible.  This Court has already heard this

9   assertion and—repeatedly—directed the Tour to complete other fact discovery.  *See, e.g.*, Hr'g Tr.

10  (Feb. 24, 2023) at 30:9-31:9 ("[I]t's not persuasive to me that you are waiting for the testimony of

11  Al-Rumayyan before you can conclude the other testimony."); Hr'g Tr. (Apr. 7, 2023) at 37:6-8 ("I

12  don't actually believe every witness's testimony is affected by the documents from PIF and [HE]");

13  *id.* at 39:9-22 ("[The Tour] need[s] to send out discovery to each of those deponents and get

14  everything they have that is a correspondence with PIF and Al-Rumayyan. That's what [counsel for

15  LIV] has been saying from the beginning. There are some things that you can get and you should

16  get them."); *id.* at 40:9-41:9 ("I'll let you go back for an extra hour or two to redepose . . . . But I'm

17  not – we're not coming to a halt here.").

18          The Tour's own examples prove the point.  The Tour describes how it seeks discovery as to

19  potential LIV sponsors, broadcasters, players, and agents involved in negotiations with LIV.  Opp'n

20  3-5.  To learn why sponsors declined to work with LIV, the Tour can ask them—rather than seeking

21  this information by way of "PIF's understanding of the reasons sponsors declined to work with

22  LIV," which is at best second-hand.  *See* Opp'n 3.  The Tour asserts that it cannot depose a

23  broadcaster, or LIV, unless it gets discovery from PIF and HE first.  *Id.*  Why not?  "There is no

24  legal precedent giving a party the right to demand discovery in a certain order."  *Russell v. Maman*,

25  2020 U.S. Dist. LEXIS 187313, at *8 (N.D. Cal. Oct. 7, 2020); *see also In re Broiler Chicken*

26  *Grower Antitrust Litig.*, 2021 U.S. Dist. LEXIS 259799, at *28-29 (E.D. Okla. Oct. 20, 2021)

27  (rejecting plaintiffs' contention that "they will be prejudiced if they are forced to take these critical

28  depositions at the tail end of the discovery period which may also necessitate re-opening other

-4-

witnesses' depositions if forced to take depositions out of their preferred sequence"); *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 91570, at *21 (S.D.N.Y. July 14, 2016) (rejecting plaintiffs' "claim they will be 'severely prejudiced' if a stay is granted because having to wait for this discovery will hamstring their ability to formulate litigation and settlement strategy" and granting stay of discovery). The possibility that the Tour "may need to request the court extend discovery or reopen depositions . . . . is not a novel risk." *In re Broiler Chicken*, 2021 U.S. Dist. LEXIS 259799, at *29-31 (staying discovery as to two witnesses whose testimony was potentially privileged due to parallel criminal proceedings). And of course, if PIF and HE prevail on their immunity defenses, this evidence will not be available later either.

The Tour asserts that it "did nothing to create the current circumstances." Opp'n 7. The Tour has elected to bring counterclaims against PIF, an instrumentality of the Kingdom of Saudi Arabia, and its Governor and has now decided—or at least, is now claiming—that these parties are the lynchpin of their defense. While the Tour is entitled to pursue this tactic, PIF and HE are entitled to assert their immunity defenses in response, without discovery mooting those defenses while they are litigated.

Finally, the Tour criticizes PIF and HE's motions as seeking a "one-way stay" and "gamesmanship." Opp'n 7-8. Those claims turn entirely on collapsing PIF and HE with LIV and treating them as one and the same. There has never been an allegation, let alone the extraordinary showing that would be required, to pierce the corporate veils of these separate entities. The Tour's claims also rest on the misguided contention that PIF and HE are "conduct[ing] depositions and prepar[ing] expert reports and dispositive motions" (Opp'n 1)— PIF and HE are doing none of these things.

## CONCLUSION

PIF and HE respectfully request that this Court grant their motions and (i) stay party discovery as to PIF and HE pending the resolution of their forthcoming motion to dismiss and (ii) stay the February 9 and Rule 72 Orders regarding Rule 45 subpoenas pending the resolution of PIF and HE's appeal to the Ninth Circuit.

-5-

Dated: April 27, 2023

By: /s/ Carolyn B. Lamm

**WHITE & CASE**LLP

Carolyn Lamm (*pro hac vice*)
Hansel Pham (*pro hac vice*)
Nicolle Kownacki (*pro hac vice*)
701 Thirteenth Street, NW
Washington, District of Columbia 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
clamm@whitecase.com
hpham@whitecase.com
nkownacki@whitecase.com

Jack E. Pace III (*pro hac vice*)
Kimberly A. Havlin (*pro hac vice*)
Hannelore Sklar (*pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
jpace@whitecase.com
kim.havlin@whitecase.com
hannelore.sklar@whitecase.com

Heather M. Burke (SBN 284100)
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
hburke@whitecase.com

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and His Excellency Yasir O. Al-Rumayyan*

PIF AND YASIR OTHMAN AL-RUMAYYAN'S REPLY ISO MOTIONS FOR STAY OF DISCOVERY
CASE NO. 5:22-CV-04486-BLF