RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br> Counter-Defendants. | CASE NO. 5:22-cv-04486-BLF <br><br> **PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF PGA TOUR, INC.'S OPPOSITION TO MOTIONS TO STAY (DKT. NOS. 395 & 396) AND ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY** |

Pursuant to Civil Local Rule 79-5(f)(3), 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with Defendant the PGA Tour Inc.'s Opposition to Motions to Stay (Dkt. Nos. 395 & 396) And Alternative Cross-Motion For Stay Of Discovery (the "Opposition"). *See* ECF 414.

The "good cause" standard applies here because a motion to stay is only "tangentially related to the merits of a case." *See Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *e.g.*, *E. W. Bank v. Shanker*, 2021 WL 4916729, at *1 (N.D. Cal. Aug. 31, 2021) (applying good cause standard for sealing a motion for a stay); *OpenTV, Inc. v. Apple, Inc.*, 2015 WL 5714851, at *2 (N.D. Cal. Sept. 17, 2015) (same); *Provide Commerce, Inc. v. Hartford Fire Ins. Co.*, 2014 WL 1877438, at *2 (S.D. Cal. May 9, 2014) (same); *Evolutionary Intelligence, Inc. v. Facebook Inc.*, 2013 WL 12144122, at *1 (N.D. Cal. Dec. 10, 2013) (same). Such procedural motions "are not subject to the strong presumption of access," and parties moving to seal "need only satisfy the less exacting 'good cause' standard." *Center for Auto Safety*, 809 F.3d at 1097, 1099. A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this standard. *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Good cause to seal exist. As explained in the declaration of Gary Davidson, the Tour's Opposition describes confidential information related to (1) confidential negotiations with broadcasters and sponsors, and (2) investor operations pursuant to rights under the Shareholder Agreement. Davidson Decl. ¶¶ 2-3. The Court has previously sealed such information. *See* ECF No. 405 (sealing information about sponsor and broadcaster negotiations); ECF No. 279 (sealing information describing or exposing investor rights under Shareholder Agreement). Magistrate Judge van Keulen has likewise previously found good cause to seal this information. ECF No. 372. Disclosure would cause competitive harm to LIV by, *inter alia*, prejudicing LIV's ability to obtain outside funding, restricting its ability to pursue a franchise model, and deterring of potential business partners from entering negotiations with or for LIV. Davidson Decl. ¶¶ 2-3. The requested sealing is narrowly tailored because the majority of the Opposition is unredacted. Accordingly, LIV respectfully requests that the Court grant the Tour's motion and keep this information sealed.

DATED:  April 27, 2023

Respectfully submitted,

*/s/ Rachel S. Brass*
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

COUNSEL FOR PLAINTIFF LIV GOLF, INC.