DocuSign Envelope ID: 4A33C1D4-3AE4-4415-BFC0-93013A4A324C

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br> Counter-Defendants. | CASE NO. CASE NO. 5:22-cv-04486-BLF <br><br> **DECLARATION OF GARY DAVIDSON IN SUPPORT OF SEALING PORTIONS OF PGA TOUR, INC.'S OPPOSITION TO MOTIONS TO STAY (DKT. NOS. 395 & 396) AND ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY** |

DocuSign Envelope ID: 4A33C1D4-3AE4-4415-BFC0-93013A4A324C

I, Gary Davidson, hereby declare and state:

1. I am an Authorized Signatory for LIV Golf Inc ("LIV"). I am authorized by LIV to make this statement in support of sealing portions of the PGA Tour Inc.'s Opposition to Motions to Stay (Dkt. Nos. 395 & 396) And Alternative Cross-Motion For Stay Of Discovery (the "Opposition"). *See* ECF 414. I make the statements in this declaration based on personal knowledge, personal experience, and personal participation in communications with business associates. If called and sworn as a witness, I could and would testify to the facts stated in this declaration.

2. Lines 3:16-17, 3:19, and 3:22-23 of the Opposition describe negotiations with specific broadcasters and communications with sponsors. Disclosure of this information would harm LIV's ability to enter into confidential negotiations. The PGA Tour has systematically threatened and tarnished the reputation of any party doing business with LIV. In light of the Tour's anticompetitive conduct, LIV's ability to negotiate and obtain business confidentially is critical to its continued viability as a business. Disclosure of confidential contacts with potential business partners would prejudice LIV's ability to obtain business by deterring potential business partners from entering into confidential negotiations with LIV in expectation that the information may become public through this lawsuit. That is true even where the identity is not disclosed, as disclosure would invite speculation about which entities and individuals were involved in the communications described. Disclosure of this information would create a perceived risk in confidentially communicating with LIV and entities associated with LIV and deter such communications.

3. Lines 4:5-6, 7:4-5, and 7:13-17 describe LIV's investors' involvement in LIV decision making pursuant to the Shareholder Agreement. I understand that the Court has previously found compelling reasons to seal this information; the same reasons for sealing apply here. This information is highly sensitive, and LIV goes to great lengths to keep it confidential. Disclosure of rights under the Shareholder Agreement would harm LIV, including by prejudicing LIV's ability to obtain outside funding. The current investment structure gives investors rights that may deter outside funders and potential business partners if disclosed. If outside funders decide to invest, they may demand changes to LIV's investor rights or demand equivalent rights as those disclosed. Potential business partners may be similarly influenced. For example, under a franchise model, potential franchisees may demand

different contract terms in light of the investor rights disclosed or may forego doing business altogether for fear of influence by LIV's investors. Potential business partners may also infer that LIV lacks authority to enter certain terms and be deterred from negotiating with LIV. Although lines 4:5-6 do not expressly refer to LIV's governing documents, investor rights under those documents would be inferred from the course of conduct disclosed in these lines, and the same harms apply,

      I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

      Executed on April 27, 2023.

/s/ _____

Gary Davidson

---

3

DAVIDSON DECLARATION IN SUPPORT OF SEALING OPPOSITION TO BIFURCATION
CASE NO. 5:22-CV-04486-BLF