1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., | CASE NO. 5:22-cv-04486-BLF |
|---|---|
| Plaintiffs, | **[PROPOSED] ORDER SEALING PORTIONS OF PGA TOUR, INC.'S OPPOSITION TO MOTIONS TO STAY (DKT. NOS. 395 & 396) AND ALTERNATIVE CROSS-MOTION FOR STAY OF DISCOVERY** |
| v. | |
| PGA TOUR, INC., | |
| Defendant and Counter-Plaintiff, | |
| v. | |
| LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, | |
| Counter-Defendants. | |

Pursuant to Civil Local Rule 79-5, Defendant the PGA Tour, Inc. filed an administrative motion to consider whether another party's material should remain sealed. Dkt. No. 414. Plaintiff LIV Golf, Inc. ("LIV") filed a Statement and Declaration in Support of Sealing.

Based on the below reasoning, the Court orders that the following materials SHALL remain sealed, and as redacted in the public version:

| ECF or Ex. No. Document | Document | Potion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| ECF 414-1 | PGA Tour Inc.'s Opposition to Motions to Stay (Dkt. Nos. 395 & 396) And Alternative Cross-Motion For Stay Of Discovery | Highlighted portions at 3:16-17, 3:19, 3:22-23, 4:5-6, 7:4-5, 7:13-17 | Contains confidential information about information about specific negotiations and offers to certain sponsors, and broadcasters, including specific terms of offers, the disclosure of which would cause competitive harm to LIV, including by constraining its ability to negotiate different terms, inviting speculation about why certain entities decided to do business (or not) with LIV, prejudicing LIV's ability to obtain future business, and constraining LIV's ability to pursue confidential negotiations.<br><br>Contains confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise model in the future, and obtain future business. |

IT IS SO ORDERED.

DATED _____

_____
BETH LABSON FREEMAN
United States District Court Judge