# EXHIBIT T

KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
ANTHONY J. DREYER (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:     212 735 3000
Facsimile:     212 735 2000

Attorneys for Defendant and Counter-claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; PETER UIHLEIN; and LIV GOLF, INC., | Case No. 5:22-cv-04486-BLF |
| Plaintiffs, | **AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT LIV GOLF INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)** |
| v. | |
| PGA TOUR, INC., | Date Filed:  August 3, 2022 |
| Defendant. | Trial Date:  January 8, 2024 |
| | |
| PGA TOUR, INC., | |
| Counter-claimant, | |
| v. | |
| LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN | |
| Counter-defendants. | |

1

1    **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 30(b)(6) of the Federal Rules of

2    Civil Procedure and Civil Local Rule 30, Defendant and Counterclaimant PGA TOUR, Inc., (the

3    "TOUR") by and through its attorneys of record in this action, will take the testimony upon oral

4    deposition of Plaintiff and Counter-Defendant LIV Golf, Inc. through one or more of its officers,

5    directors, managing agents, or other persons designated and consenting to testify on the matters

6    listed in Attachment A. The person(s) designated by Plaintiff shall be prepared to testify as to

7    such matters known or reasonably available to Plaintiff.

8        The deposition shall commence on May 15, 2023, at 9:00 a.m. at the offices of Keker,

9    Van Nest & Peters LLP, 633 Battery Street, San Francisco, California 94111, or at some other

10   time and place mutually agreed upon, before a court reporter or other officer authorized to

11   administer oaths.  The deposition will continue from day to day until completed, in accordance

12   with the Federal Rules of Civil Procedure, and will be recorded by stenographic and transcribed

13   means, including the use of real-time interactive transcription such as Live Note.

14       At least seven (7) days before the deposition, Plaintiff shall produce a list of proposed

15   witnesses designated to testify for each topic in Attachment A.  Plaintiff will also affirmatively

16   describe the scope of testimony that each such witness will be prepared to provide for each of that

17   witness's designated topics.

18       The TOUR reserves the right to notice and depose LIV pursuant to Rules 26 and 30(b)(6)

19   of the Federal Rules of Civil Procedure at a later date on other subject matters.

20
     Dated: May 1, 2023                                          KEKER, VAN NEST & PETERS LLP
21

22
                                              By:   */s/ Elliot R. Peters*
23                                                  ELLIOT R. PETERS
                                                    DAVID SILBERT
24                                                  R. ADAM LAURIDSEN
                                                    NICHOLAS S. GOLDBERG
25                                                  SOPHIE HOOD

26                                                  Attorneys for Defendant and Counter-
                                                    Claimant PGA TOUR, INC.
27

28

                                                   2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

ANTHONY J. DREYER
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Counter-
Claimant PGA TOUR, INC.

AMENDED NOTICE OF DEPOSITION OF LIV GOLF INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)
Case No. 5:22-cv-04486-BLF

2104513

1

**ATTACHMENT A**

2

**DEFINITIONS**

3      The following terms shall have the meanings set forth below unless otherwise indicated:

4      1.      The terms "you" and "your" refer to LIV Golf Holdings Ltd, LIV Golf

5  Incorporated, LIV Golf Investments Ltd, LIV Golf Ltd, and includes without limitation all

6  predecessors (including the Premier Golf League or "PGL"), predecessors-in-interest, affiliates,

7  parents, subsidiaries, and all past or present directors, officers (including Greg Norman), agents,

8  representatives, employees, consultants, attorneys, entities acting in joint venture, licensing

9  agreements, or partnership relationship of each and others acting on behalf of each.

10      2.      The term "this litigation" refers to the following action: *Jones et al. v. PGA Tour,*

11  *Inc.*, No. 5:22-cv-04486-BLF, pending currently in the United States District Court for the

12  Northern District of California.

13      3.      The term "PIF" refers to the Public Investment Fund of Saudi Arabia and includes

14  without limitation all predecessors, predecessors-in-interest, affiliates, parents, subsidiaries, and

15  all past or present directors, officers, agents, representatives, employees, consultants, attorneys,

16  entities acting in joint venture, licensing agreements, or partnership relationship of each and

17  others acting on behalf of each.

18      4.      The term "Golf Saudi" refers to Golf Saudi and includes without limitation all

19  predecessors, predecessors-in-interest, affiliates, parents (including the Saudi Golf Federation),

20  subsidiaries, and all past or present directors, officers, agents, representatives, employees,

21  consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership

22  relationship of each and others acting on behalf of each.

23      5.      The term "PGA TOUR" refers to PGA TOUR, Inc. and includes without limitation

24  all predecessors, predecessors-in-interest, affiliates, parents, subsidiaries, and all past or present

25  directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in

26  joint venture, licensing agreements, or partnership relationship of each and others acting on behalf

27  of each.

28

1         6.      The term "DP World Tour" refers to the PGA European Tour, now known as DP

2   World Tour, and the European Tour Group, and includes without limitation all predecessors,

3   predecessors-in-interest, affiliates, parents, subsidiaries, and all past or present directors, officers,

4   agents, representatives, employees, consultants, attorneys, entities acting in joint venture,

5   licensing agreements, or partnership relationship of each and others acting on behalf of each.

6         7.      The term "MENA Tour" refers to MENA Golf Tour LLC, and includes without

7   limitation all predecessors, predecessors-in-interest, affiliates, parents, subsidiaries, and all past or

8   present directors, officers, agents, representatives, employees, consultants, attorneys, entities

9   acting in joint venture, licensing agreements, or partnership relationship of each and others acting

10  on behalf of each.

11        8.      The term "PGA TOUR Regulations" refers to any and all versions ever in effect of

12  the PGA TOUR Player Handbook & Tournament Regulations.

13        9.      The term "sponsor" or "sponsorship" refers to any endorsement, name and

14  likeness arrangement, or other promotional activity by a third party of you, including any

15  endorsement covered by the PGA TOUR Regulations "Player Endorsement Policy."

16        10.     The term "Asian Tour" refers to the Asian Tour and Asian Tour Limited, and

17  includes without limitation all predecessors, predecessors-in-interest, affiliates, parents,

18  subsidiaries, and all past or present directors, officers, agents, representatives, employees,

19  consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership

20  relationship of each and others acting on behalf of each.

21        11.     The term "professional golfer" refers to any golfers receiving compensation for

22  their golf performance or appearances, including any current or former member of the PGA

23  TOUR, LIV, DP World Tour, or Asian tour.

24        12.     The term "Major tournament" refers to the Masters, the U.S. Open, The Open (or

25  The British Open), and the PGA Championship, and any sponsoring or managing entity thereof,

26  as referred to in ¶ 30 of the Amended Complaint.

27

28

13.     The term "Competition Agency" refers to any Federal or State agency or person charged with enforcing or empowered to enforce competition-related statutes or policies, including but not limited to the Federal Trade Commission and the Department of Justice.

14.     The term "Official World Golf Ranking" or "OWGR" refers to the Private Limited Company Official World Golf Ranking (OWGR) and includes without limitation all predecessors, predecessors-in-interest, affiliates, parents, subsidiaries, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationship of each and others acting on behalf of each.

15.     The term "Alleged Relevant Markets" refers to the national and global market for the services of professional golfers for elite golf events as alleged in ¶ 263 of the Amended Complaint in this litigation and the national and global market for the promotion of elite professional golf events as alleged in ¶ 263 of the Amended Complaint.

16.     The term "agreement" refers to any oral or written contract, arrangement or understanding, whether formal or informal, implicit or explicit, between two or more persons or entities, together with all drafts thereof, and modifications and amendments thereto.

17.     The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

18.     The term "Person" is defined as any natural person or any legal entity, including without limitation any business or governmental entity or association.

19.     The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any method, written or verbal.

20.     The term "Third Party" means any Person that is not you or PGA TOUR, Inc.

21.     The terms "All," "Any," and "Each" shall each be construed as encompassing any and all.

22.     The terms "related to," "relating to," or "concerning" mean referring to, reflecting, describing, evidencing or constituting.

23.     The terms "including" and "include" shall be construed in such a way as to suggest or provide an example or examples.  The terms "including" and "include" shall not be construed in such a way as to limit or confine the broader term or concept for which the example is being given.

24.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

25.     All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, as in each case makes the request more inclusive.

26.     The use of the singular form of any word includes the plural and vice versa.

### DEPOSITION TOPICS

1.     Your creation, including the reasons for your creation, your relationship to your predecessors, such as the PGL, your relationship to Andy Gardiner, the Raine Investor Group SPV, World Golf Group, and/or Performance 54.  To be clear, this topic is limited to LIV's knowledge of its creation, including the reasons for its creation, and its relationship to its predecessors.

2.     Your corporate officers, directors, parent companies, subsidiaries, owners, and investors, and their roles.

3.     Changes to your corporate leadership, including the departures of Majed Al-Sorour, Atul Khosla, Jonathan Grella, and any of your other corporate executive(s), officer(s) and/or director(s), the reasons for their departures, and the terms of any separation agreements with them.

4.     Your relationship to PIF, the Kingdom of Saudi Arabia, and Mohammed bin Salman Al Saud, including your relationship with PIF as provided for in the Subscription and Shareholders' Agreement, *see* LIV000345655.

5.      The benefits to PIF, the Kingdom of Saudi Arabia, and Mohammed bin Salman Al Saud of sponsoring, supporting, and/or funding you and/or associating with professional golfers.

6.      The impact that the Kingdom of Saudi Arabia's reputation related to human rights, civil rights, and the September 11 attacks carried out against the United States has had on you, and concerns that your current and former senior leadership have heard or received related to the foregoing.  "Senior leadership" refers to (a) Chief Executive Officer, (b) Chief Operating Officer, (c) Chief Financial Officer, (d) Chief Communications Officer, (e) Chief Commercial Officer, (f) Chief Media Officer, (g) Chief Events Officer, (h) Chief Marketing Officer, (i) Managing Director, (j) LIV's Board of Directors, and (k) Performance 54 executives who assist or assisted any of the foregoing individuals.

7.      Efforts made by you to affect the Kingdom of Saudi Arabia's reputation related to human rights, civil rights, and the September 11 attacks carried out against the United States.

8.      Your past and current financial projections, including projections for quarterly and annual revenues, costs, and profits.

9.      Your financial performance, including your quarterly and annual revenues (including all sources of revenue), costs (including research and development costs, product development costs, investment costs, employee costs, material costs, manufacturing costs, sales and marketing costs) and profits (including gross profits, net profits, and operating profits).

10.      Your past and current business and strategic plans, including your strategy for competing with the PGA TOUR.

11.      Your past and current media and broadcast plans and strategies.

12.      Your past and current sponsorship, vendor, and advertiser plans and strategies, including your plans to establish relationships with the PGA TOUR's sponsors, vendors, and/or advertisers and your plans to compensate them.

13.      Your actual and projected attendance figures for your golf events, specifically (a) documents and records produced by you related to your past and projected attendance, (b) the methodology for calculating the foregoing attendance figures; (c) analyses of the foregoing

attendance figures, including comparisons between projected attendance figures and actual attendance figures.

14.    Your  actual and projected television and other broadcast viewership numbers for your events, specifically (a) documents and records produced by you related to your past and projected television and other broadcast viewership numbers, (b) the methodology for calculating the foregoing viewership numbers; and (c) analyses of the foregoing viewership numbers, including comparisons between projected television and other broadcast viewership numbers and actual projected television and other broadcast viewership numbers.

15.    Your calculations of your share of the markets in which you operate, including, but not limited to, the Alleged Relevant Markets, including any studies and/or analyses of your current or projected market share performed by you in the ordinary course of business.

16.    Forecasts, market studies, or industry reports, pricing trends, cost conditions, or sales trends related to the markets in which you operate, including, but not limited to, the Alleged Relevant Markets.

17.    Your actual and proposed agreements with actual or potential sponsors, and your communications with actual or potential sponsors concerning (a) the PGA TOUR, (b) any PGA TOUR member, (c) this litigation, (d) the Kingdom of Saudi Arabia, (e) PIF, and (f) the sponsor's reason for agreeing or not agreeing to sponsor you.

18.    Your actual or proposed agreements with your actual or potential advertisers, and your communications with actual or potential advertisers concerning (a) the PGA TOUR, (b) any PGA TOUR member, (c) this litigation, (d) the Kingdom of Saudi Arabia, (e) PIF, and (f) the advertiser's reason for agreeing or not agreeing to advertise with you.

19.    Your actual or proposed agreements with your actual or potential broadcasters and other media corporations, and your communications with actual or potential broadcasters concerning (a) the PGA TOUR, (b) any PGA TOUR member, (c) this litigation, (d) the Kingdom of Saudi Arabia, (e) PIF, and (f) the broadcasters' or media corporations' reasons for agreeing or not agreeing to contract with you.

AMENDED NOTICE OF DEPOSITION OF LIV GOLF INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)
Case No. 5:22-cv-04486-BLF
2104513

20.     Your actual or proposed agreements with your actual or potential vendors, and your communications with actual or potential vendors concerning (a) the PGA TOUR, (b) any PGA TOUR member, (c) this litigation, (d) the Kingdom of Saudi Arabia, (e) PIF, and (f) the vendors' reasons for agreeing or not agreeing to contract with you.

21.     Your actual or proposed agreements with your actual or potential tournament hosts or venues, and your communications with actual or potential tournament hosts or venues concerning (a) the PGA TOUR, (b) any PGA TOUR member, (c) this litigation, (d) the Kingdom of Saudi Arabia, (e) PIF, and (f) the hosts' or venues' reasons for agreeing or not agreeing to contract with you.

22.     The format of your golf events, including changes thereto and the reasons for such changes.

23.     Your past, current and projected tournament purses and other past, current and projected monetary benefits to golf players including bonuses and other prize money for tournaments, including, without limitation, the relationship between such benefits and a golf player's finishing position.

24.     The restrictions identified in Paragraph 42 of the PGA TOUR's Amended Counterclaim, Dkt. 289, and changes to these restrictions.

25.     The enforcement of the restrictions identified in Paragraph 42 of the PGA TOUR's Amended Counterclaim, Dkt. 289, including actual or potential discipline resulting from violations thereof.

26.     Consultants and advisors that you have hired, including Boston Consulting Group, McKenna & Associates, McKinsey & Company, Teneo, and M. Klein & Company, including the work performed by such consultants and advisors.

27.     Public relations and lobbying firms that you have hired, including Ari Fleischer Communications and Hobart Hallaway & Quayle Ventures, including the work performed by such public relations and lobbying firms.

28.     Foreign Agents Registration Act registration related to you, PIF, and/or Golf Saudi.

2104513

29.     Your communications with other golf tours, including the European Tour, MENA Tour, Asian Tour, Japan Golf Tour, Korean Tour, Sunshine Tour, PGA Tour of Australasia, and PGA Tour of China, related to the PGA TOUR, your efforts to compete with, and/or displace the PGA TOUR, and actual or potential partnerships or co-sanctioning agreements with the foregoing golf tours.

30.     Your communications with, and related to, the Major tournaments, including all communications related to the PGA TOUR, your efforts to compete with the TOUR, any PGA TOUR member, this litigation, the Kingdom of Saudi Arabia, the OWGR, OWGR rankings, and/or LIV golfer's ability to participate in the Major tournaments.

31.     Your communications with, and related to, the OWGR, including communications related to your OWGR application, any analysis or consideration of whether you meet the OWGR criteria, and/or communications with the Asian Tour and MENA Tour related to the OWGR.

32.     Your communications with, and related to, the Ryder Cup, the President's Cup, and the Olympics.

33.     Your knowledge and/or understanding of the media rights and conflicting events obligations set forth in Article V of the PGA TOUR Regulations, the prohibition on conduct unbecoming set forth in Article VI of the PGA TOUR Regulations, and the disciplinary provisions set forth in the PGA TOUR Regulations.

34.     Your solicitation of golfers to join LIV Golf Inc., including communications to golfers and/or their agents related to this litigation, soliciting other golfers to join LIV Golf Inc., and the legality and/or enforceability of the PGA TOUR Regulations, and your analysis of which golfers to solicit.

35.     Money or non-monetary benefits you have proposed, provided or expect to provide to any professional golfer, including PGA TOUR members.

36.     Your agreements and draft agreements with professional golfers and/or agencies representing any professional golfers who joined LIV.

37.     [Withdrawn]

38.     [Withdrawn]

11

39.     Your document retention policies.

40.     [Withdrawn]

41.     [Withdrawn]

42.     Your communications with potential, actual, and former plaintiffs in this litigation related to this litigation.

43.     Any joint defense or common interest agreements that you have entered in connection with this litigation or the allegations asserted in this litigation.

44.     Any settlement agreements that you have entered in connection with this litigation or the allegations asserted in this litigation.

45.     Any indemnity agreements or agreements to advance or pay fees and/or costs that you have entered in connection with this litigation or the allegations asserted in this allegation.

46.     The allegations in this litigation, including any allegations of harm as a result of the conduct alleged against the PGA TOUR.

47.     [Withdrawn]

48.     [Withdrawn]

49.      Your communications and agreements with any Competition Agency related to the PGA TOUR or professional golf, including all documents, presentations, and communications related to any Competition Agency's investigation of the PGA TOUR.

AMENDED NOTICE OF DEPOSITION OF LIV GOLF INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)
Case No. 5:22-cv-04486-BLF

2104513

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On May 1, 2023, I served the following document(s):

- **AMENDED NOTICE OF DEPOSITION OF PLAINTIFF AND COUNTER-DEFENDANT LIV GOLF INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)**

☑ **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format.  The transmission was reported as complete and without error.

**ATTORNEYS FOR PLAINTIFFS MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, AND LIV GOLF INC.**

RACHEL S. BRASS
LAUREN DANSEY
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone: 415.393.8200
rbrass@gibsondunn.com
ldansey@gibsondunn.com

ROBERT C. WALTERS
SCOTT K. HVIDT
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2911
Telephone: 214.698.3100
rwalters@gibsondunn.com
shvidt@gibsondunn.com

JOSHUA LIPTON
KRISTEN C. LIMARZI
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500
jlipton@gibsondunn.com
klimarzi@gibsondunn.com

JOHN B. QUINN
DOMINIC SURPRENANT
KEVIN TERUYA
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone: 213.443.3000
johnquinn@quinnemanuel.com
dominicsurprenant@quinnemanuel.com
kevinteruya@quinnemanuel.com

ROBERT P. FELDMAN
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA  94065
Telephone: 650.801.5000
bobfeldman@quinnemanuel.com

AMENDED NOTICE OF DEPOSITION OF LIV GOLF INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)
Case No. 5:22-cv-04486-BLF

2104513

1    Executed on May 1, 2023, at San Francisco, California.

2    I declare under penalty of perjury under the laws of the State of California that the above is true
     and correct.
3

4

5

6    _____

7    Victor T. Chiu

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    14