RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:   415.393.8306

RUSSELL H. FALCONER, *pro hac vice*
  rfalconer@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500

ROBERT C. WALTERS, *pro hac vice*
  rob@rcwalterspc.com
ROBERT C. WALTERS, PC
2001 Ross Avenue
Dallas, Texas 75201-2911
Telephone: 214.727.2466

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000

*Attorneys for Plaintiffs Matt Jones, Bryson DeChambeau, and LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and YASIR OTHMAN AL-RUMAYYAN <br><br> Counter-Defendants. | CASE NO. 5:22-cv-04486-BLF-SVK <br><br> **JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE** |

Pursuant to Civil Local Rule 7-12 and the Case Management Conference held on April 7, 2023 and the Court' Order Following Case Management Conference, ECF 404, Plaintiffs Matt Jones, Bryson DeChambeau, ("Player Plaintiffs"), and LIV Golf Inc. (collectively, "Plaintiffs"), Defendant and Counter-Claimant PGA TOUR, Inc. ("Defendant"), and Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and Yasir Othman Al-Rumayyan (collectively, "Parties") by and through their undersigned counsel of record, submit the following joint statement regarding modification of the case schedule.

Following the Case Management Conference held on April 7, 2023 and the Court' Order Following Case Management Conference, ECF 404, counsel for the Parties met and conferred regarding the case schedule. Plaintiffs ask the Court to enter their proposed schedule, while the TOUR believes that the Court will be best positioned to address issues related to the schedule at the May 22, 2023 case management conference.

I. **Plaintiffs' Statement**

During the April 7, 2023 Case Management Conference, Plaintiffs agreed to the Tour's request to extend the fact discovery deadline to June 30, 2023. Then, the Court ordered the parties to "talk about a reasonable schedule for the expert reports to be produced" and "to do that offline . . . and then you can just send me a stip and order." Apr. 7, 2023 CMC Tr. at 61:21–62:5-11. The following business day, the Court entered a scheduling order setting further Case Management Conference for May 22, 2023, setting the last day to hear dispositive motions for January 11, 2024, setting final pretrial conference for April 11, 2024, and setting jury selection and trial for May 17, 2024. ECF 404. The Court also directed that the Parties may meet and confer regarding a summary judgment briefing schedule. *Id.* Consistent with the Court's orders, Plaintiffs sent the Tour a proposed schedule on April 12, 2023. The parties met and conferred regarding the schedule on April 13, 2023. The Tour indicated it would provide Plaintiffs with its position on the schedule "soon." A week passed and the Tour had not provided Plaintiffs with a counterproposal or its approval to submit the joint stipulation.

In the meantime, consistent with the Court's comments at the April 7, 2023 Case Management Conference about the need to timely seek discovery of third parties, Plaintiffs and the Tour each

propounded additional subpoenas for depositions and production of documents on a handful of third parties after March 30. For their part, Plaintiffs served subpoenas for depositions and documents on three additional Tour players and a sports agent on March 31 and shortly thereafter. In response, each of those four Tour-aligned third parties filed motions to quash in other jurisdictions arguing that the subpoenas were untimely. Each ties this argument to the following statement in the case schedule entered on January 5, 2023: the "written discovery and document production cutoff" was set for March 30, 2023. In an effort to limit the burden of litigating this issue in four district courts, and because the Tour had not yet responded to Plaintiffs' case schedule, on April 19, 2023, Plaintiffs proposed adding to the schedule an explicit deadline for the parties to subpoena third parties for documents to clarify that the March 30 deadline did not apply to third parties, consistent with the parties' understanding of the deadline as evidenced by their parallel service of third-party subpoenas for depositions and documents after that date.

Plaintiffs repeatedly sought the Tour's response to its proposed schedule multiple times to no avail. Accordingly, on April 28, 2023, Plaintiffs then sent the Tour their half of a joint statement to get a case schedule set. Only after requiring Plaintiffs to draft this joint statement did the Tour provide a substantive case schedule proposal—at which time, in a continued attempt to relitigate issues already decided by this Court, it proposed a schedule that sets all case deadlines for a date after the disposition of appeals by the Public Investment Fund of the Kingdom of Saudi Arabia (PIF) and Yasir Al-Rumayyan, effectively bringing the case to a halt while those appeals are resolved.

Further, the Tour has mischaracterized the facts surrounding depositions scheduling. First, the Tour fails to disclose that the four witnesses who have sought to change their deposition dates are all nonparties that have conflicts on their originally proposed deposition date and have all proposed alternate deposition dates before the end of June. Second, the Tour's insistence that these depositions must go forward immediately underscores the hypocrisy of its latest stay request. On the one hand, the Tour wants the depositions *it wants to take* to go forward immediately, with no delays even to account for the personal commitments of third-party witnesses. But on the other hand, the Tour wants the depositions *it doesn't want to go forward*—such as the depositions of its top executives (for whom the

Tour has refused even to provide deposition dates)—to be stayed indefinitely. That's not how it works. By insisting that these depositions go forward immediately, the Tour concedes that a total stay is inappropriate. Moreover, the Tour's insistence that these depositions go forward undermines its contention at the April 7, 2023 case management conference that Defendant was prejudiced by the purported lack of discovery from the Public Investment Fund and Mr. Al-Rumayyan such that it could not take depositions. It appears all sides now agree that there is no basis for a total stay. That is exactly what this Court has held repeatedly in denying the Tour's repeated requests for a stay.

***Case Schedule***

During the April 7, 2023 Case Management Conference, the Tour asked the Court to extend discovery deadlines by four months and to vacate the expert discovery deadline, the summary judgment deadline, and the trial setting. The Court responded to the Tour's request by extending *only* the deposition deadline to June 30, 2022. The Court ordered the parties to meet and confer regarding the expert discovery deadline in light of that ruling, and set summary judgment and trial for dates certain in 2024. In response to the Tour's arguments that it could not proceed without discovery from PIF and Mr. Al-Rumayyan, the Court responded, "We're not coming to a halt here. This case will take ten years to litigate, and that's not going to happen. It might take more than – it might take more than until next January, Mr. Quinn, but I – I agree with you, we're not coming to a halt." Apr. 7, 2023 CMC Tr. at 41:5–9. And the Court further told the Tour, "If you have not subpoenaed all communications [non-parties] had with [other non-parties to Plaintiffs' claims], you need to do that, and then you need to depose them." *Id.* at 40:13-16.

Plaintiffs' proposed schedule is consistent with that guidance and the Court's April 10 order setting expert discovery, summary judgment briefing and pre-trial deadlines. The Tour for its part insists on relitigating the questions already decided. As the Court previously explained, depositions are critical to "preserve evidence" and can be reopened later if the Tour obtains relevant evidence from PIF and Mr. Al-Rumayyan. *Id.* at 35:19-36:20, 40:25-41:4. In the meantime, without those depositions, memories will fade and evidence risks being lost forever. Expert reports can likewise be supplemented with newly available evidence. *Id.* at 52:22-53:1. And, in the meantime, Plaintiffs can

probe into the content and nature of discussions with PIF and Mr. Al-Rumayyan by serving subpoenas and otherwise seeking discovery of the parties with whom they communicated. Rather than comply with the Court's order, the Tour sought a case schedule recycling the same arguments the Court already rejected.

Plaintiffs suffer ongoing and irreparable harm from the Tour's anticompetitive conduct. Deadlines set years into the future assumes the Court is going to grant the Tour's pending stay motion. A stay would allow the Tour to continue its unlawful conduct for years to potentially drive LIV out of the market and harm Player Plaintiffs' careers. If that happens, the golf markets will return to the status quo to the detriment of golf fans and players everywhere. Plaintiffs request the Court enter a scheduling order consistent with its prior orders.

***Non-party Subpoena Duces Tecum Deadline***

LIV timely subpoenaed four non-parties with document and deposition subpoenas on or shortly after March 31, 2023, almost two months before the Court's then May 26, 2023 deadline. These Tour-aligned nonparties claim in response and in motions to quash pending in other jurisdictions that these subpoenas are untimely. The Tour's own non-party discovery efforts show it disagrees with these non-parties as the Tour has subpoenaed four non-parties requesting documents since the April 7, 2023 Case Management Conference. The Tour clearly does not believe the deadline to subpoena non-parties for documents has passed—or else it admits its own subpoenas are untimely.

This Court made clear at each of the last two Case Management Conferences that the March 30, 2023 party written discovery deadline does not apply to non-party discovery. On February 24, 2023, this Court explained that the "document production deadline" of March 30, 2022 does not apply to third parties when she said that by April 6, 2023, "I expect that you will have completed all of the document discovery, **separate from the third parties**." Feb. 24, 2023 CMC Hrg'g Tr. at 45:18–24 (emphasis added). Then, the Court reiterated that the March 30, 2023 deadline did not apply to third party discovery at the April 7, 2023 Case Management Conference. In response to an inquiry from the Tour as to the need to complete discovery of PIF and Mr. Al-Rumayyan before proceeding further, the Court said, "If you need a one week extension of time to get those subpoenas out, I'll give you that if

your time to send those subpoenas has expired." Apr. 7, 2023 CMC Hrg'g Tr. at 39:18-22. Then, the Court said, "If you have not subpoenaed all communications [non-parties] had with [other non-parties to Plaintiffs' claims], you need to do that, and then you need to depose them." *Id.* at 40:13-16. As of April 7, 2023, the Court did not interpret the non-party document and deposition subpoena deadline as having passed and supported completing additional necessary discovery that was not yet complete.

To avoid the risk of unduly burdening other courts with discovery motions about this Court's schedule, LIV sought the Tour's position on the addition of a deadline for non-party subpoena duces tecum in the case schedule. The Tour dragged its feet in response, then rejected the insertion of the non-party subpoena duces tecum deadline, and then dragged its feet again in sending its joint statement to LIV about this issue. It has been over two weeks since LIV asked the Tour for its position. In the meantime, the confusion regarding the case deadlines are prejudicing Plaintiffs. For example, a Court in the Southern District of Georgia—prior to the opposition deadline and therefore without the benefit of Plaintiffs' brief—quashed a subpoena served after March 30, 2023 on a third party, Kevin Kisner, finding that the subpoena was untimely under the case schedule. *Jones, et al. v. PGA, Tour, Inc.*, MC-123-011, S.D. Ga. (May 2, 2023). There are three, nearly identical pending motions to quash other nonparty subpoenas that similarly argue the subpoenas are untimely under the case schedule. The urgency in clarity is concrete and specific. Plaintiffs believe that the Court and the Tour agree the outstanding nonparty subpoenas are not untimely based on the Court's orders and statements and the Tour's actions. The Tour rejected the insertion of the deadline. With the proposed deadline of May 19, 2023, LIV seeks to establish a clear deadline for the benefit of the parties, non-parties, and other courts in which motions to quash on the grounds of untimeliness are pending or future motions may be filed. This deadline is consistent with the Court's directive at the April 7, 2023 Case Management Conference. And, Plaintiffs believe it disingenuous for the Tour to seek deadlines years in the future while refusing to enter a deadline that makes clear that non-party subpoenas the parties have served are timely. There is no harm to the Tour for the entry of the deadline Plaintiffs requests.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs request that the Court enter the schedule they propose below, which is consistent with the Court's orders. Entering the below schedule will establish clarity for the parties, the Court, non-parties and courts that are handling discovery disputes with non-parties:

| Date Per ECF 204 | Plaintiffs' Proposed Date | Tour's Proposed Date | Event |
|---|---|---|---|
| | Friday, May 19, 2023 | N/A | Deadline to Serve Subpoena Duces Tecum on Non-Party Witnesses |
| | Monday, May 22, 2023 at 1 p.m. PT | Monday, May 22, 2023 at 1 p.m. PT | Case Management Conference |
| | No position | 30 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Deadline for PIF / Al-Rumayyan to Complete Document Production |
| Friday, May 26, 2023 | Friday, June 30, 2023 | 60 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Fact Witness Deposition Cutoff |
| Wednesday, May 31, 2023 | Friday, September 1, 2023 | 90 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Opening Expert Reports |
| Friday, June 23, 2023 | Friday, September 29, 2023 | 150 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Rebuttal Expert Reports |
| Wednesday, July 12, 2023 | Friday, October 27, 2023 | 180 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Close of Expert Discovery |
| Thursday, June 29, 2023 | Tuesday, November 7, 2023 | 210 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Defendant's Deadline to File Motion for Summary Judgment |
| Thursday, July 13, 2023 | Tuesday, November 21, 2023 | 231 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Deadline to Oppose Defendant's Motion for Summary Judgment/File Cross-Motion for Summary Judgment |

| | | | |
|---|---|---|---|
| Thursday, July 27, 2023 | Thursday, December 7, 2023 | 252 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Reply in Support of Defendant's Motion/Opposition to Cross-Motion for Summary Judgment |
| Thursday, August 3, 2023 | Thursday, December 14, 2023 | 273 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Reply in Support of Cross-Motion for Summary Judgment |
| Thursday, August 17, 2023 at 9:00 a.m. PT | Thursday, January 11, 2024 | 301 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Hearing on Cross-Motions for Summary Judgment |
| Thursday, November 2, 2023 | Thursday, March 28, 2024 | 325 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Joint Pretrial Statement and Order |
| Thursday, November 2, 2023 | Thursday, March 28, 2024 | 325 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Motions in Limine Deadline |
| Thursday, November 9, 2023 | Thursday, April 4, 2024 | 339 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Oppositions to Motions in Limine |
| Thursday, November 16, 2023 at 1:30 p.m. PT | Thursday, April 11, 2024 at 1:30 p.m. PT | 353 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Final Pretrial Conference |
| Monday, January 8, 2024 | Friday, May 17, 2024 at 9:00 a.m. PT | 374 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Trial |

## II. PIF and Mr. Al-Rumayyan's Statement

The Public Investment Fund ("PIF") and His Excellency Yasir Othman Al-Rumayyan continue to dispute the Tour's unsupported and fully contested characterizations, including as to their involvement in this litigation. The Tour's assertion of "defiance" of orders by these parties is wrong: PIF and Mr. Al-Rumayyan have properly sought to stay discovery as to them in motions to stay that are now fully briefed (and, as shown in those papers, were essentially uncontested by the Tour). In light of those motions, their pending appeal to the Ninth Circuit, and their forthcoming motion to

dismiss, PIF and Mr. Al-Rumayyan take no position on the proposed discovery schedule at this juncture.

### III.   Defendant's Statement

*Plaintiffs' "Request" Is Procedurally Improper and Unnecessary*

The Court should deny Plaintiffs' request for an order on the case schedule, which comes in the guise of a "case management statement" instead of as a properly noticed motion. As they repeatedly acknowledge above, the Court has *already set* a case management conference in this case for May 22, 2023, *see* Dkt. 404, with a corresponding deadline for the parties' joint statement less than two weeks from today, on May 15, 2023. The parties should lay out their positions for the Court in the case management statement the Court has already ordered them to submit and discuss these issues on May 22. Plaintiffs' insistence on two rounds of briefing on the same issues amounts to an unnecessary exercise in make work for both the TOUR and the Court.

If, however, the Court is inclined to consider Plaintiffs' improper request, it should deny it on the merits for the reasons explained below.

*Plaintiffs' Proposed Schedule Ignores the Present Reality of this Litigation*

Contrary to the misleading characterizations above, the TOUR has repeatedly told Plaintiffs that the TOUR remains willing to discuss the case schedule. The TOUR has asked only that those conversations take into consideration the present reality of this litigation, namely that: (1) the Court has now denied Plaintiffs' motion to bifurcate, meaning that the TOUR's counterclaims and Plaintiffs' antitrust claims must proceed on the same schedule; (2) the TOUR has received zero discovery from the PIF and Mr. Al-Rumayyan, named counter-defendants who are *presently* defying a Court order to produce it and who refuse to confirm that they are even preserving evidence relevant to this case; and (3) the TOUR has cross-moved for a stay of all discovery in order to rectify the fundamental unfairness created by LIV's owners at PIF, who are the real parties in interest in this case. Indeed, another named plaintiff and player, Peter Uihlein, dismissed his claims with prejudice on May 4, 2023, confirming that this case is, and has always been, about PIF and its creation, LIV. Plaintiffs are unwilling to acknowledge, let alone discuss, any of these issues, and instead insist that the TOUR agree to go

forward with fact depositions, expert discovery, dispositive motions and potentially *trial* without evidence the Court has already found relevant to the TOUR's defenses and counterclaims.

**First**, when the Court issued its order setting the last day to hear dispositive motions, a final pretrial conference, and trial, it had not yet ruled on Plaintiffs' motion to bifurcate the TOUR's counterclaims. *See* Dkt. 404. Since that Order, the Court denied Plaintiffs' motion, ensuring that the TOUR's counterclaims will proceed on the same schedule as Plaintiffs' antitrust claims. *See* Dkt. 408. In view of that reality, Plaintiffs' proposed schedule would require the TOUR to complete fact and expert discovery on its counterclaims without ever receiving a single document from the named counter-defendants or taking their depositions. This reality renders Plaintiffs' proposed case schedule untenable while PIF and Mr. Al-Rumayyan persist in their interlocutory appeals and seek to delay the resolution of their forthcoming motion to dismiss.

When the TOUR asked Plaintiffs' counsel a series of questions about how their proposed schedule would impact the TOUR's ability to secure the necessary evidence from PIF and Mr. Al-Rumayyan to defend against Plaintiffs' claims and prosecute the TOUR's counterclaims, Plaintiffs refused to provide any substantive answers. The TOUR asked, for example, whether Plaintiffs contend that the TOUR should be forced to litigate dispositive motions on its counterclaims without discovery from PIF or Mr. Al-Rumayyan, or whether it should be compelled to produce expert reports related to its counterclaims without the same evidence. Plaintiffs' counsel refused to even engage with these basic problems, and instead insisted that the TOUR accept minor modifications to a schedule that was reached when this case had a very different posture. In fact, the TOUR would almost certainly be forced to completely forego summary judgment on its counterclaims under Plaintiffs' proposal. Given the length of Ninth Circuit appeals, *see* Dkt. 415 at 6 n.1-2, it is unclear how Plaintiffs expect the TOUR to actually try its counterclaims on the present timetable. Plaintiffs' proposal is fundamentally unfair and one-sided, and should be rejected for that reason alone.

**Second**, Plaintiffs' proposed schedule is unworkable given that PIF and Mr. Al-Rumayyan continue to refuse to produce *any* discovery in this case, even though they are currently defying a Court order requiring them to do so. Discovery from PIF and Mr. Al-Rumayyan is *no longer stayed*, but they

refuse to produce any materials or provide testimony, or answer a single question about what they have done to preserve relevant evidence. Instead, they have in effect granted themselves a blanket stay, ignoring the representations they made to the Court to obtain their preferred schedule. Without discovery from PIF and Mr. Al-Rumayyan, as the TOUR has explained in several recent filings, the TOUR is severely prejudiced in its ability to *defend* against Plaintiffs' antitrust claims. Without information from PIF and Mr. Al-Rumayyan, the TOUR cannot fully prepare to depose LIV's witnesses, numerous third parties, and the remaining Player Plaintiffs. The TOUR is likewise constrained in its ability to prepare expert reports, and the TOUR cannot fully defend against or pursue case dispositive motions in the absence of evidence from PIF and Mr. Al-Rumayyan.

**Third**, since the Court set the current deadlines, the TOUR has filed a cross-motion to stay all discovery in this case if the Court is inclined to grant any stay of discovery as to PIF and Mr. Al-Rumayyan. *See* Dkt. 415. Briefing on that motion is not yet complete; the TOUR's reply is due on May 11, 2023. The TOUR respectfully suggests that the Court wait for complete briefing on the TOUR's cross-motion, and the opportunity to discuss the various issues raised in the three currently-pending stay requests at the May 22, 2023 case management conference, before further addressing the case schedule.

**Fourth**, Plaintiffs have unilaterally postponed deposition dates for four witnesses that had been **confirmed** weeks ago and were scheduled to occur before the May 22 case management conference. Plaintiffs' decision to inexplicably pull the deposition dates for these key witnesses and reset them **after** the briefing on the TOUR's motion to stay and **after** the May 22 case management conference has only exacerbated the prejudice inherent in their proposed schedule. Consistent with the Court's direction at the April 7, 2023 case management conference, the TOUR has sought to depose key witnesses with knowledge of PIF and Mr. Al-Rumayyan's involvement in LIV's creation, operations, and finances. But despite having an agreed upon schedule for depositions, the same lawyers who represent the Plaintiffs recently pulled several deposition dates in a coordinated and blatant effort to preclude the TOUR from developing a record that demonstrates the critical nature of the discovery PIF and Mr. Al-Rumayyan. For example, the TOUR subpoenaed Mr. Atul Khosla, LIV's former chief

operating officer, and the parties agreed in April on a May 19, 2023 date for his deposition. Then, on May 1, Plaintiffs attempted to unilaterally cancel his deposition, despite the TOUR's service of an amended subpoena, and offered a new date only after the next case management conference. Plaintiffs' attempt to cancel Mr. Khosla's deposition came two days after Plaintiffs' counsel pulled the deposition dates for three other key witnesses that were scheduled to occur before the May 22 case management conference—Jed Moore, Sean Bratches, and Gary Davidson—each of whom work for Performance54, the entity created by PIF to form LIV. And, when pressed, Plaintiffs refused to commit to going forward with any of the depositions of their witnesses that are scheduled to occur before the May 22 case management conference. Unlike Plaintiffs, the TOUR has produced six key witnesses for deposition. In contrast, Plaintiffs have prevented the TOUR from taking a single deposition of a Plaintiff-affiliated witness. This transparent gamesmanship is yet another example of Plaintiffs' campaign to deny the TOUR necessary discovery while simultaneously demanding an aggressive and unfair schedule.

Plaintiffs suggest that, because the TOUR has sought to depose witness who have information regarding the extent of PIF and Mr. Al-Rumayyan's control over LIV, the TOUR somehow has conceded that no stay is necessary and it has not been prejudiced by PIF and Mr. Al-Rumayyan's refusal to cooperate in discovery. That is incorrect. Although the TOUR has moved for a stay of discovery, just as PIF and Mr. Al-Rumayyan have done, discovery *is not currently stayed*. Unlike PIF and Mr. Al-Rumayyan, who continue to disregard their pending discovery obligations, the TOUR has complied with its discovery obligations and sought to depose witnesses associated with PIF and Mr. Al-Rumayyan precisely *because* the TOUR is deeply prejudiced by their failure to participate in discovery. Instead of helping itself to a *de facto* stay as PIF and Mr. Al-Rumayyan are doing, the TOUR is proceeding exactly as the Court instructed: developing the record on the critical importance of PIF and Mr. Al-Rumayyan's evidence. The fact that Plaintiffs' counsel is doing everything they can to forestall the TOUR's access to this information and delay these critical depositions is not an argument in Plaintiffs' favor. It is yet another reason for the Court to stay discovery while PIF and Mr. Al-Rumayyan pursue their appeals.

*The TOUR's Proposed Schedule Is Reasonable and Reflects the Current Status of the Litigation*

In contrast to Plaintiffs' proposal, the TOUR's proposed schedule represents a reasonable and common-sense approach that both reflects the reality of the current litigation status and provides for an aggressive timeline after PIF and Mr. Al-Rumayyan's appeals are finally resolved.

For all the reasons explained above and in the TOUR's recent filings, it is fundamentally unfair to set a schedule where fact discovery closes without any participation from PIF or Mr. Al-Rumayyan. It is likewise unfair to require the TOUR to produce expert reports, move for and oppose summary judgment, and proceed to trial on both the antitrust claims and the TOUR's counterclaims without that core evidence. The TOUR's schedule accounts for this unfairness in the only logical way: each deadline is keyed off of the final disposition of PIF and Mr. Al-Rumayyan's interlocutory appeals related to sovereign immunity issues.

Indeed, the Court has already acknowledged the relevance of this evidence to the TOUR's defense of the antitrust claims, and the parties remain essentially at square one on the counterclaims until PIF and Mr. Al-Rumayyan begin producing discovery. The TOUR's proposal gets the case to trial on aggressive schedule—just over one year—after PIF and Mr. Al-Rumayyan's appeals are resolved. This proposal is consistent with all three of the pending stay requests but ensures that the case is resolved expeditiously after the interlocutory proceedings conclude. In other words, the TOUR's proposal preserves its ability to litigate its defenses and counterclaims fully and fairly while accounting for Plaintiffs' claimed urgency in a final resolution.

For the reasons described above, if the Court is inclined to consider entering an order on the case schedule prior to resolving the pending stay motions and the May 22, 2023 case management conference, the TOUR respectfully requests that it enter the schedule set forth below:

| **Date Per ECF 204** | **Tour's Proposed Date** | **Event** |
|---|---|---|
| | N/A | Deadline to Serve Subpoena Duces Tecum on Non-Party Witnesses |
| | Monday, May 22, 2023 at 1 p.m. PT | Case Management Conference |

| | | |
|---|---|---|
| | 30 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Deadline for PIF / Al-Rumayyan to Complete Document Production |
| Friday, May 26, 2023 | 60 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Fact Witness Deposition Cutoff |
| Wednesday, May 31, 2023 | 90 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Opening Expert Reports |
| Friday, June 23, 2023 | 150 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Rebuttal Expert Reports |
| Wednesday, July 12, 2023 | 180 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Close of Expert Discovery |
| Thursday, June 29, 2023 | 210 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Defendant's Deadline to File Motion for Summary Judgment |
| Thursday, July 13, 2023 | 231 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Deadline to Oppose Defendant's Motion for Summary Judgment/File Cross-Motion for Summary Judgment |
| Thursday, July 27, 2023 | 252 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Reply in Support of Defendant's Motion/Opposition to Cross-Motion for Summary Judgment |
| Thursday, August 3, 2023 | 273 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Reply in Support of Cross-Motion for Summary Judgment |
| Thursday, August 17, 2023 at 9:00 a.m. PT | 301 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Hearing on Cross-Motions for Summary Judgment |
| Thursday, November 2, 2023 | 325 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Joint Pretrial Statement and Order |
| Thursday, November 2, 2023 | 325 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Motions in Limine Deadline |

| | | |
|---|---|---|
| Thursday, November 9, 2023 | 339 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Oppositions to Motions in Limine |
| Thursday, November 16, 2023 at 1:30 p.m. PT | 353 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Final Pretrial Conference |
| Monday, January 8, 2024 | 374 days following final disposition of PIF and Mr. Al-Rumayyan's appeals | Trial |

| | |
|---|---|
| DATED: May 5, 2023 | Respectfully submitted, |
| | By:     /s/ Rachel S. Brass |

                                      RACHEL S. BRASS, SBN 219301
                                        rbrass@gibsondunn.com
                                      LAUREN D. DANSEY, SBN 311886
                                        ldansey@gibsondunn.com
                                      GIBSON, DUNN & CRUTCHER LLP
                                      555 Mission Street, Suite 3000
                                      San Francisco, California 94105-0921
                                      Telephone: 415.393.8200
                                      Facsimile: 415.393.8306

RUSSELL H. FALCONER, *pro hac vice*
  rfalconer@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
  Dallas, Texas 75201-2911
  Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500

ROBERT C. WALTERS, *pro hac vice*
  rob@rcwalterspc.com
ROBERT C. WALTERS, PC
2001 Ross Avenue
Dallas, Texas 75201-2911
Telephone:    214.727.2466

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

|   |   |
|---|---|
|   | ROBERT P. FELDMAN, SBN 69602<br>  bobfeldman@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone:  650.801.5000<br>Facsimile:  650.801.5100<br><br>*Attorneys for Plaintiffs Matt Jones, Bryson DeChambeau, Peter Uihlein, and LIV Golf Inc.* |
| DATED:  May 5, 2023 | KEKER, VAN NEST & PETERS LLP<br>By: _____/s/ Nicholas S. Goldberg_____<br>         Nicholas S. Goldberg<br><br>ELLIOT R. PETERS, SBN 158708<br>  epeters@keker.com<br>DAVID SILBERT, SBN 173128<br>  dsilbert@keker.com<br>R. ADAM LAURIDSEN, SBN 243780<br>  alauridsen@keker.com<br>NICHOLAS S. GOLDBERG, SBN 273614<br>  ngoldberg@keker.com<br>SOPHIE HOOD, SBN 295881<br>  shood@keker.com<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     (415) 391-5400<br>Facsimile:      (415) 397-7188<br><br><br>ANTHONY J. DREYER, admitted *pro hac vice*<br>  anthony.dreyer@skadden.com<br>KAREN M. LENT, admitted *pro hac vice*<br>  karen.lent@skadden.com<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, Ny 10001<br>Telephone:     (212) 735-3000<br>Facsimile:      (212) 735-2000/1<br><br>*Attorneys for Defendant PGA Tour, Inc.* |

| | | |
|---|---|---|
| 1 | DATED:  May 5, 2023 | WHITE & CASE LLP |
| 2 | | By: _____*Carolyn Lamm*_____ |
| | | Carolyn Lamm |

CAROLYN LAMM (*pro hac vice*)
  clamm@whitecase.com
HANSEL PHAM (*pro hac vice*)
  hpham@whitecase.com
NICOLLE KOWNACKI (*pro hac vice*)
  nkownacki@whitecase.com
WHITE & CASE LLP
701 THIRTEENTH STREET, NW
WASHINGTON, D.C. 20005
Telephone:     (202) 626 - 3600

JACK E. PACE III (*pro hac vice*)
  jpace@whitecase.com
KIMBERLY A. HAVLIN (*pro hac vice*)
  kim.havlin@whitecase.com
HANNELORE SKLAR (*pro hac vice*)
  Hannelore.sklar@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone     (212) 819 – 8200

HEATHER M. BURKE, SBN 284100
  hburke@whitecase.com
WHITE & CASE LLP
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306
Telephone:     (650) 213 – 0300

*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

DATED: May 5, 2023                                     GIBSON, DUNN & CRUTCHER LLP

                                                                     By:    */s/ Rachel S. Brass*
                                                                                  Rachel S. Brass