Edward D. Greim, Esq.
Graves Garrett LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: 816-256-3181
edgreim@gravesgarrett.com

*Attorney for Designated Party*
*Clout Public Affairs LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br> Counter-Defendant. | Case No. 5:22-cv-04486-BLF <br><br> **DECLARATION OF EDWARD GREIM IN SUPPORT OF SEALING RE: DKT. 423** |

1

Case 5:22-cv-04486-BLF   Document 427-1   Filed 05/11/23   Page 2 of 6

I, Edward D. Greim, declare as follows:

1. I am duly licensed to practice law in the States of Missouri, Kansas, and New York and am legal counsel for Clout Public Affairs, LLC ("Clout"). I submit this declaration in support of Clout's statement in support of sealing ("Sealing Statement") in connection with Plaintiffs and Counter-Defendants Opposition to PGA Tour, Inc.'s Alternative Cross-Motion for Stay of Discovery, Dkt. 423 ("Alternative Cross-Motion").

2. I have knowledge of the facts set forth in this declaration and, if called to testify as a witness thereto, could do so competently under oath.

3. The material Clout seeks to maintain under seal reflects competitively sensitive business information regarding the PGA Tour, as well as sensitive internal and external communications from Clout, a non-party consultant retained by the PGA Tour to advise and assist with competitive and strategic issues. Many of Clout's materials reflect its own internal thought processes, procedures for developing ideas and messaging, and know-how in the area of strategic communications and First Amendment-protected political advocacy and speech. These materials were designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under the Protective Order.

4. Clout seeks to seal Line 4:13 of the Memorandum and Points of Authority (Doc. 423). This line includes sensitive information regarding the PGA Tour's strategic decisions and Clout's work for the PGA Tour. Disclosing this information would likely cause harm to the PGA Tour's relationships with business partners and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. Further, Clout employees have a reasonable fear of retaliation from the Kingdom

2

of Saudi Arabia, the funder of LIV through its Public Investment Fund ("PIF"), given its track record on human rights violations and dissident retaliation. This information is sensitive and likely to provoke the Kingdom.

5. Within the Declaration of Dominic Surprenant (Doc. 423-22), Clout agrees to release Paragraph 2 and Paragraph 5 (lines 20-22) and permit the Declaration to be filed without these portions being sealed.

6. Clout seeks to seal Paragraphs 4, 6, 14, 17, 20, 21, and 22 within the Declaration of Dominic Surprenant (Doc. 423-22). These paragraphs reference sensitive communications between PGA Tour and Clout employees regarding strategic advice on competitive issues. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's expectation of confidentiality and privacy in its communications with clients, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. Further, deposition references are included that reveal sensitive information regarding the PGA Tour's strategic decisions and Clout's work for the PGA Tour. Disclosing these references would likely cause harm to the PGA Tour's relationships with business partners and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. Further, Clout employees have a reasonable fear of retaliation from the Kingdom of Saudi Arabia, the funder of LIV through its PIF, given its track record on human right's violations and dissident retaliation. This transcript is sensitive and likely to provoke the Kingdom.

7. Clout agrees to release Exhibit A (Doc. 423-1) and permit this document to be filed without being sealed.

8. Clout seeks to seal Exhibit C (Doc. 423-3). This exhibit is comprised of sensitive communications between PGA Tour and Clout employees regarding strategic advice on competitive issues. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's expectation of confidentiality and privacy in its communications with clients, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy.

9. Clout seeks to seal Exhibit D (Doc. 423-4). This exhibit is comprised of sensitive communications between PGA Tour and Clout employees regarding strategic advice on competitive issues. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's expectation of confidentiality and privacy in its communications with clients, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy.

10. Clout seeks to seal Exhibit E (Doc. 423-5). This exhibit is a portion of a deposition transcript that reveals sensitive information regarding the PGA Tour's strategic decisions and Clout's work for the PGA Tour. Disclosing this transcript would likely cause harm to the PGA Tour's relationships with business partners and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. Further, Clout employees have a reasonable fear of retaliation

from the Kingdom of Saudi Arabia, the funder of LIV through its PIF, given its track record on human right's violations and dissident retaliation. This transcript is sensitive and likely to provoke the Kingdom.

11. Clout seeks to seal Exhibit H (Doc. 423-8). This exhibit is comprised of internal communications amongst Clout employees regarding the PGA Tour's strategic decisions and Clout's work for the PGA Tour. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy.

12. Clout seeks to seal Exhibit K (Doc. 423-11). This exhibit is comprised of internal communications amongst Clout employees regarding the PGA Tour's strategic decisions and Clout's work for the PGA Tour. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy.

13. Clout seeks to seal Exhibit N (Doc. 423-14). This exhibit includes sensitive communications both internally (amongst Clout employees) and externally (between PGA Tour and Clout employees) regarding strategic advice provided to the PGA Tour on competitive issues. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's expectation of confidentiality and privacy in its

communications with clients and its internal communications, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. Further, Clout employees have a reasonable fear of retaliation from Saudi Arabia, the funder of LIV, given its track record on human right's violations and dissident retaliation. These communications are sensitive and likely to provoke the Kingdom.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on May 11, 2023.

Edward D. Greim