Edward D. Greim, Esq.
Graves Garrett LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: 816-256-3181
edgreim@gravesgarrett.com

*Attorney for Designated Party
Clout Public Affairs, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., | Case No. 5:22-cv-04486-BLF |
| Plaintiffs, | **[PROPOSED] ORDER ON CLOUT PUBLIC AFFAIRS, LLC'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED AT DKT. 442** |
| v. | |
| PGA TOUR, INC., | |
| Defendant and Counter-Plaintiff, | |
| v. | |
| LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, | |
| Counter-Defendant. | |

1

This Court, having fully considered the papers and arguments presented by the parties, hereby GRANTS IN PART AND DENIES IN PART the Administrative Motion to Consider Whether Another Party's Materials Should be Sealed. The following documents will remain sealed:

| ECF No. | Document | Text to be Sealed | Basis for Sealing |
|---|---|---|---|
| 423 | Memorandum and Points of Authority | Line 4:13 | Reflects sensitive information regarding the PGA Tour's strategic decisions and Clout's work for the PGA Tour. Disclosing this information would likely cause harm to the PGA Tour's relationships with business partners and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. Further, Clout employees have a reasonable fear of retaliation from the Kingdom of Saudi Arabia, the funder of LIV through its Public Investment Fund ("PIF"), given its track record on human rights violations and dissident retaliation. This information is sensitive and likely to provoke the Kingdom. |
| 423-22 | Declaration of Dominic Surprenant | Paragraphs 4, 5 (except for lines 20-22), 6, 14, 17, 20, 21, 22 | The remaining portions should be sealed. They reference sensitive communications between PGA Tour and Clout employees regarding strategic advice on competitive issues. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's expectation of confidentiality |

| | | | and privacy in its communications with clients, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. |
| --- | --- | --- | --- |
| | | | Further, deposition references are included that reveal sensitive information regarding the PGA Tour's strategic decisions and Clout's work for the PGA Tour. Disclosing these references would likely cause harm to the PGA Tour's relationships with business partners and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. Further, Clout employees have a reasonable fear of retaliation from the Kingdom of Saudi Arabia, the funder of LIV through its PIF, given its track record on human right's violations and dissident retaliation. This transcript is sensitive and likely to provoke the Kingdom. |
| 423-3 | Exhibit C | Entire Exhibit | Reflects sensitive communications between PGA Tour and Clout employees regarding strategic advice on competitive issues. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's expectation of confidentiality and privacy in its communications with clients, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment |

| | | | |
|---|---|---|---|
| | | | protected political speech and advocacy. |
| 423-4 | Exhibit D | Entire Exhibit | Reflects sensitive communications between PGA Tour and Clout employees regarding strategic advice on competitive issues. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's expectation of confidentiality and privacy in its communications with clients, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. |
| 423-5 | Exhibit E | Entire Exhibit | This is a portion of a deposition transcript that reveals sensitive information regarding the PGA Tour's strategic decisions and Clout's work for the PGA Tour. Disclosing this transcript would likely cause harm to the PGA Tour's relationships with business partners and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. Further, Clout employees have a reasonable fear of retaliation from the Kingdom of Saudi Arabia, the funder of LIV through its PIF, given its track record on human right's violations and dissident retaliation. This transcript is sensitive and likely to provoke the Kingdom. |
| 423-8 | Exhibit H | Entire Exhibit | Reflects internal communications amongst Clout employees regarding the PGA Tour's strategic decisions |

| | | | |
|---|---|---|---|
| | | | and Clout's work for the PGA Tour. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. |
| 423-11 | Exhibit K | Entire Exhibit | Reflects internal communications amongst Clout employees regarding the PGA Tour's strategic decisions and Clout's work for the PGA Tour. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's reasonable expectation of confidentiality and privacy as a non-party, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. |
| 423-14 | Exhibit N | Entire Exhibit | Reflects sensitive communications both internally (amongst Clout employees) and externally (between PGA Tour and Clout employees) regarding strategic advice provided to the PGA Tour on competitive issues. Disclosing these communications would likely cause harm to the PGA Tour's relationships with business partners, reveal the PGA Tour's strategy and decision-making processes, and intrude on Clout's expectation of confidentiality and privacy in its communications |

| | | | with clients and its internal communications, as well as on Clout's confidential processes and know-how for developing ideas and messaging for First Amendment protected political speech and advocacy. Further, Clout employees have a reasonable fear of retaliation from Saudi Arabia, the funder of LIV through its PIF, given its track record on human right's violations and dissident retaliation. These communications are sensitive and likely to provoke the Kingdom. |

The following documents and excerpts shall be produced without redaction or sealing:

| ECF No. | Document | Text to be Sealed | Basis for Sealing |
|---|---|---|---|
| 423-22 | Declaration of Dominic Surprenant | Paragraphs 2 and 5 (lines 20-22) | None provided. |
| 423-1 | Exhibit A | Entire Exhibit | None provided. |

**IT IS SO ORDERED.**

DATED: _____        _____
                                                                              Hon. Susan Van Keulen
                                                                              United States Magistrate Judge