| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - # 158708<br>epeters@keker.com<br>DAVID SILBERT - # 173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - # 243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - # 295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: 415 391 5400<br>Facsimile: 415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone: 212 735 3000<br>Facsimile: 212 735 2000 |

Attorneys for Defendant and Counter- Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; and LIV GOLF, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>    Defendant.<br><br>PGA TOUR, INC.,<br><br>    Counter-claimant,<br><br>v.<br><br>LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN,<br><br>    Counter-defendants. | Case No. 5:22-CV-04486-BLF (SVK)<br><br>**DEFENDANT AND COUNTER-CLAIMANT PGA TOUR, INC.'S REPLY IN SUPPORT OF ALTERNATIVE CROSS-MOTION TO STAY DISCOVERY**<br><br>Date: September 7, 2023<br>Time: 9:00 a.m.<br>Dept.: 3<br>Judge: Hon. Beth Labson Freeman<br>Date Filed: August 3, 2022<br><br>Trial Date: May 17, 2024 |

DEFENDANT AND COUNTER-CLAIMANT PGA TOUR, INC.'S REPLY
IN SUPPORT OF ALTERNATIVE CROSS-MOTION TO STAY DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

1944563.v1

## I. INTRODUCTION

Plaintiffs concede that discovery from PIF and Mr. Al-Rumayyan is "relevant to the claims and counterclaims" and that the TOUR "may be prejudiced from trying the case without" that evidence. *See* Dkt. 423 at 9. Plaintiffs also acknowledge that the implication of the Court's order denying their motion to bifurcate is that the parties' claims and counterclaims must be tried together. *See id.* at 10. But Plaintiffs fail to accept the inescapable conclusion that follows from those facts: This case cannot go forward on the current schedule when PIF and Mr. Al-Rumayyan—two counter-defendants who are the "moving force behind the founding, funding, oversight, and operation of LIV," Dkt. 380—have made clear they will not participate in the case until their interlocutory appeals are resolved.

In an effort to force the case forward on an unfair playing field, Plaintiffs' opposition **(1)** mischaracterizes the state of discovery and the TOUR's significant efforts to obtain evidence relating to PIF's activities from other sources; **(2)** openly suggests that the Court reconsider its bifurcation order; and **(3)** proposes an insufficient remedy for the obvious prejudice to the TOUR. None of these arguments support Plaintiffs' proposed one-sided stay, where they are free to pursue complete discovery from the TOUR and move forward with their claims, while denying the TOUR the ability to effectively defend itself and pursue its counterclaims. Highlighting the *lack* of urgency, the remaining player plaintiffs dismissed their claims voluntarily, or said they would do so shortly, leaving LIV as the lone remaining plaintiff. Given that PIF and Mr. Al-Rumayyan exercise total control over LIV, this case should not move forward without them.

## II. ARGUMENT

### A. The prejudice to the TOUR strongly outweighs any prejudice of a stay.

Plaintiffs' effort to brush off PIF and Mr. Al-Rumayyan's total disregard of their discovery obligations as a "single third-party discovery issue" does not pass the straight face test. Dkt. 423 at 9. PIF and Mr. Al-Rumayyan are essential parties to this case. They created LIV; they fund LIV; they authorized and control this litigation; and they are intimately involved in virtually every significant aspect of LIV's operations. Plaintiffs concede that "the Court has found PIF and [Mr. Al-Rumayyan's] materials relevant to the claims and counterclaims" and that the TOUR will

1  "be prejudiced from trying the case without them." *Id*. This is not a mere "third-party discovery dispute," but rather a fundamental refusal to engage in any facet of the judicial process by *parties* who conceived of and authorized this litigation. The centrality of PIF and Mr. Al-Rumayyan in this case is beyond dispute. It is fundamentally unfair to force the TOUR to go forward with discovery while these essential parties to the litigation will not participate at all.

Plaintiffs argue that the TOUR does not need discovery from PIF and Mr. Al-Rumayyan because the TOUR can purportedly obtain it elsewhere. *See* Dkt. 423 at 7-8. But the Court has already rejected that argument, holding that discovery from PIF and Mr. Al-Rumayyan is "directly relevant to the claims and counterclaims, and . . . *LIV does not have access to all the same material*." Dkt. 392 at 22 (emphasis added). Indeed, as the TOUR has explained previously, LIV does *not* have all the relevant evidence possessed by PIF and Mr. Al-Rumayyan. *See, e.g.*, Dkts. 148, 169, 209, 225, 238, 271, 321-1, 374-1, 414-1. The limited evidence produced to date demonstrates that PIF and Mr. Al-Rumayyan were personally involved in LIV's negotiation with potential broadcasters and sponsors; recruitment of golfers; and establishment and funding of LIV as a powerful competitor to the TOUR. *See, e.g.*, Dkt. 374-1 at 3–6. Critically, PIF and Mr. Al-Rumayyan were often involved in these same issues *without LIV's involvement*. *See, e.g.*, Dkt. 374-1 at 4-5. Indeed, LIV is merely the end result of years of planning by PIF and Mr. Al-Rumayyan. Therefore, it is imperative that the TOUR has access to PIF and Mr. Al-Rumayyan's documents, communications, and testimony.

Next, Plaintiffs suggest that the Court "reconsider bifurcation," Dkt. 423 at 9, ignoring the Court's reasoned decision rejecting it. *See* Dkt. 408. There is no basis for reconsideration, *see* N.D. Cal. Civil L.R. 7-9, and the Court's denial of the motion means that the TOUR's counterclaims against LIV, PIF and Mr. Al-Rumayyan will be tried with Plaintiffs' claims. Plaintiffs acknowledge that "inefficiency may result if the Ninth Circuit denies immunity and orders PIF and [Mr. Al-Rumayyan] to provide discovery later in the case." Dkt. 423 at 9. That is a dramatic understatement. Proceeding through fact discovery, 300 hours of fact witness deposition testimony, expert reports and depositions, and dispositive motions will result in incurable prejudice to the TOUR. It will also force the parties and the Court to do it all again if PIF and Mr.

Al-Rumayyan's appeals are rejected. Plaintiffs tacitly admit this in a single sentence, suggesting that if the Court prefers "to try the counterclaims against all counter defendants together," it could simply "reconsider bifurcation." *See id.* 10. Implicit in their baseless request for reconsideration is an admission that it is *already* impossible to proceed on the current schedule.

Plaintiffs also rely on a series of inapposite cases. *United States v. Sivilla*, 714 F.3d 1168 (9th Cir. 2013), is a criminal case analyzing the *constitutional* implications of *destroyed* evidence and the availability of a remedial jury instruction; it has nothing to do with civil discovery. *Laub v. Horbaczewski*, 2020 WL 9066078, at *8 (C.D. Cal. July 22, 2020) undermines Plaintiffs' position. In that case, the court rejected the plaintiff's assertion that the relevance of missing text messages from a named plaintiff was "pure speculation," *id.* at *3, and found that the plaintiff's failure to produce them was prejudicial. *See id.* at *8. Unlike all of these cases, PIF and Mr. Al-Rumayyan possess critical evidence that this Court has already concluded is relevant and has ordered them to produce.

Finally, Plaintiffs contend that the prejudice to the TOUR is outweighed by the prejudice of a stay, relying on cases involving defendants *without* counterclaims. *See, e.g.*, Brown v. Van's *Int'l Foods, Inc.*, 2022 WL 1471454, at *13 (N.D. Cal. May 10, 2022). Those case are inapposite because they do not balance the prejudice to a *counter-claimant* in allowing a plaintiff to go forward while the counterclaims are put on ice. *Brown* is further distinguishable because the court denied a motion to stay in circumstances where there was *no operative pleading*. *See id.* at *14. Like their irrelevant citations, Plaintiffs' invocation of the TOUR's use of Signal, a widely used messaging platform, is a red herring. Plaintiffs attach one letter regarding the issue but intentionally omit the TOUR's response.

In sum, Plaintiffs fail to persuasively explain how the prejudice of a stay—which their own corporate masters are independently seeking for their own benefit—outweighs a one-sided discovery process that prevents the TOUR from effectively defending against Plaintiffs' claims and prosecuting its counterclaims.

**B.    The TOUR is diligently seeking discovery related to PIF and Al-Rumayyan.**

To distract from the clear prejudice of their proposed one-sided discovery stay, Plaintiffs

resort to a blatant mischaracterization of the TOUR's efforts to seek discovery from LIV witnesses and third parties. *See generally* Dkt. 423 at 2-3. The TOUR has diligently sought discovery from parties and non-parties alike regarding PIF and Mr. Al-Rumayyan's conduct.

The TOUR has served a wide range of third-party subpoenas seeking documents and testimony from entities and individuals who worked with or interacted with LIV, PIF, Mr. Al-Rumayyan, and Performance54. Not including the TOUR's subpoenas to PIF and Mr. Al-Rumayyan, the TOUR has served **seventeen** subpoenas on entities including: (1) two broadcasters with whom LIV and PIF negotiated; (2) multiple consultancies with whom LIV and PIF worked to develop LIV; (3) a public relations firm LIV and PIF retained as well as its principal; (4) several former LIV and Performance54 employees; and (5) multiple agents who were involved in negotiating contracts with LIV and PIF. *See* Goldberg Decl., ¶ 7, Ex. 2. The TOUR is diligently pursuing these subpoenas, including ongoing litigation in another district against one consultant that attended exclusive strategy meetings with PIF and Mr. Al-Rumayyan. *See McKenna Advisors LLC v. PGA TOUR, Inc.*, Case No. 1:23-mc-00008-RDA-WEF (E.D. Va. 2023).

The TOUR has likewise diligently sought discovery from LIV and its current and former employees regarding PIF and Mr. Al-Rumayyan's conduct. Plaintiffs have engaged in gamesmanship designed to frustrate the TOUR's ability to further develop this record. In late April, the parties agreed on deposition dates in mid-May for three key witnesses, Jed Moore, Gary Davidson, and Sean Bratches, all of whom have relevant evidence regarding LIV, PIF, and Mr. Al-Rumayyan's activities. *See* Goldberg Decl., ¶¶ 2-6, Ex. 1. Mr. Bratches served as LIV's Chief Commercial Officer and Messrs. Moore and Davidson are senior executives of Performance54, the entity PIF used to form LIV, who are reportedly running LIV's "day-to-day operations" following several LIV executives' departures.[1] Just days after the TOUR filed its cross motion for a stay, Plaintiffs unilaterally withdrew the agreed-upon dates for these witnesses and proposed new dates *after* briefing on this motion was completed and *after* the May 22 case management conference. *See id.* Through their gamesmanship, Plaintiffs prevented the TOUR

---

[1] *See* https://frontofficesports.com/liv-golf-adds-leadership-trio-as-coo-exits/.

4

DEFENDANT AND COUNTER-CLAIMANT PGA TOUR, INC.'S REPLY
IN SUPPORT OF ALTERNATIVE CROSS-MOTION TO STAY DISCOVERY
Case No. 5:22-CV-04486-BLF (SVK)

from taking *a single deposition* of a Plaintiff-affiliated witness during briefing on this motion. Plaintiffs' suggestion that the TOUR is failing to aggressively pursue necessary discovery, while seeking to block the TOUR from accessing it, is disingenuous and misleading.

Finally, Plaintiffs' objection that the TOUR has failed to identify which witnesses it cannot adequately depose without discovery from PIF and Mr. Al-Rumayyan is unfounded. Consistent with the Court's guidance at the last CMC, the TOUR understood that it would identify those individuals in connection with the deposition schedule the Court requested in advance of the May 22, 2023 CMC. *See* Hr'g Tr. at 45:20-47:6 (April 7, 2023), Dkt. 411. Nevertheless, the TOUR identifies the witnesses it cannot fully depose without discovery from PIF and Mr. Al-Rumayyan in Exhibit 3 to the Goldberg Declaration.

### C. Plaintiffs' proposed instructional remedy is insufficient.

Recognizing that proceeding without PIF and Mr. Al-Rumayyan will severely prejudice the TOUR, Plaintiffs contend that the Court can remedy the prejudice with a jury instruction. Dkt. 423 at 9-10. Although the Court need not wade into the remedy now because PIF and Mr. Al-Rumayyan still can comply with their discovery obligations, Plaintiffs' proposed instruction would be grossly insufficient to address the incurable prejudice to the TOUR. All of the player plaintiffs have dropped out of the case, or said they will do so shortly, leaving LIV as the lone plaintiff. Given PIF's and Mr. Al-Rumayyan's control over LIV and this litigation, their central relevance to the antitrust claims and the counterclaims, and the fact that PIF is the party who stands to benefit from this case, the only acceptable remedy would be terminating sanctions for LIV as well. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007); *Founding Church of Scientology of Wash., D.C., Inc. v. Webster*, 802 F.2d 1448, 1459 (D.C. Cir. 1986). Indeed, the Court has already recognized the possibility of terminating sanctions. *See* Hr'g Tr. at 22:11-12 (Dec. 16, 2022), Dkt. 186; Hr'g Tr. at 41:10-23 (April 7, 2023). Dkt. 411.

### III.   CONCLUSION

For the foregoing reasons, the TOUR respectfully requests that the Court stay all discovery pending the final resolution of PIF and Mr. Al-Rumayyan's interlocutory appeals.

Dated: May 11, 2023

KEKER, VAN NEST & PETERS LLP

By: */s/ Elliot R. Peters*
ELLIOT R. PETERS
DAVID SILBERT
R. ADAM LAURIDSEN
NICHOLAS S. GOLDBERG
SOPHIE HOOD

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ANTHONY J. DREYER
KAREN M. LENT
MATTHEW M. MARTINO

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.