| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| ELLIOT R. PETERS - # 158708 | ANTHONY J. DREYER - (*pro hac vice*) |
| epeters@keker.com | anthony.dreyer@skadden.com |
| DAVID SILBERT - # 173128 | KAREN M. LENT - (*pro hac vice*) |
| dsilbert@keker.com | karen.lent@skadden.com |
| R. ADAM LAURIDSEN - # 243780 | MATTHEW M. MARTINO - (*pro hac vice*) |
| alauridsen@keker.com | matthew.martino@skadden.com |
| NICHOLAS S. GOLDBERG - # 273614 | One Manhattan West |
| ngoldberg@keker.com | New York, NY 10001 |
| SOPHIE HOOD - # 295881 | Telephone:  212 735 3000 |
| shood@keker.com | Facsimile:  212 735 2000 |
| 633 Battery Street | |
| San Francisco, CA 94111-1809 | |
| Telephone:  415 391 5400 | |
| Facsimile:  415 397 7188 | |

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES; BRYSON DECHAMBEAU; and LIV GOLF, INC., <br><br>Plaintiffs, <br><br>v. <br><br>PGA TOUR, INC., <br><br>Defendant. | Case No. 5:22-CV-04486-BLF <br><br> **PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421** <br><br> Judge:  Hon. Beth Labson Freeman <br> Date Filed:  August 3, 2022 <br> Trial Date:  May 17, 2024 |
| PGA TOUR, INC., <br><br>Counter-Claimant, <br><br>v. <br><br>LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA; and YASIR OTHMAN AL-RUMAYYAN, <br><br>Counter-Defendants. | |

## I. INTRODUCTION

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1) and the Protective Order entered by this Court, Dkt. 111, Defendant and Counterclaimant PGA TOUR, Inc. (the "TOUR") provides the following statement of the applicable legal standard and reasons for keeping under seal portions of fourteen documents that Plaintiffs and Counter-Defendants LIV Golf, Inc. ("LIV"), Matt Jones and Bryson DeChambeau ("Plaintiffs") provisionally filed under seal in connection with Plaintiffs' Opposition to the TOUR's Alternative Cross-Motion for Stay of Discovery (the "Opposition") at Dkt. 423. Plaintiffs filed a redacted version of the Opposition and its exhibits under seal and submitted an Administrative Motion to Consider Whether Another Party's Material Should be Sealed regarding the TOUR's confidential material at Dkt. 421.

The information the TOUR seeks to seal reflects sensitive business information, internal communications, and communications with individuals who are not parties to this case. The disclosure of this information could result in competitive harm to the TOUR and the privacy interests of non-parties. Specifically, the TOUR seeks to seal the following information:

| ECF | Document | Text to be Sealed | Basis for Sealing |
|---|---|---|---|
| 421-1 | Opposition | Lines 4:14, 4:18, 6:20 | Contains direct quotations and characterizations of sensitive internal communications between TOUR executives related to internal TOUR operations, corporate decision-making, and strategy, including the work product of a non-party consultant. Also contains characterizations of deposition testimony given by TOUR witnesses related to the same. Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR, and invade the legitimate privacy interest of the non-party consultant. *See* Shetty Decl. ¶¶ 3-5. |

1
PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421
Case No. 5:22-CV-04486-BLF
2147414

| ECF | Document | Text to be Sealed | Basis for Sealing |
|---|---|---|---|
| 421-2 | Declaration of Dominic Surprenant in Support of Plaintiffs' Opposition to PGA Tour, Inc.'s Alternative Cross-Motion for Stay of Discovery | Paragraphs 3, 7, 10, 11, 12, 13, 15, 16, 18, 19 | Contains direct quotations and characterizations of sensitive internal communications between TOUR executives, as well as between the TOUR and non-parties, related to internal TOUR operations, corporate decision-making, and strategy. Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR. *See* Shetty Decl. ¶¶ 6-12. |
| 421-3 | Exhibit B | Entire Exhibit | This is a copy of correspondence between a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and a TOUR executive. Unsealing of this communication will result in competitive harm to the TOUR as well as damage to the TOUR's business relationships, and invade the legitimate privacy interest of the non-party consultant. *See* Shetty Decl. ¶ 6 |
| 421-4 | Exhibit F | Entire Exhibit | This is a letter from a non-party to the TOUR. Disclosure of this communication would harm the TOUR and reveal the substance of the TOUR's confidential communications with the non-party. *See* Shetty Decl. ¶ 7. |
| 421-5 | Exhibit G | Entire Exhibit | This is an excerpt of a non-final transcript of the deposition of a TOUR employee. The transcript references communications with non-party consultants who had an expectation of privacy and confidentiality in their communications with TOUR employees, as well as the TOUR's communications with government agencies and its internal board. Disclosure of this testimony would cause competitive harm to the TOUR and reveal the substance of the TOUR's confidential communications with the non-parties. *See* Shetty Decl. ¶ 8. |

2
PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421
Case No. 5:22-CV-04486-BLF

2147414

| ECF | Document | Text to be Sealed | Basis for Sealing |
|---|---|---|---|
| 421-6 | Exhibit I | Entire Exhibit | Contains communications between TOUR executives related to internal TOUR operations and corporate decision-making. Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR. *See* Shetty Decl. ¶ 9. |
| 421-7 | Exhibit J | Entire Exhibit | Contains communications between TOUR executives related to internal TOUR operations and corporate decision-making.  Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR. *See* Shetty Decl. ¶ 10. |
| 421-8 | Exhibit L | Entire Exhibit | Contains competitively sensitive communications between TOUR executives and a non-party consultant retained by the TOUR. Unsealing of this communication will result in competitive harm to the TOUR, as well as damage to the TOUR's business relationships. *See* Shetty Decl. ¶ 11. |
| 421-9 | Exhibit M | Entire Exhibit | Contains communications between TOUR executives related to internal TOUR operations, corporate decision-making, and its relationship with non-party consultants.  Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR. *See* Shetty Decl. ¶ 12. |
| 421-10 | Exhibit O | Entire Exhibit | This is an excerpt of the transcript of the deposition of a TOUR employee that contains descriptions of communications between TOUR executives related to internal TOUR operations, corporate decision making, and disciplinary decision making. Disclosure of this testimony would cause competitive harm to the TOUR and reveal internal strategy and decision-making processes and cause competitive harm to the TOUR. *See* Shetty Decl. ¶ 13. |

| ECF | Document | Text to be Sealed | Basis for Sealing |
|---|---|---|---|
| 421-11 | Exhibit P | Entire Exhibit | This is an excerpt of the non-final transcript of the deposition of a TOUR employee that contains descriptions of internal TOUR operations and conversations regarding the TOUR's corporate decision-making process with non-parties. Unsealing of this communication would reveal internal strategy and decision-making processes and invade the legitimate privacy interest of the non-party. *See* Shetty Decl. ¶ 14. |
| 421-12 | Exhibit Q | Entire Exhibit | This is an excerpt of the transcript of the deposition of a TOUR employee that contains descriptions of internal TOUR operations and conversations regarding the TOUR's corporate decision-making process with third parties who are not parties to this lawsuit. Disclosure of this testimony would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR. *See* Shetty Decl. ¶ 15. |
| 421-13 | Exhibit R | Entire Exhibit | Contains communications between TOUR executives summarizing the analysis and work product of a non-party consultant retained by the TOUR. The non-party consultant had a reasonable expectation of privacy when communicating with TOUR executives. Disclosure of these communications would reveal internal strategy and decision-making processes, cause competitive harm to the TOUR, and invade the legitimate privacy interest of the non-party consultant. *See* Shetty Decl. ¶ 5, 16. |
| 421-14 | Exhibit U | Entire Exhibit | Contains communications between TOUR executives related to internal TOUR operations and corporate decision-making. Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR. *See* Shetty Decl. ¶ 3, 17. |

## II. ARGUMENT

Where a party seeks to restrict access to discovery materials attached to non-dispositive motions, the less stringent "good cause" standard applies to requests for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1105 (9th Cir. 2016) (citing *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). The courts draw a distinction between dispositive and non-dispositive motions because information and records referenced in connection with a non-dispositive motion are often "unrelated or only tangentially related, to the underlying cause of action," and thus the public interest in accessing the information is low. *Kamakana*, 447 F.3d at 1179-80.

Here, the good cause standard applies and is satisfied for filing the material related to the Opposition under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (stating that "sources of business information that might harm a litigant's competitive standing" properly may be sealed); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) ("The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information.").

The information that the TOUR seeks to seal in the Opposition, the Declaration of Dominic Surprenant in support thereof (the "Surprenant Declaration"), and the attached exhibits are copies of, contain direct quotes from, or are characterizations of correspondence produced by the TOUR in this litigation. The information contained within includes: (1) summaries of and communications between the TOUR and outside consultants that reflect competitively sensitive information about internal TOUR operations and corporate decision making; (2) confidential communications between TOUR employees; (3) communications between the TOUR and non-parties, and (4) strategy communications between a TOUR employee and the TOUR commissioner. As demonstrated by the Declaration of Neera Shetty, attached hereto, this information is competitively sensitive and is maintained by the TOUR as highly confidential. Allowing public access to this confidential information could harm the TOUR's competitive standing and business relationships by revealing sensitive details about the way the TOUR

operates.  *See* Decl. of Neera Shetty in Support of PGA TOUR, Inc. Statement Regarding Plaintiffs' Mot. to Consider Whether Another Party's Material Should Be Sealed at Dkt. 421 ("Shetty Decl."), ¶¶ 3-12.  Also attached as exhibits are excerpts of deposition testimony from TOUR witnesses that contain descriptions of internal TOUR operations and conversations regarding the TOUR's corporate decision-making process with non-parties.  *See* Shetty Decl. ¶¶ 4, 8, 13-15.

Unsealing of any of these materials will result in competitive harm to the TOUR as well as injury to the privacy interests of individuals.  *See id.*  The TOUR's legitimate privacy interest in this information outweighs the presumption of public access in this instance. *See, e.g., In re Incretin-Based Therapies Prod. Liab. Litig.*, No. 13MD2452 AJB (MDD), 2021 WL 873290, at *2 (S.D. Cal. Mar. 9, 2021) (sealing internal "confidential regulatory strategies and communications" in case involving "avid competitors").  This information is also similar to information this Court has previously held under seal in similar contexts.  *See* Dkt. 372 at 2-3.

For the foregoing reasons, the TOUR respectfully requests that the Court keep the identified documents, as well as the discrete portions of the Surprenant Declaration and Opposition that reference those documents under seal. If the Court deems the TOUR's bases for sealing insufficient, the TOUR respectfully requests that it be permitted to file a further statement and/or declaration supporting filing under seal prior to any of the requested sealing materials being made public.

6

PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421
Case No. 5:22-CV-04486-BLF

2147414

| | |
|---|---|
| Dated:  May 11, 2023 | KEKER, VAN NEST & PETERS LLP |
| | By: /s/ Nicholas S. Goldberg |
| | ELLIOT R. PETERS |
| | DAVID SILBERT |
| | R. ADAM LAURIDSEN |
| | NICHOLAS S. GOLDBERG |
| | SOPHIE HOOD |
| | |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | |
| | ANTHONY J. DREYER |
| | KAREN M. LENT |
| | MATTHEW M. MARTINO |
| | |
| | Attorneys for Defendant and Counter-Claimant |
| | PGA TOUR, INC. |

7

PGA TOUR, INC.'S STATEMENT IN SUPPORT OF SEALING REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421
Case No. 5:22-CV-04486-BLF

2147414