KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:    212 735 3000
Facsimile:    212 735 2000

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MATT JONES; BRYSON DECHAMBEAU;
and LIV GOLF, INC.,

               Plaintiffs,

     v.

PGA TOUR, INC.,

               Defendant.

PGA TOUR, INC.,

               Counter-Claimant,

     v.

LIV GOLF, INC.; THE PUBLIC
INVESTMENT FUND OF THE KINGDOM
OF SAUDI ARABIA; and YASIR OTHMAN
AL-RUMAYYAN,

               Counter-Defendants.

Case No. 5:22-cv-04486-BLF

**DECLARATION OF NEERA SHETTY IN
SUPPORT OF PGA TOUR, INC.'S
STATEMENT REGARDING
PLAINTIFFS' MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S
MATERIAL SHOULD BE SEALED AT
DKT. 421**

Judge:           Hon. Beth Labson Freeman

Date Filed:     August 3, 2022

Trial Date:     May 17, 2024

I, Neera Shetty, declare as follows:

1.      I am duly licensed to practice law in the State of Florida and am Deputy General Counsel of PGA TOUR, INC. ("the TOUR"), Defendant and Counter-Claimant in the above-captioned matter.  I submit this declaration in support of the TOUR's statement in support of sealing ("Sealing Statement") in connection with Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. No. 421, filed in connection with Plaintiffs' Opposition to the TOUR's Alternative Cross-Motion for Stay of Discovery (the "Opposition") and Exhibits thereto. I have knowledge of the facts set forth in this declaration and, if called to testify as a witness thereto, could do so competently under oath.

2.      The TOUR seeks to seal its highly confidential and competitively sensitive materials quoted or described within the Opposition, the accompanying Declaration of Dominic Surprenant (the "Surprenant Declaration"), and the attached exhibits. The disclosure of this information would cause harm to the TOUR's business interests, competitive standing, and relationships with partners.

3.      The portions of the Opposition sought to be sealed at 4:14 characterize communications between TOUR executives related to internal TOUR operations and corporate decision-making.  The underlying communications are attached as Exhibit U to the Surprenant Declaration.  Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR.

4.      The portion of the Opposition sought to be sealed at 4:18 purports to characterize deposition testimony given by TOUR witnesses related to internal TOUR operations, corporate decision-making, and disciplinary decisions. Disclosure of this testimony would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR.

5.      The portion of the Opposition sought to be sealed at 6:20 directly quotes out-of-context snippets from communications between TOUR executives summarizing the analysis and work product of a non-party consultant retained by the TOUR.  The non-party consultant had a reasonable expectation of privacy and confidentiality when communicating with TOUR executives. The underlying communications are attached as Exhibit R to the Surprenant

1

SHETTY DECLARATION IN SUPPORT OF PGA TOUR, INC.'S STATEMENT REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421
Case No. 5:22-cv-04486-BLF

2147420

Declaration.  Disclosure of these communications would reveal internal strategy and decision making processes, cause competitive harm to the TOUR, and invade the legitimate privacy interest of the non-party consultant.

6.       Exhibit B to Surprenant Declaration is a copy of correspondence between a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and a TOUR executive.  This exhibit is also directly quoted and characterized in the Surprenant Declaration at 1:11–14.  The non-party consultant had an expectation of privacy and confidentiality in its communications with TOUR employees.  Unsealing of this communication will result in competitive harm to the TOUR, damage to the TOUR's business relationships, and invade the legitimate privacy interest of the non-party consultant.

7.       Exhibit F to the Surprenant Declaration is a letter from a non-party to the TOUR, which is directly quoted and characterized in the Surprenant Declaration at the highlighted portions at 2:4–6.  This letter is a sensitive communication between the TOUR and the non-party.  Disclosure of this communication would harm the TOUR and reveal the substance of the TOUR's confidential communications with the non-party.

8.       Exhibit G to the Surprenant Declaration is an excerpt of a non-final transcript of the deposition of a TOUR employee, which is directly quoted and characterized in the highlighted portions of the Surprenant Declaration at 2:16–20, 2:22–25, and 2:28–3:2.  The transcript references communications with non-party consultants who had an expectation of privacy and confidentiality in their communications with TOUR employees, as well as the TOUR's communications with government agencies, and internal board communications. Disclosure of this testimony would cause competitive harm to the TOUR, and reveal the substance of the TOUR's confidential communications with the non-party consultants.

9.       Exhibit I to the Surprenant Declaration contains communications between TOUR executives related to internal TOUR operations and corporate decision-making.  This Exhibit is directly quoted in the Surprenant Declaration at 3:9–13.  Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR.

2

SHETTY DECLARATION IN SUPPORT OF PGA TOUR, INC.'S STATEMENT REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421
Case No. 5:22-cv-04486-BLF

2147420

10.     Exhibit J to the Surprenant Declaration contains communications between TOUR executives related to internal TOUR operations and corporate decision-making.  This exhibit is directly quoted and characterized in the Declaration at 3:14–16.  Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR.

11.     Exhibit L to the Surprenant Declaration contains competitively sensitive communications between TOUR executives and a non-party consultant retained by the TOUR.  The Surprenant Declaration directly quotes and characterizes this exhibit at 3:23–27.  The consultant had an expectation of privacy and confidentiality when communicating with the TOUR.  Unsealing of these communications will result in competitive harm to the TOUR as well as damage to the TOUR's business relationships.

12.     Exhibit M to the Surprenant Declaration contains communications between TOUR executives related to internal TOUR operations, corporate decision-making, and its relationship with non-party consultants.  The Surprenant Declaration directly quotes from this Exhibit at 4:1–8.  Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR.

13.     Exhibit O to the Surprenant Declaration is an excerpt of the transcript of the deposition of a TOUR employee that contains descriptions of communications between TOUR executives related to internal TOUR operations, corporate decision-making, and disciplinary decision-making.  Disclosure of this testimony would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR.

14.     Exhibit P to the Surprenant Declaration is an excerpt of a non-final transcript of the deposition a TOUR employee that contains descriptions of internal TOUR operations and conversations regarding the TOUR's corporate decision-making process with third parties.  The non-parties had an expectation of privacy and confidentiality in their communications with TOUR employees.  Further, disclosure of this testimony would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR.

SHETTY DECLARATION IN SUPPORT OF PGA TOUR, INC.'S STATEMENT REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421
Case No. 5:22-cv-04486-BLF

2147420

15. Exhibit Q to the Surprenant Declaration is an excerpt of the transcript of the deposition of a TOUR employee that contains descriptions of internal TOUR operations and conversations regarding the TOUR's corporate decision-making process with third parties who are not a party to this lawsuit.  The non-party had an expectation of privacy and confidentiality in its communications with TOUR employees.  Further, disclosure of this testimony would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR.

16. Exhibit R to the Surprenant Declaration contains communications between TOUR executives summarizing the analysis and work product of a non-party consultant retained by the TOUR.  The non-party consultant had a reasonable expectation of privacy and confidentiality when communicating with TOUR executives. Disclosure of these communications would reveal internal strategy and decision making processes, cause competitive harm to the TOUR, and invade the legitimate privacy interest of the non-party consultant.

17. Exhibit U to the Surprenant Declaration contains communications between TOUR executives related to internal TOUR operations and corporate decision-making. Disclosure of these communications would reveal internal strategy and decision-making processes and cause competitive harm to the TOUR.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on May 11, 2023 in Ponte Vedra, Florida.

*/s/ Neera Shetty*
NEERA SHETTY

SHETTY DECLARATION IN SUPPORT OF PGA TOUR, INC.'S STATEMENT REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421
Case No. 5:22-cv-04486-BLF

2147420

## **CERTIFICATE OF CONCURRENCE**

In accordance with Local Rule 5-1(i)(3), PGA Tour, Inc.'s undersigned counsel, Nicholas S. Goldberg hereby attests that Neera Shetty has assented to the affixation of their signature to this Declaration and concurs in the filing of this document.

Dated:  May 11, 2023

By: */s/ Nicholas S. Goldberg*
       NICHOLAS S. GOLDBERG

SHETTY DECLARATION IN SUPPORT OF PGA TOUR, INC.'S STATEMENT REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421
Case No. 5:22-cv-04486-BLF

2147420