| | | |
|---|---|---|
| 1 | RACHEL S. BRASS, SBN 219301 | ROBERT C. WALTERS, *pro hac vice* |
| | rbrass@gibsondunn.com | rob@rcwalterspc.com |
| 2 | LAUREN D. DANSEY, SBN 311886 | ROBERT C. WALTERS, PC |
| | ldansey@gibsondunn.com | 2001 Ross Avenue |
| 3 | GIBSON, DUNN & CRUTCHER LLP | Dallas, Texas 75201-2911 |
| | 555 Mission Street, Suite 3000 | Telephone: 214.727.2466 |
| 4 | San Francisco, California 94105-0921 | |
| | Telephone: 415.393.8200 | JOHN B. QUINN, SBN 90378 |
| 5 | Facsimile:  415.393.8306 | johnquinn@quinnemanuel.com |
| | | DOMINIC SURPRENANT, SBN 165861 |
| 6 | RUSSELL H. FALCONER, *pro hac vice* | dominicsurprenant@quinnemanuel.com |
| | rfalconer@gibsondunn.com | KEVIN TERUYA, SBN 235916 |
| 7 | SCOTT K. HVIDT, *pro hac vice* | kevinteruya@quinnemanuel.com |
| | shvidt@gibsondunn.com | QUINN EMANUEL URQUHART & |
| 8 | GIBSON, DUNN & CRUTCHER LLP | SULLIVAN LLP |
| | 2001 Ross Avenue, Suite 2100 | 865 South Figueroa Street, 10th Floor |
| 9 | Dallas, Texas 75201-2911 | Los Angeles, California 90017 |
| | Telephone: 214.698.3100 | Telephone: 213.443.3000 |
| 10 | | |
| | JOSHUA LIPTON, *pro hac vice* | ROBERT P. FELDMAN, SBN 69602 |
| 11 | jlipton@gibsondunn.com | bobfeldman@quinnemanuel.com |
| | KRISTEN C. LIMARZI, *pro hac vice* | QUINN EMANUEL URQUHART & |
| 12 | klimarzi@gibsondunn.com | SULLIVAN LLP |
| | GIBSON, DUNN & CRUTCHER LLP | 555 Twin Dolphin Dr., 5th Floor |
| 13 | 1050 Connecticut Avenue, N.W. | Redwood Shores, California 94065 |
| | Washington, DC  20036-5306 | Telephone:  650.801.5000 |
| 14 | Telephone: 202.955.8500 | |

15   *Attorneys for Plaintiff LIV Golf Inc.*

16   IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
17   SAN JOSE DIVISION

| | | |
|---|---|---|
| 18 | MATT JONES, BRYSON DECHAMBEAU, and LIV GOLF INC., | CASE NO. 5:22-cv-04486-BLF-SVK |
| 19 | | **JOINT UPDATED CASE MANAGEMENT** |
| | Plaintiffs, | |
| 20 | | |
| 21 | v. | |
| 22 | PGA TOUR, INC., | |
| 23 | Defendant and Counter-Plaintiff, | |
| 24 | v. | |
| 25 | LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and YASIR OTHMAN AL-RUMAYYAN | |
| 26 | | |
| 27 | Counter-Defendants. | |
| 28 | | |

Pursuant to Civil Local Rule 7-12, the Case Management Conference held on April 7, 2023, the Court' Order Following Case Management Conference, ECF 404, and the Order Striking "Joint Statement Regarding Stipulation and [Proposed] Order Regarding Case Schedule," ECF 426, Plaintiff LIV Golf Inc., Defendant and Counter-Claimant PGA TOUR, Inc. ("Defendant"), and Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and Yasir Othman Al-Rumayyan (collectively, "Parties") by and through their undersigned counsel of record, submit the following joint statement regarding modification of the case schedule.

Following the Case Management Conference held on April 7, 2023 and the Court's Orders, counsel for the Parties met and conferred regarding the case schedule.  LIV asks the Court to enter their proposed schedule, while the TOUR believes that the Court will be best positioned to address issues related to the schedule at the May 22, 2023 case management conference.

I.  **LIV's Statement**

A.  **Introduction**

LIV respectfully requests that the Court issue the scheduling order set forth in the chart at pp. 8–9, *infra*.  That proposed order:

- Adopts the dates for dispositive motions, the final pretrial conference, and trial established in this Court's April 8 order (ECF 404);

- Adopts the date for the close of fact discovery that the Court announced orally at the April 7 conference, Apr. 7, 2023 CMC Tr. at 61:21-24;

- Sets other deadlines (*e.g.*, expert reports) that are consistent with the dates set by the Court; and

- Establishes a May 26 deadline for the service of third party subpoenas duces tecum in an effort to avoid confusion that has given rise to motions practice in four other district courts.

The Tour opposes this schedule.  The Tour's predictable objection is to repeat its incessant mantra that it can take virtually no steps to advance this litigation without first obtaining discovery from PIF and Mr. Al-Rumayyan—even though the Court has repeatedly rejected that claim.  The Tour's latest iteration of this argument is to assert that the denial of LIV's bifurcation motion and the

JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE
CASE NO. 5:22-CV-04486-BLF

departure of the player plaintiffs somehow changes the scheduling calculus, but those developments have nothing to do with the case schedule. What is more, since the April 7 conference, the Tour has dragged its feet on responding to LIV's scheduling proposal, even after the Court ordered it to provide dates certain, and its current statement has ultimately evolved into yet another lengthy argument by the Tour to effectively stay the case. Specifically, the Tour asks this Court to continue discovery six more months, expert discovery ten more months, summary judgment eight more months, and trial five more months—all on top of the extensions the Court just entered in April.

For the reasons set forth below, this Court should reject the Tour's latest bid for delay, a strategy transparently designed to win this case through attrition rather than on the merits. Indeed, there is little doubt that if the Court accedes to the Tour's latest request, the Tour will back in court soon seeking yet another postponement of the trial.

### B. Background On The Instant Dispute

Since this Court directed the parties to meet and confer regarding the schedule over a month ago, the Tour has engaged in inappropriate and wasteful delay tactics that have needlessly complicated what should have been a simple process.

To recap: During the April 7, 2023 Case Management Conference, LIV agreed to the Tour's request to extend the fact discovery deadline to June 30, 2023. The Court then ordered the parties to "talk about a reasonable schedule for the expert reports to be produced" and "to do that offline . . . and then you can just send me a stip and order." Apr. 7, 2023 CMC Tr. at 61:21–62:5-11. The following business day, the Court entered a scheduling order setting further Case Management Conference for May 22, 2023, setting the last day to hear dispositive motions for January 11, 2024, setting final pretrial conference for April 11, 2024, and setting jury selection and trial for May 17, 2024. ECF 404. The Court also directed that the Parties may meet and confer regarding a summary judgment briefing schedule. *Id.*

Consistent with the Court's orders, LIV sent the Tour a proposed schedule on April 12, 2023— over a month ago. The parties met and conferred regarding the schedule on April 13, 2023. The Tour

JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE
CASE NO. 5:22-CV-04486-BLF

Gibson, Dunn & Crutcher LLP

indicated it would provide LIV with its position on the schedule "soon." A week passed and the Tour had not provided LIV with a counterproposal or its approval to submit the joint stipulation.

In the meantime, consistent with the Court's comments at the April 7 conference about the need to timely seek discovery of third parties, LIV and the Tour each propounded additional subpoenas for depositions and production of documents on a handful of third parties after March 30. For their part, LIV served subpoenas for depositions and documents on three additional Tour players and a sports agent on March 31 and shortly thereafter. In response, each of those four Tour-aligned third parties filed motions to quash in other jurisdictions. They argued that the subpoenas were untimely based on the statement in this Court's January 5, 2023, case schedule that the "written discovery and document production cutoff" was set for March 30, 2023. ECF No. 204. In an effort to limit the burden of litigating this issue in four other district courts, and because the Tour had not yet responded to LIV's scheduling proposal, on April 19, 2023, LIV proposed adding to the schedule an explicit deadline for the parties to subpoena third parties for documents. The purpose of that deadline is to clarify that the March 30 deadline did not apply to third parties, consistent with the parties' mutual understanding of the deadline (as demonstrated by their parallel service of third-party subpoenas for depositions and documents after that date), and repeated statements to that effect by the Court.

LIV sought the Tour's response to its proposed schedule multiple times, but to no avail. Accordingly, on April 28, LIV sent the Tour its half of a joint statement to the Court about the schedule. Only after LIV furnished this joint statement did the Tour provide a substantive case schedule proposal. That proposal represented yet another attempt to relitigate issues already decided by this Court: It proposed a schedule that sets all case and discovery deadlines for a date after the disposition of appeals by PIF and Mr. Al-Rumayyan, effectively bringing the case to a screeching halt for the indefinite period that it takes for those appeals to be resolved (including potentially Supreme Court review).

The parties filed that joint statement on May 5. Three days later, the Court struck the statement and directed the Tour to provide dates certain in its proposed case schedule. When the Tour provided its proposed dates, it added new entries not found in the jointly filed May 5 statement related to a briefing schedule for the anticipated motion to dismiss by PIF and Mr. Al-Rumayyan, which was then

1    negotiated.  Then, on the afternoon of May 11 the Tour inserted entirely new argument and substance—

2    not simply the addition of dates certain—to its brief.  That new material demands a response from LIV,

3    which is set forth here.

4    **C.**     **This Court Should Adopt LIV's Proposed Scheduling Order**

5          ***1.***     ***This Court Should Adhere To The Schedule It Set In April***

6          This Court should not upset the schedule that it set little over a month ago, as the Tour requests,

7    because nothing material has changed and the schedule is entirely workable.  During the April 7 Case

8    Management Conference, the Tour asked the Court to extend discovery deadlines by four months and

9    to vacate the expert discovery deadline, the summary judgment deadline, and the trial setting.  The

10   Court responded to the Tour's request by extending *only* the deposition deadline (to June 30, 2023).

11   The Court ordered the parties to meet and confer regarding the expert discovery deadline in light of

12   that ruling, and the Court set summary judgment and trial for dates certain in 2024.  In response to the

13   Tour's arguments that it could not proceed without discovery from PIF and Mr. Al-Rumayyan, the

14   Court warned: "We're not coming to a halt here.  This case will take ten years to litigate, and that's not

15   going to happen.  It might take more than – it might take more than until next January, Mr. Quinn, but

16   I – I agree with you, we're not coming to a halt."  Apr. 7, 2023 CMC Tr. at 41:5–9.  And the Court

17   further instructed the Tour, "If you have not subpoenaed all communications [non-parties] had with

18   [other non-parties to LIV's claims], you need to do that, and then you need to depose them."  *Id.* at

19   40:13-16.

20         LIV's proposed schedule conforms to that guidance regarding expert discovery conference and

21   the Court's April 10 order setting deadlines for summary judgment briefing, and the final pre-trial

22   conference .  Nothing whatsoever has changed in the last month to render that schedule no longer

23   workable.  Accordingly, this Court should enter the schedule proposed by LIV.  *See* Chart at pp. 8–9,

24   *infra*.

25         The Tour nevertheless insists on yet again relitigating the questions already decided—namely,

26   its asserted need for discovery from PIF and Mr. Al-Rumayyan before it can proceed with other

27   discovery in this case.  That contention still lacks merit.  As the Court previously explained, proceeding

28

Gibson, Dunn &
Crutcher LLP

4

with depositions now is critical to "preserve evidence," and depositions can be reopened later if the Tour obtains relevant evidence from PIF and Mr. Al-Rumayyan.  *Id.* at 35:19-36:20, 40:25-41:4. Without conducting depositions now, memories will fade and evidence risks being lost forever.  Expert reports can likewise be supplemented with newly available evidence.  *Id.* at 52:22-53:1.  And, in the meantime, the Tour can investigate the content and nature of discussions with PIF and Mr. Al-Rumayyan by seeking discovery from the parties with whom they communicated.  The need to adhere to the deadlines previously set by the Court is especially pressing given that LIV continues to suffer severe irreparable harm, as the Tour of late has doubled down on its anticompetitive conduct in an effort to suffocate a competitive threat before this case can be adjudicated on the merits.  A lengthy delay would only encourage and enhance the Tour's unlawful behavior.  As LIV detailed in opposition to the Tour's stay request, *see* ECF 423, the Tour's strategy has been to cut off the key inputs to LIV's success, and its conduct has grown worse during this litigation.  If the Tour succeeds in delaying this case, it will accelerate its efforts to strengthen its monopoly and attempt to defeat competition—to the detriment of golf fans and golfers alike.

LIV's exigency has not been diminished by the voluntary dismissals of the Player Plaintiffs. To the contrary, the players' decision to leave this litigation in LIV's hands demonstrates the need for an injunction.  The players brought this case to pursue the righteous cause of securing player rights and ensuring that competition in their industry is not strangled by the monopolist that has dominated this industry for decades.  They did so in the face of vindictive punishments and smear campaigns from the Tour and its messengers, including attacks not only on the players themselves, but also on sponsors, agents, and anyone else associated with them.  Because the Tour's delay tactics have unduly prolonged this case, the players have chosen to focus their time and attention on their playing careers and let LIV bear the public burden of pursuing these claims.  That understandable choice does not diminish the necessity or exigency of the relief sought by LIV, nor the harm to competition and all players that would ensue if the Tour succeeds in defeating through attrition the only real competitive threat it has faced in its history.

**2.**     *This Court Should Clarify The Deadline For Non-party Subpoenas Duces Tecum*

LIV's proposed scheduling order would clarify the deadline for third-party subpoenas duces tecum in order to avoid costly litigation pending before four other federal district courts and to codify the understanding of the parties.

As explained above, LIV timely subpoenaed four non-parties with document and deposition subpoenas on or shortly after March 31, 2023, almost two months before the Court's then May 26, 2023 deadline, and the Tour likewise subpoenaed non-parties after March 30.   The Tour-aligned nonparties subpoenaed by LIV have nevertheless claimed that the subpoenas are untimely based on a sentence in this Court's January 5 order noting the March 30 written-discovery deadline.  *See* p. 3, *supra*.

This Court, however, has made clear at each of the last two Case Management Conferences that the March 30, 2023 party written discovery deadline does not apply to non-party discovery.   On February 24, 2023, this Court explained that the March 30 "document production deadline" does not apply to third parties when the Court commented that by April 6, "I expect that you will have completed all of the document discovery, **separate from the third parties**."  Feb. 24, 2023 CMC Hrg'g Tr. at 45:18–24 (emphasis added).  Then, at the April 7, 2023 Case Management Conference,  in response to an inquiry from the Tour as to the need to complete discovery of PIF and Mr. Al-Rumayyan before proceeding further, the Court said, "If you need a one week extension of time to get those subpoenas out, I'll give you that if your time to send those subpoenas has expired."  Apr. 7, 2023 CMC Hrg'g Tr. at 39:18-22.  The Court added, "If you have not subpoenaed all communications [non-parties] had with [other non-parties to Plaintiffs' claims], you need to do that, and then you need to depose them"— making clear that the already-passed March 30 deadline does not apply to third-party discovery.  *Id.* at 40:13-16.

To avoid the risk of unduly burdening other federal district courts with discovery motions about the proper interpretation of this Court's scheduling order, LIV sought the Tour's position on the addition of a deadline for non-party subpoena duces tecum to the case schedule.  The Tour waited for weeks to respond, then rejected the insertion of the non-party subpoena duces tecum deadline, and then

6

delayed another few days before sending its joint statement to LIV about this issue.  In the meantime, the confusion regarding the case deadlines are prejudicing LIV.  For example, the Southern District of Georgia—before the opposition deadline and therefore without the benefit of LIV's brief—quashed a subpoena served after March 30 on a third party, Kevin Kisner, finding that the subpoena was untimely under the case schedule.  *Jones, et al. v. PGA, Tour, Inc.*, MC-123-011, S.D. Ga. (May 2, 2023).  There are identical pending motions to quash other nonparty subpoenas that similarly argue the subpoenas are untimely under the case schedule.

The need for clarification of this issue is thus concrete and specific.  LIV believes that the Court and the Tour agree that the outstanding nonparty subpoenas are timely based on the Court's orders and statements and the Tour's actions.  With the proposed deadline of May 26, 2023—which LIV extended to May 26 in case the Court waits to resolve this issue until the May 22 conference—LIV seeks to establish a clear deadline for the benefit of the parties, non-parties, and other courts in which motions to quash on the grounds of untimeliness are pending or future motions may be filed.  This deadline is consistent with the Court's directive at the April 7 Case Management Conference—and with the Tour's own conduct.  Indeed, it is particularly inexplicable for the Tour to simultaneously seek to push key deadlines months in the future while opposing a deadline that clarifies that the already-served non-party subpoenas were timely.

### 3.  *The Tour's Deposition Scheduling Complaints Lack Merit*

Finally, in its portion of the joint statement, the Tour so egregiously mischaracterizes the facts surrounding deposition scheduling that a response is necessary.  In reality, depositions are proceeding without a hitch; nine have already been held, and dozens more are schedule in May and June.  We have a line of sight to completion of discovery.  The Tour focuses on four witnesses who have sought to change their deposition dates, but it fails to disclose that they are all nonparties who have conflicts on their originally proposed deposition dates and have each proposed alternate deposition dates before the end of June.  There is simply nothing out of the ordinary here.

The Tour's insistence that these four depositions must go forward immediately underscores the hypocrisy of its latest stay request.  On the one hand, the Tour wants the depositions *it wants to take* to

JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE
CASE NO. 5:22-CV-04486-BLF

Gibson, Dunn & Crutcher LLP

go forward immediately, with no delays even to account for the personal commitments of third-party witnesses. But on the other hand, the Tour wants the depositions *it doesn't want to go forward*—such as the depositions of its top executives (for whom the Tour has refused even to provide deposition dates before the cutoff, offering an earliest date of August 2023)—to be stayed indefinitely. That's not how it works. By insisting that the four depositions go forward immediately, rather than in June, the Tour concedes that a total stay is inappropriate. Moreover, the Tour's position undermines its argument at the April 7, 2023 case management conference that it was so prejudiced by the lack of discovery from PIF and Mr. Al-Rumayyan that it could not take depositions. It appears all sides now agree that there is no basis for a total stay—as the Court has repeatedly held.

**D.    Proposed Schedule**

For the foregoing reasons, LIV requests that the Court enter the schedule they propose below, which is consistent with the Court's orders. Entering the below schedule will establish clarity for the parties, the Court, non-parties and courts that are handling discovery disputes with non-parties:

| Date Per ECF 204 | LIV's Proposed Date | Tour's Proposed Date | Event |
|---|---|---|---|
| | Friday, May 26, 2023 | N/A | Deadline to Serve Subpoena Duces Tecum on Non-Party Witnesses |
| | May 18, 2022 (per ECF 402) | May 18, 2022 (per ECF 402) | Deadline for PIF/Al-Rumayyan to Respond to TOUR's Amended Counterclaims |
| | Monday, May 22, 2023 at 1 p.m. PT | Monday, May 22, 2023 at 1 p.m. PT | Case Management Conference |
| | No position | June 15, 2023 | Opposition to PIF/Al-Rumayyan Motion to Dismiss |
| | No position | July 7, 2023 | Reply in Support of PIF/Al-Rumayyan Motion to Dismiss |

Gibson, Dunn & Crutcher LLP

|  |  | June 30, 2023 | Deadline for PIF / Al-Rumayyan to Complete Document Production |
|  | No position |  |  |
| Friday, May 26, 2023 | Friday, June 30, 2023 | January 12, 2024 | Fact Witness Deposition Cutoff |
| Wednesday, May 31, 2023 | Friday, September 1, 2023 | February 2, 2024 | Opening Expert Reports |
| Friday, June 23, 2023 | Friday, September 29, 2023 | April 5, 2024 | Rebuttal Expert Reports |
| Wednesday, July 12, 2023 | Friday, October 27, 2023 | May 3, 2024 | Close of Expert Discovery |
| Thursday, June 29, 2023 | Tuesday, November 7, 2023 | June 6, 2024 | Defendant's Deadline to File Motion for Summary Judgment |
| Thursday, July 13, 2023 | Tuesday, November 21, 2023 | June 27, 2024 | Deadline to Oppose Defendant's Motion for Summary Judgment/File Cross-Motion for Summary Judgment |
| Thursday, July 27, 2023 | Thursday, December 7, 2023 | July 18, 2024 | Reply in Support of Defendant's Motion/Opposition to Cross-Motion for Summary Judgment |
| Thursday, August 3, 2023 | Thursday, December 14, 2023 | August 8, 2024 | Reply in Support of Cross-Motion for Summary Judgment |
| Thursday, August 17, 2023 at 9:00 a.m. PT | Thursday, January 11, 2024 | September 5, 2024 at 9:00 a.m. PT | Hearing on Cross-Motions for Summary Judgment |
| Thursday, November 2, 2023 | Thursday, March 28, 2024 | September 26, 2024 | Joint Pretrial Statement and Order |
| Thursday, November 2, 2023 | Thursday, March 28, 2024 | September 26, 2024 | Motions in Limine Deadline |

JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE
SCHEDULE
CASE NO. 5:22-CV-04486-BLF

Gibson, Dunn &
Crutcher LLP

| | | | |
|---|---|---|---|
| Thursday, November 9, 2023 | Thursday, April 4, 2024 | October 10, 2024 | Oppositions to Motions in Limine |
| Thursday, November 16, 2023 at 1:30 p.m. PT | Thursday, April 11, 2024 at 1:30 p.m. PT | October 24, 2024 at 1:30 P.M. PT | Final Pretrial Conference |
| Monday, January 8, 2024 | Friday, May 17, 2024 at 9:00 a.m. PT | November 12, 2024 | Trial |

## II.     PIF and Mr. Al-Rumayyan's Statement

PIF and His Excellency Yasir Othman Al-Rumayyan continue to dispute the Tour's unsupported and fully contested characterizations, including as to their involvement in this litigation. The Tour's assertion of "defiance" of orders by these parties is wrong: the third-party discovery orders as to PIF and Mr. Al-Rumayyan have been appealed and are now within the jurisdiction of the Ninth Circuit, and PIF and Mr. Al-Rumayyan have properly sought to stay discovery as to them in motions to stay that are now fully briefed (and, as shown in those papers, were essentially uncontested by the Tour).   In light of those motions, their pending appeal to the Ninth Circuit, and their forthcoming motion to dismiss, PIF and Mr. Al-Rumayyan oppose the Tour's untenable request for a June 30 document production cutoff as to them.   PIF and Mr. Al-Rumayyan otherwise take no position on the proposed discovery schedule at this juncture.

The parties have reached agreement on the proposed briefing schedule for the anticipated motion to dismiss the counterclaims by PIF and Mr. Al-Rumayyan, with opposition papers due June 15 and reply papers due July 7.

//

//

//

//

//

//

Gibson, Dunn & Crutcher LLP

### III.   Defendant's Statement

***Plaintiffs' Proposed Schedule Ignores the Present Reality of this Litigation***

All of the former player plaintiffs have dismissed their claims or publicly stated they will do so shortly, as LIV acknowledges in its portion of the case management statement above. This is now only a case between two competing golf leagues—there are no player plaintiffs left in the litigation. Contrary to LIV's protestations above, the players *voluntarily* dismissed their claims and there is no exigency or reason to push this case forward on an impossible schedule that will significantly prejudice the PGA TOUR due to PIF and Mr. Al-Rumayyan's wholesale disregard of their discovery obligations. Whatever the players' reasons for dismissing their claims, the fact is that LIV is now the sole plaintiff in this case. The purported exigency LIV has relied on from the beginning to justify the exceedingly aggressive case schedule—harm to the player plaintiffs—has evaporated.

Contrary to the misleading characterizations above, the TOUR repeatedly told LIV that the TOUR remains willing to discuss the case schedule. The TOUR has asked only that those conversations take into consideration the present reality of this litigation, namely that: (1) the Court has now denied the motion to bifurcate, meaning that the TOUR's counterclaims and LIV's antitrust claims must proceed on the same schedule; (2) the TOUR has received zero discovery from the PIF and Mr. Al-Rumayyan, named counter-defendants who are *presently* defying a Court order to produce it and who refuse to confirm that they are even preserving evidence relevant to this case; and (3) the TOUR has cross-moved for a stay of all discovery in order to rectify the fundamental unfairness created by LIV's owners at PIF, who are the real parties in interest in this case. Plaintiffs are unwilling to acknowledge, let alone discuss, any of these issues, and instead insist that the TOUR agree to go forward with fact depositions, expert discovery, dispositive motions and potentially *trial* without evidence the Court has already found relevant to the TOUR's defenses and counterclaims.

***First***, when the Court issued its order setting the last day to hear dispositive motions, a final pretrial conference, and trial, it had not yet ruled on the then-Plaintiffs' motion to bifurcate the TOUR's counterclaims. *See* Dkt. 404. Since that Order, the Court denied the motion, ensuring that the TOUR's counterclaims will proceed on the same schedule as LIV's antitrust claims. *See* Dkt. 408. In view of

Gibson, Dunn &
Crutcher LLP

that reality, LIV's proposed schedule would require the TOUR to complete fact and expert discovery on its counterclaims without ever receiving a single document from the named counter-defendants or taking their depositions. This reality renders LIV's proposed case schedule untenable while PIF and Mr. Al-Rumayyan persist in their interlocutory appeals and seek to delay the resolution of their forthcoming motion to dismiss.

When the TOUR asked LIV's counsel a series of questions about how their proposed schedule would impact the TOUR's ability to secure the necessary evidence from PIF and Mr. Al-Rumayyan to defend against LIV's claims and prosecute the TOUR's counterclaims, LIV's lawyers refused to provide any substantive answers. The TOUR asked, for example, whether LIV contends that the TOUR should be forced to litigate dispositive motions on its counterclaims without discovery from PIF or Mr. Al-Rumayyan, or whether it should be compelled to produce expert reports related to its counterclaims without the same evidence. LIV's counsel refused to even engage with these basic problems, and instead insisted that the TOUR accept minor modifications to a schedule that was reached when this case had a very different posture. It bears repeating: this case was originally filed by eleven golfers. Now, less than one year later, there are no golfers remaining and LIV, a corporate entity created by PIF with essentially unlimited funding, stands as the lone plaintiff. Under LIV's proposal, the TOUR would almost certainly be forced to completely forego summary judgment on its counterclaims while LIV is free to fully develop and prosecute its case against the TOUR. Given the length of Ninth Circuit appeals, *see* Dkt. 415 at 6 n.1-2, it is unclear how LIV expects the TOUR to actually try its counterclaims on the present timetable. LIV's proposal is fundamentally unfair and one-sided, and should be rejected for that reason alone.

***Second***, LIV's proposed schedule is unworkable given that PIF and Mr. Al-Rumayyan continue to refuse to produce *any* discovery in this case, even though they are currently defying a Court order requiring them to do so. Discovery from PIF and Mr. Al-Rumayyan is *no longer stayed*, but they refuse to produce any materials or provide testimony, or answer a single question about what they have done to preserve relevant evidence. Instead, they have in effect granted themselves a blanket stay, ignoring the representations they made to the Court to obtain their preferred schedule. Without discovery from

Gibson, Dunn &
Crutcher LLP

PIF and Mr. Al-Rumayyan, as the TOUR has explained in several recent filings, the TOUR is severely prejudiced in its ability to *defend* against LIV's antitrust claims. Without information from PIF and Mr. Al-Rumayyan, the TOUR cannot fully prepare to depose LIV's witnesses, numerous third parties, and the former Player Plaintiffs. A list of witnesses the TOUR cannot completely prepare to depose without discovery from PIF and Mr. Al-Rumayyan is attached to the TOUR's reply in support of its alternative cross-motion to stay discovery. *See* Dkt. 428-3. The TOUR is likewise constrained in its ability to prepare expert reports, and the TOUR cannot fully defend against or pursue case dispositive motions in the absence of evidence from PIF and Mr. Al-Rumayyan.

*Third*, since the Court set the current deadlines, the TOUR has filed a cross-motion to stay all discovery in this case if the Court is inclined to grant any stay of discovery as to PIF and Mr. Al-Rumayyan. *See* Dkt. 415; 428. The TOUR respectfully suggests that the Court wait for the opportunity to discuss the various issues raised in the three currently-pending stay requests at the May 22, 2023 case management conference, before further addressing the case schedule.

*Fourth*, Plaintiffs have unilaterally postponed deposition dates for three witnesses that had been *confirmed* weeks ago and were scheduled to occur before the May 22 case management conference. Plaintiffs' decision to inexplicably pull the deposition dates for these key witnesses and reset them *after* the briefing on the TOUR's motion to stay and *after* the May 22 case management conference has only exacerbated the prejudice inherent in their proposed schedule. Consistent with the Court's direction at the April 7, 2023 case management conference, the TOUR has sought to depose key witnesses with knowledge of PIF and Mr. Al-Rumayyan's involvement in LIV's creation, operations, and finances. For the avoidance of doubt: the TOUR's efforts to depose these witnesses are *not* a concession that the case can proceed on the current schedule. LIV's statement to the contrary above is a blatant mischaracterization of the TOUR's position. Unlike PIF and Mr. Al-Rumayyan, the TOUR recognizes and accepts that discovery is not presently stayed—it has cross-moved for a stay but the motion is pending. In the absence of a stay, the TOUR is continuing to comply with its discovery obligations and seeking to develop the record regarding the critical role of PIF and Mr. Al-Rumayyan in LIV's activities and this litigation.

Gibson, Dunn &
Crutcher LLP

But despite having an agreed upon schedule for depositions, the same lawyers who represent the Plaintiffs recently pulled several deposition dates in a coordinated and blatant effort to preclude the TOUR from developing a record that demonstrates the critical nature of the discovery PIF and Mr. Al-Rumayyan. For example, LIV's counsel pulled the deposition dates for three key third-party witnesses that were scheduled to occur before the May 22 case management conference—Jed Moore, Sean Bratches, and Gary Davidson—each of whom worked for LIV or Performance54, the entity created by PIF to form LIV. And, when pressed, LIV refused to commit to going forward with these depositions before the May 22 case management conference. Unlike LIV, the TOUR has produced six key witnesses for deposition. In contrast, LIV have prevented the TOUR from taking a single deposition of a LIV-affiliated witness as of the date of this filing. This transparent gamesmanship is yet another example of LIV's campaign to deny the TOUR necessary discovery while simultaneously demanding an aggressive and unfair schedule.

Unlike PIF and Mr. Al-Rumayyan, who continue to disregard their pending discovery obligations, the TOUR has complied with its discovery obligations and sought to depose witnesses associated with PIF and Mr. Al-Rumayyan precisely *because* the TOUR is deeply prejudiced by their failure to participate in discovery. Instead of helping itself to a *de facto* stay as PIF and Mr. Al-Rumayyan are doing, the TOUR is proceeding exactly as the Court instructed: developing the record on the critical importance of PIF and Mr. Al-Rumayyan's evidence. The fact that LIV's counsel is doing everything they can to forestall the TOUR's access to this information and delay these critical depositions is not an argument in LIV's favor. It is yet another reason for the Court to stay discovery while PIF and Mr. Al-Rumayyan pursue their appeals.

***The TOUR's Proposed Schedule Is Reasonable and Reflects the Current Status of the Litigation***

In contrast to LIV's proposal, the TOUR's proposed schedule represents a reasonable and common-sense approach that both reflects the reality of the current litigation status and provides for an aggressive timeline after PIF and Mr. Al-Rumayyan's appeals are finally resolved.

For all the reasons explained above and in the TOUR's recent filings, it is fundamentally unfair to set a schedule where fact discovery closes without any participation from PIF or Mr. Al-Rumayyan.

Gibson, Dunn &
Crutcher LLP

It is likewise unfair to require the TOUR to produce expert reports, move for and oppose summary judgment, and proceed to trial on both the antitrust claims and the TOUR's counterclaims without that core evidence. The TOUR's proposed schedule below accounts for this unfairness by setting dates consistent with an expeditious resolution of PIF and Mr. Al-Rumayyan's interlocutory appeals related to sovereign immunity issues.

Indeed, the Court has already acknowledged the relevance of this evidence to the TOUR's defense of the antitrust claims, and the parties remain essentially at square one on the counterclaims until PIF and Mr. Al-Rumayyan begin producing discovery.

For the reasons described above, if the Court is inclined to consider entering an order on the case schedule prior to resolving the pending stay motions, the TOUR respectfully requests that it enter the schedule set forth below:

| **Tour's Proposed Date** | **Event** |
|---|---|
| N/A | Deadline to Serve Subpoena Duces Tecum on Non-Party Witnesses |
| May 18, 2022 (per ECF 402) | Deadline for PIF/Al-Rumayyan to Respond to TOUR's Amended Counterclaims |
| Monday, May 22, 2023 at 1 p.m. PT | Case Management Conference |
| June 15, 2023 | Opposition to PIF/Al-Rumayyan Motion to Dismiss |
| July 7, 2023 | Reply in Support of PIF/Al-Rumayyan Motion to Dismiss |
| June 30, 2023 | Deadline for PIF / Al-Rumayyan to Complete Document Production |
| January 12, 2024 | Fact Witness Deposition Cutoff |
| February 2, 2024 | Opening Expert Reports |
| April 5, 2024 | Rebuttal Expert Reports |
| May 3, 2024 | Close of Expert Discovery |

JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE
CASE NO. 5:22-CV-04486-BLF

Gibson, Dunn & Crutcher LLP

| June 6, 2024 | Defendant's Deadline to File Motion for Summary Judgment |
|---|---|
| June 27, 2024 | Deadline to Oppose Defendant's Motion for Summary Judgment/File Cross-Motion for Summary Judgment |
| July 18, 2024 | Reply in Support of Defendant's Motion/Opposition to Cross-Motion for Summary Judgment |
| August 8, 2024 | Reply in Support of Cross-Motion for Summary Judgment |
| September 5, 2024 at 9:00 a.m. PT | Hearing on Cross-Motions for Summary Judgment |
| September 26, 2024 | Joint Pretrial Statement and Order |
| September 26, 2024 | Motions in Limine Deadline |
| October 10, 2024 | Oppositions to Motions in Limine |
| October 24, 2024 at 1:30 P.M. PT | Final Pretrial Conference |
| November 12, 2024 | Trial |

Gibson, Dunn & Crutcher LLP

JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE
CASE NO. 5:22-CV-04486-BLF

1    DATED:  May 15, 2023                    Respectfully submitted,

2                                            By:    _____ */s/ Rachel S. Brass*_____

3                                            RACHEL S. BRASS, SBN 219301
                                               rbrass@gibsondunn.com
4                                            LAUREN D. DANSEY, SBN 311886
                                               ldansey@gibsondunn.com
5                                            GIBSON, DUNN & CRUTCHER LLP
                                             555 Mission Street, Suite 3000
6                                            San Francisco, California 94105-0921
                                             Telephone:  415.393.8200
7                                            Facsimile:  415.393.8306

8                                            RUSSELL H. FALCONER, *pro hac vice*
                                               rfalconer@gibsondunn.com
9                                            SCOTT K. HVIDT, *pro hac vice*
                                               shvidt@gibsondunn.com
10                                           GIBSON, DUNN & CRUTCHER LLP
                                             2001 Ross Avenue, Suite 2100
11                                             Dallas, Texas 75201-2911
                                               Telephone:  214.698.3100
12

13                                           JOSHUA LIPTON, *pro hac vice*
                                               jlipton@gibsondunn.com
14                                           KRISTEN C. LIMARZI, *pro hac vice*
                                               klimarzi@gibsondunn.com
15                                           GIBSON, DUNN & CRUTCHER LLP
                                             1050 Connecticut Avenue, N.W.
16                                           Washington, DC 20036-5306
                                             Telephone: 202.955.8500

17                                           ROBERT C. WALTERS, *pro hac vice*
                                               rob@rcwalterspc.com
18                                           ROBERT C. WALTERS, PC
                                             2001 Ross Avenue
19                                           Dallas, Texas 75201-2911
                                             Telephone:     214.727.2466
20

21                                           JOHN B. QUINN, SBN 90378
                                               johnquinn@quinnemanuel.com
22                                           DOMINIC SURPRENANT, SBN 165861
                                               dominicsurprenant@quinnemanuel.com
23                                           KEVIN TERUYA, SBN 235916
                                               kevinteruya@quinnemanuel.com
24                                           QUINN EMANUEL URQUHART & SULLIVAN LLP
                                             865 South Figueroa Street, 10th Floor
25                                           Los Angeles, California 90017
                                             Telephone:  213.443.3000
26

27

28                                                        17

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:  650.801.5100

*Attorneys for Plaintiff LIV Golf Inc.*

DATED:  May 15, 2023

KEKER, VAN NEST & PETERS LLP

By: _____*/s/ Elliot R. Peters*_____
            Elliot R. Peters

ELLIOT R. PETERS, SBN 158708
  epeters@keker.com
DAVID SILBERT, SBN 173128
  dsilbert@keker.com
R. ADAM LAURIDSEN, SBN 243780
  alauridsen@keker.com
NICHOLAS S. GOLDBERG, SBN 273614
  ngoldberg@keker.com
SOPHIE HOOD, SBN 295881
  shood@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

ANTHONY J. DREYER, admitted *pro hac vice*
  anthony.dreyer@skadden.com
KAREN M. LENT, admitted *pro hac vice*
  karen.lent@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, Ny 10001
Telephone:     (212) 735-3000
Facsimile:      (212) 735-2000/1

*Attorneys for Defendant PGA Tour, Inc.*

Gibson, Dunn &
Crutcher LLP

18

JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE
SCHEDULE
CASE NO. 5:22-CV-04486-BLF

DATED:  May 15, 2023

WHITE & CASE LLP

By: _____ */s/ Kimberly A. Havlin*_____
          Kimberly A. Havlin

CAROLYN LAMM (*pro hac vice*)
  clamm@whitecase.com
HANSEL PHAM (*pro hac vice*)
  hpham@whitecase.com
NICOLLE KOWNACKI (*pro hac vice*)
  nkownacki@whitecase.com
WHITE & CASE LLP
701 THIRTEENTH STREET, NW
WASHINGTON, D.C. 20005
Telephone:     (202) 626 - 3600


JACK E. PACE III (*pro hac vice*)
  jpace@whitecase.com
KIMBERLY A. HAVLIN (*pro hac vice*)
  kim.havlin@whitecase.com
HANNELORE SKLAR (*pro hac vice*)
  Hannelore.sklar@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone     (212) 819 – 8200


HEATHER M. BURKE, SBN 284100
  hburke@whitecase.com
WHITE & CASE LLP
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306
Telephone:     (650) 213 – 0300


*Attorneys for Counter-Defendants The Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan*

JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE
CASE NO. 5:22-CV-04486-BLF

Gibson, Dunn &
Crutcher LLP

1

## <u>ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1</u>

2

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that

3

concurrence in the filing of the document has been obtained from each of the other signatories to this

4

document.

5

6

DATED:  May 15, 2023                    GIBSON, DUNN & CRUTCHER LLP

7

8

By: _____
                          */s/ Rachel S. Brass*
                          Rachel S. Brass

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

JOINT STATEMENT REGARDING STIPULATION AND [PROPOSED] ORDER REGARDING CASE
SCHEDULE
CASE NO. 5:22-CV-04486-BLF