UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>    Defendant. | Case No. 22-cv-04486-BLF<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY FROM PIF AND HE PENDING APPEAL; DENYING MOTION TO STAY PENDING MOTION TO DISMISS WITHOUT PREJUDICE; DENYING CROSS-MOTION TO STAY DISCOVERY**<br><br>[Re: ECF Nos. 395, 396, 415] |

Before the Court are two motions to stay discovery from certain counter-defendants and a cross-motion to stay all discovery. The first two motions were submitted jointly by the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE"). PIF and HE's first motion seeks a stay of PIF and HE's discovery obligations under subpoenas that were served on them before they were parties to this action pending their appeal of this Court's order requiring their compliance with the subpoenas. *See* Mot. to Stay Disc. Pending Appeal ("Appeal Stay Mot."), ECF No. 395. PIF and HE's second motion seeks a stay of PIF and HE's discovery obligations pending resolution of their as yet unfiled motion to dismiss. *See* Mot. to Stay Disc. Pending Resolution of Mot. Dismiss ("MTD Stay Mot."), ECF No. 396.

Defendant-counterclaimant PGA Tour, Inc. (the "TOUR") opposes both motions and cross-moves for a stay of all discovery. TOUR Opp'n, ECF No. 415. PIF and HE have filed a Reply, PIF-HE Reply, ECF No. 418, as has the TOUR, TOUR Reply, ECF No. 428. Plaintiff-counterdefendant LIV Golf, Inc. ("LIV") opposes the TOUR's cross-motion. LIV Opp'n, ECF No. 423.

The Court finds this matter suitable for resolution without a hearing. Civil L.R. 7-1(b). For the reasons below, PIF and HE's Motion to Stay Discovery Pending Appeal (ECF No. 395) is GRANTED; PIF and HE's Motion to Stay Discovery Pending Resolution of the Motion to Dismiss (ECF No. 396) is DENIED; and the TOUR's Cross-Motion to Stay Discovery (ECF No. 415) is DENIED.

## I. BACKGROUND

### A. Complaint and First Amended Complaint

This action was filed on August 3, 2022, by 11 professional golfers asserting antitrust violations and related claims against TOUR. *See* Compl., ECF No. 1. The operative first amended complaint ("FAC") was filed shortly thereafter, adding LIV as a plaintiff. *See* FAC, ECF No. 83. Only two players remain as plaintiffs today, and LIV's statements in the parties' recent joint case management statement suggest that those remaining player plaintiffs will soon leave the litigation. Joint Case Updated Management Statement 5, ECF No. 430. The FAC alleges that TOUR is "an entrenched monopolist with a vice-grip on professional golf," and that LIV is a new entrant to the market as the sponsor of a new golf league. *See* FAC ¶¶ 1, 101-08. According to Plaintiffs, the TOUR has acted unlawfully to preserve its monopoly power by restricting elite golfers' ability to participate in LIV golf events. *See id.* ¶ 2. The TOUR allegedly has threatened to impose suspensions and lifetime bans on golfers who participate in a single LIV event. *See id.* ¶¶ 3-5. The FAC asserts claims for violation of state and federal antitrust laws, breach of contract, tortious interference with contract, and tortious interference with prospective business relationships. *See id.* ¶¶ 310-88.

### B. Answer and Counterclaim

The TOUR filed an answer to the FAC on September 28, 2022, along with a counterclaim against LIV for tortious interference with contract. *See* Answer & Countercl., ECF No. 108. The counterclaim alleges that LIV has interfered with TOUR's contractual relationships with golfers by, among other things, paying them to breach their contracts with TOUR and funding this lawsuit against TOUR. *See id.* ¶¶ 56-62. The counterclaim also alleges that LIV is wholly owned and overseen by PIF, the Saudi sovereign wealth fund, which holds more than $500 billion in assets.

*See id.* ¶¶ 6, 19.

On February 23, 2023, the Tour amended its counterclaim to add PIF and HE as counterdefendants and to add a claim for inducing breach of contract. *See* Answer & Am'd Countercl., ECF No. 289.

### C.    Subpoenas

The TOUR served subpoenas on PIF and HE, then non-parties, requiring them to appear for deposition and produce documents at the New York City office of TOUR's counsel. *See* Subpoenas, Dooley Decl. Exs. 6 & 7, ECF 148-2. PIF and HE moved to quash the subpoenas. *See* Mot. to Quash, ECF No. 166.

After lengthy briefing and argument before Magistrate Judge van Keulen, PIF and HE's motion was denied. *See* Order 58, ECF No. 380. However, the magistrate judge narrowed the scope of discovery and modified the subpoenas to give PIF and HE the option to change place of compliance from New York City to Riyadh, Saudi Arabia. *See id.*

Both parties moved this Court for relief from the magistrate judge's order. *See* TOUR Mot. for Relief, ECF No. 288; PIF and HE Mot. for Relief, ECF No. 306. The Court denied PIF and HE's request for relief and granted the TOUR's request for relief and vacated the portion of the order modifying the subpoenas to give PIF and HE the option to change the place of compliance from New York City to Riyadh, Saudi Arabia. *See* Order Den. Mot. for Relief 23, ECF No. 392; Order Granting Mot. for Relief 14, ECF No. 391.

### D.    Appeal

PIF and HE have appealed the Court's orders compelling discovery against PIF and HE as set forth in the modified subpoenas. *See* Notice of Appeal, ECF No. 394.

### E.    As Yet Unfiled Motion to Dismiss

As noted above, on February 23, 2023, the Tour amended its counterclaim to add PIF and HE as counterdefendants. *See* Answer & Am. Countercl. PIF and HE have indicated that they anticipate they will move to dismiss the counterclaim against them but have not done so yet. *See* MTD Stay Mot. 1. PIF and HE's response to the counterclaim is due May 18, 2023. *See* Order, ECF No. 403.

## II.   DISCUSSION

### A.   PIF and HE's Motion to Stay Discovery Pending Appeal

#### 1.  Legal Standard

When addressing a motion to stay pending appeal, a court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks and citation omitted). The first two factors are the most critical. *Id.* The party seeking a stay bears the burden of showing that the circumstances justify a stay. *Id.* at 433-34.

The Ninth Circuit applies a balancing approach to the *Nken* factors similar to that applied to the *Winter* factors in the context of a motion for preliminary injunction. *See Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Opining that "a flexible approach is even *more* appropriate in the stay context," the Ninth Circuit has made clear that "[t]here are many ways to articulate the minimum quantum of likely success necessary to justify a stay." *Id.* at 966-67 (emphasis in original). The stay applicant may satisfy the first factor by showing a "reasonable probability" or "fair prospect" of success, "a substantial case on the merits," or "that serious legal questions are raised." *Id.* at 967-68 (internal quotation marks and citations omitted). The second factor requires a showing that "irreparable harm is probable if the stay is not granted." *Id.* at 968.

#### 2.  Analysis

PIF and HE move for a stay of their discovery obligations under the TOUR's subpoenas pending the resolution of their appeal to the Ninth Circuit. PIF and HE argue that their appeal has divested this Court of jurisdiction to compel their compliance with the TOUR's subpoenas because they appeal this Court's orders denying their claims of immunity. *See* Appeal Stay Mot. 2-3. PIF and HE also argue that a stay of discovery pending appeal is appropriate under the "traditional" analysis because (1) PIF and HE will be irreparably injured absent a stay; (2) PIF and HE's pending challenge raises serious legal questions; (3) the TOUR will not be substantially

4

injured by the issuance of the stay; and (4) the public interest favors a stay. *Id.* at 3-8.

The TOUR opposes PIF and HE's motion. The TOUR does not dispute that PIF and HE's appeal has divested the Court of jurisdiction to require PIF and HE to comply with its subpoenas. The TOUR also does not dispute that PIF and HE will be irreparably injured absent a stay. The TOUR instead asserts that a stay of discovery from PIF and HE would prejudice the TOUR and that PIF and HE have not demonstrated a likelihood of success on the merits of their appeal. TOUR Opp'n 2-9.

The Court agrees with PIF and HE that their notice of appeal has divested the Court of jurisdiction over the TOUR's subpoenas. "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Academy of Orthopedic Surgeons*, 470 U.S. 373, 379 (1985); *see Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court."). An exception to this general rule is when "the district court finds that the defendants' claim of immunity is frivolous or has been waived, and certifies such in writing." *In re Cathode Ray Tube Antitrust Litig.*, No. 07-CV-05944-JST, 2020 WL 13303644, at *2 (N.D. Cal. Feb. 4, 2020). PIF and HE have appealed this Court's denial of their motion to quash the TOUR's subpoenas, arguing that they are immune from being compelled to comply with the subpoenas. No one argues that PIF and HE's claims of immunity are frivolous or have been waived. Accordingly, PIF and HE's appeal has divested the Court of jurisdiction over whether PIF and HE are immune from responding to the TOUR's subpoenas.

The Court's lack of jurisdiction over the subpoenas does not resolve whether the Court should stay all discovery as to PIF and HE pending resolution of the appeal, however. The TOUR has named PIF and HE as counterdefendants and served them with its counterclaim. PIF and HE are thus now parties to this action and are subject to party discovery obligations separate from any obligations they have under the TOUR's subpoenas. Thus, the Court considers whether a broad stay encompassing all discovery against PIF and HE pending resolution of the appeal is warranted.

To determine whether to stay all discovery against PIF and HE, the Court considers the

following four factors: (1) whether PIF and HE have made a strong showing that they are likely to succeed on the merits; (2) whether PIF and HE will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken*, 556 U.S. at 434. Applying these four factors, the Court finds that a stay is warranted.

The first *Nken* factor—likelihood of success on the merits—does not favor a stay. Both this Court and the magistrate judge issued detailed, thorough orders denying PIF and HE's motion to quash the subpoenas. However, on this first prong, there is an alternate analysis allowing consideration of whether serious questions have been raised. *Leiva-Perez*, 640 F.3d at 968. And given the purpose and scope of the immunity provided in the Foreign Sovereign Immunities Act, there can be little question of the seriousness of these questions. This recognition is in accord with the holdings of courts in other circuits. *See Philipp v. Fed. Republic of Germany*, 436 F. Supp. 3d 61, 67 (D.D.C. 2020) (holding that questions regarding application of expropriation exception to foreign sovereign immunity and the comity doctrine raised serious legal questions); *cf. Ministry of Oil of the Republic of Iraq v. 1,032,212 Barrels of Crude Oil Aboard the United Kalavrvta*, No. 3:14-cv-249, 2015 WL 851920, at *4 (S.D. Tex. Feb. 26, 2015) ("[T]he court is persuaded that a stay is appropriate because it involves an appeal of this court's denial of immunity under the FSIA."). Thus, the first factor weighs in favor of a stay of discovery from PIF and HE on the basis that the appeal raises serious questions.

The second *Nken* factor also favors a stay of discovery from PIF and HE. The second factor requires a showing that "irreparable harm is probable if the stay is not granted." *Leiva-Perez*, 640 F.3d at 968. Absent a stay, PIF and HE are likely to face orders compelling them to produce documents and give testimony that may later be found to be protected from disclosure if the Ninth Circuit disagrees with this Court's application of the Foreign Sovereign Immunities Act and common law foreign official immunity. Requiring PIF and HE to respond to discovery requests while their appeal is pending would undermine the right to the immunity they seek to vindicate. *Cf. WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 491 F. Supp. 3d 584, 595–96 (N.D. Cal. 2020) ("[I]f the Ninth Circuit determines that this court erred in finding defendants could not

assert foreign official immunity or derivative sovereign immunity, then they would have been immune from all of plaintiffs' claims from the outset. Permitting this case to proceed through discovery, in the meantime, would undermine the fundamental privilege of immunity from suit."). Furthermore, the time and expense of responding to discovery, which may be avoided if the Ninth Circuit disagrees with this Court, is irreparable harm. *See Philipp*, 436 F. Supp. 3d at 68 ("[A]bsent a stay, Defendants will be forced to incur the time and expenses of litigation, which may be avoided in the event that certiorari is granted and Defendants' challenge is upheld. This burden of defending against a lawsuit is irreversible and constitutes harm."). Accordingly, the second *Nken* factor favors a stay of discovery from PIF and HE.

The third *Nken* factor—prejudice to the Tour—favors denying the stay. The TOUR contends that it will be prejudiced by a stay of discovery from PIF and HE because PIF and HE have information that is critical to the TOUR's claims and defenses and a stay would delay the TOUR's discovery until after the current trial date. The TOUR is correct about the necessity of the discovery and the timing of the stay. Although prejudice to the TOUR could be avoided by delaying trial or issuing an instruction at trial about PIF and HE's refusal to participate in discovery, LIV has adamantly opposed trial continuances.

The fourth *Nken* factor—public interest—is neutral. On one hand, the United States has a strong public interest in respecting foreign sovereigns' immunity from suit and international comity. On the other hand, there is a strong public interest in the timely adherence to court orders and the application of the law equally to all. Both interests and important and neither is dispositive here.

In sum, the Court finds that two of the four relevant factors favor a stay, specifically, that the appeal raises serious legal questions going to the merits (first factor), that PIF and HE will suffer irreparable harm absent a stay (second factor). Prejudice to the TOUR does not outweigh the other factors. Based on this showing, the Court concludes that a stay of discovery from PIF and HE pending their appeal is warranted.

In light of the foregoing, PIF and HE's motion to stay their discovery obligations pending appeal is GRANTED and all discovery from PIF and HE is stayed pending resolution of their

appeal by the Ninth Circuit.

### B. Motion to Stay Pending Motion to Dismiss

PIF and HE ask the Court to stay discovery from them pending resolution of their forthcoming motion to dismiss. MTD Stay Mot. 1. In light of the Court's order above staying discovery from PIF and HE pending resolution of their appeal, the Court finds that PIF and HE's motion to stay discovery pending their as yet unfiled motion is not ripe. The motion is therefore DENIED without prejudice to refiling if PIF and HE's motion to dismiss remains pending after resolution of their appeal to the Ninth Circuit.

### C. The TOUR's Alternative Motion to Stay All Discovery

In its opposition to PIF and HE's motions the TOUR argues that if the Court stays discovery from PIF and HE, fairness requires a stay of all discovery. TOUR Opp'n 9-10. The TOUR contends that requiring it to proceed with discovery while staying discovery from PIF and HE is unfair because (1) the TOUR cannot prepare for depositions or draft expert reports, *id.* at 3-4; (2) discovery from PIF and HE is essential to the TOUR's counterclaims, *id.* at 4-5; (3) the stay of discovery from PIF and HE will likely extend past the currently set trial date, *id.* at 5-7; and (4) a stay of discovery from PIF and HE but not other would allow PIF and HE to benefit from "gamesmanship," *id.* at 7-8. LIV opposes the TOUR's motion, claiming its right to preserve evidence. LIV acknowledges that the parties would be required to cooperate in reopening certain discovery if necessary. LIV Opp'n 3-4, ECF No. 423.

The Court finds that the TOUR has not demonstrated that a stay of all discovery is warranted. Regarding the TOUR's ability to prepare for depositions and draft expert reports, the Court has already addressed these concerns at the parties' last case management conference. The Court understands that the testimony of some witnesses may be affected by documents from PIF and HE, but the Court does not believe this is the case for all of the witnesses the TOUR would seek to depose. Nothing in the TOUR's briefing undermines this belief. It thus benefits all parties, including the TOUR, to proceed with discovery to preserve what they can. If the TOUR later receives discovery from PIF and HE that would bear on a deponent's testimony the Court will certainly entertain a request by the TOUR to reopen witness depositions. Likewise,

1   concerning expert reports, the Court understands that later discovery from PIF and HE may justify
2   permitting the TOUR to amend its expert designations or its expert's reports.  The Court finds
3   these remedies superior to halting this case, as they permit the parties to preserve evidence while
4   mitigating any harm to the TOUR.

5       The Court also finds that the TOUR's second concern—the necessity of discovery from
6   PIF and HE to the TOUR's claims—does not support a stay of all discovery.  This order stays
7   discovery from PIF and HE pending resolution of their appeal to the Ninth Circuit.  If the Ninth
8   Circuit agrees with this Court, then the TOUR will be permitted to seek the discovery it argues it
9   needs.  If the Ninth Circuit disagrees with this Court, then a stay of all discovery will have served
10  no benefit in fairly and efficiently advancing this case.

11      The TOUR's third concern—that the stay of discovery from PIF and HE will extend past
12  summary judgment and trial—is premature.  Any delay in receiving discovery from PIF and HE
13  caused by their appeal can be addressed by later amending the case schedule or another
14  appropriate remedy.

15      Finally, the Court finds unconvincing the Tour's fourth concern—that a stay applied only
16  to PIF and HE permits them to benefit from "unfair gamesmanship."  Although the Court found
17  that PIF and HE were not immune from discovery in this matter, the Court finds no bad faith or
18  "unfair gamesmanship" in their arguments and their attempt to seek interlocutory review of this
19  Court's orders on the matter.

20      The Court also agrees with LIV that discovery remains critical to preserving evidence.
21  Memories fade, and documents may disappear over time.  Thus, a full halt of discovery would
22  harm the litigation process.  And TOUR recognizes this problem in raising its concern that PIF
23  and HE have yet to acknowledge their obligation as parties to preserve evidence.  They have not
24  suggested, and this Court is unaware of, any authority allowing them to destroy evidence while
25  their appeal is pending.  The Court expects that counsel has so advised them.

26      Accordingly, the Court DENIES the TOUR's cross-motion to stay all discovery.

27  **III.   ORDER**
28      For the foregoing reasons, IT IS HEREBY ORDERED that:

1. PIF and HE's motion for a stay of discovery pending appeal (ECF No. 395) is GRANTED. All discovery from PIF and HE is stayed pending resolution of their appeal by the Ninth Circuit.
2. PIF and HE's motion for a stay of discovery pending counter-defendants' as yet unfiled motion to dismiss (ECF No. 396) is DENIED WITHOUT PREJUDICE.
3. The TOUR's cross-motion for a stay of discovery (ECF No. 415) is DENIED.

Dated: May 17, 2023

_____
BETH LABSON FREEMAN
United States District Judge

10