UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PGA TOUR, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-04486-BLF<br><br>**ORDER RE MOTIONS TO SEAL DOCUMENTS SUBMITTED WITH BRIEFING ON MOTION TO BIFURCATE**<br><br>[Re: ECF Nos. 332, 374] |

Before the Court are two administrative motions to consider whether another party's material should be sealed. Both concern materials submitted with briefing on Plaintiffs motion to bifurcate.

The first motion was submitted by Plaintiffs. The motion asks the court to consider whether portions of Plaintiffs' Motion to Bifurcate and certain exhibits submitted with the Motion to Bifurcate should be sealed on the ground that those materials were designated as confidential by Defendant PGA Tour, Inc. (the "TOUR") and non-party Clout Public Affairs, LLC. *See* Plfs. Mot., ECF No. 332. The TOUR has submitted a statement in support of sealing. *See* TOUR Statement, ECF No. 346. Clout has not submitted a statement in support of sealing.

The second motion was submitted by the TOUR. The motion asks the court to consider whether portions of the TOUR's Opposition to Plaintiffs' Motion to Bifurcate and certain exhibits submitted with the Opposition should be sealed on the ground that those materials were designated as confidential by Plaintiff LIV Golf, Inc. *See* TOUR Mot., ECF No. 374. LIV has submitted a statement in support of sealing. *See* LIV Statement, ECF No. 397.

For the reasons discussed below, Plaintiffs' administrative motion (ECF No. 332) is GRANTED and the TOUR's administrative motion (ECF No. 374) is GRANTED IN PART and DENIED IN PART.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Under this Court's Civil Local Rules, a party moving to seal a document in whole or in part must file a statement identifying the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient. *See* Civ. L.R. 79-5(c)(1). A supporting declaration shall be submitted if necessary. See Civ. L.R. 79-5(c)(2). Finally, the moving party must submit "a proposed order that is narrowly tailored to seal only the sealable material[.]" Civ. L.R. 79-5(c)(3).

Where the moving party requests sealing of material that has been designated confidential by another party, the designating party has the burden to establish that the material should be sealed. *See* Civ. L.R. 79-5(f)

## II. DISCUSSION

The good cause standard applies here because the sealing request relates to briefing on a motion to bifurcate trial, which is only tangentially related to the merits of the case. *Cf. Ctr. for Auto Safety*, 809 F.3d at 1097.

Courts in this Circuit have held that confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *Exeltis USA Inc.*, 2020 WL 2838812, at *1; *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *In re Hydroxycut Mktg. & Sales Pracs.*

2

1  *Litig.*, No. 09MD2087 BTM AJB, 2011 WL 864897 (S.D. Cal. Mar. 11, 2011) (finding
2  compelling reasons to seal "e-mails which reveal business and marketing strategy"). Such
3  information is therefore likewise sealable under the "less exacting" good cause standard.

4      The TOUR has demonstrated that good cause to seal the material it seeks to seal. The
5  TOUR requests to seal communications concerning business strategy, competitively sensitive
6  business information about TOUR operations and corporate decision making, characterizations of
7  communications between TOUR executives and retained consultants strategizing regarding
8  competitive issues, and analysis and work product provided by retained consultants on competitive
9  issues. TOUR Statement 6 (citing Shetty Decl. ¶¶ 3-11, ECF No. 346-1). The TOUR's Deputy
10 General Counsel explains in her declaration the injury the TOUR will suffer if sealing is denied.
11 For example, Ms. Shetty explains that disclosure of certain materials would cause the TOUR
12 competitive harm by revealing internal strategy and decision-making processes. Shetty Decl. ¶ 4.
13 The Court finds that the TOUR's statement and Ms. Shetty's declaration set forth good cause to
14 seal the material the TOUR requests to seal.

15     LIV has also demonstrated good cause to seal the material it seeks to seal. LIV seeks to
16 seal documents describing plans and strategy for LIV's formation, competitively sensitive
17 business communications, and documents concerning corporate governance and decision making.
18 *See* Davidson Decl. ¶¶ 2-12, ECF No. 1. LIV provides a declaration setting forth the injuries LIV
19 will suffer if sealing is denied. For example, LIV's declarant, Gary Davidson, explains that
20 disclosure of certain materials would allow LIV's competitors to counter LIV's business strategy
21 and would hamper LIV's ability to engage in future negotiations. *See id.* ¶ 5. The Court finds
22 that LIV's statement and Mr. Davidson's declaration set forth good cause to seal the material LIV
23 requests to seal.

24     The Court's rulings as to specific documents are set forth below.

| ECF No. | Document | Material to be Sealed | Ruling |
| --- | --- | --- | --- |
| 332-1 | Motion to Bifurcate | 4:22-27 | GRANTED. Material quotes an internal communications strategy document related to the TOUR's business with other partners in |

| | | | |
|---|---|---|---|
| | | | the golf ecosystem and revealing this internal strategy material would cause significant harm to the TOUR's business and relationships with other golf tours. *See* Shetty Decl. ¶ 3. |
| 332-1 | Motion to Bifurcate | 5:11-13, 5:21 | GRANTED.  Material quotes competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and disclosure of these communications would cause harm to the TOUR's relationships with business partners and reveal internal strategy and decision-making processes. *See* Shetty Decl. ¶ 4. |
| 332-2 | Exhibit G to Motion to Bifurcate | Entire Document | GRANTED.  Material is an internal communications strategy document related to the TOUR's business with other partners in the golf ecosystem and revealing this internal strategy material would cause significant harm to the TOUR's business and relationships with other golf tours. *See* Shetty Decl. ¶ 3. |
| 332-3 | Exhibit J to Motion to Bifurcate | Entire Document | GRANTED.  Material is internal TOUR communication between senior TOUR employees and the TOUR's Commissioner regarding sensitive internal strategy related to other professional golf governing bodies. The disclosure of these sensitive internal communications would cause competitive harm to the TOUR and damage to the TOUR's relationships with other professional golf governing bodies. *See* Shetty Decl. ¶ 5. |
| 332-4 | Exhibit K to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects communications between TOUR employees regarding sensitive competitive strategy and analysis and the disclosure of these communications would cause competitive injury to the TOUR. *See* Shetty Decl. ¶ 6 |
| 332-5 | Exhibit N to Motion to | Entire Document | GRANTED.  Material reflects |

4

|   | Bifurcate |   | competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and disclosure of these communications would cause harm to the TOUR's relationships with business partners and reveal internal strategy and decision-making processes. *See* Shetty Decl. ¶ 4. |
|---|---|---|---|
| 332-6 | Exhibit O to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues, or summaries thereof and disclosure of these communications would cause harm to the TOUR's relationships with business partners and reveal internal strategy and decision-making processes. *See* Shetty Decl. ¶¶ 4, 7. |
| 332-7 | Exhibit P to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and invoices prepared by the non-party consultant and disclosing these materials would damage the TOUR's relationship with the nonparty consultant and disclose competitively sensitive pricing information related to the non-party consultant's services. *See* Shetty Decl. ¶ 8 |
| 332-8 | Exhibit Q to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and disclosure of these communications would cause harm to the TOUR's relationships with business partners and reveal internal strategy and decision-making |

|   |   |   | processes. *See* Shetty Decl. ¶ 9. |
|---|---|---|---|
| 332-9 | Exhibit R to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects competitively sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and disclosure of these communications would cause harm to the TOUR's relationships with business partners and reveal internal strategy and decision-making processes. *See* Shetty Decl. ¶ 4. |
| 332-10 | Exhibit S to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects sensitive communications between TOUR employees and a non-party consultant retained by the TOUR to provide strategic advice on competitive issues and disclosure of these communications would cause harm to the TOUR's relationships with business partners and reveal internal strategy and decision-making processes. *See* Shetty Decl. ¶ 10. |
| 332-11 | Exhibit T to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects internal TOUR communications discussing and summarizing confidential conversations between senior TOUR executives and a non-party consultant retained by the TOUR to provide strategic and competitive advice and disclosure of these communications would cause harm to the TOUR's relationships with business partners and reveal internal strategy and decision-making processes. *See* Shetty Decl. ¶ 11. |
| 332-12 | Exhibit U to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects confidential and competitively sensitive analysis prepared by a non-party consultant retained by the TOUR to provide strategic and competitive advice and disclosure of this analysis would cause harm to the TOUR's relationships with business partners and reveal internal strategy and decision-making |

6

| | | | |
|---|---|---|---|
| | | | processes. *See* Shetty Decl. ¶ 12. |
| 374-1 | Opposition to Motion to Bifurcate | 2:12-16 | GRANTED.  Material reflects information from confidential service agreements related to LIV's formation and marketing, the disclosure of which would prejudice LIV's ability to negotiate different terms for the services described in the agreements, including different payments for such services. *See* Davidson Decl. ¶ 2. |
| 374-1 | Opposition to Motion to Bifurcate | 2:18-20, 9:13-14 | GRANTED.  Material reflects description of privilege log that articulates specific subjects about which legal advice was offered and LIV's counsel's confidential communications with the government, the disclosure of which would harm LIV's ability to provide information to the government.  *See* Davidson Decl. ¶ 3. |
| 374-1 | Opposition to Motion to Bifurcate | 2:5-7, 3:26-27 | GRANTED.  Material reflects description of competitively sensitive business communications, the disclosure of which would prejudice LIV's ability to engage in future negotiations and provide competitors insight into LIV's messaging and recruiting strategy.  *See* Davidson Decl. ¶ 4. |
| 374-1 | Opposition to Motion to Bifurcate | 6:11-13 | GRANTED.  Material reflects LIV's confidential financial information disclosure of which would competitively harm LIV by revealing to competitors and potential partners LIV's access to capital.  *See* Davidson Decl. ¶ 5. |
| 374-1 | Opposition to Motion to Bifurcate | 2:21, 4:19-21, 5:3-4 | GRANTED.  Material reflects confidential information about LIV's shareholder agreement, including limitations on LIV's conduct and LIV's relationship with third parties, the disclosure of which would would cause competitive harm.  *See* Davidson Decl. ¶ 6. |
| 374-1 | Opposition to Motion to Bifurcate | 4:27-28, 10:4-5, 10:12 | GRANTED.  Material discusses terms of confidential player agreements and recruiting |

| | | | |
|---|---|---|---|
| | | | strategy, the disclosure of which could cause LIV competitive harm by hampering further negotiations. *See* Davidson Decl. ¶ 7. |
| 374-1 | Opposition to Motion to Bifurcate | 9:8-9 | GRANTED. Material reflects internal decision making regarding LIV's event structure, player payments, structure of payments, and business strategy regarding Official World Golf Ranking points—the disclosure of which would cause LIV competitive harm by hampering further negotiations. Davidson Decl. ¶ 8. |
| 374-1 | Opposition to Motion to Bifurcate | 2:23-24 | GRANTED. Material reflects terms of indemnification agreement, the disclosure of which would harm LIV's ability to litigate this case or negotiate settlement. *See* Davidson Decl. ¶ 12. |
| 374-2 | Exhibit 1 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Material reflects information from confidential service agreements related to LIV's formation and marketing, the disclosure of which would prejudice LIV's ability to negotiate different terms for the services described in the agreements, including different payments for such services. *See* Davidson Decl. ¶ 2. |
| 374-2 | Exhibit 2 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Material reflects information from confidential service agreements related to LIV's formation and marketing, the disclosure of which would prejudice LIV's ability to negotiate different terms for the services described in the agreements, including different payments for such services. *See* Davidson Decl. ¶ 2. |
| 374-2 | Exhibit 3 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Material reflects privilege log that articulates specific subjects about which legal advice was offered. *See* Davidson Decl. ¶ 3. |
| 374-2 | Exhibit 4 to Opposition to Motion | No sealing requested. | DENIED. Plaintiff does not seek to seal Exhibit 4 to the |

| | | | |
|---|---|---|---|
| | to Bifurcate | | Opposition as it does not contain any information designated as confidential and has filed it on the public docket at ECF No. 397-2.  *See* LIV Statement 2. |
| 374-3 | Exhibit 5 to Opposition to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects competitively sensitive business communications, the disclosure of which would prejudice LIV's ability to engage in future negotiations and provide competitors insight into LIV's messaging and recruiting strategy.  *See* Davidson Decl. ¶ 4. |
| 374-3 | Exhibit 6 to Opposition to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects competitively sensitive business communications, the disclosure of which would prejudice LIV's ability to engage in future negotiations and provide competitors insight into LIV's messaging and recruiting strategy.  *See* Davidson Decl. ¶ 4. |
| 374-3 | Exhibit 7 to Opposition to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects competitively sensitive business communications, the disclosure of which would prejudice LIV's ability to engage in future negotiations and provide competitors insight into LIV's messaging and recruiting strategy.  *See* Davidson Decl. ¶ 4. |
| 374-3 | Exhibit 8 to Opposition to Motion to Bifurcate | Entire Document | GRANTED.  Material reflects LIV's confidential financial information and business strategy disclosure of which would harm LIV by disclosing LIV's strategy to competitors and prejudice LIV in future negotiations.  *See* Davidson Decl. ¶ 5. |
| 374-4 | Exhibit 9 to Opposition to Motion to Bifurcate | Entire Document | GRANTED.  Material contains confidential information about LIV's corporate governance, investment structure, share price, valuation, internal financial reporting, internal decision making, and budgeting process; the identities of LIV's strategic partners and pre-approved clients; LIV financials, including specific amounts of capital, the capital deployment schedule, and capital intended uses; LIV's |

9

| | | | |
|---|---|---|---|
| | | | relationships with third parties; and limitations on LIV's business conduct, disclosure of which could cause competitive harm. *See* Davidson Decl. ¶ 6. |
| 374-4 | Exhibit 10 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Material reflects terms of confidential player agreements and recruiting strategy, the disclosure of which would cause LIV competitive harm by hampering further negotiations. *See* Davidson Decl. ¶ 7. |
| 374-4 | Exhibit 11 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Material reflects terms of confidential player agreements and recruiting strategy, the disclosure of which would cause LIV competitive harm by hampering further negotiations. *See* Davidson Decl. ¶ 7. |
| 374-4 | Exhibit 12 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Material reflects internal decision making regarding LIV's event structure, player payments, structure of payments, and business strategy regarding Official World Golf Ranking points—the disclosure of which would cause LIV competitive harm by hampering further negotiations. *See* Davidson Decl. ¶ 8. |
| 374-5 | Exhibit 13 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Document is LIV Golf Player Media Briefing preparation sheet and reflects public relations strategy, the disclosure of which would cause LIV competitive harm. *See* Davidson Decl. ¶ 9. |
| 374-5 | Exhibit 14 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Material reflects internal decision making regarding LIV's event structure, player payments, structure of payments, and business strategy regarding Official World Golf Ranking points—the disclosure of which would cause LIV competitive harm by hampering further negotiations. *See* Davidson Decl. ¶ 8. |
| 374-5 | Exhibit 15 to Opposition to Motion | Entire Document | GRANTED. Material reflects internal decision making |

| | | | |
|---|---|---|---|
| | to Bifurcate | | regarding LIV's event structure, player payments, structure of payments, and business strategy regarding Official World Golf Ranking points—the disclosure of which would cause LIV competitive harm by hampering further negotiations. *See* Davidson Decl. ¶ 8. |
| 374-5 | Exhibit 16 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Material reflects LIV's counsel's confidential communications with the government, the disclosure of which would harm LIV's ability to provide information to the government. *See* Davidson Dec1. ¶ 3. |
| 374-6 | Exhibit 17 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Materials reflect player contracts that include confidential information about payments, offers, commitment fees, players rights and obligations, and length of commitment—the disclosure of which would constrain LIV in future negotiations. *See* Davidson Decl. ¶ 10. |
| 374-6 | Exhibit 18 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Materials reflect player contracts that include confidential information about payments, offers, commitment fees, players rights and obligations, and length of commitment—the disclosure of which would constrain LIV in future negotiations. *See* Davidson Decl. ¶ 10. |
| 374-8 | Exhibit 19 to Opposition to Motion to Bifurcate | Entire Document | GRANTED as to redacted version filed at ECF No. 397-3. *See* ECF No. 86, at 2. |
| 374-7 | Exhibit 32 to Opposition to Motion to Bifurcate | Entire Document | GRANTED. Material reflects terms of indemnification agreement, the disclosure of which would harm LIV's ability to litigate this case or negotiate settlement. *See* Davidson Decl. ¶ 12. |

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

11

1. LIV's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 332), as supported by the TOUR's Statement (ECF No. 346), is GRANTED as set forth herein.
2. The TOUR's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 374), as supported by LIV's Statement (ECF No. 397), is GRANTED IN PART and DENIED IN PART as set forth herein.

Dated: May 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge