UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PGA TOUR, INC.,<br><br>　　　　　Defendant. | Case No.  22-cv-04486-BLF<br><br>**ORDER ON MOTIONS TO SEAL DOCUMENTS SUBMITTED WITH MOTIONS TO STAY**<br><br>[Re: ECF Nos. 414, 421, 422] |

Before the Court are three administrative motions to consider whether another party's material should be sealed. The motions concern materials submitted with briefing on motions to stay discovery.

Defendant PGA Tour, Inc. (the "TOUR") filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. TOUR Mot., ECF No. 414. Plaintiff LIV Golf, Inc. filed a statement in support of sealing. LIV Statement, ECF No. 419.

Plaintiffs LIV, Matt Jones, and Bryson DeChambeau filed two administrative motions to consider whether another party's material should be sealed. Plaintiffs' first administrative motion seeks to seal materials that the TOUR designated as confidential. Pls. Mot. Re TOUR Materials, ECF No. 421. The TOUR has filed a statement in support of sealing. TOUR Statement, ECF No. 429. Plaintiffs' second administrative motion seeks to seal materials that non-party Clout Public Affairs LLC designated as confidential. Pls. Mot. Re Clout Materials, ECF No. 422. Clout filed a statement in support of sealing. Clout Statement, ECF No. 427.

For the following reasons, the TOUR's administrative motion (ECF No. 414) is GRANTED; Plaintiffs' motion concerning the TOUR's materials (ECF No. 421) is GRANTED IN PART and DENIED IN PART; and Plaintiffs' motion concerning Clout's materials (ECF

1  No. 422) is GRANTED IN PART and DENIED IN PART.

**I. LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

Under this Court's Civil Local Rules, a party moving to seal a document in whole or in part must file a statement identifying the legitimate private or public interests that warrant sealing, the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not sufficient. *See* Civ. L.R. 79-5(c)(1). A supporting declaration shall be submitted if necessary. *See* Civ. L.R. 79-5(c)(2). Finally, the moving party must submit "a proposed order that is narrowly tailored to seal only the sealable material[.]" Civ. L.R. 79-5(c)(3).

Where the moving party requests sealing of material that has been designated confidential by another party, the designating party has the burden to establish that the material should be sealed. *See* Civ. L.R. 79-5(f)

**II. DISCUSSION**

The good cause standard applies here because the sealing request relates to briefing on motions to stay discovery, which is only tangentially related to the merits of the case. *Cf. Ctr. for Auto Safety*, 809 F.3d at 1097; *cf. also LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) (applying "good cause" standard to evaluate sealing of documents submitted with a motion to stay); *E. W. Bank v. Shanker*, 2021 WL 4916729, at *1 (N.D. Cal. Aug. 31, 2021) (same).

Courts in this Circuit have held that confidential business information in the form of

"license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See Exeltis USA Inc.*, 2020 WL 2838812, at \*1; *see also In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at \*2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, No. 09MD2087 BTM AJB, 2011 WL 864897 (S.D. Cal. Mar. 11, 2011) (finding compelling reasons to seal "e-mails which reveal business and marketing strategy"). Such information is therefore sealable under the "less exacting" good cause standard. *See Ctr. for Auto Safety*, 809 F.3d at 1097.

**LIV Materials**: LIV has demonstrated good cause to seal the material it seeks to seal. LIV requests to seal confidential information related to (1) confidential negotiations with broadcasters and sponsors, and (2) investor operations pursuant to rights under the Shareholder Agreement. *See* LIV Statement (citing Davidson Decl. ¶¶ 2-3, ECF No. 419). LIV's declarant explains that disclosure would cause competitive harm to LIV by prejudicing LIV's ability to obtain outside funding, restricting its ability to pursue a franchise model, and deterring of potential business partners from entering negotiations with or for LIV. Davidson Decl. ¶¶ 2-3. The Court finds that LIV's Statement and Mr. Davidson's declaration set forth good cause to seal the material LIV requests to seal.

The Court's rulings on specific documents are set forth as follows:

| ECF No. | Document | Portion(s) to Seal | Court's Ruling |
|---|---|---|---|
| 414-1 | TOUR's Opposition to PIF and HE's Motion to Stay | 3:16-17; 3:19; 3:22-23 | GRANTED. Contains confidential negotiations with potential business partners the disclosure of which would cause competitive harm, including by hampering future negotiations. |
| 414-1 | TOUR's Opposition to PIF and HE's Motion to Stay | 4:5-6; 7:4-5; 7:13-17 | GRANTED. Describes investor rights under LIV's Shareholder Agreement, the disclosure of which would harm LIV by prejudicing LIV's ability to negotiate with future investors. |

3

**TOUR Materials**: In general, the TOUR has demonstrated good cause to seal the material it seeks to seal. The TOUR requests to seal information that includes: (1) summaries of and communications with consultants that reflect competitively sensitive information about internal TOUR operations and corporate decision making; (2) confidential communications between TOUR employees; (3) communications between the TOUR and nonparties, and (4) strategy communications between a TOUR employee and the TOUR commissioner. TOUR Statement 5. The TOUR's declarant explains that allowing public access to this confidential information could harm the TOUR's competitive standing and business relationships by revealing sensitive details about the way the TOUR operates. Shetty Decl. ¶¶ 3-12. The Court finds that, for the most part, the TOUR's Statement and Ms. Shetty's declaration set forth good cause to seal the material the TOUR requests to seal. However, as discussed below, the TOUR has not made the requisite showing of good cause to seal certain documents in their entirety.

The TOUR has not demonstrated good cause to seal Exhibit F to the Surprenant Declaration (ECF No. 421-4) in its entirety. "The 'good cause' standard requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Steshenko v. Gayrard*, No. 13-CV-03400-LHK, 2015 WL 602396, at *2 (N.D. Cal. Feb. 11, 2015) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). Exhibit F is a letter from a non-party to the TOUR. The TOUR argues that "[d]isclosure of this communication would harm the TOUR and reveal the substance of the TOUR's confidential communications with the non-party." TOUR Statement 2:15-18. But the TOUR offers no explanation of how it would be harmed. Such "'[b]road allegations of harm, unsubstantiated by specific examples of articulated reasoning' will not suffice" to justify sealing under the "good cause" standard. *Steshenko*, 2015 WL 602396, at *2 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992)). This deficiency is not cured by the fact that the communications are between the TOUR and a third party. *Cf. Foltz*, 331 F.3d at 1131 ("Apart from generally noting the existence of confidential third party information . . . State Farm has not asserted, much less shown, specific harm or prejudice that it expects will arise from disclosure of

1    any particular documents produced in discovery."). Accordingly, the Court denies without

2    prejudice the TOUR's request to seal Exhibit F in its entirety. To the extent the TOUR does not

3    file a further motion to seal, it shall redact personal identifying information within the document

4    as described in the chart below before filing to the public docket. *See Shopify Inc. v. Express*

5    *Mobile, Inc.*, No. 20-MC-80091-JSC, 2020 WL 4732334, at *12 (N.D. Cal. Aug. 14, 2020)

6    (permitting redaction of identifying information of third parties under "good cause" standard).

7            The TOUR has not demonstrated good cause to seal Exhibit G to the Surprenant

8    Declaration (ECF No. 421-5) in its entirety. Exhibit G is an excerpt of a deposition transcript.

9    The TOUR states that the transcript "references communications with non-party consultants who

10   had an expectation of privacy and confidentiality in their communications with TOUR employees

11   as well as the TOUR's communications with government agencies and its internal board." TOUR

12   Statement 2:19-28. According to the TOUR, "[d]isclosure of the testimony would cause

13   competitive harm to the TOUR and reveal the substance of the TOUR's communications with

14   non-parties." *Id.* As noted above, the fact that disclosure would reveal the substance of

15   communications with non-parties does not, by itself, demonstrate good cause for sealing. Upon

16   review of the document, the Court finds that while some information may be sealable, it is clear

17   that much of the document contains information that would not cause competitive harm to the

18   TOUR if publicly disclosed. Accordingly, the Court denies without prejudice the TOUR's request

19   to seal Exhibit G in its entirety because the request is not narrowly tailored. *See Apple Inc. v.*

20   *Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1,

21   2013). The Court advises that any renewed motion to seal must make a particularized showing

22   that specific harm or prejudice will result from the disclosure of the material. *See Steshenko*, 2015

23   WL 602396, at *2. A general assertion of "competitive harm" will not suffice.

24           The TOUR has not demonstrated good cause to seal Exhibit L to the Surprenant

25   Declaration (ECF No. 421-8). The TOUR states that the exhibit "contains competitively sensitive

26   communications between TOUR executives and a non-party consultant retained by the TOUR"

27   and "[u]nsealing of this communication will result in competitive harm to the TOUR, as well as

28   damage to the TOUR's business relationships." *See* TOUR Statement 3:11-15. These general

5

assertions of "competitive harm" and "damage to . . . business relationships" do not satisfy the requirement of a particularized showing that specific harm or prejudice will result from the disclosure of the material. *See Steshenko*, 2015 WL 602396, at *2. Accordingly, the Court denies without prejudice the TOUR's request to seal Exhibit L.

The Court's rulings on specific documents are set forth as follows:

| ECF No. | Document | Portion(s) to Seal | Court's Ruling |
|---|---|---|---|
| 421-1 | Plaintiffs' Opposition to TOUR's Cross-Motion to Stay | 4:14, 4:18, 6:20 | GRANTED. Contains quotations and characterizations of sensitive internal communications between TOUR executives and between the TOUR and non-parties, related to internal TOUR operations, corporate decision-making, and strategy, the disclosure of which would reveal internal strategy and decision-making processes and thereby cause competitive harm to the TOUR. |
| 421-2 | Surprenant Declaration in Support of Plaintiffs' Opposition to the TOUR's Cross-Motion to Stay | Paragraphs 3, 7, 10, 11, 12, 13, 15, 16, 18, 19 | GRANTED. Contains quotations and characterizations of sensitive internal communications between TOUR executives, as well as between the TOUR and non-parties, related to internal TOUR operations, corporate decision-making, and strategy, the disclosure of which would reveal internal strategy and decision-making processes and thereby cause competitive harm to the TOUR. |
| 421-3 | Ex. B to Surprenant Declaration | Entire Exhibit | GRANTED. Reflects confidential correspondence between the TOUR and a consultant containing the disclosure of which would reveal strategic discussions on competitive issues and thereby result in competitive harm to the TOUR. |
| 421-4 | Ex. F to Surprenant Declaration | Entire Exhibit | GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.<br><br>If the TOUR does not file a further motion to seal, it shall redact the name, street address, and email |

| | | | |
|---|---|---|---|
| | | | address of the third party on pages Bates Stamped PGA_TOUR0633286 and PGA_TOUR0633289. |
| 421-5 | Ex. G to Surprenant Declaration | Entire Exhibit | DENIED WITHOUT PREJUDICE. |
| 421-6 | Ex. I to Surprenant Declaration | Entire Exhibit | GRANTED.  Contains communications between TOUR executives related to internal TOUR operations and corporate decision-making, the disclosure of which would reveal internal strategy and decision-making processes and thereby cause competitive harm to the TOUR. |
| 421-7 | Ex. J to Surprenant Declaration | Entire Exhibit | GRANTED.  Contains communications between TOUR executives related to internal TOUR operations and corporate decision-making, the disclosure of which would reveal internal strategy and decision-making processes and thereby cause competitive harm to the TOUR. |
| 421-8 | Ex. L to Surprenant Declaration | Entire Exhibit | DENIED WITHOUT PREJUDICE. |
| 421-9 | Ex. M to Surprenant Declaration | Entire Exhibit | GRANTED.  Contains communications between TOUR executives related to internal TOUR operations, corporate decision making, and its relationship with nonparty consultants, the disclosure of which would reveal internal strategy and decision-making processes and thereby cause competitive harm to the TOUR |
| 421-10 | Ex. O to Surprenant Declaration | Entire Exhibit | GRANTED.  Document is a deposition transcript excerpt, the disclosure of which would cause competitive harm to the TOUR by revealing internal business strategy, including TOUR operations, |

| | | | |
|---|---|---|---|
| | | | corporate decision making, and disciplinary decision making. |
| 421-11 | Ex. P to Surprenant Declaration | Entire Exhibit | GRANTED.  Deposition transcript excerpt, the disclosure of which would cause competitive harm to the tour by revealing internal business strategy, including internal TOUR operations, strategy, and corporate decision-making processes. |
| 421-12 | Ex. Q to Surprenant Declaration | Entire Exhibit | GRANTED.  Deposition transcript excerpt, the disclosure of which would cause competitive harm to the TOUR by revealing internal business strategy, including interna TOUR operations and corporate decision-making processes. |
| 421-13 | Ex. R to Surprenant Declaration | Entire Exhibit | GRANTED.  Contains communications between TOUR executives summarizing the analysis and work product of a nonparty consultant retained by the TOUR, the disclosure of which would reveal internal strategy and decision-making processes and thereby cause competitive harm to the TOUR. |
| 421-14 | Ex. U to Surprenant Declaration | Entire Exhibit | GRANTED.  Contains communications between TOUR executives related to internal TOUR operations and corporate decision-making, the disclosure of which would reveal internal strategy and decision-making processes and thereby cause competitive harm to the TOUR. |

**Clout Materials**:  Clout has demonstrated good cause to seal the material it seeks to seal. Clout requests to seal confidential information including: (1) communications between PGA Tour employees and Clout employees working on strategy related to competitive issues; (2) communications amongst Clout employees regarding PGA Tour strategies and decisions, and preparations for political advocacy and speech; and (3) statements regarding actions taken by

8

Clout employees in furtherance of the PGA Tour's strategic decisions. Clout Statement 7-8. Clout's declarant explains that disclosure would cause competitive harm to Clout by divulging Clout's procedures for developing ideas and messaging and know-how in the area of strategic communications and First Amendment-protected political advocacy and speech. *See* Greim Decl. ¶¶ 3-13, ECF No. 427-1. The Court finds that Clout's Statement and Mr. Greim's declaration set forth good cause to seal the material Clout requests to seal.

The Court's rulings on specific documents are set forth as follows:

| ECF No. | Document | Portion(s) to Seal | Court's Ruling |
|---|---|---|---|
| 422-1 | Plaintiffs' Opposition to TOUR's Cross-Motion to Stay | 4:13 | GRANTED. Reflects sensitive information regarding the Clout's work for the TOUR, the disclosure of which would cause Clout competitive harm by revealing its confidential processes and know-how regarding media strategy. |
| 422-2 | Surprenant Declaration in Support of Plaintiffs' Opposition to the TOUR's Cross-Motion to Stay | Paragraphs 2, 4, 5, 6, 14, 17, 20, 21, 22 | GRANTED IN PART and DENIED IN PART as follows:<br><br>DENIED as to Paragraph 2 and Paragraph 5, lines 20-22, as Clout does not request that these portions be sealed. *See* Clout Statement 3:9-11.<br><br>GRANTED as to remaining highlighted portions, as they reflect sensitive information regarding the Clout's work for the TOUR, the disclosure of which would cause Clout competitive harm by revealing its confidential processes and know-how regarding media strategy. |
| 422-3 | Ex. A to Surprenant Declaration | Entire Exhibit | DENIED. Sealing not requested. *See* Clout Statement 4:11. |
| 422-4 | Ex. C to Surprenant Declaration | Entire Exhibit | GRANTED. Reflects sensitive information regarding the Clout's work for the TOUR, the disclosure of which would cause Clout competitive harm by revealing its |

| | | | confidential processes and know-how regarding media strategy. |
|---|---|---|---|
| 422-5 | Ex. D to Surprenant Declaration | Entire Exhibit | GRANTED.  Reflects sensitive information regarding the Clout's work for the TOUR, the disclosure of which would cause Clout competitive harm by revealing its confidential processes and know-how regarding media strategy. |
| 422-6 | Ex. E to Surprenant Declaration | Entire Exhibit | GRANTED.  Reflects sensitive information regarding the Clout's work for the TOUR, the disclosure of which would cause Clout competitive harm by revealing its confidential processes and know-how regarding media strategy. |
| 422-7 | Ex. H to Surprenant Declaration | Entire Exhibit | GRANTED.  Reflects sensitive information regarding the Clout's work for the TOUR, the disclosure of which would cause Clout competitive harm by revealing its confidential processes and know-how regarding media strategy. |
| 422-8 | Ex. K to Surprenant Declaration | Entire Exhibit | GRANTED.  Reflects sensitive information regarding the Clout's work for the TOUR, the disclosure of which would cause Clout competitive harm by revealing its confidential processes and know-how regarding media strategy. |
| 422-9 | Ex. N to Surprenant Declaration | Entire Exhibit | GRANTED.  Reflects sensitive information regarding the Clout's work for the TOUR, the disclosure of which would cause Clout competitive harm by revealing its confidential processes and know-how regarding media strategy. |

**III.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The TOUR's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 414), as supported by LIV's Statement (ECF No. 419), is

1 hereby GRANTED.

2. Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 421), as supported by the TOUR's Statement (ECF No. 429), is GRANTED IN PART and DENIED IN PART. For Exhibits F, G, and L to the Surprenant Declaration (ECF Nos. 421-4, 421-5, and 421-8), the TOUR shall either file the documents to the public docket or file a further motion to seal portions of these documents it wishes to remain under seal by no later than **June 5, 2023**. If the TOUR does not file a further motion to seal Exhibit F, it shall redact the document as described in the table above before filing it to the public docket.

3. Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 422), as supported by Clout's Statement (ECF No. 427), is GRANTED IN PART and DENIED IN PART. LIV shall file to the public docket Exhibit A to the Surprenant Declaration (ECF No. 422-3) and a public redacted version of the Surprenant Declaration (ECF No. 422-2/421-2) that includes all proposed redactions except those in Paragraph 2 and Paragraph 5, lines 20-22, but no later than **June 5, 2023**. LIV shall meet and confer with Clout before filing.

Dated: May 22, 2023

_____
BETH LABSON FREEMAN
United States District Judge

11