RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Plaintiff LIV Golf, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, PETER UIHLEIN, and LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br> Counter-Defendants. | CASE NO. 5:22-cv-04486-BLF <br><br> **PLAINTIFF LIV GOLF'S STATEMENT IN SUPPORT OF SEALING PORTIONS OF THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA AND YASIR OTHMAN AL-RUMAYYAN'S MOTION TO DISMISS THE AMENDED COUNTERCLAIM** |

Pursuant to Civil Local Rule 79-5(f)(3) and 79-5(c), Plaintiff LIV Golf, Inc. ("LIV") provides the following statement of the applicable legal standard and reasons for keeping under seal the documents provisionally filed under seal in connection with the Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Motion to Dismiss the Amended Counterclaim ("Motion to Dismiss"). Dkt. No. 435.

The "compelling reason" standard applies here because a motion to dismiss is more than "tangentially related to the merits of a case." *See Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). This Court has previously applied the compelling interests standard to the Tour's motion to amend its counterclaims and amended counterclaims, which are quoted and described in the Motion to Dismiss. Dkt. No. 279. As the Court recognized, compelling reasons to seal exist when "court files might . . . become a vehicle for improper purposes," such as when court records might become used "as sources of business information that might harm a litigant's competitive standing." *Id.* at 2-3 (quoting *Nixon v. Warner Commn's, Inc.*, 435 U.S. 589, 598 (1978)).

Here, the Court has already found compelling reasons to seal each redacted portion of the Motion to Dismiss, which quote and describe sealed portions of the amended counterclaims. The same compelling reasons and factual support continue to apply. ***First***, lines 10:28-11:1 quote and describe indemnification agreements described in paragraph 44 of the amended counterclaims, which the Court found warrant sealing because the "information may 'become a vehicle for improper purposes.'" Dkt. No. 279 at 4; *see* Dkt. No. 260-1 ("Loffhagen Decl.") ¶ 7 (explaining harm to LIV by disclosure of potential litigation). ***Second***, lines 5:12, 11:19-22, and 11:26-27 describe the Shareholder Agreement cited throughout the amended counterclaims, which the Court found warrant sealing because "disclosure of [] confidential terms of [the] Shareholder Agreement would harm LIV's competitive standing." Dkt. No. 279 at 4; *see* Loffhagen Decl. ¶ 3 (explaining various competitive harms from disclosure). ***Third***, lines 4:27-28, 7:14-16, 13:21-22, and 20:19-21 describe the Tour's allegations regarding confidential negotiations with players, agents, sponsors, and broadcasters, which the Court found warrant sealing because disclosure would "plausibly cause LIV competitive harm by hampering its ability to negotiate future contracts." Dkt. No. 279 at 6; *see* Loffhagen Decl. ¶ 6 (describing harmful effect on future negotiations). Because the Court found compelling reasons to seal this information in

the amended counterclaims, and the same reasons apply to the Motion to Dismiss quotes and descriptions of those allegations, compelling reasons to seal the Motion to Dismiss exist.

The following table summarizes the compelling reasons to seal.

| Document | Description | Reasons for Sealing |
|---|---|---|
| Motion to Dismiss (Dkt. No. 436) | Lines 10:28-11:1 | Contain confidential information about the terms of certain indemnification agreements, disclosure of which would harm LIV by revealing the contours of potential litigation, including the parties of the contemplated litigation and amounts offered for indemnification, which could be exploited by other litigants.  Dkt. No. 279 at 4; Dkt. No. 260-1 ¶ 7. |
| Motion to Dismiss (Dkt. No. 436) | Lines 5:12, 11:19-22, 11:26-27 | Contains confidential information about LIV's Shareholder Agreement setting out its relationship with its investors, including investor rights, disclosure of which would prejudice LIV's ability to obtain outside funding, pursue a franchise model in the future, and obtain future business.  Dkt. No. 279 at 4; Dkt. No. 260-1 ¶ 3. |
| Motion to Dismiss (Dkt. No. 436) | Lines 4:27-28, 7:14-16, 13:21-22, 20:19-21 | Contain confidential information about LIV's recruitment of players, disclosure of which would harm LIV by constraining its ability to offer different terms, revealing its ability and willingness to pay, and allowing LIV's recruitment strategy to be exploited by competitors.  Dkt. No. 279 at 6; Dkt. No. 260-1 ¶ 6. |

DATED:  May 25, 2023

Respectfully submitted,

/s/
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP

555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

COUNSEL FOR PLAINTIFF LIV GOLF, INC.