KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:     212 735 3000
Facsimile:     212 735 2000

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIV GOLF, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PGA TOUR, INC.,<br><br>    Defendant.<br><br>PGA TOUR, INC.,<br><br>    Counter-Claimant,<br><br>    v.<br><br>LIV GOLF, INC.; THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA; and YASIR OTHMAN AL-RUMAYYAN,<br><br>    Counter-Defendants. | Case No. 5:22-cv-04486-BLF<br><br>**DECLARATION OF NEERA SHETTY IN SUPPORT OF PGA TOUR, INC.'S RENEWED STATEMENT REGARDING PLAINTIFFS' MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AT DKT. 421**<br><br>Judge:         Hon. Beth Labson Freeman<br><br>Date Filed:   August 3, 2022<br><br>Trial Date:   May 17, 2024 |

I, Neera Shetty, declare as follows:

1.      I am duly licensed to practice law in the State of Florida and am Deputy General Counsel of PGA TOUR, INC. ("the TOUR"), Defendant and Counter-Claimant in the above-captioned matter.  I submit this declaration in support of the TOUR's statement in support of sealing ("Sealing Statement") in connection with Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. No. 421, filed in connection with Plaintiff's Opposition to the TOUR's Alternative Cross-Motion for Stay of Discovery (the "Opposition") and Exhibits thereto. I have knowledge of the facts set forth in this declaration and, if called to testify as a witness thereto, could do so competently under oath.

2.      I have reviewed the Court's May 22, 2023 Order granting in part and denying in part the TOUR's motion to seal.  The TOUR now seeks to seal only the portions of Exhibits F, G, and L to the Declaration of Dominic Surprenant (the "Surprenant Declaration") that contain its highly confidential and competitively sensitive materials. The disclosure of this information would cause harm to the TOUR's business interests, competitive standing, and relationships with partners, as well as injure the privacy rights of non-parties.

3.      Exhibit F to the Surprenant Declaration is a letter from a non-party to the TOUR regarding an ongoing inquiry with which the TOUR is cooperating.  This communication reveals information regarding the TOUR's business practices and efforts to comply with the non-party's inquiry, which were intended and expected to remain in confidence.  Disclosure of this information would harm the TOUR by disclosing the existence of this confidential inquiry and reveal the substance of the TOUR's confidential communications with the non-party, thus revealing the strategy and motivations of the non-party.

4.      Disclosure of this document would also reveal details regarding the TOUR's communication platforms which the TOUR has kept in confidence to protect its executives' competitively sensitive and highly confidential communications from exploitation.  One of the reasons the TOUR began using the communications platform described in Exhibit F was due to credible concerns related to potential hacking of TOUR communications in connection with the

1

launch of LIV Golf. The TOUR's concerns were heightened due to public news reports of iPhone hacking allegedly perpetrated by the government of Saudi Arabia using the "Pegasus" spyware developed by Israeli company NSO Group, including hacks targeting Amazon founder Jeff Bezos and journalists critical of the Saudi Arabian government. In response to these concerns, the TOUR took efforts to protect the communications of its executives and employees, which are discussed in Exhibit F. The public disclosure of Exhibit F would reveal details regarding the TOUR's communication strategy internally and with external consultants and potentially expose TOUR executives to an increased risk of potential phone hacking and cyber intrusion, thus jeopardizing the security and confidentiality of the TOUR's competitively sensitive communications.

5.  Exhibit G to the Surprenant Declaration is an excerpt of a non-final transcript of the deposition of a TOUR employee. The highlighted portions of the transcript reference communications with non-party consultants who had an expectation of privacy and confidentiality in their communications with TOUR employees, as well as the TOUR's communications with government agencies, and internal board communications. Disclosure of this testimony would cause competitive harm to the TOUR and reveal the substance of the TOUR's confidential communications with the non-party consultants. Additionally, the highlighted portions of the transcript in Exhibit G reveal details regarding the TOUR's communication strategy internally and with external consultants, the public disclosure of which could potentially expose TOUR executives to an increased risk of phone hacking and cyber intrusion.

6.  Exhibit L to the Surprenant Declaration contains competitively sensitive communications between TOUR executives and a non-party consultant retained by the TOUR. The highlighted portions of Exhibit L reflect competitively sensitive communications between the TOUR and the non-party consultant regarding the TOUR's public relations strategy as to competitive media issues, the disclosure of which will result in competitive harm to the TOUR. The consultant had an expectation of privacy and confidentiality when communicating with the

TOUR.  The highlighted portions of Exhibit L also contain the full names and cell phone numbers of TOUR employees and several non-parties.  Unsealing of the highlighted portions of these communications will result in competitive harm to the non-party consultant and the TOUR, as well as damage to the TOUR's business relationships.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on June 5, 2023 in Ponte Vedra, Florida.

*/s/ Neera Shetty*
NEERA SHETTY

## **CERTIFICATE OF CONCURRENCE**

In accordance with Local Rule 5-1(i)(3), PGA Tour, Inc.'s undersigned counsel, Nicholas S. Goldberg hereby attests that Neera Shetty has assented to the affixation of their signature to this Declaration and concurs in the filing of this document.

Dated:  June 5, 2023

By: */s/ Nicholas S. Goldberg*
NICHOLAS S. GOLDBERG