**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LIV GOLF, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PGA TOUR, INC.,<br><br>　　　　　Defendant. | Case No.  22-cv-04486-BLF<br><br>**ORDER GRANTING RENEWED MOTION TO SEAL**<br><br>[Re:  ECF No. 455] |

Before the Court is the TOUR's renewed motion to seal three exhibits that LIV submitted with its Opposition to the TOUR's Alternative Cross-Motion for Stay of Discovery.  *See* Mot., ECF No. 455.  The Court previously denied the request to seal the exhibits on the ground that the TOUR had not adequately justified sealing the materials and had not narrowly tailored its request.  *See* Order, ECF No. 440.  No opposition has been filed to the renewed motion.  For the reasons below, the TOUR's renewed motion to seal is GRANTED.

**I.　LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

Under this Court's Civil Local Rules, a party moving to seal a document in whole or in

1    part must file a statement identifying the legitimate private or public interests that warrant sealing,
2    the injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not
3    sufficient. *See* Civil L.R. 79-5(c)(1). A supporting declaration shall be submitted if necessary.
4    *See* Civil L.R. 79-5(c)(2). Finally, the moving party must submit "a proposed order that is
5    narrowly tailored to seal only the sealable material[.]" Civil L.R. 79-5(c)(3).

6    Where the moving party requests sealing of material that has been designated confidential
7    by another party, the designating party has the burden to establish that the material should be
8    sealed. See Civil L.R. 79-5(f).

## II.  DISCUSSION

The good cause standard applies here because the sealing request relates to briefing on motions to stay discovery, which is only tangentially related to the merits of the case. *Cf. Ctr. for Auto Safety*, 809 F.3d at 1097; *cf. also LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) (applying "good cause" standard to evaluate sealing of documents submitted with a motion to stay); *E. W. Bank v. Shanker*, 2021 WL 4916729, at *1 (N.D. Cal. Aug. 31, 2021) (same).

The Court finds that the TOUR has demonstrated good cause to seal the materials it seeks to seal. The TOUR requests to seal information that includes confidential internal business decisions and public relations strategies. *See* Mot. 3-7; *see also* Shetty Decl. ¶¶ 1-6, ECF No. 455-1. Such information is sealable under the compelling reasons standard and is therefore sealable under the good cause standard that applies here. *Cf. Hetland v. LendingTree, LLC*, 2021 WL 2313386, at *1 (N.D. Cal. May 3, 2021) (holding that documents "contain[ing] and reflect[ing] confidential business information that offers insight into [designating party's] business model and strategy" are sealable under the compelling reasons standard). Furthermore, the TOUR has now narrowly tailored its request as required by Civil Local Rule 79-5(c)(3). Accordingly, the TOUR's request to seal is GRANTED.

| ECF No. | Document | Portion(s) to Seal | Court's Ruling |
|---|---|---|---|
| 421-4 | Ex. F to Suprenant Declaration | Entire Exhibit | GRANTED,[1] as containing confidential information of the TOUR, the disclosure of which would harm the TOUR by revealing its business strategy and details regarding the TOUR's internal communication strategy that could expose the TOUR to cyber intrusion. |
| 421-5 | Ex. G to Suprenant Declaration | Highlighted portions at lines:<br>• 9:1-5<br>• 9:8<br>• 10:9-11<br>• 10:14-15<br>• 10:18-21<br>• 10:23<br>• 70:1-3<br>• 70:6<br>• 70:8-9<br>• 70:11-14<br>• 70:16-18<br>• 71:9-12<br>• 71:15-22<br>• 71:24-72:10<br>• 72:14-20<br>• 78:1-4<br>• 78:11-80:25<br>• 88:8-89:23 | GRANTED, as containing commercially sensitive information about the TOUR's internal workings, including media strategy, the TOUR's relationships with its consultants, and internal communication decisions, the disclosure of which would harm the TOUR's competitive standing and business relationships by revealing sensitive details about the way the TOUR operates including its media strategy and work with non-party consultants. |
| 421-8 | Ex. L to Suprenant Declaration | Highlighted portions at bates range PGA_TOUR0516771-PGA_TOUR0516788 | GRANTED, as containing competitively sensitive communications between TOUR executives and a non-party consultant retained by the TOUR, the disclosure of which would cause competitive harm to the TOUR by revealing its public relations strategy. |

---

[1] The Court declines the TOUR's alternative invitation to strike this document under Federal Rule of Civil Procedure 12(f).

3

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the TOUR's motion to seal (ECF No. 455) is GRANTED. The TOUR shall file public redacted versions of Exhibits G and L to the Surprenant Declaration, consistent with the table above, to the public docket by no later than **June 27, 2023**.

Dated: June 13, 2023

_____
BETH LABSON FREEMAN
United States District Judge