KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
DAVID SILBERT - # 173128
dsilbert@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
SOPHIE HOOD - # 295881
shood@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:     212 735 3000
Facsimile:      212 735 2000

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIV GOLF, INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>PGA TOUR, INC.,<br><br>             Defendant.<br><br>PGA TOUR, INC.,<br><br>             Counter-claimant,<br><br>     v.<br><br>LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN,<br><br>             Counter-defendants. | Case No. 5:22-CV-04486-BLF (SVK)<br><br>**OPPOSITION TO MOTION OF NON-PARTY MEDIA ENTITY THE NEW YORK TIMES COMPANY FOR AN ORDER TO INTERVENE AND FOR AN ORDER UNSEALING COURT RECORDS**<br><br>Date:         August 3, 2023<br>Time:        1:30 p.m.<br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed:  August 3, 2022 |

**TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 1

III.    ARGUMENT .......................................................................................................... 4

    A.    The common law does not support unsealing the TOUR's records ....................... 4

    B.    The First Amendment does not create right of access to the TOUR's records ............................................................................................................. 8

IV.    CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Cryovac, Inc.*,
  805 F.2d 1 (1st Cir. 1986) .................................................................................................. 9, 10

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  727 F.3d 1214 (Fed. Cir. 2013) ............................................................................................ 5, 7

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*,
  2019 WL 8108115 (E.D. Va. Aug. 15, 2019) ........................................................................... 9

*Bohannon v. Facebook, Inc.*,
  2019 WL 188671 (N.D. Cal. Jan. 14, 2019) ........................................................................... 10

*Courthouse News Serv. v. N.M. Admin. Off. of Cts.*,
  53 F.4th 1245 (10th Cir. 2022) ............................................................................................... 10

*Courthouse News Serv. v. Planet*,
  947 F.3d 581 (9th Cir. 2020) ................................................................................................ 8, 9

*Covington v. Semones*,
  2007 WL 1170644 (W.D. Va. Apr. 17, 2007) .......................................................................... 9

*Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n*,
  2017 WL 2375489 (S.D. Cal. May 26, 2017) .......................................................................... 5

*Ctr. for Auto Safety v. Chrysler Grp., LLC*,
  809 F.3d 1092 (9th Cir. 2016) ........................................................................................ 1, 5, 6

*E. W. Bank v. Shanker*,
  2021 WL 4916729 (N.D. Cal. Aug. 31, 2021) ......................................................................... 6

*Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*,
  307 F.3d 1206 (9th Cir. 2002) ............................................................................................. 4, 5

*Exeltis USA Inc. v. First Databank, Inc.*,
  2020 WL 2838812 (N.D. Cal. June 1, 2020) ........................................................................... 6

*Hall v. Cnty. Of Fresno*,
  2015 WL 13236882 (E.D. Cal. Dec. 11, 2015) ....................................................................... 8

*In re Hydroxycut Mktg. & Sales Pracs. Litig.*,
  2011 WL 864897 (S.D. Cal. Mar. 11, 2011) ............................................................................ 6

*Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*,
  2021 WL 624172 (N.D. Cal. Jan. 19, 2021) ............................................................................ 5

*Kamakana v. City & Cnty. of Honolulu*,
　447 F.3d 1172 (9th Cir. 2006) .................................................................................... 4, 7

*Kumandan v. Google LLC*,
　2022 WL 18399568 (N.D. Cal. Dec. 20, 2022) ............................................................. 5

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*,
　998 F.2d 157 (3d Cir. 1993) ......................................................................................... 10

*M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*,
　2023 WL 2940031 (N.D. Cal. Mar. 10, 2023) ............................................................... 7

*Morizur v. SeaWorld Parks & Ent., Inc.*,
　2023 WL 1111501 (N.D. Cal. Jan. 30, 2023) ................................................................. 7

*Nichols v. GEICO Gen. Ins. Co.*,
　2022 WL 579341 (W.D. Wash. Feb. 25, 2022) .............................................................. 6

*Nixon v. Warner Commc'ns, Inc.*,
　435 U.S. 589 (1978) ........................................................................................................ 9

*In re Qualcomm Litig.*,
　2017 WL 5176922 (S.D. Cal. Nov. 8, 2017) .................................................................. 6

*Reilly v. MediaNews Grp. Inc.*,
　2007 WL 196682 (N.D. Cal. Jan. 24, 2007) .................................................................. 5

*Richards v. Centripetal Networks, Inc.*
　2023 WL 3028082 (N.D. Cal. Apr. 20, 2023) ................................................................ 7

*Royal Mile Co. v. UPMC*,
　2014 WL 47775 (W.D. Pa. Jan. 6, 2014) ....................................................................... 9

*Seattle Times Co. v. Rhinehart*,
　467 U.S. 20 (1984) ........................................................................................................ 10

*Va. Dep't of State Police v. Wash. Post*,
　386 F.3d 567 (4th Cir. 2004) ...................................................................................... 8, 9

**Rules**

Fed. R. Civ. P. 26 ................................................................................................................. 5

I. INTRODUCTION

The New York Times Company ("Times") has filed an overbroad and unsupported motion to undo every one of the Court's prior sealing orders and unseal all confidential and competitively sensitive material submitted in this case. Although the Times has clarified through meet and confer that the vast majority of the records it seeks to unseal relate to LIV Golf, Inc. ("LIV") and not the PGA TOUR, Inc. ("TOUR"), the TOUR opposes the Times's motion as it fails to articulate any legitimate reason for the Court to reverse course and unseal TOUR-related materials.

Throughout the last year, this Court carefully considered and ruled on 27 motions to seal, at times granting and at times denying the parties' requests to maintain confidentiality. Without substantively addressing any of the findings or reasoning in those orders, the Times contends that the public interest in this litigation requires the Court to unseal *all* these sealed materials under federal common law and the First Amendment. The Times is incorrect.

The TOUR-related documents the Times seeks to unseal—materials submitted with a discovery letter, a case management statement, and a non-dispositive bifurcation motion—are not subject to the "strong presumption of access" under federal common law. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). Nor does the First Amendment provide a right of access to such materials. The Court's prior orders and the TOUR's sealing papers establish that disclosure of the TOUR-materials would harm the TOUR's business, competitive standing, and relationships, as well as the privacy and confidentiality rights of non-party consultants the TOUR hired—all of which are more than sufficient to justify maintaining the materials under seal. For these reasons, as well as those stated below, the Times's motion to unseal documents in this case should be denied as to confidential materials related to the TOUR.

II. BACKGROUND

During this litigation, the Court entered twelve well-reasoned orders sealing portions of documents that the parties filed in connection with discovery briefs, case management statements, and non-dispositive motions. *See* Dkt. Nos. 86, 245, 279, 287, 371, 372, 373, 405, 410, 432, 440, 457. The Court did not rubber stamp the parties' sealing motions. In each instance, the Court

applied the appropriate standard of review, and then assessed whether the public interest in disclosure outweighed the harm that might occur to the parties if the materials were not sealed. *Id.*

In some cases, the Court held the presumption of public access was outweighed by the harm that would result from disclosure, while in others the Court determined sealing was not warranted. *See, e.g.*, Dkt. 279 (granting sealing where party established potential harm to competitive standing but denying sealing where proffered harm was too speculative); Dkt. 372 (granting sealing where party established document contained competitively sensitive internal communications but denying sealing where request was not narrowly tailored); Dkt. 440 (granting sealing where disclosure would cause competitive harm but denying sealing where particularized harm was not established).

On June 16, 2023, the Times filed a motion to intervene and asked the Court to reconsider all its prior sealing orders. Rather than substantively engage with the reasoning in the prior orders or identify specific documents that were improperly sealed, the Times asks the Court to unseal every confidential record filed in this case without any particularized analysis. In support of this extreme request, the Times offers a general argument that competitive harm cannot outweigh the public interest in this litigation and suggests prior justifications for sealing no longer apply.

On June 23, 2023, in an effort to narrow the scope of this dispute, the TOUR asked the Times to identify the particular documents it seeks to unseal. Muzzio Decl. ¶ 2. On June 29, 2023, the Times responded by identifying the following documents as ones that it "particularly seek[s] to unseal" (highlighted entries identify materials with confidential TOUR information):

| Dkt. | Date Filed | Description |
|------|------------|-------------|
| 148 | 11/9/22 | TOUR Motion to Compel PIF/YAR's subpoena compliance, and associated exhibits filed under seal |
| 166 | 11/22/22 | PIF/YAR Motion to Quash Subpoena and Opposition to the TOUR's Motion to Compel Subpoena Compliance, and associated Taylor Decl. |
| 169 | 12/2/22 | TOUR Opposition to PIF/YAR's Motion to Quash and Reply iso Motion to Compel Subpoena Compliance, and associated Hood Decl. and associated exhibits filed under seal |
| 173 | 12/6/22 | PIF/YAR Reply iso Motion to Quash Subpoena |
| 209 | 1/9/23 | TOUR Supplemental Brief iso Motion to Compel PIF/YAR's Subpoena Compliance, and associated exhibits filed under seal |
| 223 | 1/17/23 | TOUR Presentation from Hearing re Motion to Compel |

| Dkt. | Date Filed | Description |
|------|------------|-------------|
| 236  | 1/23/23    | Joint Discovery Statement re Augusta Discovery Dispute |
| 322  | 3/10/23    | TOUR Opposition to PIF/YAR's Motion for Relief from MTC Order |
| 332  | 3/16/23    | LIV Motion to Bifurcate, and associated exhibits filed under seal |
| 375  | 3/30/23    | TOUR Opposition to LIV's Motion to Bifurcate, and associated exhibits |
| 378  | 3/31/23    | Joint CMC Statement and associated exhibit filed under seal |
| 415  | 4/20/23    | TOUR Opposition to LIV's Motion to Stay and Cross-Motion for Stay |
| 436  | 5/18/23    | PIF/YAR Motion to Dismiss |

*See* Muzzio Decl., Ex. A (6/29/23 Times email to Tour counsel).

As the above chart makes clear, most of the records the Times seeks to unseal involve information LIV deemed confidential. Specifically, the records at Dkts. 148, 166, 169, 173, 209, 223, 322, 375, 415, and 436 relate to documents that LIV sought to seal. As such, the TOUR does not take a position as to whether such documents should remain under seal.

The Times seeks to unseal just three sets of documents that contain sensitive and confidential TOUR information: (1) Dkt. 236 ("1/23/23 Joint Discovery Statement"), (2) Dkt. 332 ("3/16/23 Motion to Bifurcate and associated exhibits"), and (3) Dkt. 378 ("3/31/23 Joint CMC Statement"). The confidential TOUR information in these filings should remain under seal.

*First*, as explained in the TOUR's sealing papers related to the 1/23/23 Joint Discovery Statement, the redacted portions of that statement at 2:21-3:10, 3:21-23, 3:25-27, and 4:3-10 directly quote and characterize documents that concern the TOUR's internal decision-making process and business strategy. *See* Dkts. 270 at 1–2; 270–1 at 1–2. The Court properly concluded that "good cause" existed to seal this information because public disclosure would "cause competitive harm" and "interfere with the privacy interests and expectations of confidentiality of third parties." Dkt. 372 at 3.

*Second*, as explained in the TOUR's sealing papers related to the 3/16/23 Motion to Bifurcate, the redacted portions of the motion at 4:22-27, 5:11-13, and 5:21 disclose the TOUR's internal business strategy and communications with a non-party consultant that provided strategic advice on competitive issues. Dkts. 346 at 1–2; 346-1 at 1. Likewise, the sealed exhibits that LIV filed in conjunction with the motion, *see* Dkts. 332-2 – 332-12, disclose the TOUR's internal

business strategy and sensitive communications between the TOUR and non-party consultants that provided strategic advice, including a competitive analysis prepared by one of the non-party consultants. Dkts. 346 at 2–5; 346-1 at 1–3. The Court properly concluded that "good cause" existed to seal these materials because public disclosure would harm the TOUR's business and relationships with business partners, golf tours, and golf governing bodies; damage the TOUR's relationships with nonparty consultants; and disclose competitively sensitive pricing information related to a non-party consultant's services. Dkt. 432 at 3–6.

*Third*, as explained in the TOUR's sealing papers related to the 3/31/23 Joint CMC Statement, the redacted portions of the statement at 2:4-8, 3:7-11, and 3:13-14 disclose internal communications between TOUR representatives and external communications between the TOUR and a non-party consultant concerning competitively sensitive strategic issues. Dkts. 401 at 1–2; 401–1 at 1–2. The Court has not yet ruled on the TOUR's sealing application with respect to these narrowly tailored redactions. But as the TOUR's sealing papers explain, the information should remain under seal because its disclosure would cause competitive harm to the TOUR by damaging its relationships with business partners, revealing internal strategy and decision-making processes, intruding on the confidentiality and privacy expectations of a non-party consultant, and revealing the TOUR's confidential communications with a government agency. *Id.*[1]

For the reasons identified in the TOUR's sealing papers and the Court's prior orders, as well the reasons stated below, the TOUR's confidential information should remain under seal.

III.   **ARGUMENT**

A.   **The common law does not support unsealing the TOUR's records.**

Historically, the common law has recognized a "general right to inspect … judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).[2] But the "presumption of access to documents" does not apply where, as here, "a court has already decided [the documents] should be shielded from the public." *Phillips ex rel. Ests. of*

---

[1] The TOUR does not seek to maintain the deposition schedule at Dkt. 377-4 under seal.

[2] Unless otherwise indicated, internal punctuation, footnotes, and citations were omitted from, and any emphases were added to, quotations.

*Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). This is because applying the presumption in cases such as this one would "surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Id.* Rather, where a party or intervenor seeks disclosure of an already "sealed discovery document [attached] to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Id.*; *see also Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n*, 2017 WL 2375489, at *3 n.2 (S.D. Cal. May 26, 2017) ("Once a discovery document attached to a non-dispositive motion is filed under seal, the usual presumption of a public's right of access is rebutted ….").

Even in cases where a court has not yet decided a sealing application, the presumption of public access is not absolute, and courts "must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Kumandan v. Google LLC*, 2022 WL 18399568, at *1 (N.D. Cal. Dec. 20, 2022) (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013)). This is particularly true where the records at issue are attached to non-dispositive motions that are "not related, or only tangentially related, to the merits of a case." *Id.* (citing *Ctr. for Auto Safety*, 809 F.3d at 1099). Parties seeking to seal materials submitted with such filings need only meet the "good cause" standard of Rule 26(c). *Id.* To establish "good cause," a party must make a "particularized showing … that specific prejudice or harm will result if the information is disclosed." *Id.*; *see also Reilly v. MediaNews Grp. Inc.*, 2007 WL 196682, at *4 (N.D. Cal. Jan. 24, 2007) (denying intervenor motion to unseal where "good cause" existed to maintain sealing).

Here, as this Court previously held, the TOUR need only establish "good cause" to seal materials submitted with case management statements, discovery briefs, and the motion to bifurcate. *See* Dkts. 287, 372, 432; *see also Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*, 2021 WL 624172, at *1 (N.D. Cal. Jan. 19, 2021) (applying good cause standard for sealing case management statement); *Ctr. for Auto Safety*, 809 F.3d at 1097 ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the

private interests of litigants are the only weights on the scale."). Indeed, requests to seal material filed in conjunction with motions to stay—which are akin to LIV's 3/16/23 Motion to Bifurcate— are regularly reviewed under the "good cause" standard. *See E. W. Bank v. Shanker*, 2021 WL 4916729, at *1 (N.D. Cal. Aug. 31, 2021); *see also Nichols v. GEICO Gen. Ins. Co.*, 2022 WL 579341, at *1 (W.D. Wash. Feb. 25, 2022).

This Court has already determined "good cause" exists to seal portions of the 1/23/23 Joint Discovery Statement as well as the 3/16/23 Motion to Bifurcate and its accompanying exhibits. *See supra* § II at 3–4; *see also* Dkts. 372 at 3; 432 at 3–6. These determinations are based on particularized findings that disclosure would harm the TOUR's competitive standing, business relationships, and the privacy and confidentiality rights of non-party consultants. *Id.* As the Court noted in its sealing order for the 3/16/23 Motion to Bifurcate, such harm resulting from the release of confidential business information not only satisfies the "good cause" standard, but meets the more stringent "compelling reasons" standard associated with sealing foundational pleadings and motions more than tangentially related to the merits. *See* Dkt. 432 at 2–3 (citing *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011)). And because similar harm would result from the release of the TOUR's confidential information in the 3/31/23 Joint CMC Statement, *see* Dkts. 401 at 1–2; 401–1 at 1–2, "good cause" likewise exists to maintain the sealing of the TOUR's information in that document as well.

The Times has failed to present any specific reason, much less a compelling one, for unsealing any TOUR-related materials. Rather than specifically engage with any of the Court's prior orders or the TOUR's sealing papers, the Times broadly argues that all records in this case should be unsealed because of "substantial public interest" in the litigation. Mot. at 5. This argument finds no support under the applicable standards for the documents the Times is seeking to unseal. Documents attached to non-dispositive motions no more than tangentially related to the merits are not subject to the "strong presumption of access." *Ctr. for Auto Safety*, 809 F.3d at 1099. Although the public may have a general interest in understanding the proceedings, that

interest does not require complete access to every document filed in a civil case regardless of the context in which it was submitted. *See Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."); *Apple Inc.*, 727 F.3d at 1226 ("There is no doubt that this case generated an extraordinary amount of public interest. But it does not necessarily follow that the public has a legally cognizable interest in every document filed.").

Moreover, contrary to the Times's suggestion, this litigation hardly took place "in secret" without the public understanding the judicial process. As the Times's own motion and its own reporting make clear, the public already has an unusually detailed understanding of "the claims, defenses, and outcome of these proceedings." *See* Mot. at 1–2, 5 (summarizing the claims, counterclaims, and significant issues in the litigation). Indeed, the Court was aware of the public interest in this litigation at the time it considered the parties' sealing applications and nevertheless determined that the harm that would result from disclosure provided "good cause" to seal materials. *See Morizur v. SeaWorld Parks & Ent., Inc.*, 2023 WL 1111501, at *2 (N.D. Cal. Jan. 30, 2023) (denying intervenor motion to unseal where "lifting the seal would not further the public interest in understanding the judicial process").

The Times's suggestion that "competitive information" cannot be sealed when it "is the basis for a claim or counterclaim" is incorrect and the authority it relies on for this proposition is inapposite. In *Richards v. Centripetal Networks, Inc.* and *M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*, Judge Gilliam ordered the unsealing of portions of two complaints and exhibits attached to one of them. 2023 WL 3028082, at *1 (N.D. Cal. Apr. 20, 2023); 2023 WL 2940031, at *2 (N.D. Cal. Mar. 10, 2023). Judge Gilliam's reasoning in these cases was guided by the traditional standard that a complaint, and any documents attached thereto, are the foundational "basis by which a suit arises" and thus cannot be sealed absent "compelling reasons." *Id.* Neither decision says anything about when a court may find "good cause" for maintaining sealing of competitively sensitive materials submitted with discovery briefs, case management statements, or motions no more than tangentially related to the merits.

Finally, the Times fails to offer any real support for its assertion that the Court's particularized findings of harm "may not apply with the same force today" as they did when the Court granted the motions to seal. The Court entered its sealing orders with respect to the Tour materials within the last four months, Dkts. 372 and 432, and the Times has not shown any meaningful change that would render the TOUR's competitive information stale. The Times's changed circumstances argument is based on a critical factual inaccuracy: that "the parties' recently announced [a] merger." Mot. at 1. **In fact, there is no merger**. Instead, as the Times's own reporting recognizes, the parties have only reached a "tentative deal" that merely outlines a potential partnership that is "not binding until the [TOUR] and the [Public Investment Fund] strike a final agreement." *PGA Tour's Pact With Saudi Wealth Fund Shows Many Details Left to Settle*, N.Y. TIMES (June 27, 2023), https://www.nytimes.com/2023/06/26/sports/golf/pga-tour-liv-golf-merger-details.html. There is no final, definitive agreement among the parties regarding a partnership. Indeed, should the parties fail to enter into a final agreement, the harm to the TOUR of public release of this information would be no less than before the case was dismissed with prejudice. Accordingly, nothing has changed that reduces the TOUR's interest in maintaining the confidentiality of the sealed records. *See Hall v. Cnty. Of Fresno*, 2015 WL 13236882, at *4 (E.D. Cal. Dec. 11, 2015) (maintaining sealing following settlement where party seeking to unseal had "not persuaded the Court that [the] reasons" justifying sealing "no longer exist").

**B.    The First Amendment does not create right of access to the TOUR's records.**

In contrast to the public's presumptive right of access under the common law, "the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). To determine whether the First Amendment provides a right of access to a particular judicial record, courts apply the "experience and logic" test by assessing: (1) whether the record is a document that has "historically been open to the press and general public" and (2) "whether public access plays a significant positive role in the functioning of the particular governmental process in question." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir. 2020). The purpose of this test is to evaluate "the institutional value of public access to judicial proceedings and records

to determine whether the First Amendment provides a presumption of access." *Id.*

Rather than engage with the "experience and logic" test, the Times contends it is "well-established" that the First Amendment provides a right of access to **all** records filed in a civil proceeding. The only authority the Times cites for this proposition—the Ninth Circuit's decision in *Courthouse News Serv.*—held nothing of the sort. *Courthouse News Serv.* established that, under the "experience and logic" test, the First Amendment provides a "***qualified*** … right of access ... to newly filed civil ***complaints***." 947 F.3d at 591. To stretch this narrow holding to create an absolute right of access to **all** records filed in civil cases would impermissibly eviscerate the "experience and logic" test and strip the Court of its "supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

To be clear, the Ninth Circuit has never held that the First Amendment provides a right of access to documents submitted in civil cases in conjunction with non-dispositive filings. Other courts that have addressed the question have regularly determined that no such right exists. *See, e.g.*, *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 2019 WL 8108115, at *3, n.2 (E.D. Va. Aug. 15, 2019) ("[T]he First Amendment right does not seem to attach to pre-trial, non-dispositive civil proceedings, such as discovery matters."); *Royal Mile Co. v. UPMC*, 2014 WL 47775, at *3, *5 (W.D. Pa. Jan. 6, 2014) ("[T]he First Amendment does not apply to discovery motions and supporting documents."); *Covington v. Semones*, 2007 WL 1170644, at *2 (W.D. Va. Apr. 17, 2007) ("[A]s the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access."); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986) ("[T]here is no presumptive first amendment public right of access to documents submitted to a court in connection with discovery motions."); *see also Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 580 (4th Cir. 2004) ("[W]e have never held that the public has a First Amendment right of access to a pretrial hearing on a non-dispositive civil motion or to the transcript of such a hearing.").

The reasoning guiding those decisions is consistent with the "experience and logic" test. From experience, we know that at the time the First Amendment was adopted, the public had very little access to party information and evidence in advance of trial. Indeed, before the enactment of

Federal Rules of Civil Procedure in 1938, parties "were generally protected against disclosing the facts of their cases" and "trial by ambush and secrecy was considered normal in the courts of law." *Anderson*, 805 F.2d at 12; *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information."). Likewise, logic counsels against providing presumptive access to non-dispositive filings as it would render "raw discovery, ordinarily inaccessible to the public, accessible merely because it had to be included in motions precipitated by inadequate discovery responses or overly aggressive discovery demands." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164–65 (3d Cir. 1993). The Times has provided no reason for this Court to conclude that "experience and logic" requires the Court to find the First Amendment creates a right of access to the confidential TOUR documents at issue.

But even if the Times could show that the records it seeks were entitled to a presumptive right of access under the First Amendment, the right to inspect judicial records in this context is limited and can be rebutted by a showing of "compelling justifications for sealing." *Bohannon v. Facebook, Inc.*, 2019 WL 188671, at *3 (N.D. Cal. Jan. 14, 2019); *see also Courthouse News Serv. v. N.M. Admin. Off. of Cts.*, 53 F.4th 1245, 1264 (10th Cir. 2022) ("[T]he right to inspect and copy judicial records is not absolute—it is qualified."). As the Court has previously held, the disclosure of the TOUR information the Times seeks to unseal would harm the TOUR's business, relationships, and partnerships, and the confidentiality and privacy interests of the TOUR's non-party consultants. That sort of "harm to a business's competitive standing … serves as a compelling interest" to justify maintaining sealing "under the First Amendment in civil cases." *Bohannon*, 2019 WL 188671, at *3.

### IV.     CONCLUSION

For the foregoing reasons, the Court should deny the Times's motion to unseal TOUR-related information. To the extent that the Court is inclined to revisit any of its prior orders or unseal any TOUR information, the TOUR requests the opportunity to provide additional evidence justifying the bases for sealing.

| | | |
|---|---|---|
| Dated: July 11, 2023 | | KEKER, VAN NEST & PETERS LLP |
| | By: | *s/Elliot R. Peters* |
| | | ELLIOT R. PETERS |
| | | DAVID SILBERT |
| | | R. ADAM LAURIDSEN |
| | | NICHOLAS S. GOLDBERG |
| | | SOPHIE HOOD |
| | | |
| | | Attorneys for Defendant and Counter-Claimant |
| | | PGA TOUR, INC. |
| | | |
| | | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | | |
| | | ANTHONY J. DREYER |
| | | KAREN M. LENT |
| | | MATTHEW M. MARTINO |
| | | |
| | | Attorneys for Defendant and Counter-Claimant |
| | | PGA TOUR, INC. |