RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

RUSSELL H. FALCONER, *pro hac vice*
  rfalconer@gibsondunn.com
SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone: 202.955.8500

ROBERT C. WALTERS, *pro hac vice*
  rob@rcwalterspc.com
ROBERT C. WALTERS, PC
2001 Ross Avenue
Dallas, Texas 75201-2911
Telephone: 214.727.2466

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000

*Attorneys for Plaintiff LIV Golf Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, and LIV GOLF INC., <br><br>  Plaintiffs, <br><br>  v. <br><br> PGA TOUR, INC., <br><br>  Defendant and Counter-Plaintiff, <br><br>  v. <br><br> LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and YASIR OTHMAN AL-RUMAYYAN <br><br>  Counter-Defendants. | CASE NO. 5:22-cv-04486-BLF-SVK <br><br> **DECLARATION OF JOSHUA LIPTON** |

I, Joshua Lipton, hereby declare and state:

1. I am an attorney duly licensed to practice law in the District of Columbia. I am admitted to practice in the United States District Court for the Northern District of California in the above-entitled action on a *pro hac vice* basis. I am over the age of twenty-one and a partner at the law firm of Gibson, Dunn & Crutcher LLP, and am one of the attorneys representing Plaintiff LIV GOLF INC. in the above-entitled action. Unless otherwise stated, I have personal knowledge of the matters stated herein, and if asked to testify thereto, I would do so competently.

2. I submit this Declaration pursuant to Local Rule 7-11(a), which requires any Motion for Administrative Relief to be accompanied by either a stipulation or by a declaration that explains why a stipulation could not be obtained.

3. On July 21, 2023, counsel for Plaintiff received a Notice of Pending Subpoenas Duces Tecum ("the Notice"), which has been docketed at DE 479. Attached to the Notice is a subpoena directed to Gibson, Dunn & Crutcher LLP and Quinn Emanuel Urquhart & Sullivan LLP, requesting that they produce "[a]ny and all documents produced by the PGA Tour and/or any third parties to YOU on behalf of the Plaintiffs in the case styled Mickelson, et al v. PGA Tour, Inc., 5:22-cv-04486-BLF (N.D. Ca.)."

4. On July 31, 2023 and August 1, 2023, Plaintiff's counsel notified counsel for the PGA TOUR and all third parties from whom our records indicated we had received documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," of the Notice. Plaintiff's counsel notified the producing parties of its intent to seek modification of the Protective Order to permit parties receiving designated materials to retain those materials to the extent required by another law or order. Plaintiff's counsel requested that the TOUR and the notified third parties provide Plaintiff with notice no later than Friday, August 4, 2023, of any objection to the proposed modification of the Protective Order.

5. Counsel for the PGA Tour, PGA of America, the United States Golf Association, Augusta National Golf Club, and Clout Public Affairs, LLC have objected to the relief sought by this motion, on the grounds that the Notice does not trigger a retention obligation, and that the Notice is an improper method of obtaining discovery from parties who received the documents for a narrow and

limited purpose. Furthermore, the PGA Tour represented that it was retaining a copy of all documents it had produced to comply with its own retention obligations, thus making it unnecessary for Plaintiff to maintain a separate copy.

6. On August 9, 2023, I and other counsel met and conferred with Mr. Klayman. Mr. Klayman stated his position that under Florida law the Notice he served triggers an obligation on Plaintiff's counsel to retain the identified documents. During the meet and confer, Mr. Klayman agreed to limit the scope of the pending subpoena to the PGA Tour and four third-parties: The PGA of America, the United States Golf Association, Augusta National Golf Club, and Clout Public Affairs, LLC. Mr. Klayman confirmed the limited scope of the subpoena on August 14, 2023, in an email which is attached hereto as **Exhibit A**. He also again confirmed that he does not believe that agreements by the PGA Tour, The PGA of America, the United States Golf Association, Augusta National Golf Club, and Clout Public Affairs, LLC, to retain documents relieves Plaintiff's counsel of their separate obligation.

7. Counsel for Plaintiff do not take a position on whether the Notice requires retention under Florida state law, or is otherwise proper.

I declare under penalty of perjury that the foregoing is true and correct and that I executed this Declaration on August 14, 2023 in Bethesda, Maryland.

/s/ Joshua Lipton