QUINN EMANUEL URQUHART & SULLIVAN LLP
JOHN B. QUINN, SBN 90378
　johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
　dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
　kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN F. BASH (*pro hac vice*)
johnbash@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100

ROBERT P. FELDMAN, SBN 69602
　bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

SCOTT K. HVIDT, *pro hac vice*
shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

*Attorneys for Plaintiff LIV Golf, Inc.,*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LIV GOLF INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>PGA TOUR, INC.,<br><br>　　　　　　　Defendant and<br>　　　　　　　Counter-Plaintiff,<br><br>　v.<br><br>LIV GOLF INC., PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and HIS EXCELLENCY YASIR OTHMAN AL-RUMAYYAN<br><br>　　　　　Counter-Defendants. | CASE  NO. 5:22-cv-04486-BLF<br><br>**PLAINTIFF LIV GOLF, INC'S SURREPLY TO MOTION OF NON-PARTY MEDIA ENTITY THE NEW YORK TIMES COMPANY FOR AN ORDER TO INTERVENE AND FOR AN ORDER UNSEALING COURT RECORDS** |

Pursuant to the Court's order at the August 3, 2023 hearing, Plaintiff LIV Golf, Inc. ("LIV") submits the following surreply to Non-Party The New York Times Corporation ("The Times") motion to unseal regarding the three questions raised by the Court. Aug. 3, 2023 Hr'g Tr. at 34:15-37:9.

## I.  THE COURT MAY WITHDRAW DOCUMENTS FOR TERMINATED MOTIONS.

The Court has authority to withdraw provisionally sealed documents for motions that were never ruled on, thus mooting a motion to unseal. The Local Civil Rules contemplate a two-step sealing procedure before provisionally sealed documents become publicly available. *See* Civ. L. R. 79-5. First, the Court determines whether sealing is justified based on the parties' submissions. Civ. L. R. 79-5(b). Second, if sealing is denied, the Court decides whether to rely on the sealed material in making its decision. Civ. L. R. 79-5(g). Although the Court may "consider the information" and "require its public filing," it may also "permit its withdrawal without considering the information" or "order any other disposition it deems proper." Civ. L. R. 79-5(g)(2). The Local Rules are consistent with similar rules used in other districts. *See, e.g.*, D. Md. L.R. 11 (allowing withdrawal if sealing is denied); W.D. Wash. L. R. 5(g)(6) (same); D. Haw. L.R. 5.2(c) (same); E.D. La L.R. 5.6(D) (same); *see also* E.D. Cal. L.R. 141(e)(1) (requiring return of documents for which sealing is denied); W.D.N.Y. L.R. 5.3(g)(2) (deeming document for which sealing is denied to be withdrawn without prejudice).

The Local Rules are also consistent with the common law. *See U.S. v. El-Sayegh*, 131 F.3d 158, 161-63 (D.C. Cir. 1997). In *El-Sayegh*, the D.C. Circuit considered public right of access to sealed documents filed in connection with a plea agreement that "fell through." *Id*. at 159. "The collapse of the agreement did nothing to reduce the media's curiosity about its details," and several organizations intervened to seek unsealing. *Id*. at 160. The D.C. Circuit reversed a denial of defendant's motion to withdraw the documents from the public docket. Without a judicial decision, the court held, "documents are just documents; with nothing judicial to record, there are no judicial records." *Id*. at 162. Permitting public access on those facts would create a "chilling" effect because it would "thwart the use of documents that parties would not submit at all without assurances of confidentiality." *Id.* Put differently, if moving to file under seal "resulted in disclosure of the [document] when the motion was not granted" regardless of mootness, defendants "would be unlikely to run the risk of trying." *Id*.

The common law thus permits withdrawal of documents that "played no role in any adjudicatory function." *Id*. at 163; *cf. Trump v. Deutsche Bank AG*, 940 F.3d 146, 151 (2d Cir. 2019) (where a document is not "relevant to the performance of the judicial function," it is not a "judicial document" requiring access).

Here, the motion to dismiss that The Times seeks to unseal was terminated before the Court "looked at that motion" or "the sealing motion." Aug. 3, 2023 Hr'g Tr. at 10:5-9. It thus played "no role in any adjudicatory function." *El-Sayegh*, 131 F.3d at 163. The Times cited *Courthouse News Service v. Planet* at the hearing to argue that a public right of access attaches before judicial action, but that case concerned "complaints," which are "the cornerstone of every case" and lay out "the very architecture of the lawsuit." 947 F.3d 581, 593 (9th Cir. 2020). Motions play no such role. Moreover, *Courthouse News Service* limited its holding to "nonconfidential" complaints, *id.* at 585, 590, 594, and thus said nothing about whether a party could withdraw a sealed complaint—let alone a sealed motion. And even assuming a presumptive public right of access applies, withdrawal is appropriate here because the public's interest in access is outweighed by compelling reasons. "Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). On the other hand, courts have a compelling reason in allowing withdrawal to prevent a "chill" on parties' reliance on confidential documents. *El-Sayegh,* 131 F.3d at 162.

II.  **THE SEALING STANDARD SHOULD NOT CHANGE BASED ON LATER FILINGS.**

As the Court recognized at the hearing, a key premise of The Times' argument is that the good cause standard for sealing that applied to documents related to the motions to compel and quash subpoenas against the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Al-Rumayyan ("HE") *retroactively* changed once Defendant the PGA Tour filed counterclaims against those parties. The Times cites no authority for this proposition, nor any precedents in which the sealing standard for a particular filing retroactively changed for *any* reason, and LIV has not identified any such precedents. That is no surprise. A later amendment to the

pleadings has nothing to do with the reason that certain filings are subject to the good cause standard: that there is a substantially diminished public interest in understanding motions that are only "tangentially related to the underlying cause of action" or "merits of a case," such as those related to discovery, and that subjecting such documents to the compelling reasons standard would essentially eviscerate courts' power under the Federal Rules to issue protective orders for discovery materials, deterring parties from bringing meritorious suits. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016); *see, e.g.*, *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

That remains true even if such a "nondispositive" motion may relate in some way to the merits of the case. For example, in *Philips*, the Ninth Circuit considered settlement information attached to a discovery sanctions motion. 307 F.3d at 1209. Although the information was "important to [a party's] analysis of punitive damages," the Ninth Circuit applied the good cause standard because the motion was "nondispositive"—*i.e.*, it did not ask the court to resolve the merits of the punitive damages issue. *Id*. at 1209, 1213. By contrast, when a technically nondispositive motion is "critical" to the resolution of the case on the merits—such as a *Daubert* motion that is "effectively dispositive of a motion for summary judgment"—the compelling reasons standard applies. *In re Midland Nat'l Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (internal quotation marks omitted).

Here, the Times does not dispute that the PIF and HE subpoenas were properly sealed under the good cause standard initially. It has thus forfeited any argument that those motions were more than "tangentially related to the merits" of the case before the Tour amended the counterclaims—which they were not, as they did not ask the Court to address any issue related to the merits. The Times instead appears to contend that once the counterclaims were amended, the Court's resolution of the immunity and jurisdictional subpoena issues necessarily resolved defenses that PIF and HE could assert against the amended counterclaims. But that is demonstrably wrong. This is not a case where either the parties or the Court incorporated the prior briefing or order by reference. To the contrary, the Court made abundantly clear that the immunity and jurisdictional issues were distinct for the amended counterclaims and would be analyzed afresh. *See* May 23, 2023 Hr'g Tr. at 41:15-42:2. As the Court

explained, the motion to dismiss raised "different issues" and "raised [issues] in a different way" that was "geared toward the cross-complaint or the counterclaim itself, as opposed subpoena for third party." *Id*. at 41:15-24. Even though "a lot of the legal issues on the personal jurisdiction and FSIA [we]re the same" at a general level, they were "now gear[ed] to distinctly different claims." *Id.* at 42:6-11. Thus, the Court stated that it would not simply "cut and paste" its "last order" on the subpoena motions but consider the issues in light of the amended counterclaims. *Id.* at 41:25-42:2.

Accordingly, the order on the motions to quash and compel did not resolve any merits issue for the amended counterclaims (or any other claim). For that reason, access to the sealed portions of the filings related to those motions is not in any sense necessary for the public to understand either the amended counterclaims or the motion to dismiss those counterclaims (assuming the Court does not allow the motion to be withdrawn).[1]

**III.   THE COURT APPLIED THE CORRECT SEALING STANDARDS.**

The Court inquired which of the twelve documents listed in Exhibit A of the Times' reply brief were sealed under the good cause standard and which were sealed under the compelling reasons standard. Below we identify the standards the Court applied and briefly explain the context:

1. <u>Materials Submitted In Connection With the Motions to Quash and Compel (#1-8)</u>: **Good cause.** As explained above, the Times does not dispute that the materials submitted to Magistrate Judge Van Keulen were properly sealed under the good cause standard in the first instance, and there is no basis for the Times' argument that the standard should retroactively change. Moreover, even if the discovery motion were retroactively deemed to be functionally "dispositive" once the amended counterclaims were filed, that still would not justify subjecting materials submitted to Magistrate Judge Van Keulen to the compelling reasons standard, because her order was *not* ultimately the governing order on the subpoenas. Rather, this Court reviewed that order de novo and issued a fully public order that superseded it. The good cause standard should thus continue to apply.

---

[1] In addition, The Times' novel position would immensely burden courts and parties by requiring them to continually revisit prior sealing decisions in light of new filings.

2. <u>The Tour's Motion to Amend and Amended Counterclaims (#9)</u>: **Compelling reasons.** The Court found compelling reasons to seal portions of the amended counterclaims and motion to amend. Dkt. No. 279. That conclusion was amply supported by precedent, and the reasons identified by the Court continue to apply today. The Times identifies no basis to reconsider those decisions.

3. <u>Magistrate Judge Van Keulen's Order on Motions to Quash and Compel (#10)</u>: **Good cause.** LIV and the PGA Tour vigorously disputed the appropriateness of redactions to the February 9 order. *See* Dkt. No. 277. Magistrate Judge van Keulen carefully considered both sides and permitted redactions under the good cause standard. Dkt. No. 371. The Times does not address Magistrate Judge van Keulen's analysis. And in any event, as noted, this Court affirmed the order on de novo review, dispelling any argument that Magistrate Judge Van Keulen's order was "dispositive" and thereby confirming that the good cause standard continues to be appropriate. And this Court's order contained no redactions, enabling the public to fully understand the basis for the order. *See* Dkt. No. 392.

4. <u>LIV's Motion for De Novo Review (#11)</u>: **Good cause.** Although this Court ultimately applied the good cause standard to this filing, LIV sought redactions under the compelling reasons standard. Dkt. No. 333. Those reasons continue to apply. Moreover, at least two of the categories of information sought to be sealed (the Shareholder Agreement and specific negotiations) had previously been sealed by this Court under the compelling reasons standard in connection with the amended counterclaims. Dkt. No. 279.

5. <u>PIF and HE's Motion to Dismiss the Amended Counterclaims (#12)</u>: **No standard applied.** As explained above, the motion to dismiss was never evaluated under any sealing standard and may be withdrawn without unsealing because it was terminated before it played any role in the adjudicatory process. To the extent that the Court considers unsealing, the redacted information quotes the amended counterclaims for which the Court already found compelling reasons to seal. Dkt. No. 450.

**CONCLUSION**

For the foregoing reasons and those stated in LIV's prior brief and argument, LIV respectfully requests that The Times' motion be denied.

| | |
|---|---|
| DATED:  August 17, 2023 | Respectfully submitted, |
| | */s/ John Bash*  |
| | JOHN B. QUINN, SBN 90378 |
| | johnquinn@quinnemanuel.com |
| | DOMINIC SURPRENANT, SBN 165861 |
| | dominicsurprenant@quinnemmanuel.com |
| | KEVIN TERUYA, SBN 235916 |
| | kevinteruya@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 865 South Figueroa Street, 10th Floor |
| | Los Angeles, California 90017 |
| | Telephone: 213.443.3000 |
| | |
| | JOHN F. BASH, *pro hac vice* |
| | johnbash@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 300 West 6th Street, Suite 2010 |
| | Austin, TX 78701-3901 |
| | Telephone: (737) 667 6100 |
| | |
| | ROBERT P. FELDMAN, SBN 69602 |
| | bobfeldman@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 555 Twin Dolphin Dr., 5th Floor |
| | Redwood Shores, California 94065 |
| | Telephone:  650.801.5000 |
| | Facsimile:    650.801.5100 |
| | |
| | RACHEL S. BRASS, SBN 219301 |
| | rbrass@gibsondunn.com |
| | LAUREN D. DANSEY, SBN 311886 |
| | ldansey@gibsondunn.com |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 555 Mission Street, Suite 3000 |
| | San Francisco, California 94105-0921 |
| | Telephone: 415.393.8200 |
| | Facsimile:   415.393.8306 |
| | |
| | SCOTT K. HVIDT, *pro hac vice* |
| | shvidt@gibsondunn.com |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 2001 Ross Avenue, Suite 2100 |
| | Dallas, Texas 75201-2911 |
| | Telephone: 214.698.3100 |

6

SURREPLY TO MOTION OF NON-PARTY MEDIA ENTITY THE NEW YORK TIMES COMPANY FOR AN ORDER TO INTERVENE AND FOR AN ORDER UNSEALING COURT RECORDS
CASE NO. 5:22-CV-04486-BLF

JOSHUA LIPTON, *pro hac vice*
jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
klimarzi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:     202.955.8500

*Attorneys for Plaintiff LIV Golf, Inc.,*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(h)(3) of the Northern District of California, I attest that concurrence in the filing of the document has been obtained from each of the other signatories to this document.

Executed on August 17, 2023.

                                             */s/  John Bash*_____

                                             John Bash