KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - #158708
epeters@keker.com
DAVID SILBERT - #173128
dsilbert@keker.com
R. ADAM LAURIDSEN - #243780
alauridsen@keker.com
NICHOLAS S. GOLDBERG - #273614
ngoldberg@keker.com
SOPHIE HOOD - #295881
shood@keker.com
633 Battery Street
San Francisco, CA  94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
ANTHONY J. DREYER - (*pro hac vice*)
anthony.dreyer@skadden.com
KAREN M. LENT - (*pro hac vice*)
karen.lent@skadden.com
MATTHEW M. MARTINO - (*pro hac vice*)
matthew.martino@skadden.com
One Manhattan West
New York, NY 10001
Telephone:    212 735 3000
Facsimile:    212 735 2000

Attorneys for Defendant and Counter-Claimant
PGA TOUR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIV GOLF, INC., <br><br> Plaintiff, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant. | CASE NO. 5:22-cv-04486-BLF <br><br> **PGA TOUR'S OPPOSITION TO PLAINTIFF LIV GOLF'S MOTION TO AMEND PROTECTIVE ORDER** <br><br> Dept.:  3 <br> Judge:  Hon. Beth Labson Freeman |
| PGA TOUR, INC., <br><br> Counter-claimant, <br><br> v. <br><br> LIV GOLF, INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, AND YASIR OTHMAN AL-RUMAYYAN, <br><br> Counter-defendants. | Date Filed:   August 3, 2022 |

**PGA TOUR'S OPPOSITION TO
PLAINTIFF LIV GOLF'S MOTION TO AMEND PROTECTIVE ORDER**

Defendant PGA TOUR (the "TOUR") respectfully opposes Plaintiff LIV Golf's motion to amend the Protective Order entered in this case (ECF No. 111) to allow parties who received materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" ("Protected Material") to maintain one copy of certain Protected Materials.  For the reasons set forth below, the TOUR asks this Court to deny Plaintiff's motion and to require that the parties fully comply with the Protective Order as entered.

Section XIII of the Protective Order requires that "within sixty (60) days after the final disposition of this action . . . each Receiving Party must return all Protected Material to the Producing Party or destroy such materials."  Plaintiff seeks relief from this specific provision of the Protective Order because on or about July 21, 2023, its counsel at Gibson Dunn and Quinn Emanuel received a Notice of Pending Subpoenas Duces Tecum from Larry Klayman, the plaintiff in a pending action in the Fifteenth Judicial District for Palm Beach County, Florida, *Klayman v. PGA Tour, Inc. et al*, Case No. 50-2022-CA-006587 (the "Klayman Litigation"), requesting that Plaintiff's counsel produce "[a]ny and all documents produced by the PGA Tour and/or any third parties to YOU on behalf of the Plaintiffs in the case styled *Mickelson, et al v. PGA Tour, Inc.*, 5:22-cv-04486-BLF (N.D. Ca.)."  Despite 28 days having passed since the Notice was sent, the subpoena apparently has not been served.  In fact, discovery is currently stayed in that action, but even if it were not, the subpoena cannot be issued until the Florida court resolves the TOUR's objections to the subpoena in accordance with Florida Rule of Civil Procedure 1.351(b).  This Court should not facilitate Mr. Klayman's attempt to end-run around the Florida court's stay and the TOUR's objections to the subpoena.

Plaintiff's request to preserve *another party's* Protected Material for *potential production in another litigation* is inappropriate and entirely inconsistent with the purpose of the Protective Order.  Indeed, producing another party's Confidential or Highly Confidential material outside of this litigation would violate the Protective Order itself. Paragraph 7.1 of the Protective Order states

that "[a] Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case *only* for prosecuting, defending, or attempting to settle *this* litigation." (emphases added). Neither Mr. Klayman nor Plaintiff can circumvent this provision by serving an overbroad demand for all documents produced by the TOUR in this case for use in a *separate action*. Moreover, the Protective Order at 8, regarding the production of Protected Materials in other matters, contemplates obligations to comply *only* with "a subpoena or court order *issued* in other litigation"—neither of which are present here. That alone should be sufficient to deny Plaintiff's request.

Furthermore, Plaintiff's counsel need not preserve these materials because Mr. Klayman is already actively seeking in the Klayman Litigation the Protected Materials at issue here from the TOUR and the third parties who produced them. Mr. Klayman has served a document demand on the TOUR requesting its production in this case and has provided notice of intent to serve subpoenas to the United States Golf Association, the PGA of America, Augusta National Golf Club and Clout Public Affairs LLC (the "Third Parties"). Any obligation to produce the Protected Materials to Mr. Klayman belongs respectively to producing parties alone—the TOUR and each of the Third Parties. The TOUR has already notified Mr. Klayman and Plaintiff that it will preserve the entirety of its own production from this action pending the Florida Court's resolution of objections by the TOUR to Mr. Klayman's demand of the TOUR. The TOUR's cooperation with Mr. Klayman's request and the notice of intent to serve subpoenas sent to the Third Parties in the Klayman Litigation render the request to Gibson Dunn and Quinn Emanuel moot. If Mr. Klayman is successful in his efforts to obtain any materials produced in this action, the TOUR will comply, and he will receive the Protected Materials. Similarly, the Third Parties should be given an opportunity to object to the production of their documents and determine what documents they will produce in the Klayman Litigation after the issuance of a proper subpoena and/or order by the Court in the Klayman Litigation, if any, requiring such production despite their objections. As such, it is wholly unnecessary for Plaintiff to request to preserve materials that are required by the Protective Order in this case to be returned or destroyed by August 19, 2023, and it would be

inappropriate for Plaintiff to produce the TOUR's and the Third Parties' Protected Materials in *another* action, in direct contravention of the Protective Order.

      In light of the foregoing, the TOUR respectfully requests that the Court deny Plaintiff's motion.

DATED: August 18, 2023

Respectfully submitted,

/s/ Anthony J. Dreyer

| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ELLIOT R. PETERS - #158708<br>epeters@keker.com<br>DAVID SILBERT - #173128<br>dsilbert@keker.com<br>R. ADAM LAURIDSEN - #243780<br>alauridsen@keker.com<br>NICHOLAS S. GOLDBERG - #273614<br>ngoldberg@keker.com<br>SOPHIE HOOD - #295881<br>shood@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:   415 397 7188 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>ANTHONY J. DREYER - (*pro hac vice*)<br>anthony.dreyer@skadden.com<br>KAREN M. LENT - (*pro hac vice*)<br>karen.lent@skadden.com<br>MATTHEW M. MARTINO - (*pro hac vice*)<br>matthew.martino@skadden.com<br>One Manhattan West<br>New York, NY 10001<br>Telephone:   212 735 3000<br>Facsimile:   212 735 2000 |