Gretchen Hoff Varner (Bar No. 284980)
Devon Schulz (Bar No. 345499)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
Email:  ghoffvarner@cov.com
Email:  dschulz@cov.com

*Attorneys for The Professional Golfers'
Association of America*

Arthur J. Burke (Bar No. 229589)
Micah G. Block (Bar No. 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California, 94025
Telephone:  (650) 752-2000
Email:  arthur.burke@davispolk.com
Email:  micah.block@davispolk.com

*Attorneys for The United States Golf Association*

Dayme Sanchez (Bar No. 323864)
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone:  (650) 739-3939
Email:  daymesanchez@jonesday.com

Of Counsel:
Aaron M. Healey
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone:  (212) 326-3939
Email:  ahealey@jonesday.com

Craig A. Waldman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Telephone:  (202) 879-3877
Email:  cwaldman@jonesday.com

*Attorneys for Augusta National, Inc.*

[Additional counsel listed on signature pages]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MATT JONES, BRYSON DECHAMBEAU, and LIV GOLF INC.,<br>    Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br>    Defendant and Counter-Plaintiff,<br><br>v.<br><br>LIV GOLF INC., THE PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and YASIR OTHMAN AL-RUMAYYAN<br>    Counter-Defendants. | Case No.: 5:22-cv-04486-BLF-SVK<br><br>**PGAA, AUGUSTA, AND USGA'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO AMEND PROTECTIVE ORDER** |

The Professional Golfers' Association of America, Augusta National Golf Club, and the United States Golf Association (collectively, the "Third Parties") oppose Plaintiff LIV Golf Inc.'s ("LIV") Administrative Motion to Amend the Protective Order (Dkt. 484) in this case for the same reasons stated in the opposition memorandum filed by PGA Tour.

Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c); *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368–69 (9th Cir. 1982). The Third Parties in this matter have a strong, valid interest in maintaining the terms of the existing Protective Order (Dkt. 111), which is critical to avoid the very type of improper disclosure sought by Larry Klayman in *Klayman v. PGA Tour, et al.*, No. 50-2022-CA-006587 (Fla. 15th Cir. Ct. 2022).

The court in the underlying *Klayman* matter has reiterated on several occasions that a discovery stay is in effect, and has been since May 2023. *See* Def. Official World Golf Ranking's Obj. to Pl.'s Proposed Subpoenas Duces Tecum, No. 50-2022-CA-006587 (Fla. 15th Cir. Ct. Aug. 17, 2023). Despite this stay, Mr. Klayman has persisted in seeking discovery, filing notices of intent to issue proposed subpoenas to the Third Parties seeking the same documents that he is also demanding from the plaintiffs in the case before this Court.

In the case before this Court, Mr. Klayman is similarly seeking to circumvent normal discovery procedures. Mr. Klayman's proposed subpoenas to the Third Parties in the *Klayman* case confirms that even if the Parties have information relevant to Mr. Klayman's claims in that case, Mr. Klayman has a proper process by which to seek that information directly from the Third Parties—when and if the court in that case permits such discovery. This Court should not countenance Mr. Klayman's efforts to sidestep the court in which his case is pending and the discovery stay in that case. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) (protective order should not be modified to permit "collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding"). And this Court also should not countenance Mr. Klayman's attempt to sidestep the Third Parties entirely—i.e., to obtain the Third Parties' documents without engaging with the Third Parties on the relevance of his requests—and instead to produce the materials from a separate

party with no interest in protecting the material from improper disclosure. *See id.* (protective order should not be modified without a showing of relevance).

The parties in this case bargained for, and the Third Parties relied on, the terms of the Protective Order. Specifically, the Third Parties agreed to produce documents in this case conditioned on that reliance. Plaintiffs' proposed after-the-fact amendment to the protective order ignores that reliance, and is fundamentally unfair to the Third Parties. The Ninth Circuit has recognized the interests of parties that relied on the terms of a protective order in agreeing to produce discovery materials. *See Foltz*, 331 F.3d at 1137 ( "[C]hanging the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery.") (internal quotation marks and citation omitted).

Based on the foregoing, the Third Parties respectfully request that Plaintiff's motion be denied.

DATED: August 18, 2023                                       Respectfully submitted,

JONES DAY                                                    COVINGTON & BURLING LLP

By:   */s/ Dayme Sanchez*                                    By:   */s/ Gretchen Hoff Varner*

Dayme Sanchez (Bar No. 323864)                               Gretchen Hoff Varner (Bar No. 284980)
1755 Embarcadero Road                                        Devon Schulz (Bar No. 345499)
Palo Alto, California 94303                                  Salesforce Tower
Telephone: (650) 739-3939                                    415 Mission Street, Suite 5400
Email: daymesanchez@jonesday.com                             San Francisco, California 94105-2533
                                                             Telephone: (415) 591-6000
Of Counsel:                                                  Facsimile: (415) 591-6091
Aaron M. Healey                                              Email: ghoffvarner@cov.com
250 Vesey Street                                             Email: dschulz@cov.com
New York, New York 10281
Telephone: (212) 326-3939                                    Of Counsel:
Email: ahealey@jonesday.com                                  Derek Ludwin
                                                             Kavita Pillai
Craig A. Waldman                                             COVINGTON & BURLING LLP
51 Louisiana Avenue, N.W.                                    One City Center
Washington, DC 20001                                         850 Tenth Street, NW
Telephone: (202) 879-3877                                    Washington, DC 20001
Email: cwaldman@jonesday.com                                 Telephone: (202) 662-6000
                                                             Facsimile: (202) 778-5429
*Attorneys for Augusta National, Inc.*                       Email: dludwin@cov.com
                                                             Email: kpillai@cov.com

3

Arthur J. Burke (Bar No. 229589)
Micah G. Block (Bar No. 270712)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California, 94025
Telephone:  (650) 752-2000
Email:  arthur.burke@davispolk.com
Email:  micah.block@davispolk.com

*Attorneys for The Professional Golfers' Association of America*

*Attorneys for The United States Golf Association*

## ATTESTATION

I, Gretchen Hoff Varner, am the ECF user whose identification and password are being used to file this Opposition to Plaintiff's Administrative Motion to Amend Protective Order.  I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that the aforementioned signatories have concurred in this filing.

        */s/ Gretchen Hoff Varner*
        Gretchen Hoff Varner

OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE
MOTION TO AMEND PROTECTIVE ORDER

Case No.: 5:22-cv-04486-BLF-SVK