UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT JONES, et al.,<br>    Plaintiffs,<br>v.<br>PGA TOUR, INC.,<br>    Defendant. | Case No. 22-cv-04486-BLF  (SVK)<br><br>**ORDER ON LIV'S MOTION TO AMEND PROTECTIVE ORDER**<br>Re: Dkt. No. 484 |

Before the Court is Plaintiff LIV's motion to amend the Protective Order (Dkt. 111) to allow LIV's counsel to retain copies of Protected Materials received from the PGA Tour ("Tour"), PGA of America, the United States Golf Association, Augusta National Golf Club and Clout Public Affairs, LLC (collectively "the Responding Parties"). Dkt. 484. LIV seeks the relief to allow counsel to comply with Notices of Pending Subpoenas Duces Tecum ("Notices") arising in another action and served on counsel. *Id*. Each of the Responding Parties opposes LIV's motion. Dkt. 486, 487, 494. Having considered the parties' submissions, the applicable law, and the relevant litigation history in this action, the Court determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b). For the reasons stated herein, LIV's motion is **DENIED**.

Although the Protective Order provides that any person may seek modification of the order (Dkt. 111 § 12.1) LIV improperly brings its request as an administrative motion. Administrative motions are limited to "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." Civ. L.R. 7-11. LIV's motion seeks relief from the Protective Order entered by this Court, therefore the proper means for relief would have been a joint submission pursuant to the undersigned's Civil and Discovery Referral Matters Standing Order. However, none of the Responding Parties raised this issue and as all parties had a reasonable opportunity and sufficient pages to present their arguments, the

1  Court will accept the papers as a discovery dispute. The parties are cautioned that they must
2  ensure that future filings comply with the Civil Local Rules and this Court's standing orders.
3       LIV's motion seeks relief from section XIII of the Protective Order, which requires a
4  Receiving Party to return or destroy all Protected Material received in the litigation. Dkt. 111.
5  LIV's counsel were recently served with the Notices arising from an action pending in Florida
6  state court directed at all materials produced by the Responding Parties in this action. Dkt. 484 at
7  2. LIV claims to have been informed that such a notice triggers an obligation to retain the
8  identified documents and argues that as a result, LIV's counsel have been put in an untenable
9  position of dueling obligations. *Id*. In the supporting declaration, counsel for LIV expressly
10 refrains from taking "a position on whether the Notice requires retention under Florida state law,
11 (*sic*) or is otherwise proper." Dkt. 484-1 at 3.
12      In Opposition the Responding Parties cite to the Protective Order's fundamental premise,
13 upon which all producing parties relied, that Protected Material will be used only in this action,
14 and that use of such material in other proceedings is contemplated only pursuant to a subpoena or
15 a court order, neither of which are present here. Dkt. 111 §§ 7.1, 8; Dkt. 486 at 2-3; Dkt. 487;
16 Dkt. 494 at 3. The Tour, a party to the Florida state action, points to the document demand it
17 received in that action, and the other Responding Parties acknowledge that they have also received
18 Notices arising from the Florida state action.[1] Dkt. 486 at 3; Dkt.487; Dkt. 494 at 2. Thus,
19 Responding Parties argue, a modification of the Protective Order here is unnecessary. All
20 Responding Parties also point to their right to address the appropriate scope of discovery in the
21 Florida state action *in that case*, an opportunity they would be denied should LIV's counsel
22 produce the Responding Parties' documents from this action. Dkt. 486 at 3; Dkt. 487; Dkt. 494 at
23 2-3.[2]
24      Although sharing discovery between actions may be favored in the interest of judicial

---

[1] The Tour also states that it has given notice in the Florida state action that the entirety of its production in this action is being preserved. Dkt. 486 at 3.

[2] This Court need not and therefore does not address the propriety of issuing the Notices while discovery in the Florida state action is stayed. *See* Dkt. 486 at 2, 3; Dkt. 494 at 2.

efficiency, a court must weigh "the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992)). Here the Court finds that the Responding Parties relied upon the Protective Order, including the use limitations in §§ 7.1 and 8, in producing documents to LIV. LIV does not attempt to show why litigants in Florida would need to get documents from LIV instead of directly from the Responding Parties, following appropriate proceedings in that forum. Finally, the Court finds that leaving the "return or destroy" requirement of section XIII in place ensures the integrity of the Protective Order. Accordingly, under the circumstances at hand, the Court finds that the reliance of the Responding Parties outweighs the limited interest LIV has in amending the Protective Order.

Accordingly, LIV's motion is DENIED.

**SO ORDERED.**

Dated: August 23, 2023

SUSAN VAN KEULEN
United States Magistrate Judge