UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT JONES, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>PGA TOUR, INC.,<br><br>          Defendant. | Case No. 22-cv-04486-BLF<br><br>**ORDER GRANTING NONPARTY THE NEW YORK TIMES CO.'S MOTION TO INTERVENE; DENYING IN PART MOTION TO UNSEAL; REQUIRING SUPPLEMENTAL STATEMENT FROM LIV GOLF IN SUPPORT OF SEALING**<br><br>Re: ECF No. 460 |

Presently before the Court is nonparty The New York Times Company's ("NYT") motion to intervene and unseal records in this action. Mot., ECF No. 460. The Court received briefing on the motion, heard oral argument on August 3, 2023, and, pursuant to discussion at the hearing, received a sur-reply from Plaintiff and Counter-Defendant LIV Golf, Inc. ("LIV Golf"). For the reasons discussed below, NYT's motion to intervene is GRANTED, NYT's motion to unseal is DENIED IN PART, and LIV Golf is ORDERED to file a supplemental statement in support of sealing certain documents.

I.     **BACKGROUND**

On August 3, 2022, eleven professional golfers filed suit against Defendant and Counter-Plaintiff PGA Tour, Inc. ("PGA Tour"), asserting claims for violations of federal and California antitrust laws and a breach of contract claim. ECF No. 1. Shortly thereafter, an amended complaint was filed by seven professional golfers and LIV Golf. ECF No. 83. PGA Tour brought counterclaims against LIV Golf in September 2022. ECF No. 108.

As relevant to the present motion, in November 2022, PGA Tour moved to compel responses from Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE"), both non-parties at the time, to PGA Tour's

discovery subpoenas. ECF No. 148. PIF and HE in turn moved to quash the subpoenas on the grounds that they (1) were entitled to sovereign immunity from the jurisdiction of United States courts and (2) lacked the minimum contacts with the United States necessary for the Court to exercise personal jurisdiction over them. ECF No. 166. The briefing on both motions and attachments thereto were filed under seal, *see* ECF Nos. 147, 165, 168, 172, 174, 208, 229, as was a presentation made by PGA Tour at the hearing on the motion to compel, *see* ECF No. 223-1. On February 9, 2023, Magistrate Judge van Keulen issued an order (the "Discovery Order") granting PGA Tour's motion to compel and denying the motion to quash. ECF Nos. 265, 380. The Discovery Order contained redactions. *See* ECF Nos. 277, 281, 380.

In the meantime, on January 24, 2023, PGA Tour moved for leave to amend its counterclaim to add PIF and HE as defendants. *See* ECF No. 238. The Court granted leave, ECF No. 280, and PIF and HE became defendants in this action on February 23, 2023, ECF No. 289. Both the motion for leave to amend PGA Tour's counterclaim and the counterclaim itself contained redactions. *See* ECF Nos. 237, 238, 280, 289.

Shortly thereafter, on February 28, 2023, PIF and HE filed a motion for de novo review and relief from the Discovery Order, based in part on the same sovereign immunity and minimum contacts arguments made in their motion to quash. ECF No. 306. PGA Tour opposed the motion for de novo review, ECF No. 322, and the Court denied the motion, ECF No. 392. PGA Tour's opposition to the motion for de novo review contained redactions. *See* ECF Nos. 321, 322.

On May 18, 2023, PIF and HE moved to dismiss PGA Tour's claims against them. ECF No. 436. The motion to dismiss contained redactions and was filed with a motion to seal. *See* ECF Nos. 435, 436, 450. On June 16, 2023, NYT filed the pending motion. *See* ECF No. 460. Later that day, the parties filed a notice and stipulation of voluntary dismissal of this action. ECF No. 462. The Court approved the stipulation of dismissal on June 20, 2023, ECF No. 460, which terminated PIF and HE's motion to dismiss.

NYT now seeks to intervene to unseal records related to PGA Tour's motion to compel discovery, PIF and HE's motion to quash PGA Tour's discovery subpoenas, the Discovery Order, PGA Tour's opposition to PIF and HE's request for de novo review of the Discovery Order, PGA

Tour's motion to amend its counterclaim to add PIF and HE as defendants, and PIF and HE's motion to dismiss PGA Tour's amended counterclaim. Reply, ECF No. 473, at 10. LIV Golf, PGA Tour, and nonparty Clout Public Affairs, LLC all filed oppositions. ECF Nos. 467, 469, 470. Because the parties have since indicated that the material sought by NYT contains information designated as confidential by LIV Golf, *see, e.g.*, PGA Tour Opp'n, ECF No. 470, at 2–3; Reply 3 n.2, the Court will mainly refer to LIV Golf's opposition.

## II. LEGAL STANDARD

A motion for permissive intervention is governed by Federal Rule of Civil Procedure 24(b), which provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). While the primary focus of this provision is intervention for the purpose of litigating a claim on the merits, Rule 24(b) also provides an appropriate vehicle for nonparties to seek access to judicial records in a civil case. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999) ("Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)[.]"); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) ("Rule 24(b) permits limited intervention for the purpose of challenging a protective order."). "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *San Jose Mercury News*, 187 F.3d at 1100. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## III. DISCUSSION

### A. Timeliness of Motion for Intervention

Nonparties seeking permissive intervention under Rule 24(b) generally must satisfy three requirements: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman*, 966 F.2d at 473. However, where a nonparty seeks only to unseal court records, the proposed intervenor is only required to satisfy the timeliness factor. *See San Jose Mercury News*, 187 F.3d

3

at 1100; *see also Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) ("A third party seeking permissive intervention purely to unseal a court record does not need to demonstrate independent jurisdiction or a common question of law or fact."). "In determining whether a motion for intervention is timely, a court must consider three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id*. at 1100-01 (internal quotation marks and citation omitted).

### 1. Stage of Proceeding

LIV Golf makes no argument about NYT having brought its motion at an inappropriate stage of the litigation. *See* LIV Golf Opp'n, ECF No. 469. At the time NYT filed its motion to intervene on June 16, 2023, this action was in active litigation and had a pending motion to dismiss filed by PIF and HE. However, public news reports had indicated that PGA Tour and LIV Golf intended to merge and create a new entity. Mot. 2 (citing Alan Blinder, *PGA and LIV Merger*, N.Y. Times (June 6, 2023), https://www.nytimes.com/live/2023/06/06/sports/pga-liv-golf-merger).[1] On the same day NYT filed the motion to intervene, the parties stipulated to dismiss the case. *See* ECF Nos. 460, 462. The Court finds no fault with the stage of litigation at which NYT filed its motion.

### 2. Prejudice and Justification for Delay

LIV Golf does, however, argue that the motion to intervene is untimely because NYT could have sought to intervene "when the motions to seal were first adjudicated," and that the delay is "severely prejudic[ial]" because the parties could have withdrawn filings if they had known NYT would seek unsealing. LIV Golf Opp'n, ECF No. 469, at 4. NYT counters that "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records," and that LIV Golf's reliance argument has been rejected by the Ninth Circuit. Reply 2 (citing *San Jose Mercury News*, 187 F.3d at 1101).

Although NYT's moving papers indicated that it sought unsealing of all judicial records in

---

[1] The Court may take judicial notice of news articles that "indicate what was in the public realm at the time," but not of "whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (citations omitted).

4

this action, it subsequently narrowed its request to documents sealed in four court orders issued between February 9, 2023 and April 10, 2023, as well as PIF and HE's motion to dismiss, for which the sealing status had not been adjudicated. Reply 10; *see* ECF Nos. 255, 279, 373, 405. The motion therefore applies to sealing orders issued 10 to 18 weeks prior to NYT's filing. As NYT notes, the Ninth Circuit has indicated in *San Jose Mercury News*—where the proposed intervenor sought to intervene to modify a protective order and unseal a judicial record about 12 weeks after the entry of the protective order—that a news organization might wait years before seeking to intervene in an action in order to pursue the public's right to access judicial records without being untimely. 187 F.3d at 1101 (citations omitted). The court further held that a "potential burden or inequity" to the parties should not affect the right to intervene where the proposed intervenor asserts a legitimate right of access—such as a news organization's pursuit of the public right to judicial records—because any similar motion to intervene upsets the expectations of the parties as to the confidentiality of judicial records, and to hold such motions prejudicially untimely would stymie the public's right of access. *See id.* (quoting *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 787 (1st Cir.1988)).

Under the reasoning espoused by the Ninth Circuit in *San Jose Mercury News*, the Court agrees with NYT that the 10- to 18-week delay between the entry of the sealing orders and NYT's filing of the protective orders was not an unreasonable delay and was not prejudicial. *See also* Civil L.R. 79-5(g)(3) ("Parties or non-parties may, *at any time*, file a motion requesting that the Court unseal a document.") (emphasis added). The Court therefore GRANTS NYT's motion to intervene in this action.

### B. Motion to Unseal

NYT moves this Court to unseal "pleadings, motion papers, supporting exhibits, and judicial orders that concern PIF and [HE]'s claims that they are not subject to the court's jurisdiction and are shielded by sovereign immunity," Reply 3, on the ground that the public has a right of access to these records under both the federal common law and the First Amendment, Mot. 3–5. Specifically, NYT seeks access to the following documents and their attachments:

ECF Nos. 148, 166, 169, 173, 209, 223-1, 225, 230, 238, 265/380,[2] 322, and 436.  Reply 10.

### 1. Legal Standards for Sealing

#### a. Federal Common Law

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, "a 'strong presumption in favor of access' is the starting point," *id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)), and a party opposing a motion to unseal judicial records bears the burden of overcoming the presumption.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–98 (9th Cir. 2016) (reviewing standards to file under seal borne by party seeking sealing in evaluating nonparty intervenor's motion to unseal document).

Parties seeking to maintain under seal judicial records relating to motions that are "more than tangentially related to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1101, must show "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).  However, the strong presumption of public access does not apply to judicial records relating to motions that are not related, or are only tangentially related, to the merits of a case.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Where such records are at issue, a party opposing unsealing "need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097.

#### b. First Amendment

The First Amendment provides a right of access to various types of judicial records.  *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir. 2020).  Courts apply an "experience

---

[2] ECF No. 265 is the fully sealed Discovery Order issued on February 9, 2023.  The Court later entered the public version of the Discovery Order at ECF No. 380, which contains redactions.

and logic" test to evaluate "the institutional value of public access to judicial proceedings and records to determine whether the First Amendment provides a presumption of access." *Id.* "To determine whether a First Amendment right of access attaches to a type of judicial proceeding or record, we consider (1) whether that proceeding or record 'ha[s] historically been open to the press and general public' and (2) 'whether public access plays a significant positive role in the functioning of the particular [governmental] process in question.'" *Id.* (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8 (1986)).

### 2. Analysis

The documents to which NYT seeks access, as listed in Exhibit A to the Reply, *see* Reply 10, fall into three categories: (1) PIF and HE's opposition to discovery sought by PGA Tour, which includes filings related to PGA Tour's motion to compel discovery and PIF and HE's motion to quash, the Discovery Order addressing both motions, and PGA Tour's opposition to PIF and HE's motion for de novo review of the Discovery Order; (2) PGA Tour's counterclaim; and (3) PIF and HE's motion to dismiss. *Id.* at 3. The Court addresses these categories in reverse.

#### a. Motion to Dismiss (Exhibit A, No. 12)

The parties stipulated to dismiss this action within one month of PIF and HE's filing of their motion to dismiss, and before any opposition had been filed. *See* ECF Nos. 436, 459, 462. The Court issued an order approving the stipulated dismissal, ECF No. 463, and the motion was thereby terminated. Accordingly, the Court has had no reason to review the motion to dismiss or the accompanying motion to seal and related statement, and in fact it has not done so. *See* ECF Nos. 435, 450; *see also* Tr. 10:5–9.

The common law right of access "ordinarily attaches to judicial records, which are those materials on which a court relies in determining the litigants' substantive rights." *United States v. Sleugh*, 896 F.3d 1007, 1014 (9th Cir. 2018) (quoting *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013)) (internal quotation marks omitted). Here, because the motion to dismiss was terminated barely a month after it was filed, the Court did not rely on it to "determin[e] the litigants' substantive rights," and there is thus no common law right of access to the document. *Id.*; *see also* Civil L.R. 79-5(g)(2) (following denial of motion to seal, court may permit party to

1  withdraw document from consideration); *U.S. v. El-Sayegh*, 131 F.3d 158, 161–63 (D.C. Cir.
2  1997) ("This principle [of the right to inspect judicial records], of course, assumes a judicial
3  decision. If none occurs, documents are just documents; with nothing judicial to record, there are
4  no judicial records.") (citations omitted).

5  NYT argues that the First Amendment provides a broad right of access to documents "filed
6  with the court '[that are] relevant to the judicial function and useful in the judicial process,'" and
7  that the right "attaches even if the Court has not yet relied on the submissions to make an
8  adjudication and applies even if the parties reach settlement." Mot. 4 (quoting and citing
9  *Courthouse News*, 947 F.3d at 591–93). *Courthouse News*, however, establishes only that the
10  First Amendment "secures a right of timely access to publicly available civil complaints that arises
11  before any judicial action upon them." 947 F.3d at 600. To prevail on its First Amendment
12  argument, NYT must show, under the experience and logic test, that access to motions to dismiss
13  mooted by dismissal of the entire action (1) is a historical right of the press and general public and
14  (2) plays a significant positive role in the functioning of the particular governmental process in
15  question. *See id.* at 590. NYT has not made these arguments. *See generally* Mot., Reply.

16  The Court therefore will therefore deny NYT's request to unseal the motion to dismiss, and
17  will remove from the docket the documents related to the motion to seal.

18  **b.     PGA Tour's Counterclaim (Exhibit A, No. 9)**

19  NYT seeks access to PGA Tour's motion for leave to amend its counterclaim to add PIF
20  and HE as defendants, and the related attachments, including the proposed amended counterclaim.
21  Reply 10; *see* ECF No. 238. LIV Golf sought to seal portions of the motion and its attachments,
22  and the Court—applying the compelling reasons standard—granted in part and denied in part the
23  sealing requests. *See* ECF No. 279.

24  Under the common law right of access analysis, the Court finds—as it did previously—that
25  the "compelling reasons" standard applies to sealing a motion for leave to amend a counterclaim
26  because the outcome of the motion may change the foundations of the lawsuit, so that the motion
27  is more than tangentially related to the merits of the action. *See id.* (citing *Restoration Hardware,*
28  *Inc. v. Sichuan Wei Li Tian Xia Network Tech. Co.*, No. 22-CV-03054-JSC, 2023 WL 1769189, at

8

1   *4 (N.D. Cal. Feb. 3, 2023) (complaint is "foundation of the lawsuit")); *Ctr. for Auto Safety*, 809

2   F.3d at 1099.  And under the First Amendment analysis, the right of timely access to civil

3   complaints leads directly to a right of timely access to a civil counterclaim, so that the documents

4   at issue will be sealed only with a showing of a "substantial interest in retaining the private nature

5   of [the] judicial record."  *Courthouse News*, 947 F.3d at 592 (citation omitted).

6       As the party seeking to maintain records under seal, LIV Golf bears the burden of

7   articulating compelling reasons for and a substantial interest in maintaining under seal PGA

8   Tour's motion for leave to amend its counterclaim and the related attachments.  *Ctr. for Auto

9   Safety*, 809 F.3d at 1096–97.  Because NYT did not identify the requested documents until its

10  Reply, LIV Golf has not yet had an opportunity to present these arguments.  At oral argument, the

11  Court ordered LIV Golf to file a sur-reply addressing three discrete issues, and informed LIV Golf

12  that the Court would separately permit it to present evidence on why the records at issue should be

13  maintained under seal.  Tr. 34:12–35:15.  As discussed below, the Court will at this time order

14  LIV Golf to present its arguments as to why the identified portions of PGA Tour's motion to

15  amend its counterclaim, and the attached documents, should remain under seal.

16      **c.   Discovery Disputes (Exhibit A, Nos. 1–8, 10–11)**

17      NYT seeks access to briefings, attachments, and orders related to PGA Tour's motion to

18  compel discovery from PIF and HE, and the related motion to quash filed by PIF and HE.  Reply

19  10.  As documents related to discovery disputes that were not more than tangentially related to the

20  merits of the action, the corresponding requests to seal were evaluated under the good cause

21  standard.  *See* ECF Nos. 266, 373, 405.  NYT argues, however, that the "appropriate standard of

22  review changed once [PGA] Tour asserted claims against PIF and [HE]" because the discovery

23  disputes were largely based on PIF and HE's assertions that United States courts lacked

24  jurisdiction over them, and those same jurisdictional issues went to the merits of PGA Tour's

25  counterclaim.  Reply 4.  Therefore, NYT contends, the discovery dispute documents must be

26  unsealed unless LIV Golf can show compelling reasons for their remaining under seal.  *Id.*

27      LIV Golf responds that there is no precedent for the retroactive change in the sealing

28  standard for a given filing.  Sur-Reply, ECF No. 485, at 2–3.  It further argues that a sealing

request is evaluated under the good cause standard where the underlying motion does not require the court to resolve the merits of the action in any way, even if the information sought to be sealed was important to some portion of the merits. *Id.* at 3.

The Ninth Circuit has made clear that the sealing standard turns on whether the *motion* at issue—not the underlying documents—is more than tangentially related to the merits of a case. *Ctr. for Auto Safety*, 809 F.3d at 1099 ("The focus in all of our cases is on whether the motion at issue is more than tangentially related to the underlying cause of action."); *id.* at 1101 ("[P]ublic access will turn on whether the motion is more than tangentially related to the merits of a case."). The documents to which NYT seeks access were related to discovery disputes about whether PGA Tour was entitled to receive certain discovery, and discovery-related motions are reviewed under the good cause standard—assuming they are not somehow more than tangentially related to the merits—regardless of whether the litigants are parties. *See id.* at 1097 ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'") (quoting *Kamakana*, 447 F.3d at 1180). The Court accordingly finds that PIF and HE's eventual status as defendants in this action does not retroactively change the good cause sealing standard for the discovery disputes.

As for NYT's First Amendment arguments, the Court once again finds that NYT has not presented argument under the experience and logic test as to the historical right of the public to discovery documents, and the "significant positive role" in the functioning of litigation played by public access to discovery documents. *Courthouse News*, 947 F.3d at 590. Given the plethora of case law describing the public's reduced right of access to discovery documents, the Court is doubtful that NYT could make the required showing. *See, e.g.*, *Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").

As with the counterclaim documents, the Court will permit LIV Golf an opportunity to present its arguments under the good cause standard as to why the discovery dispute documents should be maintained under seal.

**IV. ORDER**

For the foregoing reasons, the Court hereby ORDERS as follows:

1. NYT's motion to intervene is GRANTED;
2. NYT's motion to unseal is DENIED with respect to the motion to dismiss located at ECF No. 436;
3. The sealing requests related to the motion to dismiss, which are located at ECF Nos. 435 and 450, SHALL be REMOVED from the docket;
4. Within 14 days of the entry of this order, LIV Golf SHALL file a statement in support of sealing each document and attachment addressed in the sealing orders located at ECF Nos. 266, 279, 373, and 405, wherein:
   a. The statement in support of sealing SHALL comport with this Court's Standing Order Re Civil Cases § V;
   b. The requests to seal SHALL be appropriately tailored to redact only sealable information;
   c. LIV Golf SHALL NOT incorporate by reference any previous sealing statement or order, but may reassert in whole those prior statements; and
   d. LIV Golf SHALL sequentially number each document it seeks to maintain under seal; and
5. Any document that LIV Golf does not include in its statement in support of sealing SHALL be unsealed and filed publicly.

**IT IS SO ORDERED.**

Dated: August 24, 2023

_____
BETH LABSON FREEMAN
United States District Judge