QUINN EMANUEL URQUHART & SULLIVAN LLP
JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN F. BASH (*pro hac vice*)
johnbash@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:   650.801.5100

RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

SCOTT K. HVIDT, *pro hac vice*
shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

*Attorneys for Plaintiff LIV Golf, Inc.,*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LIV GOLF INC., <br><br> Plaintiffs, <br><br> v. <br><br> PGA TOUR, INC., <br><br> Defendant and Counter-Plaintiff, <br><br> v. <br><br> LIV GOLF INC., PUBLIC INVESTMENT FUND OF THE KINGDOM OF SAUDI ARABIA, and HIS EXCELLENCY YASIR OTHMAN AL-RUMAYYAN <br><br> Counter-Defendant. | CASE  NO. 5:22-cv-04486-BLF <br><br> **PLAINTIFF LIV GOLF'S SUPPLEMENTAL STATEMENT IN SUPPORT OF SEALING PURSUANT TO THE COURT'S AUGUST 24, 2023 ORDER** |

Pursuant to and Civil Local Rule 79-5 and the Court's Order dated August 24, 2023 (Dkt. No. 497), Plaintiff LIV Golf, Inc. ("LIV") hereby submits the following supplemental statement in support of sealing materials that had previously been sealed.

## I. LEGAL STANDARD

As found by the Court, the sealing here involves three standards: (1) the compelling reasons standard, (2) the good cause standard, and (3) the substantial interest standard, for the amended counterclaims only. Dkt. No. 497 at 8:1-9:5, 10:26-28.

Compelling Reasons: The "compelling reasons" standard "balances the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & County Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (simplified). "What constitutes a 'compelling reason' [to seal] is best left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Examples of "compelling reasons" to seal include "when a court record might be used 'to gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as source[] of business information that might harm a litigant's competitive standing.'" *Id*. (quoting *Nixon v. Warner Commcn's, Inc.*, 435 U.S. 589, 597 (1978)).

Good Cause: The "good cause" standard comes from Rule 26(c)(1), which governs the issuance of a protective order and which "protect[s] a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. A district court has "broad latitude" to "prevent disclosure of materials for many types of information" under this rule. *Philips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The public interest does not figure in the analysis under this standard, as "the private interests of litigants are 'the only weights on the scale.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1180).

Substantial Interest: The "substantial interest" standard permits sealing upon "a showing of a 'substantial interest in retaining the private nature of the judicial record.'" Dkt. No. 497 at 8 (quoting *Courthouse News Service v. Planet*, 947 F.3d 581, 592 (9th Cir. 2020)). Courts frequently hold that the same interests that justify sealing under the compelling reasons standard also satisfy this standard derived from the First Amendment. *See, e.g.*, *Dawson v. Merck & Co., Inc.*, 2021 WL 242148, at *7

(E.D.N.Y. Jan. 24, 2021) (noting that many courts "do not distinguish between the two" and that the standards have "significant overlap"); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 510-511 (S.D.N.Y. 2015) (sealing confidential business information under both types of standards); *see also Perry v. Brown*, 667 F.3d 1078, 1088 (9th Cir. 2012) (sealing for the same reason under both the common law and First Amendment).

## II.     ANALYSIS

LIV seeks to seal material that has previously been sealed under the compelling reasons and good cause standards. The Court has found that these standards did not change since sealing was granted. *See* Dkt. No. 497. Importantly, intervenor The New York Times ("The Times") has not argued that any of the materials previously sealed under the good cause standard fail to satisfy that standard. The Times has accordingly forfeited any such argument, and the Court would act within its discretion in declining to order disclosure of sealed information subject to the good cause standard—nearly all of the information at issue here—on that basis. *See* Aug. 3, 2023 Hr'g Tr. at 32:18-23.

At any rate, as LIV previously explained, all of the reasons to seal continue to apply because nothing material has changed (e.g., no partnership with the Tour has been consummated). Accordingly, there is no reason to reconsider the prior analysis, and the same reasons that justified sealing initially also justify continuing to maintain the documents under seal. *See Perry v. Schwarzenegger*, 302 F. Sup. 3d 1047, 1057 (N.D. Cal. 2018) (finding, on a motion to unseal, that continued sealing is warranted because "the compelling justification" found previously "continues to exist").

Nevertheless, in light of the Court's comments at the hearing for The Times' motion, and the interest of simplifying this dispute, LIV has sought to narrow the proposed sealing to only those materials for which confidentiality remains critical. Attached as **Appendix A** is a chart summarizing the prior sealing and LIV's narrowing efforts. Although LIV did not redact all exhibits, it sought to seal entire documents only where the whole exhibit implicates the stated harm or where redaction would leave only noninformational portions of the document (e.g., the graphics of a presentation). Redacting the whole exhibit is appropriate under the good cause standard because no party (public or private) has an interest in the noninformational portions of the documents. *See* Aug. 3, 2023 H'rg Tr.

2

at 34:4-6 (finding requests to seal entire documents "perfectly appropriate" when "operating under good cause"). LIV respectfully contends that the narrowed sealing continues to meet the required legal standards, as previously found by this Court and Magistrate Judge van Keulen. In particular, the categories of information at issue implicate harms that are routinely held to satisfy the compelling reasons and good cause standards in this District. That includes:

- **Business strategy**: *See, e.g.*, *Baird Kreuger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing discussions of "business strategy and competitive analysis"); *Bunsow De Mory LLP v. N. Forty Consulting LLC*, 2020 WL 7872198, at *1 (N.D. Cal. Oct. 22, 2020) (sealing information about "parties' business models" and dealings with consultants); *Am. Automobile Ass'n of N. Cal, Nev. & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "business plans, dealings and strategies"); *Krieger v. Atheros Commn's, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (sealing "discussions of business strategy"); *Cave Consulting Grp., Inc. v. OptiumInsight, Inc.*, 2017 WL 11464031, at *1 (N.D. Cal. Dec. 22, 2017) (sealing "business strategies, including sales/marketing strategies").

- **Financial information:** *See, e.g.*, *IntegrityMessageBoards.com v. Facebook, Inc.*, 2020 WL 6544411, at *12 (N.D. Cal. Nov. 6, 2020) (sealing financial information that reveals "how [a company] conducts its operations"); *Pinnacle Ventures LLC v. Bertelsmann Edu. Servs.*, 2018 WL 11392741, at *1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.) (sealing "financial information"); *Lyft, Inc. v.AGIS Software Dev. LLC*, 2022 WL 2135757, at *2 (N.D. Cal. May 2, 2022) (Freeman, J.) (sealing "sensitive financial and business information"); *Schwartz v. Cook*, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing information about defendants' "finances that could be used to gain unfair business advantage against them").

- **Internal corporate decision making**: *See, e.g.*, *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381, at *1-*2 (N.D. Cal. Feb. 24, 2020) (Freeman, J.) (sealing "confidential business material," including "strategic decision making"); *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (sealing "internal conversations" about corporate "decision-making process"); *Hardley v. Kellogg Sales Co.*, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (sealing "internal decision making"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "internal, nonpublic information discussing . . . business decision making"); *Ramirez v. Trans Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (sealing "discussions of internal decision-making or strategy"); *F.T.C. v. DirecTV, Inc.*, 2016 WL 7386133, at *1 (N.D. Cal. Dec. 21, 2016) (sealing "discussion of internal processes").

- **Confidential negotiations:** *See, e.g.*, *Workplace Tech. Res., Inc. v. Project Mgmt. Inst., Inc.*, 2021 WL 6066119, at *2 (S.D. Cal. Aug. 10, 2021) (sealing "confidential communications" made during negotiations because "potential clients could use the reasoning discussed in those communications as a negotiating tool in potential business

3

transactions"); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (finding compelling reasons to seal where party would suffer competitive harm in future negotiations with third parties); *Doe v. Apple Inc. Health & Welfare Benefit Plan*, 2023 WL 2021697, at *2 (N.D. Cal. Feb. 15, 2023) (sealing "negotiations leading up to" a confidential agreement); *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (sealing "contract negotiations").

- **Contracts and agreements:** *See, e.g.*, *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2012) (explaining that disclosure would "create an asymmetry of information in the negotiation of future" contracts); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (disclosing terms would "put [defendant] at a disadvantage in future negotiations for similar agreements"); *Pace Anti-Piracy, Inc. v. Inside Secure*, 2018 WL 10517182, *2 (N.D. Cal. Jan. 8, 2018) (Freeman, J.) (finding "substantial competitive harm" from disclosure); *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding that confidential contract terms "plainly fall[] within the definition of 'trade secrets'").

- **Corporate governance procedures:** *See*, *e.g.*, *Pinnacle Ventures LLC v. Bertelsmann Edu. Servs.*, 2018 WL 11392741, at 1 (N.D. Cal. Aug. 1, 2018) (Freeman, J.) (sealing "internal governance procedures and corporate details"); *In re Hewlett-Packard Co. Shareholder Derivative Litig.*, 2015 WL 1153864, at 5 (N.D. Cal. Mar. 13, 2015) (sealing "corporate governance" documents that provide "an outline of [the Company's] procedures" due to potential impact on future business deals); *Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, 2014 WL 1724368, at *2 (N.D. Cal. May 1, 2014) (sealing information about "corporate structure"); *Droplets, Inc. v. Yahoo! Inc.*, 2019 WL 9443777, at *2 (N.D. Cal. June 18, 2019) (sealing "corporate structure" information).

- **Email addresses:** *See Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (sealing confidential customer information, including address, phone number, and email address).

Accordingly, LIV respectfully requests that the sealing described in **Appendix A** be granted.

DATED:  September 7, 2023                         Respectfully submitted,

                                                  */s/ John Bash*

4

JOHN B. QUINN, SBN 90378
  johnquinn@quinnemanuel.com
DOMINIC SURPRENANT, SBN 165861
  dominicsurprenant@quinnemmanuel.com
KEVIN TERUYA, SBN 235916
  kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: 213.443.3000

JOHN F. BASH, *pro hac vice*
 johnbash@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
300 West 6th Street, Suite 2010
Austin, TX 78701-3901
Telephone: (737) 667 6100

ROBERT P. FELDMAN, SBN 69602
  bobfeldman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone:  650.801.5000
Facsimile:    650.801.5100

RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
LAUREN D. DANSEY, SBN 311886
  ldansey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, California 94105-0921
Telephone: 415.393.8200
Facsimile:   415.393.8306

SCOTT K. HVIDT, *pro hac vice*
  shvidt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Telephone: 214.698.3100

JOSHUA LIPTON, *pro hac vice*
  jlipton@gibsondunn.com
KRISTEN C. LIMARZI, *pro hac vice*
  klimarzi@gibsondunn.com

5

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:     202.955.8500

*Attorneys for Plaintiff LIV Golf, Inc.,*