UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATT JONES, et al.,

         Plaintiffs,

    v.

PGA TOUR, INC.,

         Defendant.

Case No.  22-cv-04486-BLF

**ORDER GRANTING IN PART AND DENYING IN PART THE NEW YORK TIMES CO.'S MOTION TO UNSEAL**

Re: ECF No. 460

Presently before the Court is non-party The New York Times Company's ("NYT") motion to unseal certain judicial records in this action (the "Motion to Unseal").  *See* Mot., ECF No. 460. The Motion to Unseal concerns records related to the Court's jurisdiction over the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE"), and its determinations that PIF and HE were not shielded by sovereign immunity.  *See* Reply 6, 10, ECF No. 473.

For the reasons discussed below, NYT's motion is GRANTED IN PART and DENIED IN PART.

## I.     BACKGROUND

### A.     Parties and Claims

In August 2022, several professional golfers filed suit against Defendant PGA Tour, Inc. ("PGA Tour") asserting breach of contract and multiple violations of federal and California antitrust laws based on PGA Tour's alleged interference with their participation in the launch of a competing professional golf tour by LIV Golf, Inc. ("LIV Golf").  *See* ECF No. 1.  An amended complaint followed in which LIV Golf appeared as a plaintiff alongside the professional golfers. *See* ECF No. 83.  In September 2022, PGA Tour brought a counterclaim against LIV Golf for

tortious interference with contract.  *See* ECF No. 108.  PGA Tour subsequently moved to compel discovery from (then) non-parties PIF and HE.  *See* ECF No. 148.  Following motion practice and oral argument, Magistrate Judge van Keulen issued an order (the "Discovery Order") on February 9, 2023, granting PGA Tour's motion to compel.  *See* ECF Nos. 265, 380.

PIF and HE became defendants in this action on February 23, 2023, after the Court granted PGA Tour leave to amend its counterclaim.  *See* ECF Nos. 238, 280, 289.  Shortly thereafter, on February 28, 2023, PIF and HE filed a motion for de novo review and relief from the Discovery Order; the Court denied the motion.  *See* ECF Nos. 306, 392.

**B.     NYT's Motion to Unseal**

On June 16, 2023, NYT filed the pending Motion to Unseal, which was filed as a Motion for an Order to Intervene and for an Order Unsealing Court Records.  *See* ECF No. 460.[1]  NYT initially requested that the Court review the entire docket and "appropriately unseal records," Mot. 1, but subsequently narrowed the scope of its request to records regarding "PIF and [HE]'s claims that they are not subject to the court's jurisdiction and are shielded by sovereign immunity," Reply 3.  Specifically, NYT stated that it sought access to the following documents and their attachments: ECF Nos. 148, 166, 169, 173, 209, 223-1, 225,[2] 230, 238, 265/380,[3] 322, and 436.  Reply 10.  Further, NYT asserted in its Reply that although several of the records at issue had initially been reviewed under the lower, "good cause" sealing standard, subsequent case developments meant that the Court should apply the more stringent, "compelling reasons" sealing standard.  Reply 4–5.

The Court heard oral argument on the Motion to Unseal on August 3, 2023.  *See* Aug. 3, 2023 Hr'g Tr., ECF No. 482.  Because NYT had raised new arguments in its Reply, the Court permitted LIV to file a supplemental brief regarding whether the sealing standard had changed

---

[1] Later that day, the parties filed a stipulation of voluntary dismissal of this action.  ECF No. 462. The Court approved the stipulation of dismissal on June 20, 2023.  *See* ECF No. 463.
[2] ECF No. 225 and its attachment at ECF No. 225-1 are identical to, respectively, ECF Nos. 209-3 and 209-2, which NYT separately requests.  These documents are public versions of the sealed documents at, respectively, ECF Nos. 208-2 and 208-1.

[3] ECF No. 265 is the fully sealed Discovery Order issued on February 9, 2023. The Court later entered the public version of the Discovery Order at ECF No. 380, which contains redactions.

United States District Court
Northern District of California

1   based on the posture of the case.  *See id.* at 35:5–6; *see also* Sur-Reply, ECF No. 485.  The Court

2   then issued an order on August 24, 2023 (the "Prior Order"), granting NYT's request to intervene,

3   denying NYT's motion to unseal with respect to ECF No. 436, finding that the sealing standard

4   had not changed, and ordering LIV Golf to file a statement in support of maintaining under seal

5   any currently-sealed information in the remaining documents to which NYT seeks access.  *See*

6   Prior Order, ECF No. 497.  The Court emphasized that LIV Golf's requests to seal were to be

7   appropriately tailored to redact only sealable information.  *Id.* at 11.  LIV Golf submitted its

8   statement in support of sealing on September 7, 2023.

9   **II.     LEGAL STANDARD**

10          **A.     Federal Common Law**

11          "Historically, courts have recognized a 'general right to inspect and copy public records

12   and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of*

13   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

14   U.S. 589, 597 & n.7 (1978)).  Accordingly, "a 'strong presumption in favor of access' is the

15   starting point," *id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

16   2003)), and a party opposing a motion to unseal judicial records bears the burden of overcoming

17   the presumption.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–98 (9th

18   Cir. 2016) (reviewing standards to file under seal borne by party seeking sealing in evaluating

19   nonparty intervenor's motion to unseal document).

20          Parties seeking to maintain under seal judicial records relating to motions that are "more

21   than tangentially related to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1101, must show

22   "compelling reasons supported by specific factual findings that outweigh the general history of

23   access and the public policies favoring disclosure."  *Kamakana*, 447 F.3d at 1178–79 (internal

24   quotation marks and citation omitted).  However, the strong presumption of public access does not

25   apply to judicial records relating to motions that are not related, or are only tangentially related, to

26   the merits of a case.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179

27   ("[T]he public has less of a need for access to court records attached only to non-dispositive

28   motions because those documents are often unrelated, or only tangentially related, to the

underlying cause of action.").  Where such records are at issue, a party opposing unsealing "need only satisfy the less exacting 'good cause' standard."  *Ctr. for Auto Safety*, 809 F.3d at 1097.

### B.   First Amendment

The First Amendment provides a right of access to various types of judicial records.  *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir. 2020).  Courts apply an "experience and logic" test to evaluate "the institutional value of public access to judicial proceedings and records to determine whether the First Amendment provides a presumption of access."  *Id.*  "To determine whether a First Amendment right of access attaches to a type of judicial proceeding or record, we consider (1) whether that proceeding or record 'ha[s] historically been open to the press and general public' and (2) 'whether public access plays a significant positive role in the functioning of the particular [governmental] process in question.'"  *Id.* (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8 (1986)).

### C.   Civil Local Rules

The Local Rules of this Court additionally require that all requests to seal be "narrowly tailored to seek sealing only of sealable material."  Civ. L.R. 79-5(a).  That is, the sealing motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  *Id.* at 79-5(c)(1).

## III.   DISCUSSION

The documents to which NYT seeks access, as listed in Exhibit A to the Reply, *see* Reply 10, fall into three categories: (1) PIF and HE's opposition to discovery sought by PGA Tour, which includes filings related to PGA Tour's motion to compel discovery and PIF and HE's motion to quash, the Discovery Order addressing both motions, and PGA Tour's opposition to PIF and HE's motion for de novo review of the Discovery Order (NYT Reply Ex. A, Nos. 1–8, 10–11); (2) PGA Tour's motion for leave to amend its counterclaim to add PIF and HE as defendants (NYT Reply Ex. A, No. 9); and (3) PIF and HE's motion to dismiss (NYT Reply Ex. A, No. 12).  *Id.* at 3.  As noted above, the Court previously denied NYT's motion to unseal the sole document

United States District Court
Northern District of California

in the last category, *i.e.*, PIF and HE's motion to dismiss, located at ECF No. 436.  *See* Prior Order 7–8, 11.  The Court now turns to the other two categories of documents.

### A.    Category 1: Documents Related to Discovery Disputes (NYT Reply Ex. A, Nos. 1–8, 10–11)

NYT requests that the Court unseal materials related to a dispute over whether PGA Tour could compel discovery from PIF and HE prior to their appearance as parties in this action.  *See* Reply 4–7.  These materials are located on the public docket under lead ECF Nos. 148, 166, 169, 173, 209, 223-1, 225, 230, 265/380, and 322; they were sealed pursuant to three sealing orders, located at ECF Nos. 266, 373, at 405.  *See id.* at 10.

As the Court determined in the Prior Order, the good cause standard applies to these documents because they were sealed in relation to discovery disputes that were not more than tangentially related to the merits of the action.  *See* Prior Order 10.  PIF and HE's eventual status as defendants in this action did not "retroactively change the good cause sealing standard for the discovery disputes."  *Id.*  The Court additionally noted that NYT had not presented argument under the test for disclosure under the First Amendment.  *Id.*  Accordingly, the Court now evaluates NYT's Motion to Unseal the discovery dispute-related documents, and LIV Golf's corresponding requests to maintain sealing, under the common law good cause standard.

LIV Golf argues that there is no reason to reconsider or deviate from the prior sealing analyses because there has been no material change in circumstances that would affect the justifications for sealing.  LIV Golf's Suppl. St. re Sealing ("LIV Suppl. St.") 2, ECF No. 498.  LIV Golf further argues that the materials at issue contain information about business strategies, financial information, internal corporate decision making, confidential negotiations, contracts and agreements, corporate governance procedures, and email addresses, all of which courts in this district have found to satisfy both the compelling reasons and good cause standards for sealing.  *See id.* 3–4 (citations omitted).

As noted above, a party opposing a motion to unseal judicial records bears the burden of overcoming the presumption.  *See Ctr. for Auto Safety, LLC*, 809 F.3d at 1096–98.  Accordingly, the Court does not rest on the prior sealing orders, but rather evaluates anew whether the materials

United States District Court
Northern District of California

1  LIV Golf seeks to maintain under seal meet the good cause standard for sealing and the narrow

2  tailoring required by this district's local rules.

3  　　　For each document NYT seeks to unseal, LIV Golf has provided its position on whether

4  some or all of the currently sealed information should remain under seal.  *See* App'x A to LIV

5  Suppl. St. ("App'x A"), ECF No. 498-1.  LIV Golf has additionally resubmitted ten previously-

6  filed fact declarations from its Chief Legal Officer, John Loffhagen, in support of sealing.  *See*

7  Exs. 1–10 to LIV Suppl. St., ECF Nos. 498-2–498-11.  Nine of these declarations describe

8  different portions of the discovery dispute-related material LIV Golf seeks to maintain under seal

9  under the good cause standard, and the competitive harm that would result from the exposure of

10  the material at issue.  *See* Exs. 1, 3–10 to LIV Suppl. St.

11  　　　Courts in this circuit have held that confidential business information in the form of

12  "license agreements, financial terms, details of confidential licensing negotiations, and business

13  strategies" satisfies the "compelling reasons" standard.  *Exeltis USA Inc. v. First Databank, Inc.*,

14  No. 17-cv-4810, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020); *see also, e.g.*, *In re Elec. Arts*,

15  *Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business

16  information that might harm a litigant's competitive strategy," including confidential contract

17  terms); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162

18  (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing

19  strategies, product development plans, detailed product-specific financial information, customer

20  information, internal reports[.]'") (citation omitted); *Simpson Strong-Tie Co. Inc. v. MiTek Inc.*,

21  No. 20-cv-06957-VKD, 2023 WL 350401, at *2–3 (N.D. Cal. Jan. 20, 2023) (granting sealing

22  request under compelling reasons standard of "confidential business development and internal

23  business strategy documents and intellectual property of MiTek, including internal MiTek research

24  and development information"); *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D.

25  Cal. May 26, 2022) (granting request to seal "internal conversations" about corporate "decision-

26  making process" in connection with summary judgment motion); *Pinnacle Ventures LLC v.

27  Bertelsmann Educ. Servs.*, 2018 WL 11392741, at 1 (N.D. Cal. Aug. 1, 2018) (granting sealing of

28  "internal governance procedures and corporate details" under compelling reasons standard);

*Hernandez v. County of Monterey*, No. 13-cv-02354, 2023 WL 4688522, at *3–4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal email addresses and other personal contact information).  Such information is therefore sealable under the "less exacting" good cause standard.  *See Ctr. for Auto Safety*, 809 F.3d at 1097.

Having reviewed LIV Golf's arguments, the relevant Loffhagen declarations, and the documents at issue, the Court finds that LIV Golf has shown good cause for maintaining under seal the information in the discovery-related documents, which disclose confidential information regarding LIV Golf's formation; strategic launch plans; financials; internal decision-making processes; negotiations with players, agents, and sponsors; and a Shareholders' Agreement that remains under seal.  *See In re Elec. Arts*, 298 F. App'x at 569; *Exeltis USA Inc.*, 2020 WL 2838812, at *1.  However, the Court finds that certain of the sealing requests are not narrowly tailored, and grants in part and denies in part those requests.  The Court's rulings on the discovery-related documents sought by NYT in its Motion to Unseal are set forth in the three tables below, which are organized by sealing order.  The Court notes that although this order deals with NYT's Motion to Unseal, it has for clarity fashioned its rulings as responsive to LIV Golf's requests to maintain information under seal.  Thus "GRANT" will maintain sealing as a rejection of NYT's Motion to Unseal.

### 1.   Sealing Order: ECF No. 266 (NYT Reply Ex. A, No. 10)

| Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|
| | | NYT Reply Ex. A, No. 10 | | |
| 1 February 9, 2023 Order Granting PGA Tour's Motion to Compel and Denying PIF & HE's Motions to Quash (App'x A | 380 / (265, 499-2) | 13:20–14:11 **\*14:14–16\*** 15:3–9 15:11–16:17 23:11–18 25:20–25 26:1–7 | DENIED as to the first two words of 13:20; otherwise GRANTED. | With the exception of the first two words of 13:20, which constitute a section header, contains confidential information regarding LIV Golf's formation |

United States District Court
Northern District of California

United States District Court
Northern District of California

| Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|
| Doc. No. 1) | | 26:9–11<br>26:17–21<br>*27:5*<br>36:21–24<br>36:28–37:2<br>37:28<br>38:1.<br><br>LIV Golf no longer seeks sealing of the bolded ranges. | | and strategic launch plans; financials; internal decision-making processes; negotiations with players, agents, and sponsors; and a Shareholders' Agreement that remains under seal. |

2.    Sealing Order: ECF No. 373 (NYT Reply Ex. A, Nos. 1–8)

| Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|
| NYT Reply Ex. A, No. 1 | | | | |
| 2  PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena (App'x A Doc. No. 6) | 148 / (147-3, 499-8) | 3:6–9<br>*4:14*<br>*6:19–20*<br>6:26–28<br>6:28–7:2<br>7:2–3<br>7:3–4<br>*7:5–8*<br>9:8–18<br>*9:23–24*<br>16:28–17:3<br>18:10–13<br>*18:13* (last sentence)<br>19:17–18<br>19:19–20<br><br>LIV Golf no longer | GRANTED. | Contains confidential information regarding identities of LIV Golf's consultants; internal decision-making; and investor involvement in decision-making. |

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | | | seeks sealing of the bolded ranges. | | |
| 3 | Ex. 2 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena (App'x A Doc. No. 7) | 148-2 / (147-4, 499-9) | Entire document. | DENIED for lack of sufficient tailoring. | Large portions of the document contain LIV Golf's confidential financial information and projections. However, LIV Golf has not provided support for sealing material such as email fields (by which the Court means to include, throughout this order, information such as dates, email sender, recipients, and subject line) and footers, introductory and other non-confidential language in the body of emails, presentation section headings, and videoconference logistics. |
| 4 | Ex. 14 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena (App'x A Doc. No. 8) | 148-3 / (147-5, 499-10) | Entire document. | DENIED for lack of sufficient tailoring. | Large portions of the document contain LIV Golf's confidential business strategies. However, LIV Golf has not provided support for sealing material such as email fields and footers, introductory and other non-confidential language in the body of emails, and presentation section |

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | | | | | headings. |
| 5 | Ex. 15 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena<br><br>(App'x A Doc. No. 9) | 148-3 / (147-6, 499-11) | Entire document. | DENIED for lack of sufficient tailoring. | Large portions of the document contain LIV Golf's confidential financial information; internal decision-making processes; and consultants' identities. However, LIV Golf has not provided support for sealing material such as email fields and footers, introductory and other non-confidential language in the body of emails (*e.g.*, slide numbers), and presentation section headings. |
| 6 | Ex. 16 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena<br><br>(App'x A Doc. No. 10) | 148-3 / (147-7, 499-12) | Entire document. | DENIED for lack of sufficient tailoring. | Large portions of the document contain LIV Golf's confidential financial information and projections. However, LIV Golf has not provided support for sealing material such as presentation titles, dates, and section headings. |
| 7 | Ex. 17 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance | 148-3 / (147-8, 499-13) | Entire document. | DENIED for lack of sufficient tailoring. | Large portions of the document contain LIV Golf's confidential strategies. However, LIV Golf has not provided support for sealing material such |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | with Subpoena<br><br>(App'x A Doc. No. 11) | | | | as such as presentation titles, dates, and section headings. |
| 8 | Ex. 18 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena<br><br>(App'x A Doc. No. 12) | 148-3 / (147-9, 499-15) | Entire document. Although the relevant sealing order granted sealing only as to "[p]age 2, email dated July 10, 2022," *see* ECF No. 373, at 3, the document was not refiled with corresponding redactions.<br><br>LIV Golf no longer seeks sealing of the document, except to redact email addresses for privacy. | GRANTED. | Email addresses constitute confidential personal contact information for which there is good cause to seal. |
| 9 | Ex. 19 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena<br><br>(App'x A Doc. No. 13) | 148-3 / (147-10, 499-16) | Entire document.<br><br>LIV Golf no longer seeks sealing of the document. | Exhibit 19 is hereby ORDERED to be unsealed. | LIV Golf no longer seeks sealing. |
| 10 | Ex. 34 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance | 148-5 / (147-11) | Entire document. Although PGA Tour lodged this document under seal, LIV Golf did not seek sealing. *See* ECF No. 158, at 4. However, this | Exhibit 34 is hereby ORDERED to be unsealed. | LIV Golf does not seek sealing. |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | with Subpoena (Not included in App'x A) | | document was not filed publicly following the relevant sealing order. | | |
| 11 | Ex. 40 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena (App'x A Doc. No. 14) | 148-5 / (147-12, 499-17) | Entire document. Although the relevant sealing order granted sealing only as to "[p]age 2," *see* ECF No. 373, pursuant to LIV Golf's request, *see* ECF No. 158, at 4, the document was not refiled with corresponding redactions. LIV Golf seeks continued sealing of page 2. | DENIED for lack of sufficient tailoring. | The relevant page, which consists of two emails dated February 10, 2022, contains confidential information about LIV Golf's internal decision-making processes and investor involvement in those processes. However, LIV Golf has not provided support for sealing material such as email fields and footers, introductory and other non-confidential language in the body of emails. |
| 12 | Ex. 45 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena (App'x A Doc. No. 15) | 148-6 / (147-13, 499-18) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains confidential information regarding LIV Golf's player recruitment strategy and plans, LIV Golf has not provided support for sealing material such as email fields and footers, introductory and other non-confidential language in the body of emails, and section headings in |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | | | | | presentation slides. |
| | | | NYT Reply Ex. A, No. 2 | | |
| 13 | PIF & HE's Motion to Quash and Opposition to PGA Tour's Motion to Compel Compliance with Subpoena<br><br>(App'x A Doc. No. 16) | 166 / (165-3, 499-20) | *5:9–10*<br>5:11<br>5:18<br>*5:19–25*<br>14:28–15:1<br><br>LIV Golf no longer seeks sealing of the bolded ranges. | GRANTED. | Contains LIV Golf's confidential information regarding investor involvement in internal decision-making processes. |
| 14 | Declaration of Tim Taylor in Support of PIF & HE's Motion to Quash and Opposition to PGA Tour's Motion to Compel Compliance with Subpoena<br><br>(App'x A Doc. No. 17) | 166-1 / (165-2, 499-21) | Entire document.<br><br>LIV Golf no longer seeks sealing of this document. | The Taylor Declaration is hereby ORDERED to be unsealed. | LIV Golf no longer seeks sealing. |
| | | | NYT Reply Ex. A, No. 3 | | |
| 15 | PGA Tour's Reply in Support of its Motion to Compel PIF & HE's Compliance with Subpoena and Opposition to PIF & HE's Motion to Quash<br><br>(App'x A Doc. No. 18) | 169 / (168-39, 499-23) | *1:21*<br>*3:3–5*<br>3:10–13<br>3:14–17<br>3:18<br>3:22–25<br>4:2–6<br>4:6–8<br>4:8–9<br>4:11<br>4:14<br>4:15 | GRANTED.<br><br>LIV Golf states that it no longer seeks sealing of 8:22–23, see App'x A, but the proposed redactions include 8:22– | Contains LIV Golf's confidential information regarding negotiations, financials, and investor involvement in its internal decision-making processes. |

| Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|
| | | 4:16<br>4:17<br>4:18–19<br>4:19–20<br>4:20–22<br>4:24–25<br>4:27–5:1<br>5:8–9<br>5:9–13<br>5:16<br>5:18–21<br>6:4–5<br>6:10–13<br>6:14–15<br>6:16–18<br>6:22–26<br>**8:22–23**<br>8:24–25<br>8:25–26<br>8:26–28<br>8:28–9:1<br>10:17–18<br>**10:21–23**<br>10:24–25<br>**10:25–27**<br>11:26<br>11:27–28<br>11:28–12:2<br>**12:3**<br>12:3–4<br>12:7–9<br>12:11<br>12:14–16<br>**12:21–23**<br>13:07<br>13:24–25<br>13:26–27<br>13:27–28<br>13:28<br>13:28–14:1<br>14:1–2 | 23, *see* ECF No. 499-23, at 8.  The Court's order assumes the highlighting is erroneous, and that LIV Golf does not seek sealing of 8:22–23.<br><br>If LIV Golf in fact seeks sealing of 8:22–23, LIV Golf may include this document in a further administrative motion to seal as provided for in the Court's instructions at the end of this order. | |

United States District Court
Northern District of California

| | **Document** | **Public ECF No. / (Sealed ECF No.)** | **Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any)** | **Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing** | **Reasoning** |
|---|---|---|---|---|---|
| | | | 14:3–4<br>**\*16:8–9\***<br>**\*16:11\***<br>16:11–16<br>**\*16:16–17\***<br>18:22–24 | | |
| **16** | Ex. 1 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 19) | 169-2 / (168-1, 499-24) | Entire document. | DENIED for lack of sufficient tailoring. | Although large portions of the document contain confidential information regarding LIV Golf's business strategies, LIV Golf has not provided support for sealing material such as presentation titles, dates, and section headers. |
| **17** | Ex. 2 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 20) | 169-2 / (168-2, 499-25) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains LIV Golf's confidential financial information, LIV Golf has not provided support for sealing material such as section headings in presentation slides. |
| **18** | Ex. 3 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-3, 499-26) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains confidential information regarding LIV Golf's media strategy and partners, LIV Golf has not provided support for |

| | **Document** | **Public ECF No. / (Sealed ECF No.)** | **Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any)** | **Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing** | **Reasoning** |
|---|---|---|---|---|---|
| | (App'x A Doc. No. 21) | | | | sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| **19** | Ex. 4 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 22) | 169-2 / (168-4, 499-27) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains confidential information regarding LIV Golf's media strategy and internal decision-making, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| **20** | Ex. 5 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 23) | 169-2 / (168-5, 499-29) | Entire document.<br><br>LIV Golf no longer seeks sealing of the document, except to redact email addresses for privacy. | GRANTED as to email addresses only. | Email addresses constitute confidential personal contact information for which there is good cause to seal. |
| **21** | Ex. 6 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel | 169-2 / (168-6, 499-30) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains LIV Golf's confidential information regarding investor involvement in its decision-making |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | **Document** | **Public ECF No. / (Sealed ECF No.)** | **Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any)** | **Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing** | **Reasoning** |
|---|---|---|---|---|---|
| | and Opposition to Motion to Quash (App'x A Doc. No. 24) | | | | processes, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 22 | Ex. 7 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 25) | 169-2 / (168-7, 499-31) | Entire document. LIV Golf no longer seeks sealing of the document. | Exhibit 7 is hereby ORDERED to be unsealed. | LIV Golf no longer seeks sealing. |
| 23 | Ex. 8 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 26) | 169-2 / (168-8, 499-32) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains LIV Golf's confidential information regarding investor involvement in its decision-making, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language. |
| 24 | Ex. 9 to Declaration of Sophie Hood in Support of PGA Tour's Reply re | 169-2 / (168-9, 499-33) | Entire document. | DENIED for lack of sufficient tailoring. | Although the document contains LIV Golf's confidential information regarding investor involvement in |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 27) | | | | its decision-making, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 25 | Ex. 10 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 28) | 169-2 / (168-10, 499-34) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains LIV Golf's confidential information regarding investor involvement in its decision-making, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 26 | Ex. 11 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 29) | 169-2 / (168-11, 499-35) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains LIV Golf's confidential information regarding investor involvement in its decision-making, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |

United States District Court
Northern District of California

| | **Document** | **Public ECF No. / (Sealed ECF No.)** | **Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any)** | **Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing** | **Reasoning** |
|---|---|---|---|---|---|
| **27** | Ex. 12 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 30) | 169-2 / (168-12, 499-37) | Entire document.<br><br>LIV Golf no longer seeks sealing of the document, except to redact email addresses for privacy. | GRANTED as to email addresses only. | Email addresses constitute confidential personal contact information for which there is good cause to seal. |
| **28** | Ex. 13 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 31) | 169-2 / (168-13, 500-1) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains information regarding LIV Golf's confidential negotiations, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| **29** | Ex. 14 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 32) | 169-2 / (168-14, 500-3) | Entire document.<br><br>LIV Golf no longer seeks sealing of the document, except to redact email addresses for privacy. | GRANTED as to email addresses only. | Email addresses constitute confidential personal contact information for which there is good cause to seal. |
| **30** | Ex. 15 to Declaration of Sophie Hood in | 169-2 / (168-15, 500-4) | Entire document. | DENIED for lack of sufficient | Although this document contains information regarding |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 33) | | | tailoring. | LIV Golf's confidential negotiations, LIV Golf has not provided support for sealing material such as email fields and non-confidential introductory language. |
| 31 | Ex. 16 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 34) | 169-2 / (168-16, 500-15) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains information regarding LIV Golf's confidential negotiations, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 32 | Ex. 17 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 35) | 169-2 / (168-17, 500-6) | Entire document. | DENIED for lack of sufficient tailoring. | Although the vast majority of this document contains information regarding LIV Golf's confidential negotiations, LIV Golf has not provided support for sealing material such as the last two words of the first line, first two words of the second line, and section headings. |
| 33 | Ex. 18 to Declaration of Sophie Hood in | 169-2 / (168-18, 500-7) | Entire document. | DENIED for lack of sufficient | Although much of the document contains confidential |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 36) | | | tailoring. | information regarding LIV Golf's negotiations with specific players, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 34 | Ex. 19 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 37) | 169-2 / (168-19, 500-8) | Entire document. | DENIED for lack of sufficient tailoring. | Although the document contains confidential information regarding LIV Golf's negotiations with specific players, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language (such as section headings) in the body of emails. |
| 35 | Ex. 20 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 38) | 169-2 / (168-20, 500-9) | Entire document. | GRANTED. | Document wholly concerns confidential information regarding LIV Golf's player recruitment. |

United States District Court
Northern District of California

| | **Document** | **Public ECF No. / (Sealed ECF No.)** | **Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any)** | **Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing** | **Reasoning** |
|---|---|---|---|---|---|
| 36 | Ex. 21 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 39) | 169-2 / (168-21, 500-10) | Entire document. | GRANTED. | Document wholly concerns confidential information regarding LIV Golf's recruitment of a potential sponsor. |
| 37 | Ex. 22 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 40) | 169-2 / (168-22, 500-11) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains confidential information regarding LIV Golf's recruitment of potential sponsors, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 38 | Ex. 23 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 41) | 169-2 / (168-23, 500-12) | Entire document. | GRANTED. | Document wholly concerns confidential information regarding LIV Golf's recruitment of broadcasters. |
| 39 | Ex. 24 to Declaration of | 169-2 / (168-24, 500-13) | Entire document. | Exhibit 24 is hereby | LIV Golf no longer seeks sealing. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

| | **Document** | **Public ECF No. / (Sealed ECF No.)** | **Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any)** | **Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing** | **Reasoning** |
|---|---|---|---|---|---|
| | Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 42) | | LIV Golf no longer seeks sealing of the document. | ORDERED to be unsealed. | |
| 40 | Ex. 25 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 43) | 169-2 / (168-25, 500-14) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains confidential information regarding LIV Golf's detailed financial data, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 41 | Ex. 26 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 44) | 169-2 / (168-26, 500-15) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains confidential information regarding LIV Golf's business and marketing strategies, LIV Golf has not provided support for sealing material such as presentation titles, overviews, or section headings. |
| 42 | Ex. 27 to Declaration of | 169-2 / (168-27, 500-17) | Entire document. | GRANTED as to email | Email addresses constitute confidential |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 45) | | LIV Golf no longer seeks sealing of the document, except to redact email addresses for privacy. | addresses only. | personal contact information for which there is good cause to seal. |
| 43 | Ex. 28 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 46) | 169-2 / (168-28, 500-19) | Entire document.<br>LIV Golf no longer seeks sealing of the document, except to redact email addresses for privacy. | GRANTED as to email addresses only. | Email addresses constitute confidential personal contact information for which there is good cause to seal. |
| 44 | Ex. 29 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 47) | 169-2 / (168-29, 500-20) | Entire document. | GRANTED. | This document, including headings, consists solely of confidential information regarding LIV Golf's media strategies. |
| 45 | Ex. 30 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to | 169-2 / (168-30, 500-21) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains LIV Golf's confidential information investor involvement in its internal decision-making processes, LIV |

24

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | Motion to Quash (App'x A Doc. No. 48) | | | | Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 46 | Ex. 31 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 49) | 169-2 / (168-31, 500-22) | Entire document. | DENIED for lack of sufficient tailoring. | Although the document contains confidential information LIV Golf's work with specific consultants, LIV Golf has not provided support for sealing material not related to the consultants at issue, such as email fields, footers, and logistical information regarding LIV Golf participants. |
| 47 | Ex. 32 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 50) | 169-2 / (168-32, 500-23) | Entire document. | DENIED for lack of sufficient tailoring. | Although the document contains confidential information regarding LIV Golf's investors' involvement in decision-making, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 48 | Ex. 33 to Declaration of Sophie Hood in | 169-2 / (168-33, 500-24) | Entire document. | DENIED for lack of sufficient | Although the document contains confidential information regarding |

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 51) | | | tailoring. | LIV Golf's recruitment of potential sponsors, LIV Golf has not provided support for sealing material such as email fields, footers, introductory and other non-confidential language (such as section headings) in the body of emails. |
| 49 | Ex. 34 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 52) | 169-2 / (168-34, 500-25) | Entire document. | DENIED for lack of sufficient tailoring. | Although the document contains confidential information regarding LIV Golf's recruitment of potential sponsors, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| 50 | Ex. 35 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 53) | 169-2 / (168-35, 500-26) | Entire document. | DENIED for lack of sufficient tailoring. | Although the document contains confidential information regarding LIV Golf's recruitment of sponsors, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|
| **51** Ex. 36 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 54) | 169-2 / (168-36, 500-27) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the document contains confidential information regarding LIV Golf's negotiations with specific players and its internal decision-making, LIV Golf has not provided support for sealing material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |
| **52** Ex. 37 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 55) | 169-2 / (168-37, 500-28) | Entire document. | GRANTED. | This document consists solely of LIV Golf's confidential information regarding its business structure and oversight. |
| **53** Ex. 44 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash (App'x A Doc. No. 56) | 169-3 / (168-38, 500-29) | Entire document. | DENIED for lack of sufficient tailoring. | Although the document contains confidential information regarding LIV Golf's business plans, financials, and recruitment efforts, LIV Golf has not provided support for sealing material such as presentation titles and section headings. |

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | | | | | |
| | | | NYT Reply Ex. A, No. 4 | | |
| 54 | PIF & HE Reply in Support of Motion to Quash<br><br>(App'x A Doc. No. 57) | 173 / (172-2, 500-31) | 3:8–15<br>**3:17**<br>3:18<br>**4:16**<br>6:5–9<br>6:11–12<br>7:5–11<br>7:27–28<br><br>LIV Golf no longer seeks sealing of the bolded ranges.  LIV Golf also states it does not seek sealing of 6:10, *see* App'x A, but that line is not presently sealed, *see* ECF No. 173, at 6. Additionally, although LIV Golf states it wishes to maintain under seal 3:8–15, its proposed redactions only highlight 3:9–14. *See* ECF No. 500-31, at 3.  Multiple proposed redactions include citations that are currently public.  *See id.*; *see also id.* at 6. The Court here assumes that LIV Golf requests to maintain the status quo as to all redactions except the bolded ranges. | GRANTED.<br><br>If LIV Golf intended to make a sealing request other than that stated in the preceding column as the Court's assumption, LIV Golf may include this document in a further administrative motion to seal as provided for in the Court's instructions at the end of this order. | |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | **Document** | **Public ECF No. / (Sealed ECF No.)** | **Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any)** | **Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing** | **Reasoning** |
|---|---|---|---|---|---|
| | | | NYT Reply Ex. A, Nos. 5 & 7[4] | | |
| **55** | Shareholders' Agreement<br><br>(App'x A Doc. No. 58) | 209-2, 225-1 / (208-1, 500-32) | Entire document. | GRANTED. | Contains confidential information regarding LIV Golf's corporate governance, investment structure, internal financial reporting, and internal decision-making and budgeting processes. |
| **56** | PGA Tour's Supplemental Memorandum in Support of Its Motion to Compel PIF & HE's Compliance with Subpoena and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 59) | 209-3, 225 / (208-2, 500-33) | 1:11–12<br>1:13–14<br>1:23–26<br>1:28–2:3<br>2:12–13<br>2:14–16<br>2:18–22<br>2:22–24<br>2:24<br>2:24–4:1<br>4:16–17<br>4:18–19<br>4:25–26<br>5:7–11 | GRANTED | Contains excerpts of sealed Shareholders' Agreement. |
| | | | NYT Reply Ex. A, No. 6 | | |
| **57** | PGA Tour's Presentation made during January 13, 2023 hearing on PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena<br><br>(App'x A Doc. | 224-1 / (223-1, 500-34) | Slides:<br><br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | DENIED for lack of sufficient tailoring. | The sealing requests for several of the slides at issue concern information addressed elsewhere in this order for which either (1) LIV Golf no longer requests sealing, *see, e.g.*, slide 12 (excerpting document at row 22 of this order), |

---

[4] As noted above, *see supra*, at n.2, these two requests are identical and concern ECF No. 208.

United States District Court
Northern District of California

| Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|
| 60) | | 16<br>17<br>18<br>19<br>20<br>21<br>22<br>28<br>29<br>32<br>39 | | or (2) the Court has denied LIV Golf's request for continued sealing for lack of sufficient tailoring, *see, e.g.*, slide 14 (excerpting document addressed at row 53 of this order). LIV Golf has not provided support for sealing such materials. |
| NYT Reply Ex. A, No. 8 | | | | |
| **58** PIF & HE's Response to PGA Tour's Supplemental Memorandum in Support of Its Motion to Compel PIF & HE's Compliance with Subpoena and Opposition to Motion to Quash<br><br>(App'x A Doc. No. 61) | 230 / (229-3) | 3:1–8<br>3:14–15<br>3:23–4:1<br>4:10–11<br>4:13–20 | GRANTED. | Contains excerpts of sealed Shareholders' Agreement. |

**3.      Sealing Order: ECF No. 405 (NYT Reply Ex. A, No. 11)**

| | **Document** | **Public ECF No. / (Sealed ECF No.)** | **Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any)** | **Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing** | **Reasoning** |
|---|---|---|---|---|---|
| | | | NYT Reply Ex. A, No. 11 | | |
| 59 | PGA Tour's Opposition to PIF & HE's Motion for De Novo Review of February 9, 2023 Order <br><br> (App'x A Doc. No. 62) | 322 / (321-1, 500-36) | 2:26–3:1<br>3:10–14<br>3:16–19<br>3:21–28<br>4:4–7<br>4:11–27<br>5:1–10<br>10:21–23<br><br>Although not listed in LIV Golf's Appendix A or the Court's prior sealing order, the following portions are also currently under seal and are highlighted in LIV Golf's current sealing request: 3:2; 7:13–14; 10:17–18; 10:26–27; and 11:3–4.  *See* ECF No. 500-36. | GRANTED as to portions listed in LIV Golf's Appendix A.<br><br>LIV Golf is ORDERED to submit a statement regarding its position with respect to maintaining under seal the other redacted portions identified here within ten days of the entry of this order. The statement may be submitted as part of a further administrative motion to seal as provided for in the Court's instructions at the end of this order. | With respect to the portions to be maintained under seal:<br><br>Contains confidential information regarding LIV Golf's Shareholders' Agreement, including investor relations; investor involvement in decision-making; investor rights; corporate governance documents; consulting work about and contracts with potential sponsors and broadcasters; negotiations with players, agents, and sponsors, including financial offers; financial information about LIV's formation. |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### B.    Category 2: Documents Related to PGA Tour's Counterclaim (NYT Reply Ex. A, No. 9; Sealing Order: ECF No. 279)

The above tables concern NYT's requests that the Court unseal materials related to a dispute over whether PGA Tour could compel discovery from PIF and HE prior to their appearance as parties in this action. *See supra*, at Parts III(A), III(A)(1)(a)–(c).  The Court now turns to the remaining category of documents requested by NYT, namely, documents related to PGA Tour's counterclaim. *See id*, at Part III(A).  These materials are located on the public docket under lead ECF No. 238; they were sealed pursuant to the sealing orders located at ECF No. 279. *See* Reply 10.

As determined in the Prior Order, both the common law and First Amendment analyses apply to these documents, which are more than tangentially related to the merits of the action.  *See* Prior Order 8–9.  "LIV Golf bears the burden of articulating compelling reasons for and a substantial interest in maintaining under seal PGA Tour's motion for leave to amend its counterclaim and the related attachments."  *Id.* at 9 (citing *Ctr. for Auto Safety*, 809 F.3d at 1096–97).

LIV Golf argues that the materials at issue contain confidential information about its Shareholders' Agreement; an agreement setting out its relationship with its investors; its internal decision-making processes; specific negotiations and offers to players, agents, sponsors, and broadcasters; and the terms of certain indemnification agreements.  *See* LIV Suppl. St. 3–4; App'x A 4–15.  LIV Golf additionally submits a previously-filed fact declaration from John Loffhagen in support of sealing.  *See* Ex. 2 to LIV Suppl. St., ECF No. 498-3.

As noted above, courts in this circuit have held that confidential business information, including "license agreements, financial terms, details of confidential licensing negotiations, and business strategies," satisfies the "compelling reasons" standard.  *Exeltis USA Inc.*, 2020 WL 2838812, at *1; *see generally supra*, at Part III(A)(1) (citing cases).

Having reviewed LIV Golf's arguments, the relevant Loffhagen declaration, and the documents at issue, the Court finds that LIV Golf has generally shown compelling reasons (under the common law) and a substantial interest in privacy (under the First Amendment) supporting the maintenance under seal of the redacted and sealed information attached to PGA Tour's motion for

leave to amend its counterclaim to add PIF and HE as defendants.   However, as with the

discovery-related documents, the Court finds that certain of the sealing requests are not narrowly

tailored; it grants in part and denies in part those requests.  The Court's rulings on the

counterclaim-related documents sought by NYT in its Motion to Unseal are set forth in the table

below.

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| | | | **NYT Reply Ex. A, No. 9** | | |
| 60 | PGA Tour's Motion for Leave to Amend Counterclaim to Add Counter-Defendants (App'x A Doc. No. 5) | 238 / (237-4, 499-6) | 3:26–27 5:14–16 5:18–20 5:23–24 6:1 6:3–12 7:23–27 | GRANTED. | Contains confidential information regarding sealed Shareholders' Agreement; terms of indemnification agreements revealing contours of potential litigation; specific negotiations and offers to certain players, agents, sponsors, and broadcasters; recruitment of specific players. |
| 61 | Ex. A to PGA Tour's Motion for Leave to Amend Counterclaim (Proposed Counterclaim) (App'x A Doc. No. 2) | 238-2 / (237-1, 499-3) The final public version of the document is located at ECF No. 289. | ¶¶  6, 25, 31–35, 44 | GRANTED. | Contains confidential information regarding sealed Shareholders' Agreement; terms of indemnification agreements revealing contours of potential litigation; specific negotiations and offers to certain players, agents, sponsors, and broadcasters. |

| | Document | Public ECF No. / (Sealed ECF No.) | Portions Currently Under Seal and LIV Golf's Proposed Modifications (If Any) | Result re: LIV Golf's Requests to Maintain Under Seal or Undo Sealing | Reasoning |
|---|---|---|---|---|---|
| 62 | Ex. B to PGA Tour's Motion for Leave to Amend Counterclaim (Proposed Counterclaim – Redline) (App'x A Doc. No. 3) | 238-3 / (237-2, 499-4) | ¶¶ 6, 25, 31–35, 44 | GRANTED. | Contains confidential information regarding sealed Shareholders' Agreement; terms of indemnification agreements revealing contours of potential litigation; specific negotiations and offers to certain players, agents, sponsors, and broadcasters. |
| 63 | Ex. C to PGA Tour's Motion for Leave to Amend Counterclaim (App'x A Doc. No. 4) | 238-4 / (237-3, 499-5) | Entire document. | DENIED for lack of sufficient tailoring. | Although much of the information contains confidential information regarding LIV Golf's recruitment of players (including the identities of the players, the number of offers, the structure of the offers, and the terms of the offers, including specific amounts), LIV Golf has not provided compelling reasons to seal material such as email fields, footers, and introductory and other non-confidential language in the body of emails. |

## IV.   ORDER

Based on the foregoing, the Court hereby ORDERS that within ten days of the entry of this order:

(1) LIV Golf shall submit to the Court a statement in accordance with the Court's

*United States District Court*
*Northern District of California*

instructions at row 59 of this order, regarding clarification of LIV Golf's sealing requests for Appendix A Document Number 62.

(2) LIV Golf may file an administrative motion to maintain under seal any document for which the Court denied LIV Golf's sealing request due to insufficient tailoring, or for the documents addressed at rows 15 and 54 of this order if any clarification is required, with proposed redactions in accordance with the guidance provided by this order.  The motion, if filed, shall comply with Section V of the Court's Standing Order re Civil Cases.

(3) LIV Golf shall file on the public docket, in accordance with the redactions—or lack thereof—provided for by this order, all documents not included in an administrative motion to maintain under seal.  The documents shall be filed in a manner conducive to a third-party's understanding of the context for and contents of the refiled documents, which may include, for example, filing an accompanying chart or other form of reference.

**IT IS SO ORDERED.**

Dated: October 5, 2023

_____
BETH LABSON FREEMAN
United States District Judge