UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT JONES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PGA TOUR, INC.,<br><br>    Defendant. | Case No. 22-cv-04486-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: ECF Nos. 352, 377, 379 |

Presently before the Court are three administrative motions (the "Administrative Motions") to seal, or to consider whether another party's material should be sealed, filed by PGA Tour, Inc. ("PGA Tour") and LIV Golf, Inc. ("LIV Golf") in this action. *See* ECF Nos. 352, 377, 379. The Administrative Motions concern Defendant PGA Tour, Inc.'s ("PGA Tour") motion for alternate service on the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE"), *see* ECF No. 352, as well as various case management conference statements and related exhibits, *see* ECF Nos. 377, 379. For the following reasons, the Administrative Motions are GRANTED.

**I.    BACKGROUND**

In March 2023, PGA Tour moved for an order authorizing alternative service of its counterclaim on PIF and HE, *see* ECF No. 353, and filed an accompanying administrative motion to consider whether LIV Golf's material should be sealed, *see* ECF No. 352. LIV Golf timely filed a statement in support of sealing its material. *See* ECF No. 385. After PIF and HE stated they would not seek to challenge service of process, the Court denied the motion as moot. *See* ECF No. 362. Later that month, the plaintiffs filed a Joint Case Management Statement, *see* ECF No. 378, with which they filed both an administrative motion to seal LIV Golf's material and an

1    administrative motion to consider whether PGA Tour's material should be sealed, *see* ECF Nos.

2    377, 379. PGA Tour timely filed a statement in support of sealing its material. *See* ECF No. 401.

3    This action was voluntarily dismissed in June 2023.

## II.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, "a 'strong presumption in favor of access' is the starting point," *id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)), and a party opposing a motion to unseal judicial records bears the burden of overcoming the presumption. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–98 (9th Cir. 2016) (reviewing standards to file under seal borne by party seeking sealing in evaluating nonparty intervenor's motion to unseal document).

Parties seeking to maintain under seal judicial records relating to motions that are "more than tangentially related to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1101, must show "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). However, the strong presumption of public access does not apply to judicial records relating to motions that are not related, or are only tangentially related, to the merits of a case. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Where such records are at issue, a party opposing unsealing "need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097.

## III.  DISCUSSION

ECF No. 352 concerns the redaction of PGA Tour's Motion for Alternative Service, ECF No. 353; and ECF Nos. 377 and 379 both concern the redaction of the parties' Joint Case Management Statement, ECF No. 378.

1   PGA Tour's administrative motion to consider whether LIV Golf's material should be
2   sealed in connection with its Motion for Alternative Service, and LIV Golf's corresponding
3   statement in support of sealing, *see* ECF No. 385, are subject to the compelling reasons standard
4   for sealing because the underlying motion regarded service of PGA Tour's counterclaim, which
5   goes to the merits of the case. *See Center for Auto Safety*, 809 F.3d at 1099. LIV Golf seeks to
6   redact two email addresses which are located on two different sets of pages in the Motion for
7   Alternative Service. *See* ECF No. 385. Courts in this circuit routinely seal email addresses and
8   other personal identifying information under the compelling reasons standard due to the potential
9   privacy harm to the individual whose contact information may be exposed. *See, e.g.*, *In re Pac.*
10  *Fertility Ctr. Litig.*, No. 18-cv-01586, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (sealing
11  email addresses under compelling reasons standard); *see also Kumandan v. Google LLC*, 2022
12  WL 17971633, No. 19-cv-04286, at *1 (N.D. Cal. Nov. 17, 2022) (listing cases sealing personal
13  information under compelling reasons standard). Accordingly, the Court GRANTS the request to
14  redact email addresses in PGA Tour's Motion for Alternative Service, as indicated in the chart
15  below.

16  The requests to seal the Joint Case Management Statement located at ECF No. 378 are
17  subject to the good cause standard because the document is not more than tangentially related to
18  the merits of the case. *See Center for Auto Safety*, 809 F.3d at 1099. Having reviewed the
19  statements in support of sealing, *see* ECF Nos. 377, 379, 401, the Court finds good cause to grant
20  the redactions, which are narrowly tailored to avoid competitive or privacy harms. The Court's
21  rulings are indicated in the chart below.

| **Document** | **Public ECF No. / (Sealed ECF No.)** | **Proposed Redactions** | **Result** | **Reasoning** |
|---|---|---|---|---|
| **Administrative Motion: ECF No. 352; Statement in Support of Sealing: ECF No. 385** | | | | |
| PGA Tour's Motion for Alternative Service | 353 / (352-1) | 5:4 8:22–23 | GRANTED. | Email addresses constitute confidential personal contact information for which there is good cause to seal. |

3

| Document | Public ECF No. / (Sealed ECF No.) | Proposed Redactions | Result | Reasoning |
|---|---|---|---|---|
| **Administrative Motion: ECF No. 377** | | | | |
| Joint Case Management Statement | 378 / (377-3) | 9:24–10:1<br>10:12–13<br>10:16–18<br>10:27–11:2<br>15:3–4 | GRANTED. | Contains confidential information regarding LIV Golf's formation, negotiations with sponsors and broadcasters, and communications with players and agents. |
| **Administrative Motion: ECF No. 379; Statement in Support of Sealing: ECF No. 401** | | | | |
| Joint Case Management Statement | 378 / (377-3, 379-1) | 2:4–6<br>2:7–8<br>3:7–11<br>3:13–14 | GRANTED. | Contains characterizations of and direct quotes from confidential communications regarding PGA Tour's strategic business plans and PGA Tour's communications with government agencies. |
| Exhibit A to Joint Case Management Statement | 378-1 / (377-4) | Entire document. | GRANTED. | Contains personal identifying information of non-party fact witnesses. *See* ECF No. 401. |

No further action is required of the parties with respect to the Administrative Motions.

**IT IS SO ORDERED.**

Dated: October 5, 2023

Beth Labson Freeman
United States District Judge

4