UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT JONES, et al., | Case No.  22-cv-04486-BLF |
| Plaintiffs, | **ORDER GRANTING LIV GOLF, INC.'S RENEWED ADMINISTRATIVE MOTION TO SEAL; REQUIRING FILING OF CERTAIN DOCUMENTS ADDRESSED IN ECF NO. 501** |
| v. | |
| PGA TOUR, INC., | |
| Defendant. | Re: ECF No. 505 |

Presently before the Court is Plaintiff LIV Golf, Inc.'s ("LIV Golf") Renewed Administrative Motion to Seal (the "Motion"). *See* Mot., ECF No. 505.  LIV Golf filed the Motion pursuant to the Court's Order Granting in Part and Denying in Part The New York Times Co.'s Motion to Unseal ("Order Regarding Unsealing").  *See* Mot. 1; *see also* Order Re Unsealing, ECF No. 501.  The Order Regarding Unsealing concerned non-party The New York Times Company's ("NYT") motion to unseal certain judicial records in this action related to the Court's jurisdiction over the Public Investment Fund of the Kingdom of Saudi Arabia ("PIF") and His Excellency Yasir Othman Al-Rumayyan ("HE"), and its determinations that PIF and HE were not shielded by sovereign immunity.  *See* Order Re Unsealing 1.

For the reasons discussed below, LIV Golf's Motion is GRANTED.

## I.      BACKGROUND[1]

### A.      Parties and Claims

In August 2022, several professional golfers filed suit against Defendant PGA Tour, Inc. ("PGA Tour") asserting breach of contract and multiple violations of federal and California

---

[1] Part A and the majority of Part B of this Background section are taken from the Court's Order Regarding Unsealing and included here for clarity.

1   antitrust laws based on PGA Tour's alleged interference with their participation in the launch of a

2   competing professional golf tour by LIV Golf.  *See* ECF No. 1.  An amended complaint followed

3   in which LIV Golf appeared as a plaintiff alongside the professional golfers.  *See* ECF No. 83.  In

4   September 2022, PGA Tour brought a counterclaim against LIV Golf for tortious interference

5   with contract.  *See* ECF No. 108.  PGA Tour subsequently moved to compel discovery from (then)

6   non-parties PIF and HE.  *See* ECF No. 148.  Following motion practice and oral argument,

7   Magistrate Judge van Keulen issued an order (the "Discovery Order") on February 9, 2023,

8   granting PGA Tour's motion to compel.  *See* ECF Nos. 265, 380.

9        PIF and HE became defendants in this action on February 23, 2023, after the Court granted

10   PGA Tour leave to amend its counterclaim.  *See* ECF Nos. 238, 280, 289.  Shortly thereafter, on

11   February 28, 2023, PIF and HE filed a motion for de novo review and relief from the Discovery

12   Order; the Court denied the motion.  *See* ECF Nos. 306, 392.

13       **B.**    **NYT's Motion to Unseal**

14        On June 16, 2023, NYT filed the pending Motion to Unseal, which was filed as a Motion

15   for an Order to Intervene and for an Order Unsealing Court Records.  *See* ECF No. 460.[2]  NYT

16   initially requested that the Court review the entire docket and "appropriately unseal records," *id.* at

17   1, but subsequently narrowed the scope of its request to records regarding "PIF and [HE]'s claims

18   that they are not subject to the court's jurisdiction and are shielded by sovereign immunity," Reply

19   3, ECF No. 473.  Specifically, NYT stated that it sought access to the following documents and

20   their attachments: ECF Nos. 148, 166, 169, 173, 209, 223-1, 225,[3] 230, 238, 265/380,[4] 322, and

21   436.  Reply 10.  Further, NYT asserted in its Reply that although several of the records at issue

22   had initially been reviewed under the lower, "good cause" sealing standard, subsequent case

23   developments meant that the Court should apply the more stringent, "compelling reasons" sealing

24    

---

25   [2] Later that day, the parties filed a stipulation of voluntary dismissal of this action.  ECF No. 462.
The Court approved the stipulation of dismissal on June 20, 2023.  *See* ECF No. 463.

26   [3] ECF No. 225 and its attachment at ECF No. 225-1 are identical to, respectively, ECF Nos. 209-3
and 209-2, which NYT separately requests.  These documents are public versions of the sealed

27   documents at, respectively, ECF Nos. 208-2 and 208-1.

28   [4] ECF No. 265 is the fully sealed Discovery Order issued on February 9, 2023. The Court later
entered the public version of the Discovery Order at ECF No. 380, which contains redactions.

United States District Court
Northern District of California

standard.  Reply 4–5.  The Court heard oral argument on the Motion to Unseal on August 3, 2023.  *See* Aug. 3, 2023 Hr'g Tr., ECF No. 482.  Because NYT had raised new arguments in its Reply, the Court permitted LIV to file a supplemental brief regarding whether the sealing standard had changed based on the posture of the case.  *See id.* at 35:5–6; *see also* Sur-Reply, ECF No. 485.

### C.     Order Regarding Intervention

The Court issued an order on August 24, 2023 (the "Order Regarding Intervention"), granting NYT's request to intervene, denying NYT's motion to unseal with respect to ECF No. 436, finding that the sealing standard had not changed, and ordering LIV Golf to file a statement in support of maintaining under seal any currently-sealed information in the remaining documents to which NYT seeks access.  *See* Order Re Intervention, ECF No. 497.  The Court emphasized that LIV Golf's requests to seal were to be appropriately tailored to redact only sealable information.  *Id.* at 11.  LIV Golf submitted its statement in support of sealing on September 7, 2023.

### D.     Order Regarding Unsealing

On October 5, 2023, the Court issued the Order Regarding Unsealing.  Although that order concerned the remainder of NYT's motion to unseal not addressed by the Order Regarding Intervention, the Court, in the interest of clarity, fashioned its rulings as responsive to LIV Golf's requests to maintain information under seal, such that a ruling of "GRANT" maintained sealing as a rejection of NYT's motion to unseal.  *See* Order Re Unsealing 7.  Of the 63 documents remaining at issue after the Order Regarding Intervention, 59 were related to discovery disputes and 4 were related to PGA Tour's motion for leave to amend its counterclaim to add PIF and HE as defendants.  *See id.* at 5–31 (discovery disputes), 32–34 (counterclaim).

#### 1.     Discovery-Related Documents

The Court found the 59 documents related to discovery disputes were subject to the good cause standard for sealing, and that LIV Golf had shown the 59 documents—which disclosed confidential information regarding LIV Golf's formation; strategic launch plans; financials; internal decision-making processes; negotiations with players, agents, and sponsors; and a Shareholders' Agreement that remains under seal—met this standard.  *See id.* at 5, 7.  However, the Court determined that LIV Golf's sealing requests for 35 of those documents were not

3

narrowly tailored, as required by the Northern District of California's Civil Local Rules, and accordingly denied LIV Golf's requests to maintain those documents under seal. *See id.* at 7–31. LIV Golf no longer sought sealing of 5 of the 59 discovery-related documents. *See id.* at 11, 13, 17, 22–23. With respect to another 5 of the 59 documents, LIV Golf no longer sought sealing except to redact email addresses for privacy. *See* Order Re Unsealing 16, 19, 23–24. The Court granted LIV Golf's requests to maintain under seal the remaining 14 discovery-related documents, although it requested additional statements with respect to 3 of those 14 documents. *See id.* at 13, 28, 31, 34–35.

### 2.    Counterclaim Documents

The Court found the 4 documents related to PGA Tour's counterclaim were subject to the compelling reasons standard for sealing under the common law and the substantial interest in privacy standard under the First Amendment, and that LIV Golf had shown the four documents met both standards. *See id.* at 32–33. The Court denied LIV Golf's sealing request for 1 document for lack of sufficient tailoring, and granted LIV Golf's request to maintain under seal the other 3 documents. *See id.* at 33–34.

### 3.    Permission to File Renewed Administrative Motion

The Order Regarding Unsealing permitted LIV Golf to file an administrative motion to maintain under seal any document for which the Court denied its sealing request due to insufficient tailoring. *See id.* at 35. The order also permitted LIV Golf to include in such an administrative motion its additional statements regarding the three discovery-related documents for which the Court had requested or permitted clarification. *See id.* at 34–35. Lastly, the order required LIV Golf to file on the public docket, with the appropriate redactions (if any), all documents not included in an administrative motion to maintain under seal. *See id.* at 35.

### E.    LIV Golf's Renewed Administrative Motion to Maintain Under Seal

On October 20, 2023, LIV Golf filed the instant Motion. *See* Mot. The Motion requests maintenance under seal, with additional proposed tailoring, for the 35 discovery-related documents and single counterclaim document that the Court found insufficiently tailored. *See* Mot., App'x A ("App'x A") 1–23, ECF No. 505-1. LIV Golf additionally provided further

1    clarifying statements regarding the 3 discovery-related documents identified by the Court in the

2    Order Regarding Unsealing for further response, so that a total of 39 documents are at issue in the

3    Motion.  *See id.* at 23–26.  No party or non-party filed a response to the Motion.

4    **II.      LEGAL STANDARD**

5         **A.      Federal Common Law**

6         "Historically, courts have recognized a 'general right to inspect and copy public records

7    and documents, including judicial records and documents.'"  *Kamakana v. City & Cnty. of*

8    *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

9    U.S. 589, 597 & n.7 (1978)).  Accordingly, "a 'strong presumption in favor of access' is the

10   starting point," *id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

11   2003)), and a party opposing a motion to unseal judicial records bears the burden of overcoming

12   the presumption.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–98 (9th

13   Cir. 2016) (reviewing standards to file under seal borne by party seeking sealing in evaluating

14   nonparty intervenor's motion to unseal document).

15        Parties seeking to maintain under seal judicial records relating to motions that are "more

16   than tangentially related to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1101, must show

17   "compelling reasons supported by specific factual findings that outweigh the general history of

18   access and the public policies favoring disclosure."  *Kamakana*, 447 F.3d at 1178–79 (internal

19   quotation marks and citation omitted).  However, the strong presumption of public access does not

20   apply to judicial records relating to motions that are not related, or are only tangentially related, to

21   the merits of a case.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179

22   ("[T]he public has less of a need for access to court records attached only to non-dispositive

23   motions because those documents are often unrelated, or only tangentially related, to the

24   underlying cause of action.").  Where such records are at issue, a party opposing unsealing "need

25   only satisfy the less exacting 'good cause' standard."  *Ctr. for Auto Safety*, 809 F.3d at 1097.

26        **B.      First Amendment**

27        The First Amendment provides a right of access to various types of judicial records.  *See*

28   *Courthouse News Serv. v. Planet*, 947 F.3d 581, 590 (9th Cir. 2020).  Courts apply an "experience

United States District Court
Northern District of California

and logic" test to evaluate "the institutional value of public access to judicial proceedings and records to determine whether the First Amendment provides a presumption of access." *Id.* "To determine whether a First Amendment right of access attaches to a type of judicial proceeding or record, we consider (1) whether that proceeding or record 'ha[s] historically been open to the press and general public' and (2) 'whether public access plays a significant positive role in the functioning of the particular [governmental] process in question.'" *Id.* (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8 (1986)).

### C.     Civil Local Rules

The Local Rules of this Court additionally require that all requests to seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a). That is, the sealing motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

## III.     DISCUSSION

The Court has previously determined that each document at issue in LIV Golf's Motion meets its respective standard for sealing, whether good cause, *see* Order Re Unsealing 5–7, or compelling reasons and substantial interest in privacy, *see id.* at 32–33. Accordingly, the Court need only determine whether LIV Golf's proposed redactions are "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a).

The Court has reviewed the proposed redactions for each of the 39 documents at issue in the Motion. LIV Golf has tailored and further clarified its redaction requests pursuant to the Court's statements in the Order Regarding Unsealing. The Court finds the proposed redactions to be narrowly tailored in accordance with Civil Local Rule 79-5(a), and accordingly GRANTS the Motion, as described in the chart below.

United States District Court
Northern District of California

6

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|---|
| 1 | February 9, 2023 Order Granting PGA Tour's Motion to Compel and Denying PIF & HE's Motions to Quash | 380 / (265, 499- 2) | 13:20–14:11 15:3–9 15:11–16:17 23:11–18 25:20–25 26:1–7 26:9–11 26:17–21 36:21–24 36:28–37:2 37:28 38:1. | GRANTED. | Contains confidential information regarding LIV Golf's formation and strategic launch plans; financials; internal decisionmaking processes; negotiations with players, agents, and sponsors; and a Shareholders' Agreement that remains under seal, as found by the Court.  The sealing is narrowly tailored to confidential information. |
| 2 | Ex. 2 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena | 148-2 / (147-4, 499-9) | Highlighted portions. | GRANTED | Contains LIV Golf's confidential financial information and projections, which the Court has found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 3 | Ex. 14 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena | 148-3 / (147-5, 499-10) | Highlighted portions. | GRANTED | Contains LIV Golf's confidential business strategy information, which the Court has found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 4 | Ex. 15 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance | 148-3 / (147-6, 499-11) | Highlighted portions. | GRANTED | Contains LIV Golf's confidential business information, including investor involvement in internal decision making, which the Court has found warrants sealing |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|---|
| | with Subpoena | | | | under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 5 | Ex. 16 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena | 148-3 / (147-7, 499-12) | Highlighted portions. | GRANTED | Contains LIV Golf's confidential financial information and projections, which the Court has found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 6 | Ex. 17 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena | 148-3 / (147-8, 499-13) | Highlighted portions on page 2. | GRANTED | Contains LIV Golf's confidential business strategies and internal decision making processes, which the Court has found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 7 | Ex. 40 to Declaration of Brook Dooley in Support of PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena | 148-5 / (147-12, 499-17) | Highlighted portions. | GRANTED | Contains LIV Golf's confidential information about internal decision-making processes and investor involvement in those processes, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 8 | Ex. 45 to Declaration of Brook Dooley in Support of PGA Tour's Motion to | 148-6 / (147-13, 499-18) | Highlighted portions. | GRANTED | Contains LIV Golf's confidential information about player recruitment strategy and plans, which the Court found warrants |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|---|
| | Compel PIF & HE's Compliance with Subpoena | | | | sealing under the good cause standard. The sealing is narrowly tailored to confidential information. |
| 9 | Ex. 1 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-1, 499-24) | Highlighted portions. | GRANTED | Contains LIV Golf's confidential information regarding LIV Golf's business strategies, which the Court found warrants sealing under the good cause standard. The sealing is narrowly tailored to confidential information. |
| 10 | Ex. 2 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-2, 499-25) | Highlighted portions. | GRANTED | Contains LIV Golf's confidential LIV financial information and internal decision making processes, which the Court found warrants sealing under the good cause standard. The sealing is narrowly tailored to confidential information. |
| 11 | Ex. 3 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-3, 499-26) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's media strategy and partners, which the Court found warrants sealing under the good cause standard. The sealing is narrowly tailored to confidential information. |
| 12 | Ex. 4 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel | 169-2 / (168- 4, 499-27) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's media strategy and internal decision-making, which the Court found warrants sealing |

| | Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|---|
| | and Opposition to Motion to Quash | | | | under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 13 | Ex. 6 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-6, 499-30) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's investor involvement in its decision-making processes, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 14 | Ex. 8 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168- 8, 499-32) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's investor involvement in its decision-making processes, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 15 | Ex. 9 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-9, 499-33) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's investor involvement in its decision-making processes, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 16 | Ex. 10 to Declaration of | 169-2 / (168-10, 499-34) | Highlighted portions. | GRANTED | Contains confidential information regarding |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|---|
| | Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | | | | LIV Golf's investor involvement in its decision-making processes, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 17 | Ex. 11 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-11, 499-35) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's investor involvement in its decision-making processes, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 18 | Ex. 13 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-13, 500-1) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's confidential negotiations, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 19 | Ex. 15 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-15, 500-4) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's confidential negotiations, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |

United States District Court
Northern District of California

| | | Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|---|---|
| | 20 | Ex. 16 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-16, 500-15) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's confidential negotiations, which the Court found warrants sealing under the good cause standard. The sealing is narrowly tailored to confidential information. |
| | 21 | Ex. 17 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-17, 500-6) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV's confidential negotiations, which the Court found warrants sealing under the good cause standard. The sealing is narrowly tailored to confidential information. |
| | 22 | Ex. 18 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-18, 500-7) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's player negotiations and internal decision making processes, which the Court found warrants sealing under the good cause standard. The sealing is narrowly tailored to confidential information. |
| | 23 | Ex. 19 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-19, 500-8) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's player negotiations and internal decision making processes, which the Court found warrants sealing under the good cause standard. The sealing is narrowly |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|---|
| | | | | | tailored to confidential information. |
| 24 | Ex. 22 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-22, 500-11) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV Golf's LIV's negotiations with specific sponsors, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 25 | Ex. 25 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-25, 500-14) | Highlighted portions. | GRANTED | Contains confidential information regarding LIV's detailed financial data and internal decision making, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 26 | Ex. 26 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-26, 500-15) | Highlighted portions. | GRANTED | Contains LIV Golf's business and marketing strategies, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 27 | Ex. 30 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-30, 500-21) | Highlighted portions. | GRANTED | Contains LIV Golf's confidential information investor involvement in its internal decision-making processes, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly |

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|---|
| | | | | | tailored to confidential information. |
| 28 | Ex. 31 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-31, 500-22) | Highlighted portions. | GRANTED | Contains confidential information about LIV Golf's work with specific consultants, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 29 | Ex. 32 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-32, 500-23) | Highlighted portions. | GRANTED | Contains confidential information about LIV Golf's work with specific consultants, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 30 | Ex. 33 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-33, 500-24) | Highlighted portions. | GRANTED | Contains confidential information about LIV Golf's investors' involvement in decision-making, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 31 | Ex. 34 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-34, 500-25) | Highlighted portions. | GRANTED | Contains confidential information about LIV Golf's recruitment of sponsors and investor involvement in LIV decision making, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly |

| Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|
| | | | | tailored to confidential information. |
| **32** Ex. 35 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-35, 500-26) | Highlighted portions. | GRANTED | Contains confidential information about LIV Golf's recruitment of sponsors and investor involvement in LIV decision making, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| **33** Ex. 36 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-2 / (168-36, 500-27) | Highlighted portions. | GRANTED | Contains confidential information about LIV Golf's negotiations with specific players and its internal decision- making, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| **34** Ex. 44 to Declaration of Sophie Hood in Support of PGA Tour's Reply re Motion to Compel and Opposition to Motion to Quash | 169-3 / (168-38, 500-29) | Highlighted portions. | GRANTED | Contains confidential information about LIV Golf's business plans, financials, and recruitment efforts, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| **35** PGA Tour's Presentation made during January 13, | 224-1 / (223-1, 500-34) | Slides: 7 | GRANTED | The slides at issue quote and excerpt documents that the Court has |

15

United States District Court
Northern District of California

| | Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|---|
| | 2023 hearing on PGA Tour's Motion to Compel PIF & HE's Compliance with Subpoena | | 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 28 29 32 39 | | determined warrants sealing, as stated in this Order. |
| 36 | Ex. C to PGA Tour's Motion for Leave to Amend Counterclaim | 238-4 / (237- 3, 499-5) | Highlighted portions. | GRANTED | Contains confidential information about LIV Golf's recruitment of players, which the Court found warrants sealing under the good cause standard.  The sealing is narrowly tailored to confidential information. |
| 37 | PGA Tour's Reply in Support of its Motion to Compel PIF & HE's Compliance with Subpoena and Opposition to PIF & HE's Motion to Quash | 169 / (168-39, 499-23) | 3:10–13 3:14–17 3:18 3:22–25 4:2–6 4:6–8 4:8–9 4:11 4:14 4:15 4:16 4:17 4:18–19 4:19–20 4:20–22 4:24–25 4:27–5:1 | GRANTED | The Court has previously granted the majority of this sealing.  *See* ECF No. 501 at 14-15.  The Court grants sealing for line 8:22-23, which implicates LIV's confidential business information and internal decision-making processes. |

| Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|---|---|---|---|---|
| | | 5:8–9<br>5:9–13<br>5:16<br>5:18–21<br>6:4–5<br>6:10–13<br>6:14–15<br>6:16–18<br>6:22–26<br>8:22–23<br>8:24–25<br>8:25–26<br>8:26–28<br>8:28–9:1<br>10:17–18<br>10:24–25<br>11:26<br>11:27–28<br>11:28–12:2<br>12:3–4<br>12:7–9<br>12:11<br>12:14–16<br>13:07<br>13:24–25<br>13:26–27<br>13:27–28<br>13:28<br>13:28–14:1<br>14:1–2<br>14:3–4<br>16:14–16<br>18:22–24. | | |
| **38** PIF & HE Reply in Support of Motion to Quash | 173 / (172-2, 500-31) | 3:8–15<br>3:17-18<br>6:5–9<br>6:11–12<br>7:5–11<br>7:27–28. | GRANTED | The Court has previously granted sealing. *See* ECF No. 501 at 28. |
| **39** PGA Tour's Opposition to PIF & HE's Motion for De Novo | 322 / (321-1, 500-36) | 2:26–3:1<br>3:2<br>3:10–14<br>3:16–19<br>3:21–28 | GRANTED | The Court has previously granted most of this sealing. *See* ECF No. 501 at 31. The Court grants sealing for lines 3:2; |

United States District Court
Northern District of California

| Document | Public ECF No. / (Sealed ECF No.) | LIV Golf's Redaction Requests | Result | Reasoning |
|----------|-----------------------------------|-------------------------------|--------|-----------|
| Review of February 9, 2023 Order | | 4:4–7<br>4:11–27<br>5:1–10<br>7:13–14<br>10:17–18<br>10:21–23<br>10:26–27<br>11:3–4. | | 7:13–14; 10:17–18; 10:26–27; and 11:3–4, which contain confidential information regarding LIV's business strategy and investor involvement in decision making, which the Court finds warrants sealing under the good cause standard. |

## IV. ORDER

Based on the foregoing, the Court hereby ORDERS as follows:

1. LIV Golf's Renewed Administrative Motion to Seal is GRANTED.  Public versions of the 39 documents addressed in this order, with the redactions proposed by LIV Golf and approved of by the Court, are available at ECF No. 505.  No further action is required of LIV Golf with respect to these documents.

2. Within one week of the entry of this order, LIV Golf shall file on the public docket the 10 documents addressed in the Order Regarding Unsealing for which LIV Golf no longer sought sealing, or sought sealing only for email addresses, in accordance with the redactions (if any) approved by the Court.  The 10 documents at issue are addressed at rows 9, 10, 14, 20, 22, 27, 29, 39, 42, and 43 of the Order Regarding Unsealing.

3. This order completes the resolution of NYT's motion to intervene and unseal and LIV Golf's corresponding motions to maintain under seal.

**IT IS SO ORDERED.**

Dated: November 8, 2023

Beth Labson Freeman
United States District Judge